COOLEY LLP
ANGELA L. DUNNING (212047)
adunning@cooley.com
J. ASHETON LEMAY (*pro hac vice*)
alemay@cooley.com
KAYLA BLAKER (*pro hac vice*)
kblaker@cooley.com
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Counsel for Defendant Midjourney, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual,

Individual and Representative Plaintiffs,

v.

STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation,

Defendants.

Case No. 3:23-cv-00201-WHO

**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO STRIKE CLASS CLAIMS**

Date: July 19, 2023
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: William H. Orrick

Trial Date: None
Date Action Filed: January 13, 2023

**PLEASE TAKE NOTICE** that, on July 19, 2023 at 2:00 pm, or as soon thereafter as this Motion may be heard in Courtroom 2 of the above-captioned Court, Defendant Midjourney, Inc. ("Midjourney") will and hereby does request that the Court consider the documents and facts identified below in support of Midjourney's Motion to Dismiss Plaintiffs' Complaint and to Strike Class Claims (the "Motion"). Exhibits A through D to the Declaration of Judd D. Lauter ("Lauter Declaration") are filed concurrently herewith.

## I. Documents Incorporated By Reference (Lauter Exs. A–D)

Midjourney seeks to incorporate by reference the contents of the webpages accessible at three URLs identified footnotes 1–3 of the Complaint (Dkt. 1) and a screenshot of the Midjourney website:

| Ex. | Description | Cited in Compl. at: |
|---|---|---|
| A | Screenshot of the webpage located at the URL https://haveibeentrained.com/?search_text=sarah%20andersen | ¶ 28, n.1 |
| B | Screenshot of the webpage located at the URL https://haveibeentrained.com/?search_text=kelly%20mckernan | ¶ 29, n.2 |
| C | Screenshot of the webpage located at the URL https://laion-aesthetic.datasette.io/laion-aesthetic-6pls/images?_search=karla+ortiz | ¶ 30, n.3 |
| D | Midjourney's website located at www.midjourney.com | ¶¶ 133, 208, 219 |

## II. Documents Subject to Judicial Notice (Lauter Ex. D)

Midjourney also seeks judicial notice of Exhibit D above to the extent it is not incorporated by reference.

## III. Argument

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Where a document is incorporated by reference, the court

"may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same); *Foy v. Vinson*, 2022 WL 1443761, at *1 (D. Ariz. May 6, 2022) (considering images from Twitter and Instagram on motion to dismiss where contents were incorporated by reference in plaintiff's complaint).

For the reasons discussed below, Exhibits A through D to the Lauter Declaration are properly considered in deciding Defendants' Motion under the incorporation by reference doctrine. In addition, to the extent that Exhibit D to the Lauter Declaration is not incorporated by reference, it should nevertheless be considered in deciding the motion pursuant to Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available information and documents and facts that are not subject to reasonable dispute.

### B. The Court Should Consider Documents Incorporated by Reference into the Complaint (Lauter Exs. A–D) in Ruling on the Motion to Dismiss

Under the incorporation by reference doctrine, courts consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," in ruling on a motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (same). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, each claim in the Complaint is, directly or indirectly, predicated on alleged use of Plaintiffs' artworks without authorization. The Complaint purports to identify these works by reference to URLs corresponding to webpages where those artworks are allegedly depicted. (Compl., fn. 1–3.) Accordingly, the webpages at each of those URLs form the bases of Plaintiffs' claims and are incorporated by reference into the Complaint. Exhibits A through C to the Lauter Declaration are screenshots of these incorporated webpages.

Plaintiffs also rely on the Midjourney website by using content on the site to describe Midjourney (*id.* ¶ 133), alleging that "Defendants emphasize the ability of AI Image Products to create images based on 'in the style' prompts that included [Plaintiffs'] names," and alleging that "[t]his functionality was prominent and used throughout Defendants' apps, *website*, and social media posts" (*id.* ¶¶ 208, 219) (emphasis added). Thus, the contents of the Midjourney website, publicly available at www.midjourney.com, are also incorporated by reference in the Complaint. including as reflected in Lauter Exhibit D (a true and correct screenshot from that website).

### C. The Court Should Take Judicial Notice of the Midjourney Website (Including Lauter Ex. D) in Ruling on the Motion to Dismiss

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

The Court should take judicial notice of Midjourney's website (Lauter Ex. D), which discusses Midjourney's operations and indicates that, contrary to Plaintiffs' allegations, Midjourney is not using Plaintiffs' names or promoting "in the style of" prompts on the website. *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website) (Orrick, J.). Courts regularly take judicial notice of "information on … webpages that [Plaintiffs] reference[]" in their pleadings. *See Love v. Ashford San Francisco II LP*, No. 20-cv-8458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *see also Whitaker v. Montes*, No. 21-cv-679-EMC, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021) (taking judicial notice of website screenshots over objection from plaintiff because "that website information comes from a URL that matches the URL provided in the complaint [and] there is no dispute ... that the website information matches what can currently be found on

[d]efendants' website"). The Midjourney website is subject to judicial notice because it is referenced in the Complaint and its contents are not subject to reasonable dispute.

As discussed more fully in the Motion, the contents of the Midjourney website are directly relevant to Midjourney's defense against Plaintiffs' right of publicity claims, in which they allege that Midjourney is using Plaintiffs' names on its website for promotional purposes. The screenshot demonstrates that Midjourney is not marketing itself by using Plaintiffs' names, and renders Plaintiffs' allegations implausible. Accordingly, the Court should take judicial notice of these facts.

## IV. CONCLUSION

For the foregoing reasons, Midjourney respectfully requests that, in ruling on its Motion, the Court: (1) consider under the incorporation by reference doctrine the publicly available webpages located at the URLs identified in the Complaint, including Exhibits A through D to the Lauter Declaration; and (2) to the extent it is not incorporated by reference, take judicial notice of Exhibit D to the Lauter Declaration.

Dated: April 18, 2023

COOLEY LLP

By: */s/Angela L. Dunning*
Angela L. Dunning
Judd Lauter
Kayla Blaker
Asheton Lemay

Attorneys for Defendant
MIDJOURNEY, INC.