COOLEY LLP
ANGELA L. DUNNING (212047)
adunning@cooley.com
J. ASHETON LEMAY (*pro hac vice*)
alemay@cooley.com
KAYLA BLAKER (*pro hac vice*)
kblaker@cooley.com
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Counsel for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**DEFENDANT MIDJOURNEY, INC.'S NOTICE OF JOINDER IN DEFENDANT DEVIANTART, INC.'S SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date:         July 19, 2023<br>Time:         2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:        William H. Orrick<br><br>Trial Date: None<br>Date Action Filed: January 13, 2023 |

**NOTICE OF JOINDER AND JOINDER TO ANTI-SLAPP MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant Midjourney, Inc. ("Midjourney") hereby joins in DeviantArt, Inc.'s ("DeviantArt") Special Motion to Strike Under California Code of Civil Procedure § 425.16 ("Motion") (Dkt. 50).

Midjourney joins in DeviantArt's Motion and all supporting papers submitted therewith, for all the reasons stated therein, namely, that Plaintiffs' cannot demonstrate a probability of prevailing on their speech-inhibiting right of publicity claims because the claims: (1) fall within the subject matter of copyright, are predicated on assertions of rights that are equivalent to copyright rights, and are therefore preempted under 17 U.S.C. § 301; (2) are based exclusively on conclusory allegations; (3) would improperly expand the concept of publicity rights to prohibit use of an individual's name to accurately refer to that individual's public acts or achievements—in this case, the "artistic styles" that Plaintiffs claim they "popularized" on the internet (¶ 205); and (4) are predicated on, if anything, transformative uses of Plaintiffs' identities or likenesses, which are protected First Amendment speech, particularly inasmuch as Plaintiffs, themselves, allege that it is nearly "impossible" to identify any alleged Work of Plaintiffs from the face of any output from defendants' platforms. (¶¶ 192–93.)

By way of this joinder, Midjourney requests that the Court grant the Motion and strike Plaintiffs' right-of-publicity claims against Midjourney.

Dated: April 18, 2023                                                      COOLEY LLP

By: */s/ Angela L. Dunning*
    Angela L. Dunning
    Judd Lauter
    Kayla Blaker
    Asheton Lemay

Attorneys for Defendant
MIDJOURNEY, INC.