1  COOLEY LLP
   ANGELA L. DUNNING (212047)
2  adunning@cooley.com
   J. ASHETON LEMAY (*pro hac vice*)
3  alemay@cooley.com
   KAYLA BLAKER (*pro hac vice*)
4  kblaker@cooley.com
   3175 Hanover Street
5  Palo Alto, California 94304-1130
   Telephone:   (650) 843-5000
6  Facsimile:   (650) 849-7400

7  JUDD D. LAUTER (290945)
   jlauter@cooley.com
8  3 Embarcadero Center, 20th Floor
   San Francisco, California 94111
9  Telephone:   (415) 693-2000
   Facsimile:   (415) 693-2222

10

11  *Counsel for Defendant Midjourney, Inc.*

12  [*Additional Counsel on Signature Page*]

13  **UNITED STATES DISTRICT COURT**

14  **NORTHERN DISTRICT OF CALIFORNIA**

15  **SAN FRANCISCO DIVISION**

16

17  SARAH ANDERSEN, an individual;           Case No. 3:23-cv-00201-WHO
    KELLY MCKERNAN, an individual;
18  KARLA ORTIZ, an individual,              **DEFENDANTS' JOINT ADMINISTRATIVE**
                                             **MOTION TO CONTINUE CASE**
19     Individual and Representative Plaintiffs,  **MANAGEMENT CONFERENCE**

20     v.
                                             Current Initial CMC Date: May 2, 2023
21  STABILITY AI LTD., a UK corporation;     Trial Date: None
    STABILITY AI, INC., a Delaware           Date Action Filed: January 13, 2023
22  corporation; MIDJOURNEY, INC., a
    Delaware corporation; DEVIANTART, INC.,
23  a Delaware corporation,

24                              Defendants.

25

26

27

28
                                             **DEFENDANTS' JOINT ADMIN. MOTION TO**
                                             **CONTINUE CMC**
                                             **CASE NO.: 3:23-CV-00201-WHO**

Pursuant to Civil Local Rules 6-1(b), 6-3, and 7-11 and Section 1(d) of the Court's Supplemental Standing Order for Case Management Conferences, all Defendants respectfully submit this Joint Administrative Motion seeking to continue the initial Case Management Conference ("CMC") currently set for May 2, 2023, and all corresponding discovery deadlines, to a date after the Court rules on Defendants' pending dispositive motions; or, in the alternative, to coincide with the hearing on those motions (currently set for July 19, 2023). This motion is supported by the Declaration of Angela Dunning ("Dunning Decl.")[1] and accompanied by a proposed order.

**INTRODUCTION**

In the interests of efficiency and judicial economy, Defendants request that the Court continue the CMC and related deadlines in this putative class action until after resolution of their dispositive Motions to Dismiss and Anti-SLAPP Motion filed on April 18, 2023 (the "Dispositive Motions"). The Dispositive Motions will not be fully briefed until July 3, 2023 (Dkts. 29, 40), and are set for hearing on July 19, 2023. The Motions establish compelling grounds for this Court to dismiss all claims against all Defendants, giving rise to good cause to postpone the CMC.

The initial CMC in this case is currently set for May 2, 2023—months before the Dispositive Motions will be heard and decided. It would be both ineffective and inefficient to proceed with a CMC and the requisite conference under Rule 26 of the Federal Rules of Civil Procedure ("Rules") before the Dispositive Motions are adjudicated. No meaningful discussion about a case schedule, the scope and sequencing of discovery, narrowing of issues, class certification, or other required topics can occur until the facial defects in Plaintiffs' pleading are resolved and the case is at issue. By the same token, Defendants should not be required at this time to serve initial disclosures or respond to discovery that is neither necessary nor appropriate for consideration of the Motions. Defendants sought to procure a stipulation from Plaintiffs on these issues, but Plaintiffs would not agree to any adjustment to the commencement of discovery, necessitating this Motion.

To avoid the need for unnecessary Court and Rule 26(f) conferences and intrusive discovery on claims that are subject to dismissal under well-established precedent, Defendants respectfully

---

[1] In the event the Court denies this motion, Defendants alternatively request that the CMC be continued to May 16, 2023, given that counsel for Defendant Midjourney, Inc. is unavailable on May 2.

request that this Court enter an Order postponing the May 2 CMC, along with all corresponding deadlines, to a date after the Dispositive Motions are decided. In the alternative, Defendants request that the CMC be continued until the hearing date on the Motions, at which point the Court will be able to better assess appropriate limits on the scope and sequencing of discovery with the benefit of the Parties' briefing on the Motions and arguments on the legal sufficiency of the Complaint.

## PROCEDURAL BACKGROUND

**The Complaint**: Plaintiffs filed this putative class action on January 13, 2023. (Dkt. 1.) The Complaint alleges claims against all Defendants for direct and vicarious copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA") and rights of publicity, unfair competition, and declaratory relief. It asserts a breach of contract claim against DeviantArt only.

**Dispositive Motions**: On February 6 and February 8, 2023, the Court granted stipulations requiring that all Defendants file any motions directed to the Complaint by April 18, 2023, with any oppositions due on or before June 2, 2023, and any replies due by July 3, 2023. (Dkts. 29, 40.)

