COOLEY LLP
ANGELA L. DUNNING (212047)
adunning@cooley.com
J. ASHETON LEMAY (*pro hac vice*)
alemay@cooley.com
KAYLA BLAKER (*pro hac vice*)
kblaker@cooley.com
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Counsel for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-00201-WHO <br><br> **DECLARATION OF ANGELA DUNNING IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND/OR STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** <br><br> Current Initial CMC Date: May 2, 2023 <br> Trial Date: None <br> Date Action Filed: January 13, 2023 |

I, Angela L. Dunning, declare as follows:

1. I am a partner with the law firm Cooley LLP and counsel of record for Defendant Midjourney, Inc. ("Midjourney") in the above-captioned matter. I am licensed to practice law in the state of California and before this Court.

2. I make this declaration in support of Defendants' Joint Administrative Motion to Continue Case Management Conference ("CMC") pursuant to Civil Local Rules 6-1(b), 6-3, and 7-11. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

3. On February 6, 2023, the Court issued a CMC Order (Dkt. 31), setting an initial CMC for May 2, 2023. Unless that date is moved, under the CMC Order and Rule 26 of the Federal Rules of Civil Procedure ("Rules"), the parties would be required to exchange initial disclosures and file a joint CMC statement no later than April 25, 2023. Further, the deadline to meet and confer under Rule 26 would have been April 11, 2023.

4. On April 3, 2023, Plaintiffs' counsel Travis Manfredi emailed all defense counsel, requesting their respective availability to meet and confer on or before April 11, 2023.

5. I responded to all counsel the same day, proposing in the interests of efficiency that the parties jointly stipulate to postponing the CMC to coincide with the July 2023 hearing on Defendants' motions to dismiss. I also noted that I would be out of the country on vacation with my family, likely without internet, the first ten days of May, including May 2, and would therefore be unavailable for a CMC on May 2 in any event.

6. On April 4, 2023, Mr. Manfredi declined my proposal to postpone the CMC to July but offered to continue the CMC to May 16, 2023 to accommodate my pre-planned international travel. A CMC scheduled for that date would, in turn, trigger a deadline of April 25 for the Rule 26 conference and a deadline of May 9 for the parties to exchange initial disclosures and file their joint CMC Statement.

7. On April 6, 2023, my team prepared and circulated to all counsel a draft proposed stipulation, to which Plaintiffs' counsel provided substantive edits on April 10, 2023. However, the parties were unable to reach agreement on the language of the stipulation.

8. That same day, April 10, 2023, I telephoned counsel for Plaintiffs, Cadio Zirpoli, to raise a further concern that Plaintiffs may be intending to serve discovery promptly following any Rule 26 conference in April. I stated that Midjourney would view any such discovery as premature given the potential for the Dispositive Motions (defined below) to resolve or dramatically curtail all claims and asked whether Plaintiffs would be willing to stipulate that no discovery would proceed until those Motions are decided. Mr. Zirpoli indicated he was disinclined to agree but stated that he would need to consult with his team and client.

9. On April 11, 2023, my colleague, Judd Lauter, sent a follow up email reiterating Defendants' view that it would be premature and inefficient to conduct the CMC before the Dispositive Motions are decided but indicating Defendants' willingness to nevertheless proceed with a CMC on May 16, provided all parties further agree that any Rule 26 conference (the deadline for which would be April 25) would not start the clock for serving discovery.

10. On April 12, 2023, Plaintiffs' counsel, Mr. Zirpoli, offered by email to "discuss with [Defendants] an alternative" to postponing all discovery.

11. On April 13, 2023, via telephone, the parties discussed how to proceed. During the call, Plaintiffs' counsel maintained their prior position that the CMC should proceed on May 2 or May 16, 2023 with no restriction on any party's right to serve discovery. Plaintiffs' counsel rejected a proposal to stay discovery merely until after the CMC on May 16. Defense counsel then proposed a narrower compromise, namely, that any discovery before the CMC be restricted to discovery necessary for and directed to the Dispositive Motions. Plaintiffs' counsel invited Defendants to submit proposed stipulated language for consideration, which defense counsel did by email the next day.

12. On April 14, 2023, Plaintiffs' counsel rejected Defendants' proposal and again proposed a May 16, 2023 date for the CMC with no restriction on discovery and a meet and confer on or before April 25.

13. On April 18, 2023, each Defendant timely moved to dismiss all claims against it. (Dkts. 49 (DeviantArt, Inc.), 52 (Midjourney), 58 (Stability AI, Inc./Stability AI Ltd.).) DeviantArt also filed an Anti-SLAPP motion (Dkt. 50), in which all other Defendants join (Dkts. 54, 59),

seeking dismissal of the right-of-publicity claims. All of these motions (the "Dispositive Motions") are set for hearing on July 19, 2023.

14. In light of the foregoing, Defendants now jointly request that this Court enter an Order continuing the initial CMC currently set for May 2, 2023, and all corresponding discovery deadlines, to a date after the Court rules on the pending Dispositive Motions or, in the alternative, to coincide with the hearing on those motions. In the event the Court denies these requests, Defendants request that the CMC be continued to Plaintiff's offered date of May 16 to accommodate my international travel on May 2.

15. The only previous time modifications in this case were: (1) although the initial CMC was originally set for April 14, 2023 (Dkt. 5), the Court *sua sponte* vacated and reset the initial CMC for May 2, 2023 after the case was reassigned to Judge Orrick (Dkt. 31); and (2) the Court approved the parties' stipulations postponing the deadline for Defendants to respond to the Complaint and setting the current briefing schedule. (Dkts. 29, 40.)

16. The further time modification requested in this Administrative Motion would not have any significant effect on the schedule for this case, which is not yet at issue.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct

Dated: April 18, 2023                                              COOLEY LLP

                                                                   By: */s/ Angela L. Dunning*
                                                                        Angela L. Dunning

                                                                   Attorneys for Defendant
                                                                   MIDJOURNEY, INC.