Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDERSEN, et al., <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., et al., <br><br> Defendants. | Case No. 3:23-cv-00201-WHO <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> Current Initial CMC Date: August 29, 2023 <br> Trial Date: None <br> Date Action Filed: January 13, 2023 |

## I. INTRODUCTION

Under the guise of a "Motion to Continue Case Management Conference," Defendants improperly bootstrap a request for a discovery stay. ECF No. 60 (the "Motion"). Though the initial Case Management Conference ("CMC") was reset for August 29, 2023, Defendants' request for a stay of discovery remains. In addition, Defendants have unilaterally—and without the Court's leave—enforced a de facto stay by refusing to participate in the mandated Rule 26(f) discovery conference with the explicit purpose of preventing Plaintiffs from propounding discovery. Not only is Defendants' request improper, it is unsupported by any authority that is applicable in this District. Plaintiffs are entitled to seek discovery that may be necessary to respond to DeviantArt, Inc.'s. Special Motion to Strike Under California Code of Civil Procedure § 425.16 (ECF No. 50) (the "Anti-SLAPP Motion").[1] Plaintiffs respectfully request the Court enter an order denying the Motion and requiring the parties to participate in a discovery conference pursuant to Rule 26(f) "as soon as practicable" and no later than June 16, 2023.

## II. FACTS

On February 6, 2023, the Court entered an Order setting Defendants' deadline to respond to the Complaint for April 18, 2023, as well as opposition and reply deadlines for responsive motions (ECF No. 29) and setting the CMC for May 2, 2023 (ECF No. 31). On April 3, 2023, Plaintiffs requested Defendants provide availability for a Rule 26(f) discovery conference, which the parties were required to hold by April 11, 2023. Fed. R. Civ. P. 26(f); Saveri Decl. ¶ 1. Defendants then, for the first time, asked Plaintiffs to stipulate to a continuance of the CMC to accommodate travel plans. Plaintiffs offered to stipulate to continue the CMC to May 16, 2023. *Id.* Defendants agreed and provided a draft stipulation. *Id.* On April 10, 2023, Plaintiffs returned the stipulation without altering the operative portion. *Id.* & Ex. 1. The same day, Defendants requested for the first time that Plaintiffs also agree to stay discovery until Defendants' dispositive motions (yet to be filed) were resolved. *Id.* ¶ 1. Henceforth, Defendants have refused to participate in a discovery conference or to stipulate to continue the CMC to May 16, 2023 (without also agree to stay discovery). *Id.*

---

[1] Midjourney and Stability AI joined DeviantArt's Anti-SLAPP Motion. ECF Nos. 52, 59.

When the parties met and conferred on April 13, 2023, Defendants refused to hold the conference on the basis it would allow Plaintiffs to propound discovery. *Id.* ¶ 2. Plaintiffs explained they could not agree to a months-long stay when discovery could be necessary to respond to certain motions Defendants might file. *Id.* Defendants' final proposal—rejected by Plaintiffs—was to stay discovery unless it was "directed at and necessary to the resolution of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3)." *Id.* & Ex. 2. Defendants' proposal and pending stay request prohibit discovery into factual issues raised by the Anti-SLAPP Motion. *Id.* ¶ 2.

### III.  ARGUMENT

#### A.  Defendants Improperly Seek a Protective Order in an Administrative Motion

Whether to grant a protective order pursuant to Rule 26(c) is not the proper subject of an Administrative Motion under Local Rule 7-11 nor a Motion to Change Time under Local Rule 6-3. Plaintiffs respectfully request the Court reject Defendants' attempts to improperly frustrate discovery and require Defendants follow proper procedures for motion practice going forward.

#### B.  Defendants Have Not Established Good Cause for a Stay of Discovery

Courts in this District apply a two-prong test to determine whether to grant a stay of discovery:

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent discovery. If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. In applying this two-factor test, the court must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted.

*Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (quotations and citations omitted).

To establish the first prong, Defendants state "the Motions seek dismissal of all claims and, if granted, will dispose of the entire case." Motion at 5. Defendants' assertion the entire Complaint should be dismissed is not sufficient to establish the motions are "potentially dispositive." *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."); *Singh*, 2016 WL 10807598, at *1 (The Federal Rules "do not provide for automatic or blanket stays of

discovery when a potentially dispositive motion is pending." (quotation omitted)). Otherwise, all "dispositive motions," would satisfy this prong regardless of merit or Defendants' ability to demonstrate good cause. *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (holding good cause to stay discovery may exist only if "the plaintiff will be unable to state a claim for relief")). At the very least, Defendants must establish all Plaintiffs' claims would be dismissed or stricken *without leave to amend*. *Singh*, 2016 WL 10807598, at *2. But Defendants do not even *seek* dismissal of *all* claims with prejudice: "the Motions collectively seek dismissal of the entire Complaint, and dismissal of **most claims** with prejudice." Motion at 2 (emphasis added). Thus, Defendants' "dispositive motions" fail the first prong. Further, Plaintiffs have not yet had the opportunity to respond to Defendants' pending motions, so the Court is unable to adequately assess the merits of the motion, and a determination on disposition is inappropriate at this juncture. *Singh*, 2016 WL 10807598, at *2.

Defendants' only argument regarding the second prong is: "no discovery is necessary to adjudicate the Dispositive Motions. Each Motion can be fully resolved based on the facts in or incorporated by reference into the Complaint or subject to judicial notice." Motion at 5. Defendants provide no analysis or authority to support their self-serving statement. Denying a request to stay discovery is particularly inappropriate where, as here, "a stay of discovery could preclude either party from fully preparing for the pending dispositive motion." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). Defendants' stay request is improper because it will prevent discovery relevant to a ruling on the Anti-SLAPP Motion.

