Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDERSEN, et al., <br><br>    Individual and Representative Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., et al., <br><br>    Defendants. | Case No. 3:23-cv-00201-WHO <br><br> **DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE** <br><br> Current Initial CMC Date: August 29, 2023 <br> Trial Date: None <br> Date Action Filed: January 13, 2023 |

I, Joseph R. Saveri, declare as follows:

1.      I am an attorney duly licensed to practice in the State of California. I am a partner and founder of the Joseph Saveri Law Firm, LLP, counsel of record for Plaintiffs Does 1–4 in this action. I have personal knowledge of the matters stated herein, and if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. Section 1746 in support of Plaintiffs' Opposition to Defendants' Joint Administrative Motion to Continue Case Management Conference. ECF No. 60.

2.      On April 3, 2023, Plaintiffs requested Defendants provide availability for a Rule 26(f) discovery conference, which the parties were required to hold by April 11, 2023. Defendants then, for the first time, asked Plaintiffs to stipulate to a continuance of the CMC to accommodate travel plans. Plaintiffs offered to stipulate to continue the CMC to May 16, 2023. Defendants agreed and provided a draft stipulation. On April 10, 2023, Plaintiffs returned the stipulation without altering the operative portion. A true and correct copy of Defendants' draft stipulation showing Plaintiffs' edits in redline is attached hereto as **Exhibit 1**. Also, on April 10, 2023, Defendants requested for the first time that Plaintiffs also agree to stay discovery until Defendants' dispositive motions (yet to be filed) were resolved. Henceforth, Defendants have refused to participate in a discovery conference or to stipulate to continue the CMC to May 16, 2023.

3.      When the parties met and conferred on April 13, 2023, Defendants refused to hold the Rule 26(f) discovery conference on the basis it would allow Plaintiffs to propound discovery and reiterated their request that Plaintiffs stipulate to a stay of discovery until a ruling on Defendants' yet-to-be-filed dispositive motions. Plaintiffs explained they could not agree to a months-long stay when discovery could be necessary to respond to certain motions Defendants might file. Defendants' final proposal—rejected by Plaintiffs—was to stay discovery unless it was "directed at and necessary to the resolution of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3)." A true and correct copy of the final stipulation Defendants proposed is attached hereto as **Exhibit 2**. Defendants' proposal and pending stay request prohibit discovery into factual issues raised by the Anti-SLAPP Motion. Defendants would not agree to end the discovery stay on a specific calendar date, rather than the date of the CMC, which is now set for August 29, 2023.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of
2  April, 2023.
3
4              /s/ *Joseph R. Saveri*
              Joseph R. Saveri