Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis L. Manfredi (State Bar No. 281779)
JOSEPH SAVERI LAW FIRM, LLP.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           lkessler@saverilawfirm.com
           eabuchanan@saverilawfirm.com
           tmanfredi@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>STABILITY AI, LTD., et al.,<br><br>                                   Defendants. | Case No. 3:23-CV-00201-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT MIDJOURNEY, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO STRIKE CLASS CLAIMS**<br><br>Date: July 19, 2023<br>Time: 2:00 pm<br>Location: 2 - 17th Floor<br>Before: Hon. William H. Orrick |

## I. INTRODUCTION

In response to Plaintiffs' Complaint, Defendant Midjourney attempts to smuggle its own extrinsic evidence into the record by presenting misleading information to the Court and concealing evidence in the very same document that would undermine it. Namely, Midjourney seeks to introduce a snapshot of its webpage—which, upon cursory review, contains graphics and animations that Midjourney fails to disclose and conspicuously shows Midjourney's use of artists' names to promote itself. Further, while Midjourney purports to hold the website out as exculpatory, an examination of the revision history of Midjourney's website—which is publicly available for review—demonstrates that a Midjourney user altered the website *after* Plaintiffs filed their Complaint. Consequently, Plaintiffs respectfully request that the Court deny Midjourney's Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendant Midjourney's Motion to Dismiss Plaintiffs' Complaint and to Strike Class Claims (ECF No. 53) ("RJN").[1]

The Court should deny Midjourney's RJN as to Exhibit D because it plainly contains facts that are subject to a reasonable dispute, as the facts are not generally known within the trial court's territorial jurisdiction and cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Indeed, Plaintiffs dispute the accuracy of Midjourney's sources. In addition, Exhibit D is not the type of information generally subject to the incorporation by reference doctrine because it is not central to Plaintiffs' claims—it is, at most, a portion of one factor present in only two of Plaintiffs' causes of action.

In the alternative, the Court should take judicial notice of, or incorporate by reference, Exhibits 1 through 3, which are portions of Midjourney's website that Midjourney deceptively

---

[1] Midjourney seeks judicial notice or incorporation by reference of Exhibits A through D (ECF Nos. 52-2 through 52-5), attached to the Declaration of Judd D. Lauter (ECF No. 52-1) ("Lauter Decl."). Plaintiffs only oppose the motion as it pertains to Exhibit D, which is a screenshot of the landing page on Midjourney's website, www.midjourney.com. Exhibit D was "last accessed" on April 18, 2023. Lauter Decl. ¶ 5. Plaintiffs do not object to the Court incorporating by reference Exhibits A through C.

1  excluded, as well as the revision history of Midjourney's website.[2] Exhibit 1 is a GitHub page
2  showing an earlier version of Midjourney's help page that was featured on Midjourney's website
3  until January 26, 2023, and collected on May 25, 2023. Exhibit 2 is a GitHub page showing Exhibit
4  1's publicly-accessible repository history, which was collected on May 25, 2023. Exhibit 3 is a
5  screenshot of Midjourney's website while it is loading its animation, collected on April 25, 2023. If
6  the Court considers Exhibit D, it should also consider Exhibits 1 through 3 as they are equally
7  subject to judicial notice or incorporation by reference.

8  **II.     ARGUMENT**

9          As a general rule, the Court may not consider materials outside of the contents of the
10 complaint, or its attachments, when evaluating a motion to dismiss under Rule 12(b)(6). *Khoja v.*
11 *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)(citing *Lee v. City of Los Angeles*, 250
12 F.3d 668, 688 (9th Cir. 2001)). There are two exceptions to this rule: (1) judicial notice under
13 Federal Rule of Evidence 201, and (2) incorporation by reference. *Id.* Judicial notice is a limited
14 rule of evidence that allows the court or the finder of fact to consider adjudicative facts that are
15 "not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003)
16 (citing Fed. R. Evid. 201(b)). Incorporation by reference is a "judicially created doctrine that treats
17 certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.

18         Exhibit D does not meet the requirements of either exception. Consequently, Midjourney's
19 request should be denied, and the Court should not consider Exhibit D in connection with
20 Midjourney's Rule 12(b)(6) motion (ECF No. 52).

