COOLEY LLP
ANGELA L. DUNNING (212047)
adunning@cooley.com
KAYLA BLAKER (*pro hac vice*)
kblaker@cooley.com
J. ASHETON LEMAY (*pro hac vice*)
alemay@cooley.com
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

*Counsel for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-00201-WHO <br><br> **REPLY REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS COMPLAINT AND TO STRIKE CLASS CLAIMS** <br><br> Date:      July 19, 2023 <br> Time:     2:00 p.m. <br> Courtroom: 2, 17th Floor <br> Judge:    William H. Orrick <br><br> Trial Date: None <br> Date Action Filed: January 13, 2023 |

## I.   INTRODUCTION

By its Request for Judicial Notice and Consideration of Documents Incorporated by Reference (Dkt. 53) ("RJN"), Midjourney[1] asked the Court to consider, in support of its motion to dismiss, the contents of four publicly available websites Plaintiffs cited to and relied on in the Complaint, designated as Exhibits A through D to the Lauter Declaration (Dkt. 52). According to their opposition (Dkt. 68), Plaintiffs "only oppose the [RJN] as it pertains to Exhibit D." (Opp. 1 n.1.) Exhibit D is "Midjourney's website located at www.midjourney.com," which Plaintiffs rely on throughout the Complaint and cite at paragraphs 133, 208 and 219. The contents of this website are both incorporated by reference in the Complaint and the proper subject of judicial notice, and the Court should consider them in ruling on Midjourney's motion to dismiss.

## II.   THE COURT SHOULD CONSIDER MIDJOURNEY'S WEBSITE (LAUTER EX. D) IN RULING ON MIDJOURNEY'S MOTION TO DISMISS

### A.   Midjourney's Website Is Incorporated By Reference in the Complaint

As an initial matter, Plaintiff's opposition misconstrues Exhibit D, which they characterize as "a screenshot of the landing page on Midjourney's website." (Opp. 1 n.1.) In fact, as the RJN makes clear, Exhibit D is not just a screenshot from the website, but the website as a whole.[2] By its RJN, Midjourney was inviting the Court to visit its website to view any and all content available there. Accordingly, Plaintiffs' various objections to consideration of Exhibit D—that it is incomplete, does not paint an "accurate picture of [Midjourney's] website," is "only a snapshot of a single moment of a single page," and omits an "animation that plays when a visitor first lands on [the] home page" (Opp. 3–5)—are misdirected.

With the true contours of Exhibit D in mind, the website is plainly incorporated by reference because Plaintiffs repeatedly cite to and rely on its contents in their Complaint. To wit:

- Paragraph 133 quotes from the website in describing Midjourney's funding and staffing;

---

[1] Unless otherwise stated, capitalized terms not defined herein are as defined in Midjourney's motion to dismiss and RJN (Dkts. 52, 53); citations to "¶ _" are to the Complaint's paragraphs; and all emphases are added.

[2] Midjourney included a screenshot of the homepage as a representative example of a page from the website because it obviously could not reproduce an entire website as an exhibit to a court filing.

- Paragraph 208 asserts that Midjourney has emphasized the ability of its platform "to create images based on 'in the style' prompts" and this "functionality was prominent and used throughout Defendants' apps, *website*, and social media posts"; and

- Paragraph 219 alleges that Midjourney's "use of Plaintiffs' names and identities was prominent and used throughout [its] apps, *website*, and social media posts."

"Because the website is linked in the complaint and described numerous times, … it is incorporated by reference." *Dfinity Found. v. Meta Platforms, Inc.*, 2022 WL 16857036, at *4 n. 8 (N.D. Cal. Nov. 10, 2022) (Breyer, J.) (considering contents of Meta's website in ruling on its motion to dismiss). *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (same). And where a document is incorporated by reference, the court "may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. Indeed, the purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based") (alterations and internal quotations omitted). That is exactly what Plaintiffs improperly seek to do here.

