| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| | Andrew M. Gass (SBN 259694) |
| 2 |  andrew.gass@lw.com |
| | Michael H. Rubin (SBN 214636) |
| 3 |  michael.rubin@lw.com |
| | Brittany N. Lovejoy (SBN 286813) |
| 4 |  brittany.lovejoy@lw.com |
| | 505 Montgomery Street, Suite 2000 |
| 5 | San Francisco, California  94111-6538 |
| | Telephone:  415.391.0600 |
| 6 | |
| | *Attorneys for Defendant DeviantArt, Inc.* |
| 7 | |
| | [*Additional Counsel on Signature Page*] |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| | SARAH ANDERSEN, an individual; | CASE NO. 3:23-cv-00201-WHO |
| | KELLY MCKERNAN, an individual; | |
| | KARLA ORTIZ, an individual, | **DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** |
| | Individual and Representative Plaintiffs, | |
| | v. | |
| | STABILITY AI LTD., a UK corporation; | |
| | STABILITY AI, INC., a Delaware corporation; | Current Initial CMC Date:  Aug. 29, 2023 |
| | MIDJOURNEY, INC., a Delaware corporation; | Trial Date:  None |
| | DEVIANTART, INC., a Delaware corporation, | Date Action Filed:  January 13, 2023 |
| | Defendants. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

Pursuant to Civil Local Rules 6-1(b), 6-3, and 7-11, Defendants Stability AI, Inc., Stability AI Ltd. (together, "Stability AI"), Midjourney, Inc. ("Midjourney"), and DeviantArt, Inc. ("DeviantArt") submit this Motion to continue the Case Management Conference ("CMC"), currently set for August 29, 2023, and stay all related discovery deadlines, until after the Court resolves Defendants' pending motions to dismiss (Dkts. 49, 52, 58 (the "Motions to Dismiss")).[1] In the event the Court dismisses the Complaint in its entirety as to one or more Defendants with leave to amend, Defendants request a further stay of discovery and all obligations under FRCP 26 as to all Defendants or, at a minimum, as to the Defendants for whom the Complaint was dismissed in its entirety, until any amended pleading is filed and all motions to dismiss or strike such amended pleading are resolved. This motion is supported by the Declaration of Brittany Lovejoy ("Lovejoy Decl.") and accompanied by a proposed order.

## I.   INTRODUCTION

At the July 19, 2023 hearing on Defendants' Motions to Dismiss, this Court stated it was "inclined to dismiss almost everything [in the Complaint] with leave to amend." Lovejoy Decl. Ex. A (Hearing Tr.) at 4:10–6:6. The Court expressed substantial doubt about Plaintiffs' core theories of liability, *see, e.g.*, *id.* at 5:20–23, raising serious questions about whether this lawsuit can proceed in any form against *any* of the Defendants. With respect to Midjourney and DeviantArt, in particular, the Court agreed that, because the Complaint did not allege that these Defendants played any role in training Stable Diffusion, the claims that target that training cannot proceed against them. *Id.* at 5:9–13. And because the remaining claims either lacked specificity or were legally untenable, *see, e.g.*, *id.* at 5:5–6, the Court appeared to agree that Plaintiffs had failed to advance a credible basis for asserting such claims against any of the Defendants or for including Midjourney and DeviantArt as defendants in this case whatsoever, *id.* at 4:15–6:6.

