Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               lkessler@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs Sarah Andersen, Kelly McKernan, Karla Ortiz, and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>    Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**<br><br>Current Initial CMC Date: Aug. 29, 2023<br>Trial Date: None<br>Date Action Filed: January 13, 2023 |

## I. INTRODUCTION

Defendants again seek a stay of discovery using an administrative motion filed shortly before tomorrow's deadline to meet and confer pursuant to Rule 26(f).[1] Defendants' Administrative Motion to Continue Case Management Conference and Stay Discovery Pending Resolution of Dispositive Motions, ECF No. 92 (the "Second Motion"); *see also* ECF No. 60 (the "First Motion"). Beyond the procedural impropriety, Plaintiffs oppose the Second Motion substantively. The Court has indicated Plaintiffs' claims will likely proceed against Stability AI. Thus, at least as to Stability AI, there is no basis for a further delay in holding the Rule 26(f) conference. The Court has also indicated Plaintiffs will be granted leave to amend most of their other claims, and thus, a stay should not be granted for *any* Defendants.

Given the complexity of the case, Plaintiffs believe this case will benefit from active case management from the Court. In this complex case, and the Rule 26 conference will serve numerous salutary purposes, including to establish a strong foundation for a discovery plan and case management.[2] As such, Plaintiffs respectfully request the Court enter an order denying the Second Motion and maintaining the initial case management conference and all the attendant Rule 26 deadlines that flow therefrom.

## II. BACKGROUND

The Complaint in this action was filed on January 13, 2023. ECF No. 1. No discovery has occurred. The parties have not conducted the Rule 26 conference.[3] On April 10, 2023, Defendants first requested to stay discovery until their dispositive motions were resolved. ECF No. 62-1 ¶ 2. Plaintiffs did not agree, and on April 18, 2023, Defendants filed a motion seeking a stay of discovery. ECF No. 60. On April 26, 2023, the Court ruled on that motion, stating "Considering the arguments made, the Case Management Conference has been continued to and will remain set for August 29, 2023. The related obligations,

---

[1] Without belaboring the point, Plaintiffs reiterate the arguments made in their opposition to Defendants' First Motion (ECF No. 62)—specifically, that a stay of discovery is not a form of relief that may be sought though an administrative motion. Plaintiffs herein focus on the merits of Defendants' request, however, in keeping with the expectations set in this Court's order on Defendants' earlier motion (ECF No. 63).

[2] A number of important tasks can be accomplished, such as a Stipulated Protective Order, an ESI Protocol, and a Rule 502(d) Clawback Order.

[3] On August 7, 2023, the Parties agreed to conduct the Rule 26(f) conference on August 8, 2023.

including Rule 26(f) requirements, are likewise continued." ECF No. 63. On August 3, 2023, Defendants filed a second motion to stay to which this response pertains. *See* ECF No. 92.

III. **ARGUMENT**

    A. **Defendants Have Not Established Good Cause for a Stay of Discovery**

Courts in this District apply a two-prong test to determine whether to grant a stay of discovery:

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent discovery. If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. In applying this two-factor test, the court must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted.

*Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (quotations and citations omitted).

    Here, the Court has already indicated that its ruling on Defendants' dispositive motions will not dispose of the entire case. At the hearing on the motions to dismiss, the Court stated "I think the claim that survives is Andersen's direct infringement claim against Stability AI for copying images . . . ." Tr. at 5:9–10.[4] Considering at least one of Plaintiffs' claims will survive without need to amend, discovery should not be stayed. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). The Federal Rules "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." (quotation omitted). *Singh*, 2016 WL 10807598, at *1. Otherwise, all "dispositive motions," would satisfy this prong regardless of merit or Defendants' ability to demonstrate good cause. *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (holding good cause to stay discovery may exist only if "the plaintiff will be unable to state a claim for relief")).

    In addition, Defendants must establish all Plaintiffs' claims would be dismissed or stricken *without leave to amend*. *Singh*, 2016 WL 10807598, at *2. The Court has indicated that leave to amend will be

---

[4] "Tr." refers to the July 19, 2023 Transcript of Proceedings on Defendants' dispositive motions, which was attached to the Lovejoy Declaration in support of the Second Motion as Exhibit 1 (ECF No. 92-2).

granted with respect to claims found insufficient. Tr. at 4:10–11. Thus, discovery should not be stayed either as to Stability AI, but as to Midjourney and DeviantArt as well.

**B.     A Discovery Stay Will Unnecessarily Impede Timely Resolution of Plaintiffs' Claims**

Federal Rule of Civil Procedure 1 states the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." However, Defendants again seek to unnecessarily delay proceedings contrary to the requirements of Rules 1 and 26(f). The Rule 26(f) conference is important for several reasons, particularly in a complex class action such as this one. Before discovery commences, Plaintiffs wish to hold a conference to negotiate a preliminary discovery plan and to commence discussions and negotiations regarding a variety of stipulations. *See supra* n.2. To the extent the parties cannot agree on the particulars of such agreements, additional time may be needed to seek input from the Court.

All of this makes clear that after nearly seven months, this case would benefit from active case management from the Court to ensure that discovery proceeds at a reasonable pace once the Court issues its order on Defendants' dispositive motions.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' request for a stay of discovery, hold the Initial Case Management Conference on August 29, 2023, and maintain all deadlines set forth in Rule 26.

| | | |
|---|---|---|
| Dated: August 7, 2023 | By: | /s/ *Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      lkessler@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:     (415) 395-9940
Email:            mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile:    (612)339-0981
Email:  bdclark@locklaw.com
             lmmatson@locklaw.com
             echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*