Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      lkessler@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:            mb@buttericklaw.com

*Counsel for Individual and Representative
Plaintiffs Sarah Andersen, Kelly McKernan,
Karla Ortiz, and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>STABILITY AI LTD., et al.,<br><br>  Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**PLAINTIFFS' RULE 26(f) REPORT** |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on Tuesday, August 8, 2023, between counsel for Plaintiffs Sarah Andersen, Kelly McKernan, and Karla Ortiz ("Plaintiffs"), counsel for Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability"), counsel for Defendant Midjourney, Inc. ("Midjourney"), and counsel for Defendant DeviantArt, Inc. ("DeviantArt") (collectively, "Defendants"). Plaintiffs and Defendants, by and through counsel, met and conferred concerning the topics set forth in Rule 26(f), and the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information. Pursuant to Rule 26(f)(2) and Civil Local Rule 16-9(a), Plaintiffs[1] hereby submit this Rule 26(f) Report in advance of the Case Management Conference now scheduled for September 19, 2023. ECF No. 95.

## II. CASE MATTERS RELEVANT TO DISCOVERY

### A. Discovery Motions

Plaintiffs anticipate discovery motions, a motion for class certification, and summary judgment motions.

### B. Amendments to Pleadings

The Court has indicated it will likely grant leave to amend with respect to claims found deficient. If claims are dismissed with leave to amend, Plaintiffs intend to file an amended complaint to address pleading deficiencies identified by the Court.

### C. Evidence Preservation

Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the case. Plaintiffs are prepared to meet and confer to ensure other relevant evidence is preserved as necessary.

Plaintiffs have confirmed that they are preserving relevant evidence including ESI.

---

[1] Counsel for Defendants declined to participate in this Rule 26(f) Report. On August 8, 2023, the Court entered an order continuing Rule 26 deadlines for Deviant Art and Midjourney, but ordered that Plaintiffs and Stability AI to proceed with their Rules 26 obligations. ECF No. 95.

Plaintiffs have confirmed that they are not aware of any source of electronically stored information that is reasonably expected to be subject to discovery that has been destroyed, not maintained or is not reasonably accessible.

### D.  Disclosures

Plaintiffs served their Initial Disclosures as required by Rule 26(a)(1)(A) on August 22, 2023. Plaintiffs will serve and supplement Initial Disclosures as necessary, as required by Rule 26(e).

## III.  DISCOVERY

### A.  Scope of Discovery

Plaintiffs believe that discovery is governed by the Federal Rules of Civil Procedure. Plaintiffs have not identified specific concerns regarding the scope of discovery. Plaintiffs are prepared to continue to meet and confer on this topic once requests for production of documents have been propounded.

**Subjects of Discovery from Defendants:** The following is a non-exhaustive list of subjects of discovery from Defendants. Plaintiffs reserve all rights to expand upon these subject areas as the case progresses:

- The interactions between Class members (including Plaintiffs) and Defendants.
- Defendants' conduct that caused their respective image generation products to ingest and distribute copies and/or derivative works of the Works (as defined in the Complaint)—all without CMI, including:
    - Defendants' actions in the creation, marketing, alteration, and operation of Stable Diffusion, DreamStudio, the Midjourney product; and DreamUp;
    - Inter-Defendant and intra-Defendant communications regarding image generation products; and
    - Complete or sufficient representative samples of Stable Diffusion, DreamStudio, the Midjourney product; and DreamUp input and output, including pairs of prompts and output.
- DeviantArt's knowledge and action that led to its alteration of its own Terms of Service and Privacy Policy;
- Defendants' organizational structures related to image generation products.

- Contracts or other agreements between or among Defendants, Defendants and Plaintiffs, and Defendants and third parties that relate to image generation products.
- Defendants' corporate form and formation, capital structure, and ownership structure.
- Defendants' financial records, including financial statements and other records showing Defendants' income, profit and loss, and other financial results derived from the sale, marketing, and distribution of commercial products using or incorporating the Works.
- Information regarding all materials used to train Stable Diffusion, DreamStudio, the Midjourney product; and DreamUp, including the materials themselves.
- Documents showing the injuries caused to Plaintiffs.
- Documents showing the economic and other damages caused by or resulting from Defendants' conduct.
- Facts related to affirmative defenses raised by Defendants.
- Defendants' policies regarding usage of copyrighted material.
- Defendants' interactions with governmental or regulatory entities regarding their image generation products, including document submissions, requests for information or documents, testimony (Congressional or otherwise), and correspondence.
- Defendants' participation in other lawsuits or private administrative proceedings regarding image generation products.

### B.  Discovery Limits

Plaintiffs have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure and have indicated a likelihood that they will require expansion of the limits with respect to the number of depositions and interrogatories.

### C.  Production of Electronically Stored Information

Plaintiffs have met and conferred pursuant to Rule 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiffs are prepared to continue to meet and confer on this topic to come to agreement on a stipulated order regarding production of ESI. Plaintiffs have discussed the potential need for ESI Liaisons and are prepared to meet and confer further on this topic once discovery requests have been served. Plaintiffs have discussed how responsive

material will be identified and metadata formatting for ESI and will continue to do so as discovery progresses.

### D. Protective Order

Plaintiffs have identified the need for a protective order to protect confidential and highly confidential information once the parties begin producing documents. Plaintiffs will share a proposed Stipulated Protective Order with Defendants.

### E. Privilege

Plaintiffs will share a stipulated Privileged Materials Order under Rule 502(d) for Defendants' consideration.

### F. Deposition Logistics

Plaintiffs believe that in-person depositions are appropriate for all witnesses, either in the Northern District or elsewhere in the United States. Plaintiffs are unaware of depositions to be taken outside the United States at this time. Plaintiffs agree to meet and confer should any disputes arise as to location of depositions and/or use of remote depositions.

### G. Discovery Issues and Potential Disputes

Plaintiffs believe that certain discovery may commence between Plaintiffs and Stability. Plaintiffs have not identified any specific discovery dispute—except that Plaintiffs do not agree any Defendant may refuse to participate in the discovery process entirely. Plaintiffs are prepared to meet and confer on these and any other discovery disputes that may arise.

Plaintiffs have agreed to electronic service in all instances where service is necessary and will exchange service lists with Defendants should they also agree.

### H. Narrowing of Issues

No issues have yet been narrowed by agreement or by motion. Plaintiffs are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

## IV. SCHEDULING

### A. Expedited Trial Procedures

Plaintiffs believe this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**B.     Case Schedule**

The parties met and conferred regarding the case schedule but have not come to an agreement. Plaintiffs are prepared to continue to meet and confer pending the Court's upcoming order on the pending motions to dismiss and timing for amendments of Plaintiffs' complaint. Should the Court wish to enter a case schedule, Plaintiffs are prepared to meet and confer regarding a proposed schedule.

Dated: August 22, 2023      By:     */s/ Joseph R. Saveri*
                                               Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 lkessler@saverilawfirm.com
                 eabuchanan@saverilawfirm.com
                 tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile:     (612)339-0981
Email: bdclark@locklaw.com
            lmmatson@locklaw.com
            echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*