| | |
|---|---|
| Mark A. Lemley (State Bar No. 155830)<br>**LEX LUMINA PLLC**<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Telephone: (646) 898-2055<br>Facsimile: (646) 906-8657<br>Email: mlemley@lex-lumina.com<br><br>Nicole M. Jantzi (*pro hac vice*)<br>Paul M. Schoenhard (*pro hac vice*)<br>**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**<br>801 17th Street NW<br>Washington, DC 20006<br>Telephone: (202) 639-7254<br>Email: nicole.jantzi@friedfrank.com<br>          paul.schoenhard@friedfrank.com<br><br>*Counsel for Defendants Stability AI, Inc. and Stability AI Ltd.*<br><br>[*Additional counsel on signature page*] | Joseph R. Saveri (State Bar No. 130064)<br>Cadio Zirpoli (State Bar No. 179108)<br>Christopher K.L. Young (State Bar No. 318371)<br>Louis A. Kessler (State Bar No. 243703)<br>Elissa A. Buchanan (State Bar No. 249996)<br>Travis Manfredi (State Bar No. 281779)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Telephone:    (415) 500-6800<br>Facsimile:     (415) 395-9940<br>Email:    jsaveri@saverilawfirm.com<br>          czirpoli@saverilawfirm.com<br>          cyoung@saverilawfirm.com<br>          lkessler@saverilawfirm.com<br>          eabuchanan@saverilawfirm.com<br>          tmanfredi@saverilawfirm.com<br><br>*Counsel for Individual and Representative Plaintiffs and the Proposed Class*<br><br>[*Additional Counsel Listed on Signature Page*] |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual;<br>KELLY MCKERNAN, an individual;<br>KARLA ORTIZ, an individual,<br><br>     Individual and Representative Plaintiffs,<br><br>     v.<br><br>STABILITY AI, LTD., a UK corporation;<br>STABILITY AI, INC., a Delaware corporation;<br>MIDJOURNEY, INC., a Delaware corporation;<br>DEVIANTART, INC., a Delaware corporation,<br><br>     Defendants. | CASE NO. 3:23-cv-00201-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      September 19, 2023<br>Time:      2:00 p.m.<br>Place:     Videoconference<br>Before:    Hon. William H. Orrick |

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's May 25, 2023 Case Management Conference Order, Federal Rule of Civil Procedure 16, and Civil L.R. 16-9, and the Court's August 8, 2023 Order (ECF No. 95), Plaintiffs and Stability Defendants[1] have met and conferred and hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for September 19, 2023 at 2:00 p.m.[2]

## I.   JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 to the extent it arises under the Copyright Act, the Digital Millennium Copyright Act ("DMCA"), the Lanham Act, and the Declaratory Judgment Act. To the extent this action is maintained as a class action and a class is ultimately certified, the Court may also have subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In view of the current uncertainty regarding the plaintiff(s), claim(s) and defendant(s) in this action, Stability Defendants reserve any challenge they may have to this Court's subject matter jurisdiction over this action.

All Defendants have been served and filed motions in response to the Complaint without contesting this Court's personal jurisdiction. Plaintiffs contend that Defendant Midjourney is headquartered in California and that all Defendants conduct substantial business in California. Thus, it is Plaintiffs' position that this Court has personal jurisdiction over Defendants. Stability Defendants reserve any challenge they may have to this Court's personal jurisdiction over them as to any claim asserted in any amended complaint.

---

[1] As used herein, "Stability Defendants" or "Stability" refers to Stability AI Ltd. and Stability AI, Inc.; "Stability AI" refers to Stability AI Ltd.

[2] Defendants DeviantArt, Inc. ("DeviantArt") and Midjourney, Inc. ("Midjourney") participated in the parties' Federal Rule of Civil Procedure 26(f) conference prior to the Court's order suspending their Rule 26 obligations (ECF No. 95). Given that order, that these defendants' discovery obligations are presently stayed (*see id.*), and the legal deficiencies inherent to the claims asserted against Midjourney and DeviantArt (*see* ECF Nos. 49, 50, 52–54; July 19, 2023 Hr'g Tr. at 4:10–6:6), they have not substantively participated in the preparation of this Joint Case Management Statement. DeviantArt and Midjourney reserve all rights to object and respond to any statements or representations made by Plaintiffs and/or Stability Defendants herein during the forthcoming September 19, 2023 Case Management Conference, or otherwise.

