**Pages 1 - 13**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

```
SARAH ANDERSEN, ET AL.,        )
                               )
         Plaintiffs,           )
                               )
  VS.                          )    NO. 23-CV-201
                               )
STABILITY AI, LTD., ET AL.,    )
                               )
         Defendants.           )
_____)
```

San Francisco, California
Tuesday, November 7, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        JOSEPH SAVERI LAW FIRM, LLP
        601 California Street - Suite 1000
        San Francisco, California  94108
  **BY:  JOSEPH R. SAVERI, ATTORNEY AT LAW**

        **LAW OFFICE OF MATTHEW BUTTERICK**
        1920 Hillhurst Ave., #406
        Los Angeles, California  90027
  **BY:  MATTHEW BUTTERICK, ATTORNEY AT LAW**

(Appearances continued on the following page.)

REPORTED BY:  Jennifer Coulthard, CSR No. 14457, RMR, CRR, CRC
              Official U.S. District Court Stenographer

```
For Defendants:
                    FRIED FRANK HARRIS SHRIVER &
                    JACOBSON, LLP
                    801 17th Street NW
                    Washington, DC  20006
               BY:  PAUL M. SCHOENHARD, ATTORNEY AT LAW
                    NICOLE MARIE JANTZI, ATTORNEY AT LAW
                    One New York Plaza
                    NEW YORK, NEW YORK 10004
               BY:  MICHAEL COURTNEY KEATS, ATTORNEY AT LAW

                    CLEARY GOTTLEIB STEEN & HAMILTON, LLP
                    1841 Page Mill Rd., Suite 250
                    Palo Alto, California  94304
               BY:  ANGELA LUCILLE DUNNING, ATTORNEY AT LAW
                    AMIRA PERRYMAN, ATTORNEY AT LAW


                    LATHAM & WATKINS LLP
                    505 Montgomery Street - Suite 2000
                    San Francisco, California  94111
               BY:  ANDREW MICHAEL GASS, ATTORNEY AT LAW
```

|   |   |
|---|---|
| 1 | <u>**Tuesday - November 7, 2023**</u>                           <u>**2:15 p.m.**</u> |
| 2 | **P R O C E E D I N G S** |
| 3 | --oOo-- |

4    **THE CLERK:** Case No. 23-201, Anderson v. Stability AI,
5    Limited, et al.
6          Counsel, if you would please state your appearance for
7    the record.
8          **MR. SAVERI:** Good afternoon, Your Honor; Joseph Saveri
9    on behalf of the plaintiffs.
10         **MR. BUTTERICK:** Good afternoon; Matthew Butterick on
11   behalf of the plaintiffs.
12         **MR. SCHOENHARD:** Good afternoon, Your Honor; Paul
13   Schoenhard on behalf of defendants Stability AI, Inc., and
14   Stability AI, Ltd., joined today by my colleagues Nicole
15   Jantzi, Michael Keats and on the call that's all.
16         **MS. DUNNING:** Good afternoon, Your Honor; Angela
17   Dunning of Cleary Gottlieb.  With me is my colleague Amira
18   Perryman off camera.  We represent Midjourney.
19         **MR. GASS:** And good afternoon, Your Honor; Andy Gass
20   from Latham Watkins for defendant Deviant Art.
21         **THE COURT:** Great.  Good afternoon, everybody.  I am
22   sorry it took me as long as it did to get my order out.  It
23   should not have come as a surprise to anyone, but anyway, I
24   wish I was faster than I am, but there you go.
25         So Mr. Saveri, I'm going to start with you.  So the

