LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
  andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
  michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
  brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600

Attorneys for Defendant DeviantArt, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>Defendants. | CASE NO. 3:23-cv-00201-WHO<br><br>**DEFENDANT DEVIANTART, INC.'S MOTION TO RENEW ITS SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date:     January 24, 2024<br>Time:    2:00 p.m.<br>Place:   Courtroom 2 - 17th Floor<br>Before:  Hon. William H. Orrick |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 24, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 2, 17th Floor, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant DeviantArt, Inc. ("DeviantArt") through its undersigned counsel, will, and hereby does, move to renew its special motion under Cal. Civ. Proc. Code § 425.16 to strike Counts IV and V of Plaintiffs' initial Class Action Complaint. *See* Dkt. 1 ("Compl."); Dkt. 50 ("Mot.").

DeviantArt's motion is based on (1) the Court's prior determination that Plaintiffs' right-of-publicity claims, as alleged, failed to state a plausible claim under Fed. R. Civ. P. 12(b)(6), *see* Dkt. 117 ("Order") at 20; (2) Plaintiffs' omission of those claims from their amended complaint, *see* Dkt. 129 ("Am. Compl."); and (3) DeviantArt's prior showing that Plaintiffs' now-abandoned right-of-publicity claims burdened protected expression under Cal. Civ. Proc. Code § 425.16(e)(4).

## STATEMENT OF RELIEF SOUGHT

DeviantArt seeks an order pursuant to Cal. Civ. Proc. Code § 425.16(c)(1) ordering Plaintiffs to reimburse the attorney's fees and costs DeviantArt incurred in connection with its special motion to strike Plaintiffs' right-of-publicity claims.

## ISSUES TO BE DECIDED

This motion presents the following issues to be decided: (1) Whether DeviantArt's special motion to strike was meritorious because Plaintiffs' claims of violation of the statutory and common law rights of publicity (Counts IV and V) burdened protected activity under Cal. Civ. Proc. Code § 425.16(e), and (2) Whether DeviantArt is therefore entitled to attorney's fees and costs under Cal. Civ. Proc. Code § 425.16(c)(1).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

| | | |
|---|---|---|
| 1 | Dated: December 20, 2023 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By: */s/ Andrew M. Gass* |

Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415.391.0600

*Attorneys for Defendant DeviantArt, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

## I. INTRODUCTION

The core purpose of California's anti-SLAPP statute is to "protect[] defendants" from having to "shoulder[] the cost of meritless litigation." *CoreCivic, Inc. v. Candide Grp., LLC*, No. 20-cv-3792, 2022 WL 16823696, at *5 (N.D. Cal. Nov. 8, 2022). It accomplishes that goal, in part, by providing that defendants whose anti-SLAPP motions "prevail[] . . . shall be entitled to recover [their] attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). Put simply, a plaintiff who brings a meritless state-law claim that burdens protected activity must bear the cost of its opponent's defense.

Shortly after this case was filed, DeviantArt filed an anti-SLAPP motion to strike Counts IV and V of Plaintiffs' original complaint for infringement of the right of publicity, noting that those claims targeted protected activity and were meritless for overlapping reasons. *See generally* Mot. Recognizing that these claims were legally untenable, Plaintiffs quickly "retreat[ed]" from their pleaded theory—that DeviantArt appropriated their "artistic identities" or "distinctive styles"—and "recast both [of their] right of publicity claims" as complaints about DeviantArt's supposed use of their names in advertising. Order at 19. The Court dismissed those counts after finding that allegations about such use were "nowhere in the Complaint," and suggested that the style-appropriation theory that Plaintiffs originally pleaded was preempted by the Copyright Act. *Id.* at 20 & n.15. The Court then "defer[red] ruling" on the anti-SLAPP Motion to provide Plaintiffs with an opportunity to "reallege" those claims. *Id.* at 27 ("DeviantArt may renew its special motion to strike" after amendment). Plaintiffs subsequently omitted those claims from their amended complaint, *see generally* Dkt. 129 ("Am. Compl."), presumably to deprive DeviantArt of the opportunity to renew its Motion and collect the fees to which it is entitled.

