Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com
               hbenon@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Andersen et al.<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Stability AI Ltd. et al.<br>*Defendants.* | Case No. 3:23-cv-00201-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DEVIANTART, INC.'S MOTION TO RENEW ITS SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date: February 7, 2024<br>Time: 2:00 p.m.<br>Place: via Videoconference<br>Before: Hon. William H. Orrick |

Case No. 3:23-cv-00201-WHO

PLAINTIFFS' OPPOSITION TO DEFENDANT DEVIANTART, INC.'S MOTION TO RENEW
ITS SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16

## TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ......................................................................................................... 2

III.  ARGUMENT .............................................................................................................. 3

    A.    DeviantArt's Anti-SLAPP Motion is Meritless ............................................. 5

        1.    Intervening Ninth Circuit Confirms Plaintiffs' Claims Are Exempted
           from the anti-SLAPP Statute ............................................................... 6

        2.    Plaintiffs' Right-of-publicity claims Do Not Arise from Protected Activity ...... 8

    B.    Plaintiffs Should be Awarded their Attorneys' Fees ....................................10

IV.   CONCLUSION ..........................................................................................................11

Case No. 3:23-cv-00201-WHO          i

PLAINTIFFS' OPPOSITION TO DEFENDANT DEVIANTART, INC.'S MOTION TO RENEW ITS SPECIAL
MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Areias v. Applied Underwriters, Inc.*, No. 21-CV-00023-JST, 2021 WL 9598132 (N.D. Cal. Oct. 19, 2021) .................................................................................................................10

*Baral v. Schnitt*, 1 Cal.5th 376 (2016) ........................................................................................ 9

*Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995 (2021) ............................................................. 4

*Cal. Back Specialists Med. Grp. v. Rand*, 160 Cal. App. 4th 1032 (2008) ...........................2, 10

*Commonwealth Energy Corp. v. Inv'r Data Exch., Inc.*, 110 Cal. App. 4th 26 (2003) ............. 4

*eDrop-Off Chi. LLC v. Burke*, No. CV 12-4095 GW, 2013 WL 12131186 (C.D. Cal. Aug. 9, 2013).................................................................................................................................. 5

*FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133 (Cal. 2019) ......................................3, 10

*Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425 (9th Cir. 1983)...........................................................................................................................10

*Kailikole v. Palomar Cmty. Coll. Dist.*, No. 18-CV-02877-AJB-MSB, 2020 WL 6203097 (S.D. Cal. Oct. 22, 2020)..................................................................................................10

*Langer v. Kiser*, 57 F.4th 1085 (9th Cir 2023) ........................................................................... 4

*Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785 (9th Cir. 2023)..................................... *passim*

*Moore v. Liu*, 69 Cal. App. 4th 745 (1999) ............................................................................4, 10

*In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d 1178 (9th Cir. 1998)...........................10

*USA Waste of Cal., Inc. v. City of Irwindale*, 184 Cal. App. 4th 53 (2010)............................... 4

*Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004)............................... 4

*Yuga Labs, Inc. v. Ripps*, Case No. CV 22-5355-JFW(JEMx), 2022 WL 18024480 (C.D. Cal. Dec. 16, 2022) ......................................................................................................... 9

*Yuga Labs. Inc. v. Ripps*, No. 22-56199, 2023 WL 7123786 (9th Cir. Oct. 30, 2023) ...................... *passim*

**Federal Statutes**

28 U.S.C § 1927 ................................................................................................................... 2, 11

**State Statutes**

Cal. Civ. Code § 425 ......................................................................................................... *passim*

## I.     INTRODUCTION

DeviantArt continues to abuse California's anti-SLAPP rule by moving to renew its moot—and meritless—anti-SLAPP Motion. DeviantArt believes it is entitled to renew its motion because Plaintiffs have made a strategic decision not to re-assert their right-of-publicity claims in the amended complaint. DeviantArt now claims that it prevailed on those claims within the meaning of the anti-SLAPP statute, and therefore it is entitled to its fees. DeviantArt is wrong. In bringing its motion, DeviantArt reveals the true purpose of its strategy—to strongarm and intimidate Plaintiffs into submission, not by litigating claims on the merits, but by wielding California's anti-SLAPP statute as a financial cudgel, in the hope that Plaintiffs would dismiss their claims.

DeviantArt's motion is without merit and at odds with binding Ninth Circuit precedent. **The Ninth Circuit recently confirmed that right-of-publicity claims brought on behalf of a class of plaintiffs satisfy the public-interest exemption to California's anti-SLAPP law.** *See Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785, 794 (9th Cir. 2023) (affirming the district court's denial of defendant's special motion to strike on these grounds only). That completes the inquiry—DeviantArt's anti-SLAPP is not well-taken and it should be disposed of out of hand.

Even if Plaintiffs' claims were not exempt from anti-SLAPP scrutiny, DeviantArt's motion fails at the first step of the anti-SLAPP inquiry. As Plaintiffs have shown previously, nothing about the challenged conduct implicates any protected conduct. As the Ninth Circuit has held, following a decision of the California Supreme Court, claims involving appropriation of Plaintiffs' names and likenesses to sell a commercial product do not implicate protected speech. *See Yuga Labs. Inc. v. Ripps*, No. 22-56199, 2023 WL 7123786, at *1 (9th Cir. Oct. 30, 2023).

Moreover, DeviantArt's motion to renew runs counter to basic principles of judicial, procedural economy and due process. Plaintiffs maintain the right to pursue their right-of-publicity claims pending discovery. DeviantArt's interpretation of the anti-SLAPP law would require plaintiffs to continue to litigate causes of action merely to avoid the threat of anti-SLAPP fees. This is far afield from the law's

purpose.[1] DeviantArt's motion—and renewed motion—abuse the statutory framework. DeviantArt's cynical attempt to renew its anti-SLAPP amounts should be recognized as what it plainly is—an attempt by corporate interests to wield the anti-SLAPP statute to prevent or dissuade those seeking to vindicate their legitimate interests under California state law.

DeviantArt's misguided and improper Motion to renew should be denied and Plaintiffs should be awarded their fees. Cal Code Civ. Proc. § 425.16(c)(1); *Cal. Back Specialists Med. Grp. v. Rand*, 160 Cal. App. 4th 1032, 1037 (2008); *see also* 28 U.S.C § 1927.

## II.      BACKGROUND

Defendants, including DeviantArt, Inc. ("DeviantArt"), are in the business of developing generative artificial-intelligence-based image-generation products ("AI Image Products"). ¶¶ 33-35.[2] AI Image Products rely entirely on training images (which are images or images paired with descriptive text captions or metadata) that are used for the machine-learning process. ¶ 25. Defendants' AI Image Products rely on billions of training images, almost all of which were copied without the artists' permission and without compensation. ¶¶ 2-3, 57-58.

On January 13, 2023, Plaintiffs Sarah Andersen, Kelly McKernan, and Karla Ortiz filed a Class Action Complaint ("Original Complaint") against Defendants Stability AI, Ltd. ("Stability"), Midjourney, Inc. ("Midjourney") and DeviantArt. ECF No. 1. The Original Complaint asserted causes of action for, among other things, violation of Plaintiffs' statutory right of publicity under section 3344 of the California Civil Code, and for violation of their common-law right of publicity. ¶¶ 201-222. Specifically, Plaintiffs alleged that Defendants designed their software to prioritize the inclusion of specific artists' Works when a user types in an artist's name to create an output image in the specific and unique style of that artist. ¶¶ 202-08. Plaintiffs further alleged that Defendants misappropriated artists'

---

[1] *See* Cal. Code Civ. Proc. § 425.17(a) ("The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.").

[2] "¶ ___" citations are to the Original Complaint (ECF No. 1), unless otherwise indicated.

names to advertise and promote their AI Image Products and their ability to output images in the unique style of a specific artist. ¶¶ 202-03, 205-07, 220-22. Plaintiffs alleged that Defendants' misappropriation capitalizes on Defendants' theft of Plaintiffs' artistic work and the associated value of Plaintiffs' names and identities. ¶¶ 210, 221. Plaintiffs' right-of-publicity claims were asserted on behalf of the entire class, and against all three Defendants named in the Original Complaint. *See generally* ¶¶ 201-222.

On April 18, 2023, Stability, Midjourney, and DeviantArt filed motions to dismiss. ECF Nos. 49, 51, and 52. DeviantArt also filed an anti-SLAPP motion under section 425.16 to strike Plaintiffs' right-of-publicity claims ("Anti-SLAPP Motion"). ECF No. 50. Plaintiffs filed a timely opposition brief showing that the movants failed to demonstrate how the right-of-publicity claims arise from protected action, and that the commercial speech exemption to the anti-SLAPP applies. *See generally* ECF No. 69. On October 30, 2023, the Court ruled on the Motion to Dismiss, dismissing, without prejudice, Plaintiffs' right-of-publicity claims. ECF No. 117 at pgs. 19-20. The court deferred ruling on the Anti-SLAPP Motion. ECF No. 117 at pg. 27.

On November 29, 2023, Plaintiffs filed an amended complaint ("FAC"). ECF No. 129. The FAC does not assert any right-of-publicity claims against DeviantArt.

On December 20, 2023, DeviantArt filed a motion to renew the Anti-SLAPP Motion. ECF No. 136. In essence, DeviantArt's motion takes the position that the Anti-SLAPP Motion was meritorious because Plaintiffs chose not to pursue their right-to-publicity claims thereby conceding that Plaintiff's right-of-publicity claims burdened protected activity under California's anti-SLAPP law.

## III.    ARGUMENT

Far afield from the claims at issue here, California's "anti-SLAPP law was enacted 'to protect nonprofit corporations and common citizens 'from large corporate entities and trade associations' in petitioning government.'" *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 143 (2019). As relevant here, protected acts include statements or conduct made "in connection with a public issue or an issue of public interest." Cal. Civ. Code § 425.16(e)(4).

There are several statutory exemptions to the anti-SLAPP law. "California law teaches that '[b]efore engaging in [the merits] analysis, a court must consider any claims by the Plaintiff that a

statutory exemption contained in section 425.17 applies.'" *Martinez*, 82 F.4th at 790 (quoting *Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*, 27 Cal. App. 5th 15, 237 (2018)). "[I]f [Plaintiffs'] action satisfies either exemption, [the] action cannot be struck as a SLAPP." *Id.* (citing Cal. Civ. Proc. Code § 425.17(b)-(c)).

After considering in the first instance whether or not an exemption applies, the Court must follow a two-step process." *Langer v. Kiser*, 57 F.4th 1085, 1105 (9th Cir 2023). First, the court must determine "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity" under the statute, such as "protected speech or petitioning." *USA Waste of Cal., Inc. v. City of Irwindale*, 184 Cal. App. 4th 53, 61 (2010) (citations omitted); *accord Langer*, 57 F.4th at 1105. "[C]ourts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected . . . ." *Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995, 1010 (2021). If the court finds defendant meets this threshold, it moves to the second part of the analysis, which is to "determine whether the *plaintiff* has demonstrated a probability of prevailing on the claim." *Commonwealth Energy Corp. v. Inv'r Data Exch., Inc.*, 110 Cal. App. 4th 26, 31 (2003) (citations omitted).

The Ninth Circuit has recognized that "defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *see also* Cal. Civ. Proc. Code § 425.16(c) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."). Even when a claim is voluntarily dismissed, "the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs." *Moore v. Liu*, 69 Cal. App. 4th 745, 752 (1999).

As Plaintiffs explained in their opposition to DeviantArt's original special motion to strike, DeviantArt's motion fails for several reasons, including because DeviantArt's conduct failed to qualify for protection of the statute. As intervening binding authority shows, Plaintiffs' right-of-publicity claims are paradigmatic claims that fall squarely within the exemptions to the anti-SLAPP statute. *See Martinez*, 82 F.4th at 794. DeviantArt's motion should be denied for this reason alone.

**A.    DeviantArt's Anti-SLAPP Motion Is Meritless**

As Plaintiffs have previously explained, DeviantArt has not "prevail[ed]" within the meaning of the anti-SLAPP statute because its underlying anti-SLAPP motion lacked merit.[3] Plaintiffs agree that the Parties have extensively briefed the issue and Plaintiffs incorporate those arguments here by reference. *See* ECF No. 69.

The Ninth Circuit has recently confirmed the underlying anti-SLAPP motion lacks merit. *See Martinez*, 82 F.4th at 790; *Yuga Labs. Inc.*, 2023 WL 7123786, at *1.

***First***, as the Ninth Circuit has explained in *Martinez*, 82 F.4th 785, issued on September 21, 2023, "California considers the right to control one's name and likeness to be an important right affecting the public interest." And the Ninth Circuit has determined that when, as here, a complaint raises such claims, it is, on its face, in the public interest, exempt from California's anti-SLAPP statute.

***Second***, assuming *arguendo* no exemption applies, DeviantArt's anti-SLAPP fails at the first step of the anti-SLAPP inquiry because Plaintiffs' claims do not arise from DeviantArt's protected speech. At core, Plaintiffs' claims are based on DeviantArt's appropriation of Plaintiffs' names and likenesses to sell a commercial product, i.e., DeviantArt's DreamUp generative AI product. As the Ninth Circuit has explained in an unpublished opinion, "[w]hile [defendant's] broader artistic project may further his rights of free speech, it 'merely' provide[s] context' for the alleged conduct underlying [plaintiff's]

---

[3] DeviantArt's motion is also procedurally improper. As one court has recognized, the Ninth Circuit has recognized that it is improper to bring an anti-SLAPP motion, for purposes of a fee award, as to a now-superseded version of the complaint, which DeviantArt seeks to do here. *See eDrop-Off Chi. LLC v. Burke*, No. CV 12-4095 GW (FMOx), 2013 WL 12131186, at *4 (C.D. Cal. Aug. 9, 2013) ("After all, in *Verizon*, the Ninth Circuit wrote "*[i]f* the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." . . . If it did not matter whether the amended complaint itself contained claims that were subject to the anti-SLAPP statute, the Ninth Circuit would not have written that sentence. For that reason, if tasked with confronting the question, the Court would not resolve any anti-SLAPP motion, even if only for purposes of fee recovery, as to the original Complaint in this case." (emphasis in *Burke* court's opinion) (quoting *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004)). And, DeviantArt has not "prevail[ed]" on the at-issue claims entitling it to renew its Anti-SLAPP Motion because Plaintiffs maintain the right to re-allege their right-of-publicity claims. In this regard, Plaintiff could simply re-allege its right-of-publicity claims to avoid anti-SLAPP liability. To allow DeviantArt to abuse judicial process by taking advantage of the anti-SLAPP statute in this way would go directly against the purpose of the law.

claims." *Yuga Labs. Inc.*, 2023 WL 7123786, at *1 (quoting *Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995, 1012 (2021)). In other words, even if DreamUp's output were speech (and as Plaintiffs have explained, it is not), DeviantArt's anti-SLAPP fails because DeviantArt's speech is not the basis for Plaintiffs' claims. DeviantArt's appropriation of Plaintiffs' names and identities are.

> **1.    Intervening Ninth Circuit Confirms Plaintiffs' Claims Are Exempted from the Anti-SLAPP Statute**

Since the parties briefed the underlying Anti-SLAPP Motion last year, the Ninth Circuit issued a decision holding that a class action lawsuit comprising right-of-publicity and intellectual property claims satisfies the public-interest exemption's three conditions[4] and is therefore exempt from California's anti-SLAPP law. *See Martinez*, 82 F.4th at 794.

In *Martinez*, the plaintiff alleged that an operator of an online directory violated her rights under California's right-of-publicity statute and her common-law privacy and intellectual property rights when it included her information in its directory and used her name and likeness in the defendant's teaser profile to promote its product without the plaintiff's permission. *Id.* at 787. Applying the public-interest exemption's three conditions, the *Martinez* court found the first (no relief greater than or different from the relief sought) was satisfied, because the plaintiff did not seek relief greater than or different from the relief sought on behalf of other members of the putative class. *Id.* at 792-93.

The court also found the second condition to be satisfied, concluding that the plaintiff's lawsuit "clearly intersects with California's public policy goals." *Id.* at 793; *see also id.* ("The birthplace of American cinema and home of Hollywood, California has long declared a policy of protecting artists'

---

[4] To satisfy the public-interest exemption to California's anti-SLAPP law, three conditions must be met:

> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member.
> (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.
> (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

Cal. Code Civ. Proc. § 425.17(b).

and other individuals' right to control the use of their persona."). Based on California's long public policy of protecting its citizens' property and privacy rights, it was plain to the *Martinez* court that "California considers the right to control one's name and likeness to be an important right affecting the public interest." *Id.* at 793.

The third condition was satisfied as well. Private enforcement was both necessary and disproportionately burdensome. *Id.* The court observed there was "no indication in the record . . . that a public entity had brought a right-to-publicity, misappropriation, or similar action against ZoomInfo." *Id.* (citing *Inland Oversight Comm. v. County of San Bernardino*, 239 Cal.App.4th 671 (2015) ("California Courts of Appeal have held that if no public entity has sought to enforce the right plaintiff seeks to vindicate in the lawsuit, '[t]his fact alone is a sufficient basis to conclude the action is 'necessary,' within the meaning of the public interest exception.'")). Additionally, the "disproportionally burdensome" prong was met because any damages associated with the economic value of the putative class representative's name or likeness would likely be dwarfed by the cost of litigation. *Id.* at 794. Accordingly, the *Martinez* court concluded that the plaintiff's complaint was exempted from California's anti-SLAPP law as a suit "brought solely in the public interest" under section 425.17(b). *Id.*

*Martinez* is squarely on point here and defeats DeviantArt's motion. The first condition to the public-interest exemption is met under *Martinez*'s rationale: the right-of-publicity claims asserted in the Original Complaint did not seek relief that is greater than or different from the relief sought on behalf of the alleged class. Plaintiffs, did not, for example, seek relief on behalf of only the class representatives. *See generally* ¶¶ 201-222. Instead, Plaintiffs sought relief for all whom relief is available, i.e., the DeviantArt Class. *See Martinez*, 82 F.4th at 792 ("Martinez seeks relief solely on behalf of a class for which she is a member."). And "[n]othing in [Plaintiffs'] complaint suggests that, if [their] action is successful, [their] recovery will be greater than the recovery of other members of the class." *Id.* at 792-93. Thus, the first condition is met here.

As to the second condition, *Martinez* provides that "California considers the right to control one's name and likeness to be an important right affecting the public interest." *Id.* at 793. Just as in

*Martinez*, the Original Complaint filed in this action seeks to enforce this right. By the Complaint's plain terms, Plaintiffs sought to vindicate their rights as to the misappropriation of their names and identities for purposes of promoting a commercial product. *See*, *e.g.*, ¶¶ 202-12, 214-22.[5] Thus, the second condition is satisfied.

The third condition is also met because no public entity has sought to enforce the right plaintiff seeks to vindicate in this action, which alone is sufficient to conclude the action is "necessary" under the public-interest exemption. *See Martinez*, 82 F.4th at 793. Additionally, the "disproportionately burdensome" prong is met because the cost of pursuing a legal victory transcends each of the named Plaintiffs' personal interests in the matter. As the court recognized in *Martinez*, the damages that could have been awarded to the named Plaintiffs under the right-of-publicity statute would not cover the cost of litigating this action (*id.* at 794), and the prospect of a class wide recovery would dwarf the named plaintiffs' personal recoveries. Accordingly, the third and final condition is met. The Court should conclude that the now-dismissed right-of-publicity claims are exempted from California's anti-SLAPP law.[6]

## 2. Plaintiffs' Right-of-Publicity Claims Do Not Arise from Protected Activity

Even if DeviantArt were to avoid one controlling Ninth Circuit decision, another recent decision shows the motion is entirely wanting. *See Yuga Labs, Inc*, 2023 WL 7123786. DeviantArt's Motion fails the first step of the anti-SLAPP analysis because it has not shown why Plaintiffs' right-of-publicity claims arise from protected activity.[7] Plaintiffs do not repeat all their arguments here, but one

---

[5] Indeed, Plaintiffs First Amended Complaint is no different in this respect. To the extent right-of-publicity claims remain, they are, at core, claims about the misappropriation of Plaintiffs' names and identities. *See*, *e.g*, ECF No. 129 (First Amended Complaint), ¶¶ 261-62.

[6] Plaintiffs also refer the Court to the arguments presented in Plaintiffs' Opposition to Defendant's Anti-SLAPP Motion (ECF No. 69), which discusses Defendants' failure to make the required threshold showing that their misconduct qualifies for the protection of the statute. Additionally, as explained in Plaintiff's Opposition to Defendant's Anti-SLAPP Motion, the commercial speech exemption under section 425.17(c)(1) applies such that Defendants' misconduct is not entitled to protection under California's anti-SLAPP statute. ECF No. 69.

[7] Plaintiffs incorporate by reference their prior opposition to DeviantArt's original anti-SLAPP, which explains why DeviantArt does not satisfy the two-step analysis. *See* Pl.' Opp. to Def.'s Anti-SLAPP Mtn (ECF No. 69).

deserves note—at core, Plaintiffs' claims arise out of the misappropriation of their names and identities to promote a commercial product. That claim is a paradigmatic claim that does not arise from protected activity under California's anti-SLAPP statute.

In October 2023, the Ninth Circuit issued *Yuga Labs, Inc.*, 2023 WL 7123786. In *Yuga Labs*, defendants, who were purveyors of non-fungible tokens (NFTs) sought to strike plaintiff's state law claims under California's anti-SLAPP law because defendants' NFTs were "performance and appropriation art that express criticism against Plaintiff's use of racists, neo-Nazi, and alt-right dog whistles." *Yuga Labs, Inc. v. Ripps*, Case No. CV 22-5355-JFW(JEMx), 2022 WL 18024480, at *7 (C.D. Cal. Dec. 16, 2022). The district court denied defendants' anti-SLAPP because it determined the plaintiffs' claims "do not arise out of Defendants' attempts to publicize and criticize Plaintiff's purported use of racist, neo-Nazi, or alt-right dog whistles." *Id.* at *8. The district court pointed out that plaintiffs did not bring claims for defamation, slander, or libel but "[i]nstead, Plaintiff's claims are limited to and arise out of Defendant's unauthorized use of the BAYC marks for commercial purposes." *Id.* (citation omitted). Applying authoritative California Supreme Court authority, the Ninth Circuit affirmed, and explained that while defendants' "free speech activity may be relevant to [plaintiff's] claims, . . . it is not the basis for them." *Yuga Labs*, 2023 WL 7123786, at *1 (citing *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1190 (9th Cir. 2017) ("[E]ven if a defendant engages in free speech activity that is relevant to a claim, that does not necessarily mean such activity is the basis for the claim.")); *see also Baral v. Schnitt*, 1 Cal.5th 376, 384 (2016) ("Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute.").

Here, Plaintiffs' right-of-publicity claims seek to vindicate the misappropriation of their names and identities. The fact that the use of their names draws consumers to Defendants' commercial product was the core of the right of publicity cause of action. It was that unauthorized use of which Plaintiffs complained. Thus, DeviantArt's motion fails at the very first step under section 425.17.[8]

---

[8] That is before considering the other grounds on which DeviantArt's conduct is not protected, e.g., that the challenged statements have no connection to the asserted public interest, and that it is unprotected commercial speech. *See* Pl.' Opp. to Def.'s Anti-SLAPP Mtn (ECF No. 69).

**B.    Plaintiffs Should be Awarded their Attorneys' Fees**

If a special motion to strike "is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." Cal Code Civ. Proc. § 425.16(c)(1); *Cal. Back Specialists Med. Grp. v. Rand*, 160 Cal. App. 4th 1032, 1037 (2008). An argument is frivolous for the purpose of awarding sanctions if it is "wholly without merit" or "the result is obvious." *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983); *In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d 1178, 1181 (9th Cir. 1998). Such is the case here.

As explained prior and herein, and as reconfirmed by numerous Ninth Circuit opinions since the Parties briefed the underlying anti-SLAPP motion, DeviantArt's motion is plainly meritless. The law is clear that the anti-SLAPP statute does not apply to right-of-publicity claims. *See Martinez*, 82 F.4th at 794. The Ninth Circuit's key holding in *Martinez* is "unequivocally contrary to Defendant's anti-SLAPP arguments," *Kailikole v. Palomar Cmty. Coll. Dist.*, No. 18-CV-02877-AJB-MSB, 2020 WL 6203097, at *3 (S.D. Cal. Oct. 22, 2020), and application of its holding in this case yields a conclusion that "is obvious." *Int'l Union*, 707 F.2d at 430. Courts both in and outside this district have found anti-SLAPP motions to merit sanctions in similar circumstances. *See, e.g., Areias v. Applied Underwriters, Inc.*, No. 21-CV-00023-JST, 2021 WL 9598132, at *12 (N.D. Cal. Oct. 19, 2021) ("The Court concludes that Defendants' motion was without merit. Defendants provide no reasonable basis for their assertion that the complaint arose from their protected activity."); *see also, e.g., Kailikole*, 2020 WL 6203097, at *3.

Attorneys' fees are warranted for a separate reason. DeviantArt's tortured interpretation of the anti-SLAPP law and refusal to cease using it to extract some sort of financial punishment for Plaintiffs would lead to perverse incentives and absurd results. If DeviantArt's position were correct, then litigants seeking to avoid attorneys' fees under the anti-SLAPP statute would be required to reallege causes of action—and continue to litigate them—even if there were legitimate reasons to dismiss them. That is plainly counter to the purposes of the anti-SLAPP statute. *FilmOn.com*, 7 Cal. 5th at 143; *see also Liu*, 69 Cal. App. 4th at 752-53 ("If such a judicial determination [on the merits of an anti-SLAPP

motion] were not first required, and a fair procedural opportunity to obtain it allowed, then a plaintiff's voluntary dismissal of the action could have the effect of . . . entitling a defendant to such relief in a non-SLAPP action which was dismissed by the plaintiff for entirely legitimate reasons.").

In addition, Plaintiffs are entitled to fees and costs under 28 U.S.C § 1927. DeviantArt's motion had the purpose and effect of "unreasonably and vexatiously" multiplying the proceedings. 28 U.S.C. § 1927. *See id.*  Plaintiffs have attempted to narrow and streamline this case. DeviantArt has done the opposite by bringing a meritless motion at odds with Ninth Circuit and California Supreme Court authority.

## IV.    CONCLUSION

DeviantArt's motion to renew the Anti-SLAPP Motion should be denied for the reasons presented above.

Dated: January 10, 2024

By:      _/s/ Joseph R. Saveri_
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               tmanfredi@saverilawfirm.com
               hbenon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@butterricklaw.com

Brian D. Clark (_pro hac vice_)
Laura M. Matson (_pro hac vice_)
Arielle S. Wagner (_pro hac vice_)
Eura Chang (_pro hac vice_)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612)339-6900
Facsimile:     (612)339-0981
Email:         bdclark@locklaw.com
               lmmatson@locklaw.com
               aswagner@locklaw.com
               echang@locklaw.com

_Counsel for Individual and Representative_
_Plaintiffs and the Proposed Class_