LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600

*Attorneys for Defendant DeviantArt, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | CASE NO. 3:23-cv-00201-WHO |
| Individual and Representative Plaintiffs, | **DEFENDANT DEVIANTART, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO RENEW ITS SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** |
| v. | |
| STABILITY AI LTD., et al., | |
| Defendants. | Date:    February 7, 2024 |
| | Time:    2:00 p.m. |
| | Place:   Courtroom 2 - 17th Floor |
| | Before:  Hon. William H. Orrick |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 3

    A.    DeviantArt Is Entitled to Fees under Cal. Code Civ. Proc. § 425.16(c) ............... 3

        1.    The Claims Attacked Protected Activity under Section 425.16(e) ........... 3

        2.    Section 425.17(b) Does Not Apply Here ................................................... 5

            a.    Plaintiffs Distort the Holding of Martinez ................................... 6

            b.    The Style-Appropriation Claims Did Not Enforce Public Policy ............................................................................................. 8

        3.    DeviantArt Is a "Prevailing Defendant" ................................................... 9

        4.    This Court Can and Should Grant DeviantArt Fees & Costs ................. 11

    B.    Plaintiffs Are Not Entitled to Fees ...................................................................... 13

III.    CONCLUSION ................................................................................................ 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Areias v. Applied Underwriters, Inc.*,
No. 21-cv-00023, 2021 WL 9598132 (N.D. Cal. Oct. 19, 2021) .............................................14

*ARP Pharmacy Servs., Inc. v. Gallagher Bassett Servs., Inc.*,
138 Cal. App. 4th 1307 (2006) ...................................................................................11, 13

*Art of Living Found. v. Does 1-10*,
No. 10-cv-05022, 2012 WL 1565281 (N.D. Cal. May 1, 2012)...............................10, 12, 13

*California Back Specialists Medical Group v. Band*,
160 Cal. App. 4th 1032 (2008) ...............................................................................14

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
710 F.3d 946 (9th Cir. 2013) ...................................................................................10

*Coltrain v. Shewalter*,
66 Cal. App. 4th 94 (1998) ...............................................................................10, 11

*In re Complaint of Ross Island Sand & Gravel*,
226 F.3d 1015 (9th Cir. 2000) ...................................................................................8

*eDrop-Off Chicago LLC v. Burke*,
No. 12-cv-4095, 2013 WL 12131186 (C.D. Cal. Aug. 9, 2013) ...............................12, 13

*Garrett v. Hine*,
No. 21-cv-0845, 2022 WL 2067903 (E.D. Cal. June 8, 2022) ...............................12, 13

*Garrett v. Hine*,
No. 21-cv-0845, 2022 WL 2791236 (E.D. Cal. July 15, 2022)...................................11

*Gugliemi v. Spelling-Goldberg Prods.*,
25 Cal.3d 860 (1979) ...................................................................................9

*Hylton v. Frank E. Rogozienski, Inc.*,
177 Cal. App. 4th 1264 (2009) ...................................................................................7

*Int'l Union of Petroleum v. W. Indus. Maint., Inc.*,
707 F.2d 425 (9th Cir. 1983) ...................................................................................14

*Kadrey v. Meta Platforms, Inc.*,
No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ...................................1

*Kailikole v. Palomar Community College District*,
No. 18-cv-02877, 2020 WL 6203097 (S.D. Cal. Oct. 22, 2020)...................................14

*In re Keegan Management Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) ...................................................................................14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ...................................................................7, 9, 14

*Mann v. Quality Old Time Serv., Inc.*,
  139 Cal. App. 4th 328 (2006) ...............................................................................13

*Martinez v. ZoomInfo Technologies, Inc.*,
  82 F.4th 785 (9th Cir. 2023) ........................................................................ *passim*

*Medical Marijuana, Inc. v. ProjectCBD.com*,
  46 Cal. App. 5th 869 (2020) ...................................................................................4

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  No. 12-cv-2943, 2014 WL 12586434 (C.D. Cal. Nov. 7, 2014) ................................10, 12, 13

*In re Nat'l Mass Media Telecomms. Sys., Inc.*,
  152 F.3d 1178 (9th Cir. 1998) ..............................................................................15

*Navellier v. Sletten*,
  29 Cal.4th 82 (2002) ..............................................................................................7

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*,
  190 F.3d 963 (9th Cir. 1999) ...............................................................................13

*Pfeiffer Venice Properties v. Bernard*,
  101 Cal. App. 4th 211 (2022) ...............................................................................11

*Plevin v. City and Cnty. of S.F.*,
  No. 11-cv-2359, 2011 WL 3240536 (N.D. Cal. July 29, 2011) ......................................12, 13

*Simpson Strong-Tie Co., Inc. v. Gore*,
  49 Cal.4th 12 (2010) ..........................................................................................5, 9

*Smith v. University of Washington, Law School*,
  233 F.3d 1188 (9th Cir. 2000) ................................................................................8

*Tyler v. Travelers Com. Ins. Co.*,
  499 F. Supp. 3d 693 (N.D. Cal. 2020) ................................................................4, 5

*United States v. McAdory*,
  935 F.3d 838 (9th Cir. 2019) ...............................................................................12

*VACC, Inc. v. Davis*,
  No. 18-cv-3454, 2019 WL 1460201 (N.D. Cal. Apr. 2, 2019)......................................12, 13

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*,
  377 F.3d 1081 (9th Cir. 2004) ..............................................................................12

*Vestar Dev. II, LLC v. Gen. Dynamics Corp.*,
  249 F.3d 958 (9th Cir. 2001) .................................................................................7

*Wanland v. L. Offs. of Mastagni Holstedt & Chiurazzi*,
  141 Cal. App. 4th 15 (2006) ..................................................................................3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

*Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*,
    814 F. Supp. 2d 1033 (S.D. Cal. 2011)......................................................................13

*Williams v. 3DExport*,
    No. 19-cv-12240, 2020 WL 532418 (E.D. Mich. Feb. 3, 2020)..................................9

*Yuga Labs, Inc. v. Ripps*,
    No. 22-56199, 2023 WL 7123786 (9th Cir. Oct. 30, 2023) .........................................5

*Yuga Labs, Inc. v. Ripps*,
    No. 22-cv-4355, 2022 WL 18024480 (C.D. Cal. Dec. 16, 2022).................................5

**STATUTES**

17 U.S.C. § 301...............................................................................................................7, 14

28 U.S.C. § 1927...........................................................................................................3, 13, 15

Cal. Code Civ. Proc.
    § 425.16......................................................................................................... *passim*
    § 425.17......................................................................................................... *passim*

**TREATISES**

2 Patry on Copyright § 4:14.................................................................................................9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

## I.      INTRODUCTION

Since Plaintiffs filed their suit in January 2023, they have pursued a "shotgun" strategy of including in their pleadings every imaginable cause of action, regardless of whether the claim's elements have anything to do with the conduct alleged.  This Court recognized as much when it dismissed all but one of the claims in Plaintiffs' original complaint in October 2023.  *See* Dkt. 117 ("Order"); *see also Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) (Chhabria, J.) (same, in related case filed by the same counsel).

DeviantArt filed its anti-SLAPP motion to address part of that problem: Plaintiffs' assertion that a tool that helps users create new visual works by referencing popular art styles somehow constitutes "misappropriation" of their proprietary "artistic styles."  Any minimal investigation would have revealed not only that those claims are preempted by the Copyright Act, but that there is not a single published court decision endorsing that expansive theory of right-of-publicity liability.  Because Plaintiffs nevertheless included these claims in their pleadings, DeviantArt invoked a well-established procedure to strike them.  Cal. Code Civ. Proc. § 425.16.

After Plaintiffs declined to re-assert those claims in their amended complaint, *see* Dkt. 129 ("FAC"), DeviantArt filed the instant motion to claim reimbursement for the attorney's fees and costs it incurred in making those arguments, under the anti-SLAPP law's fee-shifting provision. Dkt. 136 ("Renewal Mot.").  Plaintiffs opposed, arguing that DeviantArt is attempting to "strongarm" them and use the law as a "financial cudgel."  Dkt. 149 ("Renewal Opp.") at 1.

But DeviantArt's request is no different than the numerous cases in which courts have issued precisely the same relief in identical circumstances.  The fee-shifting provision is an essential part of the anti-SLAPP law: its purpose is to deter plaintiffs from filing unmeritorious claims targeting protected activity.  Ignoring that deterrent, Plaintiffs included in their complaint two claims for misappropriation of their "artistic styles" directed at DeviantArt's efforts to further protected speech—notwithstanding the claims' obvious flaws.  The consequence of that decision is that Plaintiffs must bear the financial burden of litigating those claims—whether or not Plaintiffs continue to litigate them or make the "strategic decision" to abandon them.  *Contra* Renewal Opp. at 1.  This is not an "abuse" of the anti-SLAPP law: it is precisely how the law is meant to work.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1    DeviantArt is entitled to recover its attorney's fees and costs if: (1) the claims at issue

2    attack protected activity within the meaning of Cal. Code Civ. Proc. § 425.16(e); and

3    (2) DeviantArt is a "prevailing defendant" as defined by Cal. Code Civ. Proc. § 425.16(c)(1).

4        The first prong is easily met here. The claims DeviantArt's motion sought to strike—

5    claims for misappropriation of Plaintiffs' "artistic styles"—attacked the provision of a tool that

6    enables users to comment on allegedly "popular[]" art styles by creating new works referencing

7    those styles, and thereby furthered protected speech. DeviantArt has now twice advanced this

8    argument and Plaintiffs have now twice ignored it. Instead, Plaintiffs attempt to blur the distinction

9    between the style-appropriation claims they *actually alleged*—the singular target of DeviantArt's

10   motion to strike—and the "recast" advertising-based claims they advanced in their opposition

11   briefs to DeviantArt's motion (but never pleaded). Order at 19; *see also infra* Section II.A.1.

12       Plaintiffs also invoke (for the first time) the anti-SLAPP law's "public enforcement"

13   exemption, Cal. Code Civ. Proc. § 425.17(b), as interpreted by the Ninth Circuit's recent opinion

14   in *Martinez v. ZoomInfo Technologies, Inc.*, 82 F.4th 785 (9th Cir. 2023). But *Martinez* teaches

15   that applicability of that exemption depends on the extent to which the claim at issue "intersects"

16   with legitimate California public policy goals. *Id.* at 793 (advertising-based right-of-publicity

17   claim enforced legitimate privacy interests against "commercial exploitation"). The claims

18   DeviantArt sought to strike—for "style appropriation"—are nothing like the advertising-based

19   claims in *Martinez*. Rather, they were attempts to extend copyright-like protection to amorphous

20   "artistic styles," which was precisely why they were preempted. California cannot have a policy

21   interest in protecting what Copyright Act preemption prohibits. As such, Plaintiffs' style-

22   appropriation claims do not qualify for the public enforcement exemption. *Infra* Section II.A.2.

23       The second prong is also met. DeviantArt is a "prevailing defendant" because a plaintiff's

24   voluntary withdrawal of a claim after the filing of an anti-SLAPP motion means that the

25   defendant's motion "prevail[ed]"—particularly if the plaintiff refuses to provide another reason

26   for the withdrawal (as is the case here). *Infra* Section II.A.3. In a lengthy footnote, Plaintiffs

27   suggest that their "strategic decision" to omit these claims from their FAC means that this Court

28   lacks the power to grant DeviantArt's request for fees. *See* Renewal Opp. at 1, 5 n.3. But that

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1   ignores the numerous cases in which courts have granted identical requests—and in any case

2   would flip the statute on its head.  The singular purpose of the fee-shifting provision is to deter

3   litigants from filing meritless claims targeting protected activity in the first place.  Allowing a

4   plaintiff to escape those consequences by simply withdrawing or dismissing claims after months

5   of litigation would undermine that provision's "legislative purpose": to "reimburs[e] the prevailing

6   defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. L. Offs.*

7   *of Mastagni Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006).

8       Finally, Plaintiffs included in their opposition a new request that this Court issue a fee

9   award in their favor by finding that *DeviantArt* has "unreasonably and vexatiously" "multiplie[d]"

10   these proceedings.  28 U.S.C. § 1927; *see also* Cal. Code Civ. Proc. § 425.16(c).  That request

11   blinks reality.  Its principal basis is Plaintiffs' arguments regarding the anti-SLAPP law's "public

12   enforcement" exemption—a provision that Plaintiffs have heretofore deemed unworthy of

13   discussion in their briefing and, in any case, has no application here.  DeviantArt's motion was not

14   "frivolous," and Plaintiffs' request for fees is nothing more than attempt to balance the ledger in

15   the hope that this Court will "split the baby" by declining both parties' parallel requests.  The Court

16   should ignore it and consider DeviantArt's request for anti-SLAPP fees on its own merits.

17   **II.   ARGUMENT**

18       This Court should confirm that DeviantArt "shall be entitled to recover [its] attorney's fees

19   and costs" associated with its anti-SLAPP motion to strike Counts IV and V of the initial

20   complaint, because (1) the motion attacked claims that fall within the definition of protected

21   activity in California's anti-SLAPP law and (2) DeviantArt is a "prevailing defendant."  *See* Cal.

22   Code Civ. Proc. § 425.16(c), (e); *infra* Section A.  Additionally, the Court should reject Plaintiffs'

23   request for a fee award in their favor because DeviantArt's motion was in no way "frivolous," and

24   because Plaintiffs failed to establish that the motion was brought in bad faith.  *Infra* Section B.

25       **A.   DeviantArt Is Entitled to Fees under Cal. Code Civ. Proc. § 425.16(c)**

26           1.   The Claims Attacked Protected Activity under Section 425.16(e)

27       The singular target of DeviantArt's anti-SLAPP motion was the two right-of-publicity

28   claims alleged in Plaintiffs' original pleading. Dkt. 50 at 1.  Those claims were attempts to ascribe

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

liability to the provision of a tool that helps users create new works of visual art by referencing the styles of recognized artists like the Plaintiffs.  Order at 9.  As such, the claims targeted protected activity—not because they targeted *DeviantArt*'s speech, *contra* Renewal Opp. at 6, but rather because they attacked DeviantArt's conduct "in furtherance of" speech by its *users*.

Plaintiffs have never opposed these arguments.  Neither of Plaintiffs' two opposition briefs disagreed that the creation of new visual artworks by DeviantArt users constitutes "free speech." *Id.* at 8–9.  Nor have Plaintiffs ever disagreed that the creation of a new work by referencing an existing artistic style is speech "in connection with . . . an issue of public interest" as long as that style has become "popular[]" and "recognizable to the public."  Dkt. 50 at 9–10 (citing Dkt. 1 ¶¶ 204–05).  Nor have Plaintiffs ever contested that DeviantArt's provision of a tool (DreamUp) to "assist[]" in the creation of such works qualifies as "conduct in furtherance of" that speech.  Dkt. 50 at 9.  Plaintiffs have now twice "concede[d] these arguments by failing to address them in [their] opposition [briefs]." *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020).

Instead of addressing these arguments, Plaintiffs attack a strawman.  They claim that DeviantArt's motion attacked claims for "misappropriation of their names and identities *to promote a commercial product*," Renewal Opp. at 9, and assert that the Ninth Circuit's unpublished decision in *Yuga Labs* "shows the motion is entirely wanting."  Renewal Opp. at 8.

But Plaintiffs overlook that the claims in their original pleading—the claims DeviantArt sought to strike—claimed that by providing a tool capable of referencing their artistic styles, DeviantArt appropriated their "artistic identities."  Order at 19.[1]  Only in Plaintiffs' "opposition briefs" did they "recast" those claims to focus instead on the theory that DeviantArt used their "names to advertise and promote . . . DreamUp." *Id.*  Those "recast" claims are irrelevant because "the issues in an anti-SLAPP motion are framed by the pleadings." *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 883 (2020) (whether a "claim that has not in fact been specifically alleged . . . could survive the anti-SLAPP motion" is not relevant).  Plaintiffs never

---

[1] To be sure, Plaintiffs' original pleading was replete with vague references to the "Defendants' misappropriation of Plaintiffs' names" for "commercial purposes" and to "advertise art."  Dkt. 1 ¶ 205.  But as this Court acknowledged, those allegations did not state a claim against DeviantArt. Order at 5 n.2 (noting the Complaint's "undifferentiated allegations"); *see also id.* at 20.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1 actually alleged that DeviantArt used Plaintiffs' identities in connection with advertising

2 DreamUp, and indeed completely abandoned that theory in their amended complaint once they

3 were confronted with the requirement that their factual contentions have a Rule 11 basis.

4       That distinction renders *Yuga Labs* inapposite.   That case focused entirely on the

5 appropriation of protected trademarks to advertise and sell a product.  *See* No. 22-56199, 2023 WL

6 7123786 (9th Cir. Oct. 30, 2023); *Yuga Labs, Inc. v. Ripps*, No. 22-cv-4355, 2022 WL 18024480,

7 at *8 (C.D. Cal. Dec. 16, 2022) (denying anti-SLAPP motion because the plaintiff's "claims are

8 limited to Defendants' heavily commercial use of the BAYC Marks to sell the same product . . .

9 with the same image . . . to the same customers in the same markets as Plaintiff").  On that basis,

10 the Ninth Circuit affirmed the denial of the anti-SLAPP motion because the claims at issue did *not*

11 "arise from acts [defendant] took in furtherance of his right of free speech."  2023 WL 7123786,

12 at *1.   By contrast, the claims DeviantArt's motion sought to strike had nothing to do with

13 advertising, and everything to do with core expressive activity: providing an innovative tool for

14 the creation of new works.  Because those claims arose from "acts [DeviantArt] took in furtherance

15 of [its users'] right of free speech," *id.*, they targeted protected activity.

16 2.   <u>Section 425.17(b) Does Not Apply Here</u>

17       Plaintiffs' principal argument in opposition is that the "public enforcement" exemption in

18 Section 425.17(b) of the anti-SLAPP law—as interpreted by the Ninth Circuit in *Martinez v.*

19 *ZoomInfo Technologies, Inc.*, 82 F.4th 785 (9th Cir. 2023)—bars DeviantArt's motion.  In support,

20 Plaintiffs claim *Martinez* announced a categorical rule: that any cause of action labeled as a "right

21 of publicity" claim necessarily falls into the public enforcement exemption as long as the lawsuit

22 is a putative class action.  Renewal Opp. at 1.  As explained below, *Martinez* says no such thing.

23       As a preliminary matter, however, Plaintiffs waived the public enforcement exemption by

24 failing to raise it in response to DeviantArt's initial motion.  *See generally* Dkt. 69.[2]  Because they

25 did not raise the public enforcement exemption in response to DeviantArt's motion, Plaintiffs have

26 waived the right to rely on it here.  *See Tyler*, 499 F. Supp. 3d at 701; *see also Simpson Strong-Tie*

27

28

---

[2] The only mention of the exemption in Plaintiffs' opposition is a footnote that quoted the statutory language the four anti-SLAPP exemptions in Section 425.17 and stated, without any explanation or discussion, that "[a]ll these conditions are met here."  Dkt. 69 at 6 n.6.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1  *Co., Inc. v. Gore*, 49 Cal.4th 12, 23 (2010) (non-movant carries burden to raise and "prove"

2  statutory exemptions in Section 425.17).

3  a.   *Plaintiffs Distort The Holding of* Martinez

4  In any event, the public enforcement exemption does not apply here.  The *Martinez* case

5  proves the point.  There, the Ninth Circuit considered a right of publicity claim against a website

6  that provides "an online directory of professionals and their employment information."  82 F.4th

7  at 787.  The gravamen of the right-of-publicity claim was that the defendant displayed the class

8  members' names and personal information on pages that prominently advertised paid

9  subscriptions, such that the defendant had effectively used class members' likenesses "to promote

10  its product." *Id.*  To evaluate whether Section 425.17(b) "public enforcement" exemption applied,

11  the Circuit focused on the question whether the claim was "of the kind that seeks to vindicate

12  public policy goals." *Id.* at 793.  In so doing, the panel carefully evaluated California's "public

13  policy commitment" to "privacy protection," including by surveying a number of state court cases

14  in which California courts have endorsed claims targeting the unauthorized use of a person's name

15  in advertisements.  *Id.* at 793 (concluding that "unauthorized use of a person's name for

16  commercial exploitation is actionable").  On that basis, the Court concluded that the claim at

17  issue—which also targeted the use of the plaintiffs' names in advertisements, *id.* at 787—sought

18  to enforce that "important right affecting the public interest," and therefore triggered the public

19  enforcement exemption, *see id.* at 793 (paraphrasing Cal. Code Civ. Proc. § 425.17(b)).

20  *Martinez*, in other words, holds that a plaintiff can invoke the public enforcement

21  exemption by establishing that its claim "intersects with" legitimate, demonstrated "public policy

22  goals." *Id.*  It does not categorically bar anti-SLAPP motions to strike right-of-publicity claims,

23  *contra* Renewal Opp. at 1, 10, particularly those that do *not* "intersect with" legitimate public

24  policy goals.  That is evident for three independent reasons.

25  First, nothing in *Martinez* states the categorical rule that "the anti-SLAPP statute does not

26  apply to right-of-publicity claims."  *Contra* Renewal Opp. at 10.  Nor does the *Martinez* opinion

27  suggest that *any* right-of-publicity claims brought on behalf of a class will necessarily implicate

28  the "public enforcement" exemption in Section 425.17(b).  To the contrary, the holding of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1    *Martinez* was that claims for class-wide relief based on the "commercial exploitation" of a person's

2    name to promote a product will generally meet the exemption's requirements.  *Martinez*, 82 F.4th

3    at 793–94 (holding that "Martinez's lawsuit, on the face of the complaint, seeks to enforce this

4    right").  The case says nothing about the disposition of other "right of publicity" claims that *do not*

5    address the use of a plaintiff's protected likeness in advertising (like the claims at issue here).

6        Second, Plaintiffs' categorical reading of *Martinez* would conflict with rulings of the

7    California Supreme Court, which has held that application of the anti-SLAPP law does not depend

8    on the "form of the plaintiff's cause of action" and that "[n]othing in the statute itself categorically

9    excludes any particular type of action from its operation."  *Navellier v. Sletten*, 29 Cal.4th 82, 92

10   (2002); *see also Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)

11   ("When interpreting state law, federal courts are bound by decisions of the state's highest court.").

12   For that reason, California courts consistently "disregard the labeling of [a] claim" and instead

13   focus on the "principal thrust or gravamen of a plaintiff's cause of action to determine whether the

14   [] statute applies."  *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1272 (2009).

15       Third, reading *Martinez* to announce a categorical bar would conflict with other Ninth

16   Circuit precedent endorsing application of the anti-SLAPP statute to right-of-publicity claims

17   brought on behalf of a class.  *See Maloney v. T3Media, Inc.*, 853 F.3d 1004 (9th Cir. 2017).

18   *T3Media* involved a structurally identical claim: the assertion of California "statutory and common

19   law publicity-right claims" on behalf of a class of "current and former NCAA student-athletes"

20   whose images were featured on the defendant's website. *Id.* at 1007–08.  As DeviantArt did here,

21   the defendant filed an anti-SLAPP motion arguing that the claims were preempted by the

22   Copyright Act.  *Id.* at 1010–11.  The Circuit affirmed the grant of the anti-SLAPP motion, holding

23   that Section 301 of the Copyright Act barred the plaintiffs' attempt to "hold [defendant] liable for

24   exercising rights governed exclusively by copyright law."  *Id.* at 1011.

25       Nothing in the Ninth Circuit's 2023 *Martinez* decision suggests that the panel intended to

26   overrule *T3Media*.[3]  Nor could the panel have done so: Ninth Circuit panels do not "overrule []

27

28   _____

[3] The appellant in *Martinez* cited *T3Media* in its very first merits brief.  *See* Opening Br. at 42 *in Martinez v. ZoomInfo Technologies Inc.*, No. 22-35305, Dkt. 23 (9th Cir., filed Aug. 19, 2022).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1    prior decision[s]" absent *en banc* rehearing.  *In re Complaint of Ross Island Sand & Gravel*, 226

2    F.3d 1015, 1018 (9th Cir. 2000).  For that reason, the Circuit has warned against assuming that

3    "recent cases have, by implication, overruled an earlier precedent."  *Smith v. University of*

4    *Washington, Law School*, 233 F.3d 1188, 1200 (9th Cir. 2000) (cleaned up), *overruled on other*

5    *grounds by Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195 (9th Cir.

6    2019).  Applying that principle here precludes any reading of *Martinez* that would categorically

7    bar any anti-SLAPP motions to strike class-wide right of publicity claims, regardless of their

8    connection to "California's public policy goals" (or lack thereof).  *Martinez*, 82 F.4th at 793.

9                    **b.       The Style-Appropriation Claims Did Not Enforce Public Policy**

10            *Martinez* does not control here.  The claims at issue in *Martinez* fell into the heartland of

11   right-of-publicity law: they attacked the unauthorized use of a "name and likeness to promote [a]

12   product." 82 F.4th at 787.  That was essential to the panel's holding that the claims at issue sought

13   to "enforce" California's broad "public policy goals."  *Id.* at 793 (surveying history of similar

14   advertising cases).  The claims DeviantArt sought to strike, by contrast, have nothing to do with

15   promoting a product.  While Plaintiffs *labeled* those causes of action as "right of publicity" claims,

16   Dkt. 1 ¶¶ 201–22, they focused entirely on the allegation that DeviantArt appropriated Plaintiffs'

17   "artistic identities" by offering a service capable of mimicking Plaintiffs' art styles, Order at 19.

18            Those claims had no connection to any legitimate "public policy goals" akin to those at

19   issue in *Martinez*.  82 F.4th at 793.  As DeviantArt explained, the Copyright Act preempts any

20   attempt to use state law to protect artistic styles, which belong to the public—not to any individual

21   artist.  *See* Dkt. 50 at 11–13; Dkt. 78 at 8; *see also* Order at 20 n.15 ("Defendants made a strong

22   showing of preemption[] to the extent the Complaint based the publicity claims on the artistic

23   'styles' of plaintiffs.").  California, in other words, cannot have a "public policy commitment" to

24   protecting artistic styles when such protection is directly prohibited by federal law.  *Martinez*, 82

25   F.4th at 793.  That explains why Plaintiffs have failed to demonstrate a "longstanding"

26   "commitment" by the state of California to protecting property rights in amorphous "artistic

27   styles." *Martinez*, 82 F.4th at 793; Dkt. 1 ¶ 205.  Indeed, throughout this case, Plaintiffs have not

28   cited a single case endorsing the notion that an artist has the right to monopolize an artistic style,

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1    or to prevent the use of her name to accurately reference an artistic style she "popularized." Dkt.

2    1 ¶ 205; *compare Martinez*, 82 F.4th at 793 (citing numerous California state court cases endorsing

3    claims against unauthorized use of a name or likeness to advertise or promote a product).[4]

4           For that reason, Plaintiffs' style-appropriation claims cannot reasonably be interpreted at

5    attempts to "enforce an important right affecting the public interest." *Cf. T3Media*, 853 F.3d at

6    1011 (affirming grant of anti-SLAPP motion to strike class-wide right-of-publicity claims that

7    attempted to "exercis[e] rights governed exclusively by [federal] copyright law").  As such,

8    because Plaintiffs have failed to establish any connection between their style-appropriation claims

9    and some legitimate California public policy, *Martinez*, 82 F.4th at 793, they have failed to

10   establish the Section 425.17(b) exemption, *Simpson*, 49 Cal.4th at 25–26 (burden on plaintiff).

11                    3.    DeviantArt Is a "Prevailing Defendant"

12          In response to the arguments raised in DeviantArt's anti-SLAPP motion, *see* Dkt. 50, and

13   this Court's dismissal of the right-of-publicity claims in Plaintiffs' complaint, *see* Order at 19–20,

14   Plaintiffs chose to omit these claims from their 93-page, 17-count amended pleading, *see* FAC.

15   That operative pleading also omits any mention of Plaintiffs' names, identities, or art styles in the

16   claims asserted against DeviantArt.  *Compare* Dkt. 1 ¶¶ 201–22 (DeviantArt appropriated

17   Plaintiffs' "names, identities, and distinctive artistic styles"), *with* FAC ¶¶ 411–39 (alleging three

18   claims for direct copyright infringement, breach of contract, and unjust enrichment).  That is a

19   clear admission that DeviantArt's provision of a tool that can generate "work in the artistic style[s]

20   that Plaintiffs popularized" does not support a claim for relief under any theory, whether due to

21   Copyright Act preemption or otherwise.  Dkt. 1 ¶ 205.

22          Plaintiffs' abandonment of those claims means that DeviantArt is a "prevailing defendant"

23   for purposes of the anti-SLAPP law's fee-shifting provision.  Cal. Code Civ. Proc. § 425.16(c).

---

[4] To the contrary, California's courts have cautioned against the broad interpretation of the right of publicity underlying Plaintiffs' initial complaint. *See Gugliemi v. Spelling-Goldberg Prods.*, 25 Cal.3d 860, 869 (1979) (Bird, C.J., concurring) (noting that a broad construction of the right of publicity would "meaningfully reduce[]" the "range of free expression").  And other courts and commentators have warned against granting property rights in artistic styles, citing potentially disastrous results.  *See, e.g.*, *Williams v. 3DExport*, No. 19-cv-12240, 2020 WL 532418, at *1, 3 (E.D. Mich. Feb. 3, 2020) (rejecting claim by artist who claims to have "invented anime," noting that no one can "lay claim to all anime that ever was or will be produced"); *see also* 2 Patry on Copyright § 4:14 (style-appropriation claims would be "difficult, if not impossible" to administer).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

That motion's purpose was to eliminate Plaintiffs' style-appropriation claims from this litigation by raising a number of independent reasons why those claims are legally untenable.  Dkt. 50 at 11–15.  Plaintiffs' decision not to replead those claims in the FAC was a concession that they could not "overcome" those "deficiencies."  *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. 12-cv-2943, 2014 WL 12586434, at *7–8 (C.D. Cal. Nov. 7, 2014).  DeviantArt's motion, in other words, "realized [its] objectives" by reducing "the number of allegedly unmeritorious causes of action [DeviantArt] had to litigate and defend."  *Id.* at *8.  That raises a presumption that DeviantArt is a "prevailing defendant."  *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998) ("defendant's goal is to make the plaintiff go away with its tail between its legs," so "voluntar[y] dismiss[al]" will "ordinarily" mean the defendant is "the prevailing party").

To rebut this presumption, Plaintiffs were required to explain their abandonment "for other reasons unrelated to the probability of success on the merits," including because of a "settlement" or "because the defendant was insolvent."  *Coltrain*, 66 Cal. App. 4th at 107.  Plaintiffs' opposition provides no such explanation: rather, it provides only vague references to "legitimate reasons" and "strategic decision[s]."  Renewal Opp at 10.  That is not sufficient to avoid a fee award.  *See Art of Living Found. v. Does 1-10*, No. 10-cv-05022, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012) (defendant was prevailing party because "Plaintiff has not asserted, let alone demonstrated" that it did not replead claims because it had "substantially achieved its goals through settlement or other means" (cleaned up)); *Mireskandari*, 2014 WL 12586434, at *8 (defendant was prevailing party because plaintiff failed to "assert[] or show[] that he abandoned the claims for any reason other than one related to his probability of success on the merits").

Instead, Plaintiffs now claim that "DeviantArt has not 'prevail[ed]'" because they "maintain the right to re-allege their right-of-publicity claims" after "discovery."  Renewal Opp. at 1, 5 n.3.  That is simply wrong.  By failing to reallege those claims, Plaintiffs abandoned them.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) (because plaintiff "did not voluntarily renew [] claims" after they were "dismissed with leave to amend," plaintiff "abandoned them").  That is why courts have issued anti-SLAPP fee awards in analogous situations—without any discussion of the possibility that the abandoned claims might be reasserted

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

in the future "pending discovery." Renewal Mot. at 5 & n.2; Renewal Opp. at 1. In any case, Plaintiffs do not explain what "discovery" could change the fact that state law claims that seek to monopolize artistic styles are barred by Copyright Act preemption. Dkt. 50 at 12–13.

4.   <u>This Court Can and Should Grant DeviantArt Fees & Costs</u>

In a footnote, Plaintiffs suggest that it is "improper to bring an anti-SLAPP motion . . . as to a now-superseded version of the complaint." Renewal Opp. at 5 n.3. They argue that their decision to abandon their right of publicity claims in their amended complaint should absolve them of the consequences of bringing those claims in the first place—and that any other rule would run "counter to the purposes" of the statute by incentivizing plaintiffs to "reallege causes of action— and continue to litigate them—even if there were legitimate reasons to dismiss them." *Id.* at 10.

This completely misapprehends the purpose and effect of the anti-SLAPP law. The fee-shifting provision of that statute acts as a "deterrent." *See Garrett v. Hine*, No. 21-cv-0845, 2022 WL 2791236, at *6 (E.D. Cal. July 15, 2022). It works by "punish[ing]" plaintiffs who bring meritless claims against activity within the statute's scope. *See Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 217 (2022). That punishment is triggered the moment a plaintiff files a legally deficient claim that falls within the anti-SLAPP law's statutory definition of protected activity. Cal. Code Civ. Proc. § 425.16; *see also Pfeiffer*, 101 Cal. App. 4th at 217 (fee-shifting provision imposes a "punishment . . . on persons who use the courts to chill others' exercise of [] constitutional rights"). It does not disappear once a plaintiff voluntarily withdraws a claim after months of litigation because, by that point, the damage has already occurred. *See Coltrain*, 66 Cal. App. 4th at 106–07 (the "wrongdoing that triggers the defendant's eligibility for attorney's fees" is the "filing [of] a SLAPP suit" that "forc[es] the defendant to incur [] effort and expense").

The deterrent effect of Section 425.16(c) would have no effect whatsoever if a plaintiff could escape the fee-shifting provision by simply withdrawing its claim after the parties have already spent months litigating it. That is why courts have uniformly held that "[a] plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which a SLAPP motion is directed." *ARP Pharmacy Servs., Inc. v. Gallagher Bassett Servs., Inc.*, 138 Cal. App. 4th 1307, 1323 (2006). For the same reason, almost all courts to consider the question

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1   have held that where a defendant moves to strike a state law claim in one pleading, and the plaintiff

2   then abandons that claim in an amended pleading, the defendant may renew its motion and claim

3   an award of attorney's fees and costs.  *See Mireskandari*, 2014 WL 12586434, at *7–8; *Art of

4   Living*, 2012 WL 1565281, at *25; *VACC, Inc. v. Davis*, No. 18-cv-3454, 2019 WL 1460201, at

5   *11–12 (N.D. Cal. Apr. 2, 2019); *Plevin v. City and Cnty. of S.F.*, No. 11-cv-2359, 2011 WL

6   3240536, at *5 (N.D. Cal. July 29, 2011); *Garrett v. Hine*, No. 21-cv-0845, 2022 WL 2067903, at

7   *8 (E.D. Cal. June 8, 2022); *see also* Renewal Mot. at 5 & n.2 (discussing these authorities).[5]

8          Plaintiffs do not mention any of these authorities in their opposition.  Instead, they cite a

9   single district court opinion suggesting, in dicta, that a defendant may not be permitted to renew

10  an anti-SLAPP motion to strike a claim that the plaintiff failed to re-plead in an amended

11  complaint.  *eDrop-Off Chicago LLC v. Burke*, No. 12-cv-4095, 2013 WL 12131186, at *4 (C.D.

12  Cal. Aug. 9, 2013) (suggesting what court would do "if tasked with confronting the question").

13         The *eDrop-Off* court's principal basis for that conclusion was a single sentence from the

14  Ninth Circuit's opinion in *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th

15  Cir. 2004).   In *Verizon*, the Circuit held that a plaintiff should be granted leave to amend a

16  complaint before an anti-SLAPP motion can be granted, and noted incidentally that if the plaintiff

17  on remand were to reallege the "offending claims" in its amended pleading, the "anti-SLAPP

18  remedies [would] remain available" to the defendant.  *Id.* at 1091.  Based entirely on that remark,

19  the *eDrop-Off* court reasoned that if a plaintiff chooses to exclude the "offending claims" from the

20  amended pleading, the "anti-SLAPP remedies" must be <u>un</u>available.  2013 WL 12131186, at *4.

21  But the *Verizon* opinion does not directly speak to the availability of those remedies in the event

22  of a voluntary withdrawal of claims, and therefore does not address the issue at hand.  *See United*

23  *States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) ("casual[]" statements "uttered in passing

24

---

25  [5] Plaintiffs' argument that this rule would incentivize plaintiffs to "continue to litigate" claims that
    they would otherwise abandon assumes that a plaintiff who *did* "reallege" a flawed cause of action
26  would somehow escape the anti-SLAPP law's fee-shifting mechanism.  Renewal Opp. at 10.  But
    the Ninth Circuit has explained that "the anti-SLAPP remedies remain available to defendants" in
27  the event that flawed causes of action "remain in [plaintiffs'] complaint[s]" after amendment.
    *Verizon*, 377 F.3d, 1091.  Plaintiffs, in other words, are liable for the fees and costs incurred in
28  response to SLAPP claims, *regardless* of whether they include or omit those claims in amended
    pleadings.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1   without due consideration of the alternatives" in a published opinion are not binding).

2       In any case, the rule suggested by the *eDrop-Off* opinion would lead to a perverse

3   framework under which (1) a plaintiff who "voluntarily dismisses [the entire] action after a

4   defendant files an anti-SLAPP motion" can be held liable for attorney's fees under Section

5   425.16(c), *see eDrop-Off*, 2013 WL 12131186, at *2 (conceding this), but (2) a plaintiff who

6   abandons the same claims while continuing to press others would be insulated from such liability,

7   *id.* at *3. That would accomplish exactly what courts have cautioned against: permitting a plaintiff

8   to "avoid an award of attorneys' fees" by "failing to replead those claims in a[n] [] amended

9   complaint." *Mireskandari*, 2014 WL 12586434, at *7. That, in turn, would undermine the purpose

10  of the fee-shifting mechanism: to "compensate [defendants] for the expense of responding to the

11  SLAPP suit," *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 971

12  (9th Cir. 1999), even if those efforts serve only to "narrow the litigation" by eliminating individual

13  claims, *see Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006).

14      For those reasons, this Court should reject the rule suggested by *eDrop-Off* and instead

15  follow the precedent established in the long line of cases cited above and in DeviantArt's opening

16  brief (none of which Plaintiffs acknowledge in their opposition). *See Mireskandari*, 2014 WL

17  12586434, at *7–8; *Art of Living*, 2012 WL 1565281, at *25; *VACC*, 2019 WL 1460201, at *11–

18  12; *Plevin*, 2011 WL 3240536, at *5; *Garrett*, 2022 WL 2067903, at *8; *see also ARP*, 138 Cal.

19  App. 4th at 1323 ("[A] plaintiff cannot amend a pleading to avoid a pending SLAPP motion.").

20      **B.    Plaintiffs Are Not Entitled to Fees**

21      Plaintiffs included in their opposition a demand that DeviantArt reimburse their attorney's

22  fees, either under the anti-SLAPP statute or under 28 U.S.C. § 1927. Renewal Opp. at 10–11. The

23  anti-SLAPP statute permits fee awards in favor of the non-movant "if the court finds that a special

24  motion to strike is frivolous or is solely intended to cause unnecessary delay." Cal. Code Civ.

25  Proc. § 425.16(c)(1). To make that showing, a plaintiff must establish that "any reasonable

26  attorney would agree such motion is totally devoid of merit." *Weiland Sliding Doors and*

27  *Windows, Inc. v. Panda Windows and Doors, LLC*, 814 F. Supp. 2d 1033, 1039 (S.D. Cal. 2011).

28  Similarly, sanctions under 28 U.S.C. § 1927 require a finding that the action in question was either

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1    "frivolous" or "intended to harass." *In re Keegan Management Co., Sec. Litig.*, 78 F.3d 431, 436

2    (9th Cir. 1996) (district court "abused its discretion" in ordering fees under § 1927).

3           Even if the Court rejects DeviantArt's motion, Plaintiffs have come nowhere close to

4    establishing that the motion was frivolous or harassing.  Their principal argument is that the Ninth

5    Circuit's *Martinez* decision and its interpretation of the anti-SLAPP law's "public enforcement"

6    exemption renders "DeviantArt's motion [] plainly meritless."  Renewal Opp. at 10; *see also* Cal.

7    Code Civ. Proc. § 425.17(b).  But if that exemption so "plainly" applied, Plaintiffs would have

8    raised it in their initial opposition to the anti-SLAPP motion.  *See generally* Dkt. 69.  Instead,

9    Plaintiffs failed to discuss that exemption until their most recent brief.  *See supra* 5.  The apparent

10   reason for their change of strategy is the Ninth Circuit's *Martinez* decision—issued over five

11   months after DeviantArt filed its motion. Dkt. 50 (filed Apr. 18, 2023); 82 F.4th 785 (issued Sept.

12   21, 2023).  But that intervening authority does not establish that DeviantArt's initially filed its

13   motion in bad faith.  Cal. Code Civ. Proc. § 425.16(c) (to award fees, plaintiff must show

14   defendant's "motion to strike" was "frivolous" or "solely intended to cause unnecessary delay").

15          Even setting timing aside, *Martinez* does not render DeviantArt's motion "plainly

16   meritless."  *Contra* Renewal Opp. at 10.  As explained above, other Ninth Circuit precedent

17   establishes that the anti-SLAPP statute can be applied to right-of-publicity claims brought on

18   behalf of a class—particularly where the claims at issue target policy goals that conflict with the

19   preemptive scope of Section 301 of the Copyright Act.  *T3Media*, 853 F.3d at 1008, 1020.  In light

20   of that precedent, DeviantArt's anti-SLAPP motion—which asserted the same preemption defense

21   against the same kind of claim, *compare* Dkt. 50 at 11–15, *with T3Media*, 853 F.3d at 1010–20—

22   cannot be considered "frivolous" or brought in "bad faith" by any measure.[6]

23
24   ---
     [6] None of the cases Plaintiffs cite involves "similar circumstances."  *California Back Specialists
     Medical Group v. Band* addressed an anti-SLAPP motion that was "frivolous" because its basis
25   was one of the parties' involvement in a completely unrelated disciplinary proceeding. 160 Cal.
     App. 4th 1032, 1035–36 (2008).  *Areias v. Applied Underwriters, Inc.* involved a frivolous anti-
     SLAPP motion based entirely on the existence of third-party "campaign contributions" that the
26   plaintiffs' claims did not allege to be unlawful.  No. 21-cv-00023, 2021 WL 9598132, at *11–12
     (N.D. Cal. Oct. 19, 2021).  The motion in *Kailikole v. Palomar Community College District* was
27   frivolous because it sought to strike federal claims.  No. 18-cv-02877, 2020 WL 6203097, at *2–
     3 (S.D. Cal. Oct. 22, 2020).  Plaintiffs' other cases are similarly inapplicable.  *Int'l Union of
28   Petroleum v. W. Indus. Maint., Inc.*, 707 F.2d 425, 427–29 (9th Cir. 1983) (fee award against

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

* * *

Plaintiffs are the only party who has "unreasonably and vexatiously" "multiplie[d] the[se] proceedings," 28 U.S.C. § 1927, including by supplementing their core legal theories with dozens of half-pleaded causes of action that have nothing to do with the conduct at issue. They have done so repeatedly, including by (1) asserting obviously preempted style-appropriation claims, *see* Order at 20 n.15, (2) insisting that DeviantArt "used [their] name[s] to advertise, sell, or solicit purchase of . . . DreamUp" notwithstanding their failure to allege any facts remotely supporting that claim, *id.* at 20, and (3) filing an expanded complaint with 17 separate claims, including by piling on a number of duplicative claims for (*e.g.*) "unjust enrichment," FAC ¶¶ 432–39.

Plaintiffs persisted in that course of conduct notwithstanding Judge Chhabria's strong admonition in a closely related case. *See* Transcript of Nov. 16, 2023 Proceedings at 35:1–10 *in Kadrey, et al. v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 52 (N.D. Cal., Nov. 18, 2023) (lamenting "all this time [spent] on multiple rounds of motions to dismiss on these other claims that seem very much to be the square peg/round hole situation" and suggesting that Plaintiffs' legal theories do not "make sense"). While Plaintiffs reacted to that warning by substantially paring down their complaint in that case, *see* First Consolidated Amended Complaint *in Kadrey, et al. v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 69 (N.D. Cal., filed Dec. 11, 2023) (alleging only one count of direct copyright infringement), they appear to have ignored it here, *see* FAC (filed Nov. 29, 2023) (alleging 17 claims for relief and adding a new defendant). In light of that history, Plaintiffs' cannot reasonably suggest that they "should be awarded their attorneys' fees" simply because DeviantArt attempted to use a well-established mechanism to eliminate one of their core theories of liability. Renewal Opp. at 10. Their request should be denied for that reason alone.

## III.    CONCLUSION

For the foregoing reasons, this Court should issue an order confirming that Plaintiffs must reimburse the attorney's fees and costs DeviantArt incurred in connection with its anti-SLAPP motion, and reject Plaintiffs' request for a fee award in their favor.

---

company who "refus[ed] to abide by" arbitration award "without justification"); *In re Nat'l Mass Media Telecomms. Sys., Inc.*, 152 F.3d 1178, 1181 (9th Cir. 1998) (declining fees under § 1927).

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO

1
Dated:  January 17, 2024                    Respectfully submitted,

2                                           LATHAM & WATKINS LLP

3                                           By:  */s/ Andrew M. Gass*

4                                           Andrew M. Gass (SBN 259694)
                                             *andrew.gass@lw.com*
5                                           Michael H. Rubin (SBN 214636)
                                             *michael.rubin@lw.com*
6                                           Brittany N. Lovejoy (SBN 286813)
                                             *brittany.lovejoy@lw.com*
7                                           505 Montgomery Street, Suite 2000
                                           San Francisco, California  94111-6538
8                                           Telephone:  415.391.0600

9                                           *Attorneys for Defendant DeviantArt, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEVIANTART'S REPLY BR. ISO RENEWED
ANTI-SLAPP MOTION TO STRIKE
CASE NO. 3:23-cv-00201-WHO