CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (344888)
adunning@cgsh.com
Cristina Mendez (349687) (admission pending)
cmendez@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Arminda Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Vishakha S. Joshi
vjoshi@cgsh.com (*pro hac vice* pending)
Amira Perryman
aperryman@cgsh.com (*pro hac vice* pending)
One Liberty Plaza
New York, NY 10006

Attorneys for Defendant
Midjourney, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 8, 2024<br>Time: 2:00 PM<br>Courtroom: Videoconference<br>Before: Hon. William H. Orrick |

**PLEASE TAKE NOTICE** that on May 8, 2024 at 2:00 p.m., defendant Midjourney, Inc. ("Midjourney") will and hereby does request that the Court consider the documents and facts identified below in support of its Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). Exhibits 1 through 4 are attached to the Declaration of Angela L. Dunning ("Dunning Declaration") filed concurrently herewith.

**I. INTRODUCTION**

The Court should consider Dunning Exhibits 1 through 4 in resolving Midjourney's Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). All of these documents are incorporated by reference into the First Amended Complaint ("FAC") (Dkt. 129) and/or the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").

The documents that are the subject of this motion are as follows:

| Ex. | Description | Cited in FAC: |
| --- | --- | --- |
| 1 | Screenshot of messages in a Discord message thread publicly available at https://discord.com/channels/662267976984297473/938713143759216720/941987328828768256 | ¶¶ 261, 262 & n.44 |
| 2 | Screenshots of messages in a Discord message thread publicly available at https://discord.com/channels/662267976984297473/952771221915840552/1064031587735445546 | ¶ 188 & n.37 |
| 3 | Screenshot of publicly available page of Midjourney's website located at https://docs.midjourney.com/docs/image-prompts | ¶ 188 & n.38 |
| 4 | Transcript of the November 20, 2023 hearing in *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (N.D. Cal. Nov. 20, 2023) (Dkt. 52) | N/A |

**Incorporation by Reference**: Midjourney seeks to incorporate by reference the contents of Dunning Exhibits 1 through 3, which are publicly available Discord message threads and a page from Midjourney's website that plaintiffs quote from and cite in the FAC. The contents of these documents form the basis for plaintiffs' copyright and Lanham Act false endorsement claims against Midjourney. As such, these documents are incorporated by reference in the FAC and appropriately considered in their entirety.

**Judicial Notice**:  To the extent they are not incorporated by reference into the FAC, the Court should take judicial notice of Exhibits 1 through 3 because they are publicly available webpages that plaintiffs cite and rely on, and there is no dispute as to their contents.  Midjourney also seeks judicial notice of Dunning Exhibit 4, which is the transcript of the November 20, 2023 hearing held by District Judge Vince Chhabria on a motion to dismiss nearly identical claims in *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (N.D. Cal. Nov. 20, 2023) (Dkt. 52).

## II.    LEGAL STANDARDS

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

**Incorporation by Reference:** A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based") (alterations and internal quotations omitted).  Where a document is incorporated by reference, the court "may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Ritchie*, 342 F.3d at 908; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same); *Foy v. Vinson*, 2022 WL 1443761, at *1 (D. Ariz. May 6, 2022) (considering images from Twitter and Instagram on motion to dismiss where contents were incorporated by reference in plaintiff's complaint).

**Judicial Notice:**  Rule 201 requires a court to "take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Judicial notice is appropriate where a fact is not subject to reasonable dispute because it can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned. Rule 201(b)(2). Judicially noticeable matters may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

### III. ARGUMENT

#### A. Exhibits 1-3 Are Incorporated by Reference in the FAC

The court should consider Dunning Exhibits 1 through 3 under the incorporation by reference doctrine because each is quoted in the FAC and forms the basis for plaintiffs' claims.

**Exhibit 1**: The FAC alleges that Midjourney's founder posted a "style list" spreadsheet on Discord, one tab of which was a "Name List" that included the names of five named plaintiffs and 4,700 other artists. (FAC ¶¶ 261–64). While the Name List is appended to the FAC as Exhibit J, the FAC selectively (and misleadingly) quotes from, but does not attach as an exhibit, the Discord message thread to which it was posted, in which Midjourney's founder described the origin and contents of the Name List. (FAC ¶¶ 261, 262 & n.44.) The Discord thread, and the Name List it described, provide the sole factual basis for plaintiffs' "false endorsement" claim under the Lanham Act (Claim 8). (FAC ¶ 305.) The Court should consider the entire relevant segment of the Discord message thread, not just the snippets plaintiffs cited out of context.

**Exhibits 2 and 3**: A separate section of the FAC again misleadingly quotes Midjourney's founder, this time in support plaintiffs' theory that Midjourney violated the Copyright Act by training or storing within its models copies of their registered works. Specifically, the FAC alleges that Midjourney's "image-prompting" feature "does not copy pixels from the input" image, but merely takes its "concepts" and "vibes." (FAC ¶¶ 188–90). In support, the FAC cites to a URL for a publicly available Discord message thread (Dunning Ex. 2) and publicly available page of Midjourney's website (Dunning Ex. 3), but does not append either as an exhibit. A review of the cited Discord post, however, makes clear that it does not say what plaintiffs claim. The quoted language did not describe the "image-prompting" feature; it described the "/blend command," designed to allow users to input and blend multiple images, by "look[ing] at the 'concepts' and 'vibes' of your images and merg[ing] them together into novel interpretations." (Dunning Ex. 2). Further, the Midjourney

website—which actually describes the image-prompting feature—states that using image prompts will "influence a Job's composition, style, and colors." (Dunning Ex. 3). Plaintiffs offer these allegations in support of their claim that "Midjourney Model version 5.2 [i]s capable of reproducing protected expression" from plaintiffs' registered works. (FAC ¶ 288.) The Court should consider the full contents of Exhibits 2 and 3, rather than the snippets plaintiffs have selectively quoted and mischaracterized in the FAC.

Plaintiffs can hardly dispute that the webpages they relied on and quoted from were intended to be part of the FAC, and are integral to their copyright and false endorsement claims. The full contents of those documents are properly considered in ruling on Midjourney's Motion to dismiss. *See e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (webpages surrounding an image appended to the complaint were appropriately incorporated by reference).

### B.  The Court Should Take Judicial Notice of Exhibits 1-4

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

To the extent not incorporated by reference, judicial notice of Exhibits 1–3 is appropriate. Courts regularly take judicial notice of "information [] on … webpages that [plaintiffs] reference[]" in their pleadings. *See Love v. Ashford San Francisco II LP*, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *see also Gallagher v. Bayer AG*, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website) (Orrick, J.). Where, as here, "website information comes from a URL that matches the URL provided in the complaint" and there is no dispute as to the contents of the cited websites, judicial notice is appropriate. *Whitaker v. Montes*, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021).

Judicial notice is likewise appropriate for Exhibit 4—the transcript of proceedings before Judge Chhabria in *Kadrey v. Meta Platforms, Inc.*, on November 20, 2023, No. 23-CV-03417-VC, (N.D. Cal. Nov. 20, 2023) (Dkt. 52). "Judicial notice is properly taken of public records, such as transcripts, orders, and decisions made by other courts or administrative agencies." *Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009); *see also Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir.2003) (taking judicial notice of the transcript of habeas petitioner's hearing before the Board of Prison Terms). The transcript of this hearing is a matter of public record in a lawsuit pending in this district where the plaintiffs in *Kadrey* are represented by the same counsel representing plaintiffs in this case and made nearly identical allegations to those at issue here. As an official public proceeding that was recorded by a stenographer, the contents of that transcript cannot be subject to reasonable dispute, nor can its accuracy be questioned. Accordingly, it is appropriate for the Court to take judicial notice of this document.

### IV. CONCLUSION

For the foregoing reasons, Midjourney respectfully requests that, in ruling on its Motion to Dismiss the FAC, the Court: (1) consider under the incorporation by reference doctrine Exhibits 1 through 3 to the Dunning Declaration, or in the alternative take judicial notice of those exhibits; and (2) take judicial notice of Exhibit 4 to the Dunning Declaration.

Dated: February 8, 2024

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Angela L. Dunning
Angela L. Dunning (344888)
adunning@cgsh.com