1  JOSEPH C. GRATZ (CA SBN 240676)
   JGratz@mofo.com
2  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
3  TIMOTHY CHEN SAULSBURY (CA SBN 281434)
   TSaulsbury@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street,
5  San Francisco, California  94105-2482
   Telephone:    415.268.7000
6  Facsimile:    415.268.7522

7  MARK A. LEMLEY (CA SBN 155830)
   mlemley@lex-lumina.com
8  LEX LUMINA PLLC
   745 Fifth Avenue, Suite 500
9  New York, New York  10151
   Telephone:    646.898.2055
10 Facsimile:    646.906.8657

11 [CAPTION PAGE CONTINUED ON NEXT PAGE]

12 Attorneys for Defendants
   STABILITY AI LTD. and STABILITY AI, INC.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

| 18 | SARAH ANDERSEN, ET AL., | Case No. 3:23-cv-00201-WHO |
|---|---|---|
| 19 | Plaintiffs, | **DEFENDANTS STABILITY AI LTD.** |
| 20 | v. | **AND STABILITY AI, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST** |
| 21 | STABILITY AI LTD., ET AL., | **AMENDED COMPLAINT; MEMORANDUM OF POINTS AND** |
| 22 | Defendants. | **AUTHORITIES IN SUPPORT** |
| 23 | | Date:      Wednesday, May 8, 2024 |
| 24 | | Time:      2:00 p.m. |
| | | Courtroom: Ctrm 2, 17th Floor |
| 25 | | Judge:      Hon. William H. Orrick |

26

27

28

ALLYSON R. BENNETT (CA SBN 302090)
ABennett@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:     213.892.5200
Facsimile:      213.892.5454

ADITYA V. KAMDAR (CA SBN 324567)
AKamdar@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
Telephone:     202.887.1500
Facsimile:      202.887.0763

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, May 8, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 2, 17th Floor, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants Stability AI Ltd. and Stability AI, Inc. (collectively, "Stability AI"), through their undersigned counsel, will, and hereby do, move to dismiss Counts II through IV of Plaintiffs' First Amended Class Action Complaint ("FAC"), as well as the newly added named plaintiffs, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  Stability AI's Motion to Dismiss ("Motion") is based on this Notice, the supporting Memorandum of Points and Authorities, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on the Motion.

Stability AI seeks an order pursuant to FRCP 12(b)(6) dismissing Counts II through IV of the Amended Complaint, as well as the newly added plaintiffs, for failure to state a claim upon which relief can be granted.

Dated: February 8, 2024                            MORRISON & FOERSTER LLP


                                                   By:  /s/ Joseph C. Gratz
                                                        Joseph C. Gratz

                                                   JOSEPH C. GRATZ (CA SBN 240676)
                                                   JGratz@mofo.com
                                                   TIFFANY CHEUNG (CA SBN 211497)
                                                   TCheung@mofo.com
                                                   TIMOTHY CHEN SAULSBURY (CA
                                                   SBN 281434)
                                                   TSaulsbury@mofo.com
                                                   MORRISON & FORESTER LLP
                                                   425 Market Street
                                                   San Francisco, California 94105-2482
                                                   Telephone:     415.268.7000
                                                   Facsimile:     415.268.7522

                                                   *Attorneys for Defendants*
                                                   STABILITY AI LTD. and STABILITY
                                                   AI, INC.

1

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

2          This motion raises the following issues:

3          1.      **Inducement (Count Two).**  Whether Plaintiffs' inducement claim should be

4    dismissed for failing to plead the essential elements of an improper object to foster infringement

5    or acts of infringement by third parties.

6          2.      **Digital Millennium Copyright Act ("DMCA") (Count Three)**.  Whether

7    Plaintiffs' claim should be dismissed for (i) failing to allege removal or alteration of copyright

8    management information ("CMI") or doing so with requisite intent, or (ii) failing to allege

9    distribution of false CMI or doing so with requisite intent.

10         3.      **Unjust Enrichment (Count Four).**  Whether Plaintiffs' state law claim should be

11   dismissed as preempted by the federal Copyright Act.

12         4.      **Additional Class Representatives and Claims.**  Whether Plaintiffs' newly added

13   proposed class representatives and claims should be dismissed for exceeding the scope of the

14   Court's leave to amend.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND...................................................... 1

III. LEGAL STANDARD ....................................................................................................... 3

IV.  ARGUMENT .................................................................................................................... 3

    A.   Plaintiffs do not plausibly allege that Stability AI induced copyright infringement. .......................................................................................................... 3

        1.   The first inducement theory should be dismissed because it is a claim about direct copyright infringement, not inducement. ................................. 4

        2.   The second inducement theory fails on the merits..................................... 5

    B.   Plaintiffs fail to state a claim under the DMCA........................................................ 7

        1.   Plaintiffs' claim under Section 1202(b)(1) fails........................................... 7

        2.   Plaintiffs' claim under Section 1202(a) fails. ............................................. 9

    C.   Plaintiffs' new unjust enrichment claim must be dismissed. ................................. 10

        1.   The unjust enrichment claim is preempted by the Copyright Act. ............ 10

        2.   Plaintiffs do not allege that they lack an adequate remedy at law. ............ 13

    D.   The additional named plaintiffs and claims exceed the scope of the Court's leave to amend and must be dismissed. ................................................................. 13

V.   CONCLUSION ............................................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ................................................................................................. 7

6

7

*Aikins v. St. Helena Hosp.*,
   No. C 93-3933 FMS, 1994 WL 794759 (N.D. Cal. Apr. 4, 1994) ........................................ 14

8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 3

9

10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 3

11

*Best Carpet Values, Inc. v. Google, LLC*,
   90 F.4th 962 (9th Cir. Jan. 11, 2024) .................................................................................... 11

12

13

*Close v. Sotheby's, Inc.*,
   894 F.3d 1061 (9th Cir. 2018) ........................................................................................ 11, 13

14

15

*Columbia Pictures Indus., Inc. v. Fung*,
   710 F.3d 1020 (9th Cir. 2013) ...................................................................................... 4, 5, 7

16

17

*Cover v. Windsor Surry Co.*,
   No. 14-cv-05262-WHO, 2016 WL 3421361 (N.D. Cal. June 22, 2016) ............................... 14

18

*Daniher v. Pixar Animation Studios*,
   No. 22-cv-00372-BLF, 2022 WL 1470480 (N.D. Cal. May 10, 2022) ................................. 11

19

20

*Del Medera Props. v. Rhodes & Gardner*,
   820 F.2d 973 (9th Cir. 1987) ................................................................................................ 11

21

22

*DeLeon v. Wells Fargo Bank, N.A.*,
   No. 10-cv-01390-LHK, 2010 WL 4285006 (N.D. Cal. Oct. 2010) ....................................... 14

23

*Doe 1 v. GitHub, Inc.*,
   No. 22-cv-06823-JST, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024) ........................... 8, 11, 12

24

25

*Dolls Kill, Inc. v. Zoetop Bus. Co.*,
   No. 2:22-cv-01463-RGK-MAA, 2022 WL 16961477 (C.D. Cal. Aug. 25,
   2022) ....................................................................................................................................... 8

26

27

*Forest Park Pictures v. Univ. Tel. Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012) ................................................................................................. 11

28

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
No. 13-00496 SOM/BMK, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015) ........................ 8

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008).................................................................................................. 3

*Guthrie v. Transamerica Life Ins. Co.*,
561 F. Supp. 3d 869 (N.D. Cal. 2021) ................................................................................... 13

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
353 P.3d 319 (Cal. 2015) ....................................................................................................... 12

*Kadrey v. Meta Platforms, Inc.*,
No. 23-cv-03417-VC, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) .............................. 5, 12

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
No. CV 20-1931-DMG (Ex), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2022) ......................... 8

*Krechmer v. Tantaros*,
747 F. App'x 6 (2d Cir. 2018)................................................................................................ 10

*Laws v. Sony Music Ent., Inc.*,
448 F.3d 1134 (9th Cir. 2006)................................................................................................ 12

*LIVN Worldwide Ltd. v. Vubiquity Inc.*,
No. 2:21-cv-09589-AB-KS, 2022 WL 18278580 (C.D. Cal. July 22, 2022) ...................... 10

*Logan v. Meta Platforms, Inc.*,
No. 22- cv-1847-CRB, 2022 WL 14813836 (N.D. Cal. Oct. 25, 2022) ................................. 9

*Maloney v. T3Media, Inc.*,
853 F.3d 1004 (9th Cir. 2017)................................................................................................ 11

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008).................................................................................................. 3

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) ....................................................................................................... 5, 6, 7

*Montz v. Pilgrim Films & Television, Inc.*,
649 F.3d 975 (9th Cir. 2011) (en banc)................................................................................. 11

*Peguero v. Toyota Motor Sales, USA, Inc.*,
No. 2:20-cv-05889-VAP, 2021 WL 2910562 (C.D. Cal. Apr. 26, 2021).............................. 14

*Perfect 10, Inc. v.Amazon.com, Inc.*,
508 F.3d 1146 (9th Cir. 2007).................................................................................................. 6

*Perfect 10, Inc. v. Visa Int'l Serv.*,
494 F.3d 788 (9th Cir. 2007).................................................................................................... 5

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*,
    804 F. App'x 668 (9th Cir. 2020) ........................................................... 9

*Shade v. Gorman*,
    No. C 08-3471 SI, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009) ........................... 12

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) .......................................................................... 6

*Steinmetz v. Shutterstock, Inc.*,
    629 F. Supp. 3d 74 (S.D.N.Y. 2022) .......................................................... 10

*Stevens v. CoreLogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) ................................................................ 8

*Strifling v. Twitter Inc.*,
    No. 22-cv-07739-JST, 2024 WL 54976 (N.D. Cal. Jan. 4, 2024) ......................... 14

*Tangle Inc. v. Aritzia, Inc.*,
    No. 23-cv-01196-JSW, 2023 WL 6883369 (N.D. Cal. Oct. 18, 2023) .................. 6, 8

*VHT, Inc. v. Zillow Grp. Inc.*,
    918 F.3d 723 (9th Cir. 2019) ............................................................ 3, 14

**Statutes**

17 U.S.C. § 102(a)(5) ............................................................................ 11

17 U.S.C. § 301(a) ............................................................................... 10

17 U.S.C. § 1202(a) ........................................................................... 9, 10

17 U.S.C. § 1202(b)(1) ....................................................................... 7, 8, 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......................................................................... 4

Restatement (Third) of Restitution & Unjust Enrich. § 1 (2011) ................................. 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Court previously dismissed most claims brought by Plaintiffs against Defendants Stability AI Ltd. and Stability AI, Inc. (collectively, "Stability AI").  Although the Court gave Plaintiffs leave to amend to cure specific deficiencies, it expressed skepticism about the ultimate viability of Plaintiffs' action without additional, much-needed clarity.

The amended complaint offers more named plaintiffs and even more paragraphs, but it does not offer more clarity.  Though Plaintiffs followed the Court's instruction in specifying which causes of action they were bringing against which Defendant, most of the claims themselves are slapdash and unsupported.  They must be dismissed.

Plaintiffs' new inducement cause of action, for one, is difficult to interpret, but appears to be missing the heart of the claim:  Plaintiffs have made no effort to plausibly establish that Stability AI encourages the use of its image-generation models to commit copyright infringement.  Plaintiffs' Digital Millennium Copyright Act ("DMCA") claim again skips key statutory elements and runs contrary to precedent, defying the Court's request for additional specificity.  And their new unjust enrichment claim, like the unfair competition claim it seemingly replaced (and which this court dismissed), is merely a copyright claim by another name and is therefore preempted.

Plaintiffs' amended complaint fares no better than the first, and in many instances ignores the Court's guidance as to what might constitute plausible claims.  Indeed, the addition of seven proposed class representatives and two new causes of action exceeds the Court's limited permission to amend in order to cure deficiencies with the original plaintiffs and the original allegations.  Stability AI respectfully requests the Court dismiss Plaintiffs' inducement claim (Count Two), DMCA claim (Count Three), and unjust enrichment claim (Count Four), as well as the newly added class representatives, this time with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**The Original Complaint.**  This case was originally brought on January 13, 2023, by three proposed class representatives—Sarah Andersen, Kelly McKernan, and Karla Ortiz.  ECF No. 1 ¶¶ 28–30.

Against all the original defendants, including Stability AI, the plaintiffs brought claims of direct copyright infringement, vicarious copyright infringement, violation of the copyright management information ("CMI") provisions of the DMCA, violation of the right of publicity (both statutory and common law), unfair competition (both statutory and common law), and for declaratory relief. *Id.* ¶¶ 153–226, 237–39.

**The Court's Prior Order.**  Stability AI filed a motion to dismiss on April 18, 2023.  The Court largely granted Stability AI's motion with leave to amend to cure specific deficiencies it identified.  ECF No. 117 ("Order").  The Court dismissed Plaintiffs' vicarious liability claim against Stability AI for several reasons, including lack of clarity around or plausible facts to support their theory that Stable Diffusion consists of "compressed copies" of their works. *Id.* at 15–16.  The Court dismissed Plaintiffs' DMCA claims for failing to specifically identify what CMI was allegedly removed or altered, by whom, and when. *Id.* at 16–19.  The Court also dismissed Plaintiffs' right of publicity claims (*id.* at 19–20) and unfair competition claim (*id.* at 22–24), and it instructed the plaintiffs to clarify their claim for declaratory relief (*id.* at 24).  The Court denied Stability AI's motion to dismiss the initial plaintiffs' direct copyright infringement claim (*id.* at 7), though it expressed skepticism about the viability of certain of Plaintiffs' direct infringement theories (*id.* at 9–13).

**The Amended Complaint.**  Plaintiffs' First Amended Complaint, ECF No. 129 ("FAC"), adds additional named plaintiffs (Hawke Southworth, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis).  The FAC specifies a subset of Plaintiffs—the "LAION-5B Registered Plaintiffs," or Andersen, Zhang, Brom, Manchess, Kaye, and Ellis—whose works are alleged to be both registered with the Copyright Office and found within the LAION-5B dataset (the "LAION-5B Registered Works").  FAC ¶ 213.  Plaintiffs now allege: (Count One) direct copyright infringement by training and distributing the Stability Models, on behalf of the LAION-5B Registered Plaintiffs; (Count Two) inducement of copyright infringement by distributing Stable Diffusion 2.0 and Stable Diffusion XL 1.0, on behalf of the LAION-5B Registered Plaintiffs; (Count Three) violation of Sections 1202(b)(1) and 1202(a) of the DMCA, on behalf of all Plaintiffs; and (Count Four) unjust enrichment under common law

and California Business & Professions Code § 17200. FAC ¶¶ 214–258. The inducement and unjust enrichment claims are new. Plaintiffs no longer bring claims of vicarious liability, violation of the right of publicity, unfair competition, or for declaratory relief against Stability AI.

### III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (cleaned up). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

### IV.    ARGUMENT

#### A.    Plaintiffs do not plausibly allege that Stability AI induced copyright infringement.

Plaintiffs' inducement claim is as confusing as it is scant. Plaintiffs' allegations, construed generously, might mean one of two different things. First, Plaintiffs could be claiming that the Stability models are themselves infringing works, and that by distributing the models Stability AI is inducing infringement that occurs when the model itself is copied. FAC ¶¶ 233–34. Second, Plaintiffs could be alleging that Stability AI induces its users to reproduce Plaintiffs' images found in the training data or to mimic their artistic styles. FAC ¶¶ 236.[1]

Plaintiffs do not bother to refine either theory or sufficiently explain why they are entitled to relief. They have ignored the Court's repeated calls for additional clarity in its order

---

[1] Plaintiffs also claim that Stability AI made a "material contribution" to the alleged infringing activity by creating the Stability models and distributing them for free. FAC ¶ 235. Material contribution is a separate type of contributory liability that contains its own elements and is not alleged as a cause of action in the FAC—and importantly here, it is not relevant to inducement. *See, e.g.*, *VHT, Inc. v. Zillow Grp. Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (distinguishing two theories).

1    dismissing much of Plaintiffs' original complaint.  *See* Order at 1, 9–10, 12–15, 18, 20, 22, 24;

2    *see* Fed. R. Civ. P. 8(a)(2).  That alone justifies dismissal.

3        But even engaging either theory on the merits reveals that neither works.  To plead

4    inducement, Plaintiffs must plausibly allege "(1) the distribution of a device or product, (2) acts

5    of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation."

6    *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013).  Because Plaintiff

7    cannot meet this standard, their inducement claim must be dismissed with prejudice.

8                    **1.    The first inducement theory should be dismissed because it is a**
                         **claim about direct copyright infringement, not inducement.**
9
        The first possible inducement theory is not a traditional inducement claim:  Plaintiffs do

10   not allege that Stability AI distributes a device, product, or service that facilitates infringement.

11   Instead, Plaintiffs allege that (1) Stability AI distributes Stable Diffusion 2.0 and Stable Diffusion

12   XL 1.0 in a manner that "allows anyone to download, use, and deploy" them; (2) the two Stability

13   models are infringing in and of themselves; and (3) therefore that "anyone who in fact downloads,

14   uses, or deploys" the models is infringing Plaintiffs' copyrights.  FAC ¶¶ 233–34.  This argument

15   is just a restatement of Plaintiffs' direct infringement theory that Stability AI, by distributing the

16   Stability models to the public, infringes Plaintiffs' exclusive right of distribution.  *See* FAC ¶ 230.

17   It is also an attempt for Plaintiffs to resurrect their theory that the Stability models themselves are

18   derivative works—a claim the Court rejected the first time around.  Order at 10 n.7.

19       In light of the Court's determination that Plaintiffs have a "plausible cause of action for

20   direct infringement" and that the Court "will not rule on theories that [Plaintiffs] may assert

21   within that cause of action against Stability until a later stage of the case" (ECF No. 121),

22   Stability AI is not seeking dismissal of Plaintiffs' direct infringement claim.[2]  But Plaintiffs

23

24   ───────────────────────
     [2] Even though Stability AI is not seeking dismissal of Plaintiffs' individual theories of direct
25   infringement in light of the Court's indication that it will not rule on those theories at this stage,
     ECF No. 121, Plaintiffs' reasserted model-as-derivative-work theory is still wholly unsupported.
26   In the FAC, Plaintiffs state without elaboration that "[b]ecause Stable Diffusion XL 1.0
     represented a transformation of the LAION-5B Registered Works into an alternative form, Stable
27   Diffusion XL 1.0 also qualifies as an infringing Statutory Derivative Work."  FAC ¶ 223.  There
     are no plausible allegations of similarity between the Stability models and any of Plaintiffs'
28   specific original works at all, let alone protected elements of those works.  As Judge Chhabria
     recently found in a copyright case targeted at Meta's large language model, the argument that an

1   cannot repackage a direct liability claim into one for secondary liability; they must actually plead

2   the elements of inducement.  They haven't done so, and the claim should therefore be dismissed.

3                   **2.      The second inducement theory fails on the merits.**

4           The second possible theory—that Stability AI encourages the use of its models to create

5   infringing outputs—more closely hews to a traditional inducement claim but fails on the merits.

6           A key, "usually dispositive, requirement for inducement liability is that the 'device' or

7   service be distributed 'with the object of promoting its use to infringe copyright, as shown by

8   clear expression or other affirmative steps to foster infringement.'"  *Fung*, 710 F.3d at 1034

9   (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)).

10  Because this "improper object must be plain and must be affirmatively communicated through

11  words or actions," *Fung*, 710 F.3d at 1034, courts have looked to evidence that demonstrates a

12  specific intent to promote infringement, such as publicly advertising infringing uses or taking

13  steps to usurp an existing infringer's market.  *See Grokster*, 545 U.S. at 937–38 (marketing

14  software as a Napster alternative and distributing a newsletter linking to articles on how to

15  download popular copyrighted music); *Fung*, 710 F.3d at 1036 (creating a "Box Office Movies"

16  webpage that invited users to upload files that foster infringement).

17          Plaintiffs offer no such clear evidence here.  They do not point to any Stability AI website

18  content, advertisements, or newsletters, nor do they identify any language or functionality in the

19  Stability models' source code, that promotes, encourages, or evinces a "specific intent to foster"

20  actual copyright infringement or indicate that the Stability models were "created . . . as a means to

21  break laws." *Perfect 10, Inc. v. Visa Int'l Serv.*, 494 F.3d 788, 801 (9th Cir. 2007) (affirming

22  dismissal with prejudice).  Rather, Plaintiffs rely completely on the isolated use of a single

23

24

25  _____

    AI model could be a derivative work is "nonsensical." *Kadrey v. Meta Platforms, Inc.*, No. 23-
26  cv-03417-VC, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023).  "There is no way to
    understand the [AI] models themselves as a recasting or adaptation of any of the plaintiffs'
27  [works]."  *Id.*  Though Stability AI does not challenge Plaintiffs' overall direct infringement
    claim here, Plaintiffs' flawed derivative work theory does not satisfy the requirements this Court
28  set out in dismissing the original complaint and certainly should not serve as the basis for an
    inducement claim.

word—"recreate"—by Stability AI's CEO in response to a podcast interview.[3]  Even viewed in

the light most favorable to Plaintiffs, this lone comment does not demonstrate Stability AI's

"improper object" to foster infringement, let alone constitute a "step[] that [is] substantially

certain to result in such direct infringement."  *Perfect 10, Inc. v.Amazon.com, Inc.*, 508 F.3d 1146,

1171 (9th Cir. 2007).

Clear allegations of active steps to encourage direct infringement are especially important

here because Plaintiffs' own allegations show that the Stability models are "capable of substantial

noninfringing uses."  *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984).

In *Sony*, because the video recording device at issue was capable of substantial noninfringing

uses, secondary liability could not apply—even with Sony's knowledge of potential improper

uses.  *Id.* at 441–42.  The same is true here.  Plaintiffs themselves demonstrate that—without

being specifically prompted by an artist's name or an artist's existing work—the Stability models

generate images (e.g., the images generated from simple prompts like "chef" or "teacher" in

Exhibit D) that have no alleged similarity or relation to Plaintiffs' works and are not plausibly

unlawful.  *See* FAC Ex. D, ECF No. 129-4; *see also* Order at 12 ("The . . . problem for plaintiffs

is that it is simply not plausible that every Training Image used to train Stable Diffusion was

copyrighted (as opposed to copyrightable), or that all . . . Output Images rely upon (theoretically)

copyrighted Training Images, and therefore *all* Output images are derivative images.").  As the

Supreme Court made clear in *Grokster*, *Sony*'s safe harbor applies unless Plaintiffs can allege

facts that "go[] beyond a product's characteristics or the knowledge that it may be put to

infringing uses, and show[] statements or actions directed to promoting infringement."  *Grokster*,

545 U.S. at 935; *see also id.* at 937 ("The inducement rule . . . premises liability on purposeful,

culpable expression and conduct, and thus does nothing to compromise legitimate commerce or

discourage innovation having a lawful promise.").  Plaintiffs do not offer any such allegations.

_____

[3] To the extent Plaintiffs attempt also to rely on additional statements by Stability AI employees related to using artists' names as prompts to recreate their aesthetic style (*see* FAC ¶¶ 224–28), those are not examples of clear expression made to foster infringement nor "evidence of actual infringement."  *Grokster*, 545 U.S. at 940.  It is black letter law that copyright protects expression, not ideas.  "Style, no matter how creative, is an idea, and is not protectable by copyright."  *Tangle Inc. v. Aritzia, Inc.*, No. 23-cv-01196-JSW, 2023 WL 6883369, at *3 (N.D. Cal. Oct. 18, 2023).

1     Nor have Plaintiffs identified any third parties that have engaged in any alleged direct

2  infringement, beyond a vague gesture to "anyone" who uses or deploys its models (FAC ¶ 234)—

3  an independent reason to dismiss Plaintiffs' inducement claim. "To prove copyright infringement

4  on an inducement theory," Plaintiffs have to plausibly allege "actual infringement by" third

5  parties using Stability AI's models. *Fung*, 710 F.3d at 1030 (quoting *Grokster*, 545 U.S. at 940);

6  *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)

7  ("Secondary liability for copyright infringement does not exist in the absence of direct

8  infringement by a third party.").  Nearly a year after filing their initial complaint, the only

9  examples of purportedly infringing outputs Plaintiffs include in the FAC are those created by

10  Plaintiffs' attorneys themselves.  *See* FAC ¶¶ 160–62, 180–84, 191–97, Exs. D (ECF No. 129-5)

11  & G (ECF No. 129-6).  It's implausible—and likely impossible—that their attorneys were

12  induced by Stability AI to create allegedly infringing outputs of Plaintiffs' own works.  With no

13  examples of third-party direct infringement, nor any substantive allegations of Stability AI's

14  "improper object"—even after amending their complaint—Plaintiffs' inducement claim must be

15  dismissed with prejudice.

16              **B.      Plaintiffs fail to state a claim under the DMCA.**

17                      **1.      Plaintiffs' claim under Section 1202(b)(1) fails.**

18      Section 1202(b)(1) prohibits "intentionally remov[ing] or alter[ing] any copyright

19  management information . . . knowing, or . . . having reasonable grounds to know, that it will

20  induce, enable, facilitate, or conceal an infringement of any right under this title."  17 U.S.C.

21  § 1202(b)(1).

22      Plaintiffs do not allege facts that constitute intentional removal or alteration of CMI.

23  Plaintiffs allege that Stability AI copied Plaintiffs' works as part of its training process, and that

24  those works had CMI (e.g., watermarks, signatures, captions).  They then baldly assert—without

25  any elaboration—that the training process was "designed to remove or alter CMI from the

26  training images."  FAC ¶ 245.  In support, Plaintiffs point to examples where an input image (one

27  of Plaintiffs' works) has CMI, but Stable Diffusion's output image (which is not identical to

28  Plaintiffs' work) does not.  FAC ¶¶ 195–97.  Failing to affix CMI to a different work, even if it is

similar to the source work, is not "removal" under Section 1202. *See Doe 1 v. GitHub, Inc.*, No. 22-cv-06823-JST, 2024 WL 235217, at *8–9 (N.D. Cal. Jan. 22, 2024) (dismissing Section 1202(b) claim for failure to meet law's identicality requirement); *Dolls Kill, Inc. v. Zoetop Bus. Co.*, No. 2:22-cv-01463-RGK-MAA, 2022 WL 16961477, at *4 (C.D. Cal. Aug. 25, 2022) (dismissing Section 1202(b)(1) claim where works, though similar, are not exactly the same); *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG (Ex), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2022) (dismissing claim where "side-by-side" review of images in complaint revealed that "Defendant did not make *identical* copies of Plaintiff's works and then remove the [] CMI" (emphasis in original)); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017) (where architectural drawings were "not identical . . . this court can[not] say that [defendant] removed or altered [plaintiff's] copyright management information"); *id.* at *3 ("basing a drawing on [defendant's] work is not sufficient to support a claim of copyright removal").

Finally, Plaintiffs' allegations do not support Section 1202(b)(1)'s "double scienter" requirement that Stability "intentionally" removed or altered CMI "knowing" that doing so would induce, enable, facilitate, or conceal further infringement. 17 U.S.C. § 1202(b)(1); *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673–74 (9th Cir. 2018). Plaintiffs allege that Stability AI's encouragement of the use of artists' names in prompts would reasonably lead to creations by its users that mimic Plaintiffs' styles—without Plaintiffs' CMI. FAC ¶ 246. This allegation is self-defeating: if Stability AI is encouraging the use of an artist's name to prompt outputs that mimic the artist's style, doing so would only be possible if the artist *is* identified by name in the trained model. Further, merely mimicking an aesthetic style does not constitute copyright infringement of any particular work, especially when there is no showing that any output images (e.g., the examples in FAC Exhibits D or G) contain substantial copyrightable expression from any particular work of a Plaintiff. *Tangle Inc. v. Aritzia, Inc.*, No. 23-cv-01196-JSW, 2023 WL 6883369, at *3 (N.D. Cal. Oct. 18, 2023) ("Style, no matter how creative, is an idea, and is not protectable by copyright.").

1   The Court allowed Plaintiffs to amend their Section 1202(b)(1) claim to include necessary

2   clarification supported by plausible facts.  Order at 18–19.  Plaintiffs have failed to do so, and

3   their claim must be dismissed.

4   **2.      Plaintiffs' claim under Section 1202(a) fails.**

5   Section 1202(a) prohibits "knowingly and with the intent to induce, enable, facilitate, or

6   conceal infringement . . . provid[ing] . . . or . . . distribut[ing] copyright management information

7   that is false."  17 U.S.C. 1202(a).  On top of Plaintiffs' allegations that the Stability models

8   themselves are infringing, Plaintiffs further allege that Stability AI violated Section 1202(a) by

9   asserting copyright ***in the model itself*** through a license file in its open-source software

10  distribution.  FAC ¶ 248.

11  Plaintiffs do not allege that Stability AI's standalone license file suggests any association

12  at all with Plaintiffs' works, which is necessary to support a claim under this provision.  The

13  Ninth Circuit in *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona,, Inc.*, 804 F. App'x

14  668, 670–71 (9th Cir. 2020), affirmed a grant of summary judgment against a plaintiff's false

15  CMI claim because the defendant's copyright notice was at the bottom of its webpage and

16  separate from the rest of the webpage's content.  The notice was generic and did not communicate

17  that the defendant owned the photos, and the notice was not located on or next to any of the

18  plaintiff's photos.  *Id.*  That the copyright notice was not "conveyed in connection with"

19  plaintiff's photos was fatal to the false CMI claim.  *Id.*; *see also Logan v. Meta Platforms, Inc.*,

20  No. 22- cv-1847-CRB, 2022 WL 14813836, at *8 (N.D. Cal. Oct. 25, 2022) (finding copyright

21  notice on the bottom of each Facebook user page separated from the rest of the content

22  insufficient to plead that Meta conveyed CMI in connection with plaintiff's photos).  The same is

23  true here:  Stable Diffusion's license file Plaintiffs link to—a generic MIT License—is wholly

24  separate from Plaintiffs' works (even making the inaccurate assumption that Plaintiffs' works

25  exist within the Stable Diffusion software at all).  FAC ¶ 248.

26  Plaintiffs' Section 1202(a) claim further fails for lack of intent.  Like Section 1202(b)(1),

27  Section 1202(a) also contains a "double scienter" requirement.  Plaintiffs must demonstrate both

28  that Stability AI (1) "knowingly" provided false CMI ***and*** (2) that it did so "with the intent to

induce, enable, facilitate, or conceal infringement."  17 U.S.C. 1202(a); *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018).  Plaintiffs' sole allegation supporting its Section 1202(a) claim hinges on Stability AI's distribution of the Stability models under the MIT License, wherein "Stability asserts copyright" in a standalone license file.  FAC ¶ 248.  But Plaintiffs fail to allege that Stability AI **knowingly** provided **false** copyright information by asserting copyright over the Stability models, which Plaintiffs readily admit were trained and developed by Stability AI.  *See, e.g.*, FAC ¶¶ 214–15, 217; *see also Krechmer*, 747 F. App'x at 9–10 (affirming dismissal of Section 1202(a) claim where plaintiff merely alleged that defendant was falsely listed as author but did not plausibly allege that "defendants knew that such copyright information was false—or that it is false, for that matter").  Further, Plaintiffs' issue is with Stability AI's allegedly false "assert[ion of] copyright in the Stability Models, which infringe the copyrights of the LAION-5B Plaintiffs," FAC ¶ 248—but there is no mention of the requisite intent to induce, enable, facilitate, or conceal infringement.  *See LIVN Worldwide Ltd. v. Vubiquity Inc.*, No. 2:21-cv-09589-AB-KS, 2022 WL 18278580, at *6 (C.D. Cal. July 22, 2022) (dismissing Section 1202(a) claim where Plaintiff merely relied on distribution of allegedly false copyright ownership information to establish intent to induce infringement).  As such, "Plaintiff[s] cannot establish that Defendant had any scienter, let alone double scienter."  *Steinmetz v. Shutterstock, Inc.*, 629 F. Supp. 3d 74, 85 (S.D.N.Y. 2022).

### C.  Plaintiffs' new unjust enrichment claim must be dismissed.

#### 1.  The unjust enrichment claim is preempted by the Copyright Act.

Plaintiffs allege that Stability AI "us[ed]" their works to "train, develop and promote" the Stability Models without their "consent."  FAC ¶¶ 254–55.  This exact type of claim—using works (i.e., copyrighted images) without consent (i.e., without a license)—is preempted by Section 301 of the Copyright Act.  17 U.S.C. § 301(a).  The Ninth Circuit has adopted a two-prong test to determine whether a state law claim is preempted: "First, we decide whether the subject matter of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103;" and "Second, assuming it does, we determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the

1    exclusive rights of copyright holders." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir.

2    2017) (cleaned up).

3          The first prong is easily satisfied.  Copyright law protects original works of authorship

4    including "pictoral" and "graphic . . . works." 17 U.S.C. § 102(a)(5).  Because Plaintiffs' unjust

5    enrichment claim centers on Stability AI's purported use of their visual art, there can be "no

6    doubt" that it "fall[s] within the subject matter of copyright." *Close v. Sotheby's, Inc.*, 894 F.3d

7    1061, 1069 (9th Cir. 2018) (state law claim involving paintings and drawings preempted).[4]

8          The second preemption prong is also satisfied.  "To survive preemption, the state cause of

9    action must protect rights which are qualitatively different from the copyright rights.  The state

10   claim must have an extra element which changes the nature of the action." *Del Medera Props. v.*

11   *Rhodes & Gardner*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds*, *Fogerty v.*

12   *Fantasy, Inc.*, 510 U.S. 517 (1994).  Plaintiffs complain of Stability AI's use of their works to

13   train, develop, and promote the Stability Models, but any supposed state-law right to prevent

14   these uses would be equivalent to rights protected solely by federal copyright law.  Plaintiffs'

15   threadbare cause of action contains no "extra element" that changes the nature of their claim.  *See*

16   *Best Carpet Values, Inc. v. Google, LLC*,  90 F.4th 962, 974–75 (9th Cir. Jan. 11, 2024) (unjust

17   enrichment claim preempted where "not materially different from a claim for copyright

18   infringement that requires a plaintiff to prove that the defendant used, reproduced, copied, or

19   displayed a copyrighted work" (quoting *Forest Park Pictures v. Univ. Tel. Network, Inc.*, 683

20   F.3d 424, 432 (2d Cir. 2012))); *see also GitHub, Inc.*, 2024 WL 235217, at *7 (where

21   reproduction at issue, unjust enrichment claim preempted).  Plaintiffs' allegations related to

22   "training" and "developing" the models, for example, focus on unauthorized reproduction, both in

23   downloading images from the LAION-5B dataset and in creating intermediate copies.  FAC

24

25   _____
     [4] It does not matter that this claim is brought on behalf of all Plaintiffs, some of whom have not
     registered their works at issue.  The question under the first prong is "not whether a work is
     protected by copyright, but rather whether it is the kind of work covered by the Copyright Act."
26   *Daniher v. Pixar Animation Studios*, No. 22-cv-00372-BLF, 2022 WL 1470480, at *5 (N.D. Cal.
     May 10, 2022) (rejecting argument that work was not within subject matter of copyright for
27   purposes of preemption even though plaintiff canceled her registered copyright and parties agreed
     she did not have a viable copyright claim); *see also Montz v. Pilgrim Films & Television, Inc.*,
28   649 F.3d 975, 979 (9th Cir. 2011) (en banc) ("[T]he scope of the subject matter of copyright law
     is broader than the protections it affords.").

1   ¶¶ 221–22.  It is telling—and dispositive—that this cause of action mirrors Plaintiffs' direct

2   infringement claim.  *Id.*; *see also* Order at 23 (rejecting Plaintiffs' original unfair competition

3   claim as preempted where central unlawful act tied to purported copyright violations).

4          In any event, Plaintiffs' unjust enrichment claim calls for resolution under copyright law.

5   Plaintiffs must show that Stability AI was "unjustly enriched at the expense of" Plaintiffs.

6   *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 353 P.3d 319, 326 (Cal. 2015) (citing Restatement

7   (Third) of Restitution & Unjust Enrich. ("Rest. Unjust Enrich.") § 1 (2011)).  The obligation for

8   restitution in such a situation "arises when the enrichment obtained lacks any adequate legal basis

9   and thus 'cannot conscientiously be retained.'"  *Id.* (quoting Rest. Unjust Enrich. § 1 cmt. b).

10  Here, the question of whether Stability AI's alleged use of Plaintiffs' images had any adequate

11  legal basis is answered by copyright law.  *See* Rest. Unjust Enrich. § 3 cmt. d ("[I]f a claimant

12  seeks restitution of profits that are realized at the margin of property rights—profits derived from

13  . . . a transaction that may or may not be regarded as a misappropriation—it is the law of property

14  that draws the necessary lines."); *id.* § 42 cmt. b ("In the underlying argument over the *scope* of

15  protected rights in intellectual property . . . an initial recourse to ideas of unjust enrichment is

16  likely to beg the question." (emphasis in original)).  Both preemption prongs are met, and the

17  Court should dismiss Plaintiffs' unjust enrichment claim as preempted.

18         Nor can Plaintiffs save their unjust enrichment claim on the theory that it is based on the

19  "use" of the models rather than reproduction or another exclusive right of copyright. That

20  Plaintiffs may characterize their claim as one about "use"—rather than explicit reproduction or

21  distribution, for example—makes no difference.  *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-

22  03417-VC, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (claim alleging "use of the

23  plaintiffs' books to train [AI model] unjustly enriched Meta" preempted as it "relie[d] on the

24  same rights contained in the Copyright Act"); *see also Laws v. Sony Music Ent., Inc.*, 448 F.3d

25  1134, 1143 (9th Cir. 2006) (state law right of publicity claim for alleged wrongful "use" of

26  copyrighted sound recording preempted); *GitHub*, 2024 WL 235217, at *7 (amended unjust

27  enrichment claim alleging "use[]" by AI system of copyrighted material preempted); *Shade v.*

28  *Gorman*, No. C 08-3471 SI, 2009 WL 196400, at *5 (N.D. Cal. Jan. 28, 2009) (unjust enrichment

claim based on alleged "use" of and "benefit" from plaintiff's material preempted and citing cases holding same).  Plaintiffs' unjust enrichment claim is preempted.

This conclusion does not change simply because Stability AI is not actually engaged in copyright infringement.  Any state law claim that confers rights broader than copyright law allows is still preempted, so long as the subject matter overlaps and there is no extra element that transforms the action.  *See Close*, 894 F.3d at 1070–71 (holding state law claim that granted rights beyond the scope of a copyright holder's distribution right nonetheless was equivalent for preemption purposes).  Here, Plaintiffs' allegations demonstrate that their unjust enrichment claim is simply a copyright claim rephrased.

### 2.    Plaintiffs do not allege that they lack an adequate remedy at law.

In *Sonner v. Premier Nutrition Corporation*, the Ninth Circuit held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm."  971 F.3d 834, 844 (9th Cir. 2020).  "District courts have understood *Sonner* to require that, at a minimum, a plaintiff *plead* that she lacks an adequate remedy at law" before seeking restitution.  *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 871 (N.D. Cal. 2021) (emphasis in original).  Plaintiffs have not done so:  there are zero allegations that Plaintiffs' existing legal remedies against Stability AI are inadequate.  This Court thus lacks equitable jurisdiction over Plaintiffs' unjust enrichment claim and it must be dismissed.

### D.    The additional named plaintiffs and claims exceed the scope of the Court's leave to amend and must be dismissed.

Plaintiffs' addition of seven new proposed class representatives (Hawke Southworth, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis) and two new causes of action against Stability AI (Count Two (inducement) and Count Four (unjust enrichment)) contravenes the Court's specific grant of leave to amend to "attempt to cure the deficiencies" identified in its Order.  Order at 28; *see also id.*, at 1 ("Plaintiffs are given leave to amend to provide clarity regarding their theories of how each defendant separately violated their copyrights, removed or altered their copyright management information, or violated their rights of publicity and plausible facts in support.").  Instead, Plaintiffs exchanged several of

1    their failed causes of action for new ones.  Where "leave to amend is given to cure deficiencies in

2    specified claims, courts have agreed that new claims alleged for the first time in the amended

3    pleading should be dismissed or stricken." *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO,

4    2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (quoting *DeLeon v. Wells Fargo Bank, N.A.*,

5    No. 10-cv-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 2010)) (dismissing new claim

6    that exceeded scope of previous dismissal order).  After the Court dismissed Plaintiffs' vicarious

7    liability theory with leave to amend (Order at 15–16), Plaintiffs came back with an inducement

8    cause of action.  Though in passing they label their inducement theory a form of "Vicarious

9    Copyright Infringement" (FAC ¶ 39), it is not.  *See, e.g.*, *VHT, Inc. v. Zillow Grp. Inc.*, 918 F.3d

10    723, 744–47 (9th Cir. 2019) (distinguishing inducement, a form of ***contributory*** liability, from

11    ***vicarious*** liability).  Further, Plaintiffs brought a brand-new unjust enrichment claim after their

12    unfair competition claim failed.  Not only are these new claims meritless for the reasons stated

13    above, but by contravening the Court's limited scope of amendment, they must be dismissed.

14          Plaintiffs' addition of seven new proposed class representatives is similarly improper.

15    "[C]ourts in this district consistently strike or dismiss parties and claims that exceed the scope of

16    an order granting leave to amend."  *Strifling v. Twitter Inc.*, No. 22-cv-07739-JST, 2024 WL

17    54976, at *1 (N.D. Cal. Jan. 4, 2024) (citing cases); *see also Aikins v. St. Helena Hosp.*, No. C 93-

18    3933 FMS, 1994 WL 794759, at *2 (N.D. Cal. Apr. 4, 1994) (dismissing new plaintiff where

19    "[p]laintiffs did not request leave to name a new plaintiff, and the Court's order [granting leave to

20    amend] cannot reasonably be construed as having granted plaintiffs such leave"); *Peguero v.

21    Toyota Motor Sales, USA, Inc.*, No. 2:20-cv-05889-VAP (ADSx), 2021 WL 2910562, at *5 (C.D.

22    Cal. Apr. 26, 2021) (on motion to dismiss, striking addition of three new named plaintiffs and

23    additional claims for which leave to amend was not granted).  The Court's Order identified many

24    fatal deficiencies in the original complaint, including a lack of plausible facts specific to the three

25    original named plaintiffs.  *See, e.g.*, Order at 18, 19, 20, 23.  Plaintiffs exceeded the Court's

26    permission to cure those deficiencies by adding seven new named Plaintiffs.  They must be

27    dismissed.

28

1

## V.     CONCLUSION

2        For these reasons, Stability AI respectfully requests the Court dismiss with prejudice

3   Plaintiffs' claims of inducement (Count Two), violation of the DMCA (Count Three), and unjust

4   enrichment (Count Four), as well as the seven new named plaintiffs.

5

6   Dated: February 8, 2024                          MORRISON & FOERSTER LLP

7

8                                                    By:  */s/ Joseph C. Gratz*
                                                          Joseph C. Gratz
9
                                                          JOSEPH C. GRATZ (CA SBN 240676)
10                                                        JGratz@mofo.com
                                                          TIFFANY CHEUNG (CA SBN 211497)
11                                                        TCheung@mofo.com
                                                          TIMOTHY CHEN SAULSBURY (CA
12                                                        SBN 281434)
                                                          TSaulsbury@mofo.com
13                                                        MORRISON & FORESTER LLP
                                                          425 Market Street
14                                                        San Francisco, California 94105-2482
                                                          Telephone:     415.268.7000
15                                                        Facsimile:     415.268.7522

16                                                        ALLYSON R. BENNETT (CA SBN
                                                          302090)
17                                                        ABennett@mofo.com
                                                          MORRISON & FOERSTER LLP
18                                                        707 Wilshire Boulevard
                                                          Los Angeles, California 90017-3543
19                                                        Telephone:     213.892.5200
                                                          Facsimile:     213.892.5454
20
                                                          ADITYA V. KAMDAR (CA SBN
21                                                        324567)
                                                          AKamdar@mofo.com
22                                                        MORRISON & FOERSTER LLP
                                                          2100 L Street, NW, Suite 900
23                                                        Washington, DC  20037
                                                          Telephone:     202.887.1500
24                                                        Facsimile:     202.887.0763

25

26

27

28

MARK A. LEMLEY (CA SBN 155830)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, New York  10151
Telephone:   646.898.2055
Facsimile:    646.906.8657

*Attorneys for Defendants*
STABILITY AI LTD. and STABILITY
AI, INC.

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on February 8, 2024, the within document was filed with the Clerk of

3   the Court using CM/ECF, which will send notification of such filing to the attorneys of record in

4   the case.

5

6                                                    */s/ Joseph C. Gratz*
                                                     Joseph C. Gratz

7

8

9

10

11

12

13

14

15

16

17

18

19

20      sf-5695956

21

22

23

24

25

26

27

28