KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
CELINA S. MALAVE - # 347808
cmalave@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual; H. SOUTHWORTH PKA HAWKE SOUTHWORTH, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        May 8, 2024<br>Time:        2:00 p.m.<br>Courtroom: 2 – 17th Floor<br>Judge:       Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date:  None Set |

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................................1

II.  BACKGROUND ....................................................................................................................2

III. LEGAL STANDARD.............................................................................................................3

IV.  ARGUMENT .........................................................................................................................4

    A.   The Court should dismiss—at the pleadings stage—Plaintiffs' baseless
        theories of direct copyright infringement. ...................................................................4

        1.   The Court can, and should, narrow Plaintiffs' direct-infringement
            claim to the sole theory they have plausibly pled. .........................................5

        2.   Plaintiffs cannot state a claim with their Model Theory because
            they cannot plausibly allege that Stable Diffusion 1.5 is
            substantially similar to any of their registered works. ..................................6

        3.   Plaintiffs' Distribution Theory fails for the same reason that their
            Model Theory does—they cannot plausibly allege that Stable
            Diffusion 1.5 contains, or is substantially similar to, their registered
            works..............................................................................................................12

    B.   The Court should dismiss Plaintiffs' claim for induced copyright
        infringement as it fails for multiple reasons. .............................................................13

        1.   Plaintiffs do not allege specific infringing acts by third parties,
            which is required to plead induced infringement.........................................14

        2.   Plaintiffs also fail to allege that Runway actively encouraged any
            infringement. ................................................................................................14

        3.   Plaintiffs fail to allege—and could not allege—that Stable
            Diffusion 1.5 lacks substantial non-infringing uses....................................16

    C.   The Court should dismiss Plaintiffs' DMCA claims. .................................................17

        1.   Plaintiffs fail to state a claim under DMCA § 1202(a) for at least
            four independent reasons. .............................................................................17

        2.   Plaintiffs fail to state a claim under DMCA § 1202(b) for at least
            three independent reasons. ...........................................................................19

    D.   The Court should dismiss the unjust enrichment claim because Plaintiffs
        have failed to properly plead it, and even if they had, it would be
        preempted by the Copyright Act..................................................................................21

        1.   Plaintiffs have failed to plead the elements of unjust enrichment. ............21

        2.   Plaintiffs have failed to plead that they lack an adequate remedy at
            law.................................................................................................................22

i

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

3.   Even if Plaintiffs could state a claim for unjust enrichment, it would be preempted by the Copyright Act. ........................................................22

E.   The Court should dismiss Plaintiffs' inadequately pled claims with prejudice. ........................................................................................................23

V.   CONCLUSION ............................................................................................................24

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3d, Ltd. v. Spectratek Techs., Inc.*,
    41 F. App'x 931 (9th Cir. 2002) .........................................................11

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595 (9th Cir. 2014) ..............................................................10

*Altera Corp. v. Clear Logic, Inc.*,
    424 F.3d 1079 (9th Cir. 2005) ............................................................23

*Antonick v. Elec. Arts, Inc.*,
    841 F.3d 1062 (9th Cir. 2016) ............................................................11

*Ascon Props., Inc. v. Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir. 1989) ............................................................23

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................3

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ..............................................................22

*Authors Guild v. Google, Inc.*,
    804 F.3d 202 (2d Cir. 2015) ............................................................9, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................3

*Caribbean Queen, Inc. v. Lee*,
    No. CV-20-09637 AB, 2021 WL 3215110 (C.D. Cal. Mar. 24, 2021) ...................17

*Columbia Pictures Indus., Inc. v. Fung*,
    710 F.3d 1020 (9th Cir. 2013) ........................................................14, 15

*Cromwell v. Certified Forensic Loan Auditors*,
    No. 17-cv-02429-DMR, 2019 WL 1095837 (N.D. Cal. Jan. 10, 2019) ...............23

*Davis v. Pinterest, Inc.*,
    No. 19-cv-07650-HSG, 2020 WL 4201681 (N.D. Cal. July 22, 2020) ...............14

*Doe 1 v. GitHub, Inc.*,
    No. 22-CV-06823-JST, 2023 WL 3449131 (N.D. Cal. May 11, 2023) .......20, 21, 23

*Eldred v. Ashcroft*,
    537 U.S. 186 (2003)..............................................................................11

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

*Falkner v. GM, LLC*,
   393 F. Supp. 3d 927 (C.D. Cal. 2018) ...................................................................21

*Fashion Nova, LLC v. Blush Mark, Inc.*,
   No. CV 22-6127 PSG (RAO), 2023 WL 4307646 (C.D. Cal. June 30, 2023).......................20

*Faulkner Press, L.L.C. v. Class Notes, LLC*,
   756 F. Supp. 2d 1352 (N.D. Fla. 2010)...................................................................19

*Folkens v. Wyland Worldwide, LLC*,
   882 F.3d 768 (9th Cir. 2018) ...........................................................................6, 7, 11

*Fox Broad. Co. v. Dish Network, LLC*,
   747 F.3d 1060 (9th Cir. 2014) ...........................................................................14

*Free Speech Sys., LLC v. Menzel*,
   390 F. Supp. 3d 1162 (N.D. Cal. 2019) ...................................................................19

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
   No. CIV. 13-00496 SOM, 2015 WL 263556 (D. Haw. Jan. 21, 2015) ...................................21

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .............................................................................3

*Hunley v. Instagram, LLC*,
   No. 21-cv-03778-CRB, 2021 WL 4243385 (N.D. Cal. Sept. 17, 2021)...............................14

*Kadrey v. Meta Platforms, Inc.*,
   No. 3:23-cv-03417-VC, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ........................ *passim*

*Kelly v. Arriba Soft Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999) ...................................................................21

*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
   No. CV 20-1931-DMG (Ex), 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ........................21

*Laws v. Sony Music Ent., Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ...........................................................................23

*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) ...........................................................................12

*Logan v. Meta Platforms, Inc.*,
   636 F. Supp. 3d 1052 (N.D. Cal. 2022) ...................................................14, 17, 18

*Mattel, Inc. v. MGA Ent., Inc.*,
   616 F.3d 904 (9th Cir. 2010) .............................................................................11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005)........................................................................... *passim*

iv

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

*Michael Grecco Prods., Inc. v. Time USA, LLC*,
No. 20 Civ. 4875 (NRB), 2021 WL 3192543 (S.D.N.Y. July 27, 2021).................................18

*Moreland Apartments Assocs. v. LP Equity LLC*,
No. 5:19-cv-00744-EJD, 2019 WL 6771792 (N.D. Cal. Dec. 12, 2019) .................................5

*In re Napster, Inc. Copyright Litig.*,
377 F. Supp. 2d 796 (N.D. Cal. 2005) ...................................................................................12

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
No. C-13-03627 JSC, 2014 WL 280391 (N.D. Cal. Jan. 24, 2014) .......................................16

*O'Neal v. Sideshow, Inc.*,
583 F. Supp. 3d 1282 (C.D. Cal. 2022) .................................................................................18

*Park v. Skidmore, Owings & Merrill LLP*,
No. 17-cv-4473 (RJS), 2019 WL 9228987 (S.D.N.Y. Sept. 30, 2019) ..................................18

*Parziale v. HP, Inc.*,
No. 5:19-cv-05363-EJD, 2020 WL 5798274 (N.D. Cal. Sept. 29, 2020)...............................10

*Perfect 10, Inc. v. Amazon.com, Inc.*,
508 F.3d 1146 (9th Cir. 2007) .......................................................................................14, 16

*Perfect 10, Inc. v. Giganews, Inc.*,
847 F.3d 657 (9th Cir. 2017) .........................................................................................12, 13

*Philpot v. Alternet Media, Inc.*,
No. 18-cv-04479-TSH, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) .................................20

*Rabin v. Google LLC*,
No. 22-cv-04547-BLF, 2023 WL 4053804 (N.D. Cal. June 15, 2023) ..................................22

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
No. 3:20-cv-08686-WHO, 2021 WL 4133869 (N.D. Cal. Sept. 10, 2021)............................21

*Rosal v. First Fed. Bank of Cal.*,
671 F. Supp. 2d 1111 (N.D. Cal. 2009) ......................................................................... *passim*

*Russell v. Walmart, Inc.*,
No. 22-CV-02813-JST, 2023 WL 4341460 (N.D. Cal. July 5, 2023) ....................................22

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*,
804 F. App'x 668 (9th Cir. 2020) .........................................................................................18

*Shande v. Zoox, Inc.*,
No. 22-cv-05821-BLF, 2023 WL 5211628 (N.D. Cal. Aug. 14, 2023) .................................12

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ...............................................................................................7

v

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ..........................................................................................22

*Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) .....................................................................................19, 20

*Tangle Inc. v. Aritzia, Inc.*,
    No. 23-cv-01196-JSW, 2023 WL 6883369 (N.D. Cal. Oct. 18, 2023) ...................................11

*UAB "Planner 5D" v. Facebook, Inc.*,
    No. 19-cv-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ...............................6

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P*,
    595 U.S. 178 (2022)..........................................................................................10, 11

*VHT, Inc. v. Zillow Grp., Inc.*,
    918 F.3d 723 (9th Cir. 2019) ...........................................................................14, 15, 16, 17

*Yellowcake, Inc. v. DashGo, Inc.*,
    No. 1:21-CV-0803 AWI BAM, 2022 WL 172934 (E.D. Cal. Jan. 19, 2022) ........................16

**Statutes**

17 U.S.C. § 102(a) ........................................................................................................23

17 U.S.C. § 102(b) ........................................................................................................11

17 U.S.C. § 301 ............................................................................................................22

17 U.S.C. § 1202(a) ......................................................................................................19

17 U.S.C. § 1202(b) .................................................................................................19, 20

17 U.S.C. § 1202(c) ..................................................................................................17, 18

**Other Authorities**

Fed. R. Civ. Proc. 12(b)(6) ..............................................................................................3

Jazz Tangcay, "'Hollywood 2.0': How the Rise of AI Tools Like Runway Are
    Changing Filmmaking,", *Variety* (Feb. 22, 2023),
    https://variety.com/2023/artisans/news/artificial-intelligence-runway-
    everything-everywhere-all-at-once-1235532322/........................................................2

2575448

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on May 8, 2024, at 2:00 p.m., or as soon thereafter as this matter can be heard, in the courtroom of the Honorable William H. Orrick, located at San Francisco Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Runway AI, Inc. ("Runway"), through its undersigned counsel, will move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rules"), to dismiss Counts Eleven, Twelve, Thirteen, and Fourteen of Plaintiffs' First Amended Complaint ("FAC") (ECF No. 129).

Runway's Motion to Dismiss ("Motion") is based on this Notice, the Memorandum of Points and Authorities, the accompanying Declaration of Julia L. Greenberg ("Greenberg Decl.") and exhibits thereto, the concurrently filed Request for Judicial Notice and Incorporation by Reference, the complete files and records in this action, and any additional materials and arguments as may be considered in connection with the hearing on this Motion.

## STATEMENT OF RELIEF SOUGHT

Runway seeks an order pursuant to Rule 12(b)(6) dismissing the claims[1] against it with prejudice for failure to state a claim upon which relief can be granted.

## ISSUES TO BE DECIDED

The Motion presents the following issues to be decided: (1) whether Count Eleven of the FAC fails to state a claim for direct copyright infringement as to Plaintiffs' Model and Distribution Theories; (2) whether Count Twelve of the FAC fails to state a claim for inducement of copyright infringement; (3) whether Count Thirteen of the FAC fails to state a claim for Digital Millennium Copyright Act ("DMCA") violations; and (4) whether Count Fourteen fails to state a claim for unjust enrichment.

---

[1] Specifically, Runway seeks an order dismissing portions of Count Eleven (direct copyright infringement) and all of Counts Twelve (inducement of copyright infringement), Thirteen (DMCA violations), and Fourteen (unjust enrichment).

vii
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Everyday scores of storytellers—Oscar-winning filmmakers, professional videographers, renowned artists, *and* ordinary people with a creative itch—turn to Runway's technology to translate flashes of inspiration in the mind into moving pictures on screens.  It is no surprise, then, that as Plaintiffs toiled away in litigation over the past year, Runway never crossed their minds.  Its core offering, after all, is *video*—not static images like the registered works Plaintiffs allege were infringed.

Stable Diffusion 1.5—the focus of Plaintiffs' allegations when it comes to Runway—is indeed capable of image generation.  But that model is simply an open-source research project that Runway (and others) made available in the spirit of advancing research in the field.  It is not Runway's core product offering—something that no doubt explains why Plaintiffs never thought to sue Runway until this Court's dismissal order last October left them scrambling for ways to shore up their litigation.  No matter, Runway looks forward to defending itself.

At this juncture, Runway moves to dismiss all of Plaintiffs' claims—save one theory for direct infringement based on training allegations.  That claim will be dispensed with at a later stage when Runway can offer evidence beyond the four corners of Plaintiffs' complaint.  For everything else, the Court need not delay dismissing the claims with prejudice.

Plaintiffs' other direct infringement claims, premised upon Stable Diffusion 1.5 constituting an unauthorized copy or derivative work, rests upon theories this Court (Judge Chhabria) has already deemed "nonsensical."  The copyright inducement claim also falters given Plaintiffs' failure to plead specific acts of infringement by third parties, the required intent, and the absence of substantial non-infringing uses for Stable Diffusion 1.5.

Plaintiffs' grab bag of other claims suffers similar infirmities.  The DMCA claims are pled without the requisite showing of scienter and without a showing that any copyright management information was false or actually removed from Plaintiffs' works.  And the unjust enrichment claim is preempted by the Copyright Act.  For these and other reasons explained below, the Court should grant Runway's motion to dismiss.

1
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

## II.      BACKGROUND[2]

Runway was founded in 2018 by three New York University art students.  FAC ¶ 31.  It is a company built by creators to empower other creators to tell their stories and express their ideas in new and innovative ways through video, audio, 3D, and other diverse media.  The video-effects team behind the 2023 Oscar-winning best picture *Everything Everywhere All at Once*, for example, used Runway's tools to perform in minutes tasks that had previously consumed hours or days, enabling them to create blockbuster-like special effects on a limited budget and tight schedule.[3]  Grammy-winning musicians, renowned fine artists, and other creators also rely on Runway, which, as an artist-founded and artist-led company, is dedicated to collaborating with, and developing tools for, the creative community.

Plaintiffs did not sue Runway in their initial Complaint—a complaint that the Court largely dismissed on October 30, 2023 (ECF No. 117) ("Order").  Among other deficiencies, Plaintiffs improperly "lump[ed] 'defendants' together," as it continues to do now.  Order at 5 n.2.  They also conceded that they could not raise copyright claims for unregistered works, *id*. at 5:8-21, n.3, and that "none of the Stable Diffusion output images provided in response to a particular Text Prompt is likely to be a close match for any specific image in the training data."  *Id.* at 2:13-15.  But, nonetheless, that Order instructed Plaintiffs on what future copyright and DMCA claims—claims Plaintiffs have now asserted against Runway—must include.

***First***, with respect to ***direct copyright infringement***, the Court accepted that Plaintiffs could state a claim based upon alleged copying of Plaintiffs' registered works to train the Stable Diffusion model, but it directed Plaintiffs to clarify their allegation that the model itself—after training is complete—is infringing.  Specifically, the Court ordered Plaintiffs "to *clarify* their theory with respect to compressed copies of Training Images," and to plead "plausible facts in support" of any such theory–deeming what had been pleaded in their first try to be implausible.  Order at 9:15-10:1 (italics in original).  The Court made clear that Plaintiffs' failure to do so in

---

[2] For this motion only, Runway accepts Plaintiffs' well-pleaded allegations as true.

[3] *See* Jazz Tangcay, "'Hollywood 2.0': How the Rise of AI Tools Like Runway Are Changing Filmmaking," *Variety* (Feb. 22, 2023), https://variety.com/2023/artisans/news/artificial-intelligence-runway-everything-everywhere-all-at-once-1235532322/.

2575448

1   their initial Complaint was fatal both to their theory that (1) the model infringes because it

2   "contains 'compressed copies'" of their registered works and (2) to their theory "that Stable

3   Diffusion is a 'derivative work'" of their registered works.  *Id*. at 9:4-7, 10 n.7.

4        ***Second***, with respect to Plaintiffs' claims for ***DMCA violations***, the Court directed

5   Plaintiffs to allege facts that are more than "wholly conclusory," including "identify[ing] the

6   particular types of their CMI from their works that they believe were removed or altered." *Id*. at

7   18:2-22.  The Court again ordered Plaintiffs to plead "with specificity . . . for each defendant" the

8   "plausible facts regarding *which* defendants they contend did the stripping or altering in violation

9   of the DMCA and *when* that occurred." *Id.* at 18:16-18, 19:1-4.

10       Plaintiffs failed to heed the Court's guidance, not to mention general pleading

11  requirements.  As a result, the only claim that can survive against Runway is one for direct

12  copyright infringement based on training Stable Diffusion 1.5—a claim that Runway looks

13  forward to challenging when not constrained by restrictions on introducing its own evidence.

14  **III.  LEGAL STANDARD**

15       As the Court explained in its October 30 Order, "a district court must dismiss a complaint

16  if it fails to state a claim upon which relief can be granted."  Order at 4; *see* Fed. R. Civ. Proc.

17  12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege 'enough facts

18  to state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Bell Atl. Corp. v. Twombly*,

19  550 U.S. 544, 570 (2007)).  "A claim is facially plausible when the plaintiff pleads facts that

20  'allow the court to draw the reasonable inference that the defendant is liable for the misconduct

21  alleged.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)).  But

22  "[t]here must be 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Id*.  "[A]

23  plaintiff must allege facts sufficient to 'raise a right to relief above the speculative level.'"  *Id*.

24  (quoting *Twombly*, 550 U.S. at 555, 570).  While "the Court accepts the plaintiff's allegations as

25  true and draws all reasonable inferences in favor of the plaintiff" on the pleadings, *id*., "the

26  [C]ourt is not required to accept as true 'allegations that are merely conclusory, unwarranted

27  deductions of fact, or unreasonable inferences.'"  *Id*. (quoting *In re Gilead Scis. Sec. Litig*., 536

28  F.3d 1049, 1055 (9th Cir. 2008)).

3
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

## IV.     ARGUMENT

### A.     The Court should dismiss—at the pleadings stage—Plaintiffs' baseless theories of direct copyright infringement.

In its October 30 Order, the Court held that Plaintiffs had stated a claim for direct copyright infringement against a different Defendant—Stability—by alleging that Stability had downloaded or otherwise acquired copies of billions of images, including Plaintiffs' registered works, to train the Stable Diffusion model.  Order at 7:6-20.  Although Runway is situated very differently than Stability is, Runway accepts for the purpose of this motion, in light of the Court's Order, that Plaintiffs have likewise stated a direct infringement claim against Runway by making similar allegations against it.  *See, e.g.*, FAC ¶ 348.  This brief refers to that set of allegations— the allegations that Runway has infringed Plaintiffs' copyrights by downloading or copying their registered works to train Stable Diffusion 1.5—as Plaintiffs' "**Training Theory**."  Runway does not challenge Plaintiffs' Training Theory at this stage of the case, although it will vigorously dispute it at later stages.

But Plaintiffs appear to assert two other direct-infringement theories against Runway that Runway does challenge in this motion because they fail as a matter of law.  First, Plaintiffs assert that the Stable Diffusion 1.5 model itself "qualifies as an infringing Statutory Copy" of Plaintiffs' registered works because those works can somehow be "perceived, reproduced, or otherwise communicated" using Stable Diffusion 1.5.  *See id.* ¶¶ 209 (quoting 17 U.S.C. §101), 350.  Plaintiffs also allege that Stable Diffusion 1.5 "qualifies as an infringing Statutory Derivative Work" because it "represents a transformation of" Plaintiffs' registered works "into an alternative form[.]"  *See id.* ¶ 350.  This brief refers to that set of allegations—the allegations that the model itself infringes after the training is complete—as Plaintiffs' "**Model Theory**."

Second, and relatedly, Plaintiffs assert that, by distributing Stable Diffusion 1.5 to the public, Runway has infringed Plaintiffs' exclusive distribution rights because distributing the model is somehow equivalent to distributing Plaintiffs' registered works.  *See id.* ¶ 352.  This brief refers to that set of allegations as Plaintiffs' "**Distribution Theory**."

To the extent that Plaintiffs accuse Runway of direct copyright infringement based on the

4

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

Model and Distribution Theories, the FAC fails to state a claim.[4]  Runway explains below, first, why the Court can and *should* decide that issue now.  Next, Runway explains why Plaintiffs have, again, failed to plead a viable Model or Distribution Theory, even with the benefit of the Court's guidance.

### 1.   The Court can, and should, narrow Plaintiffs' direct-infringement claim to the sole theory they have plausibly pled.

For the benefit of the Court, the parties, and any non-parties who may be affected by the outcome, the Court should decide now whether Plaintiffs have adequately pled their Model and Distribution Theories.[5]

As an initial matter, there is no question that the Court can decide that issue now.  "When a claim *or portion of a claim* is precluded as a matter of law, that claim may be dismissed pursuant to Rule 12(b)."  *Moreland Apartments Assocs. v. LP Equity LLC*, No. 5:19-cv-00744-EJD, 2019 WL 6771792, at *2 (N.D. Cal. Dec. 12, 2019) (emphasis added).  And the Court also *should* decide it now.  Dismissing Plaintiffs' deficient theories will streamline the case, which, as a multi-defendant putative class action with a half-dozen alleged classes and subclasses, will otherwise consume vast amounts of the Court's and parties' time and resources with discovery, motion practice, and other subsidiary activity that is all irrelevant because it does not concern a viable claim.

Dismissing Plaintiffs' Model and Distribution Theories will also align this case with the *Kadrey* case in this District, where the plaintiffs—represented by the same counsel who represent

---

[4] The FAC is unclear about what it alleges.  The caption of Count Eleven states that it accuses Runway of directly infringing Plaintiffs' copyrights "by training the Runway Models, including Stable Diffusion 1.5."  *See* FAC at 76:19-24 (emphasis added).  If Plaintiffs clarify that Count Eleven really concerns only the Training Theory—and not the Model or Distribution Theories—then this portion of Runway's motion is moot.  But as language elsewhere in the FAC suggests otherwise, Runway has no choice but to challenge those unsupported theories now.

[5] Runway is aware that, before Plaintiffs added Runway to the case, the Court told Stability that it would "not rule on theories that plaintiff may assert within [the direct infringement] cause of action against Stability until a later stage."  ECF No. 121.  As a new party against whom new allegations have been made, Runway respectfully submits that, at least as to it, the Court should address Plaintiffs' deficient theories now, for the reasons stated herein.

Plaintiffs in this case—made nearly identical allegations.[6]  In *Kadrey*, Judge Chhabria dismissed the portion of the plaintiffs' direct-copyright-infringement claim that is analogous to Plaintiffs' Model Theory in this case, finding the theory "nonsensical."[7]  As Judge Chhabria explained, "[t]here was no way to understand" defendant's AI model "as a recasting or adaptation of any of the plaintiff's books," which is required for a "derivative work[.]"  *Id*.  Following Judge Chhabria's ruling, the *Kadrey* plaintiffs amended their complaint to assert ***only*** a claim for direct copyright infringement based on training—eliminating the irrelevant, implausible claims that otherwise risked becoming a sideshow in case proceedings.[8]  That is exactly what Plaintiffs should have done here.

### 2. Plaintiffs cannot state a claim with their Model Theory because they cannot plausibly allege that Stable Diffusion 1.5 is substantially similar to any of their registered works.

Turning now to the merits, Plaintiffs have, for a second time, failed to plead facts that plausibly support their Model Theory.

"To state a claim for copyright infringement, a plaintiff must plausibly allege two elements: (1) ownership of a valid copyright, and (2) copying of elements of the work that are original."  *UAB "Planner 5D" v. Facebook, Inc*., No. 19-cv-03132-WHO, 2019 WL 6219223, at *5 (N.D. Cal. Nov. 21, 2019).  "[A] plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar."  *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018).

In evaluating works, "[t]he key question always is: Are the works substantially similar beyond the fact that they depict the same idea?"  *Folkens*, 882 F.3d at 774.  Moreover, "because the requirement is one of substantial similarity to protected elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work."  *Id*.

---

[6] *See Kadrey v. Meta Platforms, Inc*., No. 3:23-cv-03417-VC (N.D. Cal.) ("*Kadrey*").

[7] *See Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023); *see also* Greenberg Decl., Ex. A (*Kadrey*, Mot. to Dismiss, ECF No. 23 at 6 (Sept. 18, 2023)) (challenging one of two direct-infringement theories pled in the complaint).

[8] *See* Greenberg Decl., Ex. B (*Kadrey,* First Consolidated Amended Complaint, ECF No. 69 at 13 (Dec. 22, 2023)).

6
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

(emphasis in original).[9]

Plaintiffs have not made—and cannot make—the showing of substantial similarity required to support their Model Theory.  Stable Diffusion is a statistical model, known as a deep generative artificial neural network—it is not an image, or a representation of an image.  *See, e.g.*, FAC ¶ 148 (describing Stability's Stable Diffusion 2.0 as comprising a "set of scripts," "configuration files," and "weights file[s]" that are "unintelligible to human beings").  This fundamental difference between an AI model and the works that the model was trained on is what led Judge Chhabria to dismiss the *Kadrey* plaintiffs' allegations—analogous to Plaintiffs' Model Theory here—as "nonsensical."  *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023).

Confronted with this reality, and with the Court's instruction in its October 30 Order that they must clarify their theory and plead facts that plausibly support it, Plaintiffs allege in the FAC that AI models such as Stable Diffusion "store copies of protected expression from their training images," relying on, and quoting extensively from, academic papers by Nicholas Carlini, Ryan Webster, and Stephen Casper.  *See* FAC ¶¶ 129, 130,141; *see generally*, FAC Section X, ¶¶ 116-150.  In addition to straining credulity that Runway (or any other co-defendant) could have developed technology capable of, as Plaintiffs allege, compressing billions of images "into a few gigabytes," *see* FAC ¶ 123; *see, e.g.*, *id*. ¶¶ 121-124, these allegations fail to support Plaintiffs' Model Theory for at least three independent reasons.

***First***, the mere fact that Plaintiffs must rely on these papers to allege that models can "store" training images demonstrates that their theory is meritless, because it shows that Plaintiffs have been unable to elicit any "stored" copies of their own registered works from Stable Diffusion, despite ample opportunities to try.  And that is fatal to their claim.  The question is not

---

[9] The Ninth Circuit applies a two-part test to determine substantial similarity: an "extrinsic test" and an "intrinsic test."  *Folkens*, 882 F.3d at 774.  The extrinsic test "compares the objective similarities of specific expressive elements in the two works."  *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).  The intrinsic one considers "similarity of expression from the standpoint of the ordinary reasonable observer."  *Id*.  Here, the Stable Diffusion model is so fundamentally different from any of Plaintiffs' registered works that the two tests effectively collapse.

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

whether Stable Diffusion "stores" ***any*** image.  Rather, to support their Model Theory, Plaintiffs

needed to plead facts showing, at a minimum, that Stable Diffusion "stores" protected expression

***from Plaintiffs' registered works***.[10]  Plaintiffs have had ready access to Stable Diffusion 1.5 and

to Runway's platform that they allege uses it.  But nowhere do they allege that they, or anyone

else, have been able to elicit replicas of their registered works from Stable Diffusion by entering

text prompts.  Plaintiffs' silence on this issue speaks volumes, and by itself defeats their Model

Theory.[11]

    ***Second***, a review of the full Carlini paper actually undercuts Plaintiffs' allegations–and

reveals why Plaintiffs can't plausibly allege that Stable Diffusion "stores" their registered works

(and why they have been wholly unable to elicit any such allegedly "stored" copies).[12]  *See*

Greenberg Decl., Ex. C.  Carlini and his co-authors started their analysis by identifying images

that were duplicated many times over in the training set for Stable Diffusion 1.4 (the complaint

does ***not*** allege Runway had any involvement with model 1.4)—images that, unsurprisingly, were

generally pictures of famous people.  *See id.* at 5-6.  They selected those ubiquitous images

because, by virtue of recurring over and over and over in the training set, they "are orders of

magnitude more likely to be memorized than non-duplicated examples."  *Id*. at 4.  The authors

then crafted text prompts to try to elicit near-copies of those images from the model.  *Id*. at 5.  For

the most part, they failed.  Out of 175 million images that they generated, only 109 were "near-

copies of training examples."  *Id*. at 5-6.  At most, therefore, the Carlini paper suggests that some

implementations of Stable Diffusion 1.4 have a glitch whereby the model can be made to produce

near-copies of an extremely small subset of pervasive images on which the model was

---

[10] As discussed herein, Plaintiffs would need to plead more than just that to state a claim, but they fail to cross even this threshold.

[11] Moreover, Plaintiffs fail to distinguish expression allegedly taken from their registered works versus their unregistered works.  In other words, even if Plaintiffs had alleged facts showing that Stable Diffusion 1.5 contained protected expression from some of Plaintiffs' works–which they haven't– Plaintiffs still would have failed to show that Stable Diffusion itself contains expression from their registered works, which is a smaller subset of their overall works.

[12] As set forth in Runway's accompanying Request for Judicial Notice and Incorporation by Reference, the Court can incorporate by reference the Carlini, Webster, and Casper papers because they are publications that Plaintiffs cite and quote extensively from in the FAC.

8

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

1   overtrained.  Nowhere does it suggest that Stable Diffusion "stores" copies of Plaintiffs'

2   registered works, which, at a minimum, is what Plaintiffs needed to plausibly plead.  On the

3   contrary, it shows that Stable Diffusion almost certainly doesn't do so, since there is no allegation

4   that the model was similarly overtrained on Plaintiffs' registered works, and no reason to believe

5   it would have been.

6        Similarly, the Webster and Casper papers do not support Plaintiffs' assertion that Stable

7   Diffusion "stores" their registered works.  *See generally*, FAC Section X, ¶¶ 116-150.  Neither

8   paper suggests that Stable Diffusion 1.5 compresses or stores billions of images—let alone that it

9   stores Plaintiffs' registered works, as they were required to plead.  *See* Greenberg Decl., Exs. D,

10  E.  In fact, neither paper even mentions the words "store" or "storage."  *See id*.  As Plaintiffs

11  admit, Webster simply "extended Carlini's research"—which, as set forth above, negates rather

12  than supports Plaintiffs' unsupported theory that Stable Diffusion 1.5 stores copies of works on

13  which it is trained.  *See* FAC ¶ 138; *see also* Greenberg Decl., Ex. D.  And Casper's paper is

14  inapposite, as, by Plaintiffs' own admission, that research is focused on style imitation, not

15  producing copies.  *See* Greenberg Decl., Ex. E.

16       ***Third***, even if Plaintiffs could plausibly allege that Stable Diffusion "stores" copies of

17  their registered works (which they can't), they still couldn't state a claim, because they have

18  failed to plead facts showing that the model gives access "in any substantial way to [Plaintiffs']

19  expressive content."  *Authors Guild v. Google, Inc*., 804 F.3d 202, 226 (2d Cir. 2015); *see also*

20  Order at 10:17-20 (explaining that Plaintiffs provided "no allegations" about "why" "any

21  compressed copies of copyrighted works that may be present in Stable Diffusion would be

22  copie[s] within the meaning of the Copyright Act").  In *Authors Guild*, the Second Circuit held

23  that Google did not give substantial access to the plaintiffs' expressive content when it scanned

24  the plaintiffs' books and provided "limited information accessible through the search function and

25  snippet view."  804 F.3d at 225-26.  So too here, where far *less access* is provided.

26       Indeed, Plaintiffs have admitted as much.  In their initial Complaint, they conceded that,

27  "[i]n general, ***none of the Stable Diffusion output images provided in response to a particular***

28  ***Text Prompt is likely to be a close match for any specific image in training data***."  *See* Order at

9

2575448

2:13-18 (emphasis added).  In other words, Plaintiffs admit that Stable Diffusion is unlikely to output anything that looks like "a close match" to any of Plaintiffs' registered works.  *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (cleaned up) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding."); *Parziale v. HP, Inc.*, No. 5:19-cv-05363-EJD, 2020 WL 5798274, at *7 (N.D. Cal. Sept. 29, 2020) (dismissing claims with prejudice where "Plaintiff cannot escape" prior allegations and  "[a]ny amended allegation . . . would impermissibly contradict . . . prior pleadings").

Moreover, the output images that Plaintiffs include with Exhibit E to the FAC reaffirm it.[13]  They are remarkably *dissimilar* to any of Plaintiffs' registered works, as the examples below show (comparing FAC Ex. E at 3, showing outputs for the prompt "gregory manchess chef" (see left) with FAC Ex. A at 18-24, collecting works of Gregory Manchess (see one example at right)).

 

These images are so obviously different that Plaintiffs don't even try to allege they are substantially similar.  Instead, they allege that Stable Diffusion can output images that reflect

---

[13] The examples in Exhibit E that involve prompts related to Plaintiff McKernan are irrelevant because she has not alleged registered works.  *See* FAC, Ex. E. at 12; *id.*, Ex. A at 85-93; *id.* at 76 (noting Count Eleven is on "behalf of the LAION-5B Registered Plaintiffs, LAION-5B Subclass, and Karla Ortiz Individually"); *id.* ¶ 213 (alleging only "Sarah Andersen, Jingna Zhang, Gerald Brom, Gregory Manchess, Julia Kaye, and Adam Ellis" "hold copyrights in these LAION-5B Registered Works that were registered before the filing of the initial complaint"); *see also* Order at 5:9-21 (dismissing claims for works not registered with Copyright Office prior to suit); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P*, 595 U.S. 178, 181 (2022) ("A valid copyright registration" is "a prerequisite for bringing a 'civil action for infringement' of the copyrighted work.").

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

styles and ideas that Plaintiffs have embraced, such as a "calligraphic style," "realistic themes," "gritty dark fantasy images," and "painterly and romantic photography." *See* FAC ¶ 159.  But these allegations concede defeat because copyright protection doesn't extend to "ideas" or "concepts."  17 U.S.C § 102(b); *see also Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003) ("[E]very idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of publication.").  The Ninth Circuit has reaffirmed this fundamental principle countless times.[14]  Plaintiffs cannot claim dominion under the copyright laws over ideas like "realistic themes" and "gritty dark fantasy images"—these concepts are free for everyone to use and develop, just as Plaintiffs no doubt were inspired by styles and ideas that other artists pioneered before them.

The images that Plaintiffs include in Exhibit H to the FAC only further undermine their claim.  See FAC ¶¶ 187-88, Ex. H.[15]  Plaintiffs produced those images with Runway's "Image Variation" tool *by supplying their images as the input* and asking the tool to create variations of those images.  *Id.*  The resulting outputs don't suggest that Runway's model is infringing any more than a photocopier itself is infringing because it can produce near-copies of images that a user feeds into it.  In other words, even assuming the images in Exhibit H are substantially similar to Plaintiffs' works, Runway did not create the works; rather, Plaintiffs, as suppliers of the input

---

[14] *See, e.g., Folkens*, 882 F.3d at 775 (holding that an "ecological idea" like "two dolphins crossing under sea" "is an idea first expressed in nature" and not protectable); *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1067 (9th Cir. 2016) (holding that "an 'approach' is an idea that cannot be copyrighted"); *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 916-17 (9th Cir. 2010) (holding that features in sketches like "young, stylish girls with big heads and an attitude" are ideas, not protectable expression); *3d, Ltd. v. Spectratek Techs., Inc.*, 41 F. App'x 931, 932 (9th Cir. 2002) (holding that "pattern[s] consist[ing] of overlapping polygons" are an "unprotectable idea, not protectable expression"); *Tangle Inc. v. Aritzia, Inc.*, No. 23-cv-01196-JSW, 2023 WL 6883369, at *3 (N.D. Cal. Oct. 18, 2023) (finding that "[s]tyle, no matter how creative, is an idea, and is not protectable by copyright," and granting motion to dismiss).

[15] The examples in Exhibit H that involve prompts from Plaintiffs Rutkowski, Southworth, and McKernan are irrelevant because those Plaintiffs have not alleged registered works.  *See* FAC, Ex. H. at 7-9, 18; *id.*, Ex. A at 25-39, 85-93; *id.* at 76 (noting Count Eleven is on "behalf of the LAION-5B Registered Plaintiffs, LAION-5B Subclass, and Karla Ortiz Individually"); *id.* ¶ 213 (alleging only "Sarah Andersen, Jingna Zhang, Gerald Brom, Gregory Manchess, Julia Kaye, and Adam Ellis" "hold copyrights in these LAION-5B Registered Works that were registered before the filing of the initial complaint"). *See also* Order at 5:9-21 (dismissing claims for works not registered with Copyright Office prior to suit); *Unicolors, Inc.*, 595 U.S. at 181 ("A valid copyright registration" is "a prerequisite for bringing a 'civil action for infringement' of the copyrighted work.").

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

1   images, did.  *See Perfect 10, Inc. v. Giganews, Inc.* ("*Perfect 10 II*"), 847 F.3d 657, 670 (9th Cir.

2   2017) (rejecting direct infringement claim where defendant "was not the proximate cause of any

3   infringement").  And Plaintiffs fail to allege that anyone has even ever used Runway's tools in

4   this way.

5        ***Finally***, Plaintiffs' assertion that Stable Diffusion is a "derivative work" of their registered

6   works fails for the same reasons as stated above.  To prove that an alleged derivative work is

7   infringing, "one must show substantial similarity" of the expressive content between the work and

8   the alleged derivative work.  *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984).[16]  But

9   AI models–which include "scripts," "configuration files," and "weights files . . . not intelligible to

10  humans," FAC ¶ 148—are not "substantially similar" to the works on which they were trained.

11  "There is no way to understand the . . . models themselves as a recasting or adaptation of"

12  Plaintiffs' registered works.  *Kadrey*, 2023 WL 8039640, at *1 (granting motion to dismiss claim

13  alleging AI models were "infringing derivative work[s]").

14       In short, an AI model is a vastly different construct than any of the billions of images that

15  may have been used to train it.  Plaintiffs have failed, for a second time, to plead facts supporting

16  their Model Theory, and the Court should now dismiss it.

17          **3.     Plaintiffs' Distribution Theory fails for the same reason that their
                     Model Theory does—they cannot plausibly allege that Stable Diffusion
18                   1.5 contains, or is substantially similar to, their registered works.**

19       Plaintiffs' Distribution Theory depends on their Model Theory and therefore falls

20  alongside it.  In the Ninth Circuit, "infringement of the distribution right requires *actual*

21  *dissemination* of a work[.]"  *Shande v. Zoox, Inc*., No. 22-cv-05821-BLF, 2023 WL 5211628, at

22  *4 (N.D. Cal. Aug. 14, 2023) (emphasis added and cleaned up); *see also In re Napster, Inc.*

23  *Copyright Litig.*, 377 F. Supp. 2d 796, 802 (N.D. Cal. 2005) (collecting cases).  Thus, for

24  example, "merely listing a copyrighted musical composition or sound recording in an index of

25  available files" does not amount to actual dissemination of a registered work.  *Id.*

26  

27  _____
    [16] *See also Authors Guild*, 804 F.3d at 225 ("[D]erivative works over which the author of the
28  original enjoys exclusive rights ordinarily are those that represent the protected aspects of the
    original work, i.e., its expressive content").

12
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

Plaintiffs have not pled facts showing that Runway distributed their registered works. They allege that "Runway has distributed *Stable Diffusion 1.5* to the public, for instance, via websites like Github . . . and Hugging Face." FAC ¶ 352 (emphasis added). But Stable Diffusion 1.5 is *not* a copy of Plaintiffs' registered works. Moreover, as discussed above, Plaintiffs have again failed to plead facts showing that Stable Diffusion "stores" copies of their registered works or is a derivative work of their registered works.

Accordingly, Plaintiffs have failed to state a direct-copyright-infringement claim with their Model and Distribution Theories.

### B. The Court should dismiss Plaintiffs' claim for induced copyright infringement as it fails for multiple reasons.

Plaintiffs' inducement claim also depends on their faulty Model Theory. They allege, in essence, that Runway induces copyright infringement by making Stable Diffusion 1.5 available to third parties. *See* FAC ¶ 356 (alleging that, because Stable Diffusion 1.5 is allegedly itself an infringing work, "anyone who in fact downloads, uses, or deploys [it] is engaged in infringing activity.") For this reason—and various other pleading failures addressed below—Count Twelve fails to state a claim.

"[O]ne who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties"—in other words, inducement liability. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940 (2005). To state a claim for inducement of copyright infringement, Plaintiffs must plead facts showing "(1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Perfect 10 II*, 847 F.3d at 672 (quotations omitted).

Plaintiffs fail to plausibly plead facts showing at least elements two and three.[17]

---

[17] If Plaintiffs' claim survives this motion (which it shouldn't), Runway reserves the right to challenge the first and fourth elements as well.

13

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

1. **Plaintiffs do not allege specific infringing acts by third parties, which is required to plead induced infringement.**

As an initial matter, to properly plead inducement, Plaintiffs must provide "evidence of actual infringement" by third parties. *Grokster*, 545 U.S. at 940; *see Fox Broad. Co. v. Dish Network, LLC*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Actual infringement occurs when a party's product or service is "used to infringe copyrights." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013). To carry their burden, Plaintiffs must allege "specific" infringing acts. *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1057-58 (N.D. Cal. 2022) (emphasis added) (dismissing inducement claim because, despite general allegations about what third parties could do, "the FAC fails to assert that any *specific* third party actually did" infringe).[18]

Here, Plaintiffs point to no specific infringing acts of any third parties. They generally allege that anyone who "downloads, uses, or deploys" Stable Diffusion 1.5 "is engaging in infringing activity." FAC ¶ 356. But as in *Logan*, this allegation concerns only what third parties "can" do, rather than what any "actually did." 636 F. Supp. 3d at 1058. Plaintiffs provide no specific examples of third parties infringing Plaintiffs' copyrights. "Because [Plaintiffs] failed to plead the threshold element of direct infringement by third parties, the Court [should] dismiss[] [Plaintiffs'] secondary liability claim[]." *Id.*

2. **Plaintiffs also fail to allege that Runway actively encouraged any infringement.**

Plaintiffs must show specific "active steps . . . taken" by Runway "to encourage [or induce] infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019). "The 'improper object' of infringement 'must be plain and must be affirmatively communicated through words or actions.'" *Id.* at 746; *see, e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d

---

[18] *See also, e.g., Hunley v. Instagram, LLC*, No. 21-cv-03778-CRB, 2021 WL 4243385, at *1-3 (N.D. Cal. Sept. 17, 2021) (similar); *Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2020 WL 4201681, at *2 (N.D. Cal. July 22, 2020) (similar).

14

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

1146, 1171 n.11 (9th Cir. 2007) ("*Perfect 10 I*") (holding defendant did not induce infringement as it "ha[d] not promoted the use of its [product] specifically to infringe copyrights"); *VHT*, 918 F.3d at 746 (holding defendant did not induce infringement where it did not promote its "generally applicable tools . . . to infringe copyrights").

Active steps are shown by "advertising an infringing use or instructing how to engage in an infringing use.'" *VHT*, 918 F.3d at 745.  For example, in *Columbia Pictures*, the Ninth Circuit held that the defendant had "active[ly] encourage[d]" in public posts, ads, and personal messages "the uploading of torrent files concerning copyright content."  710 F.3d at 1036-37.  Similarly, in *Grokster*, the Supreme Court held that defendants had induced third parties to infringe MGM's copyrights by targeting "former Napster users" with ads "urging" them to use their software "to access popular copyrighted music" through file-sharing (akin to Napster).  545 U.S. at 937-38.

Plaintiffs allege no "active steps" by Runway to induce infringement of Plaintiffs' works. Unlike in *Columbia Pictures* and *Grokster*, Plaintiffs provide no specific examples of ad campaigns, public posts, or internal and external communications encouraging third parties to infringe Plaintiffs' copyrights.  710 F.3d at 1036-37; 545 U.S. at 937-38.  Instead, Plaintiffs allege that Runway[19]—and, more broadly and improperly, defendants generally[20]—encourage third parties to use Stable Diffusion.  Those allegations fall short for several reasons.  They are conclusory and unsupported.[21]  They also—as in Plaintiffs' initial Complaint and in direct contravention of this Court's prior Order—improperly "lump 'defendants' together."  Order at 5

---

[19] *See* FAC ¶ 4 ("Runway and Stability induce others to download Stable Diffusion by distributing it for free through public websites").

[20] *See* FAC ¶ 8 ("Runway [and the other defendants] encourage the use of images—including images made by Plaintiffs—as a means of prompting their AI image products."); *id.* ¶ 208 ("Defendants also encourage the use of specific artist names—including Plaintiffs—as text prompts in order to adduce artwork indistinguishable from Plaintiffs' from the AI Image Products.").

[21] For example, to support the unfounded allegation that "Runway intends to cause further infringement with Stable Diffusion 1.5," FAC ¶ 358, Plaintiffs quote a comment from a *Stability* executive, not anyone at Runway.

15

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

n.2.[22]  And, more fundamentally, they fail to show that Runway took affirmative steps *with the*
*requisite intent* to encourage users to infringe.  On the contrary, Plaintiffs' allegations show just
the opposite: that Runway expressly prohibits any unlawful uses of Stable Diffusion 1.5,
including violating copyrights.  *See* FAC ¶¶ 355, 368 (citing webpages that include Stable
Diffusion's conditions of use ).[23]  Merely distributing or encouraging users to try Stable Diffusion
1.5 is not inducement of copyright infringement.  At the very most, Plaintiffs' allegations would
show that Runway is akin to the defendants in *Perfect 10 I* and *VHT*—it may have promoted
products, but it did not induce infringement because it "has not promoted the use of" those
products "specifically to infringe copyrights."  *Perfect 10 I*, 508 F.3d at 1171 n.11.

### 3.     Plaintiffs fail to allege—and could not allege—that Stable Diffusion 1.5 lacks substantial non-infringing uses.

"[M]ere knowledge of infringing potential or of actual infringing uses would not be
enough here to subject a distributor to liability" where the at-issue product has substantial non-
infringing uses.  *Grokster*, 545 U.S. at 936-37.  "The inducement rule, instead, premises liability
on purposeful, culpable expression and conduct."  *Id.*  Where Plaintiffs fail to explain how
"ordinary acts incident to Defendant's operation of its website[, service, or product] . . .
constitutes an improper object," their "allegations fail to state a claim for inducement of
infringement as a matter of law."  *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC,
2014 WL 280391, at *7 (N.D. Cal. Jan. 24, 2014) (dismissing claim where "Plaintiff fails to
explain why the ability to use social media to share news stories featuring the allegedly infringing

---

[22] This Court specifically directed Plaintiffs not to do so.  Order at 5 n.2 ("When plaintiffs amend, plaintiffs should not lump 'defendants' together."); *see Yellowcake, Inc. v. DashGo, Inc.*, No. 1:21-CV-0803 AWI BAM, 2022 WL 172934 (E.D. Cal. Jan. 19, 2022) ("Generally, complaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper because they do not give adequate notice.").  But Plaintiffs cannot cure the deficiencies in their original complaint by merely adding "and Runway" to allegations directed to another defendant.  They must plead allegations specific to Runway, and overwhelmingly fail to do so here.

[23] *See* Greenberg Decl., Ex. F at 2 ("You agree not to use the Model or Derivatives of the Model [i]n any way that violates any applicable national, federal, state, local or international law or regulation."); *id.*, Ex. G at 4 ("Using the model to generate content that is cruel to individuals is a misuse of this model.  This includes . . . sharing of copyrighted or licensed material in violation of its terms of use.").

2575448

photos—in other words, 'ordinary acts incident to' Defendant's operation of its website—constitutes an improper object"); *see also Caribbean Queen, Inc. v. Lee*, No. CV-20-09637 AB (JCx), 2021 WL 3215110, at *5 (C.D. Cal. Mar. 24, 2021) (dismissing claim where Plaintiff "does not clearly explain" that defendant either "actively induced [the] alleged infringement" or that "the product lacks substantial non-infringing uses").

Here, even if Plaintiffs could point to actual infringing uses of Stable Diffusion 1.5 (which they can't), the mere knowledge of potential infringing uses is "not enough for liability." *Grokster*, 545 U.S. at 936-37.  Plaintiffs must allege that Stable Diffusion lacks substantial non-infringing uses.  They haven't done so, and they couldn't.  The FAC itself showcases substantial non-infringing uses.  *See, e.g.*, FAC, Ex. E at 1, 7 (showing image outputs using simple keywords like "chef" and "teacher," which Plaintiffs do not accuse of infringement).  As with Zillow's real estate website in *VHT*, Plaintiffs' inducement claim "is a particularly poor fit for" Stable Diffusion 1.5.  918 F.3d at 746.  The Court should thus dismiss this claim.

## C.  The Court should dismiss Plaintiffs' DMCA claims.

The Court should also dismiss Plaintiffs' contrived DMCA claims, which are an equally poor fit for the circumstances of this case.

### 1.  Plaintiffs fail to state a claim under DMCA § 1202(a) for at least four independent reasons.

To state a claim for violating Digital Millennium Copyright Act ("DMCA") Section 1202(a), Plaintiffs must show that Runway "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" (1) "provide[d] . . . copyright management information that is false," or (2) "distribute[d] or import[ed] for distribution copyright management information [("CMI")] that is false."  *Logan*, 636 F. Supp. 3d at 1062.[24]  Further, the provision or distribution of false CMI must occur "in connection with" Plaintiffs' copyrighted works.  17 U.S.C. § 1202(c).  Plaintiffs' claim fails for at least four reasons.

---

[24] CMI is defined as "information conveyed in connection with copies . . . of a work . . ., including in digital form," such as "title and other information identifying the work," "name of, and other identifying information" about the author and/or the copyright owner of the work, and "terms and conditions for use of the work."  17 U.S.C. § 1202(c).

**First,** Plaintiffs fail to allege that Runway has provided or distributed any CMI "in connection with" any of the Plaintiffs' registered works. *See* 17 U.S.C. § 1202(c). Plaintiffs allege that "Runway is providing and distributing false CMI" in "assert[ing] that the copyright in the [Stable Diffusion 1.5] model belongs to 'Robin Rombach and Patrick Esser and contributors.'" FAC ¶ 368. But as explained above, Stable Diffusion is not a copy of Plaintiffs' works—it is an AI model that looks nothing like Plaintiffs' works. Thus, any assertion regarding Rombach or Esser's copyrights are not being conveyed in connection with Plaintiffs' registered works. This alone is grounds to dismiss this claim. *See SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*, 804 F. App'x 668, 670-71 (9th Cir. 2020) (affirming grant of summary judgment against plaintiff's false CMI claim where defendant's copyright notice at the bottom of the webpage was not "conveyed in connection with" plaintiff's photos); *see also Logan*, 2022 WL 14813836 at *8 (finding a "generic copyright tag" on the bottom of a Facebook user page "separated" from the rest of the content insufficient to plead CMI was conveyed "in connection with" plaintiff's copyright photos).

**Second**, false CMI must be conveyed in connection with an original or otherwise identical copy of a work to be actionable. *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022) (dismissing DMCA claim because works were not identical). But Stable Diffusion 1.5 is not an original version or identical copy of any of Plaintiffs' works—nor is it even close to being one. Thus, even assuming that the Rombach and Esser copyright notice were CMI, Runway would "not [be] liable under Section 1202(a)" for "put[ting] its own CMI on work distinct from work owned by a copyright holder . . . even if [that] work incorporates the copyright holder's work." *Michael Grecco Prods., Inc. v. Time USA, LLC*, No. 20 Civ. 4875 (NRB), 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021).[25]

**Third**, Plaintiffs fail to allege that any "false" CMI was conveyed, nor could they. Even if the Court credited Plaintiffs' allegations that Stable Diffusion 1.5 somehow includes Plaintiffs'

---

[25] *See also Park v. Skidmore, Owings & Merrill LLP*, No. 17-cv-4473 (RJS), 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) ("[Defendant] has not violated [1202(a)] by claiming authorship over 1 WTC, even if it is improperly derivative of Cityfront '99.").

18
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

registered works, that doesn't make the Rombach and Esser notice false.  Stable Diffusion 1.5 is a new work.  New works—even those that may "include[] materials from a[nother] [copyrighted] work"—can have new copyright information.  *See Faulkner Press, L.L.C. v. Class Notes, LLC*, 756 F. Supp. 2d 1352, 1359-60 (N.D. Fla. 2010) (finding that affixing a label on a different product than plaintiff's didn't amount to a "false" copyright notice, even if the product included information from plaintiff's copyrighted works).

*Finally*, Plaintiffs fail to plead either prong of Section 1202(a)'s "double-scienter" requirement.  Section 1202(a) requires a two-fold showing: providing or distributing false CMI (1) knowingly and (2) with intent to induce, enable, facilitate or conceal.  17 U.S.C. § 1202(a).  At the pleading stage, Plaintiffs must, at minimum, plead facts plausibly showing that Runway had the required mental state to distribute false CMI.  *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1174–75 (N.D. Cal. 2019).  Plaintiffs point to nothing of the sort: they plead only their conclusions.  *See, e.g.*, FAC ¶ 370 ("Runway knows that the Runway Models are being used . . . to create infringing copies.").  This cannot amount to "an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi'" that Runway "was aware or had reasonable grounds to be aware of the probable future impact of its actions."  *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018).

For all these reasons, Plaintiffs have failed to state a claim under Section 1202(a).

### 2. Plaintiffs fail to state a claim under DMCA § 1202(b) for at least three independent reasons.

Plaintiffs also fail to adequately plead a violation of Section 1202(b).  Section 1202(b) prohibits (1) intentionally removing or altering any CMI; (2) distributing or importing CMI with knowledge that the CMI has been altered or removed; and (3) distributing works or copies of works knowing that CMI has been removed.  All of these prohibitions also require the defendant having acted while knowing or having reasonable grounds to know that doing so will "induce, enable, facilitate, or conceal infringement" of any copyright.  17 U.S.C. § 1202(b); *see also Stevens*, 899 F.3d at 673.  Plaintiffs' allegations are deficient for at least three reasons.

*First*, the FAC fails to plausibly allege that Runway participated in any removal of CMI.

19

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

Most of Plaintiffs' allegations are conclusory.  *See, e.g.*, FAC ¶ 367.  And where they are specific, they allege that Runway removed information that is not CMI at all.[26]  CMI must be linked to the information in the copyright registration itself.  *See Fashion Nova, LLC v. Blush Mark, Inc.*, No. CV 22-6127 PSG (RAO), 2023 WL 4307646, at *5 (C.D. Cal. June 30, 2023) (finding file name, which included author name, was insufficient because the copyright registration had a different name).  Here, Plaintiffs fail to allege how any descriptive captions, or certain "words or letters[,] match information in the copyright registrations," or do the job of CMI to "adequately inform the viewer of the copyright."  *See Fashion Nova*, 2023 WL 4307646, at *5.

    ***Second***, as with their deficient Section 1202(a) claim, Plaintiffs fail to plausibly allege any facts satisfying Section 1202(b)'s "double-scienter" requirement.  This claim requires: (1) an intention to remove CMI and (2) knowledge that this removal will "induce, enable, facilitate, or conceal infringement of" the plaintiff's copyright.  17 U.S.C. § 1202(b).  A plaintiff must "allege sufficient facts to support the reasonable inference that the defendant 'knew or had a reasonable basis to know that the removal or alteration of CMI . . . ***w[ould] aid infringement***.'"  *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2023 WL 3449131, at *12 (N.D. Cal. May 11, 2023) (emphasis added).  Plaintiffs cannot plead facts showing that Runway removed information because it knew that would aid infringement.  Nor do they try, relying instead on conclusory recitations of the legal standard.  *See* FAC ¶ 367, 370.  That is insufficient.  *See Philpot v. Alternet Media, Inc.*, No. 18-cv-04479-TSH, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018) (dismissing 1202(b) claim for arguments about defendant's mental state that were "merely conclusory").  As with their prior complaint, *see* Order at 16-17, Plaintiffs again make no "affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions."  *Stevens*, 899 F.3d at 673-74.  Furthermore, as noted above, Plaintiffs fail to plead

---

[26] *See, e.g.*, FAC ¶ 361 ("[C]aptions in image-text pairs, and distinctive marks such as URLs to personal webpages, signatures, and watermarks"); *id.* ¶ 18 ("Mr. Rutkowski is a member of DeviantArt under the same name '88grzes,' which is found in the text captions of some of his works"); *id.* ¶ 76 ("Serf and Greyhounds / 8.5 x 10 Graphite / Moleskin Show II, Spoke Art Gallery, 2012").

2575448

1   any "underlying removal or alteration," and thus, "there can be no knowledge of any removal or

2   alteration." *Falkner v. GM, LLC*, 393 F. Supp. 3d 927, 939 (C.D. Cal. 2018).

3       ***And finally***, even if Plaintiffs had properly alleged removal, their claim would fail

4   because Plaintiffs cannot plead—and, have failed to plead—that CMI was removed or altered

5   from an identical copy of Plaintiffs' works.  *See* FAC, Exs. E, H; *see also Kirk Kara Corp. v. W.*

6   *Stone & Metal Corp.*, No. CV 20-1931-DMG (Ex), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14,

7   2020) (dismissing DMCA claim because "Defendant did not make identical copies of Plaintiff's

8   works and then remove the [] CMI").  Any outputs of Stable Diffusion 1.5 are not, and cannot be,

9   exact copies of Plaintiffs' works as Plaintiffs themselves have previously admitted.  *See* Order at

10   2:13-18.  This is precisely what Judge Tigar recently held in *Doe 1 v. GitHub, Inc.*, dismissing a

11   Section 1202(b) claim because the output at issue was not an "identical copy" to plaintiffs'

12   material, and so plaintiffs have "pleaded themselves out of their" § 1202 claim.  No. 22-CV-

13   06823-JST, ECF No. 192 at 14 (N.D. Cal. Jan. 11, 2024).[27]

14       Accordingly, the Court should dismiss Plaintiffs' DMCA claims.

15   **D.**    **The Court should dismiss the unjust enrichment claim because Plaintiffs have**
16            **failed to properly plead it, and even if they had, it would be preempted by the**
         **Copyright Act.**

17       **1.**    **Plaintiffs have failed to plead the elements of unjust enrichment.**

18       To state a claim for unjust enrichment, Plaintiffs must allege not only that that a defendant

19   received some benefit at their expense, but also that the "benefits were conferred by mistake,

20   fraud, coercion or request; otherwise, though there is enrichment, it is not unjust." *Regents of*

21   *Univ. of Cal. v. LTI Flexible Prods., Inc.*, No. 3:20-cv-08686-WHO, 2021 WL 4133869, at *10

22   (N.D. Cal. Sept. 10, 2021) (dismissing an unjust enrichment claim).  Plaintiffs have not alleged

23   anything of the sort.

24

25   [27] *See also Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (requiring that
CMI was removed from "a plaintiff's product or original work"), *aff'd and rev'd in part on other*
26   *grounds*, 336 F.3d 811 (9th Cir. 2003); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-
00496 SOM, 2015 WL 263556, at *3 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir.
27   2017) (dismissing a claim under Section 1202 because defendant's drawing was not "identical" to
the drawing by the plaintiff, so the court could not say the defendant removed or altered
28   plaintiff's CMI from plaintiff's drawing).

21
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

Instead, they rely on conclusory allegations that it would be "unjust for Runway to retain . . . [any] profit and/or other benefits from the use of Plaintiffs' works." FAC ¶¶ 377-78. The conclusory nature of their allegations alone is enough to warrant dismissal. *See Rosal v. First Fed. Bank of Cal*., 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (dismissing claim that "merely incorporat[ed] the other facts of the FAC by reference and ma[de] a conclusory allegation that defendants have been 'unjustly enriched' by 'retaining profits, income and ill-gotten gains at the expense of plaintiff'"). But Plaintiffs also fail to allege facts to explain how the supposed benefit was obtained through any "qualifying conduct." *Russell v. Walmart, Inc.*, No. 22-CV-02813-JST, 2023 WL 4341460, *2 (N.D. Cal. July 5, 2023). Plaintiffs again rely only on conclusory allegations that Runway "unjustly misappropriated the LAION-5B Works." FAC ¶ 374. Plaintiffs plead ***no facts*** detailing any conduct by Runway that amounts to mistake, fraud, coercion, or a request by Runway. They have therefore failed to plead the elements of unjust enrichment.

### 2. Plaintiffs have failed to plead that they lack an adequate remedy at law.

"Unjust enrichment" is a "quasi-contract claim seeking restitution." *Rabin v. Google LLC*, No. 22-cv-04547-BLF, 2023 WL 4053804, at *12 (N.D. Cal. June 15, 2023) (quoting *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015)). Restitution is an equitable remedy. Plaintiffs "must establish that [they] lack[] an adequate remedy at law before securing equitable restitution for past harm." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). But they failed to plead why the legal remedies available to them are not "plain, adequate, or complete" before pleading their unjust enrichment claim. *Id*. at 843. The claim fails for this reason as well.

### 3. Even if Plaintiffs could state a claim for unjust enrichment, it would be preempted by the Copyright Act.

The Copyright Act preempts all state-law created rights "that are equivalent to any of the exclusive rights within . . . section 106." 17 U.S.C. § 301(a). Under Ninth Circuit law, a state law claim is preempted by the Copyright Act where (1) the subject matter of the claim falls within

22

DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

the subject matter of copyright described in 17 U.S.C. §§ 102, 103, and (2) the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106.  *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).  For a state-law claim to avoid preemption, it must include an "'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act."  *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005).

Courts in this district have dismissed unjust enrichment claims as preempted by the Copyright Act where plaintiffs allege "use" of copyrighted works to train AI models as the basis for unjust enrichment.[28]  The unjust enrichment claim in the FAC is likewise preempted. Plaintiffs can't dispute that the "subject matter" of the claim—images constituting "pictorial works"—falls within the realm of copyrightable material.  *See* 17 U.S.C. § 102(a).  And they fare no better on the second prong.  While Plaintiffs attempt to avoid preemption by asserting, in conclusory fashion, that Runway "use[s]" their works to "train, develop, and promote" its models, FAC ¶ 375, this does not change the fact that the only alleged "use" of the works by Runway is copying those works, a right governed exclusively by the Copyright Act.[29]   Thus, even if the claim were adequately pled, it would be preempted.

**E.    The Court should dismiss Plaintiffs' inadequately pled claims with prejudice.**

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Here, Plaintiffs have had two bites at the apple, and ample opportunity to

---

[28] *See, e.g., Kadrey*, 2023 WL 8039640, at *2 ("The complaint alleges the use of the plaintiffs' books to train LLaMA unjustly enriched Meta, but this claim relies on the same rights contained in the Copyright Act."); *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, ECF No. 192 at 12-13 (N.D. Cal. Jan. 11, 2024) (Tigar, J.) ("Plaintiffs' claims principally concern the unauthorized reproduction of [Copyrighted works] to prepare derivative works—not the unlawful use of an end-product or output.  Such claims fall under the purview of the Copyright Act.").  This Court has done the same on Plaintiffs' previously alleged (and similar) unfair competition claim.  *See* Order at 23.

[29] *See Cromwell v. Certified Forensic Loan Auditors*, No. 17-cv-02429-DMR, 2019 WL 1095837, at *11 (N.D. Cal. Jan. 10, 2019) (finding unjust enrichment preempted due to plaintiff's failure to plead facts "separate from their copyright infringement claim"); *see also Kadrey*, 2023 WL 8039640, at *2 (dismissing unjust enrichment claim); *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, ECF No. 192 at 12-13 (N.D. Cal. Jan. 11, 2024) (same).

23
DEFENDANT RUNWAY AI, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 3:23-cv-00201-WHO

2575448

research and support their claims if those claims were supportable.  Moreover, Plaintiffs were warned that they might not receive a third try.[30]  The Court should now dismiss Plaintiffs' inadequately pled claims with prejudice so that this case can proceed on the sole claim they have plausibly pled.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Count Eleven, except insofar as it rests on Plaintiffs' Training Theory, and all of Counts Twelve, Thirteen, and Fourteen.

Dated:  February 8, 2024                           KEKER, VAN NEST & PETERS LLP

                                         By:   */s/ Paven Malhotra*
                                               DAVID SILBERT
                                               PAVEN MALHOTRA
                                               BAILEY W. HEAPS
                                               JULIA L. GREENBERG
                                               CELINA S. MALAVE

                                               Attorneys for Defendant
                                               RUNWAY AI, INC.

---

[30] *See* Order at 14 n.10 (noting that the Court "will not be as generous with leave to amend on the next, expected rounds of motions to dismiss and . . . will expect a greater level of specificity as to each claim alleged and the conduct of each defendant in support of each claim.")