KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
CELINA S. MALAVE - # 347808
cmalave@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KELLY MCKERNAN, an individual; KARLA ORTIZ, an individual; H. SOUTHWORTH PKA HAWKE SOUTHWORTH, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANT RUNWAY AI, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:        May 8, 2024<br>Time:       2:00 p.m.<br>Courtroom: 2 – 17th Floor<br>Judge:       Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date:  None Set |

# NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 10(c), Defendant Runway AI, Inc., through its undersigned counsel, hereby respectfully requests that the Court take judicial notice or incorporate by reference the following materials in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"), filed concurrently herewith:

1. Defendant Meta Platforms, Inc.'s Notice of Motion and Motion to Dismiss (ECF No. 23) in *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-092417-VC (N.D. Cal.), filed on September 18, 2023, attached as **Exhibit A** to the Declaration of Julia L. Greenberg in support of Motion ("Greenberg Declaration");

2. Plaintiffs' First Consolidated Amended Complaint (ECF No. 69) in *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-092417-VC (N.D. Cal.), filed on December 22, 2023, attached as **Exhibit B** to the Greenberg Declaration;

3. An academic paper titled "Extracting Training Data from Diffusion Models," by Nicholas Carlini and his co-authors, published on January 30, 2023, at https://arxiv.org/pdf/2301.13188.pdf, attached as **Exhibit C** to the Greenberg Declaration;

4. An academic paper titled "A Reproducible Extraction of Training Images from Diffusion Models," by Ryan Webster, published on May 15, 2023, at https://arxiv.org/pdf/2305.08694.pdf, attached as **Exhibit D** to the Greenberg Declaration;

5. An academic paper titled "Measuring the Success of Diffusion Models at Imitating Human Artists," by Stephen Casper and his co-authors, published on July 8, 2023, at https://arxiv.org/pdf/2307.04028.pdf, attached as **Exhibit E** to the Greenberg Declaration;

6. A webpage showing the "Stable Diffusion CreativeML Open RAIL-M License" with a copy of the license,[1] which can be found https://github.com/runwayml/stable-

---

[1] When converted from a webpage into a PDF, the above-mentioned webpage does not show the license in its entirety. As such, Exhibit F includes both the webpage and a true and correct copy of the license shown on it (and downloaded from it).

diffusion/blob/main/LICENSE, attached as **Exhibit F** to the Greenberg Declaration.

7. A webpage of the "Stable Diffusion v1-5 Model Card," which can be found https://huggingface.co/runwayml/stable-diffusion-v1-5, attached as **Exhibit G** to the Greenberg Declaration.

## **MEMORANDUM OF POINTS & AUTHORITIES**

In support of its motion to dismiss, Defendant Runway AI, Inc. ("Runway") respectfully requests that the Court take notice or incorporate by reference several publicly available documents, most of which are extensively referenced, relied upon, and quoted in Plaintiffs' First Amended Complaint ("FAC"). *See* ECF No. 129. These documents can be properly understood in three categories: **(1)** academic papers on which Plaintiffs' copyright claims are predicated (Exhibits C, D, E); **(2)** webpages which Plaintiffs reference to support their claims (Exhibits F, G); and **(3)** court records from a similar proceeding in this district (Exhibits A, B). These documents are properly subject to judicial notice or incorporation by reference, and the Court should consider them when ruling on Runway's Motion to Dismiss ("Motion").

I.  **LEGAL STANDARD**

  A.  **Judicial Notice**

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may consider any matters subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). It is well-recognized that public documents, including documents filed in other courts, are suitable for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (recognizing "court documents already in the public record and documents filed in other courts" are "proper subjects of judicial

notice when ruling on a motion to dismiss").

**B.     Incorporation by Reference**

Under the incorporation-by-reference doctrine, a court may consider a document extrinsic to the complaint if the document's "authenticity is not contested[,] and the plaintiff's complaint necessarily relies on [it]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[2] A plaintiff's complaint necessarily relies on an extrinsic document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The Ninth Circuit has also held that quoting from a document is sufficient to incorporate a document by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Where incorporated by reference, a district court can treat a document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

**II.    ARGUMENT**

**A.     The Court should take judicial notice of Exhibits A and B.**

Exhibits A and B are true and correct copies of pleadings filed in *Kadrey, et al. v. Meta Plaftorms, Inc.*, No. 3:23-cv-092417-VC (N.D. Cal.). *See* Greenberg Decl., Exs. A, B. The court records show how other parties in this District have approached similar issues to this case. *See id.* They were filed in the Northern District of California. *See id.* They bear official file stamps and are available through PACER or CM/ECF. *See id.* Because the records are "court filings" and "matters of public record," the Court may take judicial notice of them. *Reyn's Pasta Bella*, 442

---

[2] Incorporation by reference is different than judicial notice, *Lee*, 250 F.3d at 688–89, and the standards are different as well. *See Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may consider [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for judicial notice.").

F.3d at 746 n.6; *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024.

**B.    The Court should incorporate by reference Exhibits C through G.**

Exhibits C through G are publicly available documents that should be incorporated by reference. Exhibits C, D, and E are true and correct copies of academic articles about diffusion models. *See* Greenberg Decl., Exs. C, D, E.[3] Plaintiffs cite, quote, and describe these articles extensively in the FAC. *See, e.g.*, FAC ¶¶ 130-140, 150, 182, 191 (describing Exhibit C), 138 (describing Exhibit D), 141-146, 150 (describing Exhibit E). Plaintiffs rely on these materials and incorporate them into each of their causes of action. *See id.* ¶¶ 346, 354, 360, 372. In particular, Plaintiffs rely on these academic papers to support one of their theories (specifically, their Model Theory) behind their direct copyright infringement claim. *See id.* ¶¶ 116-149; *see also id.* ¶¶ 346-353. Thus, because Plaintiffs "refer[] extensively to the[se] document[s]" in their FAC and "the[se] document[s] form[] the basis of [their] claim[s]," *Ritchie*, 342 F.3d at 908, they should be incorporated by reference. *See Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (incorporating by reference two articles from complaint to show claim "contradict[ed]").

Similarly, Exhibits F and G are true and correct copies of webpages related to Stable Diffusion. *See* Greenberg Decl., Exs. G, H.[4] Plaintiffs cite and reference these webpages throughout the FAC. *See* FAC ¶¶ 352, 355, 368. Plaintiffs rely on these materials and incorporate them into each of their causes of action. *See id.* ¶¶ 346, 354, 355, 360, 368, 372. Therefore, these Exhibits should be incorporated by reference too, and the Court can consider the "entire document[s] . . . for purposes of the motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d at 1058 n.10; *see Mophie, Inc. v. Shah*, No. CV 13-1321-DMG, 2014 WL 10988339, at

---

[3] Exhibit C is an academic paper titled "Extracting Training Data from Diffusion Models," by Nicholas Carlini and his co-authors, published on January 30, 2023, at https://arxiv.org/pdf/2301.13188.pdf. Exhibit D is an academic paper titled "A Reproducible Extraction of Training Images from Diffusion Models," by Ryan Webster, published on May 16, 2023, at https://arxiv.org/pdf/2305.08694.pdf. Exhibit E is an academic paper titled "Measuring the Success of Diffusion Models at Imitating Human Artists," by Stephen Casper and his co-authors, published on July 8, 2023, at https://arxiv.org/pdf/2307.04028.pdf.

[4] Exhibit F is shows the "Stable Diffusion CreativeML Open RAIL-M License," which can be found at https://github.com/runwayml/stable-diffusion/blob/main/LICENSE. Exhibit G is a webpage of the "Stable Diffusion v1-5 Model Card," which can be found at https://huggingface.co/runwayml/stable-diffusion-v1-5.

*3 n.2 (C.D. Cal. July 24, 2014) (considering policy described on website where complaint relied on same website).

### III.    CONCLUSION

For the foregoing reasons, Runway respectfully requests that the Court take judicial notice of Exhibits A and B and incorporate by reference Exhibits C through G.

Dated:  February 8, 2024                                KEKER, VAN NEST & PETERS LLP

                                                By:    /s/ Paven Malhotra
                                                        DAVID SILBERT
                                                        PAVEN MALHOTRA
                                                        BAILEY W. HEAPS
                                                        JULIA L. GREENBERG
                                                        CELINA S. MALAVE

                                                        Attorneys for Defendant
                                                        RUNWAY AI, INC.