UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., et al.,<br><br>    Defendants. | Case No. 23-cv-00201-WHO<br><br>**ORDER DENYING MOTION TO STRIKE AND REQUESTS FOR FEES**<br><br>Re: Dkt. Nos. 50, 136 |

DeviantArt has renewed its special motion to strike under California's anti-SLAPP statute. Cal. Code of Civ. Proc. § 425.16. As explained below, DeviantArt's motion to strike is DENIED because the Complaint and Amended Complaint fall within the anti-SLAPP statute's public interest exception.

## BACKGROUND

In my prior Order, I granted in large part and denied in limited part the three set of defendants' motions to dismiss. Dkt. No. 117 (October 2023 Order). One defendant, DeviantArt, Inc., also filed a special motion to strike under California's Anti-SLAPP statute, California Code of Civ. Proc. § 425.16. Dkt. No. 50. That motion was joined by the other defendants. Dkt. Nos. 54, 59. The motion to strike was directed solely to plaintiff's right of publicity claims and made the same arguments as DeviantArt and the other defendants made in their motions to dismiss. *See, e.g.*, Dkt. No. 49.

In the October 2023 Order, I dismissed the rights of publicity claims with leave to amend, requiring plaintiffs "to clarify their right of publicity theories as well as allege plausible facts in support regarding each defendants' use of each plaintiffs' name in connection with advertising specifically and any other commercial interests of defendants." Order at 21-22. I also considered DeviantArt's first amendment defense to the rights of publicity claims but did not find it applied

as a matter of law, concluding that "the applicability of transformative use defense is better determined after plaintiffs clarify and otherwise amend their right of publicity claims and at a subsequent juncture on an evidentiary basis." *Id*. at 22.

Separately considering DeviantArt's special motion to strike, I explained:

> DeviantArt moves to strike the plaintiffs' right of publicity claims, arguing their conduct is protected activity under California's anti-SLAPP statute. California Code of Civil Procedure § 425.16.20 Assuming the anti-SLAPP statute applies – in other words, that DeviantArt's conduct in providing the DreamUp program is expressive conduct protected by the statute – the merits of the special motion to strike depends on the same arguments defendants assert in their motions to dismiss, namely, whether the right to publicity claims are preempted by the Copyright Act and whether they have otherwise been adequately alleged.
>
> Because I have dismissed the right to publicity claim with leave to amend, I defer ruling on DeviantArt's special motion to strike. When plaintiffs reallege the right to publicity claim, then DeviantArt may renew its special motion to strike, and I will consider that motion on the merits at that juncture.

Order at 27-28.

Plaintiffs filed their Amended Complaint on November 29, 2023. Plaintiffs omitted the rights of publicity claims from the Amended Complaint. Dkt. No. 129. DeviantArt renewed its special motion to strike, arguing that it should be granted in light of plaintiffs' dropping the challenged claims and that it is entitled to its attorney fees in bringing the initial and second motions. Dkt. No. 136.

## LEGAL STANDARD

California's anti-SLAPP law was enacted to "protect against 'lawsuits brought primarily to chill' the exercise of speech and petition rights" and to "encourage continued participation in matters of public significance." *FilmOn.com Inc. v. DoubleVerify Inc*., 7 Cal.5th 133, 246 Cal.Rptr.3d 591, 439 P.3d 1156, 1160 (2019) (quoting Cal. Civ. Proc. Code § 425.16(a)). In ruling on an anti-SLAPP motion, a court engages in a two-step process. *Equilon Enterprises v. Consumer Cause, Inc*., 29 Cal.4th 53, 67 (2002). At step one, the court assesses whether the moving party has made "a prima facie showing that the lawsuit arises from an act in furtherance of its First Amendment right to free speech." *Nat'l Abortion Federation v. Center for Medical*

2

*Progress*, Case No. 15-cv-03522-WHO, 2015 WL 5071977, at *3 (N.D. Cal. Aug. 27, 2015). The moving defendant bears the burden at this step of identifying all allegations of protected activity, and the claims for relief supported by them. If the moving party can establish step one, the burden shifts to the non-moving party which must then show a reasonable probability that it will prevail on its claim. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). "For a plaintiff to establish a probability of prevailing on a claim, he must satisfy a standard comparable to that used on a motion for judgment as a matter of law." *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010).

Before engaging in the two-step merits analysis, court should consider whether one or both exemptions to the statute's coverage applies. *Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*, 27 Cal. App. 5th 15, 25 (2018). The exemptions provide that the statute does not apply to "any action brought solely in the public interest or on behalf of the general public," Cal. Civ. Proc. Code § 425.17(b),[1] or to causes of action arising from commercial speech, *id*. § 425.17(c).

## DISCUSSION

Plaintiffs argue that this case – seeking relief on behalf of a class of artists whose work was used to train and/or promote defendants' AI art-creation products – falls within the public interest exemption. Oppo. at 6-8.[2] In their opposition, plaintiffs relied heavily on a recent Ninth Circuit decision that is squarely on point, *Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785, 790 (9th Cir. 2023). In *Martinez*, the panel extensively analyzed relevant California authority and concluded

---

[1] The public interest exemption covers cases "brought solely in the public interest or on behalf of the general public" if three conditions are met: (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member; (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons; (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter. *Id*. § 425.17(b).

[2] DeviantArt argues that plaintiffs are precluded from asserting this exemption because they failed to raise it in their prior opposition to DeviantArt's special motion to strike. Reply at 5-6. However, applicability of the anti-SLAPP exemptions is a question of law; it is necessary for the court to consider it in the first instance. *See Takhar*, 27 Cal. App. 5th at 25.

1   that the class action there – seeking relief from defendants' online directory's use of plaintiff's
2   name and likeness in alleged violation of California's right of publicity statutory and common-law
3   claims, as well as privacy and intellectual property claims – fell within the public interest
4   exemption. *See Martinez*, 82 F.4th 785, 787.[3]

5   Defendants' Statement of Recent Decision (Dkt. No. 156) notes that the Ninth Circuit
6   granted a petition for rehearing *en banc* of *Martinez* and the panel decision has been vacated. *See*
7   *Martinez v. ZoomInfo Techs., Inc*., Ninth Circuit Case No. 22-35305, 2024 WL 189137 (9th Cir.
8   Jan. 18, 2024). It is no longer binding authority. Nonetheless, it thoroughly analyzed California
9   law regarding application of the public interest exception to class actions in general and California
10  right of publicity claims specifically, and I find that section of the opinion helpful.

11  Turning to the exemption and considering the three prongs required by Section 425.17(b):
12  plaintiffs did not seek any relief with respect to the attacked right of publicity claims greater than
13  or different from the relief sought for the class, satisfying the first prong. The third prong is also
14  met. Private enforcement is necessary. As shown by the parties' passionate language about who
15  is attempting to bludgeon whom with the anti-SLAPP motion and its attendant fee provisions, and
16  given that the alleged use of billions of pieces of art were used to train the products, a plaintiff's
17  actual financial interest is seemingly insignificant when compared to the costs to litigate this type
18  of action against well-funded defendants.

19  The main debate between the parties is on the second prong, whether the "action, if
20  successful, would enforce an important right affecting the public interest, and would confer a
21  significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of
22  persons." Section 425.17(b). On this prong, plaintiffs argue that if successful, their right of
23  publicity claims would "enforce an important right affecting the public interest" given California's
24  long-standing statutory and common law policies protecting rights of publicity. How defendants'
25  commercially offered art-generation products could or could not use artists' names – either

---

[3] DeviantArt contends that plaintiffs cannot raise the public interest exemption argument now because they did not raise it in opposition to the prior special motion to strike. Whether the exemption applies is a question of law, and it is appropriate for me to consider at any juncture.

associated with an artist's style or using their names in connection with promoting the products – is a significant, cutting-edge issue. Providing clarity about the scope of artists' rights to contest use of their names in conjunction with those products would provide a significant benefit to artists in California.

DeviantArt disputes this. DeviantArt argues that *Martinez* considered plaintiffs' allegations that the online directory used class members' likenesses to sell subscriptions to the full database, because the way the product worked was to display basic "teaser information" (names and job titles) along with offers to purchase a full subscription to access the full database. That use of plaintiffs' names in connection with teaser and advertisements was, according to DeviantArt, why the *Martinez* panel determined that plaintiffs' right of publicity claims satisfied the second prong given California's extensive common law and statutory protection against commercial misuse of identities. Reply at 5-8.[4]

DeviantArt characterizes plaintiffs' initial complaint as one seeking redress for misuse of their artistic styles, not commercial misuse of their identities, and argues that the second prong is not met. *Id*. But plaintiffs' original complaint alleged use of their *names* in support of their right of publicity claims:

> There is a direct connection between Defendants' misappropriation of Plaintiffs' names and Defendants' commercial purposes, because Defendants used Plaintiffs' names to advertise art "in the style" of Plaintiffs' work. Defendants used Plaintiffs' names and advertised their AI's ability to copy or generate work in the artistic style that Plaintiffs popularized in order to sell Defendants' products and services. Defendants' ability to market art similar to and associated with Plaintiffs' names also enabled Defendants to establish an advantage over actual and prospective competitors.

Compl. ¶ 205.

---

[4] I agree with DeviantArt that *Martinez* – if it remained precedential law – did not create a categorical exemption such that all right of publicity claims would necessarily satisfy the second prong of the public interest exemption. DeviantArt is correct that courts have granted special motions to strike class claims based on the right of publicity, *see, e.g.*, *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). The *Maloney* court, however, did not consider the public interest exemption. Application of the anti-SLAPP statute to class actions asserting right of publicity claims must be determined on a case by case basis considering, as I have, the specific claims of the case and the allegations involved before determining whether the public interest or commercial speech exemptions apply.

Separate and apart from *Martinez*, I find that the second prong of the public interest exemption is met here. Plaintiffs alleged that defendants used their names to advertise art and their commercial products. The rights of publicity claims were nevertheless dismissed because:

> The problem for plaintiffs is that nowhere in the Complaint have they provided any facts specific to the three named plaintiffs to plausibly allege that any defendant has used a named plaintiff's name to advertise, sell, or solicit purchase of DreamStudio, DreamUp or the Midjourney product. Nor are there any allegations regarding how use of these plaintiffs' names in the products' text prompts would produce an "AI-generated image similar enough that people familiar with Plaintiffs' artistic style could believe that Plaintiffs created the image," and result in plausible harm to their goodwill associated with their names, in light of the arguably contradictory allegation that none of the Output Images are likely to be a "close match" for any of the Training Images.

*Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *12 (N.D. Cal. Oct. 30, 2023). Had plaintiffs been able to allege those facts, they would have stated their claims. That does not undermine that their original right of publicity claims were based on the use of their names in connection with the sale or promotion of DreamUp, a type of claim that would undoubtedly enforce California's public policy to protect against misappropriation of names and likenesses.

The public interest exception applies here. DeviantArt's special motion to strike, as considered on the merits of the first complaint and as considered now, is DENIED.[5]

**IT IS SO ORDERED.**

Dated: February 8, 2024



William H. Orrick
United States District Judge

---

[5] Given this conclusion, I need not consider whether DeviantArt is correct that plaintiffs' claims attacked protected activity under Section 425.16(e) or whether DeviantArt was the prevailing party. I also summarily reject plaintiffs' request for fees under the anti-SLAPP statute or 28 U.S.C. § 1927. Oppo. at 10-11. DeviantArt's initial and renewed special motions to strike were not frivolous or totally devoid of merit.