1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                        SAN FRANCISCO DIVISION
11
12

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 3.23-cv-00201-WHO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MIDJOURNEY, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 8, 2024<br>Time: 2:00 PM<br>Courtroom: Videoconference<br>Before: Hon. William H. Orrick |

Defendant Midjourney, Inc.'s ("Midjourney") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") was heard by this Court on May 8, 2024. After consideration of the briefs and arguments of counsel, and all matters properly presented to the Court, the Court **GRANTS** the Motion in full and finds and orders as follows:

**1.** Claims 5 and 6 (direct copyright infringement) are **DISMISSED** with prejudice as to all plaintiffs because: (a) many of the alleged images at issue (Exhibit A at pp. 3–13, 23–38, 64–103, 108–118) are not covered by a valid copyright registration and therefore cannot serve as the basis for a claim (17 U.S.C. § 411); (b) plaintiffs fail to allege facts to establish that Midjourney made copies of any registered images in training its model in violation of their reproduction right under 17 U.S.C. § 106; and (c) allegations that Midjourney's generative artificial intelligence model is itself an infringing copy or derivative work fails as a matter of law for lack of substantial similarity.

**2.** Claim 7 (violation of the Digital Millennium Copyright Act ("DMCA")) is **DISMISSED** with prejudice, because plaintiffs have not, and cannot, plead that Midjourney removed or altered copyright management information from an identical copy of any plaintiff's works.

**3.** Claim 8 (false endorsement under the Lanham Act) is **DISMISSED** with prejudice as to all plaintiffs because the First Amended Complaint ("FAC") fails to plead any facts to establish a statement by Midjourney that could be characterized as a false endorsement or other statement likely to cause confusion or mistake as to whether any plaintiff has sponsored or endorsed Midjourney's platform. 15 U.S.C. § 1125(a). Further, Midjourney's publication of the alleged "Name List" was a nominative fair use and constituted protected expression under the First Amendment.

**4.** Claim 9 (vicarious trade dress infringement) is **DISMISSED** with prejudice as to all plaintiffs. The FAC does not (a) identify any protectable trade dress; (b) plead facts showing that the design elements comprising any alleged trade dress are non-functional; or (c) plead facts to establish secondary meaning, *i.e.*, that the alleged art styles serve primarily as a designation of source for any particular plaintiff. The FAC also fails to allege any example of alleged direct trade

dress infringement.  Absent direct trade dress infringement, there is no basis for an imposition of vicarious liability on Midjourney.

**5.** Claim 10 (unjust enrichment) is **DISMISSED** with prejudice as to all plaintiffs because it is based on copying and use of plaintiffs' alleged copyrighted works and, thus, is preempted by 17 U.S.C. § 301. This claim further fails because the FAC does not and cannot allege the required affiliation or connection between plaintiffs and Midjourney to invoke this quasi-contract theory of liability.

**6.** Leave to amend would be futile and is denied as to all claims and all plaintiffs.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE