1  Joseph R. Saveri (State Bar No. 130064)
   Cadio Zirpoli (State Bar No. 179108)
2  Christopher K.L. Young (State Bar No. 318371)
   David W. Lerch (State Bar No. 229411)
3  Elissa A. Buchanan (State Bar No. 249996)
   Kathleen J. McMahon (State Bar No. 340007)
4  **JOSEPH SAVERI LAW FIRM, LLP**
   601 California Street, Suite 1000
5  San Francisco, CA 94108
   Telephone:     (415) 500-6800
6  Facsimile:      (415) 395-9940
   Email:         jsaveri@saverilawfirm.com
7                 czirpoli@saverilawfirm.com
                  cyoung@saverilawfirm.com
8                 dlerch@saverilawfirm.com
                  eabuchanan@saverilawfirm.com
9                 kmcmahon@saverilawfirm.com

10 Matthew Butterick (State Bar No. 250953)
   1920 Hillhurst Avenue, #406
11 Los Angeles, CA 90027
   Telephone:     (323) 968-2632
12 Facsimile:      (415) 395-9940
   Email:         mb@butterricklaw.com

13

14 *Counsel for Individual and Representative*
   *Plaintiffs and the Proposed Class*

15 [Additional Counsel Listed on Signature Page]

16              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
17              **SAN FRANCISCO DIVISION**

18 SARAH ANDERSEN, et al.,                    Case No. 3:23-cv-00201-WHO

19        Individual and Representative Plaintiffs,   **PLAINTIFFS' OPPOSITION TO**
                                                      **DEFENDANT RUNWAY AI, INC.'S**
20        v.                                          **REQUEST FOR JUDICIAL NOTICE AND**
                                                      **CONSIDERATION OF DOCUMENTS**
21 STABILITY AI LTD., et al.,                         **INCORPORATED BY REFERENCE IN**
                                                      **SUPPORT OF DEFENDANT RUNWAY AI,**
22                              Defendants.           **INC.'S MOTION TO DISMISS**
                                                      **PLAINTIFFS' FIRST AMENDED**
23                                                    **COMPLAINT**

24                                                    Date:       May 8, 2024
25                                                    Time:       2:00 pm
                                                      Location:   Videoconference
26                                                    Before:     Hon. William H. Orrick

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

    1.     Runway's Request for Judicial Notice of Exhibits A and B Is Improper. ................2

    2.     Runway's Request to Incorporate Exhibits C, D, E, F, and G by Reference Improperly Seek to Raise Factual Disputes and Fails to Demonstrate that The Exhibits are Central to Plaintiffs' Claims. ................................................................3

        A.     Exhibits C-E. .............................................................................................3

        B.     Exhibits F and G. .......................................................................................5

III.    CONCLUSION ...........................................................................................................6

Case No. 3:23-cv-00201-WHO            i

PLAINTIFFS' OPPOSITION TO DEFENDANT RUNWAY AI, INC.'S REQUEST FOR JUDICIAL NOTICE
AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799 (N.D. Cal. 2011) ................................2

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................3

5

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010)........................................................5

6

*In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797 (N.D. Cal. 2020) ....................................2

7

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ...........................................3, 4

8

9

*M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483 (9th Cir. 1983).......................3

10

*Mophie, Inc. v. Shah*, No. CV 13-1321-DMGJEMX, 2014 WL 10988339 (C.D. Cal. July 24, 2014) ..............................................................................................................5

11

*In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046 (9th Cir. 2014)......................................................5

12

*Pirani v. Netflix, Inc.*, No. 22-CV-02672-JST, 2024 WL 69069 (N.D. Cal. Feb. 5, 2024) ...................................................................................................................................2

13

14

*Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018) ................................................6

15

*Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940 (9th Cir. 2008)...........................................4

16

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ...............................................................4, 5

17

*Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) ..........................................................................3

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

In response to Plaintiffs' sufficiently alleged First Amended Complaint ("FAC"), Defendant Runway AI, Inc. ("Runway") attempts to impermissibly use both the doctrines of incorporation by reference and judicial notice to introduce factual issues at the pleading stage. In its Request for Judicial Notice and Incorporation by Reference, Runway asks the Court to take notice of judicial of pleadings from a separate case, *Kadrey et al., v. Meta Platforms, Inc* ("*Kadrey*"), which involved different parties, different allegations, and different AI models from the present case.  ECF No. 165 at 1 ("Runway RJN"). Although the Court could properly judicially notice these pleadings for purposes *other* than the facts and content included within them (i.e., that the pleadings were filed on a certain date or in a certain sequence), Runway instead argues that the Court should judicially notice these documents for the similarity of the issues and arguments in the *Kadrey* case to the issues and arguments in this action. Runway RJN at 3. Because Runway has not set forth a proper reason for requesting judicial notice of the *Kadrey* pleadings, the Court should decline to grant Runway's request and refrain from allowing Runway to short-circuit fact-finding in this litigation by importing facts from another case which are not subject to fact-finding by a jury or this Court.

Runway also seeks to have the Court incorporate by reference three research papers to which the FAC already includes website citations. Therefore, all the content that Runway refers to in its RJN has already been incorporated into the FAC. In addition, the doctrine of incorporation by reference is inappropriate in this context because Exhibits C through E are not "central" to Plaintiffs' direct infringement claim against Runway. Further, Runway aspires to use Exhibits C through G for the sole purpose of contesting Plaintiffs' factual allegations and in clear contravention of the Court's obligation at the motion to dismiss stage to "assume that the plaintiff's allegations are true and . . . draw all reasonable inferences in the plaintiff's favor." *Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 810 (N.D. Cal. 2011).

One of the papers that Runway seeks to incorporate by reference is only cited once in the FAC.  The FAC does describe the other two research papers in more detail, but as examples

1  which bolster and corroborate the allegations in the FAC as to how the AI models work, rather

2  than as documents which are central and dispositive to the claims (i.e., a contract which is the

3  subject of a breach of contract claim). Therefore, these research papers are not central to the

4  FAC, and in addition, Runway has not explained how the portions of the research papers that

5  Plaintiffs have cited and referred to would somehow be misleading to the Court standing alone.

6  Instead, Runway has attempted to add its own additional facts to Plaintiffs' allegations in the

7  FAC.

8       Finally, in Exhibits F and G, Runway seeks to incorporate two documents which are also

9  available on websites that Plaintiffs have already included in the FAC (a Stable Diffusion license

10  and webpage depicting a Stable Diffusion model card). To the extent that Runway requests that

11  the Court make particular findings of fact as to content on the website, Runway has provided no

12  satisfactory argument or rationale for the Court to do so. Because the FAC already includes links

13  to the two websites, incorporation by reference is unnecessary.

14  **II.    ARGUMENT**

15       In general, courts "may not consider any material beyond the pleadings in ruling on a Rule

16  12(b)(6) motion." *Pirani v. Netflix, Inc.*, No. 22-CV-02672-JST, 2024 WL 69069, at *6 (N.D. Cal.

17  Feb. 5, 2024) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011)).

18  However, two doctrines allow a court to consider material beyond the complaint: incorporation by

19  reference in the complaint and judicial notice under Federal Rule of Evidence 201. *In re Google*

20  *Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 812 (N.D. Cal. 2020). Regardless, the Ninth Circuit has

21  warned that "[i]f defendants are permitted to present their own version of the facts at the

22  pleading stage—and district courts accept those facts as uncontroverted and true—it becomes

23  near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible'

24  claim for relief." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting

25  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

26       **1.    Runway's request for judicial notice of Exhibits A and B is improper.**

27       Runway expressly states that it seeks judicial notice of the *Kadrey* pleadings because "[t]he

28

court records show how other parties in this District have approached similar issues to this case"
Runway RJN at 3. This is plainly an improper reason for the Court to take judicial notice of these
documents. "As a general rule, a court may not take judicial notice of proceedings or records in
another cause so as to supply, without formal introduction of evidence, facts essential to support a
contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d
1483, 1491 (9th Cir. 1983); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1108 n.5 (9th Cir. 2003)
("Factual findings in one case ordinarily are not admissible for their truth in another case through
judicial notice.") (overruled on other grounds).

Runway does not provide any specific argument regarding whether the issues in *Kadrey*
are similar to the issues before this Court. Nor does Runway provide any indication of what the
Court should take judicial notice *of* in the *Kadrey* pleadings.  The Ninth Circuit is clear that a
court should not take judicial notice of facts in another case as a way to short-circuit the
adjudicative process and introduce facts into the record deemed as true without any further
factfinding. *See Khoja*, 899 F.3d at 998-99 ("[T]he unscrupulous use of extrinsic documents to
resolve competing theories against the complaint risks premature dismissals of plausible claims
that may turn out to be valid after discovery."). Accordingly, Plaintiffs ask the Court to deny
Runway's Request for Judicial Notice as to the *Kadrey* pleadings.

> **2.     Runway's request to incorporate Exhibits C, D, E, F, and G by reference improperly seek to raise factual disputes and fails to demonstrate that the Exhibits are central to Plaintiffs' claims.**

> **A.     Exhibits C-E.**

Incorporating the research papers in Exhibits C through E by reference for the mere
purpose of bolstering Runway's factual disputes is contrary to the purpose of the doctrine; to
ensure that that a plaintiff cannot circumvent pleading requirements by selectively quoting
documents out of context to state a claim when it is clear from undisputable facts that the
contract or other document featured in the complaint actually states the opposite of what the
Plaintiff alleges. *See Khoja*, 899 F.3d at 1002. Admission of the three research papers would
provide a vehicle for the Court to establish the facts that Runway has selected as true, weigh those

1    facts against the allegations that Plaintiffs have pled in the FAC, and then decide whether to

2    dismiss the claims, all without the benefit of fact discovery. This is not the purpose of the

3    incorporation by reference doctrine and risks "resolving factual disputes at the pleading stage."

4    *Id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such

5    assumptions only serve to dispute facts stated in a well-pleaded complaint."); *see also Sgro v.*

6    *Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider

7    disability benefits plan referenced in complaint, but declining to accept truth of the plan's

8    contents where the parties disputed whether defendant actually implemented the plan according

9    to its terms). Finally, the FAC includes a hyperlink to each of the three papers, such that the

10   allegations regarding the papers are not misleading or otherwise incomplete.

11        Further, contrary to Runway's assertions, the FAC does not cite extensively to the three

12   research papers that Runways seeks to incorporate. Neither are these papers central or dispositive

13   to the claims set forth in the FAC. The Webster paper (Ex. D), which Runway seeks to

14   incorporate by reference in its entirety is referred to only once by the FAC. FAC at ¶ 138. *See*

15   *Khoja*, 899 F.3d at 1003 (stating that where a document was quoted once in a two-sentence

16   footnote, incorporation by reference was improper because "[f]or 'extensively' to mean anything

17   under *Ritchie*, it should, ordinarily at least, mean more than once") (quoting *Coto Settlement v.*

18   *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

19        Likewise, as to Ex. E, the FAC briefly discusses the Casper paper to describe how

20   researchers analyzed the ability of diffusion models to classify art from named artists and showed

21   that Stable Diffusion was "exceptionally good at creating convincing images resembling the work

22   of specific artists if the artist's name is provided in the prompt." FAC ¶¶ 141-43, 146. The Carlini

23   paper is cited more frequently, but is included in the FAC for the same reasons as the other two:

24   to bolster the allegations as to how the Stable Diffusion models functions. None of the papers

25   serve as documentary evidence central to a claim. Finally, the FAC also includes a hyperlink to all

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT RUNWAY AI, INC.'S REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

1   three research papers. Therefore, there is nothing left for the Court to incorporate.

2              **B.       Exhibits F and G.**

3              Runway also requests that the Court incorporate two additional documents made available

4   on websites. Runway RJN at 4; Exs. F, G; FAC ¶¶ 352, 355, 368. Again, because the websites that

5   Runway seeks to incorporate are already included in the FAC, there is no need for the Court to

6   incorporate them by reference with regard to specific factual findings as to the contents of the

7   website. In addition, it is clear that incorporation by reference is not proper.

8              To the extent that Runway wants the Court to make particular findings of fact as to

9   content within those websites, Runway has provided no argument or rationale for the Court to do

10  so other than a cite to cases for the proposition that the court should consider the content on the

11  website that it cites.  *See* RJN at 4-5, (citing *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058

12  n.10 (9th Cir. 2014)); *see Mophie, Inc. v. Shah*, No. CV 13-1321-DMGJEMX, 2014 WL 10988339,

13  at *3 n.2 (C.D. Cal. July 24, 2014) (considering policy described on website where complaint

14  relied on same website).  The Court however, can already do so based on the link to the website

15  provided in the FAC.

16             Further, Runway can only point to three paragraphs in the FAC in which these documents

17  are mentioned. FAC ¶¶ 352, 355, 368. The FAC also merely references Exhibit G as an example

18  where Runway has distributed Stable Diffusion 1.5 and where the public can download, use, and

19  deploy Stable Diffusion 1.5. *Cf. Coto Settlement*, 593 F.3d at 1038 (incorporating a billing

20  agreement despite not explicitly being referred to because "the Billing Agreement is integral to

21  the Amended Complaint"), with *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)

22  (holding that the plaintiff's petition for return of property in a forfeiture claim was not

23  incorporated because it was neither "reference[d] extensively" nor "integral to [her] claim").

24  Exhibit G is merely an example of Runway's alleged violations and so references to Exhibit G in

25  paragraphs 352 and 355 are not central to Plaintiffs' claims.[1]  Accordingly, the Court should deny

26  _____

27  [1] Further, the website content on this third-party web page was curated and authored by
    Defendants' researchers. This information is partial because it was written by individuals from
28  named defendants in this lawsuit. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal.

1  Runway's request for incorporation by reference.

2  **III.    CONCLUSION**

3        For the foregoing reasons, the Court should deny Runway's Request for Judicial Notice

4  and Incorporation by Reference in Support of Defendant Runway AI, Inc.'s Motion to Dismiss

5  Plaintiffs' First Amended Complaint.

27  2018) ("[C]ourts should be cautious before taking judicial notice of documents simply because they
were published on a website" particularly "when a party seeks to introduce documents it created
28  and posted on its own website.").

Dated:  March 21, 2024

Respectfully Submitted,

By:  _____/s/ Joseph R. Saveri_____
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
David Lerch (State Bar No. 229411)
Elissa A. Buchanan (State Bar No. 249996)
Kathleen McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        dlerch@saverilawfirm.com
        ebuchanab@saverilawfirm.com
        kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@butericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612)339-6900
Facsimile:     (612)339-0981
Email:         bdclark@locklaw.com
               lmmatson@locklaw.com
               aswagner@locklaw.com
               echang@locklaw.com

PLAINTIFFS' OPPOSITION TO DEFENDANT RUNWAY AI, INC.'S REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE