Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
David W. Lerch (State Bar No. 229411)
Elissa A. Buchanan (State Bar No. 249996)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
dlerch@saverilawfirm.com
eabuchanan@saverilawfirm.com
kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

SARAH ANDERSEN, et al.,

Individual and Representative Plaintiffs,

v.

STABILITY AI, LTD., et al.,

Defendants.

Case No. 3:23-CV-00201-WHO

**PLAINTIFFS' OPPOSITION TO DEFENDANT MIDJOURNEY, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Date: May 8, 2024
Time: 2:00 p.m.
Location: Videoconference
Before: Hon. William H. Orrick

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. The Proposed Exhibits are Not Incorporated by Reference and are Being Introduced Merely to Dispute Plaintiffs' Well-Pleaded Allegations. .......... 2

1. It is improper to assume the truth of the contents of Exhibit 1. .......... 2

2. It is improper to incorporate Exhibits 2 or 3 and, in the alternative, improper to assume the truth of the contents therein. .......... 3

B. The Truth of the Contents of Exhibits 1-4 Should Not be Judicially Noticed. .......... 4

1. The Court should not take judicial notice of documents for truth of the matters asserted therein when facts are disputed. .......... 4

2. The Court may not consider a transcript from an outside proceeding for the truth of the matter asserted. .......... 5

III. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Cases**

*Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857 (N.D. Cal. 2022) ....................4

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799 (N.D. Cal. 2011)....................1, 6

*Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029 (N.D. Cal. 2017) ....................4

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) ....................5

*Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 1056480 (N.D. Cal. Mar. 10, 2015) ....................5, 6

*In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797 (N.D. Cal. 2020) ....................1

*Jen v. City & Cnty. of S.F.*, No. 15-CV-03834-HSG, 2016 WL 3669985 (N.D. Cal. July 11, 2016) ....................6

*Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (N.D. Cal. Nov. 20, 2023)....................6

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) .................... *passim*

*Love v. Ashford San Francisco II LP*, No. 20-CV-08458-EMC, 2021 WL 1428372 (N.D. Cal. Apr. 15, 2021) ....................5

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006)....................2

*Morrison v. Peterson*, No. C 11-1896 LHK PR, 2013 WL 942723 (N.D. Cal. Mar. 11, 2013)....................6

*Nelson v. F. Hoffmann-La Roche, Inc.*, 642 F. Supp. 3d 1115 (N.D Cal. 2022) ....................4

*Pirani v. Netflix, Inc.*, No. 22-CV-02672-JST, 2024 WL 69069 (N.D. Cal. Jan. 5, 2024) ....................1

*Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997 (N.D. Cal. 2020) ....................3, 4

*Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018) ....................4, 5

*Smith v. Kohlweiss, Inc.*, No. C 11-00239 SBA, 2012 WL 1156338, at *2 (N.D. Cal. Mar. 30, 2012) ....................6

*Thompson v. Permanente Med. Grp., Inc.*, No. 12-CV-01301-JST, 2013 WL 1808897 (N.D. Cal. Apr. 29, 2013)....................6

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ....................4

*Whitaker v. Montes*, No. 21-CV-00679-EMC, 2021 WL 1839713 (N.D. Cal. May 7, 2021) ....................5

## I. INTRODUCTION

Faced with Plaintiffs' sufficiently alleged First Amended Complaint ("FAC"), Defendant Midjourney Inc. ("Midjourney") attempts to improperly bolster its motion to dismiss by asking the Court to consider documents beyond the four corners of the complaint. Namely, Midjourney's Request for Judicial Notice and Consideration of Documents Incorporated by Reference, Doc. 161 (the "RJN"), seeks to incorporate by reference and/or notice two screenshots of a Discord message thread, a screenshot of a page on the Midjourney website, and a transcript from a hearing in a separate case. RJN at 2; Exs. 1-4.

Although the FAC references some of the materials that Defendant seeks to incorporate or notice, neither Exhibits 2 nor 3 are "central" to Plaintiffs' direct infringement claim against Midjourney. Further, Defendant aspires to use Exhibits 1-3 for the sole purpose of contesting Plaintiffs' factual allegations and in clear contravention of the Court's obligation at the motion to dismiss stage to "assume that the plaintiff's allegations are true and . . . draw all reasonable inferences in the plaintiff's favor." *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 810 (N.D. Cal. 2011). Defendant's arguments to judicially notice the truth of facts within Exhibits 1-4 also fail. Plaintiffs respectfully request that the Court heed the warning of the Ninth Circuit Court of Appeals to avoid "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" at the risk of "premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## II. ARGUMENT

In general, courts "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Pirani v. Netflix, Inc.*, No. 22-CV-02672-JST, 2024 WL 69069, at *6 (N.D. Cal. Jan. 5, 2024) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011)). However, two doctrines allow a court to consider material beyond the complaint: incorporation by reference in the complaint and judicial notice under Federal Rule of Evidence 201. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 812 (N.D. Cal. 2020). Regardless, the Ninth Circuit has warned that "[i]f defendants are permitted to present their own version of the facts at the

pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja*, 899 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### A. The Proposed Exhibits are Not Incorporated by Reference and are Being Introduced Merely to Dispute Plaintiffs' Well-Pleaded Allegations.

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Although it is "generally true" that a court may assume the truth of the contents of an incorporated document, it is also "improper to assume the truth of an incorporated document if such assumptions *only serve to dispute facts stated in a well-pleaded complaint*." *Khoja*, 899 F.3d at 1003 (emphasis added); *see also id.* ("[W]hat inferences a court may draw from an incorporated document should . . . be approached with caution.").

Defendant Midjourney requests that the Court consider three documents on the grounds that they have been incorporated by reference in the FAC. Midjourney RJN at 2. Two of these documents are screenshots of messages in a public Discord message board, *see* Midjourney RJN, Exs. 1, 2, and a screenshot of a page on Midjourney's website. *Id.* at Ex. 3.

#### 1. It is improper to assume the truth of the contents of Exhibit 1.

The purpose of Midjourney's request to incorporate Exhibit 1 is solely to contest the factual allegations contained in the FAC. The FAC clearly alleges that Midjourney used the names of artists to promote the capabilities of its image generator and that the name list created a likelihood of confusion over the association that the Midjourney Plaintiffs had with the image product. FAC at ¶¶ 304-17. Midjourney seeks to rely on Exhibit 1 in its motion to dismiss to contradict Plaintiffs' factual allegations, an entirely improper tactic at this pre-discovery stage of

litigation. For this reason, the Court should reject Defendant's motion to admit Exhibit 1. *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

**2. It is improper to incorporate Exhibits 2 or 3 and, in the alternative, improper to assume the truth of the contents therein.**

As a preliminary matter, Plaintiffs dispute Midjourney's contention that either Exhibit 2 or 3 are "central" to the direct copyright claim against Midjourney. RJN at 3. The claim that Midjourney Model v. 5.2 could reproduce protected expression does not "necessarily depend[]" on the exhibits. *See Khoja*, 899 F.3d at 1002 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). In fact, the FAC also makes allegations that the Midjourney Model can output works that are "obvious variations" and "substantially similar" to the plaintiffs' works. *See* FAC ¶¶ 174, 176.

Further, Defendant is transparent in its attempt to incorporate Exhibits 2 and 3 for the purpose of disputing the FAC's well-pleaded allegation that Midjourney's AI product's image-prompt feature "look as the 'concepts' and 'vibes'" of the input image. Midjourney RJN at 3-4; FAC ¶ 188. This type of maneuver is a primary example of what the *Khoja* court warned against—the use of documents "to resolve competing theories against the complaint" at the "risk[ of] premature dismissal[] of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998 (9th Cir. 2018). Plaintiffs wholly disagree with Defendant's interpretation that the contents of Exhibits 2 and 3 demonstrate that the "concept and vibes" language describes the /blend command, as opposed to the image-prompting feature. Midjourney RJN at 3. In fact, Exhibit 3 itself clearly states that, "[t]he /blend command is a simplified **image prompting process** optimized for mobile users." Ex. 3 at 2. Defendant's attempt to smear the integrity of the FAC by claiming that "the cited Discord post . . . makes clear that it does not say what plaintiffs claim" is not only inaccurate but, most importantly, asks the Court to improperly weigh factual information at the motion to dismiss stage. *See Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) ("[T]he Court may not take judicial notice of the facts contained in the articles.").

For these reasons, the Court should decline to incorporate Exhibits 1, 2, and 3.

### B. The Truth of the Contents of Exhibits 1-4 Should Not be Judicially Noticed.

Judicial notice is a limited rule of evidence that allows the court or the finder of fact to consider adjudicative facts that are "not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)). Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: '(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Reynolds*, 481 F. Supp. 3d at 1002 (quoting Fed. R. Evid. 201(b)). But, as Midjourney's RJN conveniently omits, "[c]ourts may take judicial notice of 'undisputed matters of public record,' but generally may not take judicial notice of 'disputed facts stated in public records.'" *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

#### 1. The Court should not take judicial notice of documents for truth of the matters asserted therein when facts are disputed.

Despite Defendant's insinuations to the contrary, "[a] document is not judicially noticeable simply because it appears on a publicly available website." *Nelson v. F. Hoffmann-La Roche, Inc.*, 642 F. Supp. 3d 1115, 1126-27 (N.D Cal. 2022); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) ("[T]his Court rejects the notion that a document is judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document."). Contrary to Midjourney's assertion that an online message board and a Defendant-created website are akin to a matter of public record, the case law is clear that "courts should be cautious before taking judicial notice of documents simply because they were published on a website." *Rollins*, 338 F. Supp. 3d at 1033. The Court's caution should be particularly heightened "when a party seeks to introduce documents it created and posted on its own website." *Id.*

Further, unlike documents incorporated into a complaint, "[c]ourts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017); *see id.* at 1039 (taking judicial notice of a printout of a website, "but *only* as to

the existence of the document, the date of the document, and the existence of the contents therein because the facts contained in the document are disputed") (emphasis added). Importantly, although Midjourney argues that "[c]ourts regularly take judicial notice" of information on webpages referenced in a complaint, *see* Midjourney RJN at 4, the courts in Midjourney's cited cases limited their notice to the existence of the webpages, but not the truthfulness of the contents therein. *See Whitaker v. Montes*, No. 21-CV-00679-EMC, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021) (noticing the existence of accessibility features on defendant's website sufficient to satisfy American with Disabilities Act requirements, but not the truth of whether those accessibility features actually existed); *Love v. Ashford S.F. II LP*, No. 20-CV-08458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (granting uncontested request to notice website to determine adequacy of accessibility feature descriptions per ADA requirements, but did consider truth of website contents); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noticing a list of vendors "displayed publicly" on school district website for their existence, but not for their truth, in ERISA compliance case); *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 1056480, at *3 n.1 (N.D. Cal. Mar. 10, 2015) (judicially noticing screenshot following request of both parties but not truth of facts within screenshot).

Defendant Midjourney seeks to improperly notice Exhibits 1, 2, and 3 for the purpose of factually rebutting the sufficiently pleaded allegations in Plaintiffs' FAC. *See Rollins*, 338 F. Supp. 3d at 1031 ("Defendants repeatedly do what *Khoja* [899 F.3d at 988-99] forbids—ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint."). The Court should limit its notice of Exhibits 1 through 3 solely for their existence and not for the truth of the matters asserted therein. To notice the truth of these exhibits would improperly exceed the bounds of judicial notice.

**2. The Court may not consider a transcript from an outside proceeding for the truth of the matter asserted.**

Midjourney attempts to smuggle in factual information from the transcript of proceedings in a separate case. Midjourney RJN at 5 (citing *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (N.D. Cal. Nov. 20, 2023)). However, courts in in this district routinely decline similar

requests to notice the truth of matters addressed in the transcripts of trial or other court proceedings. *See Anschutz Corp.*, 785 F. Supp. 2d at 834 (granting judicial notice of a hearing transcript "for the purpose of noting the Court's decision, but not for the truth of the facts recited therein"); *Thompson v. Permanente Med. Grp., Inc.*, No. 12-CV-01301-JST, 2013 WL 1808897, at *4 n.4 (N.D. Cal. Apr. 29, 2013) ("The Court does not assume the truth of any factual assertions or legal arguments made at the hearing, but merely takes notice of what was said."); *Jen v. City & Cnty. of San Francisco*, No. 15-CV-03834-HSG, 2016 WL 3669985, at *4 (N.D. Cal. July 11, 2016) ("[T]he Court will not take notice of facts from other proceedings for the truth of the matters they assert."). Midjourney's contention that the "contents of that transcript cannot be subject to reasonable dispute," Midjourney RJN at 5, is of no consequence because the doctrine of judicial notice is limited, regardless of whether the document is a matter of public record. *See Khoja*, 899 F.3d at 998-99 ("The overuse and improper application of judicial notice and the incorporation-by-reference doctrine … can lead to unintended and harmful results."). This Court has, on numerous occasions, refused to "take judicial notice of the veracity of any arguments or facts presented in the documents subject to judicial notice." *Smith v. Kohlweiss, Inc.*, No. C 11-00239 SBA, 2012 WL 1156338, at *2 (N.D. Cal. Mar. 30, 2012) (listing cases); *see also Morrison v. Peterson*, No. C 11-1896 LHK PR, 2013 WL 942723, at *1 n.1 (N.D. Cal. Mar. 11, 2013) (same; listing cases). Because the Court's notice of the *Kadrey* transcript would be limited, Plaintiffs do not see how Exhibit 3 is relevant to Defendant's motion to dismiss and, therefore, request that the Court deny this request. *See Gallagher*, 2015 WL 1056480 at *3 n.1 (request for judicial notice was moot where material was "irrelevant" to the motion to dismiss analysis).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny Midjourney's request to incorporate by reference in the complaint and judicially notice Exhibits 1, 2, 3, and 4. In the alternative, the Court should decline to notice the truth of the matters asserted within these Exhibits.

Dated: March 21, 2024

Respectfully Submitted,

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
David W. Lerch (State Bar No. 229411)
Elissa A. Buchanan (State Bar No. 249996)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
dlerch@saverilawfirm.com
eabuchanan@saverilawfirm.com
kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com