1
2
3
4
5

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Samuel Blankenship (339905)
sblankenship@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

6
7
8
9

Arminda Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Amira Perryman (admitted *pro hac vice*)
aperryman@cgsh.com
One Liberty Plaza
New York, NY 10006

10

Attorneys for Defendant
Midjourney, Inc.

11

**UNITED STATES DISTRICT COURT**

12

**NORTHERN DISTRICT OF CALIFORNIA**

13

**SAN FRANCISCO DIVISION**

14
15
16

SARAH ANDERSEN, et al.,

17

Plaintiffs,

18

v.

19
20
21
22

STABILITY AI LTD., a UK corporation;
STABILITY AI, INC., a Delaware
corporation; DEVIANTART, Inc., a Delaware
corporation; MIDJOURNEY, INC., a
Delaware corporation; RUNWAY AI, INC.,
a Delaware corporation,

23

Defendants.

Case No. 3:23-cv-00201-WHO

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT MIDJOURNEY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Hearing Date: May 8, 2024
Time: 2:00 PM
Courtroom: Videoconference
Before: Hon. William H. Orrick

24
25
26
27
28

1

## I.    INTRODUCTION[1]

2      Plaintiffs quote and rely in the FAC on publicly available webpages (two Discord posts and

3 Midjourney's website) to prop up their claims of copyright infringement and false endorsement, but

4 inexplicably oppose the Court's consideration of those same materials in deciding Midjourney's

5 motion to dismiss.  The stated reason for this objection is to guard against the Court's improperly

6 weighing fact disputes at the pleading stage.  (RJN Opp. at 2–5.)  But plaintiffs cannot selectively

7 quote "portions of documents that [purportedly] support their claims, while omitting portions of those

8 very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899

9 F.3d 988, 1002 (9th Cir. 2018).  Indeed, the very purpose of the incorporation by reference doctrine

10 is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents

11 upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned

12 up).

13      Plaintiffs quote Dunning Exhibit 1 to support their allegation that Midjourney used plaintiffs'

14 names in a way that suggested they endorsed or otherwise were affiliated with Midjourney's platform.

15 (FAC ¶ 307.)  Plaintiffs rely on Dunning Exhibits 2 and 3 as purported support for their claim that

16 Midjourney's platform is "capable of reproducing protected expression" from plaintiffs' registered

17 works.  (FAC ¶ 288.)  Each of these publicly available documents is incorporated by reference in the

18 FAC, and the Court should consider them in full in deciding Midjourney's motion to dismiss.

19      It is also appropriate for the Court to take judicial notice of Dunning Exhibit 4, which is the

20 transcript of proceedings on a motion to dismiss in a nearly identical case before Judge Chhabria in

21 *Kadrey v. Meta Platforms, Inc*.  The RJN Opposition (at 5) accuses Midjourney of "attempt[ing] to

22 smuggle in factual information from th[is] transcript," but does not identify any.  No wonder.  The

23 transcript is not being offered for the truth of any disputed facts, but for the undisputed fact that

24 another judge in this district rejected a nearly identical copyright claim as untenable.

25

26

---

27 [1] "RJN" refers to Midjourney's Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Midjourney's Motion to Dismiss the First Amended Complaint (Dkt. 161).  "RJN Opp." refers to Plaintiffs' Opposition to the RJN (Dkt. 178).  All other defined terms are the same as in Midjourney's RJN and Motion to Dismiss (Dkt. 169).  All emphasis is added unless otherwise indicated.

28

1    Accordingly, Midjourney's RJN should be granted, and the Court should consider Exhibits 1–

2    4 in ruling on Midjourney's motion to dismiss.

3    **II.    ARGUMENT**

4    **A.    Dunning Exhibits 1–3 Are Incorporated by Reference in the FAC**

5    **Exhibit 1**:  Plaintiffs do not dispute that the Discord post describing Midjourney's purported

6    "Name List" is the sole alleged basis for their "false endorsement" claim.   Nor could they.

7    Midjourney's purported use of its "Name List" is the only factual allegation supporting the claim that

8    Midjourney violated the Lanham Act by deceiving its customers into believing plaintiffs endorsed or

9    otherwise were affiliated with Midjourney's platform.  (FAC ¶¶ 305–15.)  The Court should find that

10   Exhibit 1 was incorporated by reference on this basis alone.  *United States v. Ritchie*, 342 F.3d 903,

11   908 (9th Cir. 2003) (A document is "incorporated by reference into a complaint if the plaintiff refers

12   extensively to the document or ***the document forms the basis of the plaintiff's claim***.").

13   Plaintiffs argue that the Court should not accept as true any statements in Exhibit 1 that are

14   unhelpful to their claim because it is improper to evaluate facts at the pleading stage.  (RJN Opp. at

15   2.)  That is contrary to law.  "Once a document is deemed incorporated by reference, the *entire*

16   *document* is assumed to be true for purposes of a motion to dismiss, and both parties—and the

17   Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058

18   n.10 (9th Cir. 2014) (cleaned up).  The case cited by plaintiffs—*Khoja*—actually supports Midjourney

19   on this point.  899 F.3d at 1002.  In that case, the Ninth Circuit held that plaintiffs should not be

20   permitted to pick and choose selected portions of the documents extensively referenced or that serve

21   as the basis for a claim.  In such instances, as here, incorporation by reference is necessary to

22   "prevent[] plaintiffs from selecting only portions of [a document] that support their claims, while

23   omitting portions of [that document] that weaken—or doom—their claims."  *Id.* at 1002.

24   **Exhibits 2 and 3**:  The FAC also misleadingly quotes Midjourney's website and another

25   Discord post, this time in support of plaintiffs' copyright claims.  Given the convoluted nature of

26   plaintiffs' pleading, some explanation is required.

27   The lynchpin of plaintiffs' copyright claims is that Midjourney copied their registered works

28   in training its model.  (FAC ¶¶ 282, 287.)  Plaintiffs do not have any direct evidence of what

REQUEST FOR JUDICIAL NOTICE
I/S/O MOTION TO DISMISS
CASE NO. 3:23-CV-00201-WHO

Midjourney trained on, and admit that it did not train on the full LAION datasets.  (FAC ¶¶ 266, 274.)  So for purposes of the FAC, they set out to make some evidence from which they claim that an inference of copying in training can be drawn.  That takes us to Exhibit I to the FAC.  Exhibit I is comprised of images plaintiffs created on Midjourney's platform by uploading their own works to the platform in the form of an "image prompt" and asking it to generate lookalike outputs.  (FAC ¶ 189.)  They claim that the images they created in this manner do, in fact, look like the works they fed in to start with and—here's the key point—that this supports an inference of copying because the model could only have created similar images if it had first been pretrained by Midjourney on those very same works.  (FAC ¶ 288.)   To support that premise, plaintiffs rely on, selectively quote from, and badly mischaracterize Dunning Exs. 2 and 3 as showing that Midjourney's founder told users the image-prompt feature "does not copy pixels from the input" image, but merely takes its "concepts" and "vibes."  (¶188 & n. 37 & n.38.)  Review of these documents in full would show that he said nothing of the sort.

The cited Discord post makes clear that Midjourney's founder was describing attributes of a feature called the "/blend command," which allows users to blend multiple images together by "look[ing] at the 'concepts' and 'vibes' of your images and merg[ing] them together into novel interpretations."  (¶ 188 & n.37; Dunning Ex. 2.)  The cited portion of the Midjourney website, in contrast, describes the image prompt feature plaintiffs claim to have used to make Exhibit I, which is accessed through the "/imagine command" and allows for a prompt that includes both images and text. (¶188 & n.38; Dunning Ex. 3 at 2.)  The website explicitly states that using image prompts will "influence a Job's composition, style, and colors," i.e., its appearance.  (Id.)  Neither the Discord post nor the website says anything about "pixels" or how the resulting output is created, and they certainly do not indicate that Midjourney's platform cannot produce visually similar output in response to an image prompt or /blend command unless its model was pretrained on the same images used for the prompts (a significant limitation one would expect to be noted if, in fact, it existed).

Plaintiffs do not dispute that they cite and quote the Discord post and Midjourney's website in the FAC.  Nor can plaintiffs seriously contend that these allegations are not "central" to their copyright claims against Midjourney.  (RJN Opp. at 3.)  The FAC devotes nine pages to describing

Exhibit I and similar exhibits corresponding to other defendants.  (FAC ¶¶ 177–200.)  Exhibit I is also expressly cited in support of allegations that Midjourney's model is "capable of reproducing protected expression," the gravamen of the copyright claims brought in this case.  (FAC ¶ 288.)  The only real reason plaintiffs do not want the Court to review these materials in full is that it will see they do not say what plaintiffs claim they say.  That is not a factual dispute.  That is a readily discernible fact.

As a backstop, plaintiffs argue that even if the Court were to incorporate these documents by reference, it would be improper to ask the Court to weigh factual information at this stage in the proceedings.  (RJN Opp. at 3.)  As described above, if a document is incorporated by reference "the *entire document* is assumed to be true for purposes of a motion to dismiss."  *NVIDIA*, 768 F.3d at 1058 n.10 (cleaned up).[2]  In any event, Midjourney is not really asking the Court to consider these documents for any "truth" (though it certainly may).  Midjourney merely wants the Court to be aware of what its founder and website actually said.  As plaintiffs do not and cannot dispute the contents of the materials they chose to cite and rely upon, there is no proper grounds to oppose their consideration.

## B.    The Court Should Take Judicial Notice of Exhibits 1-4

**Exhibits 1-3**:  Plaintiffs do not appear to dispute that Exhibits 1–3 are proper subjects of judicial notice.  Their suggestion that the Court should be "cautious" in deciding whether to consider these exhibits is not well-taken; courts in this district routinely take judicial notice of what is stated on publicly available websites.  *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 146 (N.D. Cal. 2020) (collecting cases).  This is particularly so in instances where, as here, the websites have been cited and quoted within the complaint.  (RJN at 4 (collecting cases).)

Plaintiffs also incorrectly assert that Midjourney seeks judicial notice of the truth of Exhibits 1–3.  Consideration of the truth of their contents is proper under the separate doctrine of incorporation by reference, *supra* § III.A, and Midjourney merely notes in the alternative that judicial notice of the information on these webpages, which plaintiffs reference in their pleadings, is likewise proper.  (RJN

---

[2] Plaintiffs' purported authority to the contrary, *Reynolds v. Binance Holdings Ltd.*, is wholly inapposite; the court in that case addressed whether it could take notice of facts under the doctrine of judicial notice, not incorporation by reference.  481 F.Supp.3d 997, 1003 (N.D. Cal. 2020).

at 4); *see Gallagher v. Bayer AG*, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website) (Orrick, J.).

**Exhibit 4**:   Judicial notice is likewise appropriate for the transcript of proceedings before Judge Chhabria in a nearly identical case, *Kadrey v. Meta Platforms, Inc.*, Case No. 23-cv-03417 (VC).  The transcript of proceedings is an official record of a public proceeding that was recorded by a court stenographer and posted publicly by the court on the docket in this district.  Even the cases cited by plaintiffs support that "proceedings … in other courts … are the proper subject of judicial notice if those proceedings 'have a direct relation to the matters at issue.'"  *Jen v. City & Cnty. Of San Francisco*, 2016 WL 3669985, at *4 (N.D. Cal. July 11, 2016) (taking judicial notice of the "findings made in [hearing transcripts]") (citing *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011)); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, "which is not subject to reasonable dispute over its authenticity").

Without identifying any, plaintiffs accuse Midjourney of attempting to "smuggle in factual information" through this transcript and warn that the Court should not accept any facts in the transcript as true.  (RJN Opp. at 5.)  This argument misses the point.  Midjourney has not asked the Court to take judicial notice of any particular fact as true.  Nor has Midjourney asked the Court to accept as true any factual allegations advanced by the parties' counsel in those proceedings.  Rather, Midjourney has asked (as is appropriate) for this Court to take notice of another court's ruling in an analogous case, with analogous claims, analogous pleadings and analogous issues.  This is precisely what the court did in *Anschutz Corp. v. Merrill Lynch & Co.,* 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (taking judicial notice of a transcript of a hearing before another judge "for the purposes of noting the Court's decision").

## III.   CONCLUSION

For the foregoing reasons, Midjourney respectfully requests that, in ruling on its Motion to Dismiss the FAC, the Court: (1) consider under the incorporation by reference doctrine Exhibits 1 through 3 to the Dunning Declaration, or in the alternative take judicial notice of those exhibits; and (2) take judicial notice of Exhibit 4 to the Dunning Declaration.

1

Dated: April 18, 2024

CLEARY GOTTLIEB STEEN & HAMILTON LLP

2

*/s/ Angela L. Dunning*

3

Angela L. Dunning (212047)
adunning@cgsh.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
I/S/O MOTION TO DISMISS
CASE NO. 3:23-CV-00201-WHO