KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
LUKE P APFELD - # 327029
lapfeld@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
CELINA S. MALAVE - # 347808
cmalave@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual;<br>KELLY MCKERNAN, an individual;<br>KARLA ORTIZ, an individual;<br>H. SOUTHWORTH PKA HAWKE SOUTHWORTH, an individual;<br>GRZEGORZ RUTKOWSKI, an individual;<br>GREGORY MANCHESS, an individual;<br>GERALD BROM, an individual;<br>JINGNA ZHANG, an individual;<br>JULIA KAYE, an individual;<br>ADAM ELLIS, an individual,<br><br>        Individual and Representative Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., a UK corporation;<br>STABILITY AI, INC., a Delaware corporation;<br>DEVIANTART, INC., a Delaware corporation;<br>MIDJOURNEY, INC., a Delaware corporation;<br>RUNWAY AI, INC., a Delaware corporation,<br><br>        Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**REPLY IN SUPPORT OF DEFENDANT RUNWAY AI, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:         May 8, 2024<br>Time:        2:00 p.m.<br>Dept.:        2, 17th Floor<br>Judge:      Hon. William H. Orrick<br><br>Date Filed:   January 13, 2023<br><br>Trial Date:   None Set |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. The Court should dismiss Plaintiffs' baseless theories of direct copyright infringement. ...............................................................................................................1

        1. Plaintiffs must plead facts showing that Stable Diffusion 1.5 is substantially similar to their registered works to state a claim on their Model and Distribution Theories. ............................................................2

        2. Plaintiffs have not made—and cannot make—the required showing of substantial similarity. ...........................................................................................3

        3. Plaintiffs fail to show that Stable Diffusion 1.5 contains "compressed" copies of their registered works. ...........................................................4

        4. Plaintiffs fail to show that Stable Diffusion 1.5 produces outputs that contain protected expression from their registered works. ....................5

        5. The Court can and should dismiss Plaintiffs' defective theories now. ......................................................................................................................7

    B. The Court should dismiss Plaintiffs' claim for induced copyright infringement. ...............................................................................................................7

    C. The Court should dismiss Plaintiffs' DMCA claims. ..............................................8

        1. Plaintiffs fail to state a claim under DMCA § 1202(a). ...............................8

    D. Plaintiffs fail to state a claim under DMCA § 1202(b). ........................................11

        1. The Complaint does not plausibly allege Runway "removed" CMI from copies of identical works. ......................................................................11

        2. The Complaint does not plausibly allege Runway's intent to induce, enable, facilitate, or conceal infringement by removal of CMI. .................12

    E. The Court should dismiss the unjust enrichment claim. .......................................13

        1. Plaintiffs fail to plead the elements of unjust enrichment ..........................13

        2. Plaintiffs fail to plead that they lack an adequate remedy at law ...............14

        3. Even if Plaintiffs could state a claim for unjust enrichment, the Copyright Act would preempt it. .................................................................14

    F. The Court should dismiss Plaintiffs' claims with prejudice. .................................15

III. CONCLUSION ....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A'Lor Int'l, Ltd., v. Tapper Fine Jewelry, Inc.*,
   2012 WL 12921035 (C.D. Cal. Aug. 8, 2012) .......................................................................... 12

*ADR Int'l Ltd. v. Inst. For Supply Mgmt., Inc.*,
   667 F.Supp.3d 411 (S.D. Tex. 2023) ..................................................................................... 10

*Alan Ross Machinery Corp. v. Machinio Corp.*,
   2019 WL 1317664 (N.D. Ill. March 22, 2019) ....................................................................... 12

*Anderson v. Apple*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................................... 14

*Ascon Props., Inc. v. Mobil Oil Co.*,
   866 F.2d 1149 (9th Cir. 1989) ............................................................................................... 15

*Authors Guild v. Google, Inc.*,
   804 F.3d 202 (2d Cir. 2015) ................................................................................................ 4, 6

*Columbia Pictures Indus., Inc. v. Fung*,
   710 F.3d 1020 (9th Cir. 2013) ................................................................................................. 8

*Doe 1 v. GitHub, Inc.*,
   672 F. Supp. 3d 837 (N.D. Cal. 2023) ........................................................................ 9, 11, 12

*Dolls Kill, Inc. v. Zoetop Bus. Co.*,
   2022 WL 16961477 (C.D. Cal. Aug. 25, 2022) ..................................................................... 12

*Fashion Nova, LLC v. Blush Mark, Inc.*,
   2023 WL 4307646 (C.D. Cal. June 30, 2023) ....................................................................... 13

*Faulkner Press, L.L.C. v. Class Notes, LLC*,
   756 F. Supp. 2d 1352 (N.D. Fla. 2010) ................................................................................. 10

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
   2015 WL 263556 (D. Haw. Jan. 21, 2015), *aff'd* 700 F. App'x 674 (9th Cir.
   2017) ..................................................................................................................................... 12

*Hanagami v. Epic Games, Inc.*,
   85 F.4th 931 (9th Cir. 2023) ................................................................................................ 2, 7

*Kadrey v. Meta Platforms, Inc.*,
   No. 23-cv-03417-VC, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ............................. 3, 4, 7

*Logan v. Meta Platforms, Inc.*,
   636 F. Supp. 3d 1052 (N.D. Cal. 2022) ............................................................................... 8, 9

ii

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ......................................................................................................8

*Murphy v. Olly Pub. Ben. Corp.*,
   651 F. Supp. 3d 1111 (N.D. Cal. 2023) .............................................................................5

*Narell v. Freeman*,
   872 F.2d 907 (9th Cir. 1989) ......................................................................................3, 7

*O'Neal v. Sideshow, Inc.*,
   583 F. Supp. 3d 1282 (C.D. Cal. 2022) ............................................................................9

*Range Road Music, Inc. v. East Coast Foods, Inc*,
   668 F.3d 1148 (9th Cir. 2012) ......................................................................................2, 3

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
   2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) .................................................................13

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..................................................................6, 9, 14

*Russell v. Walmart, Inc.*,
   2023 WL 4341460 (N.D. Cal. July 5, 2023) ....................................................................14

*Schneider v. Youtube, LLC*,
   2022 WL 3031212 (N.D. Cal. Aug. 1, 2022) .............................................................12, 13

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*,
   804 F. App'x 668 (9th Cir. 2020) .....................................................................................9

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ..........................................................................................14

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ..........................................................................................10

*Tremblay v. OpenAI Inc.*,
   2024 WL 557720 (N.D. Cal. Feb. 12, 2024) ..............................................................11, 13

*VHT, Inc. v. Zillow Grp., Inc.*,
   918 F.3d 723 (9th Cir. 2019) ............................................................................................8

**Federal Statutes**

17 U.S.C. § 102(a) ...............................................................................................................15

17 U.S.C. § 1202 ..................................................................................................................13

17 U.S.C. § 1202(a) ...................................................................................................8, 9, 10

17 U.S.C. § 1202(b) ..........................................................................................9, 11, 12, 13

17 U.S.C. § 1202(b)(1) ...................................................................................................................11

17 U.S.C. § 1202(c) ........................................................................................................................9

## I.   INTRODUCTION

Notwithstanding the pages of ink Plaintiffs spill in an attempt to resurrect their Model and Distribution theories of direct copyright infringement, Plaintiffs cannot hide from a simple truth: Stable Diffusion 1.5—a statistical model—does not contain, does not resemble, and does not output the cartoons, paintings, and drawings on which Plaintiffs claim to have copyrights. Plaintiffs' arguments to the contrary fall flat. Plaintiffs insist—contrary to Ninth Circuit law and this Court's prior ruling[1]—that they need not demonstrate "substantial similarity" to state a claim for infringement. And they urge the Court *not* to consider the full sources that they themselves cited in the First Amended Complaint (ECF No. 129 hereinafter, the "Complaint" or "Compl.") to try to state a claim, and instead to consider only out-of-context soundbites from those sources. But as explained below, these efforts fail. Plaintiffs were required to demonstrate that the Stable Diffusion 1.5 model is "substantially similar" to their registered works to state a claim. They have not done so. And they cannot do so.

Likewise, Plaintiffs cannot support their DMCA claims, which have never fit the facts of this case and have been rejected by all courts that have considered similar allegations. And Plaintiffs' unjust-enrichment claim, which is both inadequately pleaded and preempted by the Copyright Act, also falls short. For these reasons, and more set forth below and in Runway's opening brief, the Court should grant Runway's motion to dismiss.

## II.   ARGUMENT

### A.   The Court should dismiss Plaintiffs' baseless theories of direct copyright infringement.

Plaintiffs' Model and Distribution Theories depend on the claim that the Stable Diffusion 1.5 model is itself a "Statutory Copy" or "Statutory Derivative Work" of Plaintiffs' registered works. But after multiple opportunities and clear direction from the Court, Plaintiffs have pleaded no facts that plausibly support that claim.

---

[1] ECF No. 117 ("Order") at 12 ("I am not convinced that copyright claims based [on] a derivative theory can survive absent 'substantial similarity' type allegations.").

### 1. Plaintiffs must plead facts showing that Stable Diffusion 1.5 is substantially similar to their registered works to state a claim on their Model and Distribution Theories.

Contrary to their assertion, to state a claim on their Model and Distribution Theories,[2] Plaintiffs must plead facts showing that the Stable Diffusion 1.5 statistical model is "substantially similar" to their registered artworks. As the Ninth Circuit recently explained in *Hanagami v. Epic Games, Inc.*, to state a claim for copyright infringement, a plaintiff must show (1) that he or she owns a valid copyright, and (2) that the defendant copied "protected aspects" of his or her copyrighted work. 85 F.4th 931, 940 (9th Cir. 2023). And to plead that second element, "[p]laintiffs must demonstrate that the works share *substantial* similarities." *Id.* at 941 (emphasis in original). Indeed, with only one narrow exception that does not apply here (and is discussed below), a plaintiff must demonstrate substantial similarity *even if*—as in *Hanagami*—it is "undisputed" that the plaintiff has plausibly alleged that the defendant copied his or her work. *Id.*

Thus, "[t]o prevail on a claim of copyright infringement, a plaintiff must show that his original work and the allegedly infringing work are 'substantially similar.'" *Id.* at 935. And "[a]t the motion to dismiss stage, the question is whether the plaintiff has plausibly alleged substantial similarity between the original work and the allegedly infringing work." *Id.* That is the question that Plaintiffs' Model and Distribution Theories now pose—and as discussed below, the answer is a resounding "no."

The cases that Plaintiffs rely on do not relieve them of the obligation to demonstrate substantial similarity; on the contrary, they show why Runway's motion should be granted. In *Range Road Music, Inc. v. East Coast Foods, Inc*, a private investigator visited Roscoe's House of Chicken and Waffles and observed eight unlicensed songs being performed by a live band and on a jukebox, including recognizing songs based on his familiarity with them, hearing the bandleader announce the titles of songs, and reading the title of a song from a CD jewel case in the jukebox. 668 F.3d 1148, 1151-52 (9th Cir. 2012). In affirming summary judgment of copyright infringement, the Ninth Circuit rejected the defendant's challenge that the investigator had failed to show that the performances were substantially similar to the copyrighted songs,

---

[2] *See* ECF No. 175 ("Opp'n") at 7:19-8:7.

explaining that courts need not analyze substantial similarity "when the defendant has engaged in virtual duplication of a plaintiff's entire work." *Id.* at 1154 (internal quotation marks omitted). As discussed below, that lone, narrow exception to the substantial-similarity requirement has no applicability here—Plaintiffs have repeatedly failed to plead facts that would plausibly show that the Stable Diffusion 1.5 model itself is a "virtual duplication of [their] entire" registered works, nor could they plead such facts, because it unequivocally is not one. Notably, both this Court[3] and Judge Chhabria[4] have rejected Plaintiffs' counsel's attempts to rely on *Range Road Music, Inc.* to skirt the need to show substantial similarity.

Likewise, in *Narell v. Freeman*, the defendant *admitted* that she had consulted and used information from the plaintiff's work to write her novel, yet the Ninth Circuit still affirmed summary judgment of no copyright infringement. 872 F.2d 907, 909 (9th Cir. 1989). Again, the Court explained that "[a] finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis, has been made *only* when the defendant has engaged in virtual *duplication* of a plaintiff's entire work." *Id.* at 910 (emphasis added). That circumstance was not present in *Narell*, and it is not present here. Plaintiffs have not alleged, and cannot allege, that the Stable Diffusion 1.5 model amounts to a "duplication" of any registered visual work.

**2.    Plaintiffs have not made—and cannot make—the required showing of substantial similarity.**

As Plaintiffs admit, Stable Diffusion is a statistical model—a "set of scripts," "configuration files," and "weight file[s] [that are] unintelligible to human beings." Compl. ¶ 148. The differences between an AI model and an artwork are profound and go far beyond merely storing a copy of an image on a hard drive, as Plaintiffs misleadingly suggest. *See* Opp'n at 6:24- 7:3. That is why Judge Chhabria dismissed an analog of the Model Theory (advanced by the same counsel who represent Plaintiffs here) as "nonsensical," finding that "[t]here was no way to

---

[3] Order at 11-12.

[4] *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023).

understand" defendant's AI model "as a recasting or adaptation of any of the plaintiff's books."[5] *See* ECF No. 164 ("Mot.") at 5:19-6:9. Plaintiffs have pleaded no facts that would support a different result here.

### 3. Plaintiffs fail to show that Stable Diffusion 1.5 contains "compressed" copies of their registered works.

In its October 30, 2023 Order (ECF No. 117) ("Order"), the Court directed Plaintiffs to "*clarify*" their theory that the Stable Diffusion model contains "compressed" copies of their registered works and to "provide plausible facts in support" of any such theory. Order at 9:15-10:1. As Runway explained in its opening brief, *see* Mot. at 7:23-8:7, Plaintiffs' silence in the Complaint on this point speaks louder than their words. Specifically—as Plaintiffs do not dispute in their Opposition—Plaintiffs have had virtually unlimited access to the Stable Diffusion 1.5 model and to the Runway platform that they allege uses it, yet nowhere do they allege that they have been able to elicit copies of their registered works from the model.[6] Indeed, they admitted earlier in this litigation that no output would likely be a match for any image in the training data. *See* Order at 2:13-18. That, by itself, negates any assertion that the model gives access "in any substantial way" to Plaintiffs' registered works. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 226 (2d Cir. 2015); *see also* Order at 10:17-20 (explaining that Plaintiffs had provided "no allegations" about "why" "any compressed copies of copyrighted works that may be present in Stable Diffusion would be copie[s] within the meaning of the Copyright Act").

Plaintiffs' fallback allegations cannot salvage their claim. They cherry-pick quotes from the academic papers that they discuss in the Complaint, *see* Opp'n at 9:8-10:6, but tellingly, they

---

[5] Plaintiffs assert—without explanation—that the language models at issue in *Kadrey* are "fundamentally distinguishable" from Stable Diffusion, *see* Opp'n at 7 n.6, but Judge Chhabria's conclusions above are directly on point. Moreover, while Plaintiffs point out that Judge Chhabria gave the *Kadrey* plaintiffs leave to amend, they fail to disclose that the plaintiffs did not even try to do so, and instead elected to proceed only on the analog of Plaintiffs' Training Theory— exactly as Plaintiffs here should do.

[6] At best, the only outputs they allege to be substantially similar are those that resulted when Plaintiffs *input* their works into Runway's "Image Variation" tool and asked the tool to modify those works. *See* Mot. at 11:11-12:4. But this only further undermines their claim. The fact that Plaintiffs can elicit similar looking images *only* by inputting an image and asking the tool to vary it demonstrates that the underlying images are *not* available by virtue of being "compressed" and stored in the model.

*oppose* Runway's request that the Court take judicial notice of those papers. That is because, as Runway explained in its opening brief, those papers show, at most, that some implementations of Stable Diffusion contain a glitch whereby they can be made to produce "near-copies" of an *extremely small subset* of very popular images on which they were overtrained. *See* Mot. at 8:8-9:15. Plaintiffs' opposition to judicial notice is baseless, as Runway sets forth in its separate reply in support of its request, but the mere fact that Plaintiffs do not want the Court to consider the papers they rely on demonstrates the emptiness of their claim. Generic soundbites such as "AI image products are only getting better and better at storing copies of training images," *see* Opp'n at 10:5-6, do not demonstrate that Stable Diffusion 1.5 gives users access to "compressed" copies of *Plaintiffs' registered works*—especially when set against the brute fact that Plaintiffs and their counsel have proven incapable of eliciting those works from the model.

Plaintiffs also cite "admissions" from defendant Stability AI, Inc.'s ("Stability's") former CEO. *See* Opp'n at 8:17-9:7. But even if those statements were truly admissions, they would not be binding on an entirely different party—Runway. Moreover, once again, vague marketing statements such as that Stability's release of a version of Stable Diffusion reflected an effort to "create a single file that compresses the visual information of humanity into a few gigabytes," *see id.* at 8:22-25, do not satisfy Plaintiffs' burden to plead facts showing that users of Runway's models have meaningful access to "compressed" copies of *Plaintiffs' registered works*, especially when Plaintiffs cannot cause the model to yield any such copies. *Cf. Murphy v. Olly Pub. Ben. Corp.*, 651 F. Supp. 3d 1111, 1131 (N.D. Cal. 2023) (dismissing claims concerning one product line based on vague, conclusory, and speculative allegations concerning another product line).

In short, Plaintiffs have twice tried and failed to plead facts that would plausibly show that Stable Diffusion 1.5 contains compressed copies of *Plaintiffs' registered works*. There is a simple reason for this failure: it doesn't.

### 4. Plaintiffs fail to show that Stable Diffusion 1.5 produces outputs that contain protected expression from their registered works.

Nor can Plaintiffs show that the model gives access to "protected expression" from their registered works. As Runway noted in its opening brief, in Plaintiffs' original complaint, they admitted that "[i]n general, ***none of the Stable Diffusion output images provided in response to***

*a particular Text Prompt is likely to be a close match for any specific image in training data.*" *See* Mot. at 9:26-10:8 (emphasis added). The allegations in their Complaint only confirm that admission.

*First*, while Plaintiffs insist that the two images shown on page 10 of Runway's opening brief are similar, the differences are obvious. *See* Mot. at 10:9-20 and Opp'n at 10:13-20. But more importantly, *Plaintiffs do not even try to dispute that the similarities they allege are ideas that are ineligible for copyright protection.* Rather, by their silence, they concede—as they must—that concepts such as a "calligraphic style," "realistic themes," "gritty dark fantasy images," and "painterly and romantic photography" are *not* protectable, but rather are free for everyone to develop and use. *See* Mot. at 10:21-11:10. That ends the issue. And even if it did not, Plaintiffs also fail to respond to Runway's point that they have failed to tie any purported "protected expression" (if they could identify any) to their *registered* works, as opposed to their many unregistered ones, on which they lack standing to sue. *See id.* at 8 n.11. They have not even tried to do so, and their reliance on broad (and unprotectable) ideas such as "realistic themes" to allege similarity makes it impossible to do so.

Second, Plaintiffs' reliance on Runway's "Image Variation" tool—in which they *input* their own images for the purpose of generating variations of those images—only underscores the Complaint's shortcomings. *See* Mot. at 11:11-12:4. Plaintiffs appear to argue that use of one of Plaintiffs' registered images as a prompt in Stable Diffusion somehow "elicit[s]" "stored copies" of *that very same image* in order to create a new output. *See* Opp'n at 11:1-11. But again, the brute facts belie their claim. The Complaint shows that the *only* way Plaintiffs can elicit an even arguably similar image from the model is by *supplying the image itself as the input* (and under Runway's Terms of Service verifying that they own the necessary rights to do so) and asking the tool to alter that image. If Plaintiffs' allegations of stored copies were plausible, they should have been able to "elicit" "stored copies" of their registered works without supplying the work itself as the input. But they couldn't. In short, Plaintiffs fail to plausibly allege that Stable Diffusion 1.5 itself gives access "in any substantial way" to Plaintiffs' registered works. *Authors Guild*, 804 F.3d at 226. On the contrary, Plaintiffs' allegations demonstrate that it does not do so.

In sum, Ninth Circuit law is crystal clear that Plaintiffs must plead facts showing that the Stable Diffusion 1.5 model is "substantially similar" to their registered works to state a claim on their Model and Distribution Theories, unless Plaintiffs can show that the model is a "virtual duplication of [their] entire work" (e.g., publicly performing a copyrighted song without a license). *See Hanagami*, 85 F.4th at 935; *Narell*, 872 F.2d at 910. But they have now twice failed to make the required showing; nor can they.[7]

### 5. The Court can and should dismiss Plaintiffs' defective theories now.

Plaintiffs do not dispute that the Court can dismiss their Model and Distribution Theories now if it finds that Plaintiffs have failed to adequately plead them, just as Judge Chhabria did in *Kadrey v. Meta Platforms, Inc.* And Runway respectfully submits that the Court should do so, for the reasons Runway laid out in its opening brief. Dismissing these nonsensical theories now will dramatically streamline the case, a multi-defendant putative class-action with a half dozen alleged classes and subclasses, conserving vast amounts of resources that will otherwise be spent on discovery, motion practice, and other activities that are not tied to any viable claim. And Plaintiffs' assertion that Runway is demanding "special treatment" is uncalled for. *See* Opp'n at 4 n.4. Runway acknowledged the Court's prior comments in its opening brief. *See* Mot. at 5 n.5. But Runway respectfully urges the Court to evaluate the issue again in light of Plaintiffs' new allegations, in the case's current posture consistent with another matter in this District, and to dismiss these baseless theories that Plaintiffs have twice proven incapable of pleading.

### B. The Court should dismiss Plaintiffs' claim for induced copyright infringement.

As Runway noted in its opening brief, Plaintiffs' claim for induced copyright infringement depends on its Model Theory, and therefore falls alongside it. Plaintiffs allege that Runway induces infringement by causing people to use the "infringing" Stable Diffusion 1.5 model. *See* Mot. at 11:13-16. Plaintiffs do not dispute this dependency in their Opposition. Thus, their inducement claim fails for the reasons set forth above.

---

[7] As explained in Runway's opening brief, Plaintiffs' assertion that Stable Diffusion 1.5 is a "[Statutory] Derivative Work" fails for the same reasons. Plaintiffs must demonstrate substantial similarity to state a claim that an allegedly infringing work is derivative. *See* Mot. at 12:5-13.

But it fails for additional reasons as well, including that Plaintiffs have pleaded no specific "active steps … taken" by Runway "to encourage [or induce] infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019). As Runway set forth in its opening brief, "the 'improper object' of infringement 'must be plain and must be affirmatively communicated through words or actions.'" *Id*. at 746; *see also* Mot. at 14:22-16:9. But Plaintiffs allege no such words or actions *by Runway*. This is, again, enough to fail their claim. Instead, in their Opposition, as in their Complaint, Plaintiffs improperly lump together Runway and Stability, though they are separate companies.[8] This Court has already warned Plaintiffs not to conflate Defendants. *See* Order at 5 n.2 ("[P]laintiffs should not lump 'defendants' together. Instead, they should identify each defendant by name with respect to conduct they allege each defendant engaged in."). Because Plaintiffs have not alleged *any* statement by *Runway*, much less statements that could plausibly show Runway encouraging infringement by its users, Plaintiffs' copyright inducement claim fails. In fact, unlike in *Columbia Pictures* and *Grokster*, Plaintiffs do not point to a single Runway ad campaign, public post, or internal or external communication encouraging third parties *specifically* to infringe Plaintiffs' copyrighted works. *Columbia Pictures Indus., Inc. v. Fung,* 710 F.3d 1020, 1036-37 (9th Cir. 2013); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 937-38 (2005). For this reason (and more), their induced-infringement claim fails.

      **C.**      **The Court should dismiss Plaintiffs' DMCA claims.**

          **1.**      **Plaintiffs fail to state a claim under DMCA § 1202(a).**

DMCA Section 1202(a) prohibits a party from "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" "provid[ing] . . . copyright management information that is false," or "distribut[ing] or import[ing] for distribution copyright management information [("CMI")] that is false." *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1062 (N.D. Cal. 2022) (internal brackets omitted). Further, the statute provides that false CMI must be "in

---

[8] *See, e.g.,* Opp'n at 15:6-12 (relying on joint allegations about "Runway *and* Stability"), Compl. ¶ 225 (describing actions of *Stability's* employees and executives only), and Compl. ¶ 358 (attempting to impute what "*Runway* intends" based on a statement by *Stability's* former CEO) (emphasis added).

connection with" Plaintiffs' copyrighted works. 17 U.S.C. § 1202(c). Plaintiffs fall short in defending their DMCA claims against the deficiencies identified in Runway's opening brief.

***First***, the Complaint contains no allegations establishing that Runway provided or distributed any CMI "in connection with" any of the Plaintiffs' registered works. *See* 17 U.S.C. § 1202(c). In their Opposition, Plaintiffs retort that Runway's model includes billions of stored images. Opp'n at 18. Putting aside the factually implausible (and unsupported) allegation that images—much less billions of images—are stored in Stable Diffusion 1.5 (they are not), the Complaint is still inadequate. There are no allegations in the Complaint that any alleged statement Runway made concerning Robin Rombach and Patrick Esser's copyrights over *the model* Stable Diffusion 1.5 amounts to false statements concerning the authors or copyright owners for the alleged billions of *training inputs* fed into the model.

Notably, courts have dismissed § 1202(a) claims involving fact patterns where the alleged false CMI had even closer spatial proximity to a plaintiff's work. For example, in *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Ariz., Inc.*, the Ninth Circuit affirmed a finding that a defendant's copyright statement at the bottom of its webpage was not "in connection with" plaintiff's photos displayed elsewhere on the same webpage. 804 F. App'x 668, 670-671 (9th Cir. 2020). This District Court reached the same result involving CMI on Facebook's website. *See Logan*, 636 F. Supp. 3d at 1062-63 (finding a "generic copyright tag" on the bottom of a Facebook user page "separated" from the rest of the content insufficient to plead CMI was conveyed "in connection with" plaintiff's copyrighted photos). If allegedly false CMI identified elsewhere on a webpage was insufficiently connected to plaintiff's work, then statements about the copyright owner of Stable Diffusion 1.5 is likewise unconnected to the billions of images that at some point were allegedly used in training the model.

***Second***, as courts in this Circuit have held, false CMI must be conveyed in connection with an *original* or otherwise *identical copy* of a work to be actionable. *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022) (dismissing DMCA claim because works were not identical); *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, ECF No. 192 at 14 (N.D. Cal. Jan. 11, 2024) (same in context of § 1202(b) claim). Plaintiffs dispute this requirement and cite an out-of-

circuit decision from the Southern District of Texas. *See ADR Int'l Ltd. v. Inst. For Supply Mgmt., Inc.*, 667 F.Supp.3d 411, 427 (S.D. Tex. 2023). Plaintiffs fail to explain why this Court should deviate from the findings of other courts in this Circuit. Regardless, even the Texas court's interpretation of DMCA § 1202(a) was a modest one—holding only that such a claim could lie against works that were either identical to or that involved "only superficial alterations" to an original work. *Id.* at 428. The court explicitly held that DMCA § 1202(a) would *not* apply to "derivative works." *Id.* Of course, here plaintiffs are asserting that Stable Diffusion 1.5 is itself a derivative work. And they have not plausibly pleaded that Stable Diffusion 1.5's outputs contain merely "superficial alterations" to their original, registered works. In short, Plaintiffs' DMCA § 1202(a) claim fails regardless of whether this Court follows the lead of sister courts in California, as it should, or applies Texas authority.

**Third**, Plaintiffs concede (by failing to rebut) that Runway never provided or distributed any CMI that was "false." Even if the Court credited Plaintiffs' allegations that Stable Diffusion 1.5 somehow includes Plaintiffs' registered works, that does not make the Rombach and Esser notice false. Stable Diffusion 1.5 is a new work. New works—even those that may "include[] materials from [another copyrighted] work"—can have new copyright information. *See Faulkner Press, L.L.C. v. Class Notes, LLC*, 756 F. Supp. 2d 1352, 1359-60 (N.D. Fla. 2010) (finding that affixing a label on a different product than plaintiff's did not amount to a "false" copyright notice, even if the product included information from plaintiff's copyrighted works).

**Finally**, Plaintiffs fail to plead Runway acted with the requisite intent. For the § 1202(a) claim to survive, Plaintiffs must allege that Runway distributed false CMI (1) knowingly and (2) with intent to induce, enable, facilitate, or conceal. 17 U.S.C. § 1202(a). In their Opposition, Plaintiffs point to Paragraphs 31, 66, 216, 355, 368, 369-371 of the Complaint. *See* Opp'n at 21. But none of these paragraphs suggest Runway was aware, much less intended, that statements about Robin Rombach or Patrick Esser's copyrights over the model Stable Diffusion 1.5 would induce, enable, facilitate, or conceal infringement of Plaintiffs' works. Consequently, Plaintiffs have not made the "affirmative showing" that Runway "was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Stevens v. Corelogic, Inc.*, 899 F.3d 666,

674 (9th Cir. 2018). For all these reasons, the Court should dismiss this claim against Runway.

### D. Plaintiffs fail to state a claim under DMCA § 1202(b).

Plaintiffs fare no better with their § 1202(b) claim. To state a claim under § 1202(b)(1), a plaintiff must allege that the defendant "intentionally remov[ed] or alter[ed]" CMI from a copy of a work. Next, the plaintiff must also establish that the defendant removed CMI "knowing, or … having reasonable grounds to know, that it will induce, enable, or facilitate, or conceal an infringement." 17 U.S.C. § 1202(b). Plaintiffs utterly fail to substantiate how the Complaint plausibly pleads either element.

#### 1. The Complaint does not plausibly allege Runway "removed" CMI from copies of identical works.

With respect to the first element—intentional removal of CMI—the Complaint's threadbare allegations don't cut it. When it comes to model training, the only allegation specific to Runway is contained in Paragraph 367 of the Complaint[9] ("The training process is designed to remove or alter CMI from the training images. Therefore, Runway intentionally removed or altered CMI from the LAION-5B Works in violation of 17 U.S.C. 1202(b)(1)."). This District has already rejected removal allegations of this sort as conclusory and thus insufficient. *See, e.g., Tremblay v. OpenAI Inc.*, 2024 WL 557720, at *4 (N.D. Cal. Feb. 12, 2024) (dismissing as "conclusory" the allegation that "training process does not preserve any CMI" "by design").

When it comes to model outputs, the Complaint baldly alleges that Runway "generate[s] output that are copies of original images with CMI with the CMI removed or altered." Compl. ¶ 369. Any outputs of Stable Diffusion 1.5 are not, and cannot be, exact copies, or even "substantially similar" copies, of Plaintiffs' works as Plaintiffs themselves have previously admitted. *See* Order at 2:13-18. And the Complaint references no model outputs that are, in fact, "copies" of original images. At most, the Complaint identifies attorney-generated outputs (Compl. Exh. E and H) but none of these involve removal of CMI from copies of *works identical* to Plaintiffs' works. And, notwithstanding Plaintiffs' arguments to the contrary, this District *has* held that identicality is indeed required. *GitHub, Inc.,* No. 22-CV-06823-JST, ECF No. 192 at 14

---

[9] Opp'n at 22 also cites Paragraphs 66, 115, 216, 241 of the Complaint but none of those Paragraphs alleges that Runway removed any CMI.

(dismissing a § 1202(b) claim because the output at issue was not an "identical copy" to plaintiffs' material).

Unable to provide allegations demonstrating the generation of copies of identical works, Plaintiffs are instead left pointing to the generation of new works, *see, e.g.*, Compl. ¶¶ 198-199, But courts have held that there is no § 1202(b) "removal" simply because defendant does not transpose CMI from one work onto a new work. *See, e.g.*, *Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 263556 (D. Haw. Jan. 21, 2015), *aff'd* 700 F. App'x 674 (9th Cir. 2017).[10]

### 2. The Complaint does not plausibly allege Runway's intent to induce, enable, facilitate, or conceal infringement by removal of CMI.

Even if Plaintiffs alleged facts to show that Runway did remove CMI (they do not), the Complaint fails to adequately allege any such removal was undertaken knowing that it would induce or facilitate infringement. A plaintiff must "allege sufficient facts to support the reasonable inference that the defendant 'knew or had a reasonable basis to know that the removal or alteration of CMI . . . **w[ould] aid infringement**.'" *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 858 (N.D. Cal. 2023) (emphasis added); *Schneider v. Youtube, LLC*, 2022 WL 3031212, at *2 (N.D. Cal. Aug. 1, 2022) ("The mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary."). Plaintiffs fail to provide this level of specificity.

When it comes to training materials Plaintiffs argue that CMI is removed from "exact copies of training images." Opp'n at 23. Even if Runway's training process did result in the omission of CMI from alleged training materials, Plaintiffs do not plausibly allege how that omission could "induce, enable, facilitate, or conceal" the alleged copyright infringement, much less how Runway could have "reason[] . . . to know" that it would do so. 17 U.S.C. § 1202(b).

"The point of CMI is to inform the public that something is copyrighted and to prevent infringement." *Alan* Ross *Machinery Corp. v. Machinio Corp.*, 2019 WL 1317664, at *2 (N.D.

---

[10] *See also Dolls Kill, Inc. v. Zoetop Bus. Co.*, 2022 WL 16961477, at *3 (C.D. Cal. Aug. 25, 2022); *A'Lor Int'l, Ltd., v. Tapper Fine Jewelry, Inc.*, 2012 WL 12921035, at *10 (C.D. Cal. Aug. 8, 2012) ("omissions" of CMI not actionable).

Ill. March 22, 2019).[11] But because the corpus of materials fed into Stable Diffusion to train the model—even if such material were stripped of CMI—would not be visible to the public, any alleged omission of CMI would have no effect on the public at all. The removal of CMI, if it happened, could not plausibly "induce, enable, facilitate, or conceal" any infringement and Runway certainly could not have "know[n] that it w[ould]." 17 U.S.C. § 1202(b). As a result, this District has rejected the theory that "knowing removal of CMI" from training materials during the training process could violate 17 U.S.C. § 1202. *See Tremblay*, 2024 WL 557720, at *4.

When it comes to model outputs, the Complaint again fails to allege Runway possessed the necessary scienter. Because the Complaint identifies no infringing outputs in the first place, *see supra* 1-7, it does not plausibly raise an inference that Runway somehow intended to enable, facilitate, or conceal infringement through any outputs. This distinguishes the facts of this case from *Schneider v. Youtube, LLC*, 2022 WL 3031212, at *2, which Plaintiffs cite. *See* Opp'n at 22. That case involved allegations that CMI was removed from *identical* copies of plaintiffs' videos. No similar allegation is plausibly pled here—and consequently Plaintiffs have failed to plausibly plead that Runway "removed" CMI knowing that doing so would facilitate infringement. Accordingly, the Court should dismiss Plaintiffs' DMCA claims.

### E.    The Court should dismiss the unjust enrichment claim.

#### 1.    Plaintiffs fail to plead the elements of unjust enrichment.

Plaintiffs entirely ignore the requirement that to state a claim for unjust enrichment, they must allege not only that that a defendant received some benefit at their expense, but also that the "benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust." *Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, 2021 WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021) (dismissing an unjust enrichment claim). Plaintiffs have not alleged anything of the sort and have no response to why they did not do so.

Instead, Plaintiffs again rely on conclusory allegations that it would be "unjust for Runway to retain" any "profit and/or other benefits from the use of Plaintiffs' works." Compl. ¶¶

---

[11] *See also Fashion Nova, LLC v. Blush Mark, Inc.*, 2023 WL 4307646, at *5 (C.D. Cal. June 30, 2023) ("[T]he purpose of CMI is to provide the public with notice that a work is copyrighted.").

377-78. The conclusory nature of their allegations alone is enough to warrant dismissal. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (dismissing claim that "ma[de] a conclusory allegation that defendants have been 'unjustly enriched'"). Plaintiffs also fail to allege facts to explain how the benefit was obtained through any "qualifying conduct." *Russell v. Walmart, Inc.*, 2023 WL 4341460, *2 (N.D. Cal. July 5, 2023). Plaintiffs again rely only on conclusory allegations that Runway "unjustly misappropriated the LAION-5B Works." Compl. ¶ 374. Plaintiffs plead ***no facts*** detailing any conduct by Runway that amounts to mistake, fraud, coercion, or a request by Runway. They have therefore failed to plead the elements of unjust enrichment.

        **2.**        **Plaintiffs fail to plead that they lack an adequate remedy at law.**

Plaintiffs misunderstand the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*: the question is not whether an equitable remedy "differ[s]," Opp'n at 24, from a remedy at law—but rather *why* the remedy at law is *inadequate*, *i.e.*, why the legal remedies available to them are not "plain, adequate, [or] complete," before pleading their unjust enrichment claim. 971 F.3d 834, 842 (9th Cir. 2020). Plaintiffs have not done this. Curiously, the case Plaintiffs cite, *Anderson v. Apple*, dismissed an equitable claim for this precise reason. 500 F. Supp. 3d 993, 1009-10 (N.D. Cal. 2020) (granting a motion to dismiss an equitable claim because plaintiffs failed to "adequately allege that, under usual principles of equity, their remedies at law would be inadequate to what restitution could provide."). In short, Plaintiffs do not explain why the remedies afforded them under copyright law are inadequate and why they must resort to equitable state law claims to make them whole.

        **3.**        **Even if Plaintiffs could state a claim for unjust enrichment, the Copyright Act would preempt it.**

In their Opposition, Plaintiffs attempt to dodge the preemption problem by trotting out a brand-new theory for how they were unjustly treated—the "name" theory. Plaintiffs suggest Runway was "unjustly enriched by its image product's ability to use Plaintiffs' names to mimic Plaintiffs' artistic style and benefit from their notoriety and reputation as sought-after artists." Opp'n at 24. But Count Fourteen in the Complaint says no such thing. Instead, it is limited to use of works themselves for training, not use of a name as a prompt. Even if such an allegation had

14

been pled in the Complaint, it would still fall short because Plaintiffs never allege how Runway procured the benefit of using a Plaintiff's name through mistake, coercion, or fraud.

No matter, even the basis for this new theory boils down to Runway's alleged "use" of copyrighted works to train AI models—after all, it is the association between an artist's name *and their actual work* that Plaintiffs claim Runway has unjustly profited from. But this new theory runs headlong into the preemption problem just as the old theory does. Plaintiffs cannot dispute that the "subject matter" of the "use" theory actually pled, as well as the "name" theory now debuted in the Opposition brief, still rests upon the "use" of "pictorial works," which falls within the realm of copyrightable material. *See* 17 U.S.C. § 102(a).

### F. The Court should dismiss Plaintiffs' claims with prejudice.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Plaintiffs have had two bites at the apple and ample opportunity to research and support their claims if those claims were supportable. Though Plaintiffs try to argue that because Runway was recently added, Plaintiffs should get another attempt to amend their Complaint, the issues with the Complaint are similar issues that Plaintiffs were supposed to remedy in their first amendment. The Court should now dismiss Plaintiffs' inadequately pleaded claims with prejudice so that this case can proceed on the sole claim they have plausibly pleaded.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Runway's Motion.

Dated: April 18, 2024

KEKER, VAN NEST & PETERS LLP

By: *s/ Paven Malhotra*
DAVID SILBERT
PAVEN MALHOTRA
BAILEY W. HEAPS
LUKE P. APFELD
JULIA L. GREENBERG
CELINA S. MALAVE

Attorneys for Defendant
RUNWAY AI, INC.