KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
LUKE P. APFELD - # 327029
lapfeld@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
CELINA S. MALAVE - # 347808
cmalave@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual;<br>KELLY MCKERNAN, an individual;<br>KARLA ORTIZ, an individual;<br>H. SOUTHWORTH PKA HAWKE SOUTHWORTH, an individual;<br>GRZEGORZ RUTKOWSKI, an individual;<br>GREGORY MANCHESS, an individual;<br>GERALD BROM, an individual;<br>JINGNA ZHANG, an individual;<br>JULIA KAYE, an individual;<br>ADAM ELLIS, an individual,<br><br>　　　　Individual and Representative<br>　　　　Plaintiffs,<br><br>　　v.<br><br>STABILITY AI LTD., a UK corporation;<br>STABILITY AI, INC., a Delaware corporation;<br>DEVIANTART, INC., a Delaware corporation;<br>MIDJOURNEY, INC., a Delaware corporation;<br>RUNWAY AI, INC., a Delaware corporation,<br><br>　　　　Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**REPLY IN SUPPORT OF DEFENDANT RUNWAY AI, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT RUNWAY AI, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:　　May 8, 2024<br>Time:　　2:00 p.m.<br>Dept.:　　2, 17th Floor<br>Judge:　　Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date: None Set |

REPLY ISO RUNWAY'S RJN AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE
Case No. 3:23-cv-00201-WHO
2638317

I.  **INTRODUCTION**

In moving to dismiss, Defendant Runway AI, Inc. ("Runway") respectfully requested that the Court judicially notice or incorporate by reference three categories of documents: (1) court records from a similar proceeding in this district (Exhibits A, B); (2) academic articles on which Plaintiffs' copyright claims are predicated (Exhibits C, D, E); and (3) webpages which Plaintiffs reference to support their claims (Exhibits F, G).[1] Runway's requests are paradigmatic examples of both doctrines. As to most of these exhibits, Plaintiffs largely concede that the First Amended Complaint ("FAC") incorporates the relevant documents, rendering Plaintiffs' opposition a nullity. Moreover, judicially noticing certain pleadings for purposes of showing what happened in other litigation (as distinct from the truth or falsity of what is said in those pleadings) is a classic case for judicial notice. And incorporating by reference the *full* version of documents referenced selectively by Plaintiffs is likewise generally appropriate. Runway's request for judicial notice should therefore be granted.

II. **ARGUMENT**

    A.    **The Court should take judicial notice of Exhibits A and B, true and correct copies of pleadings filed in *Kadrey*.**

The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). It is well-recognized that public documents, including court filings, are suitable for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014).

Plaintiffs' opposition to taking judicial notice of the pleadings in the *Kadrey* case is frivolous. Plaintiffs' primary complaint is that Runway never says what exactly it wishes to be judicially noticed, but, bizarrely, Plaintiffs never reference the motion to dismiss where Runway discusses the *Kadrey* pleadings. That motion makes plain that Runway requests the Court to notice (1) the nature of the claims that had been pleaded in the *Kadrey* case and (2) what the

---

[1] ECF No. 164-2.

*Kadrey* plaintiffs did after the aforementioned claims were dismissed. *See* ECF No. 164, Motion to Dismiss ("MTD") 5-6. Runway is **not** trying to "short-circuit the adjudicative process," by, for example, asking the Court to "import[] facts from another case" and "deem[ them] true without any further factfinding." ECF No. 173 ("RJN Opp'n") at 1, 3. Runway is asking only that the Court notice the mere fact of what those pleadings say on their face. This is a proper application of the doctrine of judicial notice. *See Reyn's Pasta Bella,* 442 F.3d at 746 n.6 (taking judicial notice of "what [was] actually litigated" in another case, and the outcome of the case); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *In re Yahoo*, 7 F. Supp. 3d at 1024.

Runway thus asks this Court to take judicial notice of Exhibits A and B.

### B. The Court should incorporate by reference Exhibits C through G, true and correct copies of documents referred to extensively in the FAC.

A plaintiff's complaint necessarily relies on an extrinsic document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). Quoting from a document is sufficient to incorporate a document by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Applying these principles here, Plaintiffs' opposition to Runway's request for incorporation by reference fails.

#### 1. Academic Articles, Exhibits C-E

Plaintiffs cite portions of several academic articles in their FAC to support the **impossible** scientific premise that Stable Diffusion is storing compressed versions of Plaintiffs' works. *See* ECF No. 129 ("FAC") ¶¶ 116-149; *see also* FAC ¶¶ 346-353; *see also* ECF No. 175 ("Plaintiffs' MTD Opp'n") at 9-10. Plaintiffs do not meaningfully dispute that they cite, quote, and rely on these articles in their FAC. RJN Opp'n at 3-4. In fact, Plaintiffs reinforce their reliance on these articles by again citing, quoting, and relying on these articles in their Opposition. *See* Plaintiffs' MTD Opp'n at 9-10. The full articles, however, undercut Plaintiffs' allegations. *See* MTD at 8-9. Runway thus asks the Court to incorporate by reference the complete articles to demonstrate that Plaintiffs have not adequately alleged a premise upon which their claims rely. None of Plaintiffs' (contradictory) bases for opposing Runway's request pass muster.

***First***, Plaintiffs essentially concede that the articles are ***already*** incorporated by reference. *See, e.g.*, RJN Opp'n at 4 ("Finally, the FAC includes a hyperlink to each of the three papers, such that the allegations regarding the papers are not misleading or otherwise incomplete."); *id.* at 4-5 ("Finally, the FAC also includes a hyperlink to all three research papers. Therefore, there is nothing left for the Court to incorporate."). If that is so, then the Court should simply grant Runway's request.

***Second***, Plaintiffs argue these articles are ***not*** "central or dispositive" to their arguments. RJN Opp'n at 2, 4 ("Neither are these papers central or dispositive to the claims set forth in the FAC."). If ***that*** is the case, then the Court need not consider them at all for ***any purpose***, and the Court can proceed to grant the pending motion to dismiss for lack of plausible allegations that any work is literally held in compressed format in Stable Diffusion 1.5.

***In any case***, if Plaintiffs wish for the Court to rely on any portion of the academic articles, then the Court should not rely solely on Plaintiffs' inaccurate descriptions of them. Read in full, the articles do not support the proposition for which Plaintiffs rely upon them—that Stable Diffusion 1.5 allegedly stores compressed versions of images used in training. *See* Plaintiffs' MTD Opp'n at 9-10. Without those papers to bolster that proposition, the FAC relies on bare conclusory allegations and thus does not adequately state a claim based on copying. Those claims should be dismissed.

Runway's request for judicial notice is thus the exact type that courts commonly grant to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Runway asks that it be granted.

**2.    Websites, Exhibits F, G**

As with the academic articles referenced above, Plaintiffs begin by conceding that "the websites that Runway seeks to incorporate are already included in the FAC," RJN Opp'n at 5, which is reason enough to grant Runway's motion. Plaintiffs' contention that the websites are not central to their claims (*id.*) fares no better. Plaintiffs rely on the content of these webpages for their direct infringement (Count Eleven) and inducement (Count Twelve) claims to allege

instances of Runway distributing Stable Diffusion 1.5 to the public. FAC ¶¶ 352, 355. Additionally, they rely on the content of these webpages for their DMCA claims (Count Thirteen) to show the text of the license that accompanies a download of the model. FAC ¶ 368. Their claims hinge at least in part on these webpages.

Plaintiffs' objection to "factfinding" about the web pages fails too. *See* RJN Opp'n at 3. Notwithstanding Plaintiffs' arguments to the contrary, the Court can consider the "entire document[s] . . . for purposes of [the] motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see Mophie, Inc. v. Shah*, 2014 WL 10988339, at *3 n.2 (C.D. Cal. July 24, 2014). To that end, Runway wishes merely for the Court to have before it the *full* contents of the websites upon which Plaintiffs rely. If those full web pages support the propositions for which they are cited by Plaintiffs, then the Court can accept those allegations without prematurely finding any facts. But if the full web pages do not offer that support, the allegations should be disregarded. No factfinding is necessary. The request should thus be granted as to Exhibits F and G as well.

### III.  CONCLUSION

For the foregoing reasons, Runway respectfully requests that the Court take judicial notice of Exhibits A and B and incorporate by reference Exhibits C through G.

Dated:  April 18, 2024

KEKER, VAN NEST & PETERS LLP

By:  *s/ Paven Malhotra*
DAVID SILBERT
PAVEN MALHOTRA
BAILEY W. HEAPS
LUKE P. APFELD
JULIA L. GREENBERG
CELINA S. MALAVE

Attorneys for Defendant
RUNWAY AI, INC.