UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>STABILITY AI LTD., et al.,<br><br>  Defendants. | Case No. 23-cv-00201-WHO<br><br>**PROCEDURES AND TENTATIVE RULINGS FOR MAY 8, 2024 HEARING** |

To focus the parties' arguments for tomorrow's hearing, below are tentative rulings on the claims in dispute. Each defendant will have 10 minutes to argue the issues most significant to it. Plaintiffs will have 40 minutes in total to argue the issues most significant to them.

Tentative Rulings

Plaintiffs should have sought leave before adding additional named plaintiffs and the Unjust Enrichment claim. However, had they asked, leave would have been freely given. Therefore, following the final order on the pending motions, I am inclined to allow plaintiffs to file a Second Amended Complaint adding the new plaintiffs. With respect to the new Unjust Enrichment claims – as alleged in the First Amended Complaint based on use of plaintiffs' "works" – leave to amend would be DENIED as futile, because those claims are preempted by the Copyright Act. Plaintiffs will be allowed one final attempt to allege non-preempted Unjust Enrichment claims against specific defendants. An amended Unjust Enrichment claim may be included in the Second Amended Complaint.

I am inclined to DENY all motions to dismiss the direct and induced infringement claims under the Copyright Act. Beyond the Training Images theory (that suffices for direct infringement as to Stability, Runway, and Midjourney), plaintiffs have plausibly alleged facts to suggest compress copies, or effective compressed copies albeit stored as mathematical information, of

their works are contained in the versions of Stable Diffusion identified. At this juncture, plaintiffs should be allowed to proceed with discovery. The facts regarding how the diffusion models operate, or are operated by the defendants, should be tested at summary judgment against various direct and induced infringement theories and precedent under the Copyright Act.

I am inclined to GRANT the motions to dismiss all DMCA claims. Under (a), the license disclosures were not made "in connection with" plaintiffs' works. Under (b), the Court is inclined to follow the decision in *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217, at *8 (N.D. Cal. Jan. 22, 2024), regarding the identicality requirement.

I am inclined to DENY Midjourney's motion to dismiss the false endorsement and trade dress claims.

I am inclined to GRANT DeviantArt's motion to dismiss the contract claim for express breach and breach of the implied covenant of good faith and fair dealing, consistent with my analysis from the October 2023 Order.

Dated: May 7, 2024

William H. Orrick
United States District Judge