1    CLEARY GOTTLIEB STEEN
     & HAMILTON LLP
2    Angela L. Dunning (212047)
     adunning@cgsh.com
3    Samuel Blankenship (339905)
     sblankenship@cgsh.com
4    1841 Page Mill Rd Suite 250
     Palo Alto, CA 94304
5    Tel: +1 (650) 815-4100

6    Arminda Bepko (admitted *pro hac vice*)
     abepko@cgsh.com
7    Amira Perryman
     aperryman@cgsh.com (admitted *pro hac vice*)
8    One Liberty Plaza
     New York, NY 10006
9
     Attorneys for Defendant
10   Midjourney, Inc.

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                        **SAN FRANCISCO DIVISION**

14

15

16   SARAH ANDERSEN, et al.,                Case No. 3:23-cv-00201-WHO

17              Plaintiffs,

18        v.                                **DEFENDANT MIDJOURNEY, INC'S
                                            ADMINISTRATIVE MOTION FOR
19   STABILITY AI LTD., a UK corporation;   CLARIFICATION (CIV. L.R. 7-11) OR, IN THE
     STABILITY AI, INC., a Delaware         ALTERNATIVE, MOTION FOR LEAVE TO SEEK
20   corporation; DEVIANTART, Inc., a Delaware  LIMITED RECONSIDERATION OF ORDER
     corporation; MIDJOURNEY, INC., a       GRANTING IN PART AND DENYING IN PART
21   Delaware corporation; RUNWAY AI, INC., MIDJOURNEY'S MOTION TO DISMISS (CIV.
     a Delaware corporation,                L.R. 7-9)**

22
              Defendants.
23

24                                          Before: Hon. William H. Orrick

25

26

27

28
                                            **DEFENDANT MIDJOURNEY'S ADMIN. MOTION FOR
                                            CLARIFICATION/LEAVE TO SEEK RECONSIDERATION
                                            CASE NO. 3:23-CV-00201-WHO**

1 <u>**NOTICE OF MOTION AND MOTION**</u>

2    **PLEASE TAKE NOTICE THAT** Defendant Midjourney, Inc. (**"Midjourney"**) hereby

3 moves this Court, pursuant to Civil Local Rules 7-11 and 7-9, for an order (1) clarifying the Court's

4 Order Granting in Part and Denying in Part Motions to Dismiss First Amended Complaint (Dkt. 223,

5 the "Order") as it pertains to the claim for vicarious trade dress infringement, or (2) in the alternative,

6 granting Midjourney leave to seek limited reconsideration. Midjourney has not sought a hearing date

7 for this motion pursuant to Civil Local Rules 7-9(d) and 7-11(c), but is prepared to do so should the

8 Court allow full briefing and a hearing. This Motion is based on this Notice, the argument below, all

9 papers on file in this action, including the First Amended Complaint (Dkt. 129; **"FAC"**), and any

10 further evidence or argument presented at any hearing on this motion.

11 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

12 **I.    INTRODUCTION**

13    Midjourney respectfully moves for clarification of the Order on the narrow question of what

14 "concrete elements" comprise each plaintiff's alleged trade dress following the Order.

15    "[C]ourts in this circuit have required trade dress plaintiffs, *at the very least*, to provide

16 adequate notice [of their claim] by including in their complaint a '*complete recitation* of the *concrete*

17 *elements* of [their] alleged trade dress.'" *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1069

18 (N.D. Cal. 2015) (Orrick, J.) (emphasis added). A complete list of trade dress elements is a gating

19 item, and a court "must tackle this issue before it determines whether the trade dress is non-functional

20 and distinctive," i.e., protectable. *Crafty Prods., Inc. v. Michaels Cos., Inc.*, 424 F. Supp. 3d 983,

21 990–92 (S.D. Cal. 2019) (dismissing claim as plaintiffs did "not clearly articulate[ ] their trade dress"),

22 *aff'd sub nom. Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.*, 839 F. App'x 95 (9th Cir. 2020).

23    Here, the Order found that: (a) the "recurring visual elements and artistic techniques" claimed

24 by plaintiffs in the FAC are, "standing alone, vague and possibly overbroad," and (b) the images in

25 Exhibit F are likewise "insufficient identification" of their alleged trade dress elements (Order at 24.)

26 The difficulty is that neither the Order nor the FAC goes on to identify any other element of the

27 claimed trade dress, much less a "complete recitation of the concrete elements" as necessary to

28 comply with Rule 8. Instead, the Order points to conduct by *Midjourney* (e.g., "use of plaintiffs'

1   names in its Midjourney Name List and showcase") in finding that the FAC makes a "sufficient

2   description" of the claimed trade dress.  (Order at 24.)  But before Midjourney can defend against

3   allegations that its conduct enabled infringement of plaintiffs' trade dress, it needs to know what that

4   purported trade dress consists of.  Only *plaintiffs* can say what elements they claim serve to designate

5   a particular plaintiff as the source of works incorporating those elements, and that is not pleaded in

6   the FAC.  If the Court concluded that "use of plaintiffs' names," for instance, was an additional

7   (pleaded) element of the alleged trade dress, that is unfortunately not clear from the Order.

8       Accordingly, Midjourney respectfully requests that the Court clarify its Order as to which

9   concrete elements comprise the complete recitation of each plaintiffs' alleged trade dress in the FAC.

10   Alternatively, Midjourney respectfully seeks leave to move for limited reconsideration of the Order

11   and a modified ruling requiring plaintiffs to list all concrete elements of each plaintiff's alleged trade

12   dress in their forthcoming second amended complaint ("SAC").   Only once these elements are

13   identified in full can the parties go on to litigate whether each plaintiff can carry his or her "heavy

14   burden" of proving that the claimed trade dress is non-functional, has acquired secondary meaning as

15   a source identifier, and has been infringed.  *Arcsoft*, 153 F. Supp. 3d at 1069.

16   **II.   STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

17       Count Nine of the FAC is asserted on behalf of plaintiffs Andersen, Ortiz, Brom, Rutkowski,

18   and Kaye under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and seeks to impose vicarious

19   liability on Midjourney based on the theory that users of its platform can create artworks allegedly

20   infringing plaintiffs' "trade dress."  (FAC ¶¶ 318–33.)  The FAC alleges that plaintiffs' trade dress

21   consists of "a set of recurring visual elements and artistic techniques, the particular combination of

22   which are distinctive to each of the [plaintiffs], associated with them and their work, and desirable to

23   customers."  (FAC ¶ 319.)  Those elements are described as follows in paragraph 319:

24   - **"Sarah Andersen** is known for work that is simple, cartoony, and often strictly in black and white.  In particular, she is known for 'Sarah's Scribbles,' a comic featuring a young woman with dark hair, big eyes, and a striped shirt."

25   - **"Karla Ortiz** is known for a mixture of classical realism and impressionism, often delving into fantastical, macabre and surreal themes, and inspired by the technical prowess of American Renaissance movements with a strong influence of contemporary media."

26   
27   - **"Gerald Brom** is known for gritty, dark, fantasy images, painted in traditional media, combining classical realism, gothic and counterculture aesthetics."

28

- "**Grzegorz Rutkowski** is known for lavish fantasy scenes rendered in a classical painting style."
- "**Julia Kaye** is known for three-panel black-and-white comics, loosely inked with a thin fixed-width pen, wherein each individual comic is a microvignette in the artist's life."

The FAC attaches alleged examples of these plaintiffs' artworks as Exhibits A and B, but does not allege which, if any, show the claimed trade dress elements. The FAC also alleges that "Examples of Midjourney text prompts featuring Sarah Andersen and Gerald Brom are shown in Exhibit F," but does not allege that any of the images in Exhibit F infringe any plaintiff's trade dress. (FAC ¶ 324.)

Midjourney moved to dismiss this claim, arguing in relevant part that these allegations failed to adequately identify the concrete elements of plaintiffs' asserted trade dress. (Dkt. 160 ("MTD") at 21–22; Dkt. 184 ("Reply") at 12.) In ruling on the MTD, the Court found that "some of the alleged 'concrete elements' identified in the FAC are, standing alone, vague and possibly overbroad" and that "the images from Exhibit F on their own would be insufficient identification" as well. (Order at 24.) The Court nonetheless found that "the combination of identified elements and images, when considered with plaintiffs' allegations regarding how [Midjourney's] CLIP model works as a trade dress database, and Midjourney's use of plaintiffs' names in its Midjourney Name List and showcase, provide sufficient description and plausibility for plaintiff's trade dress claim." (*Id.*)

### III.   THE "CONCRETE ELEMENTS" OF PLAINTIFF'S TRADE DRESS SHOULD BE CLARIFIED

Clarification is appropriate where, as here, the "existence of ambiguity or confusion [in an order] can be corrected with further explanation." *Michel v. Sumo Logic, Inc.*, 2024 WL 3677290, at *1 (N.D. Cal. Aug. 5, 2024) (cleaned up) (granting clarification of order on motion to dismiss to correct inconsistency); *see also Hansen v. Levy., et al.*, No. 17-cv-03473-WHO, Dkt. 138 (N.D. Cal. Oct. 5, 2018) (Orrick, J.) (granting motion to clarify effect of dismissal order on forthcoming amended complaint); *Laatz v. Zazzle, Inc.*, 2024 WL 100281, at *3-4 (N.D. Cal. Jan. 9, 2024) (granting motions to clarify summary judgement order and correct factual errors).

As noted above, Rule 8 requires "trade dress plaintiffs, *at the very least*, to provide adequate notice [of their claim] by including in their complaint a '*complete recitation* of the *concrete elements*." *Arcsoft*, 153 F. Supp. 3d at 1069 (emphasis added); *Digital Dream Labs v. Living Tech. (Shenzhen)*, 587 F. Supp. 3d 305, 328 (W.D. Pa. 2022) (dismissal required absent language "circumscrib[ing] the *exact trade dress* that a party is seeking to protect") (citing cases; emphasis added). However, one

still cannot tell from the FAC or Order what *any* of the pleaded, concrete trade dress elements are for any plaintiff.  Indeed, the Order found (at 24) that the trade dress descriptions in the FAC were vague and overbroad, but then identified no other cognizable trade dress elements pleaded in the FAC that would remedy this deficiency.  The pleaded facts to which the Order points instead (that Midjourney purportedly created a CLIP model that functions as a trade-dress database and used plaintiffs' names in the Name List and showcase) (*id.*) are allegations of *conduct by Midjourney*, not an identification of trade dress elements to which each plaintiff claims exclusive rights as a source identifier.  The claimed trade dress remains a vague and moving target.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must provide **"**fair notice of what the**…** claim is**"**); *YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 767-68 (N.D. Cal. 2021) ("a complete recitation of the concrete elements of the trade dress is required to provide adequate notice to the defendant" of the claim).

Notably, portions of the Order suggest that the alleged "use of plaintiffs' names" may have tipped the Court's analysis, i.e., that the names comprise an additional, required element of the trade dress for each plaintiff.  (Order at 24; *see also id.* at 26–27 n. 25 (acknowledging authorities denying any trademark protection for art styles, but noting additional allegations of "Midjourney's use of plaintiffs' names and showcase examples calling out named plaintiffs").  If this was the Court's ruling, Midjourney respectfully requests that the Court clarify its Order to confirm that the "complete recitation of the concrete elements" of plaintiffs' alleged trade dress includes and requires use of each plaintiff's name.  Otherwise, the trade dress claim will be unbounded by any objective mechanism to determine what the trade dress consists of and which Midjourney outputs are accused of infringing it.[1]

## IV.    IN THE ALTERNATIVE, LIMITED RECONSIDERATION IS WARRANTED

In the alternative (or in addition to) the foregoing clarification, Midjourney respectfully seeks leave under Local Rule 7-9 to move for limited reconsideration of the Order to the extent it found plaintiffs had adequately alleged the elements of their trade dress.  Leave should be granted because, even with the clarification sought above, the visual elements of plaintiffs' alleged trade dress remain vague and undefined in violation of their basic pleading obligations under Rule 8.  Plaintiffs need no

---

[1] Midjourney reserves all defenses to the trade dress clam even with this clarification.

1  discovery to identify their own claimed trade dress elements, and they can easily add this required
2  detail in a further amended complaint, which they have confirmed they will be filing in any event.
3       Prior to entry of a final judgment, "any order or other decision ... that adjudicates fewer than
4  all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time."
5  *Allen v. Conagra Foods, Inc.*, 2019 WL 5191009, at *2 (N.D. Cal. Oct. 15, 2019) (Orrick, J.) (granting
6  motion to reconsider order on motion to dismiss based on personal jurisdiction). Courts "may vacate
7  or revise [non-final orders] at any time, if doing so would be consonant with equity." *Id.* (internal
8  citation omitted). In this District, leave to seek reconsideration is properly granted where the moving
9  party demonstrates that an order fails "to consider material facts or dispositive legal arguments which
10  were presented to the Court before such interlocutory order." Local Rule 7-9(b)(3) The moving
11  party must also show "reasonable diligence" in bringing the motion. *Id.* [2]
12       Ms. Andersen's allegations exemplify why leave to seek reconsideration should be granted.
13  She claims to be known for works that are "simple, cartoony, and often strictly in black and white.
14  In particular, she is known for 'Sarah's Scribbles,' a comic featuring a young woman with dark hair,
15  big eyes, and a striped shirt." (FAC ¶ 319.) This description, however, does not specify what the
16  claimed elements of her trade dress are. Does it consist of "black and white" images or "color"?
17  Include a striped shirt or big eyes? Does it cover solely "Sarah's Scribbles" characters, or also art in
18  the style of "Fangs," which features an entirely different aesthetic? Neither the text description, nor
19  the images in Exhibit A, answer these questions.

  

---

[2] Midjourney diligently filed this motion 24 days after the Order issued. *See Roberts v. AT&T Mobility LLC*, 2018 WL 1317346, at *2 (N.D. Cal. Mar. 14, 2018) (seeking leave within one month showed "reasonable diligence"); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, 2023 WL 6385609, at *3 (N.D. Cal. Sept. 14, 2023) (Orrick, J.) ("taking one month to file a motion for reconsideration was reasonably diligent" absent showing of prejudice). As plaintiffs intend to further amend their complaint in any event, having them clarify their claimed trade dress elements at the same time will not prejudice them.

She should be required to amend to specify the exact trade dress under well-settled law cited by Midjourney and overlooked in the Order. *See Arcsoft*, 153 F. Supp. 3d at 1069; *Crafty Prods.*, 424 F. Supp. 3d at 99–92; *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1176 (N.D. Cal. 2007) (dismissing trade dress claim where plaintiff pleaded impermissibly broad trade dress elements like "rustic look" and "architectural character"); *see also Classic Touch Décor, Inc. v. Michael Aram, Inc.*, 2015 WL 6442394, at *5 (E.D.N.Y. Oct. 23, 2015) (noting in the Rule 12(c) context that plaintiff "cannot claim trade dress protection for an element that appears 'sometimes' or only 'in some instances,' because it renders the presence of the element meaningless"); *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 2020 WL 6821013, at *6, at *17–18 (C.D. Cal. Oct. 29, 2020) (to survive dismissal, itemization of trade dress elements cannot be "preceded by a non-limiting qualifier").

Likewise, Brom claims to be known for "gritty, dark, fantasy images, painted in traditional media, combining classical realism, gothic and counterculture aesthetics." (FAC ¶ 319.) That description is at best vague and subjective, not "concrete"; and there do not appear to be any discernible "concrete" elements that unite his various alleged works in Exhibit A:



Indeed, paragraph 319 alleges only some elements of style each plaintiff is supposedly "known for," not the concrete elements they claim as trade dress. Mr. Rutkowski may be "known for lavish fantasy scenes rendered in a classical painting style" (FAC ¶ 319) but what are the specific, consistent elements that he claims differentiate his work from the "lavish fantasy paintings" of countless others and point to him as the exclusive creator? Ms. Ortiz offers a laundry list of art styles originated by others to describe her work ("classical realism," "impressionism," "fantastical, macabre and surrealist," "inspired by … American Renaissance movements," "strong influence of contemporary media"), but does not allege which elements purportedly have the "primary significance" of

"identify[ing her as] the source of the [artwork]" she sells.  *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 214 (2000).  One cannot discern this from the wide array of unrelated artworks she claims to have authored in Ex. A.

   

The Court has already found these descriptions to be "vague and possibly overbroad," and the images "insufficient."  (Order at 24.)  Respectfully, it was error not to instruct plaintiffs to amend to identify for Midjourney (and the Court) the concrete elements they are claiming.  If they are claiming that their names comprise part of their trade dress, they should be required to allege that clearly.

Finally, if the Court grants leave to Midjourney to seek reconsideration and ultimately orders plaintiffs to more specifically plead in their amended complaint their concrete trade dress elements, plaintiffs should also be required to plead facts to establish that those elements are non-functional, *Arcsoft*, 153 F. Supp. 3d at 1069, and have acquired secondary meaning (i.e., that the claimed trade dress elements serve the primary purpose of designating each plaintiff as the exclusive source of such works), *Wal-Mart*, 529 U.S. at 211, 216 (trade dress protectible "only upon a showing of secondary meaning," "which occurs when, in the minds of the public, the primary significance of a [product feature] is to identify the source of the product rather than the product itself") (cleaned up).  Because plaintiffs' purported trade dress is unregistered, it is presumed to be ***unprotectible***—a "heavy burden" they must overcome in their pleading for whatever specific trade dress elements they choose to assert. *Arcsoft*, 153 F. Supp. 3d at 1069; *Secalt S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd.*, 668 F.3d 677, 683 (9th Cir. 2012) ("the Lanham Act [] imposes a presumption of functionality") (abrogated on other grounds by *SunEarth, Inc. v Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016)); *S&B Filters, Inc v. ETN Cap.*, LLC, 2022 WL 2204144, at *3 (C.D. Cal. Mar. 9, 2022) (dismissing for failure to plead facts—rather than conclusions—establishing secondary meaning).

1  **V.      CONCLUSION**

2          Midjourney respectfully requests that the Court clarify its Order on the narrow question of

3  what "concrete elements" comprise each plaintiff's alleged trade dress following the Order.

4  Alternatively (or in addition), Midjourney requests that the Court grant it leave to seek reconsideration

5  of the Order and a revised order requiring plaintiffs to provide a complete recitation of the concrete

6  elements of their alleged trade dress in their forthcoming further amended complaint.

7   Dated: September 5, 2024                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

8

9

10                                             /s/ Angela L. Dunning
                                               Angela L. Dunning (212047)
11                                             adunning@cgsh.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28