Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
David Lerch (State Bar No. 229411)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Holden Benon (State Bar No. 325847)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          dlerch@saverilawfirm.com
          lkessler@saverilawfirm.com
          eabuchanan@saverilawfirm.com
          hbenon@saverilawfirm.com
          ecreutz@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, KELLY MCKERNAN, KARLA ORTIZ, H. SOUTHWORTH PKA HAWKE SOUTHWORTH, GRZEGORZ RUTKOWKSI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS;<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC.<br><br>*Defendants*. | Case No. 3:23-cv-00201-WHO<br><br>**OPPOSITION TO DEFENDANT MIDJOURNEY, INC'S ADMINISTRATIVE MOTION FOR CLARIFICATION** |

Case No. 3:23-cv-00201-WHO
PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION FOR CLARIFICATION

**INTRODUCTION**

Defendant Midjourney, Inc's Administrative Motion for Clarification or, In the Alternative, Motion for Leave to Seek Limited Reconsideration (the "Motion"), ECF No. 225, is an obvious attempt to inject delay into this litigation. The motion is plainly not an administrative motion, but is instead a poorly-disguised motion to reconsider. That procedural impropriety alone compels the Court to deny or strike the Motion. The Motion also fails on its merits. The issues Midjourney raises here have been fully briefed, argued, and decided. Midjourney cites no new facts or law, nor does it raise any "manifest failure" by the Court to consider arguments, as Civil L.R. 7-9 requires. Further, Plaintiffs consider the pleadings resolved. The only amendments Plaintiffs intend to make are not substantive and reflect only what the Court already has ordered.[1] Midjourney's attempt to force Plaintiffs to make substantive amendments and invite further Rule 12 briefing is misplaced and procedurally improper. The Court should therefore **deny**, or in the alternative, **strike** Midjourney's Motion. Plaintiffs also request that the Court set a case management conference and issue an order lifting the stay of discovery.

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

The Court issued its Order Granting in Part and Denying in Part Motions to Dismiss Plaintiffs' First Amended Complaint on August 12, 2024. ECF No. 223. Plaintiffs then asked Defendants to meet and confer regarding discovery, a Rule 26(f) conference, and timing for a case management conference. Plaintiffs met with all four Defendants in a joint call to discuss these issues on August 30, 2024. On that call, Plaintiffs informed Defendants that Plaintiffs do not intend to make any substantive changes to their pleadings at this time. In fact, Plaintiffs explicitly stated on that call that they intended to avoid further Rule 12 briefing regarding the amended complaint. Counsel for Midjourney did not mention its plan to file an administrative motion or seek reconsideration of the Court's motion to dismiss order. Rather, Defendants each took the position that they did not yet have an obligation to meet and confer with Plaintiffs regarding dates for discovery, a Rule 26(f) conference, or timing for a CMC.

---

[1] The Court has already granted leave to amend to add Plaintiffs, which Plaintiffs intend to do. ECF No. 223 at 7 (granting leave to amend to add plaintiffs). As Plaintiffs have informed Defendants, Plaintiffs also intend to preserve their DMCA claim, as the parties in *Doe 1 v. GitHub, Inc.*, No. 22-cv-06823 (N.D. Cal.), are presently briefing the question of whether that decision should be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292. *See id.*, ECF Nos. 268 (motion for leave to appeal); 273; 274.

On September 5, 2024, less than a week after the meet and confer, Midjourney filed the present Motion.

**ARGUMENT**

"[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Conversely, an administrative motion is designed for routine matters that do not request or require extended briefing or argument "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civ. L.R. 7-11. "A Motion for Clarification cannot be used as a vehicle to raise issues that should have either been raised in the original motion or through a proper motion for reconsideration." *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015). Moreover, courts possess broad discretion to manage their dockets and ensure the efficient resolution of cases. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This discretion includes the inherent authority to strike or deny improper filings—such as administrative motions—that fail to comply with procedural rules or are used to circumvent established procedures. *Id.* ("It is well established that '[d]istrict courts have inherent power to control their docket.' … This includes the power to strike items from the docket as a sanction for litigation conduct.") (citations omitted).

**A.   Midjourney's Motion Should Be Denied Because it Violates Local Rule 7-11(a).**

Civil Local Rule 7-11(a) requires that an administrative motion be accompanied by "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Defendant Midjourney failed to satisfy this requirement. Midjourney made no effort to meet and confer with Plaintiffs regarding the issues raised in its Motion, nor did Midjourney submit any declaration explaining why a stipulation could not be obtained. Further, the Motion also fails to comply

with Civil L.R. 7-11(a)'s requirement that "[a] motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages…" This clear noncompliance with Civil Local Rule 7-11(a) provides sufficient grounds for the Court to deny or strike Midjourney's Motion.

### B. Midjourney's Motion Should Be Denied as it is an Improper Use of the Administrative Motion Process.

Under Civil Local Rule 7-11(a), an administrative motion is designed for routine matters that do not request or require extended briefing or argument "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." While styled as a motion for clarification, Midjourney's Motion essentially seeks to reassert the same arguments it made in its motion to dismiss. *See* ECF No. 160 at 26-31 (arguments regarding trade dress); ECF No. 184 at 17-20 (same); *id.* at 18 (specifically arguing that "Plaintiff fails to provide a recitation of the concrete elements of its trade dress" and that Plaintiffs need "a complete recitation of the concrete elements of [their] alleged trade dress"). After full briefing on the issue, the Court considered and rejected these arguments. *See* ECF No. 223 at 23-26; *id.* at 23-24 (acknowledging and rejecting Midjourney's argument that Plaintiffs have not identified the "concrete elements" of each Plaintiff's trade dress claims). There is, thus, nothing left to clarify. Midjourney's Motion should be denied on this basis alone.

But more fundamentally, by styling the Motion as an "Administrative Motion," Midjourney seeks to bypass the requirements of Civil L.R. 7-9, which governs motions for reconsideration. Midjourney misquotes Local Rule 7-9(b)(3), stating that reconsideration is properly granted where the moving party demonstrates that an order fails "to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Motion at 6. Civil Local Rule 7-9(b) mandates that a party seeking reconsideration must demonstrate either (1) a material difference in fact or law, (2) the emergence of new material facts or a change in law, or (3) "[a] **manifest failure** by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Midjourney's motion does not satisfy Civil L.R. 7-9(b)(1) or 7-9(b)(2) because there have been no new facts or changes in law, and conveniently leaves out the "manifest failure" language in Civil L.R. 7-9(b)(3).

Midjourney does not argue that the Court's motion to dismiss decision amounted to a "manifest failure" to consider material facts previously presented—nor could it. Again, the Court addressed each of Midjourney's arguments regarding trade dress in its order. *See* ECF No. 223 at 23-26. At best, Midjourney simply believes that the Court erred in deciding the issue at the pleadings stage. But "[a] motion for reconsideration is not a vehicle to re-assert arguments already considered and rejected in an earlier order." *Stromberg v. Ocwen Loan Servicing, LLC*, No. 15-cv-04719-JST, 2017 WL 3727233, at *2 (N.D. Cal. Aug. 30, 2017) (citing Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.")).

Furthermore, by styling its motion as an "Administrative Motion" and improperly seeking relief that is not appropriate under Local Rule 7-11, Midjourney imposes an undue burden on Plaintiffs and the Court. Plaintiffs are now required to prepare a response, on an expedited time frame,[2] and with limited pages, to a motion that should never have been filed as an administrative motion in the first place. Allowing such improper motions encourages litigants to abuse the administrative motion process, leading to unnecessary litigation and wasting judicial resources.

### C.    Midjourney's Motion Should Be Stricken as it Violates Civil Local Rule 7-9(c).

In its Motion, Midjourney seeks to rehash arguments already considered and rejected by the Court under the guise of an administrative motion, in violation of Civ. L.R. 7-9(c), which on its face prohibits the repetition of argument that were already raised and resolved in the original motion. Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.").

---

[2] Midjourney's timing of filing its motion appears to have been strategically calculated to impose an unnecessary burden on Plaintiffs by ensuring that counsel would have limited time to prepare a response over the weekend – thus further exacerbating the undue burden caused by the Motion.

**D.   Midjourney's Motion Is an Improper Attempt to Re-Litigate the Motions to Dismiss and Circumvent Plaintiffs' Right to Amend Their Complaint.**

Midjourney's Motion is not only procedurally improper, but also appears to be a deliberate attempt to circumvent the rules and obtain another bite at the apple. This tactic undermines the procedural integrity of the litigation process. Midjourney is plainly using the expedited administrative motion process as a vehicle to delay the litigation and revisit issues that the Court already decided. Midjourney was aware that Plaintiffs did not intend to make any substantive changes to their pleadings and that Plaintiffs want to avoid further Rule 12 briefing regarding any amended complaint. Less than a week after the parties met and conferred, Midjourney filed this Motion requesting "a modified ruling requiring plaintiffs to list all concrete elements of each plaintiff's alleged trade dress in their forthcoming second amended complaint." Motion at 3.

Midjourney's attempt to compel Plaintiffs to amend their complaint and force another round of Rule 12 briefing would delay the case by several more months. The Court should not allow Midjourney to use its backdoor tactic to unnecessarily prolong litigation and force Plaintiffs to engage in another costly and time-consuming cycle of briefing. If Midjourney truly wants to contest the merits of the Court's order, discovery must open to allow the parties to proceed efficiently in this litigation.

**E.   The Court Should Strike or Deny the Motion as Procedurally Improper.**

Courts have inherent authority to manage their docket and should strike or deny motions that unnecessarily complicate proceedings and impose burdens on the parties and the Court. *Ready Transp., Inc*, 627 F.3d at 404. Here, Midjourney's failure to meet and confer, combined with its improper use of the administrative motion process, and non-compliance with the Northern District's Civil Local Rules justify striking or denying the motion.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny or strike Defendant's motion in its entirety. The Court should also lift the discovery stay and set a case management conference.

Dated: September 9, 2024                                     Respectfully submitted,

By:  /s/ *Joseph R. Saveri*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
David Lerch (State Bar No. 229411)
Louis A. Kessler (State Bar No. 243703)
Elissa A. Buchanan (State Bar No. 249996)
Holden Benon (State Bar No. 325847)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                dlerch@saverilawfirm.com
                lkessler@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                hbenon@saverilawfirm.com
                ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:   (612)339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*