CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Samuel Blankenship (339905)
sblankenship@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Arminda Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Amira Perryman
aperryman@cgsh.com (admitted *pro hac vice*)
One Liberty Plaza
New York, NY 10006

Attorneys for Defendant
Midjourney, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO |
| Plaintiffs, | |
| v. | **DEFENDANT MIDJOURNEY, INC'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR CLARIFICATION [ECF 225]** |
| STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation, | |
| Defendants. | Before: Hon. William H. Orrick |

Defendant Midjourney, Inc. ("Midjourney") submits this brief reply in support of its Motion for Clarification (ECF No. 225; the "Motion") of the Court's Order Granting in Part Midjourney's Motion to Dismiss (ECF No. 223; the "Order") in order to correct the record and address certain allegations in plaintiffs' Opposition to the Motion. (ECF No. 225; the "Opposition".)

As an initial matter, the Motion does not violate Local Rule 7-11(a). The portion of the Motion constituting an administrative motion for clarification runs less than four pages, well within the limits set by the Local Rule. (*See* Motion at 1-4.) And the Motion asked the Court to clarify its Order – something no stipulation or meet and confer between the parties could achieve. *See Hansen v. Levy et al.*, Case No. 3:17-cv-03473-WHO, Dkt. No. 138 (N.D. Cal. Oct. 5, 2018) (Orrick, J.) (granting clarification in response to admin. motion (Dkt. No. 137) without declaration re: stipulation).

It is notable that plaintiffs do not address the substance of Midjourney's request for clarification, nor do they provide any argument as to why the clarification sought is inappropriate or unwarranted. Instead, they puzzlingly accuse Midjourney of "seek[ing] to reassert the same arguments it made in its motion to dismiss." (Opposition at 3.) Plaintiffs are mistaken. Midjourney seeks clarification of the Order, which it of course could not have done before the Order issued.

Indeed, plaintiffs spend the bulk of their argument in the Opposition improperly arguing the Motion's request, in the alternative, for leave to file a motion to seek reconsideration. (Opposition at 3-5.) Under Local Rule 7-9(d), "no response need be filed" to such a motion unless the Court "decides to order the filing of additional papers." Midjourney will not respond to these arguments unless and until the Court grants or requests additional briefing on Midjourney's request for leave to file a motion for reconsideration.

Plaintiffs' Opposition demonstrates that plaintiffs have no response to the substance of Midjourney's request, and no explanation for why clarification would not be warranted here. Midjourney respectfully requests the Court to grant its Motion and clarify the Order to clarify the concrete elements of plaintiffs' trade dress.

| | | |
|---|---|---|
| 1 | Dated: September 12, 2024 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |

*/s/ Angela L. Dunning*
Angela L. Dunning (212047)
adunning@cgsh.com