1    [counsel on signature page]

2                    **UNITED STATES DISTRICT COURT**

3                    **NORTHERN DISTRICT OF CALIFORNIA**

4                    **SAN FRANCISCO DIVISION**

5    SARAH ANDERSEN, KARLA ORTIZ,                Case No.  3:23-cv-00201-WHO
     GRZEGORZ RUKOWSKI, GREGORY
6    MANCHESS, GERALD BROM, JINGNA
     ZHANG, JULIA KAYE, ADAM ELLIS;
7                                                **DEFENDANTS' POSITION BRIEF**
         *Individual and Representative*         **REGARDING ESI ORDER AND PROTECTIVE**
8                                                **ORDER**
         *Plaintiffs*,
9
             v.                                  Judge:  Hon. William H. Orrick
10
     STABILITY AI LTD., STABILITIY AI,
11   INC., DEVIANTART, INC.,
     MIDJOURNEY, INC., RUNWAY AI, INC.
12
             Defendants.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Judge Orrick's Order regarding the Parties' Stipulation With Proposed Order Regarding Case Deadlines (ECF 243), Defendants jointly submit this Position Brief seeking entry of: (1) an appropriate order governing discovery of electronically stored information ("ESI") and (2) a protective order governing production of confidential information.  After exchanging multiple drafts and several in-person meet and confers, the Parties could not agree on the form of either document. Defendants now respectfully request that the Court enter their [Proposed] Order Re: Discovery of Electronically Stored Information ("Defendants' Proposed ESI Order") and their [Proposed] Protective Order ("Defendants' Proposed Protective Order"), attached as **Exhibit A** and **Exhibit B**, respectively.  As discussed more fully below, Defendants have closely hewn in both cases to this District's model orders, as required by ¶ 5 of Judge Orrick's Standing Order.  Where Defendants propose deviations from the models, those deviations are discussed below and reflected in the redlines attached as **Exhibit C** and **Exhibit D**, respectively.  **Exhibit C** includes comments identifying Defendants' proposed additions and Defendants' edits to Plaintiffs' proposed additions.  Finally, to aid the Court's review, Defendants have also provided redlines showing the Parties' modest remaining areas of disagreement on the proposed Protective Order (**Exhibit E**), as well as the extraordinary, unjustified deviations Plaintiffs are proposing to the model ESI Order (**Exhibit F**).

## ESI ORDER

Defendants' Proposed ESI Order is guided by the Northern District of California's Model Stipulated Order re: Discovery of Electronically Stored Information for Patent Litigation ("Patent Model ESI Order"), the District's Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation ("Standard Model ESI Order"), relevant case law, and the Court's requirement that "[p]arties who seek a[n] order re: discovery of ESI shall use one of the model stipulated orders … *unless good cause exists to depart from the model order*."  Standing Order ¶ 5 (emphasis added).  Defendants are prepared to abide by the Patent Model ESI Order with no changes, as the highly-technical discovery in this case makes use of the Patent Model ESI Order most appropriate, and the Parties have been negotiating the Protective Order using the Model Protective Order for Litigation Involving Patents.  However, in the interest of compromise Defendants have agreed to use the Standard Model ESI Order.  Defendants have also agreed to certain of Plaintiffs'

deviations from the Standard Model ESI Order subject to a few necessary edits. *See* Ex. A ¶¶ 4 (preservation), 7 (production formats), 8 (phasing), 9 (deduplication), and 13 (model data). Yet, without good cause, Plaintiffs continue to seek extensive modifications that do not appear in either version of the Model ESI Order and that would disproportionately impose burdensome requirements on Defendants that are not warranted or proportional to the needs of this case.

### A.    Defendants' Limited Additions To The Standard Model ESI Order

Defendants' Proposed ESI Order (**Exhibits A, C**) incorporates a few discrete provisions from the Patent Model ESI Order, which are necessary and appropriate given the technical nature of the generative artificial intelligence ("AI") at issue in this lawsuit.

- ¶ **2 (Cost-Shifting)** – Defendants include ¶ 4 of the Patent Model ESI Order, providing that discovery costs may be shifted in appropriate circumstances where necessary to protect against disproportionate ESI production requests.

- ¶ **5 (Search Terms)** – Defendants include ¶¶ 11 and 12 of the Patent Model ESI Order, which proscribe limitations to search terms in order to further protect against disproportionate and abusive discovery requests.

- ¶ **6 (Custodians)** – Defendants include ¶ 10 of the Patent Model ESI Order, which limits the number of custodians per party to five absent the parties' agreement otherwise or a Court Order for good cause. Five custodians is reasonable and proportional both to the small size of each Defendant and the issues to be determined in this case.

Defendants also propose adding language in Paragraph 1 to clarify the scope of potential custodial ESI, including but not limited to emails and other electronic communications and ESI repositories that trace to particular employees. All other deviations Defendants propose from the Standard or Patent Model ESI Orders (**Ex. C** ¶¶ 4, 7–10) are common-sense revisions to Plaintiffs' additions. If the Court is disinclined to approve Plaintiffs' proposed deviations from the Standard Model ESI Order, Defendants' proposed revisions thereto would be moot.

### B.    Plaintiffs' ESI Proposal Should Be Rejected

While Defendants have accepted Plaintiffs' additions to the Standard Model ESI Order where possible, Plaintiffs' other, extensive proposed changes should be rejected as unjustified (*see* **Ex. F**).

**Searches to Identify ESI (Ex. F, Plaintiffs' Proposed ¶¶ 5-6)**. Plaintiffs demand that each Defendant identify 24 custodians whose files will be searched for potentially responsive data. This number—reduced from Plaintiffs' initial demand of 40—is arbitrary and artificially high given that

it was selected without regard for "who the custodians might be or how many (or what type of) responsive documents would be found in the files of the unnamed custodians." *William Morris Endeavor Ent., LLC v. Writers Guild of Am. W., Inc*, 2020 WL 6162797, at *2 (C.D. Cal. June 8, 2020) (refusing to permit plaintiff to impose a set number of custodians because defendants "have the best information to make the initial determination about which (and how many) custodians' files should be searched"). Plaintiffs' demand is also not proportional to the needs of the case given that Defendants are small companies and this demand would include a large portion (if not all) of their employees, including many with no relevant information. Defendants' proposal of five custodians comports with the Patent Model ESI Order, and is more reasonable under the circumstances. Moreover, under Defendants' proposal the Parties may agree to modify this limit with good cause, and, absent agreement, may submit requests for additional custodians to the Court.

For the same reasons, Plaintiffs' proposed procedures and requirements concerning the Parties' search methodologies should likewise be rejected. Plaintiffs' proposal essentially requires pre-approval and validation of any search methodology and ignores that the "responding party is best situated to evaluate procedures, methodologies, and technologies appropriate for preserving and producing their own ESI." *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) (citing The Sedona Principles, Third Edition, 19 SEDONA CONF. J. 1 (2018)). The Standard Model ESI Order requires the Parties to meet and confer regarding methods to search ESI, and Defendants will do so. But Plaintiffs overstep by attempting to dictate the terms of this process with overly-detailed and burdensome requirements for which there is no good cause and without knowing whether such procedures or requirements would be necessary here to alleviate unknown concerns. Plaintiffs' validation provisions in ¶ 5(e) also go far beyond the requirements of the Model Orders and effectively require the Parties to share privileged information regarding document review protocols and the minutiae of quality-control procedures.

**Production Requirements (Ex. F, Plaintiffs' Proposed ¶¶ 10-13 and Appendices A-B)**. Many of Plaintiffs' proposed production parameters impose obligations far in excess of those required by the Federal Rules, Local Rules, or any other governing rule or requirement. Plaintiffs have not identified any good cause to impose excessively burdensome requirements concerning the production

of embedded documents, hyperlinks, and structured data.  For example, Plaintiffs would require that Defendants extract documents from any hyperlinks that appear in any document or communication and produce them in native format with metadata connecting them to the document or communication in which they appear.  Courts recognize that "hyperlinked documents [should not be] treated as conventional attachments for purposes of preserving a 'family' relationship in production." *In re Meta Pixel Healthcare Litig.*, 2023 WL 4361131 at *1 (N.D. Cal. 2023).  Plaintiffs' proposal would also require multiple manual processes to be employed for every hyperlink irrespective of whether it bears any relevance to the case, which would needlessly impose significant burden and amplify the costs of discovery.  *See, e.g., Shenwick v. Twitter*, 2018 WL 5735176 at *1 (N.D. Cal. Sept. 17, 2018) (acknowledging greater burden associated with collecting documents referenced in hyperlinks, given that a hyperlink is "an evolving document" and collection of them "requires a multi-step process by a human being").  Plaintiffs—through their proposed ¶ 12—would also require Defendants to provide unfettered access to their IT infrastructure with no specific showing of burden, need, or proportionality as long as the parties do not reach resolution in a manner Plaintiffs unilaterally deem appropriate.  Plaintiffs identify no rationale, let alone good cause, for embedding such  requirements into an ESI protocol.

Similarly, Plaintiffs' proposed Appendices A and B impose onerous technical specifications, none of which are required by the Standard or Patent Model ESI Orders.  Plaintiffs also demand several unnecessary metadata fields.  For example, Plaintiffs would require identification of the "source" for all non-custodial materials produced—metadata that would have to be manually created for each document—and "all file paths" for every de-duplicated document—which is technically onerous and highly likely to result in computational error.  There is no good cause to require the production of such extraneous information, especially given the extensive metadata Defendants have agreed to provide.  *See* Ex. A, Appendix A.  Plaintiffs will have ample information to ascertain custodians, authors, senders, recipients, dates and times documents were created and communications were sent, and family relationships between documents.  Nothing more is necessary or relevant.

**Privilege Logs (Ex. F, Plaintiffs' Proposed ¶¶ 14–15).**  Plaintiffs have proposed a lengthy, burdensome set of privilege log requirements found nowhere in either Model ESI order, the Federal

Rules, or applicable Ninth Circuit precedent.  Nor have they articulated a basis, let alone good cause, for including these requirements which go to *all* materials produced in an order directed at the collection and production of ESI.  In the interest of compromise, Defendants have proposed language committing to production of a privilege log.

For these reasons, Defendants respectfully request that the Court enter Defendants' Proposed ESI Order (**Exhibit A**) to govern the collection and production of ESI in this case, and reject the version proposed by Plaintiffs, which largely ignores the Model Orders and would impose significant burden and expense without justification.  Alternatively, it would be appropriate to enter the Patent Model ESI Order as written.  Defendants are prepared to provide more fulsome briefing on this issue to the extent the Court would find it helpful.

### **PROTECTIVE ORDER**

The only provision that remains in dispute in the Protective Order pertains to the definition of "Highly Confidential – Source Code" in **¶ 2.9**.  (See **Ex. E** (redline of Plaintiffs' further proposed changes to stipulated provisions).  Plaintiffs would limit Source Code to only "computer code."  But there is no good cause to narrow the protections afforded in the Patent Model Protective Order, which defines Source Code to include not just "computer code" but also any "associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs."  Plaintiffs claim (without explanation) that the Patent Model Protective Order's definition is too broad, but this unsupported argument does not justify deviation from the approved definition that is routinely used in this District not just in patent cases but in other complex technical cases such as this.  For this reason, Defendants request that the Court enter the proposed protective order attached as **Exhibit B**.

Date:  December 9, 2024

By:  */s/ Andrew M. Gass*

Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Email: andrew.gass@lw.com
         michael.rubin@lw.com
         brittany.lovejoy@lw.com

*Counsel for Defendant DeviantArt, Inc*

By:  */s/ Timothy Chen Saulsbury*

Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
         econnolly@mofo.com
         tcheung@mofo.com
         tsaulsbury@mofo.com

Laura Gilbert Remus
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: abennett@mofo.com
         lremus@mofo.com

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and*
*Stability AI, Inc.*

1

By: */s/ Angela L. Dunning*

2

3    Angela Dunning (SBN 212047)
     Samuel Blankenship (SBN 339905)
4    Kimberly Bittinger (SBN forthcoming)
     **CLEARY GOTTLIEB STEEN &**
5    **HAMILTON LLP**
     1841 Page Mill Road, Suite 250
6    Palo Alto, CA 94304-1248
     Telephone: (650) 815-4131
7    Email: adunning@cgsh.com
             sblankenship@cgsh.com
8            kbittinger@cgsh.com

9    Arminda B. Bepko (*pro hac vice*)
10   Amira Perryman (*pro hac vice*)
     **CLEARY GOTTLIEB STEEN &**
11   **HAMILTON LLP**
     One Liberty Plaza
12   New York, NY 10006
     Telephone: (212) 225-2517
13   Email: abepko@cgsh.com
             aperryman@cgsh.com
14

15   *Counsel for Defendant Midjourney,*
16   *Inc.*

17

18   By: *Paven Malhotra*

19   David Jason Silbert
     Paven Malhotra
20   Bailey Wilson Heaps
     Julia Leigh Greenberg
21   Luke P. Apfeld
22   **KEKER VAN NEST & PETERS**
     **LLP**
23   633 Battery Street
     San Francisco, California 94111-1809
24   Telephone: (415) 391-5400
     Email: dsilbert@keker.com
25           pmalhotra@keker.com
26           bheaps@keker.com
             jgreenberg@keker.com
27           lapfeld@keker.com

28   *Counsel for Defendant Runway AI, Inc.*

---

7

DEFENDANTS' POSITION BRIEF
REGARDING ESI ORDER AND PROTECTIVE ORDER
CASE NO. 3:23-CV-00201-WHO

| | |
|---|---|
| 1 | **ATTESTATION PURSUANT TO CIVIL L.R. 5-1** |
| 2 | The filer attests that the other signatories listed, on whose behalf the filing is also submitted, |
| 3 | are registered CM/ECF filers and concur in the filing's content and have authorized the filing. |
| 4 | |
| 5 | Dated:  December 9, 2024 |
| 6 | |
| 7 | |

Dated:  December 9, 2024                                          */s/ Angela L. Dunning*
                                                                                      Angela L. Dunning