[Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUTKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS;<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC.<br><br>*Defendants*. | Case No. 3:23-cv-00201-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Hearing Date: December 17, 2024<br>Time: 2:00 PM<br>Place: via Zoom<br>Judge: Hon. William H. Orrick |

Pursuant to Civil Local Rule 16-9, the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Court's October 29, 2024, Order scheduling a Further Case Management Conference (Dkt. 240), counsel for Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, Adam Ellis, and the proposed class (together, "Plaintiffs") and Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"), Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") respectfully submit this Joint Case Management Statement in advance of the Case Management Conference on December 17, 2024.

**1.   Jurisdiction and Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as this action alleges violations of the U.S. Copyright Act (17 U.S.C. § 501). All parties have been served.

**2.   Facts**

**Plaintiffs' Statement**

The Second Amended Complaint ("SAC") (Dkt. 238) includes one count of direct copyright infringement each against Defendants Stability AI, DeviantArt, and Runway; one count of inducement of copyright infringement each against Stability AI and Runway; two counts of direct copyright infringement against Midjourney; one count of false endorsement under the Lanham Act against Midjourney; and one count of vicarious trade-dress violation under the Lanham Act against Midjourney.[1]

Plaintiffs are artists who own copyrights in Works allegedly used to train Defendants' image-text generative AI models, including the Stable Diffusion models, Runway models, the Deviant Art DreamUp–CompVis Model, and the Midjourney models, ("Defendants' Models") that underpin Defendants' generative AI image products. The SAC alleges that each Defendant copied Plaintiffs' registered Works to train (i.e., the process by which an Artificial Intelligence ("AI") program can compress and store training images in order to generate outputs in response to prompts) Defendants'

---

[1] Pursuant to the Court's August 12, 2023 Order granting in part and denying in part Defendants' motions to dismiss Plaintiffs' First Amended Complaint, (Dkt. 223), and Plaintiffs' Notice of Voluntary Dismissal, (Dkt. 241), the claims alleging Digital Millennium Copyright Act violations have been dismissed.

Models in violation of the Copyright Act, 17 U.S.C. § 501. Further, the SAC alleges that Defendants' Models have the ability to reproduce identical or near-identical facsimiles of training images. The SAC additionally contains allegations demonstrating that Defendants Stability AI and Runway are liable for inducing others to infringe Plaintiffs' copyrights because Stable Diffusion was designed to facilitate—and has facilitated—infringement by other parties. Finally, the SAC alleges that Defendant Midjourney is liable for violations of the Lanham Act, 15 U.S.C. § 1125(a) because its use of the Midjourney Named Plaintiffs' protected marks is likely to cause consumer confusion and because its models were designed to imitate the Midjourney Named Plaintiffs' trade dress with the intent to cause confusion, mistake or deception.

**Defendants' Statements**

In the interests of brevity and to comply with the page limit set forth in the Standing Order for All Judges of the Northern District of California, Defendants incorporate by reference their Statements of Facts from the October 22, 2024 Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary. *See* Dkt. 235 at 3-6.

3.   **Legal Issues**

**Plaintiffs' Statement**

The legal and factual issues at the core of this case are whether Defendants' unlawful conduct has violated the Copyright Act, 17 U.S.C. § 501, *et seq*., and the Lanham Act, 15 U.S.C. § 1051, *et seq*. Plaintiffs anticipate that Defendants will rely on a fair use defense, but Defendants will not be able to carry their burden to prove fair use.

There are numerous other questions of law or fact common to the class, and those issues predominate over any question affecting individual class members. *See* Section 9, *infra*.

**Defendants' Statements**

In the interests of brevity and to comply with the page limit set forth in the Standing Order for All Judges of the Northern District of California, Defendants incorporate by reference their Statements of Legal Issues from the October 22, 2024 Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary. *See* Dkt. 235 at 6-8.

**4.    Motions**

There are no motions pending at this time. Rather, the parties submitted briefs regarding the ESI Protocol and Protective Order on December 9, 2024, which are currently before the Court.

As noted in Section 8 (Discovery) below, Plaintiffs anticipate seeking stipulated protocols addressing depositions, and experts.

The parties hope to resolve discovery disputes without judicial intervention but anticipate that discovery motions may be necessary. The parties also anticipate Plaintiffs will file a motion for class certification under Rule 23, which Defendants intend to oppose. The parties also anticipate filing motions for summary judgment or adjudication under Rule 56.

**5.    Amendment of Pleadings**

**Plaintiffs' Statement**

Plaintiffs have filed a Second Amended Complaint ("SAC") pursuant to the Court's Order on Defendants' motions to dismiss (Dkt. 223). They have not made substantive modifications that would invite further Rule 12 briefing, but rather clarified allegations and corrected typographical errors in the SAC.

This Court previously dismissed Plaintiffs' DMCA claim, following Judge Tigar's decision in *Doe 1 v. GitHub, Inc.*, No 22-cv-06823-JST, 2024 235217, at *8 (N.D. Cal. Jan. 22, 2024), which held that claims under Section 1202(b) of the DMCA require that copies of work from which CMI is removed or altered include an element of "identicality." Judge Tigar has certified that question for interlocutory appeal to the Ninth Circuit. *Doe 1 v. GitHub, Inc.*, No. 22-cv-06823-JST, 2024 WL 4336532 (N.D. Cal. Sep. 27, 2024). To preserve their right to ask the Court to reconsider its decision dismissing Plaintiffs' DMCA claims should the Ninth Circuit determine that "identicality" is not an element of a Section 1202(b) claim, Plaintiffs have included the claims in their SAC, but have voluntarily dismissed those claims pursuant to Plaintiffs' Notice of Voluntary Dismissal, (Dkt. 241).

**Defendants' Statement**

The Court dismissed Plaintiffs' DMCA claims with prejudice on August 12, 2024. *See* Dkt. 223. In the October 22, 2024 Joint Case Management Statement and Rule 26(f) Report, Defendants stated that if Plaintiffs "later seek reconsideration of the Court's dismissal of their DMCA claims, Defendants

will not oppose that motion on the ground that Plaintiffs abandoned their DMCA claims by not repleading them in a [Second Amended Complaint], but reserve the right to oppose reconsideration on all other grounds." *See* Dkt. 235 at 9. In the same Joint Statement, Plaintiffs stated that they would not "add claims or make substantive modifications" that would "invite further Rule 12 briefing" in a Second Amended Complaint. *See id.* at 8.

Nevertheless, on October 31, 2024, Plaintiffs repleaded DMCA claims in their Second Amended Complaint. *See* Dkt. 238 at 61, 68, 78. Because adding such claims back into the lawsuit would "invite further Rule 12 briefing," *see* Dkt. 235 at 8, Defendants requested that Plaintiffs file a corrected complaint. Plaintiffs refused. Instead, on November 21, 2024, Plaintiffs voluntarily dismissed the repleaded, already-dismissed DMCA claims "with prejudice." *See* Dkt. 241.

In spite of Plaintiffs' three-week delay, Defendants answered the Second Amended Complaint, as modified by Plaintiffs' voluntary dismissal, on December 6, 2024. *See* Dkts. 244 (Stability AI), 245 (Runway), 246 (Midjourney), 247 (DeviantArt).

**6. Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) on October 8, 2024, regarding preservation of evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. In addition, the parties' respective proposed ESI Protocols reiterate the parties' preservation obligations.

**7. Disclosures**

Plaintiffs and Defendants have served their Federal Rule of Civil Procedure 26(a) initial disclosures. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

**8. Discovery**

   a. **Scope of Discovery**

The parties agree that discovery is governed by the Federal Rules of Civil Procedure. The parties will meet and confer on any discovery disputes that may arise in an effort to resolve them without court intervention. The parties agree to electronic service. Discovery is currently underway, with each party

having served discovery requests. The parties are unaware of any specific concerns regarding the scope of discovery but are prepared to continue to meet and confer on this topic.

**Plaintiffs' Statement:**

Plaintiffs already have requested or anticipate requesting documents and eliciting testimony from Defendants regarding, among other things: the development and training of Defendants' Models; the training data for Defendants' Models; Defendants' copying of the LAION-400 and LAION-5B datasets, and Defendants' general awareness of, and policies about, using copyrighted materials and/or pirated libraries in training data; sources of funding for the development of Defendants' Models; financial market and profitability of Defendants' Models; licensing deals and negotiations for training data; knowledge of, and participation within, the AI training data market; Defendants' protocols for weighting, filtering, or modifying Models; any style lists, showcases, or mechanisms that allow for searching and manipulation of outputs using Plaintiffs' names. This list is not exhaustive and Plaintiffs reserve all rights to update, add, or amend this list as additional information becomes available.

**Defendants' Statement:**

Discovery should be governed by the Federal Rules of Civil Procedure, the Civil Local Rules, and the Court's Standing Order for Civil Cases.

In the interests of brevity and to comply with the page limit set forth in the Standing Order for All Judges of the Northern District of California, Defendants incorporate by reference their Statements regarding the non-exhaustive lists of subjects of discovery Defendants intend to seek from Plaintiffs, reserving all rights to expand upon them as the case progresses. *See* Dkt. 235 at 10-11 (All Defendants), 11 (Midjourney).

Defendants note that Plaintiffs improperly served discovery on November 11 and 12, 2024, which was before the discovery stay was lifted.[2] Nevertheless, Defendants will treat Plaintiffs' discovery requests as effectively served on November 21, 2024 and respond within 30 days of that date.

---

[2] Discovery opened on November 21, 2024. On October 29, 2024, the Court ordered that the discovery stay would be lifted "[a]ssuming that the expected Second Amended Complaint . . . does not add claims or otherwise expand the scope of the case." *See* Dkt. 240. On October 31, 2024, however, Plaintiffs served a Second Amended Complaint that added the DMCA claims this Court had already dismissed with prejudice. *See* Dkt. 238. The stay therefore only lifted when Plaintiffs finally "voluntarily

### b. Completion of Discovery

The close of fact discovery is on March 13, 2026. The close of expert discovery is on July 17, 2026.

### c. Discovery Limitations

The parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure.

**Plaintiffs' Statement:** Given the nature of the legal and factual issues in this case, Plaintiffs believe that expansion of the discovery limits as set forth in the Federal Rules of Civil Procedure will be necessary in this case. Plaintiffs have conferred with Defendants regarding the likelihood they will require expansion of the number of depositions and interrogatories and believe it is premature to limit the number of depositions and interrogatories.

Plaintiffs seek to have a protocol established for depositions and an inspection protocol for training data Plaintiffs also seek an expert discovery order.

**Defendants' Statement:** Defendants do not believe that the total number of interrogatories and depositions should exceed the applicable limits under the Federal Rules. Plaintiffs have not identified any reason for deviating from the default limits. Plaintiffs have not shared any additional protocols they seek but Defendants are willing to consider any such protocol.

### d. Preservation and Production of Electronically Stored Information

**Plaintiffs' Statement:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiffs provided Defendants with a draft ESI Protocol on October 8, 2024. On October 11, 2024, Defendants requested that Plaintiffs send their proposed stipulation in the form of tracked changes in the model N.D. Cal., which Plaintiffs sent that same day. Defendants did not provide a draft of the ESI Protocol until December 4, 2024, after prompting from Plaintiffs—which was redlined against the model patent order. Plaintiffs sent a new draft ESI protocol redlined against Defendants' draft the next day, on December 5, prior to the Parties' meet and confer. After meeting and conferring on December 6, 2024, Plaintiffs sent another draft ESI

---

dismissed" their repleaded DMCA claims from the Second Amended Complaint on November 21, 2024. *See* Dkt. 241.

1  Protocol that same day with modifications based on our conversation. Plaintiffs did not receive a draft
2  from Defendants until early on December 9, 2024—this time based off of the standard model order.
3  After meeting and conferring again at 10:00 PST on December 9, 2024, the parties were unable to come
4  to an agreement on the ESI Protocol. On that call, Defendants did not indicate which version of the ESI
5  Protocol it intended to file with the court—the version redlined against the model patent order or the
6  version redlined against the standard model order. Plaintiffs sent their final ESI protocol proposal with
7  modifications based on our conversation at 11:48am PST. Defendants did not send their operative
8  version of the ESI Protocol to Plaintiffs until 5:40PM PST on the filing date, leaving Plaintiffs very
9  limited time to review prior to filing our briefs.

**Defendants' Statement:**

The parties have not come to an agreement on an Electronically Stored Information Protocol ("ESI Protocol") and accordingly filed briefs on this issue with the Court on December 9, 2024.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiffs provided Defendants with a draft ESI Protocol on October 8, 2024. Plaintiffs' draft deviated significantly from any of the model stipulated orders in this District, creating unnecessary work among Defendants to propose revisions that comply with the spirit of the Court's Standing Order for Civil Cases, which states that parties "shall use one of the model stipulated orders" available on the Northern District of California's website. On October 11, 2024, Defendants responded to Plaintiffs by noting this Court's Standing Order for Civil Cases and requested that Plaintiffs send redlines reflecting their proposed stipulation against a Northern District model, which Plaintiffs sent that same day. Defendants provided their draft, which is based on the Northern District's Model Stipulated Order Re: Discovery of Electronically Stored Info (Patent Cases), on December 4, 2024. After meeting and conferring on December 6, 2024, the parties exchanged new draft ESI Protocols with modifications, in an effort to compromise, based on the Parties' conversations. After meeting and conferring again on December 9, 2024, the parties were unable to come to an agreement on the ESI Protocol.

       e. **Protective Order**

**Plaintiffs' Statement:**

Plaintiffs provided Defendants with a draft Protective Order on October 8, 2024. On October 11, 2024, Defendants requested that Plaintiffs send their proposed stipulation in the form of tracked changes in the model N.D. Cal. which Plaintiffs sent that same day. Defendants did not provide a draft of the Protective Order until December 2, 2024 after prompting from Plaintiffs. After meeting and conferring on December 9, 2024, the parties significantly narrowed the scope of disagreement on the Protective Order, but remained at impasse only as to the definition of "Source Code." The Parties have accordingly filed briefs on this issue with the Court.

**Defendants' Statement:**

The parties have not come to an agreement on the Protective Order and accordingly filed briefs on this issue with the Court on December 9, 2024. Plaintiffs provided Defendants with a draft Protective Order on October 8, 2024. Plaintiffs' draft deviated significantly from the model stipulated order in this District, creating unnecessary work among Defendants to propose revisions that comply with the spirit of the Court's Standing Order for Civil Cases, which states that parties "shall use one of the model stipulated orders" available on the Northern District of California's website. On October 11, 2024, Defendants responded to Plaintiffs by noting this Court's Standing Order for Civil Cases and requested that Plaintiffs send redlines reflecting their proposed stipulation against the Northern District model, which Plaintiffs sent that same day. Defendants provided their draft, which is based on the Northern District model, on December 2, 2024. After the meeting and conferring on December 6, 2024, Plaintiffs responded to Defendants' draft. After the parties met and conferred again on December 9, 2024, the parties were unable to come to an agreement on the Protective Order.

       f. **Privilege**

Privilege issues, including privilege logging, are addressed in Plaintiffs' proposed ESI Protocol. Plaintiffs' proposed Protective Order incorporates a Rule 502(d) agreement governing the inadvertent production of privileged materials. Defendants believe that the Federal Rules of Civil Procedure and caselaw adequately set forth the requirements for privilege logs, such that Plaintiffs' proposed language for the Protective Order is unnecessary. Defendants' proposed Protective Order incorporates a Rule

502(d) agreement stating that inadvertent production of privilege material shall not constitute a waiver of that privilege or other protection. Defendants will comply with the applicable statutory and caselaw requirements.

### g. Deposition Logistics

The parties will meet and confer in good faith regarding a protocol for conducting in-person and hybrid depositions. The parties expect that in-person depositions of witnesses located in the United States and under the control of parties to the litigation will be conducted in the Northern District of California or elsewhere in the United States. The parties agree to meet and confer should any disputes arise as to location of depositions and/or use of remote depositions. The parties believe that a deposition protocol is appropriate to set mutually agreed upon guidelines for depositions in this case.

### h. Discovery Issues and Potential Disputes

The parties have not identified any specific discovery disputes and are prepared to meet and confer on any discovery disputes that may arise. The parties will resolve any potential disputes regarding the stipulated privilege protocol in accordance with the Court's standing orders.

### i. Narrowing of Issues

No issues have yet been narrowed by agreement or by motion. The parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change. Given the challenges of navigating joint or simultaneous submissions with multiple parties, *see* ¶¶ 8(d), (e), and the considerable impact late filings have on the quality of life of support staff, Plaintiffs request that the Court issue an order regarding simultaneous/joint submissions, requiring that the Parties: (a) simultaneously exchange drafts/inserts by 5:00pm PT two days before filing; (b) exchange final substantive edits at 1:00pm PT the day of filing; and (c) file their submissions by 5:00pm PT the day of filing, absent extenuating circumstances.

## 9. Class Action

This case is a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:** Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the

exclusive control of Defendant. Upon information and belief, Plaintiffs believe and allege that the number of class members is in the millions. Plaintiffs allege that, like all class members, their copyright-protected Works were used to train Defendants' Models. Plaintiffs allege all members of the class have been similarly injured by Defendants' conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and that those issues predominate over any question affecting only individual class members. These common legal and factual issues include: whether Defendants violated the copyrights of Plaintiffs and the class when it downloaded copies of Plaintiffs' copyrighted Works and used them to train Defendants' models; whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein, and the appropriate scope of that injunction; whether Defendant Midjourney misappropriated Plaintiffs and Class members' trade dress by generating images imitating the trade dress of Plaintiffs and Class members; whether Defendant Midjourney caused confusion about Plaintiffs and Class members' endorsement of, or affiliation with, the Midjourney product; whether any affirmative defense (including fair use) excuses Defendants' conduct; and the amount of damages.

**Defendants' Statement:**

This action should not be certified as a class action. Defendants are aware of no facts showing that Plaintiffs are entitled to maintain this action under Federal Rule of Civil Procedure 23(a) and (b). Defendants intend to oppose any motion for any class certification at the appropriate time.

**10.     Related Cases**

The parties are aware of one additional case brought on behalf of artists with registered copyrights involving certain Defendants' Models: *Getty Images (US), Inc. v. Stability AI, Inc.*, No. 1:23-cv-00135 (D. Del. filed Feb. 6, 2023).

Defendants deny that this is a related case within the meaning of Local Rule 3-12.

**11.     Relief**

**Plaintiffs' Statement:** Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505, 15 U.S.C. § 1117, or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-

judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after January 13, 2023, the date the Complaint was first served on Midjourney, Stability AI, and DeviantArt, and November 29, 2023, the date the FAC was first served on Runway.

**Defendants' Statement:**

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants do not seek relief at this time other than attorneys' fees and costs if they prevail.

**12.  Settlement and ADR**

ADR Certifications pursuant to ADR Local R. 3-5(b) were filed by Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang on May 9, 2024 (Dkts. 200-206) and by Plaintiffs Andersen, and Ortiz on August 16, 2023 (Dkts. 98-103). Defendant Stability AI filed its certification on September 12, 2023 (Dkt. 109) and Defendant DeviantArt filed its certification on August 29, 2023 (Dkt. 106). Defendant Runway filed its certification on October 15, 2024 (Dkt. 233). Defendant Midjourney filed its certification on October 21, 2024 (Dkt. 234). The parties continue to meet and confer on an ADR plan.

**13.  Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time. The parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

**14.  Narrowing of Issues**

Since the Court granted in part Defendants' motions to dismiss, which dismissed certain claims with prejudice, no other issues have been narrowed by agreement or by motion.

**15.  Scheduling**

   **a.  Expedited Trial Procedures**

The parties agree that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

   **b.  Case Schedule**

The Court adopted the parties' stipulated schedule through the Replies in support of the First Round Motions. The Court set the hearings for Motions for Class Certification and Summary Judgment

1  on November 4, 2026 at 2:00 pm, the Pretrial Conference on March 1, 2027 at 2:00 pm, and Trial on
2  April 5, 2027 at 8:30am. The schedule as adopted by the Court is shown in **Exhibit A**.

3  **16.   Trial**

4  The case will be tried before a jury. Trial has been set for April 2, 2027 at 8:30am (Dkt. 240).
5  Plaintiffs anticipate a 14-day trial. Defendants believe it is premature to estimate the length of trial at
6  this time.

7  **17.   Disclosure of Non-Party Interested Entities or Persons**

8  Plaintiffs Andersen, and Ortiz filed a Certification of Interested Entities or Persons on January 20,
9  2023 (Dkt. 9). Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang will file their Certification
10 of Interested Entities or Persons concurrently with the SAC. Certifications of Interested Entities or
11 Persons were filed by DeviantArt on February 6, 2023 (Dkt. 34); Midjourney on February 23, 2023
12 (Dkt. 48); Stability AI on April 18, 2023 (Dkts. 56-57); and Runway on January 10, 2024 (Dkt. 150).

13 **18.   Professional Conduct**

14 All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for
15 the Northern District of California.

16 **19.   Other Matters**

17 The parties are not presently aware of other matters that may facilitate the resolution of these
18 cases.

Dated: December 10, 2024

Respectfully submitted,

By: /s/*Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan Creutz (SBN 349728)
David Lerch (SBN 229411)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com
           cyoung@saverilawfirm.com
           eabuchanan@saverilawfirm.com
           ecreutz@saverilawfirm.com
           dlerch@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:  (612)339-0981
Email:   bdclark@locklaw.com
           lmmatson@locklaw.com
           aswagner@locklaw.com
           echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

| | | |
|---|---|---|
| 1 | Dated: December 10, 2024 | Respectfully Submitted, |
| 2 | | By:  /s/ Andrew M. Gass |
| 3 | | |
| 4 | | Andrew M. Gass (SBN 259694)<br>Michael H. Rubin (SBN 214636) |
| 5 | | Brittany N. Lovejoy (SBN 286813)<br>**LATHAM & WATKINS LLP** |
| 6 | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538 |
| 7 | | Telephone: (415) 391-0600<br>Email: andrew.gass@lw.com |
| 8 | | michael.rubin@lw.com<br>brittany.lovejoy@lw.com |
| 9 | | |
| 10 | | *Counsel for Defendant DeviantArt, Inc.* |
| 11 | | |
| 12 | Dated: December 10, 2024 | Respectfully Submitted, |
| 13 | | By:  /s/Joseph Charles Gratz |
| 14 | | Joseph Charles Gratz |
| 15 | | Eoin Paul Connolly<br>Tiffany Cheung |
| 16 | | Timothy Chen Saulsbury<br>**MORRISON & FOERSTER LLP** |
| 17 | | 425 Market Street |
| 18 | | San Francisco, California 94105<br>Telephone: (415) 268-7000 |
| 19 | | Email: jgratz@mofo.com<br>econnolly@mofo.com |
| 20 | | tcheung@mofo.com<br>tsaulsbury@mofo.com |
| 21 | | |
| 22 | | Laura Gilbert Remus<br>**MORRISON & FOERSTER LLP** |
| 23 | | 707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543 |
| 24 | | Telephone: (213) 892-5200 |
| 25 | | Email: abennett@mofo.com<br>lremus@mofo.com |
| 26 | | |
| 27 | | Aditya Vijay Kamdar<br>**MORRISON & FOERSTER LLP** |
| 28 | | 2100 L Street NW, Suite 900<br>Washington, DC 20037<br>Telephone: (202) 887-1500 |

|   |   |
|---|---|
| | Email: akamdar@mofo.com |
| | Mark Alan Lemley |
| | **LEX LUMINA PLLC** |
| | 745 Fifth Avenue, Suite 500 |
| | New York, NY 10151 |
| | Telephone: (646) 906-8657 |
| | Email: mlemley@lex-lumina.com |
| | *Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.* |
| Dated: December 10, 2024 | Respectfully Submitted, |
| | By: /s/ *Angela Dunning* |
| | Angela Dunning |
| | Sam Blankenship |
| | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| | 1841 Page Mill Road, Suite 250 |
| | Palo Alto, CA 94304-1248 |
| | Telephone: (650) 815-4131 |
| | Email: adunning@cgsh.com |
| | sblankenship@cgsh.com |
| | Amira Perryman |
| | Arminda B. Bepko |
| | Vishakha Joshi |
| | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| | One Liberty Plaza |
| | New York, NY 10006 |
| | Telephone: (212) 225-2517 |
| | Email: aperryman@cgsh.com |
| | abepko@cgsh.com |
| | vjoshi@cgsh.com |
| | *Counsel for Defendant Midjourney, Inc.* |

Dated: December 10, 2024                                         Respectfully Submitted,

                                                             By: */s/ David Jason Silbert*

                                                    David Jason Silbert
                                                    Paven Malhotra
                                                    Bailey Wilson Heaps
                                                    Julia Leigh Greenberg
                                                    Luke P. Apfeld
                                                    **KEKER VAN NEST & PETERS LLP**
                                                    633 Battery Street
                                                   San Francisco, California 94111-1809
                                                   Telephone: (415) 391-5400
                                                   Email: dsilbert@keker.com
                                                               pmalhotra@keker.com
                                                               bheaps@keker.com
                                                               jgreenberg@keker.com
                                                               lapfeld@keker.com

                                                  *Counsel for Defendant Runway AI, Inc.*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: December 10, 2024                        */s/ Joseph R. Saveri*
                                                Joseph R. Saveri