# Exhibit A

[Counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC;<br>*Defendants.* | Case No. 3:23-cv-00201-WHO<br><br>**STIPULATED [PROPOSED] ORDER ENTERING DEPOSITION PROTOCOL**<br><br>Judge: William H. Orrick |

IT IS HEREBY ORDERED as follows:

This Deposition Protocol ("Protocol") may be modified at any time by agreement of the Parties or by order of the Court. Depositions shall not commence unless and until the Protocol is ordered by the Court or otherwise agreed to by the Parties.

## I. DEFINITIONS

1. "Attending Counsel" shall mean any legal counsel, other than Deposing Counsel and Defending Counsel for a Party or Non-Party, that is attending a Deposition noticed and taken pursuant to this order.

2. "Court Reporter" shall mean an individual retained by the Party or Parties taking a Deposition pursuant to this order to transcribe the Deposition taken pursuant to this order and who is authorized to administer oaths either by federal or state law.

3. "Deposition" shall mean any oral examination taken pursuant to Fed. R. Civ. P. 30, Fed. R. Civ. P. 45, or any court order in this Litigation.

4. "Deposing Counsel" shall mean the legal counsel of the Party or Parties who actually examine(s) the witness during the Deposition pursuant to this order.

5. "Defending Counsel" shall mean the legal counsel of the Party, Parties, Non-Party, or Non-Parties being deposed pursuant to this Order who is principally defending the Deposition. In the case of a deponent who is represented by personal and House Counsel for the purpose of his or her Deposition, both personal and House Counsel shall be treated as "Defending Counsel" under this order. Legal counsel for any Party who is a current or former employer of the deponent shall also be deemed Defending Counsel.

6. "Document" shall have the broadest possible meaning consistent with Fed. R. Civ. P. 34, Fed. R. Evid. 1001, and Fed. R. Evid. 1006, and explicitly includes Hard Copy Documents, ESI, and Summary Exhibits.

7. "Electronically Stored Information" and "ESI" shall have its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and explicitly includes all electronically stored information produced by any Party or Non-Party in this Litigation. This

protocol does not replace or supersede the ESI Protocol or Protective Order entered by the Court in this Litigation.

8. "Exhibit" shall mean any Document or ESI that is marked as an Exhibit at a Deposition.

9. "House Counsel" shall mean attorneys who are employees of a Party to this action.

10. "Litigation" shall mean *Andersen et al. v. Stability AI et al.*, 3:23-cv-00201-WHO (LJC) (N.D. Cal.), and any matter consolidated with or deemed related to this matter by this Court.

11. "Non-Parties" shall mean persons or entities who are not a Party to this Litigation.

12. "Noticing Party" and "Noticing Counsel" shall mean, respectively, the Party and its legal counsel who notice the Deposition of a witness pursuant to this Order.

13. "Parties" or "Party" shall mean any plaintiff or any defendant in this case, or any of their current and/or former employees, executives, officers, and/or directors.

14. "Remote Deposition" means a Deposition conducted using a platform as agreed to under this Protocol that allows for the deponent, Attending Counsel, Deposing Counsel, Defending Counsel, the Court Reporter, and/or the videographer to participate in a Deposition without all attending the Deposition in person, or any other means to which the Deposing Counsel, Defending Counsel, and Attending Counsel agree.

II. **MODIFICATION AND SCOPE**

15. Nothing in this Protocol shall be construed to limit or restrict the Parties' ability to modify, expand, or adjust any provision, including but not limited to temporal, numerical, or procedural limitations, either by mutual written agreement of all Parties or by order of the Court. The Parties expressly preserve their rights to seek modifications of any aspect of this Protocol upon showing good cause, and nothing herein shall prejudice any Party's right to seek such modifications. This Protocol establishes baseline requirements and procedures; it sets floors, not ceilings, for discovery obligations and cooperation between the Parties.

### III. APPLICABILITY AND GENERAL PRINCIPLES

16. This Protocol shall govern all Depositions in this case, unless otherwise agreed to by the Parties. It is intended to allow the Parties to conduct Deposition discovery in an effective manner, balancing the efficiency and cost-savings of Remote Depositions with the benefits of in-person attendance at Depositions.

17. Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure; the Local Rules of the Northern District of California, the General Orders of the Northern District of California; Judge Orrick's Standing Order for Civil Cases; and the Standing Order for Magistrate Judge Lisa J. Cisneros. Nothing in this Protocol is intended or shall be construed to alter or supersede any protective, confidentiality, or clawback order, or any order regarding the preservation, collection, or production of ESI and paper documents entered by the Court in this matter.

18. Consistent with Local Rule 30-1, the Parties shall meet and confer in advance of noticing any Depositions. Unless otherwise agreed by the witness and the Noticing Counsel, Depositions shall be noticed and taken in person within 100 miles of the residence of the deponent. The Parties will make every effort to consider the convenience of the deponent and counsel.

19. The Court and counsel recognize that certain witnesses or attorneys may prefer or need to proceed with Remote Depositions. Subject to the meet and confer requirement in paragraph 18, any Party may notice a Remote Deposition by stating its intention to take a Deposition by remote means in its original or amended notice of Deposition by oral examination pursuant to Fed. R. Civ. P. 30 or Fed. R. Civ. P. 45, provided that the witness (through counsel if represented) and the Noticing Counsel agree. The Parties will make every effort to consider the convenience of the deponent and counsel.

### IV. ALLOCATION OF DEPOSITION TIME

20. Depositions of fact witnesses noticed by any Party will be limited to seven (7) hours of examination, on the record and excluding breaks, by the noticing party per deponent consistent with Fed. R. Civ. P. 30(d)(l), unless otherwise stipulated by the Parties or ordered by the Court.

Counsel for a witness will have a reasonable amount of time not to exceed 45 minutes to examine the witness at the conclusion of direct examination without need for a cross-notice. The use of the 45 minutes allotted herein will not count against any non-Noticing Party's limit on Depositions of fact witnesses.

21. To the extent Plaintiffs or Defendants timely cross-notice a third party for Deposition, the Parties shall meet and confer regarding the division of time among the Parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a Deposition.

22. Depositions under Federal Rule 30(b)(6) will be limited to thirteen (13) hours per Defendant. For the avoidance of doubt, each Defendant may be deposed under Rule 30(b)(6) for a maximum of thirteen (13) hours of total time on the record across all 30(b)(6) designees. The Parties will make a good faith effort to avoid multiple Depositions of the same deponent if that deponent will testify both under Rule 30(b)(1) and Rule 30(b)(6), but this does not abridge the Noticing Party's right to its allocated hours of Deposition time for the 30(b)(1) Deposition and separate hours of Deposition time for the 30(b)(6) Deposition. To be clear, when the same witness is both a Rule 30(b)(1) and a Rule 30(b)(6) deponent, the Depositions count separately, subject to separate hourly limits. Should a Defendant identify a Rule 30(b)(1) deponent to testify regarding one or more Rule 30(b)(6) topics, the Parties shall discuss in advance whether both Depositions can be completed in a single day and, if not, shall schedule and conduct the Deposition on consecutive days whenever possible. If a Defendant selects multiple representatives, that Defendant will designate which witness will offer testimony for which 30(b)(6) topic.

23.

**Plaintiffs' Position:**

Defendants, collectively, are entitled to take one Deposition of each Plaintiff in this matter. Collectively, Plaintiffs are entitled to take up to sixty (60) Depositions of Defendants' fact witnesses, in addition to the 30(b)(6) Depositions discussed *supra* in paragraph 22. For clarity, Plaintiffs are entitled to take up to sixty (60) Depositions of Defendants' fact witnesses across all Defendants, to

be allocated at Plaintiffs' discretion. These limits do not include Depositions of Non-Parties or expert witnesses, or former employees of any Party. Absent good cause, no individual may be deposed more than once, unless designated as both a Rule 30(b)(1) and a Rule 30(b)(6) witness as described in paragraph 22 above.

**Defendants' Position:**

The Parties are entitled to no more than 12 Depositions per side of Party fact witnesses, including any depositions sought under Rule 30(b)(6). For purposes of this Protocol, "Party fact witnesses" includes current and former personnel of any of the Parties. These limits do not include depositions of other Non-Parties or expert witnesses. Absent good cause, no individual may be deposed more than once, unless designated as both a Rule 30(b)(1) and a Rule 30(b)(6) witness as described in paragraph 22 above.

### V. DEPOSITION PROCEDURES

#### A. *Joint Rule 30(b)(1) and 30(b)(6) Depositions*

24. During a Deposition in which a designated deponent is being deposed in both their individual and Rule 30(b)(6) capacities, Deposing Counsel shall clearly state whether questions are being asked of the deponent in their individual or Rule 30(b)(6) capacity. If Deposing Counsel does not so state, the deponent will be deemed to be testifying in their personal capacity. The examining counsel must separate 30(b)(1) and 30(b)(6) questions into two distinct parts to facilitate keeping of the correct time.

#### B. *Deponents Represented by Separate Counsel*

25. Where a deponent is represented by counsel who does not also represent a Party (*e.g.*, a third Party or an employee of a Defendant with separate counsel), then the Noticing Party shall provide a copy of this Protocol to the deponent's counsel along with the Deposition subpoena or notice.

### VI. SCHEDULING AND NOTICING DEPOSITIONS

26. The Parties will meet and confer with one another in good faith in advance to coordinate, to the extent practicable, all scheduling, noticing, and taking of Depositions. The needs

and convenience of the deponent will be a paramount concern in scheduling and taking the Deposition.

27. All Parties agree to meet and confer in good faith with regard to any disputes concerning the scheduling of Depositions before raising any such disputes with the Court in accordance with Magistrate Judge Cisneros's Standing Order and any other applicable orders of the Court.

28. In the event of an in-person Deposition, unless otherwise agreed or prohibited by local law, Depositions will occur in a city convenient to or within 100 miles of the residence of the deponent or in another location within the United States agreed upon by the Noticing Party and deponent. The Parties agree to work in good faith to facilitate the deposition of any deponents within a Party's control residing outside the United States. Nothing in this provision should be interpreted as interfering with the Parties' ability to conduct a remote deposition, subject to the governing laws of the jurisdiction.

29. Unless the Deposition occurs remotely or agreed otherwise, the Noticing Party shall secure a room for the Deposition that will accommodate counsel for each Party, the deponent, videographer, interpreters, and Court Reporter. The Noticing Party shall bear the initial expense of videotaping and stenographic recording.

30. Any Deposition notice may be served on all Parties electronically via e-mail. Any subpoenas for Deposition testimony shall be served on deponents as required by law, but copies may be served electronically via email on all Parties.

31. The Parties and non-Parties shall work in good faith to minimize the rescheduling of Depositions, once scheduled, subject to accommodating reasonable requests for continuances of Depositions due to unforeseen circumstances, such as illnesses or dependent care needs of attorneys, deponents, or the Court Reporter.

## VII. ATTENDANCE AT DEPOSITIONS

### A. *Counsel's right to attend remotely.*

32. To minimize travel and related costs, requests by non-taking or non-defending counsel to participate in any in-person Deposition remotely should be agreed to absent unusual circumstances. Counsel intending to participate in a Deposition remotely must notify Noticing Counsel and Defending Counsel at least forty-eight (48) hours before the scheduled time of the Deposition. If such a notice is timely given, and agreement is given for remote participation of counsel, Noticing Counsel shall make arrangements for a video link to all who wish to attend the Deposition. Requests for remote participation will not be unreasonably denied.

### B. *Counsel's physical attendance during Remote Depositions.*

33. If Defending Counsel will be physically located in the room with the deponent during a Remote Deposition, then Defending Counsel must inform Noticing Counsel as soon as practicable, but in any case within five (5) days after receiving the notice. Noticing Counsel and any other counsel for the Parties shall then have the right (but not the obligation) to attend the Deposition in person.

## VIII. CONDUCT OF DEPOSITIONS

34. Regardless of location, all Depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law, including Fed. R. Civ. P. 30(c)(2), except that:

   a) The Parties agree that an objection by any Plaintiff can be relied on by all Plaintiffs, and an objection by any Defendant can be relied upon by all Defendants. The Parties all agree that an objection by counsel for a Non-Party can be relied upon by all Plaintiffs or Defendants.

   b) Breaks shall not be taken while a question is pending unless it is required to determine whether a privilege should be asserted.

   c) Consistent with any orders of the Court, the Parties may contact the Court during a Deposition should a dispute arise that necessitates its involvement.

35. An objection must be stated concisely in a nonargumentative and nonsuggestive manner, and examining counsel may request clarification from the objecting Parties if the basis is not understood. Although counsel may state the grounds for an objection, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence. For clarity: when an objection to form is made, any other objections to a question need not be made at the Deposition and are preserved for trial. Counsel shall not engage in improper or lengthy speaking objections.

36. While the Deposition is on the record, no counsel shall initiate or engage in a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent. Nothing in this Order prevents a deponent from seeking advice regarding the application of a privilege or immunity from testifying during the course of a Deposition.

37. While the Deposition is on the record the deponent may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the deponent as Exhibits and any other documents identified for the record by the Deposing Counsel or Defending Counsel. While the Deposition is on the record, the deponent shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony unless requested by the Deposing Counsel on the record to do so.

38. If Deposing Counsel asks questions about documents or material that is designated Highly Confidential – Attorneys' Eyes Only under the applicable Protective Order, the Parties agree that any House Counsel that does not represent the deponent will leave the Deposition until such questioning has concluded.

39. In the event that a Party wishes to make a motion to terminate or limit a Deposition under Fed. R. Civ. P. 30(d)(3), that Party's counsel should concisely state the grounds in support of such motion on the record.

### IX. REMOTE DEPOSITION PROTOCOL

**A. *Applicability.***

40. When all or any part of a Deposition will be conducted remotely, the following Remote Deposition Protocol shall apply. A Remote Deposition shall satisfy the Parties' obligations to make the deponent available for Deposition and the deponent's obligations to appear for a Deposition to the same extent as if the Deposition had been conducted in person.

**B. *Vendor and Platform.***

41. The Parties will ensure that the vendor selected for Court reporting, videography, and remote video Deposition services provides a platform sufficient to permit participation in a Deposition without attending the Deposition in person.

42. At least three (3) calendar days prior to the commencement of each Remote Deposition, the Noticing Counsel shall endeavor to provide, or cause the Service Provider to provide, to all counsel the details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

**C. *Remote Administration of Oath and Recording of Video.***

43. Remote Depositions shall be recorded by stenographic means consistent with the requirements of Fed. R. Civ. P. 30(b)(3), but the Court Reporter need not be physically present with the deponent whose Deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the Court Reporter, even if the Court Reporter is not a notary public in the state where the deponent resides.

44. The Court Reporter will stenographically record the testimony, and the Court Reporter's transcript shall constitute the official record. The Service Provider will record the video feed of the deponent and preserve the video recording. The Court Reporter may be given a copy of

1 the video recording (of any videotaped Deposition) and may review the video recording to improve the accuracy of any written transcript.

45. The Parties agree that the Court Reporter is an "Officer" as defined by Fed. R. Civ. P. 28(a)(2) and shall be permitted to administer the oath to the deponent via the videoconference during Remote Depositions.

46. At the beginning of each Deposition, consistent with Fed. R. Civ. P. 30(b)(5)(A), the employee of the Service Provider responsible for video-recording the Deposition shall begin the Deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date and time, and place of the Deposition (which shall be defined as the location of the deponent); (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation; (v) the identity of all persons present at the Remote Deposition; and (vi) unless inapplicable, a statement that the Parties have agreed to take the Deposition by remote means.

47. The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the court reporting service or platform vendor may be used as if it was a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

**D.** *Video-conferencing.*

48. Where the deponent, Defending Counsel, and/or the Deposing Counsel are appearing for the Deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial.

49. The deponent shall be visible to all other participants and any statements to the deponent shall be audible to all participants at all times while on the record. The video of the deponent may not be turned off while on the record.

50. All individuals who are physically present in the same room with the deponent or any other attendee of a Remote Deposition shall identify themselves to the Court Reporter. Any individuals who enter the room after that time, for the purpose of attending some or all of the examination or otherwise, shall identify themselves to the Court Reporter (or counsel shall do so).

Any individual not identified to the Court Reporter and announced on the record shall not be permitted to be present in the room where any attendee of a Remote Deposition is being taken or to otherwise listen in to a live Deposition. For the sake of clarity, any Party's counsel in attendance at a Deposition must identify any individual present with them during the Deposition or otherwise listening to the Deposition who has not otherwise been identified for the record.

51.   Other than the electronic device used by the deponent to testify during the Deposition, and any telephone line or internet connection needed for the same purpose, such deponent shall not access any network or cellular connected device, such as mobile phones or tablets, while on the record during the Deposition.

**E.   *Deposition Recording.***

52.   In addition to recording the Deposition by stenographic means, the deposing Party may record the Deposition by video.

53.   The Parties will cooperate on technical issues regarding the digital file (*e.g.*, assuring audio and video quality, displaying Exhibits, removing segments that were off the record, and affixing time stamps).

54.   Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when a questioning attorney or Defending Counsel specifies it is "off the record." If a technical issue prevents the deponent, questioning attorney, or Defending Counsel from speaking to other participants, the Deposition shall be deemed "off the record" from that time.

**F.   *Waiver of objections to use and admissibility of Remote Deposition transcript or video.***

55.   All objections to the use and admissibility of the transcript or video of a Deposition taken pursuant to this order based solely on the fact that the Deposition was taken by remote means are deemed waived. The Parties agree that video-recorded Depositions may be used at a trial or hearing to the same extent that a Deposition where noticing counsel is physically present in the same room as the deponent may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the Deposition was taken remotely.

**G.** *Other Remote Deposition Logistics.*

56. Once proceedings go on the record, and absent extenuating circumstances, both the Deposing Counsel and the witness's counsel must agree, such agreement not to be unreasonably withheld, before the Court Reporter will stop the record.

**X.     EXHIBITS**

57. Counsel electing to introduce Exhibits electronically during a Deposition is responsible for arranging for the technology necessary to permit presentment of the Exhibit at the Deposition to the deponent and counsel.

58. The deponent shall not share physical or electronic documents that they receive in connection with their Deposition with any person other than their counsel.

**H.  TRANSCRIPTS, ERRATA**

59. The Parties incorporate any protective and/or confidentiality order(s) to be entered by this Court by reference as if fully stated herein.

60. Transcripts of Depositions and Exhibits will be delivered from the Court Reporter to the deponent and/or counsel for the deponent. Absent an agreement to the contrary, within thirty (30) calendar days of receipt of the final transcript and Exhibits, the deponent or the deponent's counsel shall forward any errata to the Court Reporter, who will promptly notify all counsel of its receipt and forward the errata to all counsel who attended the Deposition.

61. Absent an agreement to the contrary or a showing of good case, should the deponent or the deponent's counsel fail to submit errata within the applicable thirty (30) calendar day period, the transcript will be presumed accurate, and all Parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections.

**I.   CLAIMS OF PRIVILEGE**

62. Regardless of location, all Depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and

rulings of courts in the United States District Court for the Northern District of California, the General Orders of the Northern District of California, Judge Orrick's Standing Order for Civil Cases, the Standing Order for Magistrate Judge Lisa J. Cisneros, any ESI Protocol(s) to be entered by the Court, and this Order. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

63. During a Deposition, a deponent may consult with his or her attorney except while a question is pending. If a question is pending, the deponent must first answer the question before consulting with counsel, except on an issue relating to privilege.

64. Private conferences between deponents and attorneys to determine whether a privilege should be asserted and/or to determine whether to clarify or correct testimony previously given by the deponent are permissible.

**J.  USE OF DEPOSITIONS**

65. The Depositions taken by any Party pursuant to this Deposition Protocol Order may be made available and used in any cases filed that are deemed by the Court to be consolidated with or related to this matter. Nothing in this paragraph prevents a Party from objecting to the use of, or moving to exclude use of, a Deposition from any previously or subsequently related matter.

66. Any Party can use the transcript or video of any Deposition taken in this Action at trial, even if the Party did not themselves notice, attend, or take the Deposition.

**IT IS SO ORDERED.**

Dated:                                           ENTERED:

_____
U.S. DISTRICT JUDGE

| | |
|---|---|
| Dated: February __, 2025 | Respectfully submitted, |
| | By: /s/ *DRAFT* |
| | Joseph R. Saveri (SBN 130064)<br>Cadio Zirpoli (SBN 179108)<br>Christopher K.L. Young (SBN 318371)<br>David Lerch (SBN 229411)<br>Elissa A. Buchanan (SBN 249996)<br>Evan Creutz (SBN 349728)<br>Holden Benon (SBN 325847)<br>Louis A. Kessler (SBN 243703)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>Email: jsaveri@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>cyoung@saverilawfirm.com<br>dlerch@saverilawfirm.com<br>ebuchanan@saverilawfirm.com<br>ecreutz@saverilawfirm.com<br>hbenon@saverilawfirm.com<br>lkessler@saverilawfirm.com |
| | Matthew Butterick (SBN 250953)<br>1920 Hillhurst Avenue, 406<br>Los Angeles, CA 90027<br>Telephone: (323) 968-2632<br>Facsimile: (415) 395-9940<br>Email: mb@butericklaw.com |
| | Laura M. Matson (*pro hac vice*)<br>Arielle S. Wagner<br>Brian D. Clark<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>Email: lmmatson@locklaw.com<br>aswagner@locklaw.com<br>bdclark@locklaw.com<br>echang@locklaw.com |
| | *Counsel for Plaintiffs Sarah Andersen, et al.* |

|   |   |
|---|---|
| 1 | By: /s/ DRAFT |
| 2 | Andrew M. Gass (SBN 259694) |
|   | Michael H. Rubin (SBN 214636) |
| 3 | Brittany N. Lovejoy (SBN 286813) |
|   | **LATHAM & WATKINS LLP** |
| 4 | 505 Montgomery Street, Suite 2000 |
|   | San Francisco, California 94111-6538 |
| 5 | Telephone: (415) 391-0600 |
|   | Email: andrew.gass@lw.com |
| 6 | michael.rubin@lw.com |
| 7 | brittany.lovejoy@lw.com |
| 8 | *Counsel for Defendant DeviantArt, Inc.* |
| 9 | By: /s/ DRAFT |
| 10 | Joseph Charles Gratz |
| 11 | Eoin Paul Connolly |
|   | Tiffany Cheung |
| 12 | Timothy Chen Saulsbury |
|   | **MORRISON & FOERSTER LLP** |
| 13 | 425 Market Street |
|   | San Francisco, California 94105 |
| 14 | Telephone: (415) 268-7000 |
| 15 | Email: jgratz@mofo.com |
|   | econnolly@mofo.com |
| 16 | tcheung@mofo.com |
|   | tsaulsbury@mofo.com |
| 17 | |
| 18 | Allyson Roz Bennett |
|   | Laura Gilbert Remus |
| 19 | **MORRISON & FOERSTER LLP** |
|   | 707 Wilshire Boulevard, Suite 6000 |
| 20 | Los Angeles, CA 90017-3543 |
|   | Telephone: (213) 892-5200 |
| 21 | Email: abennett@mofo.com |
|   | lremus@mofo.com |
| 22 | |
| 23 | Aditya Vijay Kamdar |
|   | **MORRISON & FOERSTER LLP** |
| 24 | 2100 L Street NW, Suite 900 |
|   | Washington, DC 20037 |
| 25 | Telephone: (202) 887-1500 |
|   | Email: akamdar@mofo.com |
| 26 | |
| 27 | Mark Alan Lemley |
|   | **LEX LUMINA PLLC** |
| 28 | 745 Fifth Avenue, Suite 500 |

Case No. 3:23-cv-00201-WHO    15
**STIPULATED [PROPOSED] ORDER
ENTERING DEPOSITION PROTOCOL**

New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

By: /s/ DRAFT

Angela Dunning
Samuel Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
        sblankenship@cgsh.com

Arminda B. Bepko (*pro hac vice*)
Amira Perryman (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
        aperryman@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

By: /s/ DRAFT

David Jason Silbert
Paven Malhotra
Bailey Wilson Heaps
Julia Leigh Greenberg
Luke P. Apfeld
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: dsilbert@keker.com
        pmalhotra@keker.com
        bheaps@keker.com
        jgreenberg@keker.com
        lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*