March 31, 2025

**Via ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    *Andersen, et al v. Stability AI Ltd.*, Case No: 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros,

      On March 19, 2025, the Court issued an order regarding the ESI Protocol, Protective Order, and Deposition Protocol to govern this case. ECF 260 ("Order"). The Court ordered the Parties to file final stipulated versions of each, consistent with the Order, by March 31, 2025. *Id*. The parties thank the Court for its careful consideration of each of the issues that were in dispute. Before the parties can submit final stipulated versions of the ESI Protocol and Deposition Protocol, however, the parties plan to seek Judge Orrick's review of certain narrow issues, as set forth below. The deadline for the parties' respective motions for relief from a non-dispositive pretrial order pursuant to Rule 72 is April 2, 2025. Accordingly, attached herewith, the Parties submit to this Court a final Protective Order, a near-final ESI Protocol, and a near-final Deposition Protocol. The near-final protocols contain brackets around the narrow issues that will be the subject of the parties' forthcoming motions.

**Plaintiffs' Positions**:

      Plaintiffs intend to seek Judge Orrick's review of the Order's (1) limitation of Plaintiffs ability to propose search terms to 15 search terms per custodian under the ESI Protocol and (2) imposition of a 200-hyperlinked document request limitation per party under the ESI Protocol.

      *First*, the Court's limitation of Plaintiffs' ability to propose search terms (including as opposed to search strings) to 15 per custodian is unduly restrictive given the complex nature of this case, which involves AI training data and alleged copyright infringement across multiple defendants. The limitation fails to account for the specialized and technical terminology required to identify relevant documents concerning machine learning algorithms, training methodologies, data scraping techniques, and internal copyright discussions. Plaintiffs thus respectfully submit that the Court's framework fails to accommodate the technical vocabulary essential to a meaningful investigation of the claims and imposes limitations in a vacuum not suitable to complex litigation, rather ordering the parties to cooperate to craft appropriate and reasonable searches in light of the custodians, document requests, data repositories, and hit counts, as recommended under the Sedona Principles for Addressing ESI Production.

***Second***, the Court's imposition of a 200-hyperlinked document request per party imposes an arbitrary and burdensome framework that fails to account for the interconnected nature of the digital documentation systems used in AI development. The 200-hyperlinked document request limitation artificially restricts discovery of critical relationships between documents. This is particularly problematic where links between training data, model development materials, and internal discussions of data provenance are central to liability. Indeed, based on counsel's experience in other AI litigation, the use of hyperlinks by similar companies is pervasive and many documents cannot be understood without the hyperlinked material, rendering hyperlinks in cases such as this one even more important than production of email attachments, which are not limited numerically. Plaintiffs therefore contend that this restriction limits access to relevant information without any proportionality-based rationale.

**Defendants' Position:**

Defendants intend to seek Judge Orrick's review of the Order's (1) exclusion of "former employees" in the 30-deposition cap under the Deposition Protocol and (2) allowance of "up to twelve custodians" per Defendant under the ESI Protocol.

***First***, Defendants object to the Order's determination that the "thirty-deposition limit does not include depositions . . . of former employees." Defendants appreciate the Court's consideration of the parties' positions on the numerical limit on depositions and do not challenge the Court's ordered compromise of thirty depositions. Defendants respectfully assert, however, the Court's exclusion of former personnel from this limit is contrary to Rule 30(a)(2), which presumptively includes former personnel and other third parties in the deposition cap, and invites Plaintiffs to take unlimited depositions without leave that will prove to be duplicative, burdensome, and expensive. In the parties' joint letter, Plaintiffs offered no argument as to why the limit should expand beyond what Rule 30(a)(2) allows and carve out former personnel, particularly for Defendants who are small companies, and the Court did not explain its reasoning on this particular issue.

***Second***, Defendants object to the Order's determination that "up to twelve custodians" per Defendant is appropriate. Defendants appreciate the Court's recognition that Defendants vary in size and circumstances, such that different numbers of custodians may be appropriate for each. Even so, Defendants' respectfully assert that Plaintiffs will certainly seek the maximum number of custodians they are allowed, which will likely result in duplicative custodians and impose unnecessary burden and expense on Defendants. The Order permits more than double the custodians the Model ESI Order allows, which is grossly disproportionate for smaller Defendants with very few relevant custodians. For example, and as explained during the meet and confer on Friday, March 28, 2025, for much of the relevant period Midjourney had only 13 employees total and after its diligent investigation, has identified only six custodians with unique discoverable information. Other Defendants are also small companies and would be similarly impacted. In an effort to compromise, Defendants offered to agree to an increased number of search terms if Plaintiffs agreed to a lower number of custodians, which would more reasonably reflect Defendants' size and the fact that each has limited custodians with unique, discoverable information. Defendants reassured Plaintiffs that the offer did not affect the parties' ability to later seek additional custodians, so long as such requests are proportional to the needs of the case, as the Order contemplates. Plaintiffs rejected this offer.

Dated: March 31, 2025	Respectfully Submitted,

By: /s/ Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: March 31, 2025	Respectfully Submitted,

By: /s/ Andrew Gass

3

<div style="margin-left: 3in;">

Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email:     andrew.gass@lw.com
               michael.rubin@lw.com
               brittany.lovejoy@lw.com

*Counsel for Defendant DeviantArt, Inc.*

</div>

| | |
|---|---|
| Dated: March 31, 2025 | Respectfully Submitted, |

<div style="margin-left: 3in;">

By: */s/ Aditya Vijay Kamdar*

Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email:     jgratz@mofo.com
               tcheung@mofo.com
               tsaulsbury@mofo.com

Laura Gilbert Remus
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email:     abennett@mofo.com
               lremus@mofo.com

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email:     akamdar@mofo.com

Mark Alan Lemley

</div>

                              **LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*


Dated: March 31, 2025                         Respectfully Submitted,

                                  By:  */s/ Angela Dunning*

                             Angela Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email:    adunning@cgsh.com
           sblankenship@cgsh.com

Amira Perryman
Arminda B. Bepko
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email:    aperryman@cgsh.com
           abepko@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: March 31, 2025                                  Respectfully Submitted,

By: /s/ Paven Malhotra

David Jason Silbert
Paven Malhotra
Bailey Wilson Heaps
Julia Leigh Greenberg
Luke P. Apfeld
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email:     dsilbert@keker.com
           pmalhotra@keker.com
           bheaps@keker.com
           jgreenberg@keker.com
           lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc.*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: March 31, 2025                                    */s/ Joseph R. Saveri*
                                                                        Joseph R. Saveri