**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
415-293-6800
Email: mpritt@bsfllp.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
Laura M. Matson (*admitted pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: lmmatson@locklaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | CASE NO.  23-CV-00201-WHO (LJC) |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [ECF 260]** |
| v. | |
| STABILITY AI LTD., et al., | |
| Defendants. | |

1

## **MOTION**

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and N.D. Cal. Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside portions of the Order on ESI Protocol, Protective Order, and Deposition Protocol, issued by Magistrate Judge Lisa J. Cisneros on March 19, 2025 (ECF 260) ("Order"), as set forth in the accompanying Memorandum of Points and Authorities ("Memorandum"). In addition to this Motion and the Memorandum, the Motion is based on the underlying briefing at ECF 248 and 249, the Proposed Order for this Motion, and the records and docket in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully object to and request the Court to set aside certain limitations that the Magistrate Judge imposed in her Order on the ESI Protocol, ECF 260, on (1) the number of search terms that Plaintiffs can request and (2) Plaintiffs' access to hyperlinked documents. Plaintiffs appreciate the Magistrate Judge's attention and thoughtful approach to the parties' disputes over the ESI Protocol that will apply in this case. Plaintiffs nonetheless object to these two discrete but significant limitations because they arbitrarily impair Plaintiffs' ability to seek relevant and proportional discovery in this case, in contravention of Federal Rule of Civil Procedure 26.

With respect to search terms, ESI best practices have developed in accordance with widespread recognition that search methodologies require flexibility and that ESI discovery should be an iterative process. This principle is recognized by the Sedona Principle and courts around the country. The Magistrate Judge, however, imposed a restrictive and arbitrary search term (not even a search string) cap per custodian, rather than requiring a collaborative process between the parties to identify and ensure that search terms will capture relevant and responsive documents, while also taking into account proportionality. That can only be done through an iterative process that includes proposing and running, search terms and strings to identify hit counts and then revising them as needed to ensure the right terms and strings are capturing the most relevant and responsive documents. That is why this District encourages the parties to identify e-discovery liaisons and to discuss, among other things, "[t]he search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that it not subject to discovery." N.D. Cal. Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, §§ II, V; *see also* N.D. Cal. Guidelines for the Discovery of Electronically Stored Information, §§ 1.02, 2.02, 2.05. In accordance with this District's ESI recommendations, Plaintiffs' proposed protocol provisions seek to maximize cooperation and facilitate development of a fulsome record in this complex dispute while preserving Defendants' ability to seek proportionality-based limitations as specific needs arise during the discovery process.

With respect to hyperlinked documents, modern practice (as well as Plaintiffs' counsel's experience in similar copyright infringement litigation involving other generative AI models and products) has shown that the use of hyperlinked cloud documents is more prevalent than ever, and has

largely supplanted email attachments for document collaboration. It has been long recognized that email

attachments, even if irrelevant, should be produced. Hyperlinked documents are merely attachments in a

different form. The Magistrate Judge's Order, however, does not hew to this long-settled principle, and

instead caps Plaintiffs' ability to request hyperlinked-documents. Such a restriction is no different than

capping Plaintiffs' access to email attachments and is clear error. There is no principled reason why

hyperlinked documents likewise should not be produced, particularly given that it is not so burdensome

to do so.

## I.   BACKGROUND

Plaintiffs are copyright holders alleging class-wide claims against Defendants Stability AI, Ltd.,

Stability AI, Inc., DeviantArt, Inc., Midjourney, Inc., and Runway AI, Inc., for engaging in widespread

copyright infringement to develop their AI image models, among other claims. (*See generally* Second

Amended Complaint, ECF 238.)

The Parties to this case have been unable to agree on the appropriate terms of the ESI Protocol to

govern discovery in this case, and issued competing proposals to the Court on December 9, 2025. (*See* ECF

248 and 249.) The matter was thereafter referred to United States Magistrate Judge Lisa J. Cisneros. (ECF

250.) On March 19, 2025, the Magistrate Judge issued an Order ruling on certain disputed terms in the ESI

Protocol. (ECF 260.) Plaintiffs now seek relief from that Order with respect to the search term limitations

and the framework for the discovery of hyperlinked documents.

## II.   ARGUMENT

Under Rule 72(a), a district court shall modify or set aside a Magistrate Judge's order that is "clearly

erroneous or contrary to law." This Court reviews the Magistrate Judge's fact findings for clear error, and

reviews legal conclusions to determine whether they are contrary to law. *United States v. Doe*, 136 F.3d

631, 636 (9th Cir. 1998). Overturning a Magistrate Judge's determinations is proper where the court reaches

a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris*, 189 F.R.D.

418, 422 (C.D. Cal. 1999).

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). The Magistrate Judge committed clear error by significantly and arbitrarily limiting the scope of discovery in this action contrary to Rule 26.

### A.    The Magistrate Judge Erred in Limiting the Number of Search Terms

ESI best practices, especially in complex cases, recognize that search methods, including search terms, should take into account the iterative nature of the discovery process and allow for refinement as the parties' understanding of the relevant issues develop. The Sedona Conference Best Practices Commentary on the Use of Search & Information Retrieval Methods in E-Discovery, 15 Sedona Conf. J. 217, 226 (2014). This District's ESI guidelines are in accord and likewise require the parties to cooperatively discuss, among other things, "[t]he search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that it not subject to discovery." N.D. Cal. Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, §§ II, V; see also N.D. Cal. Guidelines for the Discovery of Electronically Stored Information, §§ 1.02, 2.02, 2.05. Plaintiffs' proposal is in line with these best practices. The Magistrate Judge's limitation of fifteen search terms per custodian is unduly restrictive given this case's complex technical nature involving AI training data and the expansive alleged copyright infringement across multiple Defendants. The limitation imposed is not tied to the complexity, magnitude, or facts of this case, and will not adequately meet Plaintiffs' discovery needs. After rejecting Defendants' proposal for five search terms per custodian as inappropriate, the Magistrate Judge then arbitrarily employed the operative fifteen-term limitation, derived from a different case, without considering the unique facts and issues present in *this* case.

As Plaintiffs discussed in their brief (ECF 249), in the complex and evolving AI sector, "internal communications frequently employ varied terminology, including industry-specific nomenclature and departmental acronyms that differ across technical, legal, and executive teams . . . and involve proprietary terms or technical speculation." It may come to light during the course of discovery that Defendants use particular naming conventions or acronyms, and Plaintiffs should not be stymied in pursuing additional discovery based on those later-identified facts if the governing ESI order lacks the requisite flexibility. Moreover, between Plaintiffs' claims and Defendants' fair use defense, there are many different issues and

topics at play in this litigation including machine learning algorithms, training methodologies, data scraping techniques, internal copyright discussions, the market for licensing training data, and the nature of Defendants' use of the data. Fifteen terms will not begin to cover the expanse of these issues.

To address the unique posture of this case, Plaintiffs' proposal built in flexibility for an iterative and cooperative process between the parties to determine the appropriate search terms as discovery progresses consistent with recognized best practices for ESI searches. *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 165 (2018) ("Search methods usually involve an iterative approach that modifies the search parameters based on the results of the searches, and different search methodologies may be applied to different data sources."). Plaintiffs' proposal encourages cooperation and balances Plaintiffs' need for discovery to develop a full and complete record with Defendants' ability to address any and all proportionality concerns.

Apparently recognizing the need for this process, the Magistrate Judge adopted Plaintiffs' proposal to cooperate on search terms, (Order at 8), but then undermines the Parties' ability to engage in such a process by restricting the number of terms while forcing terms to be run against custodians, without explanation. Indeed, it is quite ordinary in complex litigation to allow the parties to meet-and-confer in good faith regarding search terms and custodians without imposing arbitrary limitations before any discovery has been taken. *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 2021 WL 10282215, at *25 (N.D. Cal. Sep. 29, 2021). And courts have recognized that "the failure to use certain search terms will sometimes be fatal[.]" *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, 877 F. Supp. 2d 87, 110 (S.D.N.Y. 2012); *see also id.*, n.117 (collecting cases). The fifteen search term per custodian limitation is far too limited and rigid for a case of this complexity, and will undoubtedly lead to more discovery disputes rather than fewer.

At bottom, the fifteen term limitation is not tailored to the needs of this case, and improperly limits the scope of discovery. The Court should implement Plaintiffs' proposal, which embraces ESI best practices and this District's call for cooperation in ESI discovery.

### B.     The Magistrate Judge Erred in Limiting Discovery of Hyperlinked Documents

The Magistrate Judge's Order on hyperlinked documents creates an arbitrary and burdensome framework that disregards the interconnected nature of modern digital communication and documentation systems used in AI development. More and more companies are departing from using email attachments to using hyperlinked documents stored on cloud or enterprise systems. Indeed, Plaintiffs' counsel has learned these lessons first-hand from their frontline litigation of other cases involving generative AI companies. Although the Magistrate Judge recognized the importance of hyperlinked documents, it again limited Plaintiffs' ability to seek relevant discovery by requiring that Plaintiffs separately request hyperlinks, and limiting them to two hundred requests. By so doing, the Magistrate Judge has ignored the changing realities of how businesses share information by relying on hyperlinked documents maintained in the cloud. It would be remarkable for a court to limit a party's discovery of email attachments, but that is the practical effect of such a limitation. And Plaintiffs' ability to conduct discovery should not be limited simply because a company may choose to maintain its documents in the cloud rather than as email attachments. *See Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335, at *3 (C.D. Cal. Nov. 30, 2009) (stating that a defendant cannot preclude discovery based on its record-keeping systems).

The hyperlink limitation is contrary to Plaintiffs' discovery rights under Rule 26 because it restricts the relevant and proportional discovery Plaintiffs are entitled to in this case without cause. Indeed, courts have held that it is not unduly burdensome for parties to produce cloud based documents, and it certainly would not be burdensome in a case given the importance of the issues at stake in this matter, the sophisticated nature of the defendants, and the potential billions in controversy. *IQVIA, INC. v. Veeva Sys., Inc.*, 2019 WL 3069203, at *5 (D.N.J. July 11, 2019) (finding that producing 2,200 Google drive documents was not unduly burdensome "in light of the issues at stake in this matter, the resources of the parties, and the amount in controversy").

Particularly in the technology sector, enterprise messaging tools have largely replaced traditional forms of ESI like email communication. As the Magistrate Judge appropriately recognized, "messaging platforms used during the course of business (Slack, Microsoft Teams, Telegram, etc.) . . . contain responsive ESI." (Order at 10.) However, the Magistrate Judge failed to consider that hyperlinked files are part and parcel of enterprise messaging and communication tools. For example, instead of sharing

attachments in an email, documents that are exchanged between employees over enterprise communication systems, like Google drive documents, appear as a hyperlinks which are restricted by a sign-in page. Accordingly, Plaintiffs expect that most, if not all, of the responsive communications in this case will be enterprise messages containing relevant and responsive hyperlinked documents which Plaintiffs will have no means to access.

It is now well accepted in modern discovery practice that attachments to emails must be produced. *Sysmettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2020 13311682, at *5 (C.D. Cal. July 17, 2020) ("[W]ell -settled authorities from this Circuit and beyond require that . . . where [a party] produced responsive emails . . . , it must also produce any linked attachments, notwithstanding its contentions that those attachments maybe irrelevant."). For the same reason, hyperlinked documents must also be produced. Simply because contemporary practice has shifted from email attachments to hyperlinked documents is no reason for discovery to be limited merely because of how a corporation decides to share information. *Pom Wonderful*, 2009 WL 10655335, at *3. The framework imposed by the Magistrate Judge's Order is akin to limiting the number of email attachments produced in a case and also requiring that the requesting party separately identify and request each attachment. This would be unreasonable in any case, but especially in this case where Plaintiffs expect to receive tens of thousands of communications containing highly-relevant and responsive hyperlinked documents, the request framework is untenable, and the two hundred document limitation is woefully inadequate. For these reasons, Plaintiffs proposed an approach wherein hyperlinked documents were included as part of the standard discovery process. (ECF 249 at 4). The Magistrate Judge failed to address whether those documents are relevant and proportional to the needs of the case before limiting the discovery Plaintiffs are entitled to under Rule 26, and therefore clearly erred. The Court should enter Plaintiffs' proposed language with respect to search terms and the production of hyperlinked documents.

PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER [ECF 260]

1     Dated: April 2, 2025                  By:        */s/ Joseph R. Saveri*

2

3                                         Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)

4                                         Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)

5                                         Elissa A. Buchanan (SBN 249996)
Melissa Tribble (SBN 339098)

6                                         **JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505

7                                         San Francisco, California 94108
Telephone: (415) 500-6800

8                                         Facsimile: (415) 395-9940
Email:       jsaveri@saverilawfirm.com

9                                                       czirpoli@saverilawfirm.com

10                                                       cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com

11                                                       ecreutz@saverilawfirm.com
mtribble@saverilawfirm.com

12

13                                         Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406

14                                         Los Angeles, CA 90027
Telephone: (323) 968-2632

15                                         Facsimile: (415) 395-9940
Email:       mb@butterricklaw.com

16

17                                         Maxwell V. Pritt (SBN 253155)
Joshua Stein (SBN 298856)

18                                         **BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor

19                                         San Francisco, CA 94104
Telephone: (415) 293-6800

20                                         Email:       mpritt@bsfllp.com

21                                                       jstein@bsfllp.com

22                                         Brian D. Clark (pro hac vice)
Laura M. Matson (pro hac vice)

23                                         Arielle Wagner (pro hac vice)
**LOCKRIDGE GRINDAL NAUEN PLLP**

24                                         100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

25                                         Telephone: (612) 339-6900

26                                         Facsimile: (612) 339-0981
Email:       bdclark@locklaw.com

27                                                      lmmatson@locklaw.com
aswagner@locklaw.com

28

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*