UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STABILITY AI LTD., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00201-WHO<br><br>**ORDER DENYING RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 265, 266 |

Plaintiffs and defendants seek relief from provisions of Magistrate Judge Lisa J. Cisneros's "Order on ESI Protocol; Protective Order; Deposition Protocol." Dkt. Nos. 260, 265, 266. The motions for relief are DENIED.

With respect to plaintiffs' objection to the limitation of 15 search terms per custodian, I understand that limit is part of the required "early" meet and confer process. I expect that after defendants produce hit reports, as instructed by Judge Cisneros, the parties will meet and confer and they can agree to (or Judge Cisneros can order) the use of additional search terms upon good cause shown.

Regarding plaintiffs' objection to being limited to seeking only 200 hyperlinked documents, the limit imposed by Judge Cisneros is a reasonable place to start. I expect that after a meet and confer at the appropriate time, the parties might agree or Judge Cisneros might order defendants to produce hyperlinked documents beyond 200 if good cause is shown.

Defendants' objection to the exclusion of former employees from the 30 fact deposition limit is rejected. That said, a defendant may seek a protective order from Judge Cisneros if plaintiffs notice the depositions of an unreasonable or excessive number of former employees of a particular defendant.

Defendants' objection to Judge Cisneros's ruling that plaintiffs can identify "up to twelve"

custodians per defendant is rejected. As clearly contemplated by Judge Cisneros, plaintiffs should make reasonable custodian designations of "up to" twelve custodians. If following a meet and confer process, a particular defendant believes plaintiffs are abusing the designation process as to that defendant (given its current or former number of employees), that defendant may seek a protective order from Judge Cisneros.

Judge Cisneros's thoughtful and detailed Order repeatedly recognizes that reasonable parties should be able to engage in a good faith meet and confer process that results in targeted discovery proportional to each defendant's size and alleged role in the actionable conduct. Given the size and complexity of this case, it seems obvious that plaintiffs would not want to seek duplicative or pointless discovery. If defendants have concerns about any apparent abuse of the discovery process, they may raise those concerns to Judge Cisneros.

**IT IS SO ORDERED.**

Dated: April 8, 2025

William H. Orrick
United States District Judge