1   [counsel on signature page]

2   **UNITED STATES DISTRICT COURT**

3   **NORTHERN DISTRICT OF CALIFORNIA**

4   **SAN FRANCISCO DIVISION**

5   SARAH ANDERSEN, KARLA ORTIZ, ,          Case No.  3:23-cv-00201-WHO
    GRZEGORZ RUKOWSKI, GREGORY
6   MANCHESS, GERALD BROM, JINGNA           **[PROPOSED] STIPULATED**
    ZHANG, JULIA KAYE, ADAM ELLIS;          **PROTECTIVE ORDER FOR**
7                                           **LITIGATION INVOLVING HIGHLY**
         *Individual and Representative*    **SENSITIVE CONFIDENTIAL**
8                                           **INFORMATION AND/OR TRADE**
         *Plaintiffs*,                      **SECRETS**
9
              v.
10
    STABILITY AI LTD., STABILITIY AI,
11  INC., DEVIANTART, INC.,
    MIDJOURNEY, INC., RUNWAY AI, INC.
12
         Defendants.

13  1.   <u>PURPOSES AND LIMITATIONS</u>

14           Disclosure and discovery activity in this action are likely to involve production of

15  confidential, proprietary, or private information for which special protection from public

16  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

17  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

18  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

19  all disclosures or responses to discovery and that the protection it affords from public disclosure

20  and use extends only to the limited information or items that are entitled to confidential treatment

21  under the applicable legal principles. The parties further acknowledge, as set forth in Section

22  14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

23  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

24  the standards that will be applied when a party seeks permission from the court to file material

25  under seal.

26

27

28

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter;

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  By way of example, such information includes, without limitation:

(a) documents reflecting confidential research and development efforts; and (b) financial, technical, or other sensitive trade secret information.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, to the extent it is practical, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  For avoidance of doubt, this paragraph does not apply to the production of material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" prior to being offered for inspection as set forth in Section 9 of this Order.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party has up to 21 days after delivery of the final version of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. During this 21-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Thereafter, only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

2   challenge a confidentiality designation by electing not to mount a challenge promptly after the

3   original designation is disclosed.

4          6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

5   process by providing written notice of each designation it is challenging and describing the basis

6   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

7   notice must recite that the challenge to confidentiality is being made in accordance with this

8   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

9   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

10  forms of communication are not sufficient) within 14 days of the date of service of notice. In

11  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

12  designation was not proper and must give the Designating Party an opportunity to review the

13  designated material, to reconsider the circumstances, and, if no change in designation is offered,

14  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

15  stage of the challenge process only if it has engaged in this meet and confer process first or

16  establishes that the Designating Party is unwilling to participate in the meet and confer process in

17  a timely manner.

18         6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

19  intervention, the Designating Party shall follow the discovery dispute procedures outlined in

20  Judge Orrick's Standing Order for Civil Cases within 21 days of the initial notice of challenge or

21  within 14 days of the parties agreeing that the meet and confer process will not resolve their

22  dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration

23  affirming that the movant has complied with the meet and confer requirements imposed in the

24  preceding paragraph. Failure by the Designating Party to follow such procedures, including the

25  required declaration within 21 days (or 14 days, if applicable), shall automatically waive the

26  confidentiality designation for each challenged designation. In addition, the Challenging Party

27  may follow the discovery dispute procedures outlined in Judge Orrick's Standing Order for Civil

28  Cases to challenge a confidentiality designation at any time if there is good cause for doing so,

1   including a challenge to the designation of a deposition transcript or any portions thereof. Any

2   motion brought pursuant to this provision must be accompanied by a competent declaration

3   affirming that the movant has complied with the meet and confer requirements imposed by the

4   preceding paragraph.

5        The burden of persuasion in any such challenge proceeding shall be on the Designating

6   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

7   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

8   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

9   file a motion to retain confidentiality as described above, all parties shall continue to afford the

10   material in question the level of protection to which it is entitled under the Producing Party's

11   designation until the court rules on the challenge.

12   7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

13        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

14   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

15   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

16   the categories of persons and under the conditions described in this Order. When the litigation has

17   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

18   DISPOSITION).

19        Protected Material must be stored and maintained by a Receiving Party at a location and

20   in a secure manner that ensures that access is limited to the persons authorized under this Order.

21        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

22   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23   information or item designated "CONFIDENTIAL" only to:

24        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

25   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

26   for this litigation;

27        (b) the officers, directors, and employees (including House Counsel) of the Receiving

28   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, including mock jurors[1] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator who is assigned to this matter, and their staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

---

[1] Disclosure to mock jurors is acceptable with the signing of a confidentiality agreement with provisions on dissemination and disclosure at least as strict as those included in this Protective Order, and who have been hired by a trial consulting firm who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

1    for this litigation;

2        (b) Designated House Counsel of the Receiving Party (1) who has no involvement in

3    competitive decision making, (2) to whom disclosure is reasonably necessary for this litigation,

4    and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    provided, however, that Designated House Counsel shall not have access to any information or

6    items designated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

7        (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

8    litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

9    and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

10        (d) the court and its personnel;

11        (e) court reporters and their staff, professional jury or trial consultants,[2] including mock

12    jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

13    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14        (f) the author or recipient of a document containing the information or a custodian or other

15    person who otherwise possessed or knew the information; and

16        (g) any mediator who is assigned to this matter, and their staff, who have signed the

17    "Acknowledgment and Agreement to Be Bound" (Exhibit A).

18        7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

19    – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

20    Information or Items to Experts.

21        (a)(1) [Intentionally left blank]

22        (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

23    Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

24    that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

---

[2] Disclosure to mock jurors of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, but not "HIGHLY CONFIDENTIAL – SOURCE CODE" material, is acceptable with the signing of a confidentiality agreement with provisions on dissemination and disclosure at least as strict as those included in this Protective Order, and who have been hired by a trial consulting firm who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

1   "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

2   written request to the Designating Party that (1) identifies the general categories of "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

4   CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

5   forth the full name of the Expert and the city and state of his or her primary residence, (3)

6   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s),

7   (5) identifies each person or entity from whom the Expert has received compensation or funding

8   for work in his or her areas of expertise or to whom the expert has provided professional services,

9   including in connection with a litigation, at any time during the preceding five years,[3] and

10  (6) identifies (by name and number of the case, filing date, and location of court) any litigation in

11  connection with which the Expert has offered expert testimony, including through a declaration,

12  report, or testimony at a deposition or trial, during the preceding five years.

13       (b) A Party that makes a request and provides the information specified in the preceding

14  respective paragraphs may disclose the subject Protected Material to the identified Expert unless,

15  within 14 days of delivering the request, the Party receives a written objection from the

16  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

17       (c) A Party that receives a timely written objection must meet and confer with the

18  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

19  agreement within seven days of the written objection. If no agreement is reached, the Party

20  seeking to make the disclosure to the Expert may follow the discovery dispute procedures

21  outlined in Judge Orrick's Standing Order for Civil Cases seeking permission from the court to do

22  so. Any such motion must describe the circumstances with specificity, set forth in detail the

23  reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

24  disclosure would entail, and suggest any additional means that could be used to reduce that risk.

25  In addition, any such motion must be accompanied by a competent declaration describing the

26

---

27  [3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any
28  confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[PROPOSED] STIPULATED PROTECTIVE ORDER

parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), relating to the subject matter of the highly confidential technical information received by such individual. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[4] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, post-grant review, or *inter partes* review). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

---

[4] Prosecution includes, for example, original prosecution, reissue, and reexamination proceedings.

CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

       (c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room. Such inspection shall occur upon reasonable notice to the Producing Party, which must not be less than two (2) business days in advance of the requested inspection. While in the room containing the Source Code Computer, the Receiving Party is prohibited from accessing any device with Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the name of persons who enter the room and the dates and times when they arrive and depart for the day.

       (d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall, within three (3) business days, provide copies of all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in

1    Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is

2    the "Designating Party" for purposes of dispute resolution.

3        (e)    The Receiving Party shall maintain a record of any individual who has inspected

4    any portion of the source code in electronic or paper form. The Receiving Party shall maintain all

5    paper copies of any printed portions of the source code in a secured, locked area. The Receiving

6    Party shall not create any electronic or other images of the paper copies and shall not convert any

7    of the information contained in the paper copies into any electronic format. The Receiving Party

8    shall only make additional paper copies if such additional copies are (1) necessary to prepare

9    court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

10    necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper

11    copies used during a deposition shall be retrieved by the Producing Party at the end of each day

12    and must not be given to or left with a court reporter or any other unauthorized individual.

13        (f)    The Producing Party shall install tools that are necessary and sufficient for viewing

14    the Source Code produced for inspection on the Source Code Computer. The Parties shall meet

15    and confer regarding any additional tools that the Receiving Party may request be added. To the

16    extent additional tools are provided at the request of the Receiving Party, the Receiving Party is

17    responsible for securing the appropriate licenses to such software tools.

18        (g)    No recordable media or recordable devices, including, without limitation, sound

19    recorders, computers, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, will be

20    permitted into the Source Code review room. Cellular telephones may be permitted into the

21    Source Code review room, but they must be powered off before entering.

22        (h)    The Receiving Party's Outside Counsel and/or experts/consultants will be entitled

23    to take notes relating to the Source Code but may not copy the Source Code into the notes. For

24    avoidance of doubt, the Receiving Party may take these notes with them out of the room

25    containing the Source Code and transfer their contents to electronic form (e.g., by scanning or

26    typing).

27

28

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
       LITIGATION</u>

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
       LITIGATION</u>

  (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request, unless doing so would not comply with a contractual obligation of the Producing Party to the Non-Party to provide notice longer than 14 days, in which case the applicable notice period shall be such contractual obligation period. Regardless of such period, the Producing Party shall endeavor to resolve any concerns regarding notice within 30 days. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)      Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to agreement of the parties, the inadvertent production of material subject to a claim of privilege or other protection shall not constitute a waiver of that privilege or other protection under Federal Rule of Evidence 502(d).

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance with applicable

export control laws, including confirming that no unauthorized foreign person has access to such technical data.

Without the consent of the Producing Party, "HIGHLY CONFIDENTIAL – SOURCE CODE" materials shall not leave the territorial boundaries of the United States of America except when reasonably necessary for international depositions.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.   <u>CLAWBACK & RULE 502(d) ORDER</u>

A.   <u>Non-Waiver</u>.  Pursuant to Federal Rule of Evidence 502(d), the production of any material or information shall not be deemed to waive any privilege or work product protection in the Litigation or in any other federal or state proceeding. Nothing in this Paragraph 16 is intended to or shall serve to limit a Party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. The Parties stipulate that the Court should enter a Rule 502(d) Order to this end, which shall be interpreted to provide the maximum protection allowed by Rule 502(d).

B.   <u>Assertion of a Clawback</u>.  Any Party or non-Party may request the return of any produced material or information at any time on the grounds of privilege or work product protection by identifying it, stating the basis for withholding such material or information from production, and providing any other information that would be listed on a supplemental privilege log.

C.   <u>Document Used in Proceedings</u>.  Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action (with the exception of a motion to determine the existence of any privilege) shall not be eligible for protection under Rule 502(d) as a clawed-back document if the producing Party does not clawback that document pursuant to this Protective Order within 21 calendar days of its use in such deposition, expert report, or court filing. For a document used by a Party in a deposition, expert report, or court filing in this action that is clawed back after 21 calendar days of its use, Rule 502(b) shall govern any dispute with respect to the Producing Party's potential waiver of attorney-client privilege or work product protection with respect to the document.

D.   <u>Clawback Process</u>.  Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the grounds of privilege or work product

protection. If a Party or non-Party requests the return of such produced material or information then in the custody of one or more Parties, the possessing Parties shall within 7 business days:

1. Destroy or return to the requesting Party or non-Party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

2. Notify the Producing Party or non-Party that it wishes to challenge the claim of privilege or work product protection and has sequestered and will not use the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this Paragraph 16 may use the content of the clawed-back document for the sole purpose of filing a motion with the Court under seal, consistent with Local Rule 79-5, that challenges whether or not the document is privileged or work product.

E. <u>Implementation of a Clawback.</u> Where a Party agrees to or is ordered to destroy a clawed back document, the Party and its counsel must delete all copies of the clawed back document, including any summaries, excerpts, or portions thereof, and instruct their e-discovery vendor to delete the document entirely from their e-discovery database. To the extent that is not technologically feasible for a Receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only Production Media such that the clawed back document cannot be destroyed without destroying the entire Production Media), the Parties will meet and confer as to an acceptable alternative approach.

17. <u>AGREEMENT REGARDING EXPERT DISCOVERY</u>

Document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying expert in forming his or her opinion(s). Testifying experts' notes, including any notes input directly into draft reports, and conversations or communications with counsel will not be subject to discovery unless such material is relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. Per Rule 26(b)(4)(B) and for the avoidance of doubt, draft

1   expert reports shall not be discoverable.

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED:   April 15, 2025                                    _____

4                                                              Hon. Lisa J. Cisneros
                                                               United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: March 31, 2025

Respectfully Submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
         cyoung@saverilawfirm.com
         eabuchanan@saverilawfirm.com
         ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:  mb@butericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
         lmmatson@locklaw.com
         aswagner@locklaw.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[PROPOSED] STIPULATED PROTECTIVE ORDER

Dated: March 31, 2025

Respectfully Submitted,

By: */s/ Andrew Gass*

Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email:     andrew.gass@lw.com
           michael.rubin@lw.com
           brittany.lovejoy@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: March 31, 2025

Respectfully Submitted,

By: */s/ Aditya Vijay Kamdar*

Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email:     jgratz@mofo.com
           tcheung@mofo.com
           tsaulsbury@mofo.com

Laura Gilbert Remus
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email:     abennett@mofo.com
           lremus@mofo.com

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email:     akamdar@mofo.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and*
*Stability AI, Inc.*

Dated: March 31, 2025

Respectfully Submitted,

By: */s/ Angela Dunning*

Angela Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email:    adunning@cgsh.com
          sblankenship@cgsh.com

Amira Perryman
Arminda B. Bepko
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email:    aperryman@cgsh.com
          abepko@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

[PROPOSED] STIPULATED PROTECTIVE ORDER

Dated: March 31, 2025

Respectfully Submitted,

By: */s/ Paven Malhotra*

David Jason Silbert
Paven Malhotra
Bailey Wilson Heaps
Julia Leigh Greenberg
Luke P. Apfeld
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email:       dsilbert@keker.com
             pmalhotra@keker.com
             bheaps@keker.com
             jgreenberg@keker.com
             lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc.*

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury that I have read

5

in its entirety and understand the Stipulated Protective Order that was issued by the United States

6

District Court for the Northern District of California on [date] in the case of _____

7

*Andersen, et al. v. Stability AI Ltd., et al*, Case No. 3:23-cv-00201-WHO. I agree to comply with

8

and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10

of contempt. I solemnly promise that I will not disclose in any manner any information or item

11

that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for

14

the Northern District of California for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone

18

number] as my California agent for service of process in connection with this action or any

19

proceedings related to enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed name: _____
       [printed name]

24

Signature: _____
       [signature]

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER