[Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>    *Defendants*. | Case No. 3:23-cv-00201-WHO<br><br>**JOINT STATUS REPORT**<br><br>Discovery Conference Date: April 29, 2025<br>Time: 2:00 PM<br>Place: via Zoom<br>Judge: Hon. Lisa J. Cisneros |

Pursuant to the Court's April 9, 2025 Order (ECF No. 268), the Parties, by and through their undersigned counsel, respectfully submit this Joint Status Report in advance of the Discovery Status Conference on April 29, 2025. As requested by the Court, this report provides a joint proposed agenda for the Conference as well as the Parties' anticipated schedule for conducting discovery in this case.

I. **Joint Proposed Agenda**

The Parties jointly propose the following topics for discussion:

- **Discovery Progress Report**
    - The Parties engaged in a series of productive meet and confers on the Protective Order, ESI Order, and Deposition Protocol.
    - The Parties are continuing to meet and confer on the production of training data, including the contents, format of production, and volume of production.
    - The Parties are continuing to meet and confer on their respective written discovery requests, namely, Plaintiffs' requests for production, including requests on training data, and Defendants' requests for production and interrogatories.
    - The Parties intend to meet and confer on custodians and search terms soon.
    - The Parties anticipate document production will begin soon.
- **Proposed Revised Schedule:** The Parties jointly agree that, in an effort to further this good progress, they would benefit from a slightly modified case schedule, which is outlined below.

II. **Anticipated Schedule for Conducting Discovery**

A. **Joint Proposed Revised Schedule**

The Parties jointly propose the below revised case schedule for discovery, which modifies two dates (***bolded*** below). This proposal does not move the close of fact discovery or any subsequent dates.

| Event | Current Schedule | Proposed Revised Schedule |
|---|---|---|
| Substantial completion of production of training data | May 21, 2025 | May 21, 2025 |
| Substantial completion of document discovery | July 25, 2025 | ***October 3, 2025*** |

| | | |
|---|---|---|
| Producing party to produce privilege logs for any documents withheld on the basis of any privilege to date | August 26, 2025 | ***October 31, 2025*** |
| Deadline for parties to file amended pleadings | January 12, 2026 | January 12, 2026 |
| Close of fact discovery | March 13, 2026 | March 13, 2026 |

**B.     Additional Proposed Interim Discovery Deadlines**

**Defendants' Position:** To avoid unnecessary and burdensome scrambling near the close of fact discovery, Defendants respectfully request that this Court order the below interim discovery deadlines. These deadlines will help to streamline discovery and eliminate opportunities for gamesmanship, which is particularly important here given the profile and number of parties as well as the complexity of the issues in this case. *See* ECF No. 267 (J. Orrick Order) (emphasizing the importance of cooperation and "targeted discovery proportional to each defendant's size and alleged role in the actionable conduct").

| **Event** | **Proposed Deadline** | **Explanation** |
|---|---|---|
| Deadline to serve requests for production of documents without leave of Court or parties' agreement | July 16, 2025 | This deadline would allow sufficient time for the Parties to serve requests, meet and confer, investigate, and produce most documents by the substantial completion of document discovery deadline. If a party needs requests later based on new developments, such requests can be served by agreement or leave of Court. |
| Deadline to serve FRCP 30(b)(6) notice(s) (limited to 10 topics per Defendant*) | September 15, 2025 | This date allows sufficient time for objections, meet and confer, investigation, scheduling, preparation, and depositions. The topic limitation is beneficial as it reasonably (1) requires Plaintiffs to serve notices with appropriate scope for issues in the case; (2) is tailored to the time allotted for 30(b)(6) depositions (13 hours per Defendant); and thus (3) appropriately balances burden on Defendants, by limiting topics to those that can reasonably be prepared for and covered within time limits. |
| Deadline to notice any deposition(s) and subpoena(s) | February 13, 2026 | This date requires Parties to serve notices with sufficient time (1 month) before close of fact discovery, allowing time for objections, scheduling, preparation, and depositions. This is particularly important given the number of parties and the fact that there may be many dozens of depositions, which will require advance scheduling and planning. |

Case 3:23-cv-00201-WHO   Document 278   Filed 04/24/25   Page 4 of 9

Defendants respectfully also request that the Court adopt Judge Donato's rule regarding Rule 30(b)(6) deposition topics. *See* [Standing Order for Discovery in Civil Cases Before Judge Donato](#), ¶ 16(a). Namely, here, a party may seek 30(b)(6) depositions from another party on up to a total of 10 topics (for the entire case) described with reasonable particularity. If a 30(b)(6) notice includes an overbroad topic, that topic shall be unenforceable and may not later be replaced. An overbroad topic burns one of the 10 subject matters and cannot be replaced with a substitute unless the Court so orders.

**Plaintiffs' Position:** There is no need for Defendants' interim deadlines. No documents have yet been produced, and no deposition notices have been issued, let alone taken. Defendants have provided no basis to alter the limitations in the Federal Rules or as agreed by the Parties.

Defendants' interim RFP deadline (preceding the discovery cutoff by nearly a year) would frustrate the ESI discovery process in this complex and technical case. *See, e.g.*, *Integral Development Corp. v. Tolat*, 2013 WL 5120682, at *2 (N.D. Cal. Sep. 13, 2013) (recognizing parties can tailor further discovery from early productions). Indeed, each Defendant has acknowledged discovery will be iterative in their meet and confers with Plaintiffs. Conditioning the issuance of more RFPs so early in discovery, however, would frustrate the liberal and permissive discovery standard of Rule 34. In any event, this Court has already set a deadline that addresses Defendants' concerns—the fact discovery deadline. *See L.A. News. Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 933 (9th Cir. 2002) ("'The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial.'").

With respect to deposition limitations, the Parties have already negotiated a deposition protocol. Defendants now seek to subvert that Protocol by injecting new limitations on depositions which were raised for the first time mere days ago when Defendants provided a draft of this draft statement. Further, Defendants have provided no basis to depart from the limitations in the Federal Rules. *Sigwart v. U.S. Bank Nat'l Ass'n*, 2019 WL 2714496, at *2 (D. Hawaii Jan. 16, 2019) ("Rule 30(b)(6) does not limit the number of matters for examination."); *Lam v. City and Cnty of San Francisco*, 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011) ("[T]here is no fixed rule because the reasonableness of the notice [under Rule 30(b)(1)] must be evaluated in light of the circumstances of each particular case."); *see also Sigwart*, 2019 WL 2714496, at *2 (notice that included 70 30(b)(6) topics adequate).

Case No. 3:23-cv-00201-WHO   3   JOINT STATUS REPORT

2929880

| | | |
|---|---|---|
| 1 | Dated: April 24, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/Joseph R. Saveri |
| 4 | | Joseph R. Saveri (SBN 130064)<br>Cadio Zirpoli (SBN 179108) |
| 5 | | Christopher K.L. Young (SBN 318371)<br>Evan Creutz (SBN 349728) |
| 6 | | Elissa A. Buchanan (SBN 249996)<br>**JOSEPH SAVERI LAW FIRM, LLP** |
| 7 | | 601 California Street, Suite 1505<br>San Francisco, California 94108 |
| 8 | | Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940 |
| 9 | | Email:     jsaveri@saverilawfirm.com |
| 10 | | czirpoli@saverilawfirm.com<br>cyoung@saverilawfirm.com |
| 11 | | eabuchanan@saverilawfirm.com<br>ecreutz@saverilawfirm.com |
| 12 | | |
| 13 | | Matthew Butterick (State Bar No. 250953) |
| 14 | | 1920 Hillhurst Avenue, #406<br>Los Angeles, CA 90027 |
| 15 | | Telephone: (323) 968-2632<br>Facsimile: (415) 395-9940 |
| 16 | | Email: mb@butterickslaw.com |
| 17 | | Brian D. Clark (*pro hac vice*) |
| 18 | | Laura M. Matson (*pro hac vice*)<br>Arielle Wagner (*pro hac vice*) |
| 19 | | Eura Chang (*pro hac vice*)<br>**LOCKRIDGE GRINDAL NAUEN PLLP** |
| 20 | | 100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401 |
| 21 | | Telephone:  (612)339-6900 |
| 22 | | Facsimile:   (612)339-0981<br>Email:      bdclark@locklaw.com |
| 23 | | lmmatson@locklaw.com<br>aswagner@locklaw.com |
| 24 | | echang@locklaw.com |
| 25 | | *Counsel for Individual and Representative* |
| 26 | | *Plaintiffs and the Proposed Class* |
| 27 | | |
| 28 | | |


Dated: April 24, 2025                          Respectfully Submitted,

                                      By:  */s/Andrew Gass*

                                      Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: andrew.gass@lw.com
        michael.rubin@lw.com
        brittany.lovejoy@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: April 24, 2025                          Respectfully Submitted,

                                      By:  */s/ Aditya Vijay Kamdar*

Joseph Charles Gratz
Eoin Paul Connolly
Tiffany Cheung
Timothy Chen Saulsbury
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
        econnolly@mofo.com
        tcheung@mofo.com
        tsaulsbury@mofo.com

Laura Gilbert Remus
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: abennett@mofo.com
        lremus@mofo.com

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037

Telephone: (202) 887-1500
Email: akamdar@mofo.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

Dated: April 24, 2025                    Respectfully Submitted,

By: */s/ Angela Dunning*

Angela Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
         sblankenship@cgsh.com

Amira Perryman
Arminda B. Bepko
Vishakha Joshi
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: aperryman@cgsh.com
         abepko@cgsh.com
         vjoshi@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: April 24, 2025                    Respectfully Submitted,

By:  */s/ Bailey W. Heaps*

David J. Silbert
Paven Malhotra
Bailey W. Heaps
Julia L. Greenberg
Luke P. Apfeld
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: dsilbert@keker.com
          pmalhotra@keker.com
          bheaps@keker.com
          jgreenberg@keker.com
          lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc.*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: April 24, 2025

*/s/ Joseph R. Saveri*
Joseph R. Saveri