[Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUTKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS; <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC., <br><br> *Defendants*. | Case No. 3:23-cv-00201-WHO <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: May 6, 2025 <br> Time: 2:00 PM <br> Place: via Zoom <br> Judge: Hon. William H. Orrick |

Pursuant to Civil Local Rule 16-9, the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Clerk's Notice Resetting Zoom Hearing, dated December 16, 2024 (ECF No. 253), counsel for Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, Adam Ellis, and the proposed class (together, "Plaintiffs") and Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"), Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") respectfully submit this Joint Case Management Statement in advance of the Case Management Conference set for May 6, 2025.

**1.      Jurisdiction and Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as this action alleges violations of the U.S. Copyright Act (17 U.S.C. § 501). All parties have been served.

**2.      Facts**

The Parties have no updates regarding the facts in this case to bring to the Court's attention and incorporate by reference their Statements of Facts from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary. *See* ECF No. 252 at 1-2.

**3.      Legal Issues**

The Parties have no updates regarding the legal issues in this case to bring to the Court's attention and incorporate by reference their Statements of Legal Issues from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary. *See* ECF No. 252 at 2.

**4.      Motions**

There are no motions pending at this time. The parties hope to resolve discovery disputes without judicial intervention but anticipate that discovery motions may be necessary. The parties also anticipate Plaintiffs will file a motion for class certification under Rule 23, which Defendants intend to oppose. The Parties also anticipate filing motions for summary judgment or adjudication under Rule 56.

**5.    Amendment of Pleadings**

The Parties have no updates regarding the amendment of pleadings to bring to the Court's attention and incorporate by reference their Statements regarding Amendment of Pleadings from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary.[1] *See* ECF No. 252 at 3-4.

**6.    Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) on October 8, 2024, regarding preservation of evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. In addition, the operative ESI Protocol in this case reiterates the parties' preservation obligations. *See* ECF No. 275.

**7.    Disclosures**

Plaintiffs and Defendants have served their Federal Rule of Civil Procedure 26(a) initial disclosures. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

**8.    Discovery**

    **a.    Scope of Discovery**

The Parties are continuing to meet and confer as to each side's propounded discovery requests and have no updates regarding the scope of discovery to bring to the Court's attention.  The parties incorporate by reference their Statements regarding the Scope of Discovery from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report, reserving the right to revise them as necessary. *See* ECF No. 252 at 4-5.

    **b.    Completion of Discovery**

On April 28, 2025, Plaintiffs made their first production of 281 documents. The Parties are continuing to meet and confer on the production of training data, including the contents, format of production, and volume of production.  The Parties also are continuing to meet and confer on their respective written discovery requests, namely, Plaintiffs' requests for production, including requests on

---

[1] Plaintiffs note that the Plaintiff-Appellants have filed their opening brief in *Doe, et al v. Github, Inc. et al.*, No. 24-7700, ECF No. 18 (9th Cir. Apr. 9, 2025).

training data, and Defendants' requests for production and interrogatories. The Parties intend to meet and confer on custodians and search terms soon. The Parties also anticipate document production will begin soon. The Parties jointly agree that their efforts to further this good progress would benefit from a slightly modified schedule for discovery, which they submitted to Magistrate Judge Cisneros for her consideration on April 24, 2025. ECF No. 278 ("Joint Status Report").  In the Joint Status Report, Defendants also proposed additional interim deadlines in connection with the Parties' proposed modifications to the discovery schedule, which Plaintiffs opposed.  On April 29, 2025, Magistrate Judge Cisneros held a status conference with the parties during which the Magistrate Judge set the following deadlines (ECF No. 282):

| **Event** | **Prior Deadline** | **Revised Deadline** |
| --- | --- | --- |
| Substantial completion of document discovery | July 25, 2025 | October 3, 2025 |
| Producing party to produce privilege logs for any documents withheld on the basis of any privilege to date | August 26, 2025 | October 31, 2025 |
| Deadline to serve FRCP 30(b)(6) notice(s) | N/A | November 14, 2025 |
| Deadline to notice any deposition(s) and subpoena(s) | N/A | February 13, 2026 |

    **c.  Preservation and Production of Electronically Stored Information**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative ESI Protocol in this case is docketed at ECF No. 275.

    **d.  Protective Order**

In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, the operative Protective Order in this case is docketed at ECF No. 276.

### e. Privilege

Privilege issues, including privilege logging, are addressed in the Court's March 19, 2025, Order. ECF No. 260. The Protective Order incorporates a Rule 502(d) agreement governing the inadvertent production of privileged materials. ECF No. 276 § 16.

### f. Deposition Logistics

Pursuant to Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative Deposition Protocol in this case is docketed at ECF No. 274.

### g. Discovery Issues and Potential Disputes

The Parties do not have any current discovery disputes to raise with the Court, and are continuing to meet and confer on discovery matters.

### h. Narrowing of Issues

No issues have yet been narrowed by agreement or by motion. The parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

## 9. Class Action

This case is a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:** Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the exclusive control of Defendant. Upon information and belief, Plaintiffs believe and allege that the number of class members is in the millions. Plaintiffs allege that, like all class members, their copyright-protected Works were used to train Defendants' Models. Plaintiffs allege all members of the class have been similarly injured by Defendants' conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and that those issues predominate over any question affecting only individual class members. These common legal and factual issues include: whether Defendants violated the copyrights of Plaintiffs and the class when it downloaded copies of Plaintiffs' copyrighted Works and used them to train Defendants' models; whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein, and the appropriate scope of that injunction; whether Defendant Midjourney misappropriated Plaintiffs and Class members' trade dress by generating images imitating

the trade dress of Plaintiffs and Class members; whether Defendant Midjourney caused confusion about Plaintiffs and Class members' endorsement of, or affiliation with, the Midjourney product; whether any affirmative defense (including fair use) excuses Defendants' conduct; and the amount of damages.

**Defendants' Statement:**

This action should not be certified as a class action. Defendants are aware of no facts showing that Plaintiffs are entitled to maintain this action under Federal Rule of Civil Procedure 23(a) and (b). Defendants intend to oppose any motion for any class certification at the appropriate time.

10. **Related Cases**

The parties are aware of one additional case brought on behalf of artists with registered copyrights involving certain Defendants' Models: *Getty Images (US), Inc. v. Stability AI, Inc.*, No. 1:23-cv-00135 (D. Del. filed Feb. 6, 2023).

Defendants deny that this is a related case within the meaning of Local Rule 3-12.

11. **Relief**

**Plaintiffs' Statement:** Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505, 15 U.S.C. § 1117, or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after January 13, 2023, the date the Complaint was first served on Midjourney, Stability AI, and DeviantArt, and November 29, 2023, the date the FAC was first served on Runway.

**Defendants' Statement:**

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants do not seek relief at this time other than attorneys' fees and costs if they prevail.

12. **Settlement and ADR**

ADR Certifications pursuant to ADR Local R. 3-5(b) were filed by Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang on May 9, 2024 (ECF Nos. 200-203, 205-206) and by Plaintiffs Andersen and Ortiz on August 16, 2023 (ECF Nos.101, 103). Defendant Stability AI filed its

certification on September 12, 2023 (ECF Nos. 109) and DeviantArt filed its certification on August 29, 2023 (ECF No. 106). Defendant Runway filed its certification on October 15, 2024 (ECF No. 233). Defendant Midjourney filed its certification on October 21, 2024 (ECF No. 234). The parties continue to meet and confer on an ADR plan.

**13.  Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time. The parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

**14.  Narrowing of Issues**

Plaintiffs have voluntarily dismissed their DMCA claims pursuant to Plaintiffs' Notice of Voluntary Dismissal. ECF No. 241. No other issues have been narrowed by agreement or by motion.

**15.  Scheduling**

    **a.  Expedited Trial Procedures**

The parties agree that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

    **b.  Case Schedule**

The case schedule adopted by the Court is shown in Exhibit A to ECF No. 235, as modified by ECF Nos. 240 and 282.

**16.  Trial**

The case will be tried before a jury. Trial has been set for April 5, 2027, at 8:30am. ECF No. 240. Plaintiffs anticipate a 14-day trial.  Defendants believe it is premature to estimate the length of trial at this time.

**17.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs Andersen and Ortiz originally filed a Certification of Interested Entities or Persons on January 20, 2023. ECF No. 9. Along with Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang, they also filed Certification of Interested Entities or Persons on April 25, 2025. ECF No. 279. Certifications of Interested Entities or Persons were filed by DeviantArt on February 6, 2023. ECF No.

34; Midjourney on February 23, 2023, ECF No. 48; Stability AI on April 18, 2023. ECF Nos. 56-57; and Runway on January 10, 2024. ECF No. 150.

**18.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| | By: /s/ Joseph R. Saveri |
| | Joseph R. Saveri (SBN 130064) |
| | Cadio Zirpoli (SBN 179108) |
| | Christopher K.L. Young (SBN 318371) |
| | Evan Creutz (SBN 349728) |
| | Elissa A. Buchanan (SBN 249996) |
| | Melissa Tribble (SBN 339098) |
| | **JOSEPH SAVERI LAW FIRM, LLP** |
| | 601 California Street, Suite 1505 |
| | San Francisco, California 94108 |
| | Telephone: (415) 500-6800 |
| | Facsimile: (415) 395-9940 |
| | Email: jsaveri@saverilawfirm.com |
| |       cyoung@saverilawfirm.com |
| |       czirpoli@saverilawfirm.com |
| |       eabuchanan@saverilawfirm.com |
| |       ecreutz@saverilawfirm.com |
| |       mtribble@saverilawfirm.com |
| | |
| | Matthew Butterick (SBN 250953) |
| | 1920 Hillhurst Avenue, #406 |
| | Los Angeles, CA 90027 |
| | Telephone: (323) 968-2632 |
| | Facsimile: (415) 395-9940 |
| | Email: mb@buttericklaw.com |
| | |
| | Maxwell Pritt (SBN 253155) |
| | Joshua Stein (SBN 298856) |
| | Margaux Poueymirou (SBN 356000) |
| | **BOIS SCHILLER FLEXNER LLP** |
| | 44 Montgomery Street |
| | 41st Floor |
| | San Francisco, CA 94104 |
| | 415-293-6813 |
| | Email: mpritt@bsfllp.com |
| |       jstein@bsfllp.com |
| |       mpoueymirou@bsfllp.com |

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
       lmmatson@locklaw.com
       aswagner@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: April 29, 2025                 Respectfully submitted,

By: */s/ Joseph C. Gratz*
Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
tcheung@mofo.com
tsaulsbury@mofo.com

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| | By: */s/ Angela Duning* |
| | Angela Dunning |
| | Sam Blankenship |
| | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| | 1841 Page Mill Road, Suite 250 |
| | Palo Alto, CA 94304-1248 |
| | Telephone: (650) 815-4131 |
| | Email: adunning@cgsh.com |
| | sblankenship@cgsh.com |
| | |
| | Amira Perryman |
| | Arminda B. Bepko |
| | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| | One Liberty Plaza |
| | New York, NY 10006 |
| | Telephone: (212) 225-2517 |
| | Email: aperryman@cgsh.com |
| | abepko@cgsh.com |
| | |
| | *Counsel for Defendant Midjourney, Inc.* |
| Dated: April 29, 2025 | Respectfully submitted, |
| | By: */s/ Paven Malhotra* |
| | Paven Malhotra |
| | David Jason Silbert |
| | Bailey Wilson Heaps |
| | Julia Leigh Greenberg |
| | Luke P. Apfeld |
| | **KEKER VAN NEST & PETERS LLP** |
| | 633 Battery Street |
| | San Francisco, California 94111-1809 |
| | Telephone: (415) 391-5400 |
| | Email: dsilbert@keker.com |
| | pmalhotra@keker.com |
| | bheaps@keker.com |
| | jgreenberg@keker.com |
| | lapfeld@keker.com |
| | |
| | *Counsel for Defendant Runway AI, Inc.* |

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| | By: */s/ Andrew Gass* |
| | Andrew M. Gass |
| | Michael H. Rubin |
| | Brittany N. Lovejoy |
| | **LATHAM & WATKINS LLP** |
| | 505 Montgomery Street, Suite 2000 |
| | San Francisco, California 94111-6538 |
| | Telephone: (415) 391-0600 |
| | Email: andrew.gass@lw.com |
| | michael.rubin@lw.com |
| | brittany.lovejoy@lw.com |
| | |
| | *Counsel for Defendant DeviantArt, Inc.* |

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: April 29, 2025                                          */s/ Joseph R. Saveri*
                                                                          Joseph R. Saveri