1  JOSEPH C. GRATZ (CA SBN 240676)
   JGratz@mofo.com
2  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
3  TIMOTHY CHEN SAULSBURY (CA SBN 281434)
   TSaulsbury@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:  415.268.7000
6  Facsimile:  415.268.7522

7  MARK A. LEMLEY (CA SBN 155830)
   mlemley@lex-lumina.com
8  LEX LUMINA PLLC
   745 Fifth Avenue, Suite 500
9  New York, New York 10151
   Telephone:  646.898.2055
10 Facsimile:  646.906.8657

11 Attorneys for Defendants
   STABILITY AI LTD. and STABILITY AI, INC.
12
   *[Additional counsel on signature page]*
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., ET AL.,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 316) PURSUANT TO CIVIL L.R. 72-2**<br><br>Judge:  Hon. William H. Orrick |

## I. INTRODUCTION

Plaintiffs' proposed expert, Dr. Ben Zhao, is the lead developer of "Nightshade" and other software tools whose stated purpose is to "poison" and "disrupt" the very AI image models at the heart of this litigation. This is not a theoretical or past endeavor, but an ongoing, escalating threat against Defendants' models. While this dispute has been pending, Dr. Zhao co-authored a new paper on his latest data poisoning tool, "Hemlock," and announced plans for its public release "for potential use by visual artists." Zhao et al., "On the Feasibility of Poisoning Text-to-Image AI Models via Adversarial Mislabeling" at 12 (June 27, 2025), https://arxiv.org/pdf/2506.21874 (Gratz Decl. Ex. A). This newest project squarely implicates the very confidential information at issue here: Dr. Zhao complains that "[w]e are unable to obtain any concrete information about training data or source of image captions for" the SDXL model, one of the Stability AI models whose training data Plaintiffs seek to allow Dr. Zhao to inspect. *Id.* at 3. Dr. Zhao says that his results "suggest[] a cat-and-mouse game that is likely to reduce the quality of training data and increase the cost of text-to-image model development." *Id.* at 1. Dr. Zhao is the cat, Defendants are the mice, and Plaintiffs' proposal is that the cat gets to view the confidential information of the mice while leading a project to build better mousetraps.

Magistrate Judge Cisneros correctly rejected this proposal, finding that giving Dr. Zhao access to Defendants' most sensitive trade secrets—their source code and training data—would create an unacceptable risk of harm. The court's order properly applied the law to the facts and should be affirmed. Magistrate Judge Cisneros rightly focused on the substance of Dr. Zhao's adversarial work, not on formalistic labels, and found that his mission to sabotage Defendants' technologies created a clear conflict. The court further found that Plaintiffs had failed to show that Dr. Zhao was uniquely qualified, such that Plaintiffs' choice of expert should override this conflict. And the court appropriately tailored its ruling to that conflict, imposing no impediment to Dr. Zhao serving as an expert for Plaintiffs so long as he is precluded from viewing Defendants' most sensitive information. Plaintiffs have failed to show that this balanced and well-supported decision was clearly erroneous or contrary to law, and it should be affirmed.

## II. LEGAL STANDARD

A magistrate judge's nondispositive pretrial order must be affirmed unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). A factual determination is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (citation omitted). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2025 WL 445793, at *1 (N.D. Cal. Feb. 10, 2025) (citation omitted).

## III. THE COURT CORRECTLY FOUND THAT DR. ZHAO'S ADVERSARIAL WORK POSES AN UNACCEPTABLE RISK OF HARM.

### A. The Court Applied the Proper Legal Standard by Focusing on the Substance of the Conflict.

There is "no bright-line rule for expert disqualification." Order at 2 (quoting *Kane v. Chobani, Inc.*, No. 12-CV-02425, 2013 WL 3991107, at *5 (N.D. Cal. Aug. 2, 2013)). Instead, courts must weigh the "risk of competitive harm arising from disclosure . . . against the showing made as to the need for the particular expert or consultant to access the confidential information." *Id.* The Parties expressly adopted this framework in the Protective Order. *See* ECF No. 276 ¶ 4. This is the precise analysis Magistrate Judge Cisneros performed.

Plaintiffs propose a rigid, bright-line rule that permits any expert to obtain a party's highly confidential materials so long as they do not have a for-profit competitor relationship. First, no court has ever suggested that disqualification is limited to such narrow circumstances. Second, such a rule would undermine the very purpose of the standard, which is to protect against the risk of harmful use of sensitive information, regardless of an expert's title or affiliation. The focus is on the nature of the harm, not how the expert describes the nature of their work. This flexibility is especially crucial in unprecedented situations like this, where an academic leads a project dedicated to creating "offensive tool[s]"—with millions of downloads—to sabotage Defendants'

core technologies. ECF No. 300 at 4. Plaintiffs' rule elevates form over function.

Plaintiffs attempt to distinguish *Voice Domain Techs., LLC v. Apple, Inc.* by labeling the parties there "corporate competitors." No. 13-40138-TSH, 2014 WL 5106413, at *4 (D. Mass. Oct. 8, 2014) (collecting cases). But the court ruled not based on the expert's formal affiliation, but whether the individual was "especially situated to take positions that are directly harmful and antagonistic" to the other parties. Order at 3 (quoting *Voice Domain*, 2014 WL 5106413, at *4); *see also, e.g.*, *R.R. Donnelley & Sons Co. v. Quark, Inc.*, No. CIVA 06-032 JJF, 2007 WL 61885, at *2 n.2 (D. Del. Jan. 4, 2007) (barring expert's access to non-direct competitor's "trade secrets and other sensitive information" because they "could potentially be of value to Plaintiff"). Plaintiffs essentially ask for an unsupported carve-out for academics from this analysis, no matter the harm that may come from the disclosure. But the standard is concerned with the risk an expert poses, not their profession. Dr. Zhao's mission to sabotage Defendants' technology places him squarely within this principle, and Magistrate Judge Cisneros's application of it was correct.

### B. The Finding of Potential Harm Is Clearly Supported by the Record.

Magistrate Judge Cisneros's factual finding that disclosing Defendants' highly confidential source code and training data information to Dr. Zhao poses a significant risk of harm is amply supported by the record and is therefore not clearly erroneous. Dr. Zhao's own work is the most compelling evidence of this risk. He is the public face and lead developer of Nightshade, which he and his team market as an "offensive tool" designed to "disrupt models" by "poisoning" data that can be used to train Defendants' technologies. ECF No. 300 at 4. The court rightly found, crediting Dr. Zhao's own declaration, that his work aims to make Defendants' models "less reliable." Order at 3. His tools are at "cross-purposes with Defendants' models," which "puts him in an 'adversarial posture' vis-à-vis Defendants." *Id.* at 4.

Given this context, Dr. Zhao's attestation that access to Defendants' closely guarded training data and proprietary code would provide no benefit to his research strains credulity. ECF No. 300-1 ¶ 12. Magistrate Judge Cisneros correctly recognized the inherent and unavoidable conflict, finding that, even with the best intentions, the risk of inadvertent disclosure was too

high, as the information could "'become intertwined with his other knowledge such that' it may be disclosed 'in the course of his future work." Order at 4 (quoting *GPNE Corp. v. Apple Inc.*, No. 5:12-cv-2885-LHK (PSG), 2014 WL 1027948, at *2 (N.D. Cal. Mar. 13, 2014); *Symantec Corp. v. Acronis Corp.*, No. 11-5310, 2012 WL 3582974, at *2 (N.D. Cal. Aug. 20, 2012)).

The court's conclusion was further supported by the fact that Dr. Zhao "has not agreed to cease developing other so-called 'data-poisoning tools' during the course of this litigation"—indeed, his most recent Hemlock project only confirms this point and the ongoing risk he poses. Order at 4. In response, Plaintiffs complain that any voluntary, temporary research restrictions would violate Dr. Zhao's First Amendment rights. ECF No. 325 at 4 n.2. Under Plaintiffs' logic, the Protective Order *that Plaintiffs agreed to*, which requires individuals receiving highly confidential information to accept a similar limitation on their First Amendment right to petition the government by agreeing to a two-year patent prosecution bar, would be unconstitutional.

## IV. THE COURT CORRECTLY FOUND THAT PLAINTIFFS FAILED TO JUSTIFY THEIR NEED FOR A CONFLICTED EXPERT.

Given the court's finding that Defendants had demonstrated that disclosure to Dr. Zhao "poses a risk of harm," it was proper to shift the burden to Plaintiffs to justify their insistence on using him by showing he possesses "'unique knowledge within' the field of AI image generation." Order at 4 (quoting *Symantec*, 2012 WL 3582974, at *2); *accord GPNE*, 2014 WL 1027948, at *1–2. Plaintiffs' attempt to narrowly cabin this legal principle to the specific facts of *Symantec* is unavailing. In *Symantec*, the court barred an expert who merely *worked with* a competitor. 2012 WL 3582974, at *2–3. Here, Dr. Zhao *himself* is engaged in activity designed to harm Defendants. The risk he poses is far more direct. The principle from *Symantec* is not so rigid: it applies to situations like this one where the expert's work creates a significant and ongoing risk of misuse of an opposing party's secrets.

Magistrate Judge Cisneros's factual findings that Plaintiffs failed to meet their burden are not clearly erroneous and should be affirmed. ***First***, the conclusion that Dr. Zhao is not uniquely qualified was based on specific, undisputed evidence that, while AI image generation is a specialized field, it is not so niche that there is only one qualified expert. Order at 5. The court

correctly pointed to three key pieces of evidence: the "numerous academic papers addressing text-to-image generation" written by "hundreds of authors" (Order at 5 (citing ECF No. 303 at 2)); that Plaintiffs' counsel already retained another expert in a parallel case (*id.*); and Plaintiffs' concession that Dr. Zhao is merely "*one of*" the preeminent researchers in the field (*id.* n.4 (citing ECF No. 302 at 2, 3 (emphasis in order))). These findings are well supported and do not evoke the "definite and firm conviction that a mistake has been committed" required to overturn them.

   ***Second***, Magistrate Judge Cisneros correctly found Plaintiffs failed to make a particularized showing that "other experts could not provide" Dr. Zhao's expertise. Order at 5 (quoting and citing ECF No. 303 at 1; *GPNE*, 2014 WL 1027948, at *1). As Defendants pointed out, Plaintiffs provided no account of any diligence they conducted—no literature review, no search of faculty at computer science departments, no outreach to professional organizations—before concluding that Dr. Zhao was "virtually irreplaceable." ECF No. 303 at 1–2. Bizarrely, Plaintiffs try again now to flip this burden, arguing that **Defendants** have failed to identify a suitable alternative expert for them. This is improper. It falls to Plaintiffs, if they choose to present expert testimony in support of their claims, to identify and retain a qualified, non-conflicted expert to support their case. Plaintiffs' failure to meet their burden, combined with their attempt to shift it, confirms that Magistrate Judge Cisneros's finding was correct.

## V. CONCLUSION

   Magistrate Judge Cisneros's order was a careful and correct application of law to fact. The care the court took is evidenced by the fact that it requested multiple supplemental filings on the issue and heard oral argument before ruling. ECF Nos. 300, 301, 302, 303, 305, 308, 309. The court correctly focused on the substance of the conflict—that Dr. Zhao's work is dedicated to sabotaging the very technology at issue in this case—and properly found an unacceptable risk of harm. The court also correctly found that Plaintiffs failed to show a compelling need for this conflicted expert, especially given their own concessions that other qualified experts exist.

   Because Plaintiffs have not shown the order was contrary to law or clearly erroneous, Defendants respectfully request this Court affirm the order and deny Plaintiffs' motion.

| | | |
|---|---|---|
|1| Dated: August 14, 2025 | Respectfully submitted, |
|2| | |
|3| | By: */s/ Joseph C. Gratz* |
|4| | Joseph Charles Gratz<br>Tiffany Cheung<br>Timothy Chen Saulsbury |
|5| | **MORRISON & FOERSTER LLP**<br>425 Market Street |
|6| | San Francisco, California 94105<br>Telephone: (415) 268-7000 |
|7| | Email: jgratz@mofo.com<br>        tcheung@mofo.com |
|8| |        tsaulsbury@mofo.com |

(continuing)

Aditya Vijay Kamdar
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Christopher R. Adler
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Attorneys for Defendants Stability AI Ltd. and Stability AI, Inc.*

| | | |
|---|---|---|
| 1 | Dated: August 14, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Angela Dunning* |
| 4 | | Angela Dunning<br>Sam Blankenship |
| 5 | | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| 6 | | 1841 Page Mill Road, Suite 250<br>Palo Alto, CA 94304-1248 |
| 7 | | Telephone: (650) 815-4131<br>Email: adunning@cgsh.com |
| 8 | | sblankenship@cgsh.com |
| 9 | | Amira Perryman<br>Arminda B. Bepko |
| 10 | | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| 11 | | One Liberty Plaza<br>New York, NY 10006 |
| 12 | | Telephone: (212) 225-2517<br>Email: aperryman@cgsh.com |
| 13 | | abepko@cgsh.com |
| 14 | | *Attorneys for Defendant Midjourney, Inc.* |
| 15 | | |
| 16 | Dated: August 14, 2025 | Respectfully submitted, |
| 17 | | |
| 18 | | By: */s/ Paven Malhotra* |
| 19 | | Paven Malhotra |
| 20 | | David Jason Silbert<br>Bailey Wilson Heaps |
| 21 | | Julia Leigh Greenberg<br>Luke P. Apfeld |
| 22 | | **KEKER VAN NEST & PETERS LLP**<br>633 Battery Street |
| 23 | | San Francisco, California 94111-1809<br>Telephone: (415) 391-5400 |
| 24 | | Email: pmalhotra@keker.com<br>dsilbert@keker.com |
| 25 | | bheaps@keker.com<br>jgreenberg@keker.com |
| 26 | | lapfeld@keker.com |
| 27 | | *Attorneys for Defendant Runway AI, Inc.* |
| 28 | | |

Opp. to Mtn. for Relief from Non-
dispositive Pretrial Order of Mag. Judge                7
Case No. 3:23-cv-00201-WHO

| | | |
|---|---|---|
| 1 | Dated: August 14, 2025 | Respectfully submitted, |
| 3 | | By: */s/ Brittany N. Lovejoy* |
| 4 | | Andrew M. Gass |
| 5 | | Michael H. Rubin<br>Brittany N. Lovejoy<br>**LATHAM & WATKINS LLP** |
| 6 | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538 |
| 7 | | Telephone: (415) 391-0600<br>Email: andrew.gass@lw.com |
| 8 | |        michael.rubin@lw.com<br>       brittany.lovejoy@lw.com |
| 10 | | Sarah F. Mitchell<br>**LATHAM & WATKINS LLP** |
| 11 | | 355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071 |
| 12 | | Telephone: (213) 485-1234<br>Email: sarah.mitchell@lw.com |
| 13 | | *Attorneys for Defendant DeviantArt, Inc.* |

**FILER'S ATTESTATION**

Pursuant of Civil L.R. 5-1, the filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: August 14, 2025

/s/ Joseph C. Gratz<br>
JOSEPH C. GRATZ