# EXHIBIT A

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterricklaw.com

**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
415-293-6800
Email: mpritt@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>  Defendants. | Case No. 23-CV-00201-WHO (LJC)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (ECF NO. 316)** |

Plaintiffs respectfully submit this reply to their Rule 72 objection (ECF No. 325) solely to address new evidence—the Hemlock paper—submitted by Defendants for the first time in their response.[1]  *See* ECF No. 331 at 1; *See also* ECF No. 331-3.  The "oft-stated rule is that a district court may not receive further evidence when reviewing a nondispositive matter under 28 U.S.C. § 636(b)(1)(A)."  *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 366 (D. Kan. 1998) (collecting cases); *see also Young v. Kraus*, 15-CV-00383 LEK-KSC, 2017 WL 4560129, at *2 (D. Haw. Oct. 12, 2017).  Thus, the Court should decline to consider the Hemlock paper.

Even if the Court did consider the paper, however, it simply confirms that Defendants' objection to Dr. Zhao rests entirely on their novel "functional competitor" theory, which lacks any support in the record or the caselaw.[2]  Defendants assert that the Hemlock paper "squarely implicates the very confidential information at issue here."  ECF No. 331 at 1.  That is a gross mischaracterization.  The paper concerns "mislabeling" captions in image-to-text systems, ***not*** the text-to-image models whose source code and data form any confidential material in this case. What is worse, there is no cognizable evidence to support that theory in the record before this Court let alone any real showing that the Protective Order is not adequate.  That makes it all the more important that the Court reject this newfangled approach in light of Defendants' burden.[3]  Thus, any asserted link to Defendants' confidential business information fails.[4]

---

[1] This is the first time Defendants have actually presented the Hemlock article itself, rather than merely noting its title in passing.  See ECF No. 303 at 2.  Defendants' earlier reference contained no substance for the Court to evaluate.  Moreover, Defendants repeatedly emphasize the word "poison," as though such rhetoric could serve as cognizable evidence that serves to satisfy defendants' burden.  But rhetoric is no substitute for evidence.  Whether Dr. Zhao titled a paper "Hemlock" or "Nightshade" has nothing to do with whether he is a "competitor" under the Protective Order.

[2] Defendants' lead case, *Voice Domain*, concerned an employee of the plaintiff company who was "the sole employee of Voice Domain."  ECF No. 325 at 3, citing *Voice Domain Techs., LLC v. Apple*, No. 13-40138-TSH, 2014 WL 5106413, at *5 (D. Mass. Oct. 8, 2014).  Dr. Zhao is a professor at the University of Chicago, not an employee of any company.  That case is thus entirely inapt.  Academic research is not competition.  And while Defendants again assert, without support, that Plaintiffs can find "hundreds" of other experts (ECF No. 331 at 5), they still cannot identify a single person who meets the criteria Plaintiffs detailed: a U.S.-based, non-industry, experienced image-generation scholar who is able to testify (and do so persuasively).

[3] Defendants assert that, once they have shown a risk of harm, the burden shifts to Plaintiffs to justify their choice of expert by showing "unique knowledge within" the field of AI image generation (ECF No. 331 at 4–5, citing Order at 4).  However, Defendants provide no authority supporting a categorical burden shift in these circumstances, and the protective order itself places the burden on the party opposing disclosure to prove that the risk of harm outweighs the receiving party's need (ECF 316 at 2, quoting ECF No. 276 at ¶ 7.4).  The record does not support Defendants' assertion that the burden has shifted.

[4] To the extent Defendants now contend that their training datasets are a "trade secret," that assertion

Dr. Zhao's declaration, filed concurrently, confirms that his research does not involve or depend on any of Defendants' proprietary systems, training data, or source code. As Dr. Zhao explains, "Hemlock, and the paper describing it, do not concern Stability AI's proprietary systems or any company's internal training pipelines. The work studies attacks on vision-language models ('VLMs') that generate captions for images (image-to-text), not text-to-image diffusion models." Declaration of Dr. Ben Zhao, ¶ 3. He further explains, "The VLMs evaluated in the paper are external/public tools that some companies sometimes use in training models. The paper examines components outside of proprietary training pipelines." *Id.* ¶ 4. Dr. Zhao also reaffirms he will not use any confidential information to pursue his academic projects or otherwise "compete" with Defendants. *Id.* ¶¶ 5-10. Accordingly, even if the Court considers Defendants' new evidence, Dr. Zhao's sworn declaration would allay any concerns related to the Hemlock paper.

For the reasons set forth in Plaintiffs' Rule 72 objection and above, the Court should set aside the Magistrate Judge's Order and permit Dr. Zhao to review Defendants' confidential material subject to the Protective Order.

---

strains credulity. Trade secrecy protects secrets; calling a dataset assembled by mass-scraping the Internet, largely from other people's works, a "secret" makes as much sense as calling the phone book confidential.

Dated: August 19, 2025

By: */s/ Joshua Michelangelo Stein*
Maxwell V. Pritt (SBN 253155)
Joshua Michelangelo Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
Mariah Joelle Noah (SBN 339658**)**
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street
41st Floor
San Francisco, CA 94104
415-293-6813
Email: mpritt@bsfllp.com
        jstein@bsfllp.com
        mpoueymirou@bsfllp.com
        mnoah@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        eabuchanan@saverilawfirm.com
        ecreutz@saverilawfirm.com
        acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterickaw.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

**BOIES SCHILLER FLEXNER LLP**
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
415-293-6800
Email: mpritt@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., et al., <br><br> Defendants. | Case No. 23-CV-00201-WHO (LJC) <br><br> **DECLARATION OF DR. BEN YANBIN ZHAO** |

I, Ben Yanbin Zhao, declare as follows:

1. I am the Neubauer Professor of Computer Science at the University of Chicago, a Fellow of the Association for Computing Machinery, and co-director of the UChicago Security, Algorithms, Networks, and Data (SAND) Lab. I teach and mentor undergraduate and Ph.D. students in numerous courses related to artificial intelligence. Over the years, I have led numerous projects related to artificial intelligence, including projects funded by the National Science Foundation, Department of Defense, and industry research groups. Prior to starting my faculty career 21 years ago, I received my Ph.D. from UC Berkeley, and my Bachelor of Science from Yale University.

2. I understand Defendants' Opposition to Plaintiffs' Rule 72 motion cites my recent paper concerning "Hemlock."

3. Hemlock, and the paper describing it, do not concern Stability AI's proprietary systems or any company's internal training pipelines. The work studies attacks on vision-language models ("VLMs") that generate captions for images (image-to-text), not text-to-image diffusion models.

4. The VLMs evaluated in the paper are external/public tools that some companies sometimes use in training models. The paper examines components outside of proprietary training pipelines.

5. Hemlock does not benefit from, nor does it impact, open source text-to-image models such as Stable Diffusion in the manner suggested by Defendants. Hemlock's focus is on captioning systems, not on text-to-image model internals.

6. Even if I were to receive access to Defendants' confidential code or training data, that information would not affect my research agenda or the Hemlock work, which do not depend on proprietary pipelines or datasets.

7. My academic work on artist-protection tools (e.g., Glaze/Nightshade) are nonprofit noncommercial endeavors. Glaze and Nightshade operate on images rather than on models. Access to Defendants' training data would not benefit my development of Glaze or Nightshade.

8. I do not compete with Defendants. I do not sell or license generative image models. I and members of my team have no intention of commercializing any part of the Glaze Project, including Glaze and Nightshade.

9. To the extent there is concern that I might gain awareness of any internal countermeasures,

I am willing to accept reasonable document-level restrictions (e.g., restrictions on my access to documents discussing attempts—whether successful or unsuccessful—to bypass these protective technologies) consistent with the Protective Order, without impairing my expert work in this case.

10. My viewing, inspection, and analysis of Defendants' source code, training data, or training pipelines would have no impact on my research.

11. In sum, Defendants' characterization of Hemlock as "squarely implicating" the confidential information at issue is inaccurate. The paper addresses VLM captioning systems and looks at components outside of proprietary training pipelines; it neither requires nor leverages Defendants' internal training data or source code.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of August 2025, at Chicago, Illinois.

_____
Dr. Ben Yanbin Zhao