[Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO (LJC) |
| *Plaintiffs*, | **JOINT STATUS REPORT** |
| v. | Discovery Conference Date: Sept. 16, 2025 |
| STABILITY AI LTD., et al., | Time: 1:30 PM |
| *Defendants*. | Place: via Zoom |
| | Judge: Hon. Lisa J. Cisneros |

## I.    Introduction

Pursuant to the Court's instructions at the July 15, 2025 Discovery Status Conference (ECF No. 324) and in its August 25, 2025 Order (ECF No. 335) (the "August 25 Order"), Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis (collectively, "Plaintiffs"), along with Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"), Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report in compliance with the Court's September 9, 2025 filing deadline. The Parties' positions regarding discovery are set forth below. In accordance with the Court's August 25 Order, the Parties have also identified additional requests for production they anticipate serving before the October 3, 2025 substantial completion of document production date.

## II.    Training Data Production Status

### *Plaintiffs' Position*

Runway represents that it has completed production of LAION-5B training data via hard drive, and Plaintiffs have received five hard drives for expert review. DeviantArt represents that it does not possess relevant LAION training data. Midjourney represents that it has substantially completed production of LAION-400M and LAION-2B data via Google Cloud. Plaintiffs have requested production on hard drives. Midjourney has begun producing in that format and represents that all hard-drive production will be substantially complete by October 3, 2025.

Stability and Plaintiffs have conferred regarding the format of Stability's training data production. Stability has proceeded with production through Amazon S3, while Plaintiffs have requested production on hard drives. The Parties continue to confer regarding this issue.

### *Defendants' Positions*

### Runway's Position:

As stated in the August 15, 2025 Status Report, Runway completed production of data (more than 60 terabytes) responsive to Plaintiffs' requests for training data on July 11 and 18, 2025.  Per a request from Plaintiffs, Runway made the production via hard drives.  It has also offered to make the data available via Amazon Web Services (AWS).

**Midjourney's Position:**

As stated in the August 15, 2025 Status Report, Midjourney has substantially completed its production of the relevant LAION data by providing Plaintiffs access via Google Cloud Platform ("GPC"). At Plaintiffs' request, Midjourney is also working diligently to produce this data via hard drive, which has entailed significant technical difficulties and time-intensive efforts. Notwithstanding these difficulties, to date Midjourney has substantially completed production of its training data via hard drives and will continue to produce on a rolling basis with the expectation that production will be complete by October 3, 2025.

**DeviantArt's Position:**

As stated in the August 15, 2025 Status Report, DeviantArt does not have relevant training data, as DeviantArt has not trained an AI image model.

**Stability AI's Position:**

Stability AI has, for the reasons stated in the Parties August 15, 2025 Joint Status Report (ECF No. 332 at 1-2), fulfilled its discovery obligations by providing Plaintiffs with the ability to inspect training data through Amazon S3. Stability AI will continue to meet and confer with Plaintiffs to address and resolve any issues.

### III.    Written Discovery Progress and Meet-and-Confer Status

*Plaintiffs' Position*

Plaintiffs have served the following requests for production on Defendants, and Defendants have provided corresponding responses and objections.

| Requests for Production | Service | Responses & Objections |
|---|---|---|
| Plaintiff's First Set of Requests for Production of Documents to Stability AI, Inc. (Nos. 1-46) | November 11, 2024 | December 20, 2024 |
| Plaintiff's First Set of Requests for Production of Documents to Runway, Inc. (Nos. 1-63) | November 12, 2024 | December 20, 2024 |
| Plaintiff's First Set of Requests for Production of Documents to Midjourney, Inc. (Nos. 1-47) | November 12, 2024 | December 20, 2024 |
| Plaintiff's First Set of Requests for Production of Documents to DeviantArt, Inc. (Nos. 1-46) | November 12, 2024 | December 20, 2024 April 22, 2025 (Am.) |

| Plaintiffs' Second Set of Requests for Production of Documents to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 47-113) | July 21, 2025 | August 20, 2025 |
|---|---|---|
| Plaintiffs' Second Set of Requests for Production of Documents to Defendant DeviantArt, Inc. (Nos. 47-111) | July 28, 2025 | August 27, 2025 |
| [Corrected] Plaintiffs' Second Set of Requests for Production of Documents to Defendant Midjourney, Inc. (Nos. 48-109) | August 6, 2025 | September 3, 2025 |
| [Corrected] Plaintiffs' Third Set of Requests for Production of Documents to Defendant Midjourney, Inc. (110-118) | August 6, 2025 | September 3, 2025 |
| Plaintiffs' Second Set of Requests for Production of Documents to Defendant Runway, Inc. (Nos. 64-130) | August 26, 2025 | Due September 25, 2025 |
| Plaintiffs' Third Set of Requests for Production of Documents to Defendants Stability AI Ltd. and Stability AI, Inc. (114-122) | August 26, 2025 | Due September 25, 2025 |

The Parties do not expect any Defendant to substantially complete production in response to Plaintiffs' Second and Third Sets of Requests, or to any additional requests Plaintiffs may serve, by October 3, 2025. Plaintiffs have discussed with Defendants the potential narrowing of certain requests in the Second and Third Sets to facilitate production. As set forth in the "Additional Requests for Production" section below, Plaintiffs also anticipate serving further narrowly tailored requests before October 3, limited to essential categories of evidence not yet covered. Plaintiffs' understanding of the status of production in response to the First Set of Requests is set forth below.

**Runway:**

Plaintiffs and Runway last conferred on August 28, 2025 and September 2, 2025. Runway identified categories from Plaintiffs' First Set of Requests that it expects to substantially complete by October 3, 2025, and categories it does not expect to substantially complete by that date. The chart below reflects that information.

| Category | RFP Nos. | Status |
|---|---|---|
| Corporate Structure and Personnel | 1–2, 50, 61–62 | Runway represents that it will substantially complete production in this category by Oct. 3. |
| Training Data and Datasets | 3–4, 6, 8–10, 18–22, 25–40 | Runway represents that it has produced LAION-5B data on hard drives and views LAION-400M and LAION-2B as subsets of LAION-5B. Runway states that it has produced all LAION-5B, LAION-2B, and LAION-400M data in its possession under the label of LAION-5B and does not have any additional LAION-400M or LAION-2B data. It further states that its production in this category will be substantially complete by Oct. 3, limiting production of materials relevant to its decision to use those LAION datasets to documents it considers "sufficient to show." |
| Source Code and Model Development | 5, 7, 47, 49 | Runway has offered to make the source code for Stable Diffusion 1.5 and 1.5-Inpainting available to Plaintiffs. Runway has stated it is working on other source code for models it considers in scope and has committed to producing such source code by Oct. 3. The Parties are continuing to confer regarding the scope of source code and development materials. |
| Licensing, Open Source, and Distribution | 11–12, 44–46, 53 | Runway has committed to produce licensing and distribution documents responsive to these requests by Oct. 3, subject to ongoing meet-and-confer discussions regarding scope. |
| Copyright, CMI, and Infringement Risks | 13, 23–24, 42–43, 48 | Runway has committed to substantially complete production for these requests by Oct. 3, subject to its objections and ongoing meet-and-confer discussions. |
| Communications and Collaborations | 14–17, 63 | Runway has committed to substantially complete production of communications from the agreed custodians by Oct. 3, subject to its objections. |
| Financial Records and Business Strategy | 52, 54–60 | Runway has committed to substantially complete production of financial and business strategy documents responsive to these requests by Oct. 3, subject to its objections. |
| Miscellaneous / Regulatory | 41, 51 | Runway has committed to search for and produce non-privileged responsive documents sufficient to show the cloud service(s) used to store Runway's LAION-5B training data (RFP 41). Runway has not committed to substantially complete production of regulatory materials by Oct. 3, and the Parties remain in meet-and-confer discussions (RFP 51). |

Runway has represented that collection is complete for four of its six agreed custodians. For the remaining two custodians, Runway stated that collection was substantially complete but still pending as of the September 2, 2025 meet and confer. Runway also has collected non-custodial documents where appropriate to respond to Plaintiffs' requests. For the categories above where Runway has not committed to production, Plaintiffs reserve the right to raise these issues under the Court's discovery procedures.

**Midjourney:**

Plaintiffs and Midjourney last conferred on September 3, 2025. Midjourney identified categories from Plaintiffs' First Set of Requests that it expects to substantially complete by October 3, 2025, and categories it does not expect to substantially complete by that date. The chart below reflects that information.

| Category | RFP Nos. | Status |
|---|---|---|
| Corporate Structure and Personnel | 1, 3 | Midjourney states it has produced documents sufficient to identify personnel, confirms it does not maintain organizational charts, and does not anticipate further production in this category. |
| Training Data and Datasets | 4–7, 15–16, 17–21 | Midjourney has produced training datasets via Google Cloud and is producing them on hard drives and represents that production on these requests will be substantially complete by Oct. 3. |
| Source Code and Model Development | 8–12, 30–32, 39–40 | For RFPs 8–12 (source code), Midjourney has not committed to production by Oct. 3, and the Parties remain in meet-and-confer discussions regarding these requests. For RFPs 30–32 (concerning development, testing, and filtering systems to prevent copying of copyrighted works), Midjourney states that it will produce non-privileged materials, if any, responsive to RFPs 30 and 31 by Oct. 3. The Parties remain in meet and confer discussions as to RFP 32. With respect to technical logs and development process documents, Midjourney states that it will produce responsive, non-privileged materials, if any, identified through agreed search terms by Oct. 3. For RFPs 39–40 (concerning Midjourney's use of CLIP models and CLIP-guided diffusion, including how artist names and styles are processed and how embeddings interact with training data), Midjourney states that it will produce non-privileged materials, if any, by Oct. 3. |

| Licensing, Open Source, and Distribution | 2, 13-14, 23–24, 34, 47 | For RFP 2 (individuals involved in licensing, acquisition, or purchasing of training data), Midjourney has agreed to produce by Oct. 3, subject to its objections and privilege claims. For RFPs 13–14 (concerning agreements or licenses for training data and inclusion of copyrighted works in datasets), Midjourney represents that responsive documents, if any, will be produced through the agreed search terms by Oct. 3, subject to its objections and privilege claims. For RFPs 23 (licensing or compensation mechanisms for use of copyrighted works in training data) and 24 (policies or guidelines for copyright compliance in training data use), Midjourney represents that responsive, non-privileged documents, if any, will be captured and produced through the agreed search terms by Oct. 3. For RFP 34 (limitations or restrictions on licensees' use of Midjourney Models), Midjourney has agreed to produce by Oct. 3, subject to its objections and privilege claims. RFP 47 (communications with Meta, OpenAI, Alphabet, or Microsoft concerning AI or machine learning) remains open and unresolved; the parties continue to meet and confer. |
| --- | --- | --- |
| Copyright, CMI, and Infringement Risks | 22, 27–29, 33, 35–37 | Midjourney represents that it will produce responsive non-privileged documents, if any, identified through search terms by Oct. 3. It states that certain requests, including RFPs 22 (analyses or assessments of whether training data might violate copyright, privacy, or data protection laws) and 24 (policies, procedures, or guidelines for copyright compliance in training data use), are largely privileged. |
| Financial Records and Business Strategy | 25–26, 41–45 | Midjourney has committed to producing financial "go-get" documents, including audited financial statements, by Oct. 3. It states that some additional productions may occur afterward. |
| Miscellaneous / Regulatory | 38, 46 | Midjourney represents that it has not identified any responsive documents for RFP 38 (documents and communications concerning the Midjourney Trademark Policy) but will produce any non-privileged documents that are identified through search terms by Oct. 3. For RFP 46 (documents provided to U.S. regulatory bodies regarding Midjourney Models, training data, or LAION datasets), discussions remain ongoing and no commitment has been made for Oct. 3. |

For the categories above where Midjourney has not committed to production, Plaintiffs reserve the right to raise these issues under the Court's discovery procedures.

**DeviantArt:**

Plaintiffs and DeviantArt last conferred on August 29, 2025. DeviantArt identified categories from Plaintiffs' First Set of Requests that it expects to substantially complete by October 3, 2025, and categories it does not expect to substantially complete by that date. The chart below reflects that information.

| Category | RFP Nos. | Status |
|---|---|---|
| Corporate Structure and Personnel | 1, 38–40 | DeviantArt intends to substantially complete production of non-privileged documents sufficient to identify personnel involved in DreamUp by Oct. 3, subject to its objections and to the extent documents exist. |
| Training Data and Datasets | 5, 10, 12, 15, 20 | DeviantArt intends to produce DreamUp and LAION diligence and research materials on a rolling basis, with the first production before Oct. 3, subject to its objections and to the extent documents exist. |
| Source Code and Model Development | 4 | DeviantArt intends to substantially complete production of documents responsive to RFP 4 by Oct. 3, subject to its objections and to the extent documents exist. |
| Licensing, Open Source, and Distribution | 24 | DeviantArt intends to produce DreamUp licensing documents responsive to RFP 24 on a rolling basis beginning before Oct. 3, subject to its objections and to the extent documents exist. |
| Copyright, CMI, and Infringement Risks | 25, 30 | DeviantArt intends to produce responsive non-privileged documents to these requests on a rolling basis beginning before Oct. 3, subject to its objections and to the extent documents exist. |
| Financial Records and Business Strategy | 26, 41–45 | DeviantArt intends to produce documents responsive to RFP 26 on a rolling basis beginning before Oct. 3, subject to its objections and to the extent documents exist. For the remainder, DeviantArt intends to substantially complete production of responsive documents by Oct. 3, subject to its objections and to the extent documents exist. |
| Miscellaneous | 3, 29, 31, 36–37 | RFP 3 (DreamUp source code) has been narrowed to three categories following the August 29 meet and confer. RFP 29 (decision to allow scraping) is disputed; DeviantArt denied allowing scraping and agreed to supplement its response. RFP 31 (agreements regarding scraping) likewise remains under discussion. RFP 36 (documents referencing Plaintiffs or their works) and RFP 37 (user complaints about AI, including policies on data scraping and DreamUp) are subject to objections, but DeviantArt agreed to produce responsive, non-privileged materials. |

| Other Requests | 2, 6-9, 11, 13-14, 16-19, 21-23, 27-28, 32-35, 46 | Plaintiffs are not pursuing these RFPs at this time. |
|---|---|---|

For the categories above where DeviantArt has not committed to production, Plaintiffs reserve the right to raise these issues under the Court's discovery procedures.

**Stability AI:**

Plaintiffs and Stability last conferred on September 3, 2025. Stability identified categories from Plaintiffs' First Set of Requests that it expects to substantially complete by October 3, 2025, and categories it does not expect to substantially complete by that date. The chart below reflects that information.

| Category | RFP Nos. | Status |
|---|---|---|
| Employee Roles and Responsibilities | 1, 44–45 | Stability has committed to produce by Oct. 3 documents sufficient to identify individuals and their roles in research and development of Stability Image Models, as well as those involved in licensing or acquisition of training data. |
| Funding and Financial Records | 38–43 | Stability represents that it will retrieve records directly from its financial databases and will produce responsive financial documents by Oct. 3. |
| Training Data and Datasets | 3–4, 9, 14, 18, 22, 25 | Stability represents that it has produced certain LAION-related materials and committed to further searches covering LAION-5B, LAION-2B, and LAION-Aesthetic subsets. It also represents that it will investigate cloud service usage and produce related documents if they exist. It does not expect to substantially complete production of communications by Oct. 3, though some documents may be produced before that date. |
| Source Code and Model Development | 5, 29, 34 | Stability has committed to make open-source code available and to provide access to certain non-public training scripts and inference code under the Protective Order. Availability is targeted before Oct. 3, though details remain under negotiation. |
| Licensing, Distribution, and Partnerships | 8, 10–13, 32–33, 46 | Stability has committed to produce licensing documents, including agreements related to training data, by Oct. 3. Production of partnership-related communications remains under meet-and-confer. |

| Copyright and CMI Issues | 15–17, 19, 23–24, 30–31, 35 | Stability represents that it will search for and produce communications concerning copyright and training data. It does not expect to substantially complete production in this category by Oct. 3. |
|---|---|---|
| Internal and External Communications | 6–7, 20–21 | Stability has committed to search custodians' Gmail, Google Drive, Slack, and Notion repositories. It does not expect to substantially complete production of either internal or external communications, including communications with other Defendants or LAION, by Oct. 3. |
| User Activity and Market Impact | 26–27 | For RFP 26 (impact of Stability Image Models on the art market), Stability represents that although it will produce responsive documents if they exist, it does not expect substantial completion by Oct. 3. RFP 27 (actual or potential use cases of the Stability Image Models) remains open and unresolved; the parties continue to meet and confer. |
| Miscellaneous / Regulatory | 2, 28, 36–37, 41 | For RFP 37 (regulatory submissions), Stability represents that it will produce responsive materials by Oct. 3. For RFP 36 (corporate formation and structure), Stability has agreed to make an initial production by Oct. 3. For RFP 2 (identification of Stability Image Models), RFP 28 (Senate testimony in July 2023), and RFP 41 (marketing and promotional expenses), Stability has not committed to substantially complete production by Oct. 3. |

For the categories above where Stability has not committed to production, Plaintiffs reserve the right to raise these issues under the Court's discovery procedures.

**Plaintiffs' Written Discovery Progress**

Plaintiffs have completed their collection of materials in response to Defendants' requests and have begun producing documents, with review and productions to continue on a rolling basis. Plaintiffs anticipate that production will be substantially complete by October 3, 2025, subject to supplementation thereafter as appropriate under the Federal Rules. Defendants have requested additional information outside of formal discovery regarding Plaintiffs' collection processes, and Plaintiffs are compiling that information and will provide it forthwith. Additionally, Plaintiffs have agreed to supplement their responses to two interrogatories and will do so promptly in accordance with the Federal Rules. Plaintiffs have not yet served final supplemental responses because the Parties have engaged in extensive meet-and-confer discussions about the scope of those interrogatories that were only recently resolved. Plaintiffs are diligently working to complete and serve their final supplemental responses to the two remaining interrogatories.

**Additional Requests for Production**

In addition to the requests for production served to date, Plaintiffs anticipate serving further requests limited to essential categories of evidence not yet covered: (1) board-level, executive, and where applicable investor communications regarding awareness of copyright risks, decisions to commercialize the products at issue, and assessments of market impact or licensing alternatives; (2) financial records sufficient to show revenues, costs, and profitability of the products at issue, including any internal reports or analyses concerning subscription metrics or monetization strategy; (3) records of user complaints, takedown requests, or support tickets alleging infringement; and (4) class-certification discovery, including internal prompt logs and analytics reflecting the use of artist names and styles, internal estimates of the scale of works and artists implicated, and the data structures or tools Defendants use to store, index, deduplicate, or otherwise identify works within the LAION datasets. Plaintiffs reserve the right to seek narrowly tailored discovery should Defendants' productions reveal new issues directly relevant to the claims and defenses in this action.

### *Defendants' Positions*

**Runway's Position:**

As stated in the August 15, 2025 Status Report, Runway continues to produce documents responsive to Plaintiff's First Set of 63 RFPs on a rolling basis (including on September 8, 2025), after several months of meeting and conferring on the scope of the requests, search terms, and custodians. Runway has collected documents from six custodians as well as non-custodial sources. Plaintiffs have yet to respond to Runway's offer on August 7, 2025 to provide access to source code for Stable Diffusion 1.5 and Stable Diffusion 1.5 Inpainting.  Runway also responded to Plaintiffs' First Set of Interrogatories on July 31, 2025.

In compliance with the Court's order, Dkt. 335, Runway met and conferred with Plaintiffs on August 28, 2025 and September 2, 2025 regarding the October 3, 2025 deadline for substantial completion of document discovery.  During these calls, Plaintiffs stated that they anticipate completing all productions prior to October 3, 2025.  Runway aims to substantially complete its productions of documents that are responsive to Plaintiffs' First Set of RFPs, subject to Runway's responses and objections and the parties' meet-and-confers on these requests, from the six agreed-upon custodians by October 3, 2025.

On August 26, 2025, Plaintiffs served 66 new RFPs (Set Two) and 4 new interrogatories (Set Two).  On September 2, 2025, Plaintiffs served 131 requests for admission (Set One).[1]  Once Runway timely serves responses and objections to these latest sets of discovery requests, it will meet and confer with Plaintiffs and produce documents where the parties reach agreement.  While Runway will endeavor to produce documents responsive to these new requests before October 3, 2025, particularly where there is overlap with the first set of requests, it anticipates that some productions with responsive materials may be made after the substantial completion deadline.

On August 29, 2025, Runway served additional requests for production (Set Two), interrogatories (Set Two), and requests for admission (Set One).  Runway does not currently anticipate serving additional requests for production before October 3, 2025.  Runway may serve additional requests for production (and/or other written discovery) following October 3, 2025.

**Midjourney's Position:**

Midjourney anticipates substantially completing its production of non-privileged documents within the custodial files of its six agreed-upon custodians responsive to Plaintiffs' First Set of Requests for Production, subject to Midjourney's objections, by October 3, 2025.  Midjourney notes that it may supplement its document production in a manner consistent with the Federal Rules.

Midjourney timely served responses and objections to Plaintiffs' Second and Third Sets of Requests for Production on August 27 and September 3, 2025, respectively.  The Parties have yet to meet and confer regarding these later-served requests.  To the extent Midjourney agrees to produce non-privileged documents in response to these Requests that are not covered by Midjourney's existing productions, Midjourney may produce those documents after the October 3, 2025 substantial completion deadline.

Midjourney reserves all rights with respect to the categories of additional requests for production Plaintiffs indicate they may serve.  Midjourney further notes that these additional categories appear to be duplicative of discovery requests already served and/or irrelevant to the parties' claims and defenses.

Plaintiffs have committed to substantially completing production in response to Midjourney's First Set of Requests for Production and Defendants' Joint First Set of Requests for Production by October 3, 2025.  Midjourney is contemplating serving additional discovery requests ahead of the October 3, 2025

---

[1] Plaintiffs served virtually identical discovery requests on other Defendants starting on July 21, 2025.

substantial completion deadline concerning the works at issue in this lawsuit.

**DeviantArt's Position:**

Plaintiffs did not inquire about the timing of DeviantArt's productions at the parties' August 29, 2025 meet and confer—although DeviantArt came to the meet and confer prepared to discuss that topic. Nonetheless, DeviantArt intends to substantially complete its productions in response to the following Requests for Production, subject to DeviantArt's objections and to the extent documents exist, by October 3: 1, 4, 38, 39, 40, 41-45. DeviantArt also intends to produce documents responsive to the following Requests for Production, subject to DeviantArt's objections and to the extent documents exist, on a rolling basis, with the first production to occur before October 3: 5, 10, 12, 15, 20, 24, 25, 26, and 30.  RFPs 3, 31, and 37 are disputed.  DeviantArt has agreed to supplement its response to RFP 29.  For RFP 36, DeviantArt has agreed to produce responsive, non-privileged documents, subject to its objections and to the extent documents exist, on a rolling basis.

On July 28, 2025 Plaintiffs served their Second Set of Requests for Production (Nos. 47-111).  The parties are discussing DeviantArt's objections to these requests, and DeviantArt does not anticipate substantially completing production of documents responsive to these requests by October 3, but DeviantArt will make rolling productions of responsive documents. DeviantArt intends to serve targeted DeviantArt-specific discovery requests this month in addition to the joint defendants' discovery requests.

**Stability AI's Position:**

Stability AI has produced and will continue to produce documents responsive to Plaintiffs' First Set of 46 RFPs on a rolling basis.  Plaintiffs served Stability AI with a Second Set of 67 RFPs on July 21, 2025.  Stability AI provided its responses and objections on August 20, 2025.  Plaintiffs' counsel indicated at the parties' meet and confer on September 3, 2025 that the parties would defer discussing these requests, and acknowledged that several of them were duplicative of the first set.  On August 26, 2025, Plaintiffs' counsel served an additional 9 RFPs on Stability AI, and Stability AI is currently drafting responses and objections.

As described further below, although Stability AI emailed Plaintiffs with proposed search terms and a proposed search methodology on July 9, 2025, Plaintiffs did not respond in substance to Stability AI's proposal until September 2, 2025.  The parties met and conferred for the first time about search terms

on September 3, 2025, and Stability AI is working on a response to Plaintiffs' counterproposal. Given the timing of these negotiations and because no agreement has been reached yet, Stability AI has committed to producing certain non-custodial "go-get" documents by October 3, 2025, but does not expect to have finished collecting, reviewing, and producing custodial documents by that date.

To ensure an accurate record, Stability AI offers the following clarifications regarding the status of RFPs discussed during the September 3, 2025 meet and confer.

- RFP No. 5 (source code): Subject to its objections, Stability AI has agreed to search for and make available for inspection any non-open training scripts related to the relevant models, pursuant to the ESI Protocol, Protective Order, and further agreement of the parties.

- RFP Nos. 7 (communications with other defendants), 16 (copyrighted material in training data), 26 (impact on art market), 30 (ability to mimic artists), and 32, 46 and 63 (licensing or permission for training data): Stability AI previously agreed to search for specified materials subject to agreement on search terms, which it proposed in July. Because these requests involve custodial communications and search term negotiations are ongoing, Stability AI does not anticipate completing the collection, review, and production of responsive documents by October 3, 2025.

- RFP Nos. 20 and 21 (related to LAION): While these requests will require a search for custodial documents and an agreement on search terms, Stability AI has committed to conducting a reasonable search for and producing certain non-custodial "go-get" documents by October 3, 2025.

- RFP No. 25 (use of cloud services): Stability AI agreed to investigate this request based on the narrower approach the parties discussed during the September 3, 2025 meet and confer.

- RFP No. 36 (corporate formation and structure): Stability AI agreed to conduct a search for and make an initial production of these documents by October 3, 2025.

- RFP Nos. 38-43 (financial documents): Stability AI agreed to conduct a search for and make an initial production of these documents by October 3, 2025.

**Joint Defendants' Position:**

*Regarding productions:*  During the August 28, 2025 meet-and-confer, Plaintiffs stated that they anticipate completing all productions prior to October 3, 2025.  Defendants asked Plaintiffs to confirm a number of details regarding their collection and review processes—including the messaging platforms and agents from which Plaintiffs have collected, whether Plaintiffs have received but not produced to Defendants any third-party productions, and how Plaintiffs are identifying documents responsive to particular RFPs—but Plaintiffs have yet to respond to any of these items.

*Regarding interrogatory responses:*  Since the August 15, 2025 Status Report—and as a result of several months of meeting and conferring—Plaintiffs finally agreed to supplement their responses to two interrogatories.  Plaintiffs still refuse, however, to commit to a date certain by which they will amend their responses, which continues a pattern of delay and obfuscation.  Defendants' joint interrogatories have been pending for over nine months, and Plaintiffs offer no justification for further delay.  Defendants therefore respectfully request that the Court order Plaintiffs to serve their amended interrogatory responses no later than one week after the Status Conference.

## IV.    Custodian and Search Term Negotiations

### Plaintiffs' Position

**Runway:** Runway has agreed to run ten search term strings across six custodians. Plaintiffs reserve the right to seek additional search terms and custodians under the ESI Protocol and the Court's orders.

**Midjourney:** Midjourney has agreed to run thirteen search term strings across six custodians, with a seventh custodian under discussion. It has rejected Plaintiffs' request to add two further custodians. Plaintiffs reserve the right to seek additional search terms and custodians consistent with the ESI Protocol and the Court's orders.

**DeviantArt:** DeviantArt has agreed to run eight search term strings across four custodians. DeviantArt has rejected Plaintiffs' request to add an additional custodian. Plaintiffs reserve the right to seek additional search terms and custodians in accordance with the ESI Protocol and the Court's orders.

**Stability:** Negotiations with Stability on search terms and custodians remain ongoing. Stability has proposed running ten search term strings across three custodians and suggested designating two former employees as custodians. Plaintiffs explained that while former employees cannot serve as custodians

under Rule 34, Stability must still search and produce responsive materials within its possession, custody, or control associated with those individuals. Plaintiffs countered with nine broader search strings, accepted Stability's three proposed custodians, and proposed three additional custodians. The Parties continue to confer. Plaintiffs reserve the right to seek additional search terms and custodians in accordance with the ESI Protocol and the Court's orders.

### Defendants' Positions

**Runway's Position:**

After multiple rounds of meet-and-confer discussions, in early August, Runway proposed a slate of 14 search strings for Plaintiffs to run over their custodial data. Plaintiffs accepted 11 of the strings and agreed to begin running searches using those strings. Runway anticipates that, after receiving hit count reports from Plaintiffs, the parties will conclude negotiations on the remaining 3 terms in the coming days.

After meeting and conferring and upon Plaintiffs' agreement, Runway began running in mid-July the 10 search strings Plaintiffs requested over the custodial data for the four core custodians that Runway identified as having potentially relevant information. In mid-August, after further meeting and conferring and upon Plaintiffs' agreement, Runway began running the same strings over the custodial data for two additional employees whom Runway identified at Plaintiffs' request.

**Midjourney's Position:**

Midjourney proposed and Plaintiffs agreed to six Midjourney custodians. Midjourney rejected Plaintiffs' request for six additional custodians as irrelevant to the claims and defenses in this case, duplicative of agreed custodians, or non-employee individuals over whose documents Midjourney does not have possession, custody, or control. After negotiation, Midjourney agreed to use thirteen search terms in identifying potentially relevant documents within its six custodians' ESI. Plaintiffs subsequently requested a seventh custodian using a single, overbroad search term, to which Midjourney maintains its objections as to relevance, proportionality, and burden. The parties continue to meet and confer about this seventh proposed custodian.

On August 11, 2025 Midjourney proposed up to nine search terms for each Plaintiff to run across searchable ESI. Midjourney proposed fewer search terms for use by Plaintiffs who allege only copyright or Lanham Act claims. After multiple rounds of meet and confer, all but one of the named Plaintiffs have

agreed to run all of these proposed search terms. Midjourney and Plaintiff Zhang have agreed to all but one of the proposed search terms; negotiations continue. Plaintiffs have further committed to search for several categories of documents separate from search terms.

**DeviantArt's Position:**

In an attempt to resolve the parties' search term dispute without involving the Court, DeviantArt has agreed to run eight broad search term strings across four custodians' documents, despite DeviantArt's position that three of the search strings are overbroad, unnecessary, and unduly burdensome. DeviantArt agreed to add one of these custodians in response to Plaintiffs' request, but has not agreed to add DeviantArt's past CEO as an additional requested custodian, given that he stepped down as CEO before DreamUp was developed or released. Moreover, DeviantArt has already agreed to use DeviantArt's current CEO (who was the immediate successor to the past CEO), Chief Technology Officer, Chief Revenue Officer, and Head of Artificial Intelligence as custodians, making it highly unlikely that the past CEO would possess any non-duplicative, responsive documents.

**Stability AI's Position:**

Stability AI emailed Plaintiffs with proposed search terms and a proposed search methodology, including custodians, on July 9, 2025. In the parties' August 15, 2025 joint status report, Plaintiffs indicated they were reviewing Stability AI's proposal and intended to respond that week. Plaintiffs did not respond to Stability AI's proposal until August 29, 2025, when they requested to meet and confer. On September 2, 2025, Plaintiffs proposed alternative search terms and four different custodians whom the parties had previously never discussed. Two of those custodians were identified by titles—a "head of partnerships/business development" and a "head of communications/marketing." The other two are former Stability AI employees. Plaintiffs took the position for the first time that the maximum number of twelve custodians mandated by the Court's ESI Order (ECF No. 260 at 4) did not include any *former* employees of Stability AI. The parties met and conferred on September 3, 2025 and will continue to meet and confer about the scope of Stability AI's proposed search terms, search methodology, and custodians.

## V.    Expert Discovery and Specialized Matters

On July 28, 2025, Plaintiffs moved for relief from Magistrate Judge Cisneros's order (ECF 316) prohibiting their expert, Dr. Benjamin Zhao, from accessing Defendants' highly confidential materials,

pursuant to Local Rule 72-2. ECF No. 325. On August 29, 2025, Judge Orrick denied that motion. ECF No. 337. While confirming that Dr. Zhao may testify, Judge Orrick upheld the restriction on his access to Defendants' highly confidential information. *See id.* at 2. He further acknowledged that Plaintiffs may need additional time to retain a replacement expert and invited Plaintiffs to seek a schedule extension if necessary. *See id.* Plaintiffs are evaluating candidates and will promptly advise the Court and Defendants should such relief be required.

## VI.    Corporate Representative Depositions

### *Plaintiffs' Position*

Plaintiffs anticipate serving Rule 30(b)(6) deposition notices after substantial document production, so that depositions proceed with the benefit of a developed factual record.

### *Defendants' Position*

As stated in the August 15, 2025 Status Report, Defendants are committed to completing proportionate Rule 30(b)(6) depositions within the schedule set by the Court.

## VII.    Outstanding Disputes That May Require Judicial Intervention

### *Plaintiffs' Position*

While the Parties continue to confer on unresolved issues, Plaintiffs currently anticipate that at least four categories may require the Court's assistance: (1) the method of Stability's training data production; (2) whether Midjourney's Head of Hardware and/or "Ancient Chaos" should be custodians; (3) whether DeviantArt's former CEO, Angelo Sotira, should be a custodian; and (4) certain requests for production that remain unresolved after further conferral.

### *Defendants' Position*

If the amended responses to two joint interrogatories that Plaintiffs have promised remain insufficient, Defendants anticipate motion practice related to either or both. These interrogatories relate to the factual bases for Plaintiffs' allegations of harm and the outputs of Defendants' tools Plaintiffs contend infringe their asserted works. As stated in the August 15, 2025 Status Report, Defendants will work with Plaintiffs in good faith to resolve as many other open issues as possible in the hope of keeping discovery motion practice to a minimum.

**VIII.    Case Management and Scheduling Considerations**

    ***Plaintiffs' Position***

        As the October 3 date for substantial completion of document discovery approaches, the Parties have made progress but will not achieve completion across all categories. Several Defendants have indicated they will substantially complete production of training datasets and other agreed materials, yet important categories—such as source code, development records, financial information, and certain communications—remain outstanding. Plaintiffs have pursued successive rounds of requests and engaged in extensive meet-and-confers to narrow disputes, but the breadth of discovery and ongoing disagreements over scope and format make full completion by October 3 unattainable. Plaintiffs will continue to press diligently and work within the Court's procedures to resolve outstanding issues, while maintaining focus on completing the balance of discovery within the overall schedule.

    ***Defendants' Position***

        As stated in the August 15, 2025 Status Report, Defendants are committed to resolving this case in an efficient manner and will work with Plaintiffs to resolve remaining issues and negotiations regarding custodians and search terms.

**IX.    Conclusion**

        The Parties continue to exchange documents and information in preparation for substantial completion of document discovery on October 3. While certain productions will extend beyond that date, the Parties are conferring regularly to narrow disputes and resolve outstanding issues. Any matters that cannot be resolved will be presented through the Court's procedures. The Parties intend to proceed cooperatively and diligently to complete document discovery within the overall schedule.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@butancricklaw.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Dated: September 9, 2025

Respectfully submitted,

By: */s/ Brittany N. Lovejoy*

Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
Brittany N. Lovejoy (SBN 286813)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: andrew.gass@lw.com

Email: michael.rubin@lw.com
Email: brittany.lovejoy@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: September 9, 2025

Respectfully submitted,

By: /s/ *Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
tcheung@mofo.com
tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And Stability AI, Inc.*

Dated: September 9, 2025

Respectfully submitted,

By: */s/ Angela Dunning*

Angela Dunning (SBN 212047)
Sam Blankenship (SBN 339905)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
sblankenship@cgsh.com

Arminda B. Bepko (pro hac vice)
Charity E. Lee (pro hac vice)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: September 9, 2025

Respectfully submitted,

By: */s/ Paven Malhotra*

Paven Malhotra (SBN 258429)
David J. Silbert (SBN 173128)
Bailey W. Heaps (SBN 295870)
Julia L. Greenberg (SBN 333864)
Luke P. Apfeld (SBN 327029)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: dsilbert@keker.com
pmalhotra@keker.com
bheaps@keker.com
jgreenberg@keker.com
lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: September 9, 2025                    /s/ Joseph R. Saveri
                                        Joseph R. Saveri