[Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUTKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS;

*Individual and Representative Plaintiffs*,

v.

STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC.,

*Defendants*.

Case No. 3:23-cv-00201-WHO

**JOINT CASE MANAGEMENT STATEMENT**

Hearing Date: Nov. 4, 2025
Time: 2:00 PM
Place: via Zoom
Judge: Hon. William H. Orrick

Pursuant to Civil Local Rule 16-9, the Standing Order For All Judges of The Northern District of California (updated Nov. 30, 2023), and the Clerk's Minute Entry dated May 6, 2025 (ECF No. 287), counsel for Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, Adam Ellis, and the proposed class (together, "Plaintiffs") and Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"), Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") (collectively, the "Parties") respectfully submit this Joint Case Management Statement in advance of the Case Management Conference set for November 4, 2025.

**1. <u>Jurisdiction and Service</u>**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as this action alleges violations of the U.S. Copyright Act (17 U.S.C. § 501). All Parties have been served.

**2. <u>Facts</u>**

The Parties have no factual updates to bring to the Court's attention at this time and incorporate by reference their Statements of Facts from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report. *See* ECF No. 252 at 1–2. The Parties reserve the right to revise those statements as necessary.

**3. <u>Legal Issues</u>**

The Parties have no updates to the legal issues to bring to the Court's attention at this time and incorporate by reference their Statements of Legal Issues from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report. *See* ECF No. 252 at 2. The Parties reserve the right to revise those statements as necessary.

**4. <u>Motions</u>**

There are no motions pending at this time. The Parties hope to resolve discovery disputes without judicial intervention but recognize that discovery motions may be necessary. Plaintiffs anticipate filing a motion for class certification under Rule 23, which Defendants intend to oppose. The Parties also anticipate filing motions for summary judgment or adjudication under Rule 56.

## 5. Amendment of Pleadings

***Plaintiffs' Statement*:**

Plaintiffs anticipate seeking leave to amend the Second Amended Complaint (ECF No. 238) to add an additional claim with supporting factual allegations based on information learned through discovery and to refine the proposed class definitions. Plaintiffs propose filing a motion for leave to amend within 30 days of the Case Management Conference.

***Defendants' Statement*:**

Upon learning of Plaintiffs' stated intent to seek leave to further amend while meeting and conferring on this Statement, Defendants asked Plaintiffs to identify the new proposed claim and its basis. Plaintiffs refused to provide any detail regarding the claim. Plaintiffs have already amended their Complaint twice in the nearly three years the case has been pending. Defendants reserve all rights and defenses with respect to their responses to Plaintiffs' motion for leave to amend.

## 6. Evidence Preservation

The Parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) on October 8, 2024, regarding preservation of evidence relevant to the issues evident in the case. The Parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. In addition, the operative ESI Protocol in this case reiterates the Parties' preservation obligations. *See* ECF No. 275.

## 7. Disclosures

Plaintiffs and Defendants have served their Federal Rule of Civil Procedure 26(a) initial disclosures. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

## 8. Discovery

### a. Written Discovery Exchanged

The following table summarizes the written discovery exchanged by the Parties to date:

| Discovery Requests | Service | Responses & Objections |
|---|---|---|
| Plaintiff's First Set of Requests for Production of Documents to Stability AI, Inc. (Nos. 1-46) | November 11, 2024 | December 20, 2024 |

| | | |
|---|---|---|
| Plaintiff's First Set of Requests for Production of Documents to Runway, Inc. (Nos. 1-63) | November 12, 2024 | December 20, 2024 |
| Plaintiff's First Set of Requests for Production of Documents to Midjourney, Inc. (Nos. 1-47) | November 12, 2024 | December 20, 2024 |
| Plaintiff's First Set of Requests for Production of Documents to DeviantArt, Inc. (Nos. 1-46) | November 12, 2024 | December 20, 2024<br>April 22, 2025 (Am.)<br>Sept. 15, 2025 (2d Am.) |
| Defendants' First Set of Joint Requests for Production of Documents (1-77) | November 27, 2024 | December 27, 2024<br>April 17, 2025 (Supp.) |
| Defendants' First Set of Joint Interrogatories to Plaintiffs (Nos. 1-8) | November 27, 2024 | December 27, 2024<br>April 17, 2025 (Supp.)<br>July 14, 2025 (2d Supp.)<br>Sept. 19, 2025 (2d Supp.)<br>Sept. 19, 2025 (3d Supp.) |
| Defendant Runway AI, Inc.'s First Set of Requests for Production of Documents (Nos. 1-24) | November 27, 2024 | December 27, 2024 |
| Defendant Runway AI, Inc.'s First Set of Interrogatories to Plaintiffs (No. 1) | November 27, 2024 | December 27, 2024 |
| Defendant Midjourney, Inc.'s First Set of Requests for Production of Documents to Plaintiffs Adam Ellis, Gregory Manchess, and Jingna Zhang (Nos. 1-7) | January 31, 2025 | March 3, 2025 |
| Defendant Midjourney, Inc.'s First Set of Requests for Production of Documents (Nos. 1-54) to Plaintiffs Sarah Andersen, Grzegorz Rutkowski, Gerald Brom, Julie Kaye, and Karla Ortiz | January 31, 2025 | March 3, 2025 |
| Defendant Midjourney, Inc.'s First Set of Interrogatories to Plaintiffs Sarah Andersen, Grzegorz Rutkowski, Gerald Brom, Julia Kaye, and Karla Ortiz (Nos. 1-4) | January 31, 2025 | March 3, 2025<br>March 5, 2025 |
| Plaintiffs' First Set of Interrogatories to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 1-5) | June 13, 2025 | July 31, 2025 |
| Plaintiffs' First Set of Interrogatories to Defendant Runway AI, Inc. (Nos. 1-5) | June 17, 2025 | July 31, 2025 |
| Plaintiffs' First Set of Interrogatories to Defendant DeviantArt, Inc. (Nos. 1-5) | June 24, 2025 | July 24, 2025 |

| | | |
|---|---|---|
| Plaintiffs' First Set of Interrogatories to Defendant Midjourney, Inc. (Nos. 1-5) | June 24, 2025 | August 8, 2025<br>Sept. 26, 2025 (Supp.) |
| Plaintiffs' Second Set of Requests for Production of Documents to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 47-113) | July 21, 2025 | August 20, 2025 |
| Plaintiffs' Second Set of Requests for Production of Documents to Defendant DeviantArt, Inc. (Nos. 47-111) | July 28, 2025 | August 27, 2025 |
| Plaintiffs' Second Set of Interrogatories to Defendant DeviantArt, Inc. (Nos. 6) | July 28, 2025 | August 27, 2025 |
| [Corrected] Plaintiffs' Second Set of Requests for Production of Documents to Defendant Midjourney, Inc. (Nos. 48-109) | August 6, 2025 | August 27, 2025 |
| Plaintiffs' First Set of Requests for Admission to Defendant DeviantArt, Inc. (Nos. 1-131) | July 31, 2025 | September 2, 2025 |
| Plaintiffs' First Set of Requests for Admission to Defendant Midjourney, Inc. (Nos. 1-135) | July 31, 2025 | September 2, 2025 |
| Plaintiffs' Second Set of Interrogatories to Defendant Midjourney, Inc. (Nos. 6-8) | August 4, 2025 | September 3, 2025 |
| Plaintiffs' Third Set of Interrogatories to Defendant DeviantArt, Inc. (Nos. 7-8) | August 4, 2025 | September 3, 2025 |
| [Corrected] Plaintiffs' Third Set of Requests for Production of Documents to Defendant Midjourney, Inc. (Nos. 110-118) | August 6, 2025 | September 3, 2025 |
| Plaintiffs' Second Set of Requests for Production of Documents to Defendant Runway, Inc. (Nos. 64-130) | August 26, 2025 | September 25, 2025 |
| Plaintiffs' Third Set of Requests for Production of Documents to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 114-122) | August 26, 2025 | September 25, 2025 |
| Plaintiffs' Second Set of Interrogatories to Defendant Runway, Inc. (Nos. 6-9) | August 27, 2025 | September 26, 2025 |
| Plaintiffs' Second Set of Interrogatories to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 6-9) | August 27, 2025 | September 26, 2025 |
| Plaintiffs' Third Set of Interrogatories to Defendant Midjourney, Inc. (No. 9) | August 27, 2025 | September 26, 2025 |

| | | |
|---|---|---|
| Defendant Runway AI, Inc.'s First Set of Requests for Admission to Plaintiffs (Nos. 1-43) | August 29, 2025 | September 29, 2025 |
| Defendant Runway AI, Inc.'s Second Set of Requests for Production of Documents to Plaintiffs (Nos. 25-41) | August 29, 2025 | September 29, 2025 |
| Defendant Runway AI, Inc.'s Second Set of Interrogatories to Plaintiffs (Nos. 2-3) | August 29, 2025 | September 29, 2025 |
| Plaintiffs' First Set of Requests for Admission to Defendant Runway, Inc. (Nos. 1-131) | September 2, 2025 | October 2, 2025 |
| Plaintiffs' First Set of Requests for Admission to Stability AI Ltd. and Stability AI, Inc. (Nos. 1-131) | September 2, 2025 | October 2, 2025 |
| Plaintiffs' Third Set of Requests for Production of Documents to Defendant DeviantArt, Inc. (Nos. 112-127) | October 3, 2025 | Due November 3, 2025 |
| Plaintiffs' Third Set of Requests for Production of Documents to Defendant Runway, Inc. (Nos. 131-142) | October 3, 2025 | Due November 3, 2025 |
| Plaintiffs' Fourth Set of Requests for Production of Documents to Defendant Midjourney, Inc. (Nos. 119-142) | October 3, 2025 | Due November 3, 2025 |
| Plaintiffs' Fourth Set of Requests for Production of Documents to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 123-137) | October 3, 2025 | Due November 3, 2025 |
| Plaintiffs' Fourth Set of Requests for Production of Documents to Defendant DeviantArt, Inc. (Nos. 128-129) | October 17, 2025 | Due November 17, 2025 |
| Plaintiffs' Fourth Set of Interrogatories to Defendant DeviantArt, Inc. (Nos. 9-13) | October 24, 2025 | Due November 24, 2025 |
| Plaintiffs' Fourth Set of Interrogatories to Defendant Midjourney, Inc. (Nos. 10-15) | October 24, 2025 | Due November 24, 2025 |

**b. Completion of Discovery**

As reflected in the chart above, the Parties have exchanged multiple rounds of written discovery, including requests for production of documents, interrogatories, and requests for admission. The Parties continue to meet and confer in good faith on discovery matters pursuant to the Court's procedures, with unresolved disputes to be presented to Magistrate Judge Cisneros in accordance with her Standing

Order. The Parties remain committed to the efficient resolution of discovery issues while preserving their respective positions on scope and proportionality.

The discovery schedule, as modified by Magistrate Judge Cisneros, established October 3, 2025, as the milestone for substantial completion of document production. ECF No. 282. The current status of production by Party is summarized below, reflecting productions made to date while acknowledging ongoing production efforts by the Parties pursuant to the Court's established timeline.

Midjourney: As of October 3, Midjourney produced 2,810 documents comprising 15,637 pages. Midjourney has stated that it has substantially completed production of non-privileged documents responsive to Plaintiffs' first set of requests for production, subject to its objections. Midjourney has further reported that, as of October 3, it substantially completed production of relevant training data, which was provided to Plaintiffs via hard drives and access through the Google Cloud platform. Midjourney intends to continue producing documents on a rolling basis.

DeviantArt: DeviantArt produced 428 documents as of October 3. DeviantArt reports that it has substantially completed productions in response to certain specified requests for production, subject to its responses and objections, and is producing documents responsive to other requests on a rolling basis. DeviantArt does not possess relevant LAION training data.

Runway: Runway produced 18,509 documents as of October 3. Runway reports that it has substantially completed production of documents responsive to Plaintiffs' first set of requests for production, subject to its responses and objections, and subsequent meet-and-confer discussions, with additional limited custodial and non-custodial document productions anticipated. The Parties have not completed meet-and-confer discussions regarding Plaintiffs' second and third sets of requests. Runway produced approximately 60 terabytes of LAION-5B data via hard drives, representing what Runway identifies as the LAION-5B data within its possession, custody, or control. Runway has offered access to LAION-5B data via AWS. Runway has made source code available for inspection for all models currently at issue. Plaintiffs note that Runway has thus far offered access to four models. Plaintiffs' position is that additional models trained, fine-tuned, or derived from LAION datasets may also be subject to discovery as relevant information becomes available. Runway notes that it has satisfied its obligations regarding source code.

Stability AI: Stability AI produced 256 documents as of October 3. Stability AI emailed Plaintiffs on July 9 with proposed search terms and a search methodology. Plaintiffs provided their substantive response on September 2, after which the parties met and conferred and, on October 8 reached agreement on ten search strings to be applied across seven custodians for Stability AI's custodial document review and production. Stability AI will continue producing responsive documents on a rolling basis in the coming weeks. Stability AI and Plaintiffs have conferred regarding the format for Stability's training data production. Stability AI maintains that it has fulfilled its production obligations by making the data available through Amazon S3, while Plaintiffs have requested production on hard drives.

Plaintiffs: The eight Plaintiffs collectively produced more than 24,600 documents as of October 3, 2025. Plaintiffs report that they have substantially completed production of documents responsive to Defendants' requests for production, with the possible exception of documents responsive to Runway's second set of requests. Plaintiffs have indicated that they will produce those documents, if any, on a rolling basis.

Plaintiffs anticipate serving limited follow-on requests for production focused on discrete categories of information identified during their review of materials produced to date and those forthcoming. Plaintiffs have indicated that any such requests will be directed to categories of materials that, based on their ongoing review, may remain outstanding. Similarly, Defendants anticipate serving additional discovery requests on Plaintiffs.

The Parties continue to meet and confer regarding (1) Plaintiffs' outstanding discovery requests, as summarized above, and (2) Runway's second set of discovery requests to Plaintiffs. Plaintiffs anticipate serving additional interrogatories. Defendants also anticipate propounding additional interrogatories as well as requests for admission.

**c. Depositions:** No Party has noticed a deposition. Plaintiffs intend to serve Rule 30(b)(6) notices by the November 14, 2025, deadline, and anticipate serving Rule 30(b)(1) deposition notices and non-party deposition subpoenas in the coming weeks. Defendants also intend to serve Rule 30(b)(1) deposition notices to Plaintiffs and non-party deposition subpoenas.

Moving forward, the discovery schedule is as follows:

| Event | Deadline |
| --- | --- |
| Producing party to produce privilege logs for any documents withheld on the basis of any privilege to date | October 31, 2025 |
| Deadline to serve FRCP 30(b)(6) notice(s) | November 14, 2025 |
| Deadline to notice any deposition(s) and subpoena(s) | February 13, 2026 |
| Close of Fact Discovery | March 13, 2026 |

**d. Preservation and Production of Electronically Stored Information**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative ESI Protocol in this case is docketed at ECF No. 275.

**e. Protective Order**

In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, the operative Protective Order in this case is docketed at ECF No. 276. Privilege issues, including privilege logging, are addressed in the Court's March 19, 2025, Order. ECF No. 260. The Protective Order incorporates a Rule 502(d) agreement governing the inadvertent production of privileged materials. ECF No. 276 § 16.

**f. Deposition Logistics**

Pursuant to Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative Deposition Protocol in this case is docketed at ECF No. 274.

**g. Discovery Issues and Potential Disputes**

***Plaintiffs' Statement:***

While the Parties continue to confer regarding outstanding discovery issues, and Plaintiffs are actively reviewing Defendants' October 3 productions, Plaintiffs currently anticipate that at least three categories may require judicial intervention: (1) the method of Stability's production of training data; (2) additional search-term strings and requests for custodians that Plaintiffs identify as necessary after completing substantive review of the October 3 productions and any supplemental materials; and (3) any

discovery requests that remain unresolved after conferral. Plaintiffs expressly reserve the right to raise further disputes with the Court as necessary.

***Defendants' Statement:***

***All Defendants:*** Plaintiffs served supplemental responses to Defendants' joint interrogatories by the Court-ordered deadline of September 19, 2025. The parties are currently meeting and conferring regarding those responses and will raise any issues with Magistrate Judge Cisneros using the joint letter-brief procedure. Defendants are also in the process of reviewing Plaintiffs' October 3, 2025 document productions. Should there be any issues, Defendants will address them with Plaintiffs in due course and will raise any disputes with Magistrate Judge Cisneros.

***Runway:*** Runway does not currently anticipate discovery disputes involving only Runway that require the Court's intervention. However, if Plaintiffs' October 3, 2025, productions reveal inadequacies, Runway will meet and confer with Plaintiffs and raise those issues with the Court if necessary. Likewise, Runway is actively meeting and conferring with Plaintiffs regarding their responses to Runway's Second Set of Requests for Production of Documents, Second Set of Interrogatories, and First Set of Requests for Admission, with the goal of resolving disputes without Court intervention. If Plaintiffs do not agree to resolve issues related to those discovery responses, Runway will raise those issues with Magistrate Judge Cisneros.

***Midjourney:*** Midjourney has met and conferred with Plaintiffs regarding their responses to Midjourney's Interrogatories and Requests for Production. The Plaintiffs have agreed to amend their responses to both Midjourney's Interrogatories and the document requests. If these matters cannot be resolved, Midjourney may seek intervention with Magistrate Judge Cisneros.

**h. Narrowing of Issues**

Magistrate Judge Cisneros's June 27, 2025, Order (ECF No. 314) held that "non-LAION training datasets are not relevant to Plaintiffs' copyright claims against Midjourney" as currently pled, and denied Plaintiffs' motion to compel. The Order preserved Plaintiffs' ability to renew "only if, at a later stage in the case, they can concretely articulate how the content (rather than the sources) of non-LAION datasets would be relevant to rebutting Midjourney's fair use defense." No further issues have been

narrowed by agreement or by motion. The parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

**9. <u>Class Action</u>**

This case is a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

***Plaintiffs' Statement:***

Plaintiffs allege that the proposed class is so numerous that joinder of all members is impracticable. The precise size of the class is within Defendants' exclusive knowledge, but upon information and belief, Plaintiffs allege that the class numbers in the millions. Plaintiffs further allege that, like all class members, their copyright-protected works were used to train Defendants' models without authorization, and that all class members have been similarly injured by Defendants' conduct.

Common questions of law and fact predominate over any individual issues. These include, among others: (1) whether Defendants violated the copyrights of Plaintiffs and the class by copying their works to train Defendants' models; (2) whether Defendants should be enjoined from the conduct alleged and, if so, the appropriate scope of such injunction; (3) whether Defendant Midjourney misappropriated Plaintiffs' and class members' trade dress by generating images imitating their distinctive artistic styles; (4) whether Defendant Midjourney caused confusion regarding Plaintiffs' and class members' endorsement of or affiliation with the Midjourney product; (5) whether any affirmative defense, including fair use, excuses Defendants' conduct; and (6) the nature and amount of damages.

***Defendants' Statement:***

This action should not be certified as a class action. Defendants are aware of no facts showing that Plaintiffs are entitled to maintain this action under Federal Rule of Civil Procedure 23(a) and (b). Defendants intend to oppose any motion for any class certification at the appropriate time, including on the ground that numerous individual issues will predominate over any common questions of law or fact.

**10. <u>Related Cases</u>**

The Parties are aware of three additional cases brought on behalf of owners of registered copyrights involving Defendants Midjourney and/or Stability AI: *Disney Enterprises Inc. et al v. Midjourney Inc.*, No. 2:25-cv-05275 (C.D. Cal. filed Jun. 11, 2025); *Getty Images (US), Inc. v. Stability*

*AI, Ltd.*, No. 3:25-06891 (N.D. Cal. filed Aug. 15, 2025); and *Warner Bros. Entertainment Inc. v. Midjourney, Inc.*, No. 2:25-cv-08376 (C.D. Cal. filed Sept. 4, 2025).

Defendants deny that these cases are related within the meaning of Local Rule 3-12.

**11. Relief**

***Plaintiffs' Statement:*** Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505, 15 U.S.C. § 1117, or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after January 13, 2023, the date the Complaint was first served on Midjourney, Stability AI, and DeviantArt, and November 29, 2023, the date the FAC was first served on Runway.

***Defendants' Statement:***

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants do not seek relief at this time other than attorneys' fees and costs if they prevail.

**12. Settlement and ADR**

ADR Certifications pursuant to ADR Local Rule 3-5(b) were filed by Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang on May 9, 2024 (ECF Nos. 200-203, 205-206) and by Plaintiffs Andersen and Ortiz on August 16, 2023 (ECF Nos. 98, 100, 101). Defendant Stability AI filed its certification on September 12, 2023 (ECF Nos. 109) and DeviantArt filed its certification on August 29, 2023 (ECF No. 106). Defendant Runway filed its certification on October 15, 2024 (ECF No. 233). Defendant Midjourney filed its certification on October 21, 2024 (ECF No. 234). The parties continue to meet and confer on an ADR plan.

**13. Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14. Narrowing of Issues**

Plaintiffs have voluntarily dismissed their DMCA claims pursuant to Plaintiffs' Notice of Voluntary Dismissal. ECF No. 241. No other issues have been narrowed by agreement or by motion.

**15. Scheduling**

**a. Expedited Trial Procedures**

The parties agree that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

**b. Case Schedule**

The case schedule adopted by the Court is shown in Exhibit A to ECF No. 235, as modified by ECF Nos. 240 and 282.

**16. Trial**

The case will be tried before a jury. Trial has been set for April 5, 2027, at 8:30am. ECF No. 240. Plaintiffs anticipate a 14-day trial. Defendants believe it is premature to estimate the length of trial at this time.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs Andersen and Ortiz originally filed a Certification of Interested Entities or Persons on January 20, 2023. ECF No. 9. Along with Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang, they also filed Certification of Interested Entities or Persons on April 25, 2025. ECF No. 279. Certifications of Interested Entities or Persons were filed by DeviantArt on February 6, 2023. ECF No. 34; Midjourney on February 23, 2023, ECF No. 48; Stability AI on April 18, 2023. ECF Nos. 56-57; and Runway on January 10, 2024. ECF No. 150.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

Dated: October 28, 2025

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Holden Benon (SBN 325847)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: October 28, 2025

Respectfully submitted,

By: */s/ Brittany N. Lovejoy*

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: brittany.lovejoy@lw.com

Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: October 28, 2025

Respectfully submitted,

By: */s/ Aditya V. Kamdar*

Aditya Vijay Kamdar (SBN 324567)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
tcheung@mofo.com
tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And Stability AI, Inc.*

Dated: October 28, 2025

Respectfully submitted,

By: /s/ Angela Dunning

Angela Dunning (SBN 212047)
Sam Blankenship (SBN 339905)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
sblankenship@cgsh.com

Arminda B. Bepko (pro hac vice)
Charity E. Lee (pro hac vice)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: October 28, 2025

Respectfully submitted,

By: /s/ Paven Malhorta

Paven Malhotra (SBN 258429)
David J. Silbert (SBN 173128)
Bailey W. Heaps (SBN 295870)
Julia L. Greenberg (SBN 333864)
Luke P. Apfeld (SBN 327029)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: pmalhotra@keker.com
Email: dsilbert@keker.com
Email: bheaps@keker.com
Email: jgreenberg@keker.com
Email: lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: October 28, 2025

*<u>/s/ Joseph R. Saveri</u>*
Joseph R. Saveri