[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO (LJC) |
| *Plaintiffs*, | **JOINT STATUS REPORT** |
| v. | Discovery Conference Date: Nov. 18, 2025 |
| STABILITY AI LTD., et al., | Time: 1:30 PM |
| *Defendants*. | Place: via Zoom |
| | Judge: Hon. Lisa J. Cisneros |

## I.    Introduction

Pursuant to the Court's directive at the September 16, 2025 status conference, ECF No. 343, Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis (collectively, "Plaintiffs"), along with Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"),[1] Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report. The October 16, 2025 Joint Status Report, ECF No. 345, addressed outstanding custodian and search-term issues related to Plaintiffs' first set of requests for production; as noted therein and below, those matters are now resolved. This report provides a short update on (1) the current status of document production, (2) discovery issues that may require the Court's attention, and (3) next steps toward the March 13, 2026 fact-discovery cutoff.

## II.    Custodian and Search-Term Status

The Parties confirm that negotiations regarding initial custodians and search terms are complete for all Defendants, subject to a pending request that DeviantArt add four additional custodians based on Plaintiffs' review of its documents produced to date. Plaintiffs have likewise completed negotiations regarding search terms to be applied to their own document collections. All parties have begun production using those parameters.

The Parties continue to meet and confer regarding later sets of requests for production served by both sides. Those discussions are ongoing and do not presently require Court intervention. Based on their review of DeviantArt's initial production, Plaintiffs have requested that DeviantArt add four additional document custodians and address certain perceived deficiencies identified during that review.

---

[1] DeviantArt has indicated that it does not agree that certain updates about DeviantArt in this Joint Status Report that were added by Plaintiffs on the day of this filing are accurate. DeviantArt has also protested the last-minute nature of these additions, which were added hours before the filing was due, and after the parties had agreed no further additions would be made.

Plaintiffs disagree with the characterizations above. Plaintiffs' additions reflect information DeviantArt conveyed to Plaintiffs earlier today regarding its anticipated production timing and position on custodians, and were included to ensure that the Joint Status Report accurately reflects the current status of discovery as of the date of filing. Plaintiffs also disagree with DeviantArt's assertions regarding the drafting process and the Parties' communications, and do not believe such disputed assertions or argument are appropriate for a joint status report.

1   DeviantArt has responded that it is still assessing this request and believes further discussion should

2   occur only after its third production, which it expects to make by the end of the month, and has stated

3   that additional custodians must satisfy the "uniquely relevant information" standard.

4        The Parties reserve all rights to seek modification of custodians or search terms if additional

5   information produced in discovery reveals that further searches are necessary to ensure completeness or

6   proportionality.

7   **III.    Status of Document Production**

8        Document production remains ongoing following the October 3, 2025 substantial completion

9   date. The summaries below describe each Party's current status and anticipated next steps.

10       **Plaintiffs:** The eight Plaintiffs have, in total, produced about 24,600 documents as of October 3

11  and will continue to supplement as appropriate.

12       **Midjourney:** Midjourney has produced approximately 2,800 documents responsive to Plaintiffs'

13  first set of requests for production, totaling about 15,600 pages. Production to date reflects documents

14  from both custodial and non-custodial sources, and Midjourney has indicated that additional documents

15  will be produced on a rolling basis. Midjourney has further reported that it has substantially completed

16  production of approximately 160 terabytes of LAION training data, which it provided to Plaintiffs via

17  hard drives and through the Google Cloud platform.

18       **DeviantArt:** DeviantArt has produced about 428 documents in response to Plaintiffs' first set of

19  requests for production and has indicated that additional responsive materials are forthcoming on a

20  rolling basis. DeviantArt does not possess relevant LAION training data. Plaintiffs asked DeviantArt to

21  confirm when its production of documents responsive to Plaintiffs' first and second sets of requests for

22  production will be substantially complete. DeviantArt responded that it continues to review and prepare

23  documents for production, but that it is not required to provide a date certain for substantial completion.

24  DeviantArt stated that it expects to make a small production this week and a larger production by the

25  end of the month, subject to ongoing review.

26       **Runway:** Runway has produced about 18,500 documents responsive to Plaintiffs' first set of

27  requests for production. The Parties understand that Runway's production is continuing on a rolling

28  basis. Runway also has produced approximately 60 terabytes of LAION-5B data via hard drives,

representing what Runway identifies as the LAION-5B data within its possession, custody, or control. Runway has offered access to LAION-5B data via AWS. Additionally, Runway has made source code available for inspection.

**Stability AI:** Stability AI has produced approximately 1,500 documents as of November 10. The Parties completed negotiations regarding custodians and search terms to be applied to Stability AI's production on October 8, 2025, and Stability AI has begun producing responsive materials on a rolling basis. Plaintiffs have requested that Stability AI confirm when its production of documents responsive to Plaintiffs' first set of requests for production will be substantially complete and will update the Court as appropriate. Plaintiffs previously conferred with Stability AI regarding the format of its training-data production. Stability AI maintains that it has fulfilled its production obligations by making the data available through Amazon S3, while Plaintiffs have requested production on physical hard drives.

**IV.    Privilege Logs**

The Parties have exchanged, or are in the process of exchanging, privilege logs for documents withheld to date. Rolling productions and supplemental productions continue consistent with the Court's schedule.

**V.    Depositions**

No Party has noticed a deposition. Plaintiffs intend to serve Rule 30(b)(6) notices by the November 14, 2025 deadline, and anticipate serving Rule 30(b)(1) deposition notices and non-party deposition subpoenas in the coming weeks. Defendants also intend to serve Rule 30(b)(1) deposition notices to Plaintiffs and non-party deposition subpoenas.

**VI.    Outstanding Discovery Issues**

*Plaintiffs' Position*

The Parties have maintained ongoing communication regarding written and document discovery since the last Joint Status Report, and Plaintiffs have responded to Defendants' correspondence and discovery inquiries as promptly as practicable given the scope and technical complexity of the discovery involved. Plaintiffs are finalizing certain follow-up responses and expect to provide those materials shortly.

The Parties continue to confer in good faith regarding a limited set of ongoing discovery matters. At this stage, none require Court intervention, but several remain under discussion:

- **Stability AI's Training Data Production Format.**

  Plaintiffs and Stability AI continue to disagree as to the appropriate format for Stability AI's training-data production. Plaintiffs previously conferred with Stability AI regarding the issue and, consistent with that exchange, are preparing a proposal to facilitate resolution. Plaintiffs expect to re-engage with Stability AI within the next 30 days, consistent with their prior discussions and ongoing efforts to resolve the issue without Court involvement.

- **DeviantArt's Production Schedule.**

  As noted, Plaintiffs requested that DeviantArt confirm when its production of documents responsive to Plaintiffs' first and second sets of requests for production will be substantially complete. DeviantArt declined to provide a specific substantial completion date, asserting that no such requirement exists. Plaintiffs are evaluating whether further conferral will be necessary and will raise the issue with the Court if it cannot be resolved.

- **DeviantArt Additional Custodians.**

  Plaintiffs requested that DeviantArt add four additional custodians based on apparent deficiencies identified in its initial production. DeviantArt has declined to engage on this request until after its purported third production at month's end—a date Plaintiffs cannot confirm will be met, as it is based solely on DeviantArt's representation—and has invoked the "unique relevance" standard as a basis for delay. Plaintiffs will continue conferring but may seek Court assistance if DeviantArt's position persists.

- **Responses to Later Sets of Discovery Requests.**

  The Parties are continuing to meet and confer regarding responses to interrogatories, requests for admission, and more recent requests for production. These discussions address technical materials, communications, and additional document categories identified during ongoing review. Plaintiffs expect conferral to continue through November and do not believe any issues are presently ripe for Court intervention.

- **Supplemental Productions and Search Scope.**

    Plaintiffs continue to review Defendants' October 3 productions to identify any apparent deficiencies or omissions, including whether additional custodians or search terms may be warranted as discovery proceeds. Plaintiffs reserve all rights to raise such issues with the Court if later necessary.

Plaintiffs have met their discovery obligations across all Defendants. Any remaining issues arise from the scale and technical complexity of the productions, which involve large datasets, distinct systems, and different formats maintained by multiple Defendants. Plaintiffs have worked cooperatively to manage those challenges, coordinate efficiently among Defendants, and keep discovery on track while avoiding unnecessary motion practice.

The Parties continue to meet and confer regularly to ensure that discovery proceeds efficiently and that any supplemental productions occur promptly. Judge Orrick observed at the November 4, 2025 Case Management Conference that discovery appears to be on schedule and encouraged the Parties to continue resolving issues cooperatively. Consistent with that guidance, the Parties will maintain regular conferrals and raise any disputes with the Court only if necessary.

### *Defendants' Position*

Defendants are actively reviewing Plaintiffs' document productions to date. Defendants will address any deficiencies to Plaintiffs in the first instance and raise any disputes with the Court. The Defendants are also conferring with Plaintiffs on a number of other outstanding discovery issues, including their responses to Defendants' interrogatories. If these matters cannot be resolved, Defendants may seek Court intervention.

- **Defendants' Joint Interrogatories:** Plaintiffs served supplemental responses to Defendant's joint interrogatories by the Court-ordered deadline of September 19, 2025. The parties are currently meeting and conferring regarding those responses and will raise any issues with the Court using the joint letter brief procedure.

- **Stability AI:** Stability AI notes that Plaintiffs have not conferred with Stability AI for months about Stability AI's training data production. The last correspondence about training data—which demonstrated that Plaintiffs were engaging with details of the file structure of

Stability AI's production via Amazon S3—was on September 12, 2025. The last correspondence about method of production was over one month before, on August 8, 2025. Regardless, Stability AI will consider Plaintiffs' proposal in good faith when it receives it.

- **Midjourney:** Midjourney has met and conferred with Plaintiffs regarding their responses to Midjourney's Interrogatories and Requests for Production. The Plaintiffs agreed to amend their responses to both Midjourney's Interrogatories and document requests by November 11, 2025, which Midjourney is now in the process of reviewing.

- **Runway:** There are a number of discovery items on which Runway has met and conferred with Plaintiffs but where Plaintiffs have inexcusably delayed. *First*, after a productive meet-and-confer in mid-October, Runway proposed compromises with respect to multiple requests from Runway's Second Set of Interrogatories and Second Set of RFPs to Plaintiffs, but Plaintiffs have not responded to Runway's correspondence. If Plaintiffs do not agree to resolve issues related to their discovery responses, Runway will raise those issues with the Court. Runway respectfully requests that the Court order Plaintiffs to respond to Runway's correspondence within one week of the Joint Status Conference. *Second*, Plaintiffs have not requested to meet and confer with Runway regarding written discovery responses that Runway served September 25, 2025 and November 3, 2025.

## VII.    Upcoming Fact Discovery and Scheduling

Discovery is proceeding according to the schedule set by the Court. Upcoming deadlines are summarized below:

| Event | Deadline |
|---|---|
| Deadline to serve FRCP 30(b)(6) notice(s) | November 14, 2025 |
| Deadline to notice any deposition(s) and subpoena(s) | February 13, 2026 |
| Close of Fact Discovery | March 13, 2026 |

The Parties will coordinate deposition scheduling and expect to commence depositions in early 2026.

**VIII.  Expert Search and Schedule**

*Plaintiffs' Position*

Plaintiffs continue to seek a qualified testifying machine-learning expert following Judge Orrick's August 29, 2025 Order restricting expert access to highly confidential materials. *See* ECF No. 337. In that Order, Judge Orrick acknowledged that the loss of Plaintiffs' prior expert could warrant a future schedule adjustment. *See id.* at 2. Plaintiffs do not presently seek any modification to the existing schedule but will update this Court within 30 days if circumstances suggest that an adjustment should be requested from Judge Orrick.

*Defendants' Position*

Defendants agree that the existing case schedule need not and should not be adjusted at this point, and Defendants reserve all rights to the extent that Plaintiffs request an adjustment to the schedule in the future.

**IX.  Next Steps**

The Parties have identified the following near-term priorities to keep discovery on track:

- Complete rolling document productions;

- Exchange any outstanding privilege logs;

- Continue meeting and conferring regarding outstanding discovery requests and related technical-production issues, including the format of Stability AI's training-data production;

- Prepare and serve Rule 30(b)(6) topics by the Court's deadline;

- Coordinate initial deposition scheduling and related logistics following completion of custodial productions; and

- Continue Plaintiffs' efforts to secure a qualified testifying machine-learning expert and update the Court on that progress within 30 days.

**X.  Conclusion**

Discovery is advancing on schedule. All parties have made initial productions of documents, and the Parties continue to address remaining production and technical questions through conferral. The

Parties remain committed to the March 2026 fact-discovery deadline and will promptly notify the Court if intervention becomes necessary.

Dated: November 12, 2025

Respectfully submitted,

By: /s/ Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@butericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Dated: November 12, 2025

Respectfully submitted,

By: /s/ Brittany N. Lovejoy

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Email: brittany.lovejoy@lw.com
Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: November 12, 2025

Respectfully submitted,

By: */s/ Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657

1    Email: mlemley@lex-lumina.com

2    *Counsel for Defendants Stability AI Ltd. And*
3    *Stability AI, Inc.*

4    Dated: November 12, 2025    Respectfully submitted,

5    By: */s/ Angela Dunning*

6    Angela Dunning (SBN 212047)
7    Sam Blankenship (SBN 339905)
     **CLEARY GOTTLIEB STEEN & HAMILTON**
8    **LLP**
     1841 Page Mill Road, Suite 250
9    Palo Alto, CA 94304-1248
     Telephone: (650) 815-4131
10   Email: adunning@cgsh.com
11   Email: sblankenship@cgsh.com

12   Arminda B. Bepko (pro hac vice)
     Charity E. Lee (pro hac vice)
13   **CLEARY GOTTLIEB STEEN & HAMILTON**
     **LLP**
14   One Liberty Plaza
15   New York, NY 10006
     Telephone: (212) 225-2517
16   Email: abepko@cgsh.com
     Email: charitylee@cgsh.com
17
18   *Counsel for Defendant Midjourney, Inc.*

19   Dated: November 12, 2025    Respectfully submitted,

20   By: */s/ Paven Malhotra*

21   Paven Malhotra (SBN 258429)
22   David J. Silbert (SBN 173128)
     Bailey W. Heaps (SBN 295870)
23   Julia L. Greenberg (SBN 333864)
     Luke P. Apfeld (SBN 327029)
24   **KEKER VAN NEST & PETERS LLP**
     633 Battery Street
25   San Francisco, California 94111-1809
26   Telephone: (415) 391-5400
     Email: pmalhotra@keker.com
27   Email: dsilbert@keker.com
     Email: bheaps@keker.com
28   Email: jgreenberg@keker.com

Email: lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: November 12, 2025                                    _/s/ Joseph R. Saveri_____
                                                                            Joseph R. Saveri