UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Lisa J. Cisneros, Magistrate Judge

ANDERSEN, et al.,                    )
                                     )
          Plaintiffs,                )
                                     )
vs.                                  )   No. C 23-00201-WHO
                                     )
STABILITY AI LTD., et al.,           )
                                     )
          Defendants.                )
_____)

                                     San Francisco, California
                                     Tuesday, November 18, 2025


TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 1:36 - 1:54 = 18 MINUTES


APPEARANCES:

For Plaintiffs:
                         Joseph Saveri Law Firm, LLP
                         601 California Street
                         Suite 1505
                         San Francisco, California
                            94108
                    BY:  EVAN CREUTZ, ESQ.

For Defendants:
                         Morrison & Foerster LLP
                         2100 L Street NW
                         Suite 900
                         Washington, DC 20037
                    BY:  ADITYA V. KAMDAR, ESQ.


          (APPEARANCES CONTINUED ON NEXT PAGE)

2

For Defendants:                    Cleary Gottlieb Steen &
                                     Hamilton LLP
                                   One Liberty Plaza
                                   New York, New York 10006
                              BY:  CHARITY E. LEE, ESQ.

                                   Keker Van Nest & Peters LLP
                                   633 Battery Street
                                   San Francisco, California
                                     94111
                              BY:  PAVEN MALHOTRA, ESQ.

                                   Latham and Watkins LLP
                                   355 South Grand Avenue
                                   Suite 100
                                   Los Angeles, California 90071
                              BY:  SARAH F. MITCHELL, ESQ.

Transcribed by:                    Echo Reporting, Inc.
                                   Contracted Court Reporter/
                                   Transcriber
                                   echoreporting@yahoo.com

3

<u>Tuesday, November 18, 2025</u>                              <u>1:36 p.m.</u>

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  We are calling civil matter 23-CV-00201, Andersen et al. v. Stability AI Ltd., et al.

Counsel will state their appearances for the record, beginning with Plaintiff counsel.

MR. CREUTZ (via Zoom):  Good afternoon.  Evan Creutz from the Joseph Saveri Law Firm for Plaintiffs.

THE COURT:  Good afternoon.

MR. MALHOTRA (via Zoom):  Good afternoon, your Honor.  Paven Malhotra from Keker Van Nest and Peters on behalf of Defendant Runway.

THE COURT:  Good afternoon.

MS. LEE (via Zoom):  Good afternoon.  Charity Lee from Cleary Gottlieb Steen and Hamilton on behalf of Defendant Midjourney.

THE COURT:  Okay.  Good afternoon.

MR. KAMDAR (via Zoom):  Good afternoon, your Honor.  Aditya Kamdar on behalf of the Defendants, Stability AI, Inc. and Stability AI Limited, from Morrison Foerster.

THE COURT:  Okay.  Good afternoon.

MS. MITCHELL (via Zoom):  Good afternoon.  Sarah Mitchell of Latham Watkins on behalf of Defendant DeviantArt.

4

THE COURT:  Okay.  Good afternoon.

So we have this case on for a discovery status conference today, and I've had an opportunity to review the joint status report that you all prepared and filed last week.  So thank you for preparing that and filing it.  I understand that these reports, with so many different litigants and attorneys, can take some time to prepare, but it's -- it was helpful to see where the work stands with respect to discovery.

I would like to jump right in and address the issues that the parties flagged.  I don't think this status conference need to last a long time today, but I think there's a couple of steps that we can possibly take to make sure that discovery is moving forward expeditiously.

So, first of all, with respect to the format of Stability AI's training data, that's an issue that I have a recollection that it was raised earlier in another status report, and so that issue has been -- regarding the format of that production has been hanging around for a while.  And what I intend to do is to, you know, set a deadline for the parties to meet and confer, Plaintiffs and Stability AI, and to file a discovery letter by a date certain if you're unable to reach a resolution.

So what's your reaction to that?  I was thinking of requiring you all to meet and confer and get your arms

around this issue and hopefully resolve it by way of agreement by no later than December 5th, with a discovery joint letter due December 6 if there isn't a resolution and there's something that needs to be -- a dispute that needs to be presented to me for resolution.

Mr. Kantamar (sic) -- Kamdar, sorry, or Plaintiffs' counsel, what's your reaction to, A, you know, should I set a date certain by which you all tee this up, or -- and, B, does -- do December deadlines make sense, or do you need more time?

MR. CREUTZ:  Your Honor, speaking for Plaintiffs, I think it makes sense to set those deadlines.  That's along the lines of what Plaintiffs plan to pursue with Stability anyway.  I think that having the deadlines in place will help keep the parties focused and help us resolve this issue hopefully, you know, by the end of December, certainly.

MR. KAMDAR:  Those days work for us, your Honor. And I'll note that we did just receive a communication from Plaintiffs right before this conference trying to schedule a meet and confer.

THE COURT:  Okay.

MR. KAMDAR:  So the ball is already rolling.

THE COURT:  Great.  So I'll set those deadlines to make sure that the ball keeps rolling.  So the deadlines, again, are December 5th, 2025, for you all to meet and

6

confer regarding the format of Stability AI's training data production, AWS versus physical hard drives.  And if you're unable to resolve your disputes by that day, then a joint discovery letter is due no later than December 12, 2025. And I would look at that discovery letter right away and possibly set a hearing if I need to the following week, the week of December 15th.  So just so you're aware, whoever is working on this, getting the letter ready, I would hope that you please plan to be available the week of December 15th for argument, if that's needed.

Okay.  Now as far as DeviantArt's production schedule and the possible need for additional custodians and DeviantArt's productions overall, I think there was a comment that, in DeviantArt's view, that it's not a requirement to have a deadline for a substantial completion of discovery or responses to production in response to requests for documents.  But even though that, in the literal sense, it's not in rule -- in the Federal Rules of Civil Procedure, I think, as a practical matter, those substantial completion deadlines are helpful.  So what do you think would be a deadline that would make sense here?

MS. MITCHELL:  Yeah.  Thank you, your Honor.

So, as we've discussed with the Plaintiff, we are currently preparing a large production rounding that out, and we expect to be able to make that this month, the next

production, which will be substantially complete for our productions today.

THE COURT:  So then this month -- let's see, December -- I mean -- I think the 29th is right after Thanksgiving Friday.  I'll impose that as the deadline for substantial production for DeviantArt, unless you think you need more time, like December 1st or 5th, because it's right around the holidays.

MS. MITCHELL:  Thank you.  Yes.  So we -- I -- you know, we'll endeavor to produce sooner.  I do think having it be after Thanksgiving would be helpful.  Maybe December 3rd, the middle of that week.  But we do anticipate being --

THE COURT:  Okay.

MS. MITCHELL:  -- able to produce them (indiscernible).

THE COURT:  I'll do December 3rd, so you have a little bit of breathing room around Thanksgiving.

MS. MITCHELL:  Thank you.

THE COURT:  So then there's this other issue about the four additional custodians which, based on the status report, DeviantArt can't really solidify its position until after the production is done or at least substantially completed.  So what do you think would -- should be the deadline for the parties to meet and confer and prepare a joint letter about those four additional custodians if you

8

can't reach a resolution by way of agreement?

MS. MITCHELL:  And, you know, in discussions, we've not said that we're delaying discussions on the additional custodians until after the --

THE COURT:  Okay.

MS. MITCHELL:  -- production is made.  We did not think that that was an accurate representation by Plaintiffs in the report.  We have been engaging --

THE COURT:  Okay.  Yeah.  That's okay.  I know that there was a little bit of a kerfuffle related to the status reporting and the information regarding DeviantArt's discovery responses.

So anyhow -- but I think that -- what I'm looking for is just, what's the deadline that we ought to set -- that I ought to set as the Court for any kind of joint discovery letter if you're not able to resolve this issue related to Plaintiffs' request for additional custodians?  Is this something that you can present to me in December if I need to decide it?

MR. CREUTZ:  Your Honor, speaking -- Evan Creutz speaking for Plaintiffs.

Our concern is that since this has to do with custodians, and then ultimately with a review of documents on DeviantArt's part, and then ultimately a production that we'll have to review, that whole process just takes time.

9

And keeping in mind that the close of fact discovery is approaching and that we need to take depositions, we're concerned about letting this issue linger into December too far.

THE COURT:  Okay.  So maybe you could file a letter this month?

MR. CREUTZ:  Yes, I think we can do that.

THE COURT:  Ms. Mitchell, what do you think about that timing?

MS. MITCHELL:  So we are conferring with our client on the roles of these specific four people that were named, you know, and I think we do need some time this week to get back with our client --

THE COURT:  Okay.

MS. MITCHELL:  -- and to get back to them on the position.  And so if a joint -- you know, we hope that we don't have to present a joint letter to your Honor and that we can resolve these issues.  If we could extend that deadline into December, that would be helpful to increase the chances that -- of resolving the issue.  And so, you know, maybe the week of December 8th would be more reasonable.

THE COURT:  Well, any -- that might be a little bit later than Mr. Creutz was proposing.

MR. CREUTZ:  Yes, your Honor.  I think it --

10

December 8th date does start to implicate, you know, this -- the resolution -- ultimate resolution of this, including us ultimately obtaining documents from these custodians.  It just pushes it back into 2026, and that will put a squeeze, I think, a little bit on -- or potentially, you know, depending on the nature of the documents.  We would like to have time with them before we prepare for depositions.

THE COURT:  Okay.  I'm going to set December 3rd as the deadline for a joint discovery letter if you all don't reach a resolution.  It's almost the week of December 8th, so you get a little breathing room around the holidays.  But I do want this -- I want you all to get your arms around this custodian dispute because it's pretty -- it's an early step to actually getting the documents collected and produced, and that affects depositions down the line.  So March feels like a ways off, but given the deadlines to serve notices for the 30(b)(1) depositions and subpoenas, you know, that's -- it's not that far off, so we need to keep this process moving.

So December 3rd, 2025, will be the deadline for any joint discovery letter regarding the four additional custodians, and maybe you all will reach a resolution and there won't be any briefing that's needed.

MS. MITCHELL:  Thank you, your Honor.

THE COURT:  So I'm moving to the next piece here.

And the -- and that's Plaintiffs -- I guess Plaintiffs had served some interrogatories and -- excuse me, Defendants had served interrogatories back in September.  Plaintiffs served supplemental responses, and there's been back and forth between the parties about the sufficiency of those supplemental responses.

So here, again, we need to keep this process moving, so I am going to set a deadline for you all to tee this up for me to resolve.  So I -- my initial reaction was to set a deadline of December 12 for a joint discovery letter if there's any deficiencies that Defendants have identified and Plaintiffs are objecting to.

So I'm not sure who in the room is sort of leading the charge with respect to Plaintiffs -- amongst all the Defendants here, if maybe there's a point person who's in charge of evaluating Plaintiffs' supplemental responses and whether or not they're adequate.

MR. MALHOTRA:  Your Honor, this is Paven Malhotra from Runway.

THE COURT:  Okay.

MR. MALHOTRA:  I'll -- at least from Runway's perspective, and I assume for the other Defendants, a deadline of December 12th should be sufficient for currently propounded offensive discovery.

THE COURT:  Okay.  All right.  So that will be the

12

deadline for joint discovery letter issue.

All right.  Now the last issue actually related to Runway, and that's Runway's position that Plaintiffs had been unreasonably delayed in meeting and conferring about Runway's outstanding discovery requests.  So I could set a deadline of November 25th, 2025, for the Plaintiffs to respond to Runway's proposals regarding Runway's second set of interrogatories and second set of document production.  I don't know if that was what you were addressing previously?

MR. MALHOTRA:  Well, we actually -- maybe because this conference is happening today, we finally got a response from Plaintiffs' counsel yesterday --

THE COURT:  Oh, great.

MR. MALHOTRA:  -- offering to meet and confer. And so we will take them up on that offer and meet and confer with them.

THE COURT:  Okay.  Great.  So that's not an issue that I need to take action on.  Thank you.  I'm glad you all were able to get the ball rolling on that particular issue.

Is there anything else that you all would like to discuss?

MR. CREUTZ:  Your Honor, Evan Creutz for Plaintiffs.

We think it would be useful to schedule another conference with your Honor either, say, in mid-December or

13

perhaps in early January --

THE COURT:  Right.

MR. CREUTZ:  -- to discuss the status of everything.

THE COURT:  Okay.  Yeah.  Thanks for flagging that.  I had -- I identified January 22nd as a possible date for a next status conference, that's later January.  I understand you have a status conference with Judge Orrick on January 20th at 2:00?

MR. MALHOTRA:  The 22nd works for us, your Honor -- for Runway.

MR. CREUTZ:  22nd works for Plaintiffs as well, your Honor.  Thank you.

THE CLERK:  Your Honor, would you like to have that at 1:30 or set it earlier or later in the day?  You have two CMCs set that day at 1:30.

THE COURT:  Right.  I would like to have this at 10:30 in the morning.

THE CLERK:  You have a pre-settlement conference that morning at 10:30.

THE COURT:  Okay.  We could set it for 11:00 o'clock.

THE CLERK:  Okay.

THE COURT:  And one week beforehand, the status report would be due.  So that would be January 15th with the

14

status report.

All right.  Are there any other issues that you all would like to raise?

MR. CREUTZ:  Nothing -- not from Plaintiffs. Thank you, your Honor.

MR. KAMDAR:  Nothing from us, your Honor.

THE COURT:  Okay.  All right.  I'm not hearing anything further from the various Defendants or Plaintiffs, so I believe we're done.  Thank you for your time.

MR. CREUTZ:  Thank you, your Honor.

MR. MALHOTRA:  Thank you, your Honor.

THE CLERK:  Court is now adjourned.

(Proceedings adjourned at 1:54 p.m.)

15

CERTIFICATE OF TRANSCRIBER


I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Tuesday, November 25, 2025

*Echo Reporting, Inc.*