UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>Defendants. | Case No. 23-cv-00201-WHO   (LJC)<br><br>**ORDER REGARDING PLAINTIFFS' AND DEFENDANT DEVIANTART, INC.'S JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 363 |

Pending before the Court is a joint discovery letter filed by Plaintiffs and Defendant DeviantArt, Inc. (DA) in which they dispute the inclusion of four DA document custodians. The Court presumes the parties' familiarity with the record in this case and the applicable standards. Having reviewed the parties' briefing, the record in this action, and the relevant authorities, for the following reasons discussed below, the Court GRANTS Plaintiffs' request for the four document custodians.

In the early stages of this multi-defendant litigation, the parties negotiated many of the terms for the discovery of electronically stored information (ESI). Where terms were disputed, the parties submitted their disputes to the Court, and they were resolved. *See e.g.*, ECF Nos. 260, 267. The parties then incorporated the Court's rulings and entered a stipulation regarding the discovery of electronically stored information, which the Court approved. ECF No. 275 (Stipulated ESI Order).

As an initial matter, Plaintiffs contend that under the Stipulated ESI Order, they are entitled as a matter of right to twelve custodians, with proportionality requirements applying only with respect to additional custodians sought beyond the twelfth custodian. *See* ECF No. 363 at 2. Courts encourage parties to plan their discovery and adopt ESI protocols "to encourage reasonable

1  electronic discovery with the goal of limiting the cost, burden and time spent, while ensuring that
2  information subject to discovery is preserved and produced to allow for fair adjudication of the
3  merits." *Leon v. American Honda Motor Co., Inc.*, CV 24-7872, 2025 WL 3255005, at *3 (C.D.
4  Cal. Nov. 7, 2025) (quoting Northern District of Cal. Guidelines for the Discovery of
5  Electronically Stored Information). "Courts encourage parties to work out things like ESI
6  protocols and other procedures governing discovery," recognizing that "[w]ithout them, courts
7  would have to rule on everything, and litigation would be even more expensive than it already is."
8  *In re StubHub Refund Litigation*, No. 20-md-02951, 2023 WL 3092972, at *1 (N.D. Cal. Apr. 25,
9  2023). The emphasis placed on ESI protocols and party agreements to manage and streamline
10 discovery helps advance "the just, speedy, and inexpensive determination" of civil actions pending
11 in federal courts. Fed. R. Civ. P. 1.
12        Here, the Stipulated ESI Order states in relevant part, "This Order will govern discovery of
13 electronically stored information ('ESI') in this case as a supplement to the Federal Rules of Civil
14 Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any
15 other applicable orders and rules." ECF No. 275 at 1. The Stipulated ESI Order goes on to state,
16 "A Requesting Party may request up to twelve custodians per Producing Party," and establishes
17 that:

> The parties may jointly agree to modify these limits without the Court's leave. The Parties may request inclusion of additional custodians as discovery progresses. The Court shall consider contested requests for additional custodians, based upon a showing of proportionality to the needs of the case as that Phrase is used in Rule 26 of the Federal Rules of Civil Procedure.

21 *Id.* at 2-3. Notably, the Stipulated ESI Order does not expressly preclude a party from seeking a
22 protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure regarding custodian
23 designation. Furthermore, the parties disputed the number of custodians that should be allowed
24 under the ESI protocol (Plaintiffs wanted twenty-five and each defendant sought a limit of five
25 custodians), and the undersigned ruled that Plaintiffs could designate up to twelve custodians per
26 defendant. ECF No. 260 at 4-5. When Defendants sought relief from the undersigned's ruling,
27 Judge Orrick denied the request, stating that a "defendant may seek a protective order from Judge
28 Cisneros" if "a particular defendant believes plaintiffs are abusing the designation process." ECF

No. 267 at 2.

Considering the applicable rules of federal procedure, the intended purpose of ESI orders, the parties' prior dispute regarding the number of custodians in this multi-defendant litigation, and Judge Orrick's order, the undersigned holds that Plaintiffs' selections of up to twelve custodians are not immune from challenge and a responding defendant may seek a protective order under the standard set forth in Rule 26 of the Federal Rules of Civil Procedure. Accordingly, DA must establish good cause for a protective order on grounds such as "unreasonably cumulative or duplicative" discovery, or based on "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(b)(2)(C), (c)(1). The Stipulated ESI Order, however, would not advance efficiency if Defendants were allowed to easily sidestep their general obligation to produce document discovery for up to twelve designated custodians by requiring Plaintiffs to seek an order to compel and demonstrate that the custodian will have relevant information that is proportionate to the needs of the case. As Judge Orrick has made clear, the appropriate balance requires an objecting defendant to seek a protective order by demonstrating that Plaintiffs are abusing the designation process. ECF No. 267 at 2.

Here, DA has not made such a showing. DA has conceded that Woolfson and Lerner worked on DreamUp, albeit tangentially, and they concede that Lamay was involved with DreamUp as well, though in a "non-technical role" under custodians Karpel and Nell. ECF No. 363 at 6. The Court also declines to overrule Plaintiffs' designation of DA Nickolay Surovenko as a custodian. Although DA contends that Surovenko "did not work on DreamUp" and is "thus unlikely to possession documents relevant to the claim against DA," the Court credits Plaintiffs' explanation that Surovenko's technical work "shaped DreamUp[]" such that his custodial files may contain documents on how DreamUp operates. *Id.* at 3. Moreover, the fact that Surovenko's supervisor, Gorniak, is already a custodian and thus there may be some overlap between Gorniak and Surovenko's custodial files does not establish that it is improper to designate Surovenko as well. "The idea that responsive documents will necessarily be found in other custodians' records is not sufficient to defeat a search of his files." *Shenwick v. Twitter, Inc.*, No. 16-cv-05314, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018). Rather, it is "possible that one custodian will have a

3

1  document or document that other custodians have not retained" or do not possess, particularly
2  where custodians are on different rungs of the corporate ladder.  *Id.*  As Plaintiffs argue in the
3  context of Sasha Lerner, "the current list of custodians is fully comprised of C-suite executives …
4  who may not be as intimately involved with the day-to-day operations" as engineers such as
5  Surovenko.  ECF No. 363 at 4.  Although there may be overlap between Survenko and Gorniak's
6  custodial files, it is likewise reasonable to expect that Surovenko was privy to communications
7  and documents that his supervisor or other high-level employees did not possess.  Moreover, DA
8  has not demonstrated that Plaintiffs seek to include Surovenko as a custodian for abusive or
9  oppressive purposes.

      Plaintiffs' request to designate the four custodians is accordingly granted.

**IT IS SO ORDERED.**

Dated: December 12, 2025

LISA J. CISNEROS
United States Magistrate Judge