**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS;<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC.<br><br>Defendants. | Case No. 3:23-cv-00201-WHO-LJC<br><br>**[PROPOSED] ORDER DIRECTING PLAINTIFFS SARAH ANDERSEN, GERALD BROM, JULIA KAYE, KARLA ORTIZ, AND GRZEGORZ RUTKOWSKI TO FULLY RESPOND TO INTERROGATORY NOS. 1-4**<br><br>Judge: Hon. Lisa J. Cisneros, U.S.M.J. |

Before this Court is the parties' joint letter brief relating to Midjourney's request for an order compelling Plaintiffs Sarah Andersen, Gerald Brom, Julia Kaye, Karla Ortiz, and Grzegorz Rutkowski ("Plaintiffs") to fully respond to Midjourney's Interrogatory Nos. 1–4. Having considered the parties' arguments and all papers filed herein, the Court hereby ORDERS Plaintiffs to supplement their responses to Midjourney Interrogatories Nos. 1–4 within 10 days to provide all of the following:

(1) A full and complete recitation of each concrete element that each Plaintiff contends comprises his or her trade dress and must be present in combination for another work to be infringing as requested in Interrogatory No. 2;

(2) A full list of works, with corresponding URLs, Bates numbers or citation to specific pages in Exhibit A to the Complaint, that Plaintiffs contend reflect their respective alleged trade dress, as requested in Interrogatory No. 2;

(3) For each concrete trade dress element identified, Plaintiffs shall state:

    a. when they first began using that element,

    b. whether they claim to have originated that element, and

    c. whether they claim exclusive rights to use that element;

(4) A full list of each publicly available output or use by Midjourney, whether in the Artist Style Guides, the Midjourney Showcase, on the Midjourney website or public Discord channel, or otherwise in Plaintiffs' current possession, custody, or control, together with corresponding URLs, Bates numbers or citation to specific pages of exhibits to the Complaint, that each Plaintiff contends constitutes or demonstrates false endorsement or trade dress infringement, as requested in Interrogatory Nos. 1 and 3.

(5) For each output identified in Plaintiffs' responses to Interrogatory Nos. 1 and 3, and to the extent not evident from the URL, Bates number or exhibit pages provided, Plaintiffs shall provide information in their possession, custody, or control concerning the user who created it (including whether that user was a Plaintiff or their counsel or experts), the prompt used to generate it, and where it can be found online.

(6) An identification of all facts and documents in Plaintiffs' current possession, custody or control that Plaintiffs will rely on to support their claim that their respective combination of trade dress elements has developed secondary meaning in each geographical location in which Plaintiffs assert common law rights, together with specifics (dates, URLS, Bates numbers) about any reports, documents, surveys, social media following, publications, sales, revenues, advertising expenditures, marketing materials, and press coverage upon which Plaintiffs will rely.

Absent a showing of good cause, Plaintiffs will be precluded from offering at summary judgment or at trial any evidence falling into the descriptions above that is currently in their possession, custody, or control and not identified by way of the supplemental responses ordered herein. This Order is without prejudice to Plaintiffs' right to introduce and rely on documents and information later obtained in discovery in this action from Midjourney or another party or third party, and is not intended to modify any obligation under Federal Rule of Civil Procedure 16 and 26 to supplement discovery responses when required.

**IT IS SO ORDERED.**

Date: _____  _____
HONORABLE LISA J. CISNEROS
UNITED STATES MAGISTRATE JUDGE