December 19, 2025

**VIA ECF**

Honorable Lisa J. Cisneros, United States Magistrate Judge
450 Golden Gate Avenue, Courtroom G – 15th Floor
San Francisco, CA 94102

Re:    *Andersen et al. v. Stability et al.*, No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

The parties submit this joint letter regarding a discovery dispute.  Runway seeks an order compelling Plaintiffs Sarah Andersen and Jingna Zhang to produce select materials from a parallel AI copyright case they are currently litigating against Google in this District.[1]  The sought-after materials are responsive to Runway's Requests for Production (RFP) 26, 27, and 28. *See* **Exhibit 1** (operative requests and responses).  The parties met and conferred but could not resolve their dispute.

I.       **Relevant Dates**

As required by the Court's Standing Order, below are the dates relevant to discovery:
- Next Case Management Conference with Judge Orrick:  January 20, 2026
- Next Joint Status Conference with Judge Cisneros:  January 22, 2026
- Close of Fact Discovery:  March 13, 2026
- Close of Expert Discovery:  July 17, 2026

---

[1] *In re Google Generative AI Copyright Litig.* (No. 5:23-cv-3440-EKL (N.D. Cal.)) ("*Google*").

II.        **Runway's Position**

Background.  Runway seeks limited material that two Plaintiffs (Andersen and Zhang) produced and served in the *Google* case in RFPs 26, 27, and 28 because there is significant overlap between the two cases: the same Plaintiffs bring the same claims (copyright infringement) based on the same theory (use of registered works to train AI products).  During the meet-and-confer process, Runway narrowed the requests to the following categories: the two Plaintiffs' (1) *deposition transcripts* (RFP 28); (2) *final expert reports* (RFP 27); and (3) *discovery responses* and *document productions* (RFP 26).  *See* Declaration of Paul von Autenried (von Autenried Decl.) ¶¶ 4, 8.  Runway does not seek "every document produced" as Plaintiffs contend.

During a call on October 20, Plaintiffs agreed to produce categories (1) and (2) in their entirety; during a call on November 20, they reaffirmed those commitments and agreed to produce discovery responses in category (3).  *See id*.  Plaintiffs reaffirmed all three agreements in writing on December 10.  *Id.* ¶ 10, Ex. E.  But the very next evening, Plaintiffs rescinded their prior commitments and now refuse to produce *any* documents.  *Id.* ¶ 11, Ex. F.  That December 11, 2025 email—nearly *two months* after the parties began meeting and conferring—is the *first* time Plaintiffs took the position that RFPs 26-28 are off-limits *in toto*.  In short, Plaintiffs told Runway they would produce the materials, Runway relied upon those representations for *months,* and Plaintiffs are now reneging without justification.

Argument.  Because Plaintiffs refuse to produce any documents based upon the same relevance and proportionality objections for all categories, Runway analyzes them together.  As explained below, the Court should grant Runway's request for four reasons.

*First*, the discovery taken in *Google* is highly relevant to this case.  In *Google*, Plaintiffs Andersen and Zhang claim that Google violated the Copyright Act by allegedly using their copyrighted images, contained in datasets released by LAION, to train Google's AI products.  *See, e.g.*, *Google*, ECF No. 234 ¶¶ 147-149.  Here, too, the same Plaintiffs claim that Runway and other Defendants violated the Copyright Act by allegedly using their copyrighted images in the LAION-5B dataset to train AI products.  *See, e.g.*, Dkt. 238 ¶¶ 330-337.  And as in this case, the putative class includes owners of registered images used to train Defendants' generative AI models.  *Compare Google*, ECF No. 234 ¶ 163 *with* Dkt. 238 ¶ 8.  As a result, the cases involve similar issues regarding the supposed markets for Andersen's and Zhang's copyrighted works, their communications regarding the propriety of training AI models, and the alleged harms Plaintiffs suffered and, importantly, causes thereof.  In short, the plaintiffs, classes, claims, and theories overlap significantly.

This overlap matters.  For example, Plaintiffs allege that the defendants in this case are "damaging the market for Plaintiffs' artwork and labor."  *See* Dkt. 238 ¶ 8.  What Plaintiffs have produced, argued, and stated under oath about another AI product's (Google's) effect on the market for the *same* artists' works and labor—as a result of the *same* alleged manner of copyright infringement—is squarely relevant to their claims (and Defendants' fair use defenses) in *this* lawsuit.  Plaintiffs' productions, positions, and statements will also be relevant to their positions on class certification. Indeed, Defendants *and* the putative class members in *this case* are entitled to know whether positions Plaintiffs Andersen and Zhang took *in a nearly identical class action* make them adequate representatives to litigate the interests of the putative class here.  And any licenses Plaintiffs have produced in *Google*—and testimony and expert opinions about licenses—may be relevant to infringement and fair use considerations.  Because Andersen

and Zhang parrot their *Google* theories here against Runway, the documents they produced to support their claims (RFP 26), the expert testimony they offer (RFP 27), and their sworn statements (RFP 28) in *Google* are relevant here, too.

Courts in this District routinely permit this discovery where, as here, the two cases are highly similar.  *See Rumble, Inc. v. Google LLC*, 2023 WL 3751797, at *8 (N.D. Cal. 2023) (Cisneros, J.) (compelling "not only documents produced during [certain] investigations . . . but also documents already produced in . . . ongoing litigation" given "significant factual overlap" with parties' case); *Whitman v. State Farm Insurance Company*, 2020 WL 5526684, at *3 (N.D. Cal. 2020) (same); *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. 2017) (same, involving "same legal claims" and theories); *see also Finjan, Inc. v. Qualsys Inc.*, 2020 WL 4923964, at *3 (N.D. Cal. 2020) ("all documents produced in another case" are "presumpt[ively] relevan[t]" if works in "the two cases share a technological nexus").  This includes deposition transcripts of witnesses who will be deposed in this case like Andersen and Zhang.  *See, e.g.*, *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 4950060, at *2-3 (N.D. Cal. 2024) (Cisneros, J.) (compelling "complete transcripts and exhibits").

As Plaintiffs' own cases acknowledge, ***"there is no bar"*** to discovery of materials used in other litigation, and "the issue is, as always, whether the requested documents are relevant to plaintiffs' claims."  *See Garner v. Amazon.com, Inc.*, 2023 WL 6038011, at *2, *4 (W.D. Wash. 2023) (emphasis added) (granting motion to compel).  It is unsurprising, then, that a motion to compel should be denied where the movant makes "***no effort***" to establish relevance, *see Tremblay v. OpenAI, Inc.*, 2024 WL 2194188, at *1 (N.D. Cal. 2024) (emphasis added), or where the two cases "do[] not involve ***any*** of the same parties" or "factual allegations," *see Pac. Wine Distributors, Inc. v. Vitol Inc.*, 2022 WL 1489474, at *1 (N.D. Cal. 2022) (emphasis added).  Those cases are readily distinguishable because here, in contrast, Runway has established relevance for the reasons discussed above.

Plaintiffs' suggestion that certain of the sought-after material is irrelevant because it is about Google's conduct or product is wrong.  Runway's requests are limited to what ***Plaintiffs*** produced and served, which will concern ***Plaintiffs'*** positions and ***their*** asserted works.  That material is relevant because ***Plaintiffs*** and their theories are the same in the two cases.  Unless Plaintiffs are arguing that there are two "truths"—one in *Google* and a different one here—the information they have provided in *Google* to support their theory that training AI models on copyrighted works constitutes illegal copying and resulted in market harm to the asserted works will be relevant to the positions they take here.  Indeed, they have not explained any way in which their positions diverge.  If their positions or statements do diverge, that would be relevant for impeachment purposes.[2]  Furthermore, the fact that Plaintiffs' productions and testimony respond to requests from Google rather than Runway does not change the reality that Plaintiffs' claims against both defendants overlap.  And in any event, Google has raised similar defenses to Defendants' here, including, most notably, fair use.  *See Google*, ECF No. 262 at 20.

***Second***, the documents Runway seeks are proportionate and tailored to the needs of this case.  On RFP 26, Runway requests only the documents and responses ***Andersen and Zhang*** served,

---

[2] Plaintiffs suggest Runway "can depose those Plaintiffs in this case."  It will, but that does not mean that Plaintiffs' prior sworn statements are irrelevant; as mentioned, they can be used for, among other things, impeachment.

not those from any other plaintiffs or from Google, thus significantly reducing the volume and minimizing any confidentiality concerns. *See also Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 1433274, at *1 (N.D. Cal. 2020) (rejecting argument that request sought improper "cloned discovery" where movant sought "discovery from the source of the information" and respondent "does not complain that [movant's] requests are insufficiently tailored"). On RFP 27, Runway narrowed its request to final reports. *See* von Autenried Decl. ¶ 4. And on RFP 28, Runway ultimately seeks just *two documents*, which contain the statements of party opponents given under oath. For all, Runway seeks *only* documents from parallel copyright litigation Plaintiffs brought, not every document from every litigation in which Plaintiffs are or have been involved. As a result, the requests are distinguishable from those in Plaintiffs' "cloned discovery" cases, which were indiscriminate and far broader. *See, e.g.*, *Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2023 WL 2529187, at *7 (W.D. Pa. 2023) (seeking "all written discovery [from all parties] and transcripts of *more than a dozen witnesses*" (emphasis added)); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 4680242, at *2 (N.D. Cal. 2017) (seeking "20 million pages of documents").

*Third*, there is no undue burden. As to RFP 26, Plaintiffs have already reviewed and produced the requested documents in another case pending in this District; they know all of them are relevant and non-privileged. For Plaintiffs to produce those documents to Runway, they need only apply new Bates numbers. The two cases' Protective Orders are substantially identical. *Compare Google*, ECF No. 119 *with* Dkt. 276 (both using Northern District's Model Order). Nor can Plaintiffs claim that the reports and transcripts sought by RFPs 27 and 28 are difficult to produce: all the work is already done. Importantly, Plaintiffs do not contest this point and make no attempt to establish that there would be any burden associated with these productions, as they are required to do. *See, e.g., Rumble*, 2023 WL 3751797, at *8.

*Finally*, the Court should compel Plaintiffs to produce these *Google* materials because Plaintiffs *long ago agreed to produce nearly all of the sought-after material*. *See Sprint Comms. Co., L.P. v. Comcast Cable Comms., LLC*, 2014 WL 11516516, at *2 (D. Kan. 2014) ("Parties would surely be discouraged from attempting to reach a good-faith resolution of discovery disputes if the law permitted one side to unilaterally withdraw from an agreement after the other side invests time and resources . . ."). None of the cases Plaintiffs cite on this point (*Edge*, *City of Rialto*) concerned discovery commitments, nor do they permit parties to—as Plaintiffs did here—reverse positions *months* later to *create disputes* and thereby delay judicial resolution. Plaintiffs "cannot renege on [those] positions at the last minute" after "all [those] months" of meeting and conferring. *See Fugate v. Polaris Industries, Inc.*, 2009 WL 10710824, at *4 (C.D. Ill. 2009).

In sum, Plaintiffs cannot dispute the relevance of Runway's requests, offer no countervailing proportionality concern or burden, and have no excuse for belatedly and blanketly refusing to produce *Google* materials months after already having agreed to do so. The Court should compel production by December 31, 2025.

## III.    **Plaintiffs' Position**

Runway demands all documents Plaintiffs Andersen and Zhang produced (RFP 26), all expert reports served (RFP 27), and all deposition testimony given (RFP 28) in a different litigation against a different defendant involving different AI systems trained on different data. Courts call this "cloned discovery" and reject it absent a sufficient demonstration of relevance. *Tremblay v. OpenAI, Inc.*, 2024 WL 2194188, at *1 (N.D. Cal. 2024).

Runway cannot avoid its burden by asserting that Plaintiffs "agreed" to produce these materials and then "reneged." Preliminary meet-and-confer discussions are not binding. *See Edge Sys. LLC v. Ageless Serums LLC*, No. 2:20-CV-09669-FLA (PVCX), 2022 WL 22877064, at *2, FN 3 (C.D. Cal. Apr. 15, 2022) ("Defendant argues Plaintiff took a contrary position […] during the parties' meet and confer correspondence on this issue. […] Defendant does not, however, cite any legal authority for the proposition that a party's arguments in meet and confer correspondence are binding and preclude contrary arguments to the court. Accordingly, Defendant's argument fails."); *see also City of Rialto v. U.S. Dep't of Def.*, No. CV04-079 PSG (SSX), 2007 WL 9723250, at *13 (C.D. Cal. June 27, 2007) (rejecting argument that meet and confer statements bound a party in later judicial proceedings and noting the court was "not aware of any" authority supporting that argument).[3] The rules require good-faith effort, not strict adherence to preliminary positions. Runway cites no authority to the contrary.[4]

Runway's burden is to demonstrate that every document produced in Google is relevant here. *See Tremblay*, 2024 WL 2194188, at *1 ("This failure to identify or describe the allegedly missing discovery that Plaintiffs wish to compel is demonstrative of the fact that they have not met their burden of showing relevance and proportionality."); *see also Life Alert Emergency Response, Inc. v. Connect America.com LLC*, 2015 WL 12765465, at *7 (C.D. Cal. 2015) ("Sweeping requests for 'all documents' that may encompass swaths of both relevant and irrelevant documents do not satisfy Rule 34's 'reasonable particularity' standard."). "Courts have declined to compel the wholesale re-production of documents produced in another litigation or investigation (i.e., 'cloned discovery'), where the moving party has failed to show that the requested universe of documents is relevant." *Garner v. Amazon.com, Inc.*, 2023 WL 6038011, at *2 (W.D. Wash. 2023) (". . . the issue is, as always, whether the requested documents are relevant to plaintiffs' claims and, if so, whether their production is proportional to the needs of the case."); *see also Pac. Wine Distributors, Inc. v. Vitol Inc.*, 2022 WL 1489474, at *1 (N.D. Cal. 2022) (denying request for blanket production where movant "has not met its burden of showing that every single document, expert report, and deposition transcript…is relevant to this litigation."); *King Cnty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. 2011) (cloned discovery "is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case" (cleaned up)).

Runway attempts to distinguish *Tremblay* on the grounds that the movant there made "no effort" to establish relevance. But Runway's "effort" here consists entirely of pointing to overlap with respect to two of the plaintiffs and the legal theories they assert. But "similarities or overlap alone are insufficient to justify 'a carte blanche production of all documents from [other] cases.'"

---

[3] Moreover, Runway's characterization is inaccurate. Plaintiffs refined their position through the meet-and-confer process—Plaintiffs' December 11 email explicitly stated that Plaintiffs are correcting their prior position. Runway took no action in reliance; the parties were still conferring. Runway suffered no prejudice.

[4] In the Illinois case cited by Runway, *Fugate v. Polaris*, *supra*, the court did not hold a party to a statement made during a meet-and-confer; the court was simply positing that, if that party needed outstanding discovery for its expert disclosure, that party should have moved to compel earlier in the case rather than seek relief four days before the expert disclosure deadline.

*Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2023 WL 2529187, at \*7 (W.D. Pa. 2023) (quoting *Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at \*2 (S.D. Cal. Aug. 14, 2009)); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 4680242, at \*2 (N.D. Cal. Oct. 18, 2017) (plaintiffs "are not entitled to complete access to [another] [p]roduction simply because there may be overlap between their claims and those in the consolidated consumer action."). Runway's attempt to distinguish these authorities by highlighting the volume of productions being sought there misses the point—a showing of overlap alone is insufficient.

Runway's attempt to distinguish *Pac Wine* also falls flat. The *Pac Wine* court's holding is that the movant must meet "its burden of showing that every single document, expert report, and deposition transcript . . . is relevant to this litigation." *Pac. Wine*, 2022 WL 1489474, at \*1. That burden applies regardless of party overlap. *See, e.g.*, *Multiple Energy Techs.*, 2023 WL 2529187 (denying cloned discovery despite party overlap). Runway has not met this burden.

Runway cites *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799 (N.D. Cal. 2017) and *Rumble, Inc. v. Google LLC*, 2023 WL 3751797 (N.D. Cal. 2023) (Cisneros, M.J.). These cases support Plaintiffs' position. In *Rumble*, this Court granted discovery from prior government investigations because they involved the same defendant (Google) engaging in the same conduct— i.e., the documents concerned the same actor's identical behavior. *See Rumble*, 2023 WL 3751797, at \*7-8. *Schneider* allowed production from prior litigation because the legal claims were based on the same facts and brought against the same sole defendant. *See Schneider*, 2017 WL 1101799, at \*4. Runway's requests are not so limited. Google and Runway are different companies with different AI systems trained on different data. The "overlap"—same plaintiffs, same legal theory—does not make the evidence interchangeable.

The requests also fail on their own terms. RFP 26 seeks an undifferentiated mass of documents concerning Google's conduct. Runway has not explained how any specific category bears on its claims. RFP 27 seeks expert reports analyzing Google's architecture, training data, and source code, none of which applies to Runway's systems. RFP 28 seeks Plaintiff Andersen's and Plaintiff Zhang's deposition transcripts from Google. But Runway can depose those Plaintiffs in this case. What Runway cannot do is substitute Google's depositions, shaped by Google's discovery and Google's questions, for its own.[5] *See Rumble*, 2023 WL 3751797, at \*7 ("Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses." (quoting *King Cnty.*, 2011 WL 3438491, at \*3)). Runway's framing of the issue – that the Google discovery is relevant unless Plaintiffs are arguing there are "two truths" – is both circular and misleading. Plaintiffs' legal theories are consistent across cases, but that is not at issue; Runway has not demonstrated that these materials have any bearing on Runway's liability.

Plaintiffs are not withholding documents independently responsive to Runway's other discovery requests. Runway seeks to take multiple bites at the apple despite the adequate discovery procedures available in this litigation. The motion should be denied.

---

[5] Runway repeatedly argues that Plaintiffs' positions are identical in both cases. But footnote 2 presupposes that positions might differ. If identical, the transcripts are cumulative. If different, Runway is speculating. Either way, Runway should take its own depositions rather than import Google's.

Sincerely,

KEKER, VAN NEST & PETERS
Attorneys for Runway AI, Inc.

/s/ Paven Malhotra
Paven Malhotra

633 Battery Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
pmalhotra@keker.com

JOSEPH SAVERI LAW FIRM, LLP
Attorneys for Plaintiffs

/s/ Joseph R. Saveri
Joseph R. Saveri

601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

## SIGNATURE ATTESTATION

I, Paven Malhotra, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

Dated:    December 19, 2025

By:    /s/ Paven Malhotra
       Paven Malhotra