# EXHIBIT 1

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Email: dboies@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>*Defendants*. | Case No.: 3:23-cv-00201-WHO<br><br>**PLAINTIFFS' JOINT RESPONSES AND OBJECTIONS TO RUNWAY AI'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| PROPOUNDING PARTIES: | RUNWAY, INC. |
| RESPONDING PARTIES: | PLAINTIFFS, SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUTKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS |
| SET NUMBER: | TWO (2) |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis ("Plaintiffs") hereby provide responses to Defendant Runway AI, Inc.'s Second Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

The Responses set forth below are based upon information and documents currently available to Plaintiffs. Plaintiffs' investigation and discovery in this matter is not complete. Additional investigation and discovery may disclose further information and documents relevant to these Responses, as may information and documents obtained from Defendants through additional discovery procedures. Accordingly, Plaintiffs reserve the right to amend, alter, supplement, modify, or otherwise revise these Responses.

## GENERAL OBJECTIONS

The following General Objections apply to each and every applicable Request and are incorporated by reference into each and every applicable Response as if set forth in full in each such Response.

1. To the extent that a request improperly seeks documents or information not relevant to certain Plaintiffs' claims or Runway AI's defenses thereto, Plaintiffs object on the grounds of overbreadth, undue burden, and lack of proportionality under Federal Rule of Civil Procedure 26(b).

2. Plaintiffs object to the Instructions, as well as to the definitions of the terms "COMMUNICATION(S)," "DOCUMENT(S)," "YOU," "YOUR," "YOURS," and "PLAINTIFFS" purportedly made a part of the Document Requests, to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure.

3. Plaintiffs object to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other constitutional, statutory, or common law privilege or protection, including Plaintiffs' privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure that may be attached to the information requested.

4. Plaintiffs object to each Request to the extent that it impermissibly seeks the premature disclosure of information that may or will be the subject of expert reports and testimony, which will be disclosed in accordance with the orders of the Court and the applicable Rules of Civil Procedure.

5. Plaintiffs object to the Document Requests to the extent they seek to require Plaintiffs to search for and produce documents not within Plaintiffs' possession, custody or control.

6. Plaintiffs object to the Document Requests to the extent that they seek information already in the possession of or otherwise more readily available to Runway AI.

7. Plaintiffs object to the Document Requests as overbroad to the extent they are not limited by time.

8. Plaintiffs object to the Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence or seek information that is not relevant to any claim or defense of any party.

9. Plaintiffs object to the Requests to the extent that they require Plaintiffs to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of the Objections, Plaintiffs' Responses are not intended, and may not be construed, as an admission or legal conclusion.

10. Plaintiffs object to the Document Requests to the extent that Runway AI asserts Plaintiffs' responses thereto constitute an adoption or acceptance of terms or definitions that Defendants have employed. In responding to the Requests, Plaintiffs do not adopt, embrace or accept any term or definition employed by Runway AI. These responses are made based upon Plaintiffs' interpretation of words contained in the Request, unless a specific definition or instruction has been agreed upon.

11. Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they seek information regarding confidential, trade secret, commercially sensitive, and/or other proprietary

or competitively sensitive information concerning Plaintiffs and their businesses, activities (including litigation), or operations, the disclosure or dissemination of which could cause Plaintiffs harm or prejudice. To the extent any confidential, trade secret, and/or other proprietary or competitively sensitive information is produced, Plaintiffs will provide such information pursuant to the protective order entered in the case.

12. Plaintiffs expressly reserve the right to object on relevance or any other grounds to the admission of any document produced pursuant to the Document Requests.

13. Where Plaintiffs state that they will produce responsive documents, that does not indicate that any such documents exist, but if such documents do exist, Plaintiffs will search and produce the documents subject to the objections herein.

14. Plaintiffs' investigation in this Action is ongoing. Plaintiffs therefore reserve the right to supplement these responses.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 25:**

All written discovery responses and document productions served by or produced by YOU to any Defendant in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs will produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All written discovery responses and document productions served by or produced by YOU in any other case in which YOU assert a claim of copyright infringement, including but not limited to discovery served or produced by or on behalf of Jingna Zhang or Sarah Andersen in the matter *In re Google Generative AI Copyright Litigation* (No. 5:23-cv-3440 (N.D. Cal.)) ("*Google*").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference their General Objections as if fully stated herein. Plaintiffs object to this Request as overbroad and unduly burdensome. Plaintiffs further object to this Request on relevance grounds, as the materials sought relate to a different action, with different claims, against a

different Defendant, and are not directly relevant to this Action. Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a protective order.

Plaintiffs Brom, Ellis, Kaye, Ortiz, Rutkowski, and Manchess do not have documents responsive to this Request in their possession, custody, and control. Plaintiffs Zhang and Andersen will not produce documents in response to this Request. Plaintiffs Zhang and Andersen are not withholding non-privileged documents within their possession, custody, and control that are otherwise responsive to prior requests for production by any Defendant in this Action solely on the basis that the documents were produced in *Google*.

**REQUEST FOR PRODUCTION NO. 27:**

All expert reports served by or on behalf of YOU in any other case in which YOU assert a claim of copyright infringement, including but not limited to expert reports served or produced by or on behalf of Jingna Zhang or Sarah Andersen in *Google*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference their General Objections as if fully stated herein. Plaintiffs object to this Request as overbroad and unduly burdensome. Plaintiffs further object to this request on relevance grounds, as the materials sought relate to a different action, with different claims, against a different Defendant, and are not directly relevant to this Action. Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a protective order. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to the extent this Request calls for documents and communications not within Plaintiffs' possession, custody, or control.

Plaintiffs Brom, Ellis, Kaye, Ortiz, Rutkowski, and Manchess do not have documents responsive to this Request in their possession, custody, and control. Plaintiffs Zhang and Andersen will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All transcripts of any deposition of YOU, including but not limited to transcripts of depositions of Jingna Zhang or Sarah Andersen in *Google*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate by reference their General Objections as if fully stated herein. Plaintiffs object to this Request as overbroad, unduly burdensome, and not in compliance with the "reasonable particularity" requirement of Rule 34(b)(1). Plaintiffs further object on relevance grounds, as the materials sought relate to any action or litigation, including *Google*, which involves different claims, against a different Defendant, and are not directly relevant to this Action. Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a protective order.

Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All communications with the Large-Scale Artificial Intelligence Open Network ("LAION").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate by reference their General Objections as if fully stated herein. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All communications." Plaintiffs object to the term "LAION" as vague, ambiguous, and overbroad because it could be reasonably interpreted to encompass the OpenAssistant chat tool developed by LAION and thus it is unclear what persons or affiliates "LAION" refers to. Plaintiffs will construe this request to exclude conversations with the OpenAssistant tool.

Subject to the general and specific objections stated above, Plaintiffs will produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All reviews, including but not limited to critiques, criticisms, features, promotions, commentaries, analyses, or evaluations of YOUR ASSERTED WORKS in your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate by reference their General Objections as if fully stated herein. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, out of compliance with the "reasonable particularity" requirement of Rule 34(b)(1), and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiffs further object to this