KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
PAUL VON AUTENRIED - # 335917
pvonautenried@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KARLA ORTIZ, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO (LJC)<br><br>**DECLARATION OF PAUL VON AUTENRIED IN SUPPORT OF RUNWAY AI, INC.'S MOTION TO COMPEL**<br><br>Dept.:    2; 17th Floor<br>Judge:    Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date: None Set |

I, Paul von Autenried, declare:

1.      I am an attorney licensed to practice law in the State of California and an associate at the law firm of Keker, Van Nest & Peters LLP, counsel for Runway AI, Inc. ("Runway") in the above-captioned matter.  I have personal knowledge of the facts set forth herein, and if called upon as a witness thereto, could do so competently under oath.

2.      On August 29, 2025, Runway served its Second Set of Requests for Production, which included Requests for Production (RFPs) 26, 27, and 28.

3.      On September 29, 2025, Plaintiffs served responses to Runway's Second Set of RFPs.  On October 6, 2025, Runway asked Plaintiffs to meet and confer regarding the responses.

4.      On October 20, 2025, I met and conferred with Evan Creutz, counsel for Plaintiffs.  On this first formal meet-and-confer, the parties reached various agreements with respect to the Second Set of RFPs.  In relevant part, Plaintiffs agreed to produce all final expert reports responsive to RFP 27 and all deposition transcripts responsive to RFP 28.

5.      On October 23, 2025, I memorialized these agreements by email and asked Plaintiffs to confirm them in writing.  A true and correct copy of my October 23 correspondence is attached hereto as **Exhibit A**.

6.      Having heard no response, on November 3, 2025, I again asked Plaintiffs to confirm the agreements reached during the October 20, 2025 conferral, and in a Joint Status Report, Runway sought an order from the Court compelling Plaintiffs to respond to my October 23 correspondence, *see* Dkt. 352 at 7.

7.      Plaintiffs waited until November 17, 2025 (the day before the November 18, 2025 Joint Status Conference) to finally respond to my October 23 correspondence.  Plaintiffs' response stated only that they "do not accept Runway's characterizations" but did not specify any requests on which the parties disagreed.  A true and correct copy of Plaintiffs' November 17 correspondence is attached hereto as **Exhibit B.**

8.      On November 20, 2025, my colleague Matan Shacham met and conferred with Mr. Creutz.  On this second formal meet-and-confer, Plaintiffs affirmed their October 20 agreement to produce Plaintiffs Andersen's and Zhang's expert reports and deposition transcripts from the

DECLARATION OF PAUL VON AUTENRIED IN SUPPORT OF RUNWAY AI, INC.'S MOTION TO COMPEL
Case No. 3:23-cv-00201-WHO (LJC)

3936006

*Google* case (RFPs 27 and 28) and agreed for the first time to produce their discovery responses (RFP 26) from the *Google* case as well. Mr. Shacham memorialized the conversation by email on December 2, 2025 and asked Plaintiffs to confirm in writing. A true and correct copy of Mr. Shacham's December 2 correspondence is attached hereto as **Exhibit C.**

9.      On December 5, 2025, Plaintiffs stated that they generally disagreed with "several characterizations" in Mr. Shacham's December 2 correspondence but again did not specify any requests on which the parties disagreed. A true and correct copy of Plaintiffs' December 5 correspondence is attached hereto as **Exhibit D.**

10.      On December 10, 2025, Mr. Creutz confirmed by email Plaintiffs' agreements to produce from the *Google* case (1) deposition transcripts for Plaintiffs Andersen and Zhang (RFP 28); (2) their "final expert reports" (RFP 27); and (3) their "written discovery responses" (RFP 26). A true and correct copy of the December 10, 2025 correspondence is attached hereto as **Exhibit E**.

11.      On December 11, 2025, Plaintiffs retracted their prior discovery commitments on RFPs 26-28 and stated that they "will not produce materials responsive to these requests." A true and correct copy of Plaintiffs' December 11 correspondence is attached hereto as **Exhibit F.**

12.      On December 12, 2021, I met and conferred with Mr. Creutz. On this third formal meet-and-confer, Plaintiffs refused to produce any documents in response to RFPs 26-28, and the parties reached an impasse.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 19, 2025, in Princeton Junction, New Jersey.

_____
Paul von Autenried

# EXHIBIT A

**Paul von Autenried**

| | |
|---|---|
| **From:** | Paul von Autenried |
| **Sent:** | Thursday, October 23, 2025 1:56 PM |
| **To:** | Evan Creutz; STABLE |
| **Cc:** | JSLF Stability Ai Service List - Internal |
| **Subject:** | RE: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

Counsel,

Thank you for your time on Monday. I write to follow up on our discussion of Plaintiffs' responses to Runway's second round of discovery requests.

Interrogatory 2:

Plaintiffs stated they are willing to amend their responses to identify each person who (1) contributed to copyrightable expression in the Asserted Works; (2) holds or held an ownership interest in the Asserted Works; or (3) was involved in executing any agreement concerning rights in the Asserted Works, which excludes administrative support or technical assistance. **Runway accepts your proposal. Please amend as agreed by November 7.**

RFPs:

We reached a couple of agreements on the call, but we requested that Plaintiffs confirm some details.
- Plaintiffs agreed to produce all documents responsive to RFPs 28, 34, and 35. **Please confirm that no Plaintiffs besides Plaintiffs Andersen and Zhang have been or are currently anticipated to be deposed in any other litigation.**
- Plaintiffs agreed to produce complete copyright registrations in response to RFP 41. **Please confirm that these registrations will include the "title, artist, publisher, copyright claimant, and registration number" as requested.**
- Plaintiffs stated they are willing to produce final expert reports received and served in *In re Google* in response to RFP 27. Runway accepts Plaintiffs' proposal.

The remaining open items are below. **Please provide Plaintiffs' agreement to each by October 31.**
- RFP 26: As a compromise, Runway proposes that Plaintiffs Andersen and Zhang produce (1) all written discovery responses each served in *In re Google* and (2) all productions each made in *In re Google*. This does not include Google's responses or productions in that case, which we understand would resolve any concerns with regard to the protective order there. **Please confirm that Plaintiffs accept this compromise.**
- RFP 30: Plaintiffs stated they are willing to produce "professional reviews, critiques, and published commentaries" but not "communications with friends and family," citing privacy concerns. As a compromise, Runway proposes that Plaintiffs produce "professional reviews, critiques, and published commentaries *that Plaintiffs received in a professional, commercial, or otherwise public context, including any rejections of their work.*" For the avoidance of doubt, this would include critiques from friends or family that were shared publicly, even if not formally

published, but it would not include one-on-one messages between a Plaintiff and their friends or family members. **Please confirm that Plaintiffs accept this compromise.**

- RFP 32: Plaintiffs stated they are willing to produce "preliminary versions, sketches, or drafts of Asserted Works" and "professional feedback from editors, art directors, or collectors with whom the Plaintiff works," again excluding "communications with friends and family." As a compromise, Runway proposes that Plaintiffs produce "preliminary versions, sketches, or drafts of Asserted Works, *as well as feedback Plaintiff received in a professional, commercial, or otherwise public context about the Asserted Works during their creation*." **Please confirm that Plaintiffs accept this compromise.**

- RFP 33: Plaintiffs stood on an overbreadth objection. The request is not overbroad, as the issue of Plaintiffs' licensing or conveyance of the rights to their artwork generally is relevant to Plaintiffs' class allegations. **Please confirm that Plaintiffs will produce all documents responsive to this RFP.**

- RFP 37: Plaintiffs stated they are willing to produce documents sufficient to show all social media handles they use except (1) those exclusively used for non-professional purposes; (2) those inactive for more than a year prior to the alleged infringement; and (3) those used for communications with friends and family. **Runway accepts your proposal as long as Plaintiffs (a) confirm in writing that they are not withholding any handles on the basis of exception #3 alone (*i.e.*, Plaintiffs will produce documents sufficient to show social media handles they use for any professional purpose even if they are also used for communicating with friends and family), and (b) identify the date cutoff they are using for exception #2.**

- RFP 41: Plaintiffs' responses said they will produce documents regarding their "income from . . . work as visual artists." **Please confirm that Plaintiffs will produce all documents regarding income they earned while working as a visual artist, which would include—as we discussed on the call—income earned from speaking about their artwork.**

**Please also confirm that Plaintiffs will produce the above documents by November 7.**

RFA 1:

On the call, you explained that Plaintiffs are unsure what "in the course of creating" means. For clarity, Runway is asking whether Plaintiffs "reviewed, referenced, consulted, used, or gained knowledge" from visual works "not owned by [them]" *at any point between when they decided to create the Asserted Work and when they published it.* **Please amend Plaintiffs' responses to admit or deny by November 7.**

Runway reserves all rights with respect to the requests above.

Thanks,
Paul

**Paul von Autenried**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2296 direct | 415 391 5400 main
pvonautenried@keker.com | keker.com
*pronouns: he/him/his*

# EXHIBIT B

**Paul von Autenried**

| | |
|---|---|
| **From:** | Evan Creutz <ecreutz@saverilawfirm.com> |
| **Sent:** | Monday, November 17, 2025 4:14 PM |
| **To:** | Paul von Autenried; STABLE |
| **Cc:** | JSLF Stability Ai Service List - Internal |
| **Subject:** | Re: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

**[EXTERNAL]**



Counsel,

Thank you for your October 23 email. We intend to continue conferring in good faith on the issues that remain open. Please provide your availability for a meet-and-confer later this week. We can make ourselves available on Thursday or Friday after 11:00am PT.

We have reviewed the points in your email. Several items require further internal discussion, and we will respond in the ordinary course. To avoid any ambiguity, Plaintiffs do not accept Runway's characterizations of the October 20 discussion or of Plaintiffs' prior proposals. We will circulate the specific items appropriate for the meet-and-confer in advance of the call.

Regards,

Evan

**Evan Creutz**
*Counsel*

_____

**JOSEPH SAVERI**
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x934
**F** 415.395.9940

# EXHIBIT C

**Paul von Autenried**

| | |
|---|---|
| **From:** | Matan Shacham |
| **Sent:** | Tuesday, December 2, 2025 11:58 AM |
| **To:** | Evan Creutz |
| **Cc:** | JSLF Stability Ai Service List - Internal; STABLE |
| **Subject:** | RE: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

Hi Evan,

We write to follow up on our meet-and-confer on November 20. You confirmed the following:

Interrogatory 2: Plaintiffs agreed to amend their response as noted in Runway's 10/23 email below. **Please confirm by December 5, 2025, that Plaintiffs will amend their responses to Interrogatory 2 by December 12, 2025.**

Requests for Production (RFP):

- RFP 26: Plaintiffs agreed to produce written discovery responses served by Plaintiffs in *In re Google*. Plaintiffs, however, refused to provide their document productions from *In re Google*, claiming this would be too burdensome. Plaintiffs refused to substantiate what the burden would be and have not provided legal authority for their position. As explained on our call, there is minimal burden in producing document productions from another matter: the as-produced documents can simply be stamped with Bates numbers for this matter and produced to Runway. **Please confirm by December 5, 2025, that Plaintiffs will produce Plaintiffs' document productions from *In re Google*.**

- RFP 33: Plaintiffs stated they will produce licensing templates, licensing rate sheets, licenses/agreements, and communications about licenses/agreements. Plaintiffs limited these documents to licenses related to (1) the registered and asserted works, and (2) fully executed licenses. As explained on our call, licenses and communications about licenses that have not been executed are relevant to understanding Plaintiffs' alleged market harm, if any. Regarding the second limitation, do Plaintiffs have in their possession, custody or control any unexecuted licenses/agreements or communications about such licenses/agreements? If not, that may moot this dispute. Please confirm by December 5, 2025.

- For each of the following RFPs, Plaintiffs agreed to produce the following. **Please confirm by December 5, 2025, that Plaintiffs will complete these productions by December 12, 2025.**

  - RFP 27: Plaintiffs will produce all final expert reports received and served in *In re Google*.

  - RFP 28: Plaintiffs confirmed that only Plaintiffs Andersen and Zhang have been or currently anticipate being deposed in any other litigation (namely, *In re Google*).

  - RFP 30: Plaintiffs accepted Runway's compromise as noted in Runway's 10/23 email below.

1

- o <u>RFP 32:</u> Plaintiffs accepted Runway's compromise as noted in Runway's 10/23 email below.

- o <u>RFP 37:</u> As to Runway's 10/23 email below on RFP 37, Plaintiffs stated their proposed date cutoff is January 2022. Runway accepts this cut-off.

- o <u>RFP 38:</u> Plaintiffs stated they will produce documents related to all incomes derived from their work as visual artists.

- o <u>RFP 41: Plaintiffs</u> agreed to produce all complete copyright registrations for the asserted works in this matter and confirmed that these registrations will include the title, artist, publisher, copyright claimant, and registration number.

<u>Request for Admission (RFA) 1:</u> Plaintiffs accept the below as noted in Runway's 10/23 email below, except instead of "and when they published it" Plaintiffs will amend as to "when they publicly displayed it." **Please confirm by December 5, 2025, that Plaintiffs will amend their RFA responses by December 12, 2025.**

Thanks,

-Matan

---

**Matan Shacham**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
+14157736612 direct | 415 391 5400 main
mshacham@keker.com | <u>vcard</u> | keker.com

# EXHIBIT D

## Paul von Autenried

| | |
|---|---|
| **From:** | Evan Creutz <ecreutz@saverilawfirm.com> |
| **Sent:** | Friday, December 5, 2025 4:18 PM |
| **To:** | Matan Shacham; STABLE |
| **Cc:** | JSLF Stability Ai Service List - Internal; Nicole Alioto |
| **Subject:** | Re: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

**[EXTERNAL]**



Matan,

The December 12 deadline referenced in your email was neither discussed nor agreed to during the November 20 meet and confer. Plaintiffs stated that amendments would be served in a timely manner, and Runway's requests for a date certain were declined. Nothing in your email alters that.

We also note that several characterizations in your email do not accurately reflect the agreements reached on the call. Plaintiffs do not adopt those summaries and reserve all positions stated during the meet and confer.

We will serve the amendments consistent with our commitment and the governing rules.

Regards,

Evan


**Evan Creutz**

*Counsel*

_____



601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x934
**F** 415.395.9940

# EXHIBIT E

**Paul von Autenried**

| | |
|---|---|
| **From:** | Evan Creutz <ecreutz@saverilawfirm.com> |
| **Sent:** | Wednesday, December 10, 2025 4:42 PM |
| **To:** | Matan Shacham; STABLE |
| **Cc:** | JSLF Stability Ai Service List - Internal; Nicole Alioto |
| **Subject:** | Re: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

[EXTERNAL]



Matan,

Plaintiffs dispute that no agreement exists. Agreements were reached during the November 20 meet and confer. Plaintiffs declined to adopt your characterizations—not the underlying agreements. Plaintiffs will confirm the following in their own terms:

**ROG 2**: Plaintiffs will identify persons who contributed to copyrightable expression in the asserted works, persons who hold or held ownership interests, and persons who executed agreements governing rights.

**RFP 27**: Plaintiffs will produce final expert reports served in In re Google.

**RFP 28**: Plaintiffs confirm that only Plaintiffs Andersen and Zhang have been deposed in other litigation and will produce those transcripts.

**RFPs 30 and 32**: Plaintiffs will produce professional reviews, critiques, and published commentaries regarding the asserted works in Plaintiffs' possession, custody, or control.

**RFP 37**: Plaintiffs will produce documents sufficient to identify social media handles used for professional purposes and active within one year prior to the alleged infringement, with a cutoff of January 2022.

**RFP 38**: Plaintiffs will produce documents reflecting income from their work as visual artists.

**RFP 41**: Plaintiffs will produce copyright registration certificates for the asserted works.

**RFA 1**: Plaintiffs will amend consistent with the clarification discussed on November 20.

The Parties have not yet reached agreement on two items, but Plaintiffs remain open to further meeting and conferring to resolve without court intervention:

**RFP 26**: Plaintiffs agreed to produce written discovery responses from In re Google. Plaintiffs have objected to producing the entire document productions on burden/proportionality and relevance grounds and have not agreed to do so. However, Plaintiffs are assessing factual/legal overlap and burden issues.

**RFP 33**: Plaintiffs agreed to produce executed licensing agreements, licensing templates, rate schedules, and related communications concerning the asserted works. Plaintiffs have not agreed to produce unexecuted licenses or communications regarding licenses that were never finalized.

Plaintiffs will serve the amended ROG and RFA responses reflecting the above by December 19, 2025. Given the foregoing, a JLB would be premature.

Regards,

Evan


**Evan Creutz**
*Counsel*

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x934
**F** 415.395.9940

# EXHIBIT F

**Paul von Autenried**

| | |
|---|---|
| **From:** | Evan Creutz <ecreutz@saverilawfirm.com> |
| **Sent:** | Thursday, December 11, 2025 7:46 PM |
| **To:** | Paul von Autenried; Matan Shacham; STABLE |
| **Cc:** | JSLF Stability Ai Service List - Internal; Nicole Alioto |
| **Subject:** | Re: Andersen, et al. v. Stability AI Ltd, et al; Case No. 23-cv-00201-WHO (LJC) – Plaintiffs' Supplemental Responses to Defendants' First Set of Joint Interrogatories |

[EXTERNAL]



Counsel,

This confirms our meet and confer tomorrow, December 12, at 1:00pm.

**RFPs 26-28 (*In re Google* Materials):** Plaintiffs correct our prior position. While Plaintiffs are not withholding Zhang and Andersen documents that are responsive to RFPs served by any Defendant in this action solely because those documents may also have been produced in *In re Google*, Runway's requests largely seek cloned discovery that is irrelevant to Runway's claims and defenses. Expert reports from the Google litigation analyze Google's systems, Google's training data, and Google's source code, none of which bear on Runway's products or conduct. Likewise, Plaintiffs' discovery responses and deposition testimony in that matter address their claims against Google, not Runway. Courts reject cloned discovery absent significant factual and legal overlap between the cases. *See, e.g.*, *Tremblay v. OpenAI, Inc.*, 2024 WL 2194188, at *1-2 (N.D. Cal. May 14, 2024) (denying motion to compel cloned discovery where requesting party failed to identify specific documents or establish relevance to claims at issue). The cases involve different defendants, different AI systems, and different training data. Plaintiffs object as irrelevant, overbroad, and disproportionate under Rule 26(b)(1). Plaintiffs will not produce materials responsive to these requests.

**RFP 32:** Plaintiffs agreed to produce professional reviews, critiques, and published commentary concerning the Asserted Works. Plaintiffs did not agree to produce private feedback exchanged during the creative process.

**RFPs 34 and 35:** Plaintiffs will produce nonprivileged, responsive documents in their possession, custody, or control.

**RFP 41:** Plaintiffs confirm that the production of copyright registration certificates will include title, artist, publisher, claimant, and registration number.

We look forward to resolving any remaining issues tomorrow.

Regards,

Evan


**Evan Creutz**
*Counsel*
_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x934
**F** 415.395.9940