CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Sam Blankenship (339905)
sblankenship@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Arminda B. Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Charity E. Lee (admitted *pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO-LJC |
| Plaintiffs, | |
| v. | **DECLARATION OF ANGELA L. DUNNING IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |
| STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation, | |
| Defendants. | |

I, Angela L. Dunning, declare:

1.      I am a partner with the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel for Defendant Midjourney, Inc. ("Midjourney") in this matter.  I provide this Declaration based on my personal knowledge and/or after reasonable investigation of the relevant facts.  If called to testify as a witness, I could and would testify competently thereto.

2.      Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, (Dkt. 370 ("Sealing Motion")).  The Sealing Motion seeks the Court's permission to file under seal narrowly tailored portions of the Joint Letter Brief Regarding Midjourney, Inc.'s Responses to Interrogatory No. 3 ("Joint Letter Brief").  The Sealing Motion also seeks leave to have the exhibits to the Declaration of Louis A. Kessler In Support of the Joint Letter Brief (Dkt. 371-1 ("Kessler Declaration")) partially or entirely sealed, as those exhibits contain information Midjourney designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the Stipulated Protective Order in this action (Dkt. No. 276 ("Protective Order")).

3.      Midjourney seeks leave to file under seal confidential and proprietary information that could cause competitive harm. *See, e.g.*, *In re Google RTB Consumer Privacy Litig.*, 2023 WL 12088677, at *1 (N.D. Cal. June 8, 2023); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").  The limited materials for which the Sealing Motion seeks leave to file under seal are set forth in the table below, alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| Joint Letter Brief | Portions highlighted in yellow in the version filed under seal (Dkt. 370-2) |
| Exhibit A to Kessler Declaration | Portions highlighted in yellow in the version filed under seal (Dkt. 370-3) |
| Exhibit B to Kessler Declaration | Entire document |
| Exhibit C to Kessler Declaration | Entire document |

| Exhibit D to Kessler Declaration | Entire document |
|---|---|

4.      The redacted portions of the **Joint Letter Brief** refer to confidential and proprietary information concerning Midjourney's internal AI model training and filtering practices.  These portions describe non-public, commercially sensitive information regarding how Midjourney filters its training data, including the specific categories of filters that it uses.  The information reflects Midjourney's highly sensitive trade secret information regarding the technical development and components of Midjourney's AI models, which are not publicly available and were produced solely for purposes of this litigation.  Maintaining the confidentiality of this information is critical to Midjourney's business and Midjourney treats this information as highly confidential trade secrets.  The proposed redactions are narrowly tailored to protect this confidential information while preserving the substance of the parties' legal arguments.

5.      Exhibit A consists of excerpts of Midjourney's Supplemental Responses and Objections to Plaintiffs' Interrogatory No. 3, including the full text of both that interrogatory and Midjourney's original and supplemental responses and objections.  The responses contain a confidential description of each step of the process by which Midjourney trained its AI image models, including confidential descriptions of filters that Midjourney applied. This information reflects Midjourney's proprietary technical know-how developed through significant investment and experimentation and is competitively sensitive.  Accordingly, the responses were designated "CONFIDENTIAL" pursuant to the Protective Order.  Maintaining the confidentiality of this information is critical to Midjourney's business, as public disclosure of the information in these responses exposes Midjourney to the risk of competitive harm.  The redactions in Exhibit A comprise narrowly tailored portions reflecting Midjourney confidential information sought to be sealed.

6.      Exhibits B, C and D comprise internal Midjourney documents and communications relating to its model training and development. Exhibits B and C contain confidential substantive communications concerning the development of Midjourney's models and the use of certain filters at various stages of the training process.  Exhibit D is a spreadsheet that identifies specific filters Midjourney used, along with a technical description and information about their provenance.

1  Maintaining the confidentiality of this information is critical to Midjourney's business and

2  Midjourney treats this information as highly confidential trade secrets. Public disclosure of the

3  information in these documents exposes Midjourney to the risk of competitive harm. These

4  documents are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

5  pursuant to the Protective Order.

6         7.     There is good cause to permit these materials to be filed under seal. *Ctr. for Auto*

7  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Public disclosure of the

8  confidential information described above would expose Midjourney to competitive and commercial

9  harm by revealing non-public, trade secret information concerning the development and training of

10  its AI models. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (courts should factor

11  "whether disclosure of the material could result in improper use of the material for scandalous or

12  libelous purposes or infringement upon trade secrets."); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020

13  WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (sealing "confidential business and proprietary

14  information"). Midjourney treats this information as highly confidential and competitively

15  sensitive in the ordinary course of business and takes significant steps to protect it from public

16  disclosure. The sealing requests described above are narrowly tailored, and no less restrictive

17  alternative would adequately protect Midjourney's proprietary interests.

18         I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct.

20         Executed on this 24th day of December, 2025 at San Francisco, California.

21

22                            /s/ *Angela L. Dunning*
                          Angela L. Dunning

23                            Attorney for Defendant,

24                            MIDJOURNEY, INC.

25

26

27

28