**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterticklaw.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 23-CV-00201-WHO (LJC) |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | Judge: Hon. William H. Orrick |
| STABILITY AI LTD., et al., | Date:       February 18, 2026 |
| Defendants. | Time:       2:00 p.m. |
| | Location: Video Conference (Zoom) |

**REDACTED**

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED
COMPLAINT ..................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.................................................2

I.      LEGAL STANDARD .........................................................................................2

II.     BACKGROUND ...............................................................................................3

        A.      Plaintiffs' Investigation of the CLIP Training Data .....................................3

        B.      Discovery and Meet-and-Confer Efforts Regarding CLIP Models ..............4

        C.      On the Substantial Completion Deadline, Defendant Midjourney
        Produced the Midjourney Dataset Chart which Provides one Basis to
        Amend the Claims Against Midjourney .....................................................4

        D.      The Documents Providing the Basis to Amend the Claims against
        Stability were Produced in November and December 2025 ........................5

III.    ARGUMENT .....................................................................................................5

        A.      The Proposed Amendments Address Separate Infringement.....................6

        B.      The *Foman* Factors Favor Leave to Amend ...........................................6

            1.     Plaintiffs' Amendment is Timely...........................................................6

            2.     Plaintiffs' Amendment is Made in Good Faith. ....................................7

            3.     Plaintiffs' Amendment is not Prejudicial. .............................................8

            4.     Plaintiffs' Amendment is not Futile. ...................................................10

IV.     CONCLUSION................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.,*
   465 F.3d 946 (9th Cir. 2006) ....................................................................................6

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987) ....................................................................................2

*Elecs. for Imaging, Inc. v. Coyle,*
   No. 3:01-cv-04853-MJJ, 2005 WL 8162903 (N.D. Cal. Mar. 7, 2005) ...................9

*Eminence Cap., LLC v. Aspeon, Inc.,*
   316 F.3d 1048 (9th Cir. 2003) ..............................................................................2, 3

*Foman v. Davis,*
   371 U.S. 178 (1962) ............................................................................................2, 5, 6

*In re Fritz Cos. Sec. Litig.,*
   282 F. Supp. 2d 1105 (N.D. Cal. 2003) ...................................................................9

*Greenfield v. Am. W. Airlines, Inc.,*
   No. 3:03-cv-05183-MHP, 2004 WL 2600135, at *4 (N.D ...................................8, 9

*Hansen Beverage Co. v. Nat'l Beverage Corp.,*
   No. CV 06-5470 ER, 2007 WL 9747720 (C.D. Cal. Feb. 12, 2007).........................9

*Herrera v. Cnty. of San Benito,*
   No. 24-cv-01133-NC, 2025 WL 2323350 (N.D. Cal. Aug. 11, 2025) .....................7

*Howey v. United States,*
   481 F.2d 1187 (9th Cir. 1973) ..................................................................................2

*In re Intuitive Surgical Sec. Litig.,*
   No. 5:13-cv-01920-EJD, 2017 WL 363269 (N.D. Cal. Jan. 25, 2017) ...................7

*Kadrey v. Meta Platforms, Inc.,*
   No. 23- cv-03417-VC, 2025 WL 82205 (N.D. Cal. Jan. 13, 2025).....................7, 10

*Lockheed Martin Corp. v. Network Sols., Inc.,*
   194 F.3d 980 (9th Cir. 1999) ....................................................................................9

*Malone v. US. Postal Serv.,*
   833 F.2d 128 (9th Cir. 1987) ....................................................................................8

*Padilla v. Sears, Roebuck & Co.,*
   No. 5:12-cv-00653-EJD, 2012 WL 5505071 (N.D. Cal. Nov. 13, 2012)............7, 10

PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

*Royal Ins. Co. of Am. v. Sw. Marine*,
   194 F.3d 1009 (9th Cir. 1999) ........................................................................7

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
   708 F.3d 1109 (9th Cir. 2013) ........................................................................7

*Walintukan v. SBE Ent. Grp., LLC*,
   No. 16-cv-01311-JST, 2017 WL 635278 (N.D. Cal. Feb. 15, 2017) ..................11

*Watson v. Ford Motor Co.*,
   No. 18-cv-00928-SI, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018) ..................7

**Rules**

Fed. R. Civ. P. § 15 ..............................................................................1, 2, 4

Fed. R. Civ. P. § 15(a) .................................................................................3

Fed. R. Civ. P. § 15(a)(2) .............................................................................2

Fed. R. Civ. P. § 16(b) .................................................................................7

## NOTICE OF MOTION AND MOTION

## FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on February 18, 2026 at 2:00 p.m., upon the accompanying Memorandum of Law, the undersigned hereby moves this Court on behalf of Plaintiffs Sarah Andersen, Karla Ortiz, Gregory Manchess, Adam Ellis, Gerald Brom, Grzegorz Rutkowski, Julia Kaye, Jingna Zhang ("Plaintiffs"), before the Honorable William H. Orrick in Courtroom 2 – 17th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order pursuant to Federal Rules of Civil Procedure 15, to grant Plaintiffs leave to file their Third Amended Complaint ("TAC").

Plaintiffs seek an order granting their Motion for Leave to File a Third Amended Complaint based on recently disclosed evidence. The proposed TAC would: (1) add a direct copyright infringement claim against Defendant DeviantArt based on its unauthorized reproductions of Plaintiffs' works to develop its DreamUp product; (2) add a direct copyright infringement claim against Defendant Midjourney based on its download and use of the Datacomp xLarge dataset containing unauthorized copies of Plaintiffs' works; (3) ; (5) update the proposed class definitions to reflect Defendants' newly discovered conduct; and (6) remove the pre-existing DMCA claims.[2]

Plaintiffs' Motion is based on this Notice of Motion and Motion, an accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument of counsel.

---

[1] Defendants Stability AI, Inc. and Stability AI, Ltd. are referred to herein collectively as "Stability."
[2] Plaintiffs reserve their rights to replead such DMCA claims pending guidance on these issues from the Ninth Circuit Court of Appeals in *Doe, et al. v. Github, Inc., et al.*

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2    Plaintiffs seek leave to align the operative complaint with recently discovered facts. Defendants'

3    own documents, many of which were produced on the substantial completion deadline, reveal additional

4    infringement beyond what the Second Amended Complaint alleges. DeviantArt copied Plaintiff Zhang's

5    registered works to train a CLIP model for DreamUp. ███████████████████████████

6    ███████████████████████████████████████████████████████

7    ████████████████████. The proposed TAC adds direct copyright infringement claims based

8    on this newly discovered conduct. Plaintiffs move to amend the Complaint with good cause based on

9    recent discovery, and their proposed amendment is timely, in good faith, not futile, and causes no

10   prejudice as the amendments do not meaningfully expand the existing scope of the case. The Court should

11   grant Plaintiffs' Motion because each of the *Foman* factors weighs strongly in favor of granting leave to

12   amend.

13   **I.    LEGAL STANDARD**

14   Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" to amend

15   pleadings "when justice so requires." This standard is "applied with extreme liberality." *Eminence Cap.,*

16   *LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).[3] The party opposing

17   amendment bears the burden of showing why leave to amend should not be granted. *See id* at 1052; *see*

18   *also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[T]he party opposing

19   amendment bears the burden of showing prejudice.").

20   In considering motions for leave to amend, courts consider five factors: (1) undue delay, (2) bad

21   faith or dilatory motive by the movant, (3) "repeated failure to cure deficiencies by amendments

22   previously," (4) "undue prejudice to the opposing party," and (5) futility of amendment. *Foman v. Davis*,

23   371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,

24

25

26   ---
     [3] *See also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (finding the district court abused
27   its discretion in denying motion for leave to file third amended complaint under Rule 15 where "there
     [was] a lack of prejudice to opposing party and amended complaint [was] obviously not frivolous, or made
     as a dilatory maneuver in bad faith[.]").

28

PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

## II.    BACKGROUND

Following a discovery stay, on October 29, 2024, the Court issued an order allowing discovery to commence. ECF No. 240. Plaintiffs then filed their Second Amended Consolidated Complaint two days later, on October 31, 2024. ECF No. 238. Plaintiffs' Second Amended Complaint did not add claims or expand the scope of the case.

### A.    Plaintiffs' Investigation of the CLIP Training Data

Since the stay was lifted, Plaintiffs have been diligently pursuing discovery to develop the factual record. On November 12, 2024, Plaintiffs served initial sets of discovery on Defendants. Declaration of Evan Creutz ("Creutz Decl."), ¶ 10. On March 13, 2025, Plaintiffs first became aware that DeviantArt had developed a CLIP model using works uploaded by its users. Creutz Decl., ¶ 11. Specifically, DeviantArt's counsel wrote Plaintiffs stating that DeviantArt possessed certain images responsive to Plaintiffs' Request For Production ("RFP") No. 25 and identified those images as materials that DeviantArt used to train a CLIP model. Creutz Decl., ¶ 11. According to DeviantArt's March 2025 email, "DeviantArt created a model to add an additional DeviantArt-specific CLIP token based on a user's prompt, which does not alter the Stable Diffusion model itself, but adds a token to the prompt ███████████████████ ████████████████ Creutz Decl., ¶ 12. DeviantArt later confirmed this representation in a sworn interrogatory response dated August 27, 2025. Creutz Decl., Exh. 3.

DeviantArt's March 2025 email indicated that it intended to produce the images that it used to train the CLIP model ("CLIP Training Data"). Creutz Decl., ¶ 12. Prior to this March 2025 communication, Defendants had not disclosed the existence of the CLIP models in their written discovery responses. Creutz Decl., ¶ 12. On May 20, 2025, DeviantArt informed Plaintiffs that DeviantArt's vendor shipped an encrypted hard drive containing the CLIP Training Data and provided Plaintiffs with a password to unlock the hard drive. Creutz Decl., ¶ 13.

Upon receipt of the encrypted hard drive, Plaintiffs performed an initial analysis of its contents, which comprises approximately ███████████. Creutz Decl., ¶ 13. As produced, the images in the

CLIP Training Data contain no readily discernible metadata—such as author names or usernames—that would have allowed Plaintiffs to easily identify the source of each image. Creutz Decl., ¶ 15. Instead, the images were labeled only by multi-digit codes, which Plaintiffs decoded as "Deviation IDs."[4] Creutz Decl., ¶ 15.

To identify the works at issue, Plaintiffs' counsel reverse-engineered the formula for generating the specific URL on DeviantArt's platform associated with a given Deviation ID. Creutz Decl., ¶ 15. Through this painstaking process, Plaintiffs identified the full extent of the Asserted Works contained within the CLIP Training Data. Creutz Decl., ¶ 15. Plaintiffs completed this identification process on or around September 24, 2025. Creutz Decl., ¶ 15.

**B.    Discovery and Meet-and-Confer Efforts Regarding CLIP Models**

From August through October 2025, Plaintiffs aggressively pursued discovery into the facts surrounding the CLIP models. Creutz Decl., ¶ 16. In response to these efforts, DeviantArt agreed to produce certain evidence regarding the CLIP model. For example, DeviantArt agreed to run the search term "CLIP w/5 (model OR token)" across its custodians' files. Creutz Decl., ¶ 16. On October 21, 2025, DeviantArt agreed to produce "All Documents and Communications concerning . . . the development of the DreamUp CLIP model" in response to Plaintiffs' RFP No. 108. Creutz Decl., ¶ 17.

Throughout this period, the parties met and conferred on numerous other disputes regarding the CLIP models, including production of the source code underlying the DeviantArt CLIP model. Creutz Decl., ¶ 18. DeviantArt has refused to produce the source code on relevance grounds, leading the parties to an impasse. Creutz Decl., ¶ 19.

**C.    On the Substantial Completion Deadline, Defendant Midjourney Produced the Midjourney Dataset Chart which Provides one Basis to Amend the Claims Against Midjourney**

The deadline for the parties to substantially complete document production was October 3, 2025. Midjourney waited until this deadline to produce a document it possessed throughout discovery: the Midjourney Dataset Chart (Midjourney_00002010), which lists ▮▮▮▮ and datacomp" among other

---

[4] A "Deviation ID" refers to a unique identifier for a piece of art or content on DeviantArt's website (called a "deviation").

datasets, points to their storage locations on Midjourney's servers, and provides additional detail about them. Creutz Decl., Exh. 7. Beyond LAION datasets, the Chart identifies downloads from numerous other sources. *Id.* At the November 4, 2025 status conference, Plaintiffs' counsel informed the Court that Plaintiffs were still in the process of reviewing the documents produced on the substantial completion deadline. Nov. 4, 2025 CMC Tr., 4:9-16. Plaintiffs' counsel further advised the Court that Plaintiffs anticipated moving for leave to amend the complaint, to incorporate newly discovered facts and supporting allegations related to existing claims, rather than to expand the scope of the case or assert new causes of action. *Id.*, 4:17-5:2.

Following the November 4, 2025 status conference, Plaintiffs completed their analysis of the Midjourney Dataset Chart. The Chart discloses Midjourney's download of datasets previously unknown to Plaintiffs, including ████████ and DataComp xLarge. *See* Creutz Decl., Exh. 7. Plaintiffs promptly engaged an expert consultant to download and investigate the publicly available datasets identified in the Chart to determine which of those datasets contain Plaintiffs' asserted works. Creutz Decl., ¶ 20. Following this technical investigation and verification, Plaintiffs determined that ████████ and DataComp xLarge datasets contain several of Plaintiffs' asserted works. Creutz Decl., ¶ 20. Based on these findings, Plaintiffs seek leave to file the Third Amended Complaint.

### D. The Documents Providing the Basis to Amend the Claims against Stability were Produced in November and December 2025

In November and December of 2025, Stability produced documents indicating it ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████. *See* Creutz Decl., Exhs. 4, 5, and 6. Based on their technical investigation and verification that ████████████████████████████, Plaintiffs seek leave to file the Third Amended Complaint with respect to Stability.

## III. ARGUMENT

The Court should grant leave to amend because each of the *Foman* factors weigh in favor of leave to amend.

1

### A.      The Proposed Amendments Address Separate Infringement

Magistrate Judge Cisneros's June 27, 2025 Order expressly preserved Plaintiffs' right to seek non-LAION discovery upon a concrete showing of relevance. ECF No. 314 at 4. This motion answers that invitation. Defendants' own documents now confirm they copied Plaintiffs' registered works from datasets beyond LAION—precisely the "concrete[] articulat[ion]" the Court required.

The distinction is critical. The LAION Order found non-LAION datasets irrelevant because Plaintiffs' copyright claims against Midjourney were "explicitly limited to Midjourney's alleged copying from the LAION datasets." ECF No. 314 at 2. Here, Plaintiffs seek leave to amend precisely to add claims based on Midjourney's copying from *non*-LAION sources—████████ and DataComp xLarge datasets—which Plaintiffs' expert consultant confirmed contain Plaintiffs' copyrighted works. Creutz Decl., ¶ 20.

This motion does not relitigate the discovery dispute. Plaintiffs seek to plead new claims based on newly discovered facts, facts Defendants disclosed on the substantial completion deadline. The LAION Order left open the door for precisely this circumstance, noting Plaintiffs could "renew their request" based on "concretely articulat[ed]" relevance. ECF No. 314 at 4. The proposed TAC does exactly that: it pleads concrete facts showing Midjourney copied Plaintiffs' works from datasets beyond LAION, establishing independent bases for infringement that the SAC did not address.

### B.      The *Foman* Factors Favor Leave to Amend

In considering motions for leave to amend, courts consider five factors: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) "repeated failure to cure deficiencies by amendments previously," (4) "undue prejudice to the opposing party," and (5) futility of amendment. *Foman*, 371 U.S. at 182. Each of these factors favors amendment.

### 1.      Plaintiffs' Amendment is Timely.

In assessing diligence, the Court must assess "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). There is no undue delay when a party waits to move for leave to amend "until they

had sufficient evidence . . . upon which they could base claims of wrongful conduct." *Kadrey v. Meta Platforms, Inc.*, No. 23- cv-03417-VC, 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (citing *DCD Programs*, 833 F.2d at 187).

Plaintiffs have been diligent in pursuing the discovery that forms the basis of this motion. In accordance with the January 12, 2026 deadline to amend the pleadings, Plaintiffs now seek leave to amend based on evidence disclosed incrementally over the past several months, including key documents produced as recently as December 2025. *See* Creutz Decl., ¶ 8; Exh. 6. Plaintiffs are not simply reasserting "an old theory of liability based on previously-known facts." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999). Instead, Plaintiffs are promptly moving to amend based on newly discovered facts. *See Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 WL 3869563, at *2 (N.D. Cal. Aug. 15, 2018) (six-month delay was not "undue" because, among other factors, the amending party "only recently learned that [a new party] had not been named").[5]

### 2.    Plaintiffs' Amendment is Made in Good Faith.

Plaintiffs move in good faith to amend their Complaint to reflect the evidence discovered to date and the scope of Defendants' infringement. Defendants cannot claim bad faith and there is no evidence, much less "strong evidence," of bad faith. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (finding no "bad faith when the result of an amendment may actually be beneficial to clarifying the allegations at issue"); *Padilla v. Sears, Roebuck & Co.*, No. 5:12-cv-00653-EJD, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012) (finding no bad faith where the amending party was "not seeking to unreasonably prolong the litigation or to destroy diversity by adding new parties").

---

[5] Indeed, courts in this district have even allowed amendments well after the close of discovery. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (finding no undue delay and stating that "[i]n any event, 'delay, by itself, is insufficient to justify denial of leave to amend'" (quoting *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1011 (9th Cir. 2023))); *see also Herrera v. Cnty. of San Benito,* No. 24-cv-01133-NC, 2025 WL 2323350, at *2 (N.D. Cal. Aug. 11, 2025). (finding good cause under Rule 16(b) by Plaintiff who filed motion for leave to amend three weeks after close of fact discovery and one month after first learning of facts to support amended complaint).

Here, Plaintiffs did not learn of Midjourney's reproduction of the ████████ and Datacomp xLarge datasets (which contain Plaintiffs' works) until they reviewed the documents Midjourney produced on the substantial completion deadline. Creutz Decl., ¶ 22. The volume and complexity of the produced materials required additional analysis. Creutz Decl., ¶ 22. Plaintiffs informed the Court in November 2025, shortly after Defendants' substantial completion deadline, of their intention to seek leave to amend the complaint. Creutz Decl., ¶ 23. This advance notice to the Court undermines any suggestion that Plaintiffs strategically delayed or acted in bad faith.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████. *See* Creutz Decl., Exhs. 4-6.

While Plaintiffs established the factual predicate for an amendment against DeviantArt in late September 2025—the date when Plaintiffs identified copies of Plaintiff Jingna Zhang's asserted works within the CLIP Training Data—they deferred filing the instant motion until they could incorporate the additional evidence that would be produced on the substantial completion deadline. Creutz Decl., ¶24. This brief delay was a deliberate effort to avoid piecemeal litigation and conserve judicial resources by consolidating all newly discovered facts into a single, comprehensive motion for leave to amend.

### 3.    Plaintiffs' Amendment is not Prejudicial.

Defendants cannot meet their burden to show that they will suffer prejudice if leave to amend is granted. In assessing prejudice, courts look at "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. US. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987); *see also Greenfield v. Am. W. Airlines, Inc.*, No. 3:03-cv-05183-MHP, 2004 WL 2600135, at *4 (N.D. Cal. Nov. 16, 2004) ("[T]he relevant prejudice concerns the late amendment's effect on the opposing party's ability to respond, not whether the amendment will lead to an unfavorable verdict."). "[D]elay alone, no matter how lengthy, is an insufficient ground for denial of leave

to amend." *Elecs. for Imaging, Inc. v. Coyle*, No. 3:01-cv-04853-MJJ, 2005 WL 8162903, at *3 (N.D. Cal. Mar. 7, 2005).

 In the specific context of amending a complaint during fact discovery, courts consider (1) whether the amendments will necessitate reopening discovery; (2) whether new parties will be added; and (3) whether the new allegations add claims based on different legal theories or require proof of different facts. *See In re Fritz Cos. Sec. Litig*., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003).

None of these factors are present here. First, Plaintiffs seek to amend their Complaint as a result of recent discovery, *not to obtain it*. Although an extension of the case schedule may be necessary to allow Plaintiffs to take discovery into the additional datasets that Midjourney and Stability copied, Defendants cannot show a "need to reopen discovery and therefore delay the proceedings," that could support denying a motion to amend under Rule 15's liberal standard. *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999); *see also Greenfield*, 2004 WL 2600135 at *4 ("[T]he need for additional discovery is insufficient by itself to deny a proposed amended pleading based on prejudice."). Here, the proposed amendments are supported by, and the direct product, of recent, existing discovery. *Hansen Beverage Co. v. Nat'l Beverage Corp*., No. CV 06-5470 ER (CTx), 2007 WL 9747720, at *2 (C.D. Cal. Feb. 12, 2007) (finding at most marginal prejudice in allowing amendment of complaint a few weeks before fact discovery cut-off).

From August through October 2025, Plaintiffs diligently pursued discovery from DeviantArt concerning the CLIP models in anticipation of the amendments sought herein. During this period, the parties actively met and conferred on these issues, and DeviantArt was already searching for, collecting, and producing materials related to the CLIP models well before Plaintiffs filed this motion. Because the relevant discovery has already been the subject of active investigation and production, DeviantArt cannot claim surprise or unfair disadvantage.

Second, the proposed Third Amended Complaint adds no new parties. Third, the amendments do not inject new or unrelated legal theories into the case. Rather, they add factual allegations and additional copyright infringement claims that arise from the same universe of facts already at issue. Indeed, Midjourney's productions were responsive to Plaintiffs' first set of RFPs but were not produced until the

1    substantial completion deadline. Likewise, the documents ██████████████████████

2    ████████████ were produced in response to Plaintiffs' RFPs, and simply add factual allegations

3    pertaining to their datasets, rather than injecting new legal theories.

4        Finally, this infringement is based on Defendants' own documents and facts Defendants already

5    have knowledge of. *See Kadrey*, 2025 WL 82205, at *1 ("To the extent that additional discovery is []

6    necessary, it can be accommodated without significantly disrupting the case schedule."). That Defendants

7    may "need to defend against the new claims on the merits and may need to take additional discovery to do

8    so does not constitute prejudice." *Id*. Under these circumstances, allowing Plaintiffs to amend the

9    complaint will not impair Defendants' ability to defend the case or interfere with its rightful resolution.

10    Because leave to amend causes no prejudice, the only remaining question is whether the proposed claims

11    have merit. They do.

12        **4.     Plaintiffs' Amendment is not Futile.**

13        None of the amendments proposed are futile. "A proposed amendment is futile 'only if no set of

14    facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient

15    claim or defense.'" *Padilla*, 2012 WL 5505071, at *2 (citation omitted).

16        Here, Plaintiffs seek to add four direct copyright infringement claims, each supported by concrete

17    evidence:

18        First, the DeviantArt CLIP claim is not futile. DeviantArt produced a hard drive containing

19    approximately ████████████ it copied to train its CLIP model. Creutz Decl., ¶ 13. That production

20    includes ten registered copyrighted works belonging to Plaintiff Jingna Zhang. Creutz Decl., ¶ 14.

21    DeviantArt concedes it used these copies—works uploaded by artists who trusted DeviantArt's platform—

22    to train a model that ███████████████████████████████████████████████████

23    ██████████████████████ Creutz Decl., Exh. 3. DeviantArt exploited its position as repository of its

24    users' creative works to appropriate those works without consent. Copying registered works to train an AI

25    model states a claim for direct infringement.

26        Second, the Midjourney ██████████ claim is not futile. Midjourney's Dataset Chart reflects 100%

27    completion of its download of the ████████ dataset. Creutz Decl., Exh. 7. Plaintiffs confirmed through

28

independent analysis that this publicly available dataset contains their registered copyrighted works. Creutz Decl., ¶ 15. Downloading a dataset containing copyrighted works to train an AI model states a claim for direct infringement—the same theory that survived dismissal as to the LAION datasets. *See* ECF No. 223 at 19-21.

Third, the Midjourney DataComp xLarge claim is not futile. The Dataset Chart similarly reflects ██████████████████████████████████████████████████. Creutz Decl., Exh. 7. This dataset also contains Plaintiffs' registered copyrighted works. Creutz Decl., ¶ 20. The legal theory is identical to the surviving LAION claims.

Fourth, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Creutz Decl., Exhs. 4-6.

None of these claims require novel legal theories. Each applies the same direct infringement framework the Court already found plausible at the pleading stage. The only difference is the dataset source—and Defendants' own documents now confirm they copied from these additional sources.

These amendments align the allegations to Defendants' actual conduct and ensure the Complaint will not contain stale allegations by the time this case reaches class certification and trial. Nothing about these claims is futile. Indeed, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Walintukan v. SBE Ent. Grp., LLC*, No. 16-cv-01311-JST, 2017 WL 635278, at *2 (N.D. Cal. Feb. 15, 2017).

## IV.    CONCLUSION

Defendants' own documents confirm they copied Plaintiffs' registered works from sources beyond LAION. The proposed TAC aligns the pleadings with the evidence. Plaintiffs respectfully request leave to file the Third Amended Complaint.

1    Dated: January 12, 2026                    By:    _/s/ Joseph R. Saveri_____

2                                                      Joseph R. Saveri

3                                               Joseph R. Saveri (SBN 130064)
                                                Cadio Zirpoli (SBN 179108)
4                                               Christopher K.L. Young (SBN 318371)
                                                Elissa A. Buchanan (SBN 249996)
5                                               Evan Creutz (SBN 349728)
                                                Holden Benon (SBN 325847)
6                                               Aaron Cera (SBN 351163)
                                                Alexander Zeng (SBN 360220)
7                                               **JOSEPH SAVERI LAW FIRM, LLP**
                                                601 California Street, Suite 1505
8                                               San Francisco, CA 94108
                                                Telephone: (415) 500-6800
9                                               Facsimile: (415) 395-9940
                                                Email: jsaveri@saverilawfirm.com
10                                              Email: czirpoli@saverilawfirm.com
                                                Email: cyoung@saverilawfirm.com
11                                              Email: hbenon@saverilawfirm.com
                                                Email: acera@saverilawfirm.com
12                                              Email: azeng@saverilawfirm.com

13                                              Matthew Butterick (SBN 250953)
                                                1920 Hillhurst Avenue, 406
14                                              Los Angeles, CA 90027
                                                Telephone: (323) 968-2632
15                                              Facsimile: (415) 395-9940
                                                Email: mb@buttericklaw.com

16

17                                              *Counsel for Individual and Representative Plaintiffs
                                                and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

28

## **MEET AND CONFER CERTIFICATION**

Plaintiffs' counsel certifies compliance with Civil Local Rule 7-2 and this Court's Standing Order. Counsel has met and conferred with all Defendants except Stability AI.

On January 11, 2026, Plaintiffs discovered information requiring inclusion in the proposed Third Amended Complaint. Counsel transmitted the revised draft to Stability AI today, January 12, 2026, and has communicated with Stability's counsel regarding this motion. Stability's counsel has indicated they require time to confer with their clients before stating a position.


Dated: January 12, 2026                         */s/ Evan Creutz*
                                                      Evan Creutz