1 [Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, KARLA ORTIZ, GRZEGORZ RUTKOWSKI, GREGORY MANCHESS, GERALD BROM, JINGNA ZHANG, JULIA KAYE, ADAM ELLIS; <br><br>*Individual and Representative Plaintiffs*, <br><br>v. <br><br>STABILITY AI LTD., STABILITY AI, INC., DEVIANTART, INC., MIDJOURNEY, INC., RUNWAY AI, INC., <br><br>*Defendants*. | Case No. 3:23-cv-00201-WHO <br><br>**JOINT CASE MANAGEMENT STATEMENT** <br><br>Hearing Date: Jan. 20, 2026 <br>Time: 2:00 PM <br>Place: via Zoom <br>Judge: Hon. William H. Orrick |

Pursuant to Civil Local Rule 16-9, the Standing Order For All Judges of The Northern District of California (updated Nov. 30, 2023), and the Clerk's Minute Entry dated November 4, 2025 (ECF No. 348), counsel for Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, Adam Ellis, and the proposed class (together, "Plaintiffs") and Defendants Stability AI Ltd. and Stability AI, Inc. (together, "Stability AI"), DeviantArt, Inc. ("DeviantArt"), Midjourney, Inc. ("Midjourney"), and Runway AI, Inc. ("Runway") (collectively, the "Parties") respectfully submit this Joint Case Management Statement in advance of the Case Management Conference set for January 20, 2026.

**1.    Jurisdiction and Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as this action alleges violations of the U.S. Copyright Act (17 U.S.C. § 501). All Parties have been served.

**2.    Facts**

The Parties have no factual updates to bring to the Court's attention at this time and incorporate by reference their Statements of Facts from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report. *See* ECF No. 252 at 1–2. The Parties reserve the right to revise those statements as necessary.

**3.    Legal Issues**

The Parties have no updates to the legal issues to bring to the Court's attention at this time and incorporate by reference their Statements of Legal Issues from the December 10, 2024, Joint Case Management Statement and Rule 26(f) Report. *See* ECF No. 252 at 2. The Parties reserve the right to revise those statements as necessary.

**4.    Motions**

On January 12, 2026, Plaintiffs filed a motion seeking leave to file a Third Amended Complaint. ECF No. 376. Plaintiffs also anticipate filing a motion to modify the case schedule. The Parties hope to resolve discovery disputes without judicial intervention but recognize that discovery motions may be necessary. Plaintiffs anticipate filing a motion for class certification under Rule 23, which Defendants intend to oppose. The Parties also anticipate filing motions for summary judgment or adjudication under Rule 56.

5. **Amendment of Pleadings**

*Plaintiffs' Statement*:

Plaintiffs' proposed Third Amended Complaint, ECF No. 376-1, supplements direct copyright infringement claims against Midjourney and DeviantArt with new evidence of additional copying uncovered in discovery and refines the proposed class definitions.

*Defendants' Statement*:

Defendants will file and serve responsive pleadings to the Third Amended Complaint consistent with the Federal Rules of Civil Procedure.

6. **Evidence Preservation**

The Parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred pursuant to Rule 26(f) on October 8, 2024, regarding preservation of evidence relevant to the issues evident in the case. The Parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. In addition, the operative ESI Protocol in this case reiterates the Parties' preservation obligations. *See* ECF No. 275.

7. **Disclosures**

Plaintiffs and Defendants have served their Federal Rule of Civil Procedure 26(a) initial disclosures. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

8. **Discovery**

   a. **Written Discovery Exchanged**

The table in the Parties' October 28, 2025 Joint Case Management Statement, ECF No. 346, at 3-6 ("October JCMS Table") summarized the written discovery the Parties had served as of that date. The table below summarizes written discovery the Parties have served since October 28, 2025.

| Discovery Requests | Service | Responses & Objections |
|---|---|---|
| Plaintiffs' Third Set of Interrogatories to Defendant Runway, Inc. (Nos. 10-15) | October 30, 2025 | December 1, 2025 |
| Plaintiffs' Third Set of Interrogatories to Defendants Stability AI Ltd. and Stability AI, Inc. (Nos. 10-15) | October 30, 2025 | December 1, 2025 |

| | | |
|---|---|---|
| Defendant DeviantArt Inc.'s First Set of Requests for Production of Documents to Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis (Nos. 1-49) | November 19, 2025 | December 19, 2025 |
| Defendant Midjourney Inc.'s First Set of Interrogatories to Plaintiffs Gregory Manchess and Adam Ellis (No. 1) | December 19, 2025 | Due Jan. 19, 2026 |
| Defendant Midjourney Inc.'s Second Set of Interrogatories to Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gerald Brom, and Julia Kaye (No. 5) | December 19, 2025 | Due Jan. 19, 2026 |

b. **Completion of Discovery**

As the October JCMS Table and the above table show, the Parties have exchanged multiple rounds of written discovery, including requests for production of documents, interrogatories, and requests for admission. The Parties continue to meet and confer in good faith on discovery matters pursuant to the Court's procedures, with unresolved disputes to be presented to Magistrate Judge Cisneros in accordance with her Standing Order. The Parties remain committed to the efficient resolution of discovery issues while preserving their respective positions on scope and proportionality.

The current status of production by Party is summarized below, reflecting productions made to date while acknowledging ongoing production efforts by the Parties pursuant to the Court's established timeline.

Midjourney: As of January 13, 2026, Midjourney has produced 4,944 documents comprising 79,257 pages in response to Plaintiffs' First Set of Requests for Production. Midjourney has further reported it substantially completed production of relevant training data, which was provided to Plaintiffs via hard drives and access through the Google Cloud platform. The Parties are continuing to meet and confer on Plaintiffs' Second, Third, and Fourth Sets of Requests for Production, to which Midjourney intends to continue producing documents on a rolling basis. Midjourney has made source code available for inspection for the models currently at issue.

DeviantArt: As of January 7, DeviantArt has produced 1,530 documents comprising 6,145 pages. DeviantArt reports that it has substantially completed productions in response to Plaintiffs' First and

Second Set of Requests for Production for its initial set of custodians. Pursuant to the December 12 Discovery Order (Dkt. 367), DeviantArt is currently reviewing documents from four new custodians, and is producing documents responsive to other requests on a rolling basis. DeviantArt does not possess relevant LAION training data.

Runway: As of January 13, Runway has produced 22,984 documents comprising 167,486 pages and represents that it has substantially completed document discovery as of October 3, 2025.

Runway also produced more than 60 terabytes of LAION-5B data via hard drives, representing what Runway identifies as the LAION-5B data within its possession, custody, or control. Runway has offered access to LAION-5B data via AWS. Runway has made source code available for inspection for all models currently at issue.

Stability AI: As of January 7, Stability AI has produced 4,512 documents comprising 20,282 pages. Stability AI and Plaintiffs have reached agreement regarding the format for Stability's training data production. The Parties continue to meet and confer regarding organizational information about that production.

Plaintiffs: As of January 7, the eight Plaintiffs have collectively produced more than 24,600 documents comprising 180,368 pages.

The Parties continue to meet and confer regarding outstanding discovery requests. Plaintiffs anticipate serving limited follow-on requests for production focused on discrete categories of information identified during their review of materials produced to date and those forthcoming. Plaintiffs have indicated that any such requests will be directed to categories of materials that, based on their ongoing review, may remain outstanding. Plaintiffs also anticipate serving additional interrogatories.

Similarly, Defendants anticipate serving additional written discovery requests, including to address deficiencies in Plaintiffs' productions and in connection with information learned through discovery thus far.

c.     **Depositions:** On December 17, 2025 and again on January 7, 2026, Defendants requested dates when individual Plaintiffs are available for depositions in late January and February 2026. Plaintiffs are coordinating availability across eight individuals in multiple time zones and will provide

dates promptly. Defendants will serve Rule 30(b)(1) deposition notices to Plaintiffs. Defendants may also serve non-party deposition subpoenas.

Plaintiffs served Rule 30(b)(6) notices on November 14, 2025. On January 9, 2026, Plaintiffs requested availability for depositions of three DeviantArt witnesses. Plaintiffs intend to serve Rule 30(b)(1) deposition notices and non-party subpoenas. Defendants DeviantArt and Runway have served objections to Plaintiffs' Rule 30(b)(6) Notices; Defendants Stability AI and Midjourney intend to serve objections.

Currently, the discovery schedule is as follows:

| Event | Deadline |
| --- | --- |
| Deadline to notice any deposition(s) and subpoena(s) | February 13, 2026 |
| Close of Fact Discovery | March 13, 2026 |

    **d.**    **Preservation and Production of Electronically Stored Information**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative ESI Protocol in this case is docketed at ECF No. 275.

    **e.**    **Protective Order**

In accordance with Judge Cisneros's March 19, 2025, Order, ECF No. 260, the operative Protective Order in this case is docketed at ECF No. 276. Privilege issues, including privilege logging, are addressed in the Court's March 19, 2025, Order. ECF No. 260. The Protective Order incorporates a Rule 502(d) agreement governing the inadvertent production of privileged materials. ECF No. 276 § 16. The parties met and conferred regarding modification of the Protective Order to add a "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designation, which will better facilitate the sharing of individual Defendants' sensitive and confidential information among the Parties. The Stipulated Amended Protective Order is pending before the Court. ECF No. 374.

f.   **Deposition Logistics**

Pursuant to Judge Cisneros's March 19, 2025, Order, ECF No. 260, and Your Honor's April 8, 2025, Order, ECF No. 267, the operative Deposition Protocol in this case is docketed at ECF No. 274.

g.   **Discovery Issues and Potential Disputes**

*Plaintiffs' Statement:*

The Parties are actively meeting and conferring on the following discovery issues:

- Case Schedule: Plaintiffs intend to seek a modification based on the amended complaint, the difficulty of locating a qualified machine learning expert willing to serve as a testifying expert, and the pace of discovery necessary to investigate the technologically complex and novel issues in this case.
- Runway Productions: Plaintiffs have served Requests for Production on Runway and are addressing the sufficiency of Runway's responses.
- Stability AI Training Data: Stability produced approximately 100TB of training data via Amazon Web Services S3 access, containing over 260,000 objects with no manifest or organizational schema. During a December 2, 2025 meet and confer, Stability confirmed this reflects how it maintains the data in the ordinary course, yet declined to provide the roadmap it uses to navigate that data or any documentation explaining how the files relate to specific models, datasets, or training processes. Stability contends such information requires new discovery. Plaintiffs disagree; this information falls within existing requests.
- Custodian Identifications: The Parties are addressing custodian identifications for Defendants.

Plaintiffs are reviewing Defendants' document productions for completeness and may raise additional deficiencies through the meet and confer process.

Plaintiffs dispute Defendants' characterizations of the meet-and-confer process. Plaintiffs are managing discovery across four defendants involving novel technological issues, have timely responded to Defendants' communications, and have engaged in good faith throughout.

*Defendants' Statements*

*All Defendants:*

This Case Management Statement is the first time Plaintiffs have expressed any intention to seek a modification of the case schedule, which is improper, untimely, and unnecessary. The Parties met and conferred on this issue on January 12, 2026. On that call, for the first time, Plaintiffs disclosed their intent to seek an extension of the current schedule by four months and on January 13, 2026 sent a proposed schedule to Defendants in writing. Defendants do not believe that any extension of the case schedule is necessary at this time. Defendants have acted diligently to move discovery forward, consistent with the Court's Orders. Any inadequate "pace of discovery" that Plaintiffs claim is due to Plaintiffs' delay alone. However, Defendants are reviewing and considering Plaintiffs' proposal. Defendants reserve the right to oppose modification of the case schedule if the parties are unable to reach agreement.

Defendants are working to address deficiencies in Plaintiffs' productions and discovery responses, will meet and confer with Plaintiffs regarding the same, and will raise any remaining disputes with the Court as necessary.

*Runway:* While Runway has diligently pursued, responded to, and met and conferred regarding discovery requests, Plaintiffs have repeatedly delayed and obstructed those conferrals. As a few examples:

*First*, Plaintiffs have significantly delayed substantively meeting and conferring on ***their own discovery requests.*** Plaintiffs served their second set of requests for production on August 26, 2025, and Runway timely served objections and responses on September 25. Plaintiffs then served their third set of requests for production on October 3, 2025, and Runway timely served objections and responses on November 3. Plaintiffs waited until December 1, 2025, to meet and confer on these requests. Although Runway's counsel met via Zoom with Plaintiffs' counsel on December 1 and 11 on the requests, Plaintiffs' counsel refused to substantively discuss the requests in both meetings. Runway's counsel has been prepared to substantively meet and confer on the requests, and set aside an hour each time to do so. Runway has not heard from Plaintiffs about conferring on their requests since December 12, 2025. As

Runway has repeatedly explained to Plaintiffs in teleconference and via email, Runway remains available to meet and confer on the substance of Plaintiffs' requests.

*Second*, Plaintiffs have not responded to Runway's requests to meet and confer regarding Runway's discovery requests. Runway most recently sought to confer on these requests on January 7, 2026, but Plaintiffs have not responded.

*Third*, Plaintiffs have not responded to multiple requests for Plaintiffs' availability for depositions. Runway has sought Plaintiffs' availability consistent with the deposition protocol in this matter.

*Finally*, Plaintiffs have repeatedly changed their positions in discovery, making it difficult for Runway to rely on Plaintiffs' counsel representations. For example, Plaintiffs repeatedly delayed resolution of—and then ultimately changed their positions at the last minute in—a dispute regarding Runway's requests for production of materials from the *In re Google* litigation, which were served in August 2025. A joint letter brief regarding that dispute is now pending with the Court. *See* ECF Nos. 372, 372-1, and 372-2.

*Midjourney:* There are currently two discovery disputes pending before Judge Cisneros: (1) Midjourney is seeking amended responses by Plaintiffs to Midjourney's Interrogatory Nos. 1-4, and (2) Plaintiffs are seeking amended responses by Midjourney to Plaintiffs' Interrogatory No. 3. Joint Discovery Letters concerning both disputes were filed on December 18, 2025.

*Stability AI:* Stability AI produced its training data via AWS S3 in the format in which it is maintained in the ordinary course and continues to believe that this production satisfied its discovery obligations. Stability AI disputes Plaintiffs' contention that requests for a "roadmap" of the data or documentation explaining how files relate to particular models, datasets, or training processes fall within the scope of existing discovery requests.

*DeviantArt*: On December 30, 2025, DeviantArt sent a letter to Plaintiffs raising certain deficiencies and requests for more information regarding Plaintiffs' Responses to DeviantArt's First Set of Requests for Production of Documents. DeviantArt will continue to attempt to engage with Plaintiffs to resolve these issues without Court intervention.

h.  **Narrowing of Issues**

Plaintiffs voluntarily dismissed their DMCA claims pursuant to Plaintiffs' Notice of Voluntary Dismissal. ECF No. 241. Additionally, Magistrate Judge Cisneros's June 27, 2025, Order (ECF No. 314) held that "non-LAION training datasets are not relevant to Plaintiffs' copyright claims against Midjourney" as currently pled, and denied Plaintiffs' motion to compel. The Order preserved Plaintiffs' ability to renew "only if, at a later stage in the case, they can concretely articulate how the content (rather than the sources) of non-LAION datasets would be relevant to rebutting Midjourney's fair use defense." No further issues have been narrowed by agreement or by motion. The Parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

**9.  Class Action**

This case is a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement:*

Plaintiffs allege that the proposed class is so numerous that joinder of all members is impracticable. The precise size of the class is within Defendants' exclusive knowledge, but upon information and belief, Plaintiffs allege that the class numbers in the millions. Plaintiffs further allege that, like all class members, their copyright-protected works were used to train Defendants' models without authorization, and that all class members have been similarly injured by Defendants' conduct.

Common questions of law and fact predominate over any individual issues. These include, among others: (1) whether Defendants violated the copyrights of Plaintiffs and the class by copying their works to train Defendants' models; (2) whether Defendants should be enjoined from the conduct alleged and, if so, the appropriate scope of such injunction; (3) whether Defendant Midjourney misappropriated Plaintiffs' and class members' trade dress by generating images imitating their distinctive artistic styles; (4) whether Defendant Midjourney caused confusion regarding Plaintiffs' and class members' endorsement of or affiliation with the Midjourney product; (5) whether any affirmative defense, including fair use, excuses Defendants' conduct; and (6) the nature and amount of damages.

*Defendants' Statement:*

This action should not be certified as a class action. Defendants are aware of no facts showing that Plaintiffs are entitled to maintain this action under Federal Rule of Civil Procedure 23(a) and (b). Defendants intend to oppose any motion for any class certification at the appropriate time, including on the ground that numerous individual issues will predominate over any common questions of law or fact.

## 10. Related Cases

The Parties are aware of three additional cases brought on behalf of owners of registered copyrights involving Defendants Midjourney and/or Stability AI: *Disney Enterprises Inc. et al v. Midjourney Inc.*, No. 2:25-cv-05275 (C.D. Cal. filed Jun. 11, 2025); *Getty Images (US), Inc. v. Stability AI, Ltd.*, No. 3:25-06891 (N.D. Cal. filed Aug. 15, 2025); and *Warner Bros. Entertainment Inc. v. Midjourney, Inc.*, No. 2:25-cv-08376 (C.D. Cal. filed Sept. 4, 2025).

Defendants deny that these cases are related within the meaning of Local Rule 3-12.

## 11. Relief

*Plaintiffs' Statement:* Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505, 15 U.S.C. § 1117, or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after January 13, 2023, the date the Complaint was first served on Midjourney, Stability AI, and DeviantArt, and November 29, 2023, the date the FAC was first served on Runway.

*Defendants' Statement:*

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants do not seek relief at this time other than attorneys' fees and costs if they prevail.

## 12. Settlement and ADR

ADR Certifications pursuant to ADR Local Rule 3-5(b) were filed by Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang on May 9, 2024 (ECF Nos. 200-203, 205-206) and by Plaintiffs Andersen and Ortiz on August 16, 2023 (ECF Nos. 98, 100, 101). Defendant Stability AI filed its

certification on September 12, 2023 (ECF Nos. 109) and DeviantArt filed its certification on August 29, 2023 (ECF No. 106). Defendant Runway filed its certification on October 15, 2024 (ECF No. 233). Defendant Midjourney filed its certification on October 21, 2024 (ECF No. 234). The parties continue to meet and confer on an ADR plan.

**13.   Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14.   Scheduling**

    **a.   Expedited Trial Procedures**

The parties agree that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

    **b.   Case Schedule**

The case schedule adopted by the Court is shown in Exhibit A to ECF No. 235, as modified by ECF Nos. 240 and 282.

**15.   Trial**

The case will be tried before a jury. Trial has been set for April 5, 2027, at 8:30am. ECF No. 240. Plaintiffs anticipate a 14-day trial. Defendants believe it is premature to estimate the length of trial at this time.

**16.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs Andersen and Ortiz originally filed a Certification of Interested Entities or Persons on January 20, 2023. ECF No. 9. Along with Plaintiffs Ellis, Brom, Manchess, Rutkowski, Kaye, and Zhang, they also filed a Certification of Interested Entities or Persons on April 25, 2025. ECF No. 279. Certifications of Interested Entities or Persons were filed by DeviantArt on February 6, 2023. ECF No. 34; Midjourney on February 23, 2023, ECF No. 48; Stability AI on April 18, 2023. ECF Nos. 56-57; and Runway on January 10, 2024. ECF No. 150.

**17.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

18. **Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

| | | |
|---|---|---|
| 1 | Dated: January 13, 2026 | Respectfully submitted, |
| 2 | | By: /s/ Joseph R. Saveri |
| 3 | | Joseph R. Saveri (SBN 130064) |
| 4 | | Cadio Zirpoli (SBN 179108) |
| | | Christopher K.L. Young (SBN 318371) |
| 5 | | Alexandra Fernandez (SBN 330518) |
| | | Evan Creutz (SBN 349728) |
| 6 | | Holden Benon (SBN 325847) |
| 7 | | Elissa A. Buchanan (SBN 249996) |
| | | Aaron Cera (SBN 351163) |
| 8 | | Alexander Zeng (SBN 360220) |
| 9 | | **JOSEPH SAVERI LAW FIRM, LLP** |
| | | 601 California Street, Suite 1505 |
| 10 | | San Francisco, California 94108 |
| | | Telephone: (415) 500-6800 |
| 11 | | Email: jsaveri@saverilawfirm.com |
| 12 | | Email: czirpoli@saverilawfirm.com |
| | | Email: cyoung@saverilawfirm.com |
| 13 | | Email: afernandez@saverilawfirm.com |
| | | Email: ecreutz@saverilawfirm.com |
| 14 | | Email: hbenon@saverilawfirm.com |
| 15 | | Email: eabuchanan@saverilawfirm.com |
| | | Email: acera@saverilawfirm.com |
| 16 | | Email: azeng@saverilawfirm.com |
| 17 | | Matthew Butterick (SBN 250953) |
| | | 1920 Hillhurst Avenue, #406 |
| 18 | | Los Angeles, CA 90027 |
| | | Telephone: (323) 968-2632 |
| 19 | | Email: mb@butterickslaw.com |
| 20 | | *Counsel for Individual and Representative Plaintiffs and the Proposed Class* |
| 21 | | |
| 22 | Dated: January 13, 2026 | Respectfully submitted, |
| 23 | | By: /s/ Simeon Botwinick |
| 24 | | Simeon Botwinick (admitted *pro hac vice*) |
| 25 | | Latham & Watkins LLP |
| | | 555 Eleventh Street, NW |
| 26 | | Suite 1000 |
| | | Washington, DC 20004 |
| 27 | | Telephone: 202-637-2200 |
| 28 | | Email: simeon.botwinick@lw.com |

```
                                    Brittany N. Lovejoy (SBN 286813)
                                    Andrew M. Gass (SBN 259694)
                                    Michael H. Rubin (SBN 214636)
                                    **LATHAM & WATKINS LLP**
                                    505 Montgomery Street, Suite 2000
                                    San Francisco, California 94111-6538
                                    Telephone: (415) 391-0600
                                    Email: brittany.lovejoy@lw.com
                                    Email: andrew.gass@lw.com
                                    Email: michael.rubin@lw.com
```

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: brittany.lovejoy@lw.com
Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071
Telephone: 213-485-1234
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: January 13, 2026                Respectfully submitted,

                                       By:  */s/ Aditya Vijay Kamdar*

                                       Aditya Vijay Kamdar (SBN 324567)
                                       Brittany Warren (*pro hac vice*)
                                       **MORRISON & FOERSTER LLP**
                                       2100 L Street NW, Suite 900
                                       Washington, DC 20037
                                       Telephone: (202) 887-1500
                                       Email: akamdar@mofo.com
                                       Email: bwarren@mofo.com

                                       Joseph Charles Gratz (SBN 240676)
                                       Tiffany Cheung (SBN 211497)
                                       Timothy Chen Saulsbury (SBN 281434)
                                       **MORRISON & FOERSTER LLP**
                                       425 Market Street
                                       San Francisco, California 94105
                                       Telephone: (415) 268-7000
                                       Email: jgratz@mofo.com
                                       tcheung@mofo.com
                                       tsaulsbury@mofo.com

                                       Christopher R. Adler (SBN 324567)
                                       **MORRISON & FOERSTER LLP**
                                       707 Wilshire Boulevard, Suite 6000
                                       Los Angeles, CA 90017-3543

```
                                        Telephone: (213) 892-5200
                                        Email: cadler@mofo.com

                                        Mark Alan Lemley (SBN 155830)
                                        LEX LUMINA PLLC
                                        745 Fifth Avenue, Suite 500
                                        New York, NY 10151
                                        Telephone: (646) 906-8657
                                        Email: mlemley@lex-lumina.com


                                        Counsel for Defendants Stability AI Ltd. And
                                        Stability AI, Inc.
```

Dated: January 13, 2026                 Respectfully submitted,

                                        By: /s/ Angela Dunning

                                        Angela Dunning (SBN 212047)
                                        Sam Blankenship (SBN 339905)
                                        **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
                                        1841 Page Mill Road, Suite 250
                                        Palo Alto, CA 94304-1248
                                        Telephone: (650) 815-4131
                                        Email: adunning@cgsh.com
                                        sblankenship@cgsh.com

                                        Arminda B. Bepko (pro hac vice)
                                        Charity E. Lee (pro hac vice)
                                        **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
                                        One Liberty Plaza
                                        New York, NY 10006
                                        Telephone: (212) 225-2517
                                        Email: abepko@cgsh.com
                                        charitylee@cgsh.com

                                        *Counsel for Defendant Midjourney, Inc.*

Dated: January 13, 2026                 Respectfully submitted,

                                        By: /s/ Paven Malhotra

                                        Paven Malhotra (SBN 258429)
                                        David J. Silbert (SBN 173128)
                                        Bailey W. Heaps (SBN 295870)
                                        Julia L. Greenberg (SBN 333864)
                                        **KEKER VAN NEST & PETERS LLP**

633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: pmalhotra@keker.com
Email: dsilbert@keker.com
Email: bheaps@keker.com
Email: jgreenberg@keker.com

*Counsel for Defendant Runway AI, Inc*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: January 13, 2026                              */s/ Joseph R. Saveri*
                                                                                 Joseph R. Saveri