[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO (LJC) |
| *Plaintiffs*, | **JOINT STATUS REPORT** |
| v. | Discovery Conference Date: Jan. 22, 2026 |
| STABILITY AI LTD., et al., | Time: 2:30 PM |
| *Defendants*. | Place: via Zoom |
| | Judge: Hon. Lisa J. Cisneros |

JOINT STATUS REPORT

## I.    Introduction

Pursuant to the Court's November 19, 2025 Minute Entry (ECF No. 355), the Parties submit this Joint Status Report addressing the status of fact discovery, including document production, depositions, outstanding disputes, expert retention, and scheduling as the Parties approach the March 13, 2026 fact-discovery cutoff.

## II.    Custodian and Search-Term Status

Negotiations regarding initial custodians and search terms are complete for all Defendants. All Parties have begun production using those parameters and continue to meet and confer regarding later sets of requests for production served by both sides. Those discussions are ongoing and do not presently require Court intervention.

Since the last Joint Status Report, the Court granted Plaintiffs' request that DeviantArt add four additional document custodians. ECF No. 367. That issue is now resolved. As document production continues and Plaintiffs' analysis of produced materials progresses, Plaintiffs anticipate making similar requests for additional custodians from Stability AI, Runway, and/or Midjourney. Plaintiffs will meet and confer with each defendant before seeking Court intervention. Defendants deny additional custodians are necessary or appropriate at this late stage of the litigation.

The Parties reserve all rights to seek modification of custodians and/or search terms if information produced in discovery reveals that further searches are necessary to ensure completeness or proportionality.

## III.    Status of Document Production

Document production remains ongoing. The summaries below describe each Party's current status and next steps.

**Plaintiffs:** As of January 9, 2026, the eight Plaintiffs have collectively produced more than 24,600 documents comprising 180,368 pages.

**Midjourney:** As of January 15, 2026 Midjourney has produced 4,944 documents comprising 79,257 pages in response to Plaintiffs' First Set of Requests for Production. Midjourney has further reported it substantially completed production of relevant training data, which was provided to Plaintiffs via hard drives and access through the Google Cloud platform. The Parties are continuing to meet and

confer on Plaintiffs' Second, Third and Fourth sets of Requests for Production, to which Midjourney intends to continue producing documents on a rolling basis. On December 19, 2025, Midjourney informed Plaintiffs that it has made its source code available for inspection for the models currently at issue.

**DeviantArt:** As of January 12, DeviantArt has produced 1,530 documents comprising 6,145 pages. DeviantArt reports that it has substantially completed productions in response to Plaintiffs' First and Second Set of Requests for Production for its initial set of custodians.  Pursuant to the December 12 Discovery Order (Dkt. 367), DeviantArt is currently reviewing documents from four new custodians, and is producing documents responsive to other requests on a rolling basis. DeviantArt does not possess relevant LAION training data.

**Runway:** As of January 13, Runway has produced 22,984 documents comprising 167,486 pages and represents that it has substantially completed document discovery as of October 3, 2025. Runway also produced more than 60 terabytes of LAION-5B data via hard drives, representing what Runway identifies as the LAION-5B data within its possession, custody, or control.  Runway has offered access to LAION-5B data via AWS. Runway has made source code available for inspection for all models currently at issue.

**Stability AI:** As of January 9, Stability AI has produced 4,512 documents comprising 20,282 pages. Stability AI and Plaintiffs have reached agreement regarding the format for Stability's training data production. The Parties continue to meet and confer regarding organizational information about that production.

Defendants anticipate serving additional written discovery requests, including to address deficiencies in Plaintiffs' productions and in connection with information learned through discovery thus far.

## IV.  **Privilege Logs**

The Parties have exchanged, or are in the process of exchanging, privilege logs for documents withheld to date. Rolling productions and supplemental productions continue consistent with the Court's schedule.

## V.     <u>Depositions</u>

On December 17, 2025, and again on January 7, 2026, Defendants requested dates when individual Plaintiffs are available for depositions in late January and February 2026. Plaintiffs are coordinating availability across eight individuals in multiple time zones and will provide dates promptly. Once Plaintiffs provide dates when they are available to sit for depositions, Defendants will serve 30(b)(1) deposition notices to Plaintiffs. Defendants may also serve non-party deposition subpoenas.

Plaintiffs served Rule 30(b)(6) notices on November 14, 2025. On January 9, 2026, Plaintiffs requested availability for depositions of three DeviantArt witnesses. Plaintiffs intend to serve Rule 30(b)(1) notices and non-party subpoenas. Defendants DeviantArt and Runway have served objections to Plaintiffs' Rule 30(b)(6) Notices; Defendants Stability AI and Midjourney intend to serve objections.

## VI.     <u>Outstanding Discovery Issues and Potential Disputes</u>

### *Plaintiffs' Position*

The Parties are actively meeting and conferring on the following discovery issues:

- <u>Runway Productions</u>: Plaintiffs have served Requests for Production on Runway and are addressing the sufficiency of Runway's responses.

- <u>Stability AI Training Data</u>: Stability AI produced approximately 100TB of training data via Amazon Web Services S3 access, containing over 260,000 objects with no manifest or organizational schema. During a December 2, 2025 meet and confer, Stability AI confirmed this reflects how it maintains the data in the ordinary course, yet declined to provide the roadmap it uses to navigate that data or any documentation explaining how the files relate to specific models, datasets, or training processes. Stability AI contends such information requires new discovery. Plaintiffs disagree; this information falls within existing requests.

- <u>Custodian Identifications</u>: The Parties are addressing custodian identifications for Defendants.

Plaintiffs are reviewing Defendants' document productions for completeness and may raise additional deficiencies through the meet and confer process.

Plaintiffs dispute Defendants' characterizations of the meet-and-confer process. Plaintiffs are managing discovery across four defendants involving novel technological issues, have timely responded

to Defendants' communications, and have engaged in good faith throughout.

### Defendants' Positions

**All Defendants:** Defendants are working to address deficiencies in Plaintiffs' productions and discovery responses, will continue to meet and confer with Plaintiffs regarding the same, and will raise any remaining disputes with the Court as necessary.

**Runway**: While Runway has diligently pursued, responded to, and met and conferred regarding discovery requests, Plaintiffs have repeatedly delayed and obstructed those conferrals. As a few examples:

**First**, Plaintiffs have significantly delayed substantively meeting and conferring on **their own discovery requests.** Plaintiffs served their second set of requests for production on August 26, 2025, and Runway timely served objections and responses on September 25. Plaintiffs then served their third set of requests for production on October 3, 2025, and Runway timely served objections and responses on November 3. Plaintiffs waited until December 1, 2025, to meet and confer on these requests. Although Runway's counsel met via Zoom with Plaintiffs' counsel on December 1 and 11 on the requests, Plaintiffs' counsel refused to substantively discuss the requests in both meetings. Runway's counsel has been prepared to substantively meet and confer on the requests, and set aside an hour each time to do so. Runway has not heard from Plaintiffs about conferring on their requests since December 12, 2025. As Runway has repeatedly explained to Plaintiffs in teleconference and via email, Runway remains available to meet and confer on the substance of Plaintiffs' requests.

**Second**, Plaintiffs have not responded to Runway's requests to meet and confer regarding Runway's discovery requests. Runway most recently sought to confer on these requests on January 7, 2026, but Plaintiffs have not responded.

**Third**, Plaintiffs have not responded to multiple requests for Plaintiffs' availability for depositions. Runway has sought Plaintiffs' availability consistent with the deposition protocol in this matter.

**Finally**, Plaintiffs have repeatedly changed their positions in discovery, making it difficult for Runway to rely on Plaintiffs' counsel representations. For example, Plaintiffs repeatedly delayed resolution of—and then ultimately changed their positions at the last minute in—a dispute regarding

Runway's requests for production of materials from the *In re Google* litigation, which were served in August 2025. A joint letter brief regarding that dispute is now pending with the Court. *See* ECF Nos. 372, 372-1, and 372-2.

*Stability AI*: Stability AI produced its training data via AWS S3 in the format in which it is maintained in the ordinary course and continues to believe that this production satisfied its discovery obligations. Stability AI disputes Plaintiffs' contention that requests for a "roadmap" of the data or documentation explaining how files relate to particular models, datasets, or training processes fall within the scope of existing discovery requests.

*DeviantArt*: On December 30, 2025, DeviantArt sent a letter to Plaintiffs raising certain deficiencies and requests for more information regarding Plaintiffs' Responses to DeviantArt's First Set of Requests for Production of Documents. DeviantArt will continue to attempt to engage with Plaintiffs to resolve these issues without Court intervention.

*Midjourney*: There are currently two discovery disputes pending before Judge Cisneros: (1) Midjourney is seeking amended responses by Plaintiffs to Midjourney's Interrogatory Nos. 1-4, and (2) Plaintiffs are seeking amended responses by Midjourney to Plaintiffs' Interrogatory No. 3. Joint Discovery Letters concerning both disputes were filed on December 18, 2025.

## VII.    Upcoming Fact Discovery and Scheduling

Upcoming deadlines under the current discovery schedule are summarized below:

| Event | Deadline |
|---|---|
| Deadline to notice any deposition(s) and subpoena(s) | February 13, 2026 |
| Close of Fact Discovery | March 13, 2026 |

## VIII.    Expert Search and Schedule

### Plaintiffs' Position

Plaintiffs continue efforts to retain a qualified testifying machine-learning expert. Judge Orrick's August 29, 2025 Order (ECF No. 337) restricted expert access to highly confidential materials, resulting in the loss of Plaintiffs' prior expert. The Order acknowledged this circumstance could warrant a future schedule adjustment. *See id.* at 2. Plaintiffs intend to seek such an adjustment based on the expert-

retention difficulty, the proposed Third Amended Complaint, and the pace of discovery necessary to investigate the technologically complex issues in this case.

### Defendants' Position

Plaintiffs have expressed an intention to seek a modification of the case schedule, which is improper, untimely, and unnecessary. On January 12, 2026, Plaintiffs disclosed to the Defendants their intent to seek an extension of the current schedule by four months, and on January 13, 2026, sent a proposed schedule to the Defendants in writing. Defendants do not believe that any extension of the case schedule is necessary at this time. Defendants have acted diligently to move discovery forward, consistent with the Court's Orders. Any inadequate "pace of discovery" that Plaintiffs claim is due to Plaintiffs' delay alone. However, Defendants are reviewing and considering Plaintiffs' proposal. Defendants reserve the right to oppose modification of the case schedule if the Parties are unable to reach an agreement.

## IX.    Next Steps

The Parties have identified the following near-term priorities to keep discovery on track:

- Complete rolling document productions and exchange any related privilege logs;
- Continue meeting and conferring regarding outstanding discovery requests and related production issues;
- Coordinate deposition scheduling and related logistics; and
- Continue Plaintiffs' efforts to secure a qualified testifying machine-learning expert.

## X.    Conclusion

Fact discovery is currently set to close March 13, 2026. Plaintiffs intend to seek a modification of the case schedule. Defendants do not believe that any extension of the case schedule is necessary at this time and remain committed to the March 2026 fact-discovery cutoff. The Parties have exchanged substantial written discovery and produced significant volumes of documents and data. Depositions have not yet commenced. Both sides have requested deposition availability and are coordinating scheduling. The Parties will continue meet-and-confer efforts consistent with this Court's Standing Order and will present unresolved disputes through the joint letter process if necessary.

Dated: January 15, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@butericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Dated: January 15, 2026

Respectfully submitted,

By: */s/ Simeon Botwinick*

Simeon Botwinick (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Telephone: (202) 637-2200
Email: simeon.botwinick@lw.com

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Email: brittany.lovejoy@lw.com
Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: January 15, 2026                    Respectfully submitted,

By:  */s/ Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657

Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And
Stability AI, Inc.*

Dated: January 15, 2026                Respectfully submitted,

                                       By:  */s/ Angela Dunning*

                                       Angela Dunning (SBN 212047)
                                       Sam Blankenship (SBN 339905)
                                       **CLEARY GOTTLIEB STEEN & HAMILTON
                                       LLP**
                                       1841 Page Mill Road, Suite 250
                                       Palo Alto, CA 94304-1248
                                       Telephone: (650) 815-4131
                                       Email: adunning@cgsh.com
                                       Email: sblankenship@cgsh.com

                                       Arminda B. Bepko (pro hac vice)
                                       Charity E. Lee (pro hac vice)
                                       **CLEARY GOTTLIEB STEEN & HAMILTON
                                       LLP**
                                       One Liberty Plaza
                                       New York, NY 10006
                                       Telephone: (212) 225-2517
                                       Email: abepko@cgsh.com
                                       Email: charitylee@cgsh.com

                                       *Counsel for Defendant Midjourney, Inc.*

Dated: January 15, 2026

Respectfully submitted,

By: _/s/ Paven Malhotra_

Paven Malhotra (SBN 258429)
David J. Silbert (SBN 173128)
Bailey W. Heaps (SBN 295870)
Julia L. Greenberg (SBN 333864)
Luke P. Apfeld (SBN 327029)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: pmalhotra@keker.com
Email: dsilbert@keker.com
Email: bheaps@keker.com
Email: jgreenberg@keker.com
Email: lapfeld@keker.com

_Counsel for Defendant Runway AI, Inc_

1

### ATTESTATION PURSUANT TO CIVIL L.R. 5-1

2

The filer attests that the other signatories listed, on whose behalf the filing is also submitted,

3

are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

4

5

Dated: January 15, 2026                                    */s/ Joseph R. Saveri*

6                                                                      Joseph R. Saveri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28