LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Simeon Botwinick (pro hac vice)
 simeon.botwinick@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Telephone: (202) 637-2200

*Attorneys for Defendant DeviantArt, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>vs.<br><br>STABILITY AI LTD., et al.,<br><br>Defendants. | CASE NO. 3:23-cv-00201-WHO (LJC)<br><br>**DECLARATION OF SIMEON BOTWINICK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge:   The Honorable Lisa J. Cisneros |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF BOTWINICK ISO ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-00201-WHO (LJC)

I, Simeon Botwinick, the undersigned, declare as follows:

1. I am an associate at Latham & Watkins LLP and counsel of record for Defendant DeviantArt, Inc. ("DeviantArt") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) and (f) in connection with Plaintiffs' January 12, 2026, Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 375) (the "Administrative Motion").

3. In connection with the Administrative Motion, Plaintiffs submitted certain documents and materials that contain information designated by DeviantArt as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the Stipulated Protective Order in this action (Dkt. No. 276).

4. The information DeviantArt seeks to keep sealed is confidential, strategic, and commercially and competitively sensitive information, including an interrogatory response detailing non-public information regarding the technical development of an internal DeviantArt tool. Revealing this sensitive information would put DeviantArt at a competitive disadvantage (for instance, vis-à-vis digital art platform competitors) as well as a commercial disadvantage (for instance, in potential negotiations with business partners such as digital image technology companies). In the regular course of conducting its business, DeviantArt takes extensive measures to protect the confidentiality of its competitively and commercially sensitive data and information.

5. DeviantArt's sealing request is narrowly tailored. DeviantArt seeks only to seal limited portions of the Plaintiffs' Motion For Leave to File Third Amended Complaint ("Motion for Leave") and the supporting Declaration of Evan Creutz that reveal confidential information that could cause DeviantArt competitive or commercial harm. *See, e.g., Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2167400, at *2, 4 (N.D. Cal. Feb. 21, 2023) (compelling reason to seal where the material contains competitively harmful information, and accordingly sealing portions of the Memorandum of Law in Support of PGA Tour, Inc.'s Motion for Leave to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DECL. OF BOTWINICK ISO ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-00201-WHO (LJC)

Amend Counterclaim). DeviantArt also seeks to have its Responses & Objections to Plaintiffs' Second Set of Interrogatories sealed in its entirety since the one interrogatory response included contains the confidential business information described in the Motion for Leave and Declaration of Evan Creutz. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2024 WL 40185, at *2 (N.D. Cal. Jan. 3, 2024) (sealing portions of Responses and Objections to Interrogatories that contain "descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of [the party's] products").

6. The following table identifies the confidential portions of the January 12 filing and describes the basis for sealing them.

| Referenced Document | Designating Party | Basis for Sealing |
|---|---|---|
| Plaintiffs' Motion For Leave To File Third Amended Complaint, highlighted portions at: Page 3 lines 17-18, 22 and Page 10 lines 19, 22-23. | DeviantArt | The referenced document contains highly confidential information specifying the technical architecture of the DreamUp product and numerical data regarding its development. |
| Declaration Of Evan Creutz In Support Of Plaintiffs' Motion For Leave To File Third Amended Complaint, highlighted portions at paragraphs 12 and 13. | DeviantArt | The referenced document contains highly confidential information specifying the technical architecture of the DreamUp product and numerical data regarding its development. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECL. OF BOTWINICK ISO ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-00201-WHO (LJC)

| Exhibit 3: DeviantArt's Responses & Objections to Plaintiffs' Second Set of Interrogatories with Verification in its entirety. | DeviantArt | The referenced document contains highly confidential information specifying the technical architecture of the DreamUp product. |

7. In determining whether to permit materials attached to a Motion for Leave to File an Amended Complaint to be filed under seal, courts have applied both the "good cause" and "compelling reasons" standards. *See Jones*, 2023 WL 2167400, at *1 (discussing split approaches in N.D. Cal.). "The 'good cause' standard requires a 'particularized' showing that 'specific prejudice or harm will result if the information is disclosed.'" *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 796259, at *1 (N.D. Cal. Mar. 2, 2021) (quoting *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-CV-02520-LHK, 2019 WL 6612012, at *1 (N.D. Cal. Dec. 5, 2019)). "Compelling reasons" for sealing "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)), or where the materials are "sources of business information that might harm a litigant's competitive standing," *Jones*, 2023 WL 2167400, at *2 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

8. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-CV-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper when the moving party: (i) complies with Civil Local Rule 79-5; and (ii) rebuts the applicable presumption in favor of access. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (citing *Kamakana*, 447 F.3d at 1178). In

determining whether compelling reasons exist to rebut the presumption in favor of access, courts should factor "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

9. There exists both good cause and compelling reasons to seal the identified material, which references confidential, nonpublic information maintained by DeviantArt. Disclosure of the information in these materials would cause DeviantArt substantial harm by providing third parties access to proprietary and commercially and competitively sensitive information. Courts in the Ninth Circuit routinely grant motions to seal confidential business information. *See, e.g.*, *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326-HSG, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *3D Sys., Inc. v. Wynne*, No. 21-cv-1141-AGS-DDL, Dkt. 456 (S.D. Cal. Mar. 14, 2024) (finding compelling reasons to seal internal emails with confidential business information where disclosure could "become a vehicle for improper purposes"); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to . . . commercial information").

10. Such harm cannot be avoided by less restrictive means than the narrowly tailored sealing of these documents, as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2026, at Washington, D.C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECL. OF BOTWINICK ISO ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-00201-WHO (LJC)

| | | |
|---|---|---|
| 1 | Dated: January 20, 2026 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By: /s/ Simeon Botwinick |

Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
Sarah F. Mitchell (SBN 308467)
 Sarah.mitchell@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

Simeon Botwinick (pro hac vice)
 simeon.botwinick@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Telephone: (202) 637-2200

*Attorneys for Defendant DeviantArt, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECL. OF BOTWINICK ISO ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-00201-WHO (LJC)