1  LATHAM & WATKINS LLP
   Andrew M. Gass (SBN 259694)
2   *andrew.gass@lw.com*
   Michael H. Rubin (SBN 214636)
3   *michael.rubin@lw.com*
   Brittany N. Lovejoy (SBN 286813)
4   *brittany.lovejoy@lw.com*
   505 Montgomery Street, Suite 2000
5  San Francisco, California 94111-6538
   Telephone: 415.391.0600
6
   Sarah F. Mitchell (SBN 308467)
7   *sarah.mitchell@lw.com*
   355 South Grand Avenue, Suite 100
8  Los Angeles, CA 90071
   Telephone: 213.485.1234
9
   Simeon Botwinick (pro hac vice)
10  *simeon.botwinick@lw.com*
   555 Eleventh Street, NW, Suite 1000
11 Washington, D.C. 20004
   Telephone: 202.637.2200
12

13 *Attorneys for Defendant DeviantArt, Inc.*

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16                       **SAN FRANCISCO DIVISION**

17

18
   SARAH ANDERSEN, et al.,                    CASE NO. 3:23-cv-00201-WHO (LJC)
19
           Individual and Representative Plaintiffs,   **DECLARATION OF SIMEON**
20                                                     **BOTWINICK IN SUPPORT OF**
                                                       **DEFENDANTS' OPPOSITION TO**
21         vs.                                         **PLAINTIFFS' MOTION TO MODIFY**
                                                       **CASE SCHEDULE**
   STABILITY AI LTD., et al.,
22
           Defendants.                                 Judge:   The Honorable William H. Orrick
23

24

25

26

27

28

I, Simeon Botwinick, the undersigned, declare as follows:

1.      I am an attorney at Latham & Watkins LLP and counsel of record for Defendant DeviantArt, Inc. ("DeviantArt") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.      I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Modify Case Schedule.

3.      On January 7, 2026, Plaintiffs sent Defendants a draft case management statement. Plaintiffs expressed their intent to seek a schedule extension in this draft, without providing details about what the extension would be. Defendants were first alerted to Plaintiffs' intent to seek an extension at this time.

4.      On January 13, 2026, in response to Defendants' request for more information, Plaintiffs proposed a blanket four-month extension to all deadlines and demanded a next-day response, threatening to seek judicial relief otherwise.

5.      Defendants asked for time to consider and offered a compromise proposal on January 19, 2026. This proposal extended the deadline for fact discovery by one month, and expert-related deadlines by two months.

6.      On Friday, January 23, 2026, Plaintiffs rejected Defendants' offer with no further explanation via email sent at 5:33 PM PT and immediately filed their Motion to Modify Case Schedule.

7.      Plaintiffs' First Set of Requests for Production, served on November 12, 2024, contained 19 requests for documents and communications related to DeviantArt's supposed role in training Stable Diffusion and curating the LAION datasets, despite Plaintiffs' earlier admission that DeviantArt "played no role in the scraping or training." *See* Dkt. 223 at 31 (Order filed August 12, 2024).

8.      Plaintiffs' First Set of Requests for Admission, served on July 31, 2025, contained 131 requests concerning the contents of the data set used to train Stable Diffusion, despite Plaintiffs' earlier admission.

DECL. OF S. BOTWINICK ISO DEF. OPP.
CASE NO. 3:23-cv-00201-WHO (LJC)

9.      Plaintiffs' Second Set of Requests for Production, served on July 28, 2025, contained more than 60 requests nearly identical to requests in Plaintiffs' Second Set of Requests for Production served upon Defendant Stability AI, despite Plaintiffs' earlier admission.

10.      Defendants asked for Plaintiffs' availability to take depositions on December 17, 2025. Defendants followed up on this request on January 6, 2026.  As of January 29, 2026, Plaintiffs have still not provided Defendants with Plaintiffs' availability for depositions.

11.      On an email chain between my colleague and Plaintiffs, of which I received a copy, my colleague sent an email to Plaintiffs offering to do a file transfer of an image data set responsive to Plaintiffs' first requests for production on April 15, 2025. Plaintiffs said they instead wanted the data set transferred via hard drive, but did not send a hard drive until May 14, 2025. DeviantArt promptly loaded the files onto the hard drive and sent it back to Plaintiffs' counsel on May 16, 2025.

12.      On an email chain between my colleague and Plaintiffs, of which I received a copy, my colleague proactively sent Plaintiffs a proposed set of search strings for Plaintiffs' First Set of Requests for Production, served on November 12, 2024, on May 27, 2025. Negotiations did not resume until June 25, 2025, when Plaintiffs responded to DeviantArt's proposed terms.

13.      DeviantArt produced documents responsive to Plaintiffs' First and Second Sets of Requests for Production on October 3, 2025, comprising 428 documents and 2,245 pages.

14.      DeviantArt responded to Plaintiffs' Fourth Set of Requests for Production on November 17, 2025. Plaintiffs reached out to discuss DeviantArt's responses on January 16, 2026.

15.      DeviantArt served its Responses and Objections to Plaintiffs' Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) on January 12, 2026, and asked to meet and confer. As of January 29, 2026, Plaintiffs have not yet responded.

DECL. OF S. BOTWINICK ISO DEF. OPP.
CASE NO. 3:23-cv-00201-WHO (LJC)

16.     As of January 29, 2026, Plaintiffs have not served deposition notices or expressed an intent to depose any specific DeviantArt witnesses beyond three that Plaintiffs and DeviantArt have already discussed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2026, in Silver Spring, Maryland.

Simeon Botwinick