KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
PAUL H. von AUTENRIED - # 335917
pvonautenried@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KARLA ORTIZ, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO (LJC)<br><br>**DECLARATION OF JULIA L. GREENBERG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE**<br><br>Dept.:    2; 17th Floor<br>Judge:   Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date: April 5, 2027 |

I, Julia L. Greenberg, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and an associate with the law firm Keker, Van Nest & Peters LLP, counsel for Defendant Runway AI, Inc. ("Runway") in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

2. I submit this declaration in support of Defendants' Response to Plaintiffs Motion to Modify the Case Schedule.

3. Runway has been diligent in this action. It substantially completed document production for outstanding discovery requests (subject to Runway's responses and objections) that had been served at least 30 days prior to the substantial completion deadline of October 3, 2025. By that date, Runway had produced more than 60 terabytes of data–including millions of images–as well as nearly 20,000 documents collected from six custodians.

**Runway's Document Productions**

4. **Documents:** As of today, Runway has produced 22,984 documents comprising 167,486 pages, including materials from six custodians ranging from senior leadership (*e.g.*, CEO, CTO) to lower-level personnel. As part of the process of collecting documents, the parties negotiated custodians and search terms in the summer of 2025. Plaintiffs agreed to a set of search terms for Runway's custodial data in July 2025. Since then, Plaintiffs have never requested different or additional search terms from Runway.

5. **Training Data:** Runway produced more than 60 terabytes of LAION-5B data via hard drives on July 11 and 18, 2025. It has also repeatedly offered Plaintiffs access to this data through Amazon Web Services (AWS).

6. **Source Code:** Runway has made source code available for inspection. Runway first made source code available on August 7, 2025. In the nearly six months since, Plaintiffs have not sought to inspect Runway's source code.

7. Prior to filing the at-issue Motion, Plaintiffs never raised any concerns regarding Runway's document production. They did so for the first time in the at-issue Motion.

///

1

DECLARATION OF JULIA L. GREENBERG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO MODIFY CASE SCHEDULE
Case No. 3:23-cv-00201-WHO (LJC)

4101782

**Plaintiffs' Second and Third Sets of Requests for Production**

8. Plaintiffs served two additional sets of requests for production around the substantial completion of production deadline. Plaintiffs served their second set of requests for production on August 26, 2025, and Runway timely served objections and responses on September 25, 2025. Plaintiffs then served their third set of requests for production on October 3, 2025, and Runway timely served objections and responses on November 3, 2025.

9. Plaintiffs waited until December 1, 2025, to meet and confer on these requests. Although my colleague and I met via Zoom with Plaintiffs' counsel on December 1 and 11 on the requests, Plaintiffs' counsel refused to substantively discuss the requests in both meetings. Instead, Plaintiffs' counsel claimed–without supporting authority–that Runway's responses and objections to these requests were deficient. In both conferences and multiple times via email, Runway explained why its responses and objections were not deficient, and expressed a willingness to move forward on Plaintiffs' own requests.

10. Despite these repeated offers to meet and confer on Plaintiffs' second and third sets of requests, Plaintiffs' counsel only reached out to Runway to discuss the requests after the Court ordered the parties to do so in January 2026. *See* Dkt. 392.

11. On January 26, 2026, two colleagues and I met with Plaintiffs' counsel via Zoom to confer about Plaintiffs' second and third set of requests for production, pursuant to the Court's order. Plaintiffs' counsel reiterated their position that Runway's responses were broadly deficient without citing any authority. Plaintiffs' counsel otherwise failed to meaningfully or substantively engage with my colleagues and I regarding the discovery requests. For example, when I asked for clarification on what kind of documents Plaintiffs were seeking for certain requests beyond what Runway had already produced, Plaintiffs' counsel refused to provide specific information. Plaintiffs' counsel also declined to provide their positions on any of Runway's specific responses and objections.

//

//

//

**Runway's Discovery Requests**

12. Plaintiffs have also repeatedly failed to respond to Runway's requests to meet and confer regarding Runway's discovery requests.

13. Plaintiffs repeatedly delayed resolution on certain requests for production in Runway's second set, which were served in August 2025. In particular, Plaintiffs failed to respond for nearly a month to Runway's email memorializing an initial meet-and-confer in which Plaintiffs agreed to many of Runway's requests. After a second meet-and-confer that confirmed Plaintiffs' prior positions–indeed, Plaintiffs agreed to produce documents for additional requests– Runway again memorialized the conversation by email. On December 10, 2025, Plaintiffs confirmed all such agreements by email. But ***the very next day***, Plaintiffs retracted the commitments they made in the prior months, prompting the need for Runway to move to compel, *see* Dkt. 372 (which the Court granted in part on January 28, *see* Dkt. 403). Had Plaintiffs articulated their position earlier, Runway could have presented these issues for the Court's consideration months ago. Plaintiffs have not offered any justification for their delay.

14. Runway sought to confer on Plaintiffs' responses to Runway's interrogatories on January 7, 2026, but Plaintiffs have not yet responded.

**Depositions**

15. Similarly, Plaintiffs have not provided their availability for depositions, despite Defendants' multiple requests consistent with the deposition protocol in this matter. *See* Dkt. 274, ¶¶ 18, 26. Specifically, on December 17, 2025, and again on January 7, 2026, Defendants requested dates and locations for depositions of individual Plaintiffs. Although fact discovery is currently set to close in less than two months, Plaintiffs continue to withhold dates of availability for their depositions.

16. In addition, Plaintiffs have not yet served Federal Rule of Civil Procedure ("Rule") 30(b)(1) notices for party-affiliated witnesses in this action.

17. Plaintiffs served their Rule 30(b)(6) Notice to Runway on November 14, 2025, in compliance with this Court's scheduling order. Runway timely served its responses and objections to Plaintiffs' Rule 30(b)(6) Notice to Runway on January 12, 2026. To date, Plaintiffs

3

DECLARATION OF JULIA L. GREENBERG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO MODIFY CASE SCHEDULE
Case No. 3:23-cv-00201-WHO (LJC)

4101782

1   have not sought to meet and confer with Runway or schedule a deposition regarding their Rule
2   30(b)(6) Notice.

**Additional Custodians**

18. Plaintiffs first indicated that they intended to seek additional custodians from Runway while exchanging drafts of the Joint Status Report (Dkt. 381) on January 9, 2026.

19. Plaintiffs first identified the additional custodians they were seeking from Runway on January 16, 2026.

20. On January 21, 2026, Runway responded to Plaintiffs' January 16 email, stating that Runway was considering the request and needed further time to investigate it.

**Meet-and-Confer Efforts**

21. Plaintiffs first expressed their intention to seek modification of the case schedule on January 7, 2026, while exchanging drafts of the joint Case Management Statement, filed on January 13, 2026.  *See* Dkt. 379 at 7.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 29, 2026, in San Francisco, California.

/s/ Julia L. Greenberg
Julia L. Greenberg

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the signatory, on whose behalf the filing is being submitted, is a registered CM/ECF filer and concurs in the filing's content and has authorized the filing.

Dated: January 29, 2026         /s/ *Brittany N. Lovejoy*
                                Brittany N. Lovejoy