CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Sam Blankenship (339905)
sblankenship@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Arminda B. Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Charity E. Lee (admitted *pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-00201-WHO-LJC <br><br> **DECLARATION OF ANGELA L. DUNNING IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE** |

**DECLARATION OF ANGELA L. DUNNING**
**CASE NO. 3:23-CV-00201-WHO-LJC**

I, Angela L. Dunning, declare:

1. I am a partner with the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel for Defendant Midjourney, Inc. ("Midjourney") in this matter. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Modify Case Schedule. I declare that the following is true to the best of my knowledge, information, and belief.

2. To date, Midjourney has produced 4,945 documents comprising over 79,000 pages and made available approximately 158 TB of training data for Plaintiffs' review. Midjourney first made the training data available via a Google drive on August 11, 2025, yet Plaintiffs never sought to access it. Instead, they insisted that Midjourney load that voluminous data to hard drives, significantly delaying the process and adding unnecessary burden and expense. Midjourney also made its source code available on December 19, 2025, which Plaintiffs have yet to review.

3. On November 3, 2025, Midjourney served responses and objections to Plaintiffs' Fourth Set of Requests for Production, but Plaintiffs are only now attempting to schedule a meet and confer.

4. To date, Midjourney has produced approximately 11,873 pages of Discord, Slack, and WhatsApp chats. Midjourney has explained to Plaintiffs that Midjourney employees primarily communicate through Discord for day-to-day, work-related matters, rather than by email.

5. On August 4, 2025, Plaintiffs served their Second Set of Interrogatories to Defendant Midjourney, Inc (Nos. 6-8). Interrogatory No. 6 asked Midjourney to "[d]escribe each auxiliary machine-learning model, including CLIP models, that has been used as part of the development, testing, or operation of the AI Image Model(s). For each auxiliary model, specify the name, version number, origin of the model, and a description of any training, fine-tuning, or other customizations or adjustments You have made to that auxiliary model." On September 3, 2025, Midjourney served responses and objections to this Interrogatory, requesting to meet and confer regarding the meaning of the undefine term "auxiliary machine-learning model."

6. Plaintiffs did not meet and confer on Interrogatory No. 6 until October 22, 2025. During the call, Midjourney asked Plaintiffs what they meant by the undefined term "auxiliary machine-learning models," and Plaintiffs identified only CLIP models.

7. In an email on November 6, 2025, Plaintiffs asked Midjourney for information regarding its style reference feature, which Midjourney has described publicly and which is referenced in the Third Amended Complaint. *See* https://docs.midjourney.com/hc/en-us/articles/32180011136653-Style-Reference; ECF No. 376-2 ¶ 188.

8. During a meet and confer on November 25, 2025, Plaintiffs requested that Midjourney also include in its supplemental response to Interrogatory No. 6 a description of ten additional purported auxiliary machine-learning models. Midjourney promptly investigated and, on December 9, 2025, asked Plaintiffs to once again clarify the definition of "auxiliary machine-learning models," since some of the purported auxiliary models Plaintiffs identified on November 25 are not models at all.

9. Midjourney has worked diligently to understand Plaintiffs' expanding definition of "auxiliary machine-learning models" so that it can ensure it is providing an appropriate response to Plaintiffs' discovery. Midjourney's document production and any supplemental interrogatory responses related to these matters will be complete well before the current close of discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of January, 2026 at San Francisco, California.

*/s/ Angela L. Dunning*
Angela L. Dunning

Attorney for Defendant,
MIDJOURNEY, INC.

DECLARATION OF ANGELA L. DUNNING
CASE NO. 3:23-CV-00201-WHO-LJC
2

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the signatory, on whose behalf the filing is being submitted, is a registered CM/ECF filer and concurs in the filing's content and has authorized the filing.

Dated: January 29, 2026         */s/ Brittany N. Lovejoy*
                                Brittany N. Lovejoy