UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., et al.,<br><br>Defendants. | Case No. 23-cv-00201-WHO (LJC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTE AT ECF NO. 369** |

Pending before the Court is a discovery brief filed by Plaintiffs Sarah Andersen, Gerald Brom, Julia Kaye, Karla Ortiz, and Grzegorz Rutkowski and Defendant Midjourney regarding the sufficiency of Plaintiffs' responses to four interrogatories. ECF No. 369. The close of fact discovery is set for June 1, 2026, and the parties' deadline to serve all deposition notices and subpoenas is May 11, 2026. ECF No. 409. The Court assumes the parties' familiarity with the overall factual and procedural history of the case.

Having considered the parties' arguments, the relevant legal authority, and the record in the case, Midjourney's request that Plaintiffs supplement their responses to the four interrogatories is DENIED in part and GRANTED in part. No further responses to Interrogatory No. 2 is required. Plaintiffs shall "continue to supplement" their responses to Interrogatory Nos. 1 and 3, and, within one week of the issuance of this Order, Plaintiffs and Midjourney shall meet and confer to agree on a timeline for Plaintiffs' supplemental responses. ECF No. 369 at 6. If Plaintiffs have not already done so, they are ordered to produce the specific financial and marketing documents described in their discussion of Interrogatory No. 4 within ten days of this Order being issued, and shall amend their responses to this Interrogatory accordingly.

The Court's reasoning, addressing the Interrogatories in the order discussed in the parties'

joint letter, is as follows:

**I.     INTERROGATORY NO. 2**

Interrogatory No. 2 asks Plaintiffs to:

> IDENTIFY and DESCRIBE in detail YOUR alleged trade dress, including all concrete elements comprising YOUR trade dress, when YOU allegedly first began using each such element in YOUR work, whether YOU claim to have originated each such element, whether YOU claim exclusive rights to use each such element of YOUR trade dress (alone or in combination with other elements), and each of YOUR ASSERTED WORKS that YOU contend embodies the individual elements or combination of elements that YOU contend constitute YOUR protected trade dress.

ECF No. 369-2 at 9. Plaintiffs objected and provided initial and supplemental responses describing the elements that comprise their trade dress. *See id.* at 10-18. Plaintiffs' supplemental responses list the distinctive elements of their artwork. For example, Plaintiff Sarah Andersen described the "visual elements that define her *Sarah's Scribbles* comic works and make them immediately recognizable to consumers as originating from her" as including a female protagonist "characterized by exaggerated facial expressions, large eyes, a black, spikey bob haircut, and often a striped shirt," a black-and-white line drawing style with simple or blank backgrounds, handwritten dialogue or narration, and "self-deprecating humor, introspection, and relatable everyday themes." *Id.* at 10. Plaintiff Grzegorz Rutkowski describes his trade dress as being comprised of visual elements including (among other things), "[d]igital oil-painting technique" emulating "the layered texture and brushwork of traditional academic oil painting," "rich, muted color palettes dominated by earth tones," "pronounced contrasts between light and shadow," and fantasy and mythological themes with "[d]etailed costume and environmental design." *Id.* at 17. Plaintiffs also cite to the Second Amended Complaint's exhibits for examples of representative works from each Plaintiff. *Id.* at 10-18.

"A product's 'trade dress' is its total image and overall appearance; it includes "features such as size, shape, color, color combinations, texture, or graphics." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1045 (9th Cir. 1998) (quoting *Vision Sports, Inc. v. Melville Corp.,* 888 F.2d 609, 613 (9th Cir. 1989). "Because trade dress claims involve intensely factual issues, courts in this circuit have required trade dress plaintiffs, at the very least, to provide

adequate notice by including in their complaint a complete recitation of the concrete elements of [their] alleged trade dress." *YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 767 (N.D. Cal. 2021) (internal quotations omitted). However, a "a trade dress claim need not include all features visible on a product" and may omit "several notable features" yet still describe the trade dress "with sufficient particularity." *Benefit Cosms. LLC v. E.L.F. Cosms., Inc.*, No. 23-cv-00861, 2023 WL 4409104, at *4 (N.D. Cal. July 7, 2023); *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769, 2015 WL 12731929, at *4 (C.D. Cal. May 8, 2015). "[T]he trade dress of works that are decorative or artistic may be harder to capture in words, and may need descriptions more broadly framed, or may need drawings; but the party seeking protection must nonetheless be able to point to the elements and features that distinguish its trade dress." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001).

Midjourney argues that Plaintiffs' responses are imprecise and insufficiently detailed, and seek a court order directing Plaintiffs to provide "a list of all specific, identifiable elements that Plaintiffs contend comprise their trade dress and must be present to infringe it, and a complete list of their works in Exhibits A (or otherwise) that they claim features that trade dress." ECF No. 369 at 3.

Their request is denied. Without prejudice to arguments Midjourney may make at summary judgment,[1] the undersigned determines that Plaintiffs' amended and supplemental responses to Interrogatory No. 2, which describe the Plaintiffs' "distinctive" artistic styles in reasonable detail while citing to illustrative examples in the SAC, are sufficient to satisfy their obligations under Rule 33. ECF No. 369-2 at 10. As the undersigned explained in denying Plaintiffs' request that Midjourney be ordered to supplement an interrogatory response, although Plaintiffs' "responses might lack the additional details that Defendants would prefer," this does not mean that the "the responses … violate Rule 33, which simply directs that each interrogatory be answered 'fully.'" *Tapia v. Huntington Park Police Dep't*, No. CV-09-07624, 2010 WL

---

[1] Plaintiffs' trade dress claims have survived Defendants' motion to dismiss. *See* ECF No. 223 (Order Granting in Part and Denying in Part Motion to Dismiss First Amended Compl.) at 23 (determining that Plaintiffs provided "sufficient description" of their trade dress).

3

11549657, at *1 (C.D. Cal. May 5, 2010) (quoting Fed. R. Civ. P. 33(b)).  Given the inherent difficulty in capturing artistic styles in words, Plaintiffs' descriptions—even if somewhat "broadly framed"—in conjunction with citations to illustrative examples is adequate.  *Yurman*, 262 F.3d at 117.  If they so choose, Midjourney may employ other discovery methods "to flesh out" Plaintiffs' responses.  *Tapia*, 2010 WL 11549657, at *1.

## II.  INTERROGATORY NOS. 1 AND 3

Interrogatory No. 1 asks the eight named Plaintiffs to:

> IDENTIFY all evidence upon which YOU base YOUR contention that Midjourney's use of YOUR name 'created a likelihood of confusion over whether YOU actually endorsed MIDJOURNEY TOOLS, and over the affiliation, connection, or association that YOU might have with Midjourney,' as alleged in paragraph 299 of the COMPLAINT.

ECF No. 369-2 at 2.  Interrogatory No. 3 asks Plaintiffs:

> If YOU contend that any MIDJOURNEY TOOL has been used to generate outputs that infringe YOUR alleged trade dress described in response to Interrogatory No. 2, IDENTIFY all facts upon which YOU base that contention, including for each such output the date it was created, the user who allegedly created it, the prompt used to generate the output, the specific output generated, where the output can be found online or otherwise, and all facts and evidence upon which YOU base any contention that consumers were confused as to whether the output was affiliated with or created, endorsed or authorized by YOU.

*Id.* at 18.

Plaintiffs objected, arguing, among other things, that these were "premature contention" interrogatories and that "discovery and expert analysis" were ongoing.  ECF No. 369-2 at 2 (Andersen's Amended and Supplemental Response to Interrogatory No. 1), 19 (Andersen's Amended and Supplemental Response to Interrogatory No. 3).  Without waiving their objections, Plaintiffs responded by, among other things, describing Midjourney's "Style List," a Discord message by Midjourney's CEO, Midjourney's "Showcase" gallery, and images generated by the Midjourney Image Product using Plaintiffs' names.  *See id.* at 2-9, 18-25.  Plaintiffs provide that they will supplement their responses with specific examples as they are identified, pursuant to Federal Rule of Civil Procedure 26(e).  *See e.g., id.* at 25.

4

Midjourney contends that Plaintiffs' responses are inadequate, as they have not identified "a single image they are accusing." ECF No. 369 at 3. They request that Plaintiffs be ordered "to respond to these interrogatories in full, including identifying by URL or Bates number all 'publicly displayed' Midjourney outputs they are accusing." *Id.* Plaintiffs explain that providing a "complete catalogue of every infringing output requires analysis of prompt-output pairs that remain in Midjourney's exclusively possession," and that they "will continue to supplement" their responses throughout discovery. *Id.* at 5-6.

Although the Court is sympathetic to Midjourney's arguments regarding the insufficiency of Plaintiffs' responses, at this time, the Court declines to order Plaintiffs to further supplement their responses by a set date. Document production is ongoing (*see* ECF No. 381 at 2-3) and the Court credits Plaintiffs' explanation that they need "prompt logs, user data, and metadata" from Midjourney to provide a "complete catalogue of every infringing output." *Id.* at 5. The Court expects Plaintiffs to supplement their responses to Interrogatory Nos. 1 and 3 as document production progresses, pursuant to Rule 26(e), and fully expects Plaintiffs to comply with the modified case schedule. The onus is on the parties, who are aware of the cadence of productions and other discovery in this action, to negotiate an appropriate timeline for Plaintiffs to supplement their responses.

No later than one week after the date of this order, Plaintiffs and Midjourney shall meet and confer to determine an appropriate date by when Plaintiffs shall supplement their responses. Subject to the usual meet and confer requirements in Judge Cisneros's Standing Order, Midjourney may renew its request regarding Interrogatory Nos. 1 and 3 after Plaintiffs further supplement their responses.

### III. INTERROGATORY NO. 4

Interrogatory No. 4 asks Plaintiffs to:

> IDENTIFY and DESCRIBE in detail all facts RELATING TO YOUR contention that YOUR alleged trade dress "possesses secondary meaning," as alleged in paragraph 320 of the COMPLAINT, including all advertising or marketing efforts and expenditures YOU have undertaken to promote works allegedly incorporating YOUR alleged trade dress; all sales … of copies of YOUR works allegedly incorporating YOUR alleged trade dress; all

> revenues and income … YOU have derived from such sales," consumer services, and distribution of works.

ECF No. 369-2 at 25.  Plaintiffs' supplemental responses describe when each Plaintiff began using their respective trade dress, where their artwork is publicly available, and, in broad terms, media coverage and industry recognition of their works.  *See id.* at 26-34.  Plaintiffs represent that they will produce financial, sales, and marketing data that is within their possession, custody, or control, and that they will supplement their responses "as additional data, including expert analysis, becomes available."  *Id.* at 27, 29-30, 32, 34.  They note that evidence regarding "proof of intentional copying" is "exclusively within Midjourney's possession," and thus they are "precluded from detailing evidence on this factor until Midjourney produces the very evidence it now demands."  ECF No. 369 at 6.  Midjourney argues that Plaintiffs' responses are deficient and that all information regarding Plaintiffs' "financial, sales, and marketing documents" are already in Plaintiffs' possession and must be produced.  *Id.* at 4.

To prove a trade dress infringement claim, plaintiffs must show that the trade dress at issue is (1) "nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between [the original and the allegedly infringing] products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).  "Secondary meaning exists when in the minds of the public, the primary significance of the trade dress is to identify the source of the product rather than the product itself." *P & P Imports LLC v. Johnson Enters., LLC*, 46 F.4th 953, 960 (9th Cir. 2022) (internal quotations omitted).  To determine whether a secondary meaning exists, courts assess factors that include, among others, the amount and manner of advertising and the number of sales and number of customers.  *Id.* at 961.

Plaintiffs represent that they will be producing detailed "financial, sales, and marketing documents" responsive to Interrogatory No. 4.  ECF No. 369-2 at 27, 29-30, 32, 34.  Such documents, evidencing the "amount and manner of advertising[,] amount of sales and number of customers," and the "established place in the market" of Plaintiffs' respective works, will presumably be responsive to Interrogatory No. 4.  *P & P Imports*, F.4th at 960.  As Midjourney notes, these documents should "already" be in Plaintiffs' possession.  ECF No. 369 at 4.  If

6

Plaintiffs have not already done so, they shall produce responsive "financial, sales, and marketing documents" within ten days of this Order being issued. Within five days of this production, they shall amend their responses to Interrogatory No. 4 to identify the responsive records. *See* Fed. R. Civ. P. 33(d).

To the extent that Plaintiffs' response to Interrogatory No. 4 depends on information within Midjourney's possession, the undersigned expects Plaintiffs to comply with their obligations under Rule 26(e) and further supplement their responses if they learn that "in some material respect" their responses are "incomplete or incorrect."

## IV.    CONCLUSION

Midjourney's request that Plaintiffs further supplement their responses to Interrogatory No. 2 is DENIED. The undersigned declines to set a date certain by which Plaintiffs must supplement their responses to Interrogatory Nos. 1 and 3; however, Midjourney and Plaintiffs shall meet and confer within one week of the issuance of this Order to determine an appropriate date by when Plaintiffs shall supplement their response. Plaintiffs are ordered to produce "financial, sales, and marketing documents" responsive to Interrogatory No. 4 within ten days of the issuance of this Order, and shall amend their responses to this Interrogatory in compliance with Rule 33(d) within five days of this production.

**IT IS SO ORDERED.**

Dated: February 10, 2026

LISA J. CISNEROS
United States Magistrate Judge