[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SARAH ANDERSEN, et al.,

*Plaintiffs*,

v.

STABILITY AI LTD., et al.,

*Defendants*.

Case No. 3:23-cv-00201-WHO (LJC)

**JOINT STATUS REPORT**

Discovery Conference Date: Feb. 19, 2026
Time: 2:30 PM
Place: via Zoom
Judge: Hon. Lisa J. Cisneros

## I. Introduction

Pursuant to the Court's January 22, 2026 Minute Entry (ECF No. 392), the Parties submit this Joint Status Report addressing the status of fact discovery, including document production, depositions, outstanding disputes, expert retention, and scheduling.

## II. Custodian and Search-Term Status

Negotiations regarding initial custodians and search terms are complete for all Defendants. All Parties have begun production using those parameters and continue to meet and confer regarding later sets of requests for production served by both sides. Those discussions are ongoing and do not presently require Court intervention.

Since the last Joint Status Report, and before the Order Granting in Part Plaintiffs' Motion to Modify Case Schedule (ECF No. 409), the Court directed Plaintiffs to identify any additional custodians for Stability AI, Midjourney, DeviantArt and/or Runway by January 30, 2026, and directed the Parties to file any resulting discovery letters by the next conference. Plaintiffs have identified additional custodians for Stability AI, Midjourney, Runway, and DeviantArt and are meeting and conferring with Stability AI, Midjourney, and Runway.

The Parties reserve all rights to seek modification of search terms if information produced in discovery reveals that further searches are necessary to ensure completeness or proportionality.

## III. Status of Document Production

Document production remains ongoing. The summaries below describe each Party's status.

**Plaintiffs:** As of February 9, 2026, the eight Plaintiffs have collectively produced more than 24,600 documents comprising 180,368 pages.

**Midjourney:** As of February 9, 2026, Midjourney has produced 5,164 documents comprising 81,001 pages in response to Plaintiffs' Requests for Production. Midjourney has further reported it substantially completed production of relevant training data, which was provided to Plaintiffs via hard drives and access through the Google Cloud platform. The Parties are continuing to meet and confer on Plaintiffs' Fourth set of Requests for Production. Midjourney intends to continue producing documents in response to Plaintiffs' Requests on a rolling basis. On December 19, 2025, Midjourney informed Plaintiffs that it has made its source code available for inspection for the models currently at issue.

**DeviantArt:** As of February 9, 2026, DeviantArt has produced 1,850 documents comprising 7,043 pages. DeviantArt reports that it has substantially completed productions in response to Plaintiffs' First and Second Set of Requests for Production for its initial set of custodians. Pursuant to the December 12 Discovery Order (ECF No. 367), DeviantArt has substantially completed productions from the four additional custodians. DeviantArt continues to produce documents responsive to other requests on a rolling basis. DeviantArt does not possess relevant LAION training data.

**Runway:** As of February 9, 2026, Runway has produced 22,984 documents comprising 167,486 pages and represents that it has substantially completed document discovery as of October 3, 2025. Runway also produced more than 60 terabytes of LAION-5B data via hard drives, representing what Runway identifies as the LAION-5B data within its possession, custody, or control. Runway has offered access to LAION-5B data via AWS. Runway has made source code available for inspection for all models currently at issue.

**Stability AI:** As of February 9, 2026, Stability AI has produced 5,280 documents comprising 32,216 pages. The Parties have reached agreement regarding the format of Stability AI's training data production and are finalizing a stipulation to memorialize that agreement. The Parties continue to meet and confer regarding organizational information about that production.

Defendants anticipate serving additional written discovery requests, including to address deficiencies in Plaintiffs' productions and in connection with information learned through discovery thus far.

## IV. <u>Privilege Logs</u>

The Parties have exchanged, or are in the process of exchanging, privilege logs for documents withheld to date. Rolling productions and supplemental productions continue consistent with the Court's schedule.

## V. <u>Depositions</u>

On December 17, 2025, and again on January 7, 2026, Defendants requested dates when individual Plaintiffs are available for depositions. Plaintiffs are coordinating availability across eight individual artists residing in multiple countries and time zones, several of whom maintain non-traditional professional schedules. Plaintiffs will provide available dates on a rolling basis beginning no

later than March 6, 2026, consistent with the modified discovery schedule. Once Plaintiffs provide dates when they are available to sit for depositions, Defendants will serve 30(b)(1) deposition notices to Plaintiffs. Defendants may also serve non-party deposition subpoenas.

Plaintiffs served Rule 30(b)(6) notices on November 14, 2025. Plaintiffs requested availability for depositions of three DeviantArt witnesses. Plaintiffs intend to serve Rule 30(b)(1) notices and non-party subpoenas. Defendants DeviantArt, Stability AI and Runway have served objections to Plaintiffs' Rule 30(b)(6) Notices; and Defendant Midjourney intends to serve objections shortly. The Parties will meet and confer regarding those objections.

## VI. Outstanding Discovery Issues and Potential Disputes

***Plaintiffs' Position***

Plaintiffs have engaged in good-faith conferral on all outstanding discovery issues and continue to do so. The Parties are actively meeting and conferring on the following:

- Defendants' Document Productions: Plaintiffs have identified deficiencies in certain Defendants' productions and are meeting and conferring with the necessary Defendants individually to resolve them.
- Stability AI Training Data: Stability AI produced approximately 100TB of training data via Amazon Web Services S3 access, containing over 260,000 objects with no manifest or organizational schema, and no metadata sufficient to identify what training data corresponds to which model or training run. This production does not comply with Fed. R. Civ. P. 34(b)(2)(E). At the January 22, 2026 discovery conference, the Court expressed concern that a production without organizational information is "basically a useless production." (Tr. at 9:23-10:4). The Court directed the Parties to meet and confer by January 27, 2026 to resolve the dispute over whether Stability AI must provide organizational information about the production. The Parties met and conferred as directed. Plaintiffs maintain that the information sought falls within existing discovery requests. Stability AI contends the information requires new discovery. The obligation to produce documents in an intelligible format is inherent in the production obligation itself and does not require a separate discovery request. That Stability AI maintains and uses this data internally with organizational context it has declined to share with Plaintiffs underscores

that the production as delivered is incomplete. Rule 34(b)(2)(E) requires production in a reasonably usable form; a producing party cannot strip organizational information it relies on to navigate its own data and then claim compliance. If Stability AI does not change its position, Plaintiffs anticipate filing a joint discovery letter on this issue.

- DeviantArt's Communications with LAION: The Parties are meeting and conferring on Plaintiffs' requests for DeviantArt's communications with LAION (RFP No. 128) and documents concerning those communications (RFP No. 129), which DeviantArt has refused to produce. To evaluate DeviantArt's burden and overbreadth objections regarding RFP No. 128, Plaintiffs requested that DeviantArt identify the total number of custodial emails that include "@laion.ai" in the to/from/cc/bcc field of any custodial email.[1] DeviantArt has thus far declined to provide this information. DeviantArt's refusal prevents Plaintiffs from evaluating DeviantArt's burden objection and undermines the meet-and-confer process. Plaintiffs have not yet verified DeviantArt's representation that it does not possess relevant LAION training data. DeviantArt also objected to LAION-related requests on relevance grounds, and requested that Plaintiffs explain the relevance of "all" communications with LAION beyond just issues related to this litigation. Communications between DeviantArt and LAION are relevant to DeviantArt's knowledge of and involvement in the process by which works hosted on DeviantArt's platform were incorporated into LAION training datasets, including whether DeviantArt facilitated, authorized, or benefited from that process. DeviantArt has offered to produce its communications with LAION related to DreamUp, but this would not capture communications regarding LAION's use of works hosted on DeviantArt's platform, which goes to the bad faith of DeviantArt's conduct and is relevant to Plaintiffs' claims against DeviantArt. If the Parties are unable to resolve this dispute, Plaintiffs anticipate filing a joint discovery letter on this issue.
- Custodian Identifications: Plaintiffs proposed additional custodians for Stability AI, Midjourney, Runway, and DeviantArt on January 30, 2026, consistent with the Court's directive. Plaintiffs

[1] DeviantArt has provided a preliminary estimate of the number of documents that could be captured by RFP No. 129 as written, but Plaintiffs have offered to hold RFP No. 129 in abeyance while the parties focus on RFP No. 128. **DeviantArt has not provided a hit count for documents responsive to RFP No. 128.**

have reached agreements with DeviantArt and Runway, and are conferring with Midjourney and Stability regarding those designations.

- Defendants' Deficiency Letter: Defendants served a 12-page joint deficiency letter on January 21, 2026, raising issues spanning all four Defendants. Plaintiffs attended the February 4, 2026 meet and confer with Midjourney and discussed certain issues raised in the letter. Plaintiffs expect to provide a comprehensive response addressing all Defendants' identified issues by February 13, 2026.
- DeviantArt Search Terms: Plaintiffs remain open to meeting and conferring on a limited set of DeviantArt's proposed search terms.
- Midjourney Interrogatories: Plaintiffs object that Midjourney's interrogatory use of "first publication" is ambiguous as applied to works disseminated across multiple digital platforms at different times, a context the Copyright Act's definition of "publication" does not squarely resolve. The statutory definition of "publication" involves distribution of copies or an offer to distribute, 17 U.S.C. section 101, but does not establish a single "first publication date" where an artist posts work to multiple platforms at various times, licenses reproductions, and displays originals at exhibitions. Plaintiffs have conferred in good faith and remain willing to discuss a formulation that accounts for these complexities. Plaintiffs do not concede that the date of first publication of any individual image determines whether that image is covered by a cited, timely registration, and object to the interrogatories to the extent they rest on that premise.
- Runway Discovery Requests: Plaintiffs have served supplemental responses to Runway's Interrogatory No. 2 and consider those responses complete. Runway's Third Set of Requests for Production was served on January 21, 2026, and Plaintiffs' responses are due February 20, 2026. Plaintiffs will meet and confer with Runway regarding any issues raised by those responses and objections.

***Defendants' Positions***

**All Defendants:** Defendants are working to address deficiencies in Plaintiffs' productions and discovery responses, will continue to meet and confer with Plaintiffs regarding the same, and will raise any remaining disputes with the Court as necessary. While Defendants have diligently pursued,

responded to, and met and conferred regarding discovery requests, Plaintiffs have repeatedly delayed and obstructed those conferrals. For example, on January 21, 2026, the Defendants sent Plaintiffs a joint deficiency letter identifying (1) deficient privilege log descriptions and improper privilege assertions and (2) numerous deficiencies in Plaintiffs' document productions. The Plaintiffs and Midjourney scheduled a meet and confer to discuss the Defendants' joint deficiency letter on February 4, 2026. However, Plaintiffs were not prepared to discuss Defendants' deficiency letter during the February 4, 2026 meet and confer, and instead informed Midjourney that Plaintiffs are unable to provide a response until February 13, 2026, after this Joint Status Report is due to the Court. Defendants will continue to meet and confer once Plaintiffs provide a response, and will raise any disputes with the Court. Likewise, Defendants' request for Plaintiffs' availability to sit for depositions has been pending for over two months, as discussed above.

The Defendants are conferring in good faith with Plaintiffs regarding the additional custodians proposed by Plaintiffs.

- **Midjourney:** Midjourney and Plaintiffs have met and conferred regarding Plaintiffs' refusal to provide first publication dates for the images in Exhibit A and B to the complaint in response to Midjourney's Interrogatory (No. 5 for Plaintiffs Andersen, Brom, Ortiz, Kaye, and Rutkowski and No. 1 for Plaintiffs Manchess, Ellis, and Zhang). Plaintiffs' objection that the term "first publication" is vague is untenable given that "publication" is defined in the Copyright Act and many of Plaintiffs' own registrations indicate that the images were "previously published." Midjourney is simply asking Plaintiffs to provide the date of first publication for each image at issue in the suit, which is directly relevant to whether it is covered by a cited registration. Midjourney will seek the Court's intervention if Plaintiffs persist in their refusal to provide this basic information.
- **Runway:** Plaintiffs have not responded to Runway's requests to meet and confer regarding Runway's discovery requests. Specifically, on December 23, 2025 and again on January 7, 2026, Runway asked Plaintiffs to confirm that Plaintiffs' supplemental responses to Runway's Interrogatory No. 2 were complete. To date, Plaintiffs have not responded to Runway's efforts to meet and confer regarding Plaintiffs' supplemental responses to Runway's Interrogatory No. 2.

Runway is also waiting for and expect to meet and confer on Plaintiffs' responses and objections to Runway's Third Set of Requests for Production, which Runway served on January 21, 2026.

- **Stability AI:** Stability AI made training data available via AWS S3 in the format in which it is maintained in the ordinary course and continues to believe that this production satisfied its discovery obligations. Per the Court's order, the parties met and conferred regarding Plaintiffs' requests for additional information about the training data. On January 27, 2026, Stability AI laid out its position, including that several of Plaintiffs' requests are resolved by Stability AI's productions; others fall outside the scope of existing discovery requests and that Stability AI is open to conferring on more targeted interrogatories on an expedited timeline; and the remaining were either already answered or seek irrelevant information. Plaintiffs do not appear to contest that Stability AI has produced these documents "as they are kept in the usual course of business," Fed. R. Civ. P. 34(b)(2)(E)(i), and has produced them "in a form or forms in which [they are] ordinarily maintained," Fed. R. Civ. P. 34(b)(2)(E)(ii), so Stability AI does not see the basis for a discovery dispute.
- **DeviantArt:** Plaintiffs and DeviantArt remain in dispute regarding RFPs 128–129. DeviantArt's position has remained consistent: The RFPs as currently worded are overbroad and encompass documents beyond what is relevant to the claim against DeviantArt. Plaintiffs seek *all* communications with LAION regardless of subject matter, as well as all documents concerning the topics of those communications, and have refused to discuss narrowing their requests to subject matter relevant to this case. DeviantArt is not unwilling to produce relevant documents, but discovery requests must be aimed at relevant subject matter. RFP 129 is also burdensome; as DeviantArt shared with Plaintiffs, a search string aimed at identifying potentially responsive documents resulted in upwards of 20,000 hits. Narrowing the scope of the requests could solve both the relevance and burden issues here, but Plaintiffs have repeatedly refused to engage in any discussion of narrowing.

  Plaintiffs and DeviantArt remain in dispute over search strings for DeviantArt's First Set of Requests for Production. Plaintiffs have thus far not agreed to any search terms in response to DeviantArt's RFPs beyond the search terms that Plaintiffs have already run for other RFPs. The

Parties have met and conferred and exchanged several emails on this issue. If the Parties are unable to resolve this dispute, DeviantArt anticipates filing a joint discovery letter on this issue.

## VII. Upcoming Fact Discovery and Scheduling

Upcoming deadlines under the modified discovery schedule (ECF No. 409) are summarized below:

| **Event** | **Deadline** |
|---|---|
| Deadline to notice any deposition(s) and subpoena(s) | May 11, 2026 |
| Close of Fact Discovery | June 1, 2026 |

## VIII. Expert Search and Schedule

***Plaintiffs' Position***

Plaintiffs continue efforts to retain a qualified testifying machine-learning expert. Judge Orrick's August 29, 2025 Order (ECF No. 337) restricted expert access to highly confidential materials, resulting in the loss of Plaintiffs' prior expert. The February 2, 2026 Order modifying the case schedule (ECF No. 409) provides additional time for Plaintiffs to complete this process. Plaintiffs are in active discussions with a qualified candidate, and Plaintiffs anticipate retaining a testifying expert in the near term.

***Defendants' Position***

Pursuant to Paragraph 7.6 of the Amended Stipulated Protective Order (ECF No. 380), Defendants disclosed to Plaintiffs two expert witnesses on January 26 and February 9, 2026, respectively.

## IX. Next Steps

The Parties have identified the following near-term priorities to keep discovery on track:

- Complete rolling document productions and exchange any related privilege logs;
- Continue meeting and conferring regarding outstanding discovery requests and related production issues;
- Coordinate deposition scheduling and related logistics; and
- Continue Plaintiffs' efforts to secure a qualified testifying machine-learning expert.

**X. <u>Conclusion</u>**

Fact discovery is now set to close June 1, 2026, pursuant to Judge Orrick's February 2, 2026 Order (ECF No. 409) granting in part Plaintiffs' Motion to Modify Case Schedule. The Parties have exchanged substantial written discovery and produced significant volumes of documents and data. Depositions have not yet commenced. Both sides have requested deposition availability and are coordinating scheduling. The Parties will continue meet-and-confer efforts consistent with this Court's Standing Order and will present unresolved disputes through the joint letter process if necessary.

Dated: February 12, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: February 12, 2026

Respectfully submitted,

By: */s/ Simeon Botwinick*

Simeon Botwinick (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1505
Washington, D.C., 20004
Telephone: (202) 637-2200
Email: simeon.botwinick@lw.com

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Email: brittany.lovejoy@lw.com
Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: February 12, 2026

Respectfully submitted,

By: */s/ Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And Stability AI, Inc.*

Dated: February 12, 2026

Respectfully submitted,

By: */s/ Angela Dunning*

Angela Dunning (SBN 212047)
Sam Blankenship (SBN 339905)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
Email: sblankenship@cgsh.com

Arminda B. Bepko (pro hac vice)
Charity E. Lee (pro hac vice)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
Email: charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: February 12, 2026

Respectfully submitted,

By: /s/ Paven Malhotra

Paven Malhotra (SBN 258429)
David J. Silbert (SBN 173128)
Bailey W. Heaps (SBN 295870)
Julia L. Greenberg (SBN 333864)
Luke P. Apfeld (SBN 327029)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: pmalhotra@keker.com
Email: dsilbert@keker.com
Email: bheaps@keker.com
Email: jgreenberg@keker.com
Email: lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: February 12, 2026

*/s/ Joseph R. Saveri*
Joseph R. Saveri