On April 18, 2023, each Defendant timely moved to dismiss all claims against it. (Dkts. 49 (DeviantArt, Inc.), 52 (Midjourney, Inc.), 58 (Stability AI, Inc./Stability AI Ltd.).) Although the arguments in each Dispositive Motion are tailored to the deficient allegations against the Defendant making them, the Motions collectively seek dismissal of the entire Complaint, and dismissal of most claims with prejudice. Among other things, the Motions establish that the copyright claims asserted by at least two of the three named plaintiffs must be dismissed with prejudice for lack of a copyright registration; all copyright claims must be dismissed for failure to allege a single allegedly infringing work; the DMCA claim must be dismissed for Plaintiffs' failure and inability to plead a violation; the right-of-publicity claims are deficiently pleaded, preempted by the Copyright Act, and otherwise legally deficient; the unfair competition claim is also preempted and untenable for lack of a cognizable predicate violation; and the declaratory relief claim is redundant and improper. DeviantArt also filed an Anti-SLAPP motion (Dkt. 50), in which all other Defendants join (Dkts. 54, 59), seeking dismissal of the right-of-publicity claims on the ground that they constitute an impermissible abridgement of First Amendment-protected speech. These Motions are set for hearing on July 19, 2023.

2

Defendants' Joint Admin. Motion to Continue CMC
Case No.: 3:23-cv-00201-WHO

1  **The CMC and Related Deadlines**: On January 17, 2023, the Court issued an Order (Dkt. 5), setting an initial CMC for April 14, 2023. After this case was reassigned, the Court issued a further Order on February 6, 2023 (Dkt. 31), resetting the initial CMC for May 2, 2023. Unless that date is moved, the parties would be required to exchange initial disclosures and file a joint CMC statement no later than April 25, 2023—months before the Dispositive Motions are decided.

On April 3, 2023, Plaintiffs' counsel asked for Defendants' availability to meet and confer under Rule 26 on or before April 11. (Dunning Decl. ¶ 4.) In response, Defendants proposed that the CMC be postponed to correspond with the hearing on the Dispositive Motions. (*Id.* ¶ 5.) Midjourney counsel also indicated that she would be out of the country and without internet access on May 2, necessitating that the CMC be moved in any event. (*Id.*)

On April 4, Plaintiffs declined Defendants' proposal but offered to postpone the CMC to May 16 to accommodate counsel's travel. (*Id.* ¶ 6.) The parties began negotiating a stipulation to that effect. (*Id.* ¶ 7.) On April 10, 2023, Midjourney counsel telephoned Plaintiffs' counsel to relay a further concern that, even if the CMC were to proceed on May 16, no discovery should be served until the Dispositive Motions are decided. (*Id.* ¶ 8.) After several email exchanges, Plaintiffs offered to "discuss with [Defendants] an alternative" to postponing all discovery, and all parties then held a call on April 13, 2023 to discuss how to proceed. (*Id.* ¶¶ 8–10.)[2]

During the call, Plaintiffs maintained their prior position that the CMC should proceed on May 2 or 16, with no restriction on any party's right to serve discovery beforehand. (*Id.* ¶ 11.) Defendants' counsel made several alternative suggestions, including that the CMC proceed on May 16 (with no discovery before the CMC) and, when Plaintiffs rejected that proposal, that the only restriction be that any discovery served before the CMC be necessary for and directed to the Dispositive Motions. (*Id.*) Plaintiffs did not reject that proposal outright, but invited Defendants to submit proposed language for a stipulation, which they did the following morning. (*Id.*) In response, Plaintiffs rejected Defendants' proposal, stood on their offer for a May 16 CMC date, and requested a Rule 26 conference before April 25, which would open the door (in Plaintiffs' view) to

---

[2] While these discussions were underway, the original deadline for the Rule 26 conference (April 11) passed. Defendants have every intention of participating in a good faith conference with Plaintiffs within the time required by Rule 26 once the date for the CMC is set.

discovery to the full extent permitted under Rule 26 before this case is at issue or the significant defects in their pleading have been considered and adjudicated.  (*Id.* ¶ 12.)

## ARGUMENT

**I.     This Court Has Broad Discretion to Continue the CMC**

The decision to continue a CMC rests within the sound discretion of the Court under Rule 16.  *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) ("Federal courts have broad inherent powers to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  Courts in this district routinely continue initial CMCs until after pleadings-stage motions are decided.  *See, e.g., Krommenhock v. Post Foods, LLC*, No. 3:16-cv-04958-WHO, Dkt. 36 (N.D. Cal. Nov. 15, 2016) (Orrick, J.) (finding good cause to continue a CMC for 77 days due to briefing schedule for defendant's motion and the scope of the motion and plaintiffs' complaint); *Stebbins v. Google LLC*, No. 3:23-cv-00322-TLT, Dkt. 47 (N.D. Cal. Apr. 3, 2023) (granting stay of discovery and postponing CMC, including all attendant deadlines, pending resolution of motion to dismiss); *Corallo v. NSO Grp. Techs. Ltd.*, No. 3:22-cv-05229-RS, Dkt. 51 (N.D. Cal. Jan. 9, 2023) ("It is the general practice of this court to continue initial Case Management Conferences when motions to dismiss are pending, and it will do so here"); *Lam Rsch. Corp.  v. Flamm*, No. 15-cv-01277-BLF, 2016 WL 4180412, at *3 (N.D. Cal. Aug. 8, 2016) (CMC continued in light of pending motion to dismiss); *Ou-Young v. Rea*, No. 5:13-cv-03118–PSG, 2013 WL 5934674, at *3 n.22 (N.D. Cal. Nov. 4, 2013) ("This court routinely continues [CMCs] pending resolution of Rule 12 motions."); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 147903, at *1 (N.D. Cal. Jan. 12, 2010) (noting the court continued the CMC to follow the hearing on the motion to dismiss).

This Court also routinely grants motions to stay discovery pending resolution of defendants' motions to dismiss.  *Williamson v. Cate*, No. 12-cv-6237 RS (PR), 2013 WL 1501500, (N.D. Cal. Aug. 19, 2014) (staying discovery pending resolution of motion to dismiss); *Harvey v. Lewis*, No. 3:13-cv-5223, Dkt. 35 (N.D. Cal. Sept. 19, 2013) (same).  This Court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), which "extends to staying discovery upon a showing of 'good cause.'"  *In re Nexus 6P Prods. Liability Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting Rule 26(c)(1)(A)).

## II. Good Cause Exists to Continue the CMC and Thereby Stay Discovery Until the Dispositive Motions Are Decided

Courts in this district apply a two-pronged test to determine whether good cause exists to stay discovery by postponing a CMC pending resolution of a dispositive motion: (1) the motion must be potentially dispositive, and (2) the court must be able to decide the pending motion absent discovery. *Yamasaki v. Zicam LLC*, No. 4:21-cv-02596-HSG, 2021 WL 3675214 (N.D. Cal. Aug. 19, 2021); *see Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315-JSW, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019). A motion is "potentially dispositive" if, based on a "preliminary peek" at the motion, the court concludes that the motion, if granted, would dispose of the entire action. *In re Nexus 6P Prods.*, 2017 WL 3581188, at *1.

The Dispositive Motions here satisfy both prongs. First, the Motions seek dismissal of all claims and, if granted, will dispose of the entire case. Second, no discovery is necessary to adjudicate the Dispositive Motions. Each Motion can be fully resolved based on the facts in or incorporated by reference into the Complaint or subject to judicial notice. Indeed, it is apparent from the face of the Complaint that Plaintiffs fail to allege sufficient facts to state a plausible claim for relief under any theory, and that many of their legal theories fail as a matter of law. As such, good cause exists to grant the relief sought herein.

## CONCLUSION

It would be premature and inefficient to hold the CMC and Rule 26 conference, and subject the parties to intrusive discovery, before this Court has the opportunity to evaluate the substantial legal flaws in the Complaint. The Court's evaluation of the Dispositive Motions will dramatically affect, among other things, the topics to be discussed, the schedule of the case, and any discovery that may be appropriate. Accordingly, Defendants respectfully request that this Court enter an Order postponing the May 2 CMC, along with all corresponding discovery deadlines, to a date after the Dispositive Motions are decided or, in the alternative, to coincide with the hearing on those Motions. In the event the Court denies these requests, Defendants respectfully request that the Court continue the CMC to Plaintiffs' offered date of May 16.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: April 18, 2023 | COOLEY LLP |
| 4 |  | By:  /s/ Angela L. Dunning |
|   |  |        Angela L. Dunning |
| 5 |  | *Counsel for Defendant Midjourney, Inc.* |
| 7 | Dated: April 18, 2023 | LEX LUMINA PLLC |
| 8 |  | By:  /s/ Mark A. Lemley |
| 9 |  |        Mark A. Lemley |

Mark A. Lemley (155830)
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Facsimile: (646) 906-8657
Email:  mlemley@lex-lumina.com

Nicole M. Jantzi (*pro hac vice*)
Paul M. Schoenhard (*pro hac vice*)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7254
Email: nicole.jantzi@friedfrank.com
           paul.schoenhard@friedfrank.com

Michael C. Keats (*pro hac vice*)
Amir R. Ghavi (*pro hac vice*)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Email: michael.keats@friedfrank.com
           amir.ghavi@friedfrank.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

| | | |
|---|---|---|
| 1 | Dated: April 18, 2023 | LATHAM & WATKINS LLP |
| 2 | | |
| 3 | | By: */s/ Andrew M. Gass*<br>      Andrew M. Gass |
| 4 | | Andrew M. Gass (259694)<br>Michael H. Rubin (214636) |
| 5 | | LATHAM & WATKINS LLP |
| 6 | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538 |
| 7 | | Telephone: (415) 391-0600<br>Email: andrew.gass@lw.com |
| 8 | | michael.rubin@lw.com |
| 9 | | *Counsel for Defendant DeviantArt, Inc.* |

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from all other signatories to this document.

Dated: April 18, 2023                    By: */s/ Angela L. Dunning*
                                              Angela L. Dunning