The Anti-SLAPP Motion is based on California Code of Civil Procedure section 425.16 (the "Anti-SLAPP Statute"). In Federal Court, section 425.16(g)—which stays discovery pending resolution of the motion—is often preempted by Rule 56. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018) ("[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, *discovery must be allowed*, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." (emphasis added)).

Defendants, aware a factual challenge will allow for discovery, strenuously and inaccurately claim the Anti-SLAPP Motion challenges only the legal sufficiency of Plaintiffs' claims.

Whether the Anti-SLAPP Motion challenges the factual sufficiency of Plaintiffs' claims will be determined by the Court, not merely asserted by Defendants. "[O]n step two, *the court* looks at whether the defendant's challenges are legal or factual." *Todd v. Lovecruft*, No. 19-CV-01751, 2020 WL 60199, at *8 (N.D. Cal. Jan. 6, 2020) (emphasis added and citations omitted). As the Ninth Circuit has held, "if it is a factual challenge, . . . discovery *must* be permitted." *Planned Parenthood*, 890 F.3d at 833 (citation and quotation omitted).

When the Court considers the question, it will find Defendants' Anti-SLAPP Motion replete with challenges to the factual sufficiency of Plaintiffs' claims. For example, it relies on factual challenges related to misappropriation of Plaintiffs' artistic styles, names, and identities, and the degree to which these features are "uniquely associated" with Plaintiffs' on Defendants' platforms. Anti-SLAPP Motion at 15–16. DeviantArt spends over a page disputing various specific allegations and arguing they should be disregarded as conclusory (*id.*), asserting that "[b]ecause these 'conclusory allegations' are 'unsupported by specific facts,' this Court should disregard them entirely." *Id.* at 16. Defendants frame Plaintiffs' specific factual allegations as conclusory to mislead the Court regarding the integral factual issues underlying their Anti-SLAPP Motion. Indeed, the Anti-SLAPP Motion is replete with specific factual arguments and challenges, *see*, *e.g.*, *id.* at 6 n.3 & n.4, 7 n.5, 18 n.14, and Plaintiffs are accordingly entitled to discovery.

Ample authority hold that DeviantArt's assertion that its conduct is protected by the First Amendment under the Fair Use Doctrine is a factual challenge Plaintiffs are entitled to take discovery to counter. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522, 2015 WL 5071977, at *6 (N.D. Cal. Aug. 27, 2015); *Davis v. Elec. Arts Inc.*, Case No. 10-cv-03328, 2011 WL 2621626, at *4 (N.D. Cal. July 5, 2011). The *Davis* defendants relied on the First Amendment in moving to strike plaintiffs' Right of Publicity claim using the Anti-SLAPP Statute, arguing "Plaintiffs' causes of action are barred as a matter of law." *Id.* The Court disagreed:

> [I]n order for Plaintiffs to make their required showing at the second step of the anti-SLAPP analysis [whether the plaintiff has demonstrated a probability of prevailing on the case], Plaintiffs must meet "an *evidentiary burden, not a pleading requirement*. The court

4

> must consider the pleadings and the evidence submitted by the parties; it cannot weigh the evidence but instead must simply determine whether the [plaintiffs'] evidence would, if credited, be sufficient to meet its burden of proof."

*Id.* (quoting *Flores v. Emerich & Fike*, No. 1:05CV0291, 2006 WL 2536615, at *10 (E.D. Cal. Aug. 31, 2006) (emphasis in original)). Thus, *Davis* held that plaintiffs were "entitled to present evidence to counter that defense in order to satisfy their burden at the second step of the court's anti-SLAPP inquiry." *Id.*

Defendants also cite *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 405 (2001), to assert their First Amendment rights bar Plaintiffs' right of publicity claims. Anti-SLAPP Motion at 20. However, *Comedy III* developed a *fact-intensive* balancing test for reconciling the right of publicity with First Amendment considerations. 25 Cal. 4th at 405. Thus, resolving these foundational questions in the first instance involves detailed factual inquiry, and discovery should be allowed to develop the factual record.

### C.  Defendants Are Imposing a Discovery Stay Without Leave of the Court

Federal Rule of Civil Procedure 26(f) states "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference." Defendants refused to comply with this obligation—waiting until only 14 days before the CMC to file the Motion. This violation of Rule 26(f) was explicitly meant to prevent discovery from commencing. And Defendants have made plain that rather than holding the discovery conference "as soon as practicable," they plan to wait until as late as possible—contrary to the requirements of Rule 26(f).[2]

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' improper request for a stay of discovery and prevent Defendants from unilaterally enforcing a de facto stay by ordering the parties to conduct a Rule 26(f) conference no later than June 16, 2023.

---

[2] The Rule 26(f) conference is more than just a mechanism to open discovery. Before discovery commences, Plaintiffs wish to hold a conference to create a preliminary discovery plan providing a framework for phased discovery and to discuss any modifications the parties may require to the model ESI Protocol and Stipulated Protective Order. Then stipulated proposed orders can be prepared, filed, and entered without delaying discovery into the matters described herein.

5
PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINSTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

| | | |
|---|---|---|
| Dated: April 24, 2023 | By: | /s/ *Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:            mb@buttericklaw.com

Brian D. Clark (pro hac vice)
Laura M. Matson (pro hac vice)
Eura Chang (pro hac vice)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612)339-6900
Facsimile:      (612)339-0981
Email:            bdclark@locklaw.com
                      lmmatson@locklaw.com
                      echang@locklaw.com