21         **A.     The Alleged Facts Contained in Exhibit D Are Subject to Dispute**

22         Courts may take judicial notice of a fact that is "not subject to reasonable dispute because
23 it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and
24 readily determined from sources whose accuracy cannot reasonably be questioned." *See Khoja*, 899
25 F.3d at 999 (citing Fed. R. Evid. 201(b)(1)–(2)). "Courts may take judicial notice of 'undisputed
26 matters of public record,' but generally may not take judicial notice of 'disputed facts stated in

---

28 [2] Exhibits 1 through 3 are filed concurrently herewith, attached to the Declaration of Joseph R. Saveri ("Saveri Decl.").

public records.'" *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022) (citing *Lee*, 250 F.3d at 690).

### 1. The Information on Midjourney's Website Is Not Generally Known

Nearly all, if not all, the information contained in Exhibit D is verifiable only by Midjourney and not the public at large. For example, Exhibit D largely consists of names of individuals that have some role at Midjourney—details about which the public knows little about, if anything at all. It also includes links to Midjourney's terms of service and privacy policy, neither of which have been provided as part of Exhibit D and about which the public likely knows nothing. None of the information on Midjourney's website is likely "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1). Consequently, Rule 201(b)(1) is unsatisfied.

### 2. The Information on Midjourney's Website Cannot Be Accurately and Readily Determined from Sources Whose Accuracy Cannot Reasonably Be Questioned

Exhibit D is not an accurate representation of Midjourney's website at the time this lawsuit was filed on January 13, 2023, nor is it even an accurate representation of Midjourney's website at the time it was purported to have been last accessed.

Courts have cautioned that "the internet contains an unlimited supply of information with varying degrees of reliability, permanence, and accessibility. Corporate websites, in particular, are often marketing tools that contain more puffery than fact." *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1201 (C.D. Cal. 2017) (cleaned up). Private websites, therefore, are not generally subject to judicial notice. *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) ("'[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned.'") (citing *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007)).

Although Midjourney paints Exhibit D as exculpatory, it certainly is not an accurate picture of its website. Exhibit D is a snapshot of just one page of Midjourney's website at some indeterminate point in time. While the Lauter Declaration purports that the page was "last accessed" on April 18, 2023, its header indicates the copy was created on April 17, 2023. *Cf.* Lauter

Decl., ¶ 5, *with* Lauter Decl., Ex. D. Midjourney relies on Exhibit D to contend that "[it] is not using Plaintiffs' names or promoting 'in the style of' prompts on the website," and "[Exhibit D] demonstrates that Midjourney is not marketing itself by using Plaintiffs' names," RJN at 3–4. This "fact," however, is misleading and false. What Midjourney offers is a self-serving glimpse into only a *part* of its website while concealing the aspects that support Plaintiffs' allegations. This type of misinformation is precisely what the *Prime Healthcare* and *Spy Optic* courts warn against when considering taking judicial notice of information from a source that the proffering party controls. Midjourney's website describes its own business and, since Midjourney controls its own website, it can change what is displayed according to its own whims. This impermanence and Midjourney's dominion over its website undercuts Rule 201(b)'s requirement that a fact be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Plaintiffs' Exhibits 1, 2, and 3 call into question the accuracy of the information contained in Exhibit D. Exhibit 1 is a page from Midjourney's website that remained live and available to the public until January 26, 2023, thirteen days after Plaintiffs filed this lawsuit. It recommends users to "[t]ry invoking unique artists to get a unique style" and specifically lists several artists. *See* Saveri Decl., Ex. 1. Exhibit 1 was displayed on Midjourney's website until January 26, 2023, when a user named Ancient-Chaos deleted that page from Midjourney's documents. *See* Saveri Decl., Ex. 2. Ancient-Chaos is the username of an individual on Midjourney's Community Management team. *See* Lauter Decl., Ex. D. Not only do these exhibits illustrate Midjourney's dominion over its website, and how Midjourney's frequent revisions undermine the website's reliability, but—most concerningly—they also demonstrate that Exhibit D is a blatant misrepresentation of what the website actually looked like when the Complaint was filed.

Further, Exhibit D is misleading because it is only a snapshot of a single moment of a single page on Midjourney's website—a website that includes graphics and animations. Although Midjourney describes Exhibit D as a "true and correct screenshot of the Midjourney website," *see* Lauter Decl., the reality is that Midjourney's website includes an animation that plays when a visitor first lands on its home page. This animation is not included in Exhibit D. A moment of this

animation is captured in Exhibit 3, which clearly shows artists' names such as "Malcolm Liiepke," "John Alison," "Koji Miromoto," and "Shohei Otomo" before the animation is scrambled. *See* Saveri Decl., Ex. 3. Midjourney also fails to include other pages on its website that are linked to the landing page.[3] Most important of these other links is Midjourney's Showcase page, located at https://www.midjourney.com/showcase/recent/. This page is updated regularly with new images that often include *specific artists' names* in the associated prompt, which can be viewed by visitors if they hover their mouse over the image. The Showcase page also advertises to users by asking "[w]ant to browse millions of images like these and make some of your own?" before inviting visitors to "[b]ecome a paid member of our community." The Showcase is an example of Midjourney's use of artists' names in its website and directly contradicts Midjourney's assertion that it does not "promot[e] 'in the style of' prompts on the website." RJN at 3. The Showcase also further emphasizes the point that Exhibit D's contents cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Consequently, the Court should deny Midjourney's request for judicial notice of Exhibit D. If, however, the Court decides to judicially notice Exhibit D, Plaintiffs then request the Court to also notice the changes to it and all pages connected to it. Exs. 1–3. There is no meaningful difference to the judicial notice analysis as to Exhibits 1 through 3, and their inclusion in the record would ensure that all relevant aspects of this record are properly noticed and before the Court.

**B. The Court Should Decline to Incorporate by Reference Midjourney's Exhibit D Because Exhibit D Is Not Central to Plaintiffs' Claims and Its Authenticity Is Disputed**

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing

---

[3] For example, it omits links above "About" to other pages on the website, such as: "Get Started," "Showcases," "Join the Beta," and "Sign In."

*Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); *see also Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Midjourney identifies in the RJN that Exhibit D is cited in connection with Complaint paragraphs 133, 208, and 219, and requests that the Court consider Exhibit D as incorporated by reference to these paragraphs. None of the cited statements, however, are central to any of Plaintiffs' claims. Paragraph 133 simply describes the structure of Midjourney's business by using Midjourney's website as a reference. Paragraph 133 states: "Midjourney was founded in August 2021 by David Holz, who also serves as CEO. According to its website, Midjourney is 'self-funded' and employs '11 full-time staff.'" On its face, there is no discernable legal nexus between paragraph 133 and any of Plaintiffs' claims.

Paragraphs 208 and 219 also are not "central to [Plaintiffs'] claims." Paragraph 208 reads: "Defendants' emphasized the ability of AI Image Products to create images based on 'in the style' prompts that included specific Class members' names. This functionality was prominent and used throughout Defendants' apps, website, and social media posts." Paragraph 208 may be read in conjunction with paragraph 209, which states: "Thus, Defendants' misappropriation of Plaintiffs' names is directly connected with Defendants' advertising and sale of their products and services." Paragraph 219 states: "Defendants' use of Plaintiffs' names and identities was prominent and used throughout Defendants' apps, website, and social media posts."

Both paragraphs 208 and 219 reference Midjourney's website alongside Midjourney's apps and social media posts to indicate that these mediums are ones in which Midjourney used artists' names to promote its product. Midjourney's landing page is only one example of places where Midjourney featured Plaintiffs' names. *Cf. Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005) (incorporating the defendant's website because "a computer user necessarily views" the website and nine other photographs before seeing the plaintiff's photo and caption in connection with a defamation claim), *with Ritchie*, 342 F.3d at 908 (holding that the plaintiff's petition for return of

property in a forfeiture claim was not incorporated because it was neither "reference[d] extensively" nor "integral to [her] claim"). Even if Midjourney marketed its product using artists' names only on social media or its apps, that would still be a sufficient basis for Plaintiffs' Right of Publicity claims. Consequently, references to Midjourney's website in paragraphs 208 and 219 are not central to Plaintiffs' claims.

If the Court determines that Midjourney's website is incorporated by reference, the Court should not incorporate only Midjourney's self-serving snapshot. In addition to Exhibit D, the Court should also incorporate by reference Exhibits 1 through 3, which, as explained *supra*, serve to provide a more accurate and complete representation of Midjourney's website.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Midjourney's Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendant Midjourney's Motion to Dismiss Plaintiffs' Complaint and to Strike Class Claims as to Exhibit D. In the alternative, the Court should judicially notice or consider as incorporated by reference Exhibits 1 through 3.

| | | |
|---|---|---|
| Dated: June 2, 2023 | Respectfully Submitted, | |
| | JOSEPH SAVERI LAW FIRM, LLP. | |
| | | |
| | By: | */s/ Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            eabuchanan@saverilawfirm.com
            tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:    mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Eura Chang (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:    (612)339-6900
Facsimile:    (612)339-0981
Email:    bdclark@locklaw.com
          lmmatson@locklaw.com
          echang@locklaw.com