Plaintiffs necessarily rely on the contents of Midjourney's website in leveling the conclusory (and baseless) accusation that Midjourney makes "prominent" "use of Plaintiffs' names and identities" "throughout" its "website." (¶ 219.) That is the purported factual basis for Plaintiffs' claims for violation of their common law and statutory rights of publicity. And if it were actually the case that Midjourney made any such use on its website, one would expect Plaintiffs to cite an example. But they do not, because they cannot.

The Court need not accept as true Plaintiffs' vague and self-serving say-so that Midjourney uses their names on its website. *Daniels-Hall v. Nat'l Exuc. Ass'n*, 629 F.3d 992, 998 (9th Cir.

2010).  Nor must it limit its review of the website to the portions Plaintiffs highlight in their Complaint and Opposition.  Rather, the Court is entitled under the incorporation by reference doctrine to look at the full contents of the website to confirm whether, in fact, any such purported use of Plaintiffs' names is occurring there.  There is no such use, as Plaintiffs well know, which is why they breathlessly insist the Court should "look away" and ignore the very website upon which they claim to rely.

### B.     The Midjourney Website Is Also Subject to Judicial Notice

By law, courts may take judicial notice of a fact that is "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  This extends to the contents of Midjourney's website, which are verifiable by anyone who visits it.  *Gallagher v. Bayer AG*, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website) (Orrick, J.).  Courts regularly take judicial notice of "information on … webpages that [Plaintiffs] reference[]" in their pleadings.  *See Love v. Ashford San Francisco II LP*, No. 20-cv-8458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *see also Whitaker v. Montes*, No. 21-cv-679-EMC, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021) (taking judicial notice of website screenshots over objection from plaintiff because "that website information comes from a URL that matches the URL provided in the complaint [and] there is no dispute ... that the website information matches what can currently be found on [d]efendants' website").

Here, Plaintiffs have alleged that Midjourney's website makes prominent use of their names. (¶ 219.)  In reality, it makes no such use, and the Court is permitted to take judicial notice of that readily ascertainable fact, which destroys their publicity claims.

Implicitly acknowledging that they cannot prevent the Court from reviewing the website they rely on to see if it says what they claim, Plaintiffs now appear to abandon their allegation that "*Plaintiffs'* names and identities" prominently appear on the Midjourney website, in favor of a more generalized charge that Midjourney has provided guidance on constructing prompts "invoking

unique artists to get a unique style" and has used *other* "artists' names" (Opp. 4–5 & Saveri Exs. 1–3.) But this is both improper and unavailing.

It is *improper* because, by Plaintiffs' admission (Dkt. 68-1 ¶¶ 2, 3), and as confirmed by the URL in the footer of each document (Saveri Exs. 1, 2) the first two exhibits are not from the Midjourney website, but come from a third party website (https://github.com). Unlike the Midjourney website, the contents of the GitHub website are not pleaded or incorporated by reference in the Complaint and the extracted pages Plaintiffs cite are not the proper subject of judicial notice because there is no way to ascertain the accuracy of the information they contain (or where it even comes from).

Plaintiffs' reliance on these new materials is *unavailing* because none reflect use of the *Plaintiffs'* names, which is the only relevant question. Named Plaintiffs in this suit (Andersen, Ortiz, and McKernan) have no standing or basis to challenge use of any names but their own. Their names do not appear on any page of the Midjourney website, and Plaintiffs do not claim that they do (or ever have). Accordingly, even if the Court were to consider Plaintiffs' new materials (it should not), they would serve only to prove Midjourney's point: the Midjourney website does not mention Plaintiffs. The Court can and should take judicial notice of that undisputed fact.

### III.   CONCLUSION

In ruling on Midjourney's Motion, the Court should: (1) consider the websites comprising Lauter Exhibits A through D under the incorporation by reference doctrine and, (2) to the extent it is not incorporated by reference, take judicial notice of Exhibit D, comprising the contents of the website available at www.midjourney.com.


Dated: July 3, 2023                                          COOLEY LLP


                                                             By: */s/ Angela L. Dunning*
                                                                  Angela L. Dunning

                                                             Attorneys for Defendant
                                                             MIDJOURNEY, INC.