As of the date of this filing, the Motions to Dismiss remain pending. The initial CMC,

---

[1] DeviantArt also filed an anti-SLAPP motion (Dkt. 50), which both Midjourney and Stability AI joined (Dkts. 54, 59), seeking to strike the right-of-publicity claims. Because that motion attacks only the legal sufficiency of the pleadings (Dkt. 50 at 15–16), it can be resolved without any discovery and is therefore also ripe for resolution, whether or not the Court grants Plaintiffs leave to amend their Complaint. *See, e.g.*, *Estate of B.H. v. Netflix*, No. 21-cv-06561, 2022 WL 551701, at *1–2 (N.D. Cal. Jan. 12, 2022) (granting motion to dismiss with leave to amend and also granting anti-SLAPP motion to strike).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

however, is set for August 29, 2023, meaning that Defendants will soon be required to serve initial disclosures, respond to discovery requests, and prepare for and attend Rule 26(f) and case management conferences to discuss discovery, bifurcation, class certification, case schedules and other matters.  This would be unnecessary and wasteful in light of this Court's skepticism of the legal and factual foundations of the operative Complaint, not to mention the substantial likelihood that the Court will dismiss the Complaint in its entirety as to two—if not all—of the Defendants.

To avoid unnecessary Court and Rule 26(f) conferences and intrusive discovery on claims that cannot survive the pleadings stage, Defendants request an Order postponing the August 29 CMC, along with all related deadlines, until after the Court rules on the Motions to Dismiss.  In the event the Court dismisses the Complaint in its entirety as to one or more Defendants with leave to amend, Defendants request a further stay of discovery and all obligations under FRCP 26 as to all Defendants or, at a minimum, as to the Defendants for whom the Complaint was dismissed in its entirety, until any amended pleading is filed and all motions to dismiss or strike such amended pleading are resolved.

**II.    PROCEDURAL BACKGROUND**

<u>Complaint</u>:  Plaintiffs Sarah Andersen, Kelly McKernan, and Karla Ortiz ("Plaintiffs") filed this putative class action on January 13, 2023.  (Dkt. 1.)  The Complaint alleges claims against all Defendants for direct and vicarious copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA"), right of publicity, unfair competition, and declaratory relief.  It also asserts a breach of contract claim against DeviantArt.

<u>Dispositive Motions</u>: On April 18, 2023, each Defendant timely moved to dismiss each of the claims in the Complaint.  (Dkts. 49 (DeviantArt); 52 (Midjourney), 58 (Stability AI).)  Each of the Defendants identified a number of facial deficiencies in the Complaint, including but not limited to (1) the Complaint's failure to differentiate between the multiple Defendants and their distinct roles in the challenged conduct; (2) two of the three Plaintiffs' failure to comply with the Copyright Act's pre-suit registration requirement; (3) the Complaint's admission that the outputs of Defendants' so-called "AI Image Products" are not visually similar to Plaintiffs' registered works, which necessarily defeats any direct or vicarious copyright infringement claim based on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

those outputs; (4) Plaintiffs' flawed assumption that those outputs are necessarily "derivative works" notwithstanding the absence of substantial similarity; (5) Plaintiffs' inability to plead a violation of Section 1202 of the DMCA; (6) Plaintiffs' failure to plead specific facts to support right of publicity claims, which in any case would be barred by Copyright Act preemption; and (7) the absence of a cognizable, non-preempted predicate violation to support an unfair competition claim. DeviantArt and Midjourney also argued that the claims against them regarding the use of Plaintiffs' works to train Stable Diffusion should be dismissed because the Complaint did not allege that either Defendant played a role in that process. (Dkt. 49 at 19, Dkt. 52 at 18.)

<u>Tentative Ruling</u>: The Court heard argument on each of the Motions on July 19, 2023. At the outset of the hearing, the Court issued a tentative decision from the bench during which it identified a number of defects in the operative Complaint, including Plaintiffs' failure to "differentiate the defendants . . . and allege how each is liable for each of the claims." (Ex. A at 4:12–14.) The Court indicated that it planned to dismiss "almost everything," including each of the claims against Defendants DeviantArt and Midjourney. (*Id.* at 4:10–5:13; *see also id.* at 12:23-13:1 (questioning Plaintiffs' counsel on absence of more specific allegations to support direct infringement claim as to Stable Diffusion).) As of this filing, the Motions remain pending.

<u>The CMC and Related Deadlines</u>. Shortly after this case was filed, on January 17, 2023, the Court issued an Order setting an initial CMC for April 14, 2023. (Dkt. 5.) On February 6, 2023, the Court reset the initial CMC for May 2, 2023. (Dkt. 31.) On April 18, 2023, Defendants jointly moved to continue the CMC and stay all related deadlines until after the Court resolves their pending motions to dismiss. (Dkt. 60.) In the alternative, Defendants requested that the Court stay the CMC and related deadlines until after the hearing date on those motions (July 19, 2023), at which point the Court would be able to "better assess appropriate limits on the scope and sequencing of discovery with the benefit of the Parties' briefing on the Motions and arguments on the legal sufficiency of the Complaint." (*Id.* at 3.) On April 20, 2023, the Court reset the CMC for August 29, 2023. (Dkt. 61.)

Unless that date is moved, Defendants will be required to accept discovery requests and attend a Rule 26(f) conference on August 8, 2023, to serve initial disclosures shortly thereafter,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

and to attend a CMC before this Court to discuss, *inter alia*, discovery plans and case schedules —notwithstanding the Court's stated intention to dismiss "almost everything" in the Complaint, and likely all claims against one or more Defendants. To avoid that unnecessary procedure and preserve party and judicial resources, Defendants sent an email to Plaintiffs' counsel on August 2, 2023 requesting that Plaintiffs agree to continue the CMC and all related deadlines, in light of the July 19, 2023 hearing. (Lovejoy Decl. ¶ 3.) Plaintiffs refused the request. (*Id.*)

### III.  ARGUMENT

The decision to continue a CMC rests within the discretion of the Court, and courts in this district routinely grant motions to continue initial CMCs and stay discovery until after resolution of motions to dismiss. (Dkt. 60 at 5 (citing cases).) This Court applies a two-prong test to determine whether good cause exists to stay discovery (by postponing the CMC or otherwise) pending resolution of a dispositive motion: (1) the motion must be "potentially dispositive," and (2) the court must be able to decide the pending motion without discovery. *Yamasaki v. Zicam LLC*, No. 21-cv-02596, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021); *see also Cellwitch, Inc. v. Tile, Inc.*, No. 19-cv-01315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019). A motion is "potentially dispositive" if, based on a "preliminary peek" at the motion, the court concludes that the motion, if granted, would dispose of the entire action. *In re Nexus 6P Prods. Liability Litig.*, No. 17-cv-02185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017).

Defendants' Motions to Dismiss easily satisfy both prongs. First, the Motions seek dismissal of the Complaint in its entirety. This Court has already indicated that "almost everything" in the Complaint is legally deficient, casting doubt on whether this case can proceed in any form against any Defendant, much less Midjourney and DeviantArt. There is no indication that Plaintiffs can overcome those deficiencies without contradicting their prior pleadings, which they may not do. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." (cleaned up)); Compl. ¶ 103 (alleging that non-party LAION "scraped [images] from web pages [like DeviantArt] . . . without the consent of . . . website operators"); ¶ 192 (alleging that Defendants' outputs are not even recognizably similar to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

Plaintiffs' works); *see also B.R.S. Land Investors v. U.S.*, 596 F.2d 353, 356 (9th Cir. 1979) (affirming order "denying appellants discovery after their original complaint was dismissed with leave to amend" where facts suggested that "plaintiff will be unable to state a claim"). In any case, the remote possibility that Plaintiffs could cure the deficiencies in their claims is "not germane" to whether Defendants' Motions to Dismiss are potentially dispositive. *Heck v. Amazon.com, Inc.*, No. 22-cv-03986, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (granting motion to stay discovery pending resolution of motion to dismiss, noting that "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to . . . whether Defendants' motion is *potentially* dispositive of the entire case" (cleaned up)).

Second, because Defendants' Motions to Dismiss attack the legal sufficiency of the Complaint, they can be resolved without discovery. *Cellwitch*, 2019 WL 5394848, at *2 (finding second prong satisfied where "the Court only needs to look at the pleadings in order to issue a decision about [the pending] motion to dismiss").

For those reasons, good cause exists to continue the CMC and all corresponding deadlines.

**IV.   CONCLUSION**

Requiring Defendants to engage in costly and burdensome discovery based on a Complaint that is so fundamentally flawed would undermine the "purpose" of Rule 12(b)(6): "to enable defendants to challenge the legal sufficiency of complaints without subjecting them to discovery." *Arcell v. Google LLC*, No. 22-cv-02499, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also id.* at *2 (staying discovery "until the Court issues a ruling on Defendants' motion to dismiss"). Because the Court has already indicated an intention to "dismiss almost everything" in the Complaint, Defendants request that this Court enter an Order postponing the CMC, along with all discovery deadlines, until after the Court resolves the Motions. In the event the Court dismisses the Complaint in its entirety as to one or more Defendants with leave to amend, Defendants request a stay of discovery and all obligations under FRCP 26 as to all Defendants or, at a minimum, as to the Defendants for whom the Complaint was dismissed in its entirety, until any amended pleading is filed and all motions to dismiss or strike such amended pleading are resolved.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

| | | |
|---|---|---|
| 1 | Dated: August 3, 2023 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By: /s/ Brittany N. Lovejoy |
| 4 | | Andrew M. Gass (SBN 259694)<br> andrew.gass@lw.com |
| 5 | | Michael H. Rubin (SBN 214636)<br> michael.rubin@lw.com |
| 6 | | Brittany N. Lovejoy (SBN 286813)<br> brittany.lovejoy@lw.com |
| 7 | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: 415.391.0600 |
| 8 | | |
| 9 | | *Counsel for Defendant DeviantArt, Inc.* |
| 10 | | COOLEY LLP |
| 11 | | By: /s/ Judd D. Lauter |
| 12 | | Angela L. Dunning (SBN 212047)<br> adunning@cooley.com |
| 13 | | J. Asheton Lemay (*pro hac vice*)<br> alemay@cooley.com |
| 14 | | Kayla Blaker (*pro hac vice*)<br> kblaker@cooley.com |
| 15 | | 3175 Hanover Street<br>Palo Alto, California 94304-1130<br>Telephone: 650.843.5000 |
| 16 | | Facsimile: 650.849.7400 |
| 17 | | |
| 18 | | Judd D. Lauter (SBN 290945)<br> jlauter@cooley.com |
| 19 | | 3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Telephone: 415.693.2000 |
| 20 | | Facsimile: 415.693.2222 |
| 21 | | *Counsel for Defendant Midjourney, Inc.* |
| 22 | | |
| 23 | | LEX LUMINA PLLC |
|    | | By: /s/ Paul M. Schoenhard |
| 24 | | Mark A. Lemley (SBN 155830)<br> mlemley@lex-lumina.com |
| 25 | | 745 Fifth Avenue, Suite 500<br>New York, New York 10151 |
| 26 | | Telephone: 646.898.2055<br>Facsimile: 646.906.8657 |
| 27 | | |
| 28 | | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Nicole M. Jantzi (*pro hac vice*)
 nicole.jantzi@friedfrank.com
Paul M. Schoenhard (*pro hac vice*)
 paul.schoenhard@friedfrank.com
801 17th Street NW
Washington, DC 20006
Telephone: 202.639.7254

Michael C. Keats (*pro hac vice*)
 michael.keats@friedfrank.com
Amir R. Ghavi (*pro hac vice*)
 amir.ghavi@friedfrank.com
One New York Plaza
New York, NY 10004
Telephone:  212.859.9000

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from all other signatories to this document.

Dated: August 3, 2023                    By:  */s/ Brittany N. Lovejoy*
                                              Brittany N. Lovejoy

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' MOTION TO
CONTINUE CMC & STAY DISCOVERY
CASE NO. 3:23-cv-00201-WHO