## II. FACTS

### A. Plaintiffs' Statement of Facts

Plaintiffs filed this lawsuit on January 13, 2023. ECF No. 1. The primary basis of the lawsuit is Defendants' unauthorized use of Plaintiffs' intellectual property, specifically their visual art and their names. On July 19, 2023, this Court held a hearing on Defendants' responsive motions and took them under submission. *See* ECF Nos. 49–54, 58–60.[3] Pursuant to its tentative ruling at the hearing, the Court ordered Plaintiffs and Stability to comply with their obligations under Rule 26. ECF No. 95. On August 8, 2023, all parties attended a Rule 26(f) Conference, and Plaintiffs filed a report on that conference on August 22, 2023. ECF No. 10

Defendants develop and/or offer generative artificial-intelligence based image generation products ("AI Image Products"). AI Image Products are trained on images paired with descriptive text. Training images are typically gathered through web scraping, i.e., copying from websites using software to automate the process. Defendants' AI Image Products rely on billions of training images, almost all of which are copied without the owners' consent or knowledge, and without providing the owner or creator credit or compensation.

In August 2022, Stability began offering Stable Diffusion, a generative AI model that produces images based on training images, under an open-source license. Stability sells DreamStudio, a product that allows customers to utilize Stable Diffusion without an expensive computing platform or serious technical knowledge. Stability illegally copied and or acquired unauthorized copies of over five billion images from the Internet. Stability did not attempt to acquire licenses for any of the training images used. Through training, Stable Diffusion embeds and stores compressed copies of the training images and relies on those compressed copies to generate its output. Midjourney trained its AI Image Product on the same training data as Stability. DeviantArt offers a product similar to DreamStudio called DreamUp, which, like DreamStudio, gives customers the ability to interface with and utilize Stable Diffusion. DeviantArt also hosts

---

[3] Further details regarding Defendants' motions and the hearing are set forth below in section IV.

millions of images that were copied without authorization to become part of Stable Diffusion's training data.

All output from an AI Image Product is necessarily derived from and depends on the breadth and quality of the images used for training. This means that, unlike a human artist, an AI Image Product can only copy latent images tagged with terms associated with the text prompt, and an AI Image Product can never exceed the limitations of its training images. Indeed, Stability's CEO, Emad Mostaque, admitted Stable Diffusion "compress[e]d the knowledge of over 100 terabytes of images." Mostaque has publicly acknowledged the importance of using licensed images for training AI Image Products. He has promised future versions of Stable Diffusion will be based on "fully licensed" training images. But Stability has yet to take any steps to obtain or negotiate licenses for Stable Diffusion.

Plaintiffs' injuries were the direct and foreseeable result of Defendants' conduct. In addition to injunctive relief, Plaintiffs are entitled to compensatory damages, statutory damages, and punitive damages based on Defendants' oppression, malice, or fraud.

### B. Stability Defendants' Statement of Facts

Stability AI Ltd. ("Stability AI")[4] is at the forefront of the burgeoning generative artificial intelligence ("AI") industry, rapidly expanding the boundaries of human creativity and capability while maintaining a commitment to make its technology available to all.

Stable Diffusion is an open-source generative AI text-to-image model that has rapidly become a base model for developers and artists around the world. Generative AI models are "generative" because they can generate complex new content by analyzing vast datasets to understand the relationships between words, concepts, and visual or textual features. This is similar to a student visiting a library to learn the relationships between intellectual concepts, or visiting an art gallery to learn how to match colors or best depict perspective. Users can then input

---

[4] Stability AI, Inc. is a non-operating holding company. Accordingly, Stability AI, Inc. has not performed and is not responsible for the performance of any of the acts alleged in the Complaint (ECF No. 1).

prompts of their choosing to generative AI models such as Stable Diffusion to create entirely novel images. The learning process for generative AI models is known as training. Stability AI has been involved in various aspects of the development, training and/or release of certain versions of Stable Diffusion.

Dream Studio is a platform that was developed by Stability AI to provide users with access to the capabilities of Stable Diffusion.

Various versions of Stable Diffusion have been trained by exposure to randomly-selected portions of billions of images that were publicly available on the Internet. Contrary to the pleadings in the Complaint, however, training Stable Diffusion bears no resemblance to creating compressed copies or memorizing images for later distribution. Instead, at a high level, the training for Stable Diffusion involves a component that understands text and a component that generates images. The component that understands text is a special language AI model that takes input text and outputs a list of numbers that represents associations between the text in a mathematical format. That mathematical information is then presented to the component that generates images, and the image generator undergoes a multi-stage process to interpret the mathematical information to a final image. That process involves smaller AI models that are trained so that the distribution of individual elements within images—how pixels are arranged such that the "sky" in images is typically blue and located above the "ground", "people" have two eyes, and "cats" typically have pointy ears—are learned by the model. With that training, the image generator is able to start with a random, extremely noisy image and gradually modify the noisy image into an entirely new, clear image based on a user's text prompts. The final result is an AI model that is composed of hundreds of millions or billions of model "weights" or "parameters"—pure numbers that represent in a mathematical format the concepts that are contained in the AI mode—as well as model code, which is the software that can operate the model weights. Neither the model weights nor the model code contains copies (or any other record) of particular images on which the model was trained, beyond the mathematical relationships between concepts that the model learned through the training process and that are

embodied in the model weights.

The purpose of all this training is not to enable users of Stable Diffusion to reproduce copies of training images. Rather, Stable Diffusion is intended to expand humans' capacity for creativity. Crucially, Plaintiffs themselves have acknowledged that "none of the Stable Diffusion output images provided in response to a particular Text Prompt is likely to be a close match for any specific image in the training data." (ECF No. 1 ¶ 93.)

It is well established, however, that infringement is possible only where a defendant's work is "substantially similar" to a plaintiff's work—a possibility that Plaintiffs have expressly conceded is not "likely" here. Nor can Plaintiffs point to anything in the code or weights of the Stable Diffusion model (which are freely available open-source and online), that is substantially similar to their own works. Absent such substantial similarity in either Stable Diffusion itself or the images that Stable Diffusion creates, Plaintiffs' copyright claim is fundamentally the same as alleging that an art student who views hundreds of paintings before creating a new, entirely novel work has somehow violated the law. In short, Stability Defendants deny any liability for direct or indirect copyright infringement, or any other unlawful conduct of any kind.

### III.  LEGAL ISSUES

#### A.  Plaintiffs' Position

Plaintiffs anticipate the following legal issues will be argued in this case based on their present allegations:

- Whether Defendants violated the copyrights of Plaintiffs and the Class when they downloaded and stored copies of their works.
- Whether Defendants violated the copyrights of Plaintiffs and the Class when they used copies of their works to train AI Image Products.
- Whether Defendants vicariously violated the copyrights of Plaintiffs and the Class when third parties used Defendants' products to create Fakes, as defined in the Complaint (ECF No. 1).

- Whether Defendants violated the DMCA by removing copyright management information ("CMI") from the Plaintiffs' and the Class's works and/or causing their respective AI Image Products to omit CMI from their output images.

- Whether Defendants violated Plaintiffs' and the Class's rights of publicity when they designed and marketed their AI Image Products to respond to prompts requesting output images using the names of specific individuals, namely Plaintiffs and the Class.

- Whether Defendants' AI Image Products are being used by Defendants to engage in Unfair Competition under the Lanham Act and/or California law.

- Whether the class should be certified under Federal Rule of Civil Procedure 23.

- Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein. And what the scope of that injunction would be.

- Whether any affirmative defense excuses Defendants' conduct, including but not limited to whether some or all of Defendants' conduct is allowed under the Fair Use Doctrine.

### B.   Stability Defendants' Position

The Stability Defendants provide the following list of principal legal issues in dispute, noting that the parties do not agree regarding the importance or relevance of each issue, and that the list is therefore preliminary and subject to revision, particularly in light of Stability Defendants' pending Motions (*see infra* Section IV):

1. Whether Stability Defendants directly infringed registered copyrights owned by Plaintiff Sarah Andersen pursuant to 17 U.S.C. § 501;[5]

---

[5]   Stability Defendants understand that the Court has expressed its inclination to grant Stability Defendants' Motion to Dismiss as to all claims except Plaintiff Andersen's claim of direct copyright infringement as it relates to the training of Stable Diffusion. Accordingly, at this time, Stability Defendants do not anticipate that the following legal issues will be in dispute:

1.   Whether Stability Defendants directly infringed registered copyrights owned by unnamed class members pursuant to 17 U.S.C. § 501;

2. Whether Plaintiffs' allegations are sufficient to state a claim against Stability Defendants under Fed. R. Civ. P. 12(b)(6);

3. Whether Stability Defendants' alleged conduct caused any injury to Plaintiffs;

4. Whether the Plaintiffs can meet the requirements of Fed. R. Civ. P. 23 for certification of one or more putative classes; and

5. Whether Plaintiffs are entitled to the equitable and monetary relief they seek.

The parties reserve the right to raise additional issues that become relevant as a result of any new claims, defenses, or counterclaims.

## IV.    MOTIONS

On April 18, 2023, Stability Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 58), Midjourney filed a motion to dismiss and/or strike pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) (ECF No. 52), DeviantArt filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 49), and DeviantArt also filed a motion to strike pursuant to Cal. Code Civ. Proc. § 425.16 (ECF No. 50) (the "Motions"). The Motions were fully briefed on July 3, 2023, and the Court heard argument on the Motions on July 19, 2023, during which the Court stated that it was "inclined to dismiss almost everything [in the Complaint] with leave to amend." ECF No. 92 at 1 (citing ECF No. 92-1 at 4:10–6:6). As noted above, the Court indicated it was inclined to sustain "Andersen's direct infringement claim against Stability [Defendants] for copying images." *Id.* at 5:9–10. The Motions are currently pending before the Court.

---

2.    Whether Stability Defendants indirectly infringed registered copyrights owned by Plaintiffs pursuant to 17 U.S.C. § 501;

3.    Whether Stability Defendants removed or altered Copyright Management Information from Plaintiffs' copyrighted works in violation of the DMCA;

4.    Whether Stability Defendants violated Plaintiffs' statutory right of publicity pursuant to Cal. Civ. Code § 3344;

5.    Whether Stability Defendants violated Plaintiffs' common law right of publicity;

6.    Whether Stability Defendants engaged in unlawful business practices in violation of 15 U.S.C. § 1125, Cal. Bus. & Prof. Code §§ 17200 et seq., or the common law; and

7.    Whether Plaintiffs are entitled to declaratory relief.

1    On August 3, 2023, in light of the Court's statements during the July 19, 2023 hearing, Defendants filed an Administrative Motion to Continue Case Management Conference and Stay Discovery Pending Resolution of Dispositive Motions. ECF No. 92. On August 8, 2023, the Court granted Defendants' motion in part, continuing the initial case management conference to September 19, 2023, ordering that this Joint Case Management Statement be filed by September 12, 2023, and continuing Rule 26 deadlines as to Defendants Midjourney and DeviantArt. ECF No. 95.

Stability Defendants anticipate filing additional motions, including pursuant to Rule 12, if appropriate, after a ruling on the pending motions and the filing of an amended complaint, if any. Plaintiffs anticipate filing a motion for class certification under Rule 23. The parties anticipate filing motions for summary judgment or adjudication under Rule 56.

Plaintiffs anticipate law and motion practice with respect to discovery issues that cannot be resolved by consent.

## V.   AMENDMENT OF PLEADINGS

Plaintiffs anticipate this Court's order on the pending motions will set forth a deadline for Plaintiffs to file an amended complaint should the order allow for one. Plaintiffs intend to file an amended complaint if given the opportunity and will abide by any requirements set forth in the Court's order.

Stability Defendants propose that the amendment of pleadings be governed by the Federal Rules of Civil Procedure.

## VI.   EVIDENCE PRESERVATION

The parties certify that they have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information, are aware of their obligations, and have taken appropriate steps to preserve potentially relevant evidence. The parties confirm they have met and conferred concerning such obligations.

Plaintiffs are not aware of any potentially relevant evidence that has been destroyed or that is not reasonably accessible. At the Rule 26 conference and subsequently, Plaintiffs asked

Defendants to confirm whether any material subject to discovery has been destroyed or is not reasonably accessible. *See* Northern District ESI Discovery Guidelines § 2.01 (Preservation) ¶ (e) ("The parties should discuss what ESI from sources that are not reasonably accessible will be preserved, but not searched, reviewed, or produced."), § 2.02 (Rule 26(f) Meet and Confer), ¶ A. (parties should discuss "[t]he sources, scope and type of ESI that has been and will be preserved.") & ¶ B (parties should discuss "Any difficulties related to preservation."). Stability Defendants stated they are not aware of any relevant Stability Defendants' information that has been destroyed since the filing of the complaint in this case, but cannot represent that potentially relevant information was not destroyed in the ordinary course of business prior to that time. Stability Defendants further advised Plaintiffs that Stability AI maintains massive volumes of data in the ordinary course of its business, that some data may not be readily identified or accessed, and that cost and technological limitations may interfere with long-term preservation efforts. Plaintiffs suggested that the parties table further discussion regarding sources, scope or type of ESI retention and/or production until a later date and have not yet raised the topic again since that time. Midjourney and DeviantArt did not identify any material that has been destroyed or is not reasonably accessible. Plaintiffs intend to seek clarity as to these issues and may seek relief from the Court.

**VII.   DISCLOSURES**

Plaintiffs served their Rule 26(a) Initial Disclosures on August 22, 2023. Stability Defendants will have served their Rule 26(a) Initial Disclosures as of the date of this Joint Case Management Statement, September 12, 2023. Midjourney's and DeviantArt's obligations under Rule 26 are currently continued, as discussed above.

**VIII.   DISCOVERY**

The parties have not yet served discovery requests.

**A.   Plaintiffs' Position**

Plaintiffs intend to share drafts of various proposed stipulated agreements likely necessary for discovery to commence, particularly documentary discovery. These agreements include: (1) a

stipulated protective order for material that must be kept confidential, (2) an ESI protocol, (3) a Rule 502(d) privilege document agreement, and (4) an expert discovery agreement.

Plaintiffs anticipate the discovery process will require considerable time by all participants and active case management. To ensure this case proceeds at a reasonable pace and because Plaintiffs will likely have a sustained claim against Stability on a core issue, Plaintiffs believe beginning the discovery process with Stability now would be most efficient. Stable Diffusion and its training material are at the core of Plaintiffs' claims against all Defendants. It would not be wasteful for Plaintiffs to request relevant information and begin negotiations with Stability as to the details of their search and production.

### B. Stability Defendants' Position

In light of the Motions pending before the Court, Stability Defendants believe that it is premature at this time to consider either the scope of anticipated discovery or any potential limitations or modifications of the discovery rules. The Motions concern each of Plaintiffs' claims and thus have the potential to significantly impact the scope of this action, including the number of Plaintiffs, the Defendants, and the number of claims that remain in the case. Moreover, as set forth above (*see supra* Section IV), during the July 19, 2023 hearing on the Motions, the Court expressed substantial doubt about Plaintiffs' core theories of liability and indicated that it was inclined to permit only currently alleged claim (direct copyright infringement based on training) presented by only one named Plaintiff (Andersen). Defendants similarly believe consideration of a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f) and any potential discovery disputes would be premature at this time.

## IX. CLASS ACTION

All attorneys of record have reviewed the Court's Procedural Guidance for Class Action Settlements.

Plaintiffs assert claims for damages and injunctive relief on behalf of themselves and all others similarly situated as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following classes:

*"Injunctive Relief Class" under Rule 23(b)(2):* All persons or entities nationalized and/or domiciled in the United States that own a copyright interest in any work that was used to train any version of an AI Image Product that was offered directly and/or incorporated into another product by one or more Defendants during the Class Period.

*"Damages Class" under Rule 23(b)(3):* All persons or entities nationalized and/or domiciled in the United States that own a copyright interest in any work that was used to train any version of an AI Image Product that was offered directly and/or incorporated into another product by one or more Defendants during the Class Period.

*"DeviantArt Damages Subclass" under Rule 23(b)(3):* All members of the Damages Class who (1) maintained an account on DeviantArt; (2) posted copyrighted work on DeviantArt; and (3) had that work used to train any version of an AI Image Product.

### A. Plaintiffs' Position

Plaintiffs propose class certification be briefed and decided at the close of fact and expert discovery and before motions for summary judgment. Plaintiffs are prepared to provide a schedule setting forth proposed dates but will await the Court's guidance considering the pending motions and likely a further round of dispositive motions responsive to an amended complaint filed by Plaintiffs.

### B. Stability Defendants' Position

Stability Defendants contend that this action should not be certified as a class action and is not aware of facts showing that Plaintiffs (much less Plaintiff Andersen, individually) are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b). Stability Defendants further believe that in light of the pending Motions it is premature to consider the appropriate timing of how and when class certification will proceed (if at all). Stability Defendants intend to oppose any motion for class certification at the appropriate time and further intend to request that the issue of class certification be bifurcated and that all remaining issues be stayed pending resolution of Plaintiffs' anticipated motion for class certification.

## X. RELATED CASES

Stability Defendants identify *Getty Images (US), Inc. v. Stability AI, Ltd. and Stability AI, Inc.*, No. 23-cv-135, filed on February 3, 2023, and currently pending in the United States District Court for the District of Delaware. Stability Defendants moved to dismiss Getty Images (US), Inc.'s Amended Complaint for lack of personal jurisdiction, inability to join a necessary and indispensable party, and failure to state a claim upon which relief can be granted, and, in the alternative, requested that the action be transferred to the Northern District of California pursuant to 28 U.S.C. § 1631 or § 1404(a). Stability Defendants' motion is pending before the court.

Stability Defendants further identify *Getty Images (US) Inc et al. v. Stability AI Ltd*, Claim No. IL-2023-000007, which is currently pending in the High Court of Justice, Business and Property Courts of England and Wales.

Plaintiffs are unaware of any other cases involving Defendants' AI Image Products other than those set forth above. Plaintiffs reserve opining on whether either of the two *Getty* cases are related to this case until these issues are before this Court, if ever.

## XI. RELIEF

### A. Plaintiffs' Position

As set forth in the Complaint, Plaintiffs seek statutory, compensatory, and punitive damages on behalf of themselves and a putative class for Defendants' unauthorized use of their copyrighted material, DMCA violations, right of publicity violations, and various other wrongful acts by Defendants. Plaintiffs also seek injunctive relief to prevent Defendants from continuing to ignore their rights in offering their AI Image Products and to stop further use of Plaintiffs' property to create new AI Image Products.

### B. Stability Defendants' Position

Stability Defendants deny that Plaintiffs are entitled to any relief, and contend that the case should be dismissed. Stability Defendants deny liability and that the Plaintiffs are entitled to any of the relief sought. Stability Defendants do not seek relief or damages from any party at this time.

## XII. SETTLEMENT AND ADR

No settlements have been reached by the parties. Plaintiffs are willing to participate in a settlement conference with a magistrate judge currently assigned to the Northern District of California. Plaintiffs are open to other forms of non-binding ADR, such as mediation, and will be prepared to discuss ADR options at the upcoming conference. The parties will be prepared to discuss ADR options and seek the Court's guidance at the September 19, 2023 conference.

Plaintiffs, Stability Defendants and DeviantArt have filed declarations in compliance with ADR L.R. 3-5(b).

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Stability Defendants did not consent to proceed before a magistrate judge for all purposes. ECF No. 14. Accordingly, the case was re-assigned to the Honorable Judge William H. Orrick, currently presiding over this case. ECF No. 18.

## XIV. OTHER REFERENCES

This case is not suitable for reference to other courts or administrative bodies.

## XV. NARROWING OF ISSUES

The parties have not identified any issues that can be narrowed at this juncture but will meet and confer on any such issues as they arise.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not consent to the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

In light of the Motions pending before the Court, Stability Defendants believe that it is premature at this time to consider the schedule on which this action should proceed, if any. The Motions concern each of Plaintiffs' claims and thus have the potential to significantly impact the scope of this action, including the number and identit(y/ies) of plaintiff(s) and defendant(s) that remain in the case. Moreover, as set forth above (*see supra* Section IV), Defendants believe the Court expressed substantial doubt about Plaintiffs' core theories of liability during the July 19, 2023 hearing on the Motions.

Plaintiffs believe this complex class action will benefit from active case management, including setting a schedule for some or all pretrial deadlines.

## XVIII. TRIAL

Plaintiffs have demanded a jury trial. Plaintiffs expect a trial will take three to four weeks as the case presently stands.

Stability Defendants believe it is premature to estimate the length of trial at this time.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed their Certification of Interested Entities or Persons required by Civil L.R. 3-15.

***Stability Defendants:*** Pursuant to Fed. R. Civ. P. 7.1, Stability AI Ltd. certifies that it is a wholly-owned subsidiary of Stability AI, Inc. Stability AI, Inc. certifies that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock. Pursuant to Civil L.R. 3-15, Stability Defendants certify that other than the named parties, no entity has a pecuniary interest in the outcome of this case.

## XX. PROFESSIONAL CONDUCT

The parties attest that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 12, 2023

Respectfully submitted,

By: */s/ Joseph R. Saveri*
    Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:       jsaveri@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
                    lkessler@saverilawfirm.com
                    eabuchanan@saverilawfirm.com
                    tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:       mb@buttericklaw.com

Brian D. Clark (pro hac vice)
Laura M. Matson (pro hac vice)
Eura Chang (pro hac vice)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email:       bdclark@locklaw.com
                    lmmatson@locklaw.com
                    echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

By: */s/ Mark A. Lemley*
     Mark A. Lemley

Mark A. Lemley (State Bar No. 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Facsimile: (646) 906-8657
Email: mlemley@lex-lumina.com

Nicole M. Jantzi (*pro hac vice*)
Paul M. Schoenhard (*pro hac vice*)
**FRIED, FRANK, HARRIS, SHRIVER**
  **& JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7254
Email: nicole.jantzi@friedfrank.com
       paul.schoenhard@friedfrank.com

Michael C. Keats (*pro hac vice*)
Amir R. Ghavi (*pro hac vice*)
**FRIED, FRANK, HARRIS, SHRIVER**
  **& JACOBSON LLP**
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Email: michael.keats@friedfrank.com
       amir.ghavi@friedfrank.com

*Counsel for Defendants Stability AI, Inc. and Stability AI Ltd.*

By: */s/ Brittany N. Lovejoy*
         Brittany N. Lovejoy

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: andrew.gass@lw.com
         michael.rubin@lw.com
         brittany.lovejoy@lw.com

*Counsel for Defendant DeviantArt, Inc.*

By: */s/ Angela L. Dunning*
         Angela L. Dunning

Angela L. Dunning (SBN 212047)
Kayla Blaker (*pro hac vice*)
J. Asheton Lemay (*pro hac vice*)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: adunning@cooley.com
         kblaker@cooley.com
         alemay@cooley.com

By: */s/ Judd D. Lauter*
         Judd D. Lauter

Judd D. Lauter (SBN 290945)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
Email: jlauter@cooley.com

*Counsel for Defendant Midjourney, Inc*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of the foregoing document has been obtained from all other signatories to this document.

Dated: September 12, 2023          By:   */s/ Joseph R. Saveri*
                                                Joseph R. Saveri