1  question of discovery.  It does seem to me that the only
2  discovery that I would possibly allow would be with respect to
3  Stability, and I'm not -- it seems like, depending on what
4  claims go forward, the discovery might be different and broader
5  and that it may make the most sense to just wait until we know
6  exactly what the shape of the complaint is.
7       So tell me -- tell me what you think about that.
8       **MR. SAVERI:**  Your Honor, you know, obviously you have
9  the discretion to do that, and it makes some sense to have the
10 pleadings settled before -- with everybody so we can kind of
11 proceed in a more unified way.
12      Having said that, I do think, because we know
13 Stability is in the case, this is a complex case, there's
14 plenty of work to do, and so you know, certainly my impression,
15 my belief is the sooner we get started on it, the better.
16      And so, you know, that's -- and that's just common
17 sense.  I think we can go either way on it, but, you know,
18 certainly, you know, we would like to get going.
19      **THE COURT:**  Yeah.  The -- but do you think that the
20 discovery that you would seek from Stability, if I kept you to
21 what you have now as opposed to something broader, do you think
22 the discovery would be broader as well?
23      **MR. SAVERI:**  Yes.
24      **THE COURT:**  Yeah.  Yeah.
25      **MR. SAVERI:**  Yeah.  Excuse me, Your Honor.

1    **THE COURT:**  Yes.

2    **MR. SAVERI:**  And look:  I mean, there are lots of
3    experienced lawyers on this call.  You could probably predict
4    that if we were to ask for something that the other side said
5    is beyond the scope of the pleadings, we would end up in that
6    kind of position and so, look, it does make some sense to be
7    reasonable about this and wait to see about the pleadings.

8         We're relatively early in the case that, you know, it
9    doesn't feel like we've been, you know, hanging around too long
10   yet, so . . .

11   **THE COURT:**  Okay.  Well, you might have a different
12   definition of that than I do, but at the moment I agree with
13   you, so . . .

14   **MR. SAVERI:**  Just putting that debate on for another
15   day, the point is well taken.  We want to keep pushing.  It's
16   important.

17   **THE COURT:**  All right.  Well, so that's my impression
18   is that we just ought to wait and see -- have you focus on what
19   the -- on this next round and the motion to dismiss.  And if
20   there was something that you were able to do to push the case
21   forward cooperatively, I think that would be great, but I'm not
22   going to -- I don't know how to define what that would be, and
23   I'll just leave that up to you and then see you at the hearing.

24   **MR. SAVERI:**  Your Honor, there is -- there are some
25   third parties who we believe possess relevant information, and

1   we want to make sure that we're able to at least reach out to
2   them to issue subpoenas as needed to make sure that they
3   understand that they're under preservation obligations.  I
4   think that should and could begin.  We've issued one subpoena
5   under Rule 45 for those purposes, and we would want to be able
6   to continue that effort because I think it -- particularly with
7   respect to third parties who aren't parties, we -- we should be
8   able to preserve --
9           **THE COURT:**  So let me hear from the defendants on
10  that.  The idea of sending them -- sending subpoenas out for
11  preservation purposes only -- makes sense to me, but does
12  anybody on the defense have something that I ought to be
13  thinking differently about that?
14          **MR. BUTTERICK:**  Yes, Your Honor.  Paul Schoenhard for
15  the Stability defendants.
16          And the one item, it does occur to me, that we ought
17  to at least be clear with any third parties with whom we are in
18  communication that the goal right now is preservation, that the
19  claims in this case aren't yet fixed and that there is not yet
20  an agreed-upon protective order yet in place in this case.
21          I think the last thing we want to see and Your Honor
22  wants to see is a slew of filings by third parties
23  independently seeking hodgepodge protective orders rather than
24  hopefully one omnibus confidentiality order to which we can all
25  agree largely consistent with the Northern District model.

1    **THE COURT:** Yeah.  So I agree with that.  So
2 Mr. Saveri, why don't you, in conjunction with the defense
3 counsel here, come up with a pithy, clear statement of the
4 purpose of the subpoena and, you know, how we're going to --
5 how it will be dealt -- all the important issues will be dealt
6 with down the road except for preservation, which is important
7 to the Court and the parties.  So I think you all should be
8 able to work out something along those lines, and then there's
9 no reason why you can't send the subpoena.
10   **MR. SAVERI:** Very well, Your Honor.
11   Let me -- let me just follow up on something that was
12 just mentioned.
13   Given the fact that I think the protective order in
14 this case is probably going to hew pretty closely, at least in
15 my experience, to the Northern District model template, I mean,
16 again, is it something we could start making some progress on,
17 because, you know, my experience has been that -- well, let's
18 put it this way:  Lawyers have quite a headwind to convince
19 judges to do something other than the template, and so I think
20 that that could probably -- it seems to me we could make
21 progress on that.  We could always wait too.
22   **THE COURT:** I will tell you that I am what Mr. Saveri
23 just described.  I really don't like to vary from the template
24 and I will if the case requires it.  I just don't know whether
25 there is some special issue that's gonna drive concerns enough

1  so that you don't have to waste your time with a defendant who
2  may not be in the case and you don't have to -- I think it
3  probably isn't necessary and I think I've given you just now
4  the guidance that as soon as this case gets going, I would
5  expect that that protective order will be put into place, so --
6      **MR. SAVERI:** Very well, Your Honor. I understand.
7  Thank you.
8      **THE COURT:** All right. Is there anything else from
9  anybody that we ought to -- that we ought to address today?
10     **MR. SAVERI:** Your Honor, one question that has come up
11 with respect to, I guess, Stability in the context of our
12 meeting and conferring is we did have a discussion about the
13 extent to which relevant information, particularly ESI, has
14 been maintained. I think it's fair to say we haven't gotten
15 entirely clear on what the status of their preservation is. I
16 do think it's something that's important to get addressed
17 sooner rather than later, and we don't want to be looking
18 backwards and dealing with something that could have been dealt
19 with early in the case. So we have had some dialogue about
20 that.
21     I think we have some questions that we need to
22 resolve. I don't think anything's perfected right now, but we
23 do have that issue right now.
24     **THE COURT:** Okay. Well, you know, preservation issues
25 are difficult, so I agree that -- I'm glad that you're talking

1   about them now and work them through.
2           If there is some dispute that needs to get addressed
3   on that, the -- you know, my -- my standing order tells you
4   what the procedure is to deal with the discovery --
5           **MR. SAVERI:**  Yes.
6           **THE COURT:**  -- dispute and that's it.  Send me a joint
7   five-page letter.  It may be at that time that I decide that I
8   can see into the future and I may send you to somebody else to
9   deal with your discovery woes, but I'm hoping that instead you
10  all will be collaborative and reasonable and work out this.
11  And particularly with preservation concerns it seems like you
12  ought to be able to work it out.
13          But do your best and if you can't -- if you get to a
14  point where you're at loggerheads, send me a letter and I'll
15  deal with it.
16          **MR. SAVERI:**  Thank you, Your Honor.
17          **THE COURT:**  Okay.
18          **MR. SCHOENHARD:**  Your Honor, one other item from the
19  Stability defendants.  It would be helpful if we could receive
20  some further clarification on your order on the motion to
21  dismiss.  I suspect it would help us and perhaps also
22  plaintiffs just in two rather straightforward regards.  On the
23  face of the order, the Court has permitted plaintiffs' claim of
24  direct copyright infringement to go forward as against the
25  Stability defendants.  That is understood by the Stability

defendants. But within that claim, as Your Honor is aware, plaintiffs had advanced multiple different theories of direct copyright infringements. One of those Your Honor referred to in the order as the "compressed copies theory." Another Your Honor had referred to as the "derivative works theory." And a third Your Honor had referred to as the "training images theory."

It would appear that Your Honor's ruling with respect to the Stability defendants was intended to be focused on the training images theory that is understood by the Stability defendants. But, Your Honor, as to the other two theories, the sections relating to the other now-dismissed defendants stated that those have not been adequately pled.

I was hoping either during this hearing or if Your Honor would prefer to receive a short paper on it hereafter, that Your Honor could provide clarification on the Court's intent whether permitting of the direct copyright infringement claim to go forward as to Stability based on the current complaint was intended to be limited to the training images theory and that the other theories do need to be pled regardless.

**THE COURT:** Well, I'll tell you that I haven't given that a ton of thought. When I allow a claim to proceed, I usually allow the claim to proceed, and that includes the theories that have not yet been adjudicated on the merits. I

1  usually let those go by.
2          I don't want any more paper, but thank you for the
3  offer.  I will -- I'll look -- I'll give that a little more
4  considered thought and I'll say something in the minute order,
5  but I'm not -- I'm inclined to think that the claim is the
6  claim and it can proceed.
7          **MR. SCHOENHARD:**  Thank you, Your Honor.
8          If I may, just to assist the Court in any further
9  review it wishes to engage in, the statements to which I'm
10 referring appear in the Court's order at page 9, lines 17
11 through page 10, line 1 -- that is as to the compressed copies
12 theory -- and then at page 13, lines 1 through 4 as to the
13 derivative works theory.
14         **THE COURT:**  Okay.
15         **MR. SCHOENHARD:**  Thank you, Your Honor.  I appreciate
16 it.
17         **THE COURT:**  Sure.  Was there anything else that you --
18 that you think we ought to deal with today?
19         **MR. SCHOENHARD:**  The only other item I can anticipate
20 landing on Your Honor's desk in the near future is perhaps a
21 paper addressing the timing of briefing on any renewed motions
22 to dismiss based on an amended complaint to be filed.
23         I note that in the parties' joint case management
24 statement that was filed with Your Honor, there were a set of
25 proposed deadlines for briefing that were proposed by

1  plaintiffs.  Those deadlines are acceptable to the Stability
2  defendants.
3           I have not yet had an opportunity to discuss them with
4  the other defendants who are, at the moment, dismissed, but we
5  are fortunate to have their counsel on the line with us today.
6  This can be addressed by the parties by stipulation separately
7  or we can handle it while we're all together today.
8           **THE COURT:**  So I was assuming that I -- because I
9  wasn't paying close enough attention that these dates were
10 agreed to by the parties, at least through the hearing on the
11 First Amended Complaint.  So for the other defendants did those
12 briefing dates make sense?
13          **MR. GASS:**  That's fine, Your Honor.  It strikes me as
14 modestly premature to be opining on that question because I
15 don't know what the claims are that I'm going to be moving to
16 dismiss, but consensually the amount of time seems not
17 unreasonable.
18          **THE COURT:**  Well, don't you think you can figure that
19 out in five weeks and get something on file?
20          **MR. GASS:**  Hence the latter suggestion.  It's hard to
21 conceive of a complaint that we can't figure out in five weeks
22 even though we're at the holidays.
23          **THE COURT:**  Ms. Dunning?
24          **MS. DUNNING:**  I agree with my esteemed colleague,
25 Mr. Gass.  I think we should be able to pull something together

1  by January 12th.  And if, of course, there's some unforeseen
2  circumstance or impediment, we will confer as a counsel group
3  and come back to Your Honor, if necessary.
4          **THE COURT:**  Okay.  So the dates, just so that we're
5  all clear, the amended complaint will be filed by November
6  29th.  The responses, whatever they are -- maybe they'll be
7  answers, I don't know -- will be Friday January 12th.  The
8  deadline for oppositions to motions would be February 23rd.
9  The replies are due March 22nd.  We'll have the hearing on
10 April 10th at 2:00.  And I won't set a further case management
11 conference at this point because I think that motion is going
12 to -- will sort of drive the schedule thereafter.
13         Anything else?
14         All right.  So good luck to you, and I will look
15 forward to seeing you in April.
16         **MR. SAVERI:**  Happy Thanksgiving, right?  I guess we're
17 already talking about it.
18         **THE COURT:**  All right.
19         **MR. SAVERI:**  Thank you, Your Honor.
20         **THE COURT:**  Thank you all.  Yeah.  Good-bye.
21         **THE CLERK:**  That conclude our calendar for today.
22 Thank you all.
23     (Concluded at 2:33 p.m.)
24                         --oOo--
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____          November 10, 2023
JENNIFER L. COULTHARD, RMR, CRR                  DATE
Official Court Reporter
CA CSR#14457