That omission is a concession that (1) Plaintiffs' use-in-advertising claims against DeviantArt had no basis in fact and (2) Plaintiffs' style-appropriation theory—which focused entirely on protected activity, *i.e.* the creation of artistic works in "popular[]" art styles—could not be reframed to avoid the fatal flaws DeviantArt identified in its Motion. That leaves the next steps clear: the Court should take up DeviantArt's "defer[red]" Motion and grant it—including by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

ordering Plaintiffs to reimburse the fees and costs DeviantArt incurred litigating that Motion.[1] DeviantArt therefore moves to renew its special motion to strike Plaintiffs' now-abandoned right-of-publicity claims, and asks the Court to resolve that motion on the existing substantial briefing.

## II.     BACKGROUND

Plaintiffs commenced this action on January 13, 2023. Dkt. 1. Their initial complaint included two right-of-publicity claims, each of which was based on the idea that the "Defendants" offered generative AI services that create "art similar to and associated with Plaintiffs' names." Dkt. 1 ¶ 205. On April 18, 2023, each of the Defendants filed motions to dismiss. *See generally* Dkt. 49 (DeviantArt MTD), Dkt. 51 (Stability AI MTD); Dkt. 52 (Midjourney MTD). DeviantArt also filed a motion under California Code of Civil Procedure § 425.16 to strike the right-of-publicity claims, arguing that those claims attack a service that facilitates the creation of new visual works referencing artistic styles that Plaintiffs have allegedly "popularized," and that those claims failed three times over on the merits. Dkt. 50 (Mot.) at 8. The parties then fully briefed that motion. *See* Dkt. 69 (Opp.); Dkt. 78 (Reply).

On October 30, 2023, this Court dismissed all claims against DeviantArt. Order at 28. In addressing the right-of-publicity claims, the Court noted that plaintiffs had "retreat[ed]" from the main theory in their Complaint: that Defendants had appropriated their "artistic identities" or "distinctive styles." *Id.* at 19. Instead, Plaintiffs fell back on a different theory: that the Defendants "use[d] . . . plaintiffs' names to advertise and promote" their products. *Id.* at 19–20. And because the Complaint did not "plausibly allege that any defendant has used a named plaintiff's name to advertise, sell, or solicit purchase of" their products, the Court dismissed the right-of-publicity claims. *Id.* at 20; *see also id.* at 20 n.15 (noting that DeviantArt had "made a strong showing" that Plaintiffs' right-of-publicity claims, as alleged, were also preempted by the Copyright Act). The Court granted Plaintiffs leave to amend these claims to "cure the[ir] deficiencies," and so

---

[1] This Motion seeks only a determination of entitlement to fees and costs under Cal. Civ. Proc. Code § 425.16(c)(1). If the Motion is granted, DeviantArt will submit documentation as to the reasonable amount of fees and costs it should be awarded in this case, including the fees it incurred in briefing this Motion. *Cf. Ketchum v. Moses*, 24 Cal.4th 1122, 1141 (2001) ("[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under [the anti-SLAPP statute].")

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

"defer[red] ruling" on DeviantArt's anti-SLAPP motion, authorizing DeviantArt to "renew its special motion to strike" "[w]hen plaintiffs reallege the right to publicity claim." *Id.* at 27–28.

Plaintiffs filed an amended complaint on November 29, 2023. Dkt. 129 ("Am. Compl."). That amended complaint includes seventeen counts, only three of which target DeviantArt. First, Plaintiffs reallege a claim for direct copyright infringement based on the theory that DeviantArt's "DreamUp-CompVis Model" is a "Statutory Copy" and "infringing . . . [d]erivative work." *Id.* ¶¶ 412–13 (Count 15). *But see* Order at 12 ("copyright claims based [on] a derivative theory" cannot "survive absent 'substantial similarity' type allegations"); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-3417, 2023 WL 8039640, at *1 (N.D. Cal., Nov. 30, 2023) (Chhabria, J.) (rejecting claim that AI models "are themselves infringing derivative works" as "nonsensical" and holding that "[t]here is no way to understand the [] models themselves as a recasting or adaptation of any of the plaintiffs' [works]"). Second, Plaintiffs reallege a claim for breach of contract based on Section 16 of DeviantArt's Terms of Service. *See* Am. Compl. ¶¶ 417–31 (Count 16). *But see* Order at 26 (dismissing prior breach of contract claim because "section 16 . . . does not clearly cover the conduct that plaintiffs accuse DeviantArt of in this suit"). Third, Plaintiffs bring an entirely new claim for unjust enrichment, based on the vague allegation that "DeviantArt has violated the legal rights of the DeviantArt Plaintiffs." *See* Am. Compl. ¶ 433 (Count 17). Plaintiffs did not reallege any right-of-publicity claims, against DeviantArt or any other Defendant. *See generally id.* ¶¶ 219–439.

### III.    ARGUMENT

"[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022) ("If the special motion succeeds, the defendant is entitled to attorney's fees and costs."); *see also Thomas v. Fry's Elec., Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005) (fee shifting provision applies in federal court). As this Court has explained, the purpose of that fee-shifting provision is to "protect[] defendants from shouldering the cost of meritless litigation." *CoreCivic*, 2022 WL 16823696, at *5. It must thus be "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for

expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. L. Offs. of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006) (cleaned up). That purpose is served whenever the anti-SLAPP motion "narrow[s] the litigation"—whether by eliminating individual causes of action (even though others may remain), *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006), or by trimming particular legal theories or factual allegations, even "without removing any cause of action," *VACC, Inc. v. Davis*, No. 18-cv-3454, 2019 WL 1460201, at *11–12 (N.D. Cal. Apr. 2, 2019); *see Baral v. Schnitt*, 1 Cal. 5th 376, 395 (2016) ("[T]he Legislature indicated that particular alleged acts giving rise to a claim for relief may be the object of an anti-SLAPP motion.").

A motion to strike under California's anti-SLAPP law "involves a two-step inquiry." *CoreCivic*, 46 F.4th at 1140 (citation omitted). First, the defendant must make a prima facie showing that the claim at issue would burden "protected activity." *City of Colton v. Singletary*, 206 Cal. App. 4th 751, 766 (2012). Second, when the anti-SLAPP motion "challenges only the legal sufficiency of the claim"—as DeviantArt's motion does—the defendant must show that the challenged claims are legally insufficient under the "[Rule] 12(b)(6) standard." *CoreCivic*, 46 F.4th at 1140. If both of those criteria are satisfied, "the defendant is entitled to attorney's fees and costs." *Id.* (citing Cal. Civ. Pro. Code § 425.16(c)(1)).

As explained below, DeviantArt is entitled to attorney's fees and costs because (1) Plaintiffs have now conceded that their right-of-publicity claims were meritless by failing to replead them; and (2) as DeviantArt explained in its briefing in support of the Motion, Plaintiffs' now-abandoned right-of-publicity claims attacked protected activity as defined by section 425.15(e)(4) of the anti-SLAPP statute. This Court should therefore take up DeviantArt's fully-briefed Motion, grant it, and award DeviantArt its fees and costs in connection with that motion. *Cf. Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 218 (2002) ("[T]he trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed . . . . [A]ny other rule would deprive the true SLAPP defendant of statutorily authorized fees, frustrating the purpose of the statute's remedial provisions.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

### A. Plaintiffs Concede Their Right-Of-Publicity Claims Lack Minimal Merit

First, what's already settled: This Court has held that Plaintiffs' right-of-publicity claims lacked merit because Plaintiffs failed to plead any plausible facts in support of them (while also suggesting that those claims, as pleaded, were preempted by the Copyright Act). *See* Order at 19–20 & n.15. And Plaintiffs have effectively conceded as much by failing to replead those claims after being granted leave to do so. *See* Am. Compl. ¶¶ 219–439. California federal and state courts routinely hold that fees and costs are available under section 425.15(c)(1) in situations like this one—*i.e.*, where courts dismiss claims with leave to amend, but Plaintiffs never reassert the dismissed claims.[2] Holding otherwise would defeat the anti-SLAPP law's purpose by allowing plaintiffs to assert flawed claims at the outset of a case, and then to "avoid an award of attorneys' fees . . . by failing to replead those claims in a[n] [] amended complaint" once those flaws became apparent. *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. 12-cv-2943, 2014 WL 12586434, at *7–8 (C.D. Cal. Nov. 7, 2014) ("[T]he fact that [plaintiff] did not replead the claims gives rise to an inference that [he] did not believe he could overcome the deficiencies the court noted in the claims."); *see also Pfeiffer*, 101 Cal. App. 4th at 218. The Court should therefore confirm its prior holding that Plaintiffs' right-of-publicity claims lacked merit as stated in the original Complaint.

### B. The Claims Targeted Protected Activity, As DeviantArt Already Established

Second, what's left to decide: Because Plaintiffs' right-of-publicity claims lack merit, DeviantArt is entitled to an award of attorney's fees and costs under the anti-SLAPP law so long as the Court agrees that the dismissed claims would burden "protected activity." *Singletary*, 206

---

[2] *See, e.g.*, *Art of Living Found. v. Does 1-10*, No. 5:10-cv-5022, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012) (because omission of "defamation and trade libel claims is tantamount to a voluntary dismissal of those claims, which would likely have become subject to another anti-SLAPP motion[,] . . . [d]efendants are entitled to move for attorneys' fees under § 425.16(c)(1)" as to those claims); *VACC*, 2019 WL 1460201, at *11–12 (ordering plaintiff to "reimburse [defendant] for fees and costs incurred bringing his first motion to dismiss and strike" after finding that the plaintiff "removed [certain] allegations" against that defendant—even though *claims* remained the same); *Plevin v. City and Cnty. of S.F.*, No. 11-cv-2359, 2011 WL 3240536, at *5 (N.D. Cal. July 29, 2011) (where anti-SLAPP motion was directed at claims that plaintiffs "d[id] not intend to assert . . . in an amended complaint," defendant "may seek attorneys' fees under the anti-SLAPP statute"); *Garrett v. Hine*, No. 21-cv-845, 2022 WL 2067903, at *8 (E.D. Cal. June 8, 2022) (where "plaintiffs' proposed FAC seeks to withdraw their state-law claims," and where "plaintiffs have not shown that the purpose behind that amendment is anything other than to dismiss frivolous claims," anti-SLAPP statute entitled defendants to fees).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

Cal. App. 4th at 766. That question has been exhaustively briefed. *See* Mot. at 8–11; Opp. at 6–12; Reply at 2–7. And because Plaintiffs have not changed anything about their claims, there is nothing to gain from having the parties submit additional briefing on the issue. The Court should therefore resolve the protected-activity question on the basis of the parties' completed briefing. And for the reasons DeviantArt already explained, the Court should rule that Plaintiffs' right-of-publicity claims burdened protected activity as defined by Cal. Civ. Proc. Code § 425.16(e)(4).

## IV.    CONCLUSION

For these reasons, this Court should confirm its prior holding that Plaintiffs' right-of-publicity claims lack merit (as Plaintiffs have effectively conceded by abandoning them after dismissal), hold that Plaintiffs' now-abandoned right-of-publicity claims targeted protected activity, and issue an order ruling that DeviantArt's is entitled to its "attorney's fees and costs" associated with its special motion to strike under Cal. Civ. Proc. Code § 425.16(c)(1).

Dated:  December 20, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By:  */s/ Andrew M. Gass*

Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415.391.0600

*Attorneys for Defendant DeviantArt, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEVIANTART'S RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO