[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>STABILITY AI LTD., et al.,<br><br>  *Defendants*. | Case No. 3:23-cv-00201-WHO (LJC)<br><br>**JOINT STATUS REPORT**<br><br>Discovery Conference Date: Mar. 19, 2026<br>Time: 2:30 PM<br>Place: via Zoom<br>Judge: Hon. Lisa J. Cisneros |

I. **Introduction**

Pursuant to the Court's February 19, 2026 Minute Entry (ECF No. 418), the Parties submit this Joint Status Report addressing the status of fact discovery, including document production, depositions, outstanding disputes, expert retention, and scheduling.

II. **Custodian and Search-Term Status**

Negotiations regarding custodians and search terms are complete for all Defendants. All Parties have begun production using those parameters and continue to meet and confer regarding later sets of requests for production. Those discussions are ongoing and do not presently require Court intervention.

Consistent with the Court's prior directive, Plaintiffs proposed additional custodians for Stability AI, Midjourney, Runway, and DeviantArt by January 30, 2026. Plaintiffs reached agreements with DeviantArt, Stability AI, and Runway regarding those designations. Plaintiffs also reached agreement with Midjourney regarding several proposed additional custodians; negotiations with Midjourney remain ongoing as to one custodian, and the Court granted a joint stipulation extending the deadline to file a joint letter brief on that issue to March 30, 2026. ECF No. 444.

The Parties reserve all rights to seek modification of search terms if information produced in discovery reveals that further searches are necessary to ensure completeness or proportionality.

III. **Status of Document Production**

Document production remains ongoing. The summaries below describe each Party's status.

**Plaintiffs:** As of March 12, 2026, the eight Plaintiffs collectively have produced more than 24,600 documents. Plaintiffs anticipate making a supplemental production this week.

**Midjourney:** As of March 12, 2026, Midjourney has produced 5,689 documents across six custodians. Plaintiffs are investigating the adequacy of that production. Midjourney has reported that it substantially completed production of relevant training data by providing via hard drives and Google Cloud access. Midjourney produced more than 150 terabytes of LAION data via hard drive. The Parties continue to meet and confer on Plaintiffs' Fourth Set of Requests for Production. On December 19, 2025, Midjourney informed Plaintiffs that it made its source code available for inspection for the models currently at issue. Plaintiffs inspected Midjourney's source code on February 19, 2026.

**DeviantArt:** As of March 12, 2026, DeviantArt has produced 1,850 documents. The Parties are also conferring on various of Plaintiffs' RFPs that are relevant to the new claim asserted against DeviantArt in the Third Amended Complaint. DeviantArt does not possess relevant LAION training data.

**Runway:** As of March 10, 2026, Runway has produced 22,984 documents. Runway represents that it has substantially completed document discovery as of October 3, 2025. Runway produced more than 60 terabytes of LAION-5B data via hard drives and has offered access via AWS. Runway has made source code available for inspection for all models currently at issue.

**Stability AI:** As of March 10, 2026, Stability AI has produced 5,448 documents. The Parties have reached agreement regarding the format of Stability AI's training data production and are finalizing a stipulation to memorialize that agreement. The Parties continue to meet and confer regarding organizational information about that production.

Defendants anticipate serving additional written discovery requests, including to address deficiencies in Plaintiffs' productions and in connection with information learned through discovery thus far. Plaintiffs likewise anticipate serving additional written discovery requests, including to address deficiencies in Defendants' productions and in connection with information learned through discovery thus far.

## IV. <u>Privilege Logs</u>

The Parties have exchanged, or are in the process of exchanging, privilege logs for documents withheld to date. Rolling and supplemental productions continue consistent with the Court's schedule. The Parties have identified potential issues regarding the sufficiency of certain privilege log entries and are meeting and conferring to resolve them. To the extent those discussions do not resolve the issues, the Parties will present any remaining disputes to the Court through the joint letter process.

## V. <u>Depositions</u>

Plaintiffs provided deposition availability dates on March 6, 2026. Defendants will serve Rule 30(b)(1) deposition notices on Plaintiffs upon confirmation of dates. Defendants may also serve non-party deposition subpoenas. Given that distinct allegations and claims have been asserted against four separate Defendants, Defendants recently have raised the potential need for deposition time for certain

Plaintiffs beyond the seven (7) hours prescribed by Rule 30(d)(1) of the Federal Rules of Civil Procedure. The Parties are currently discussing this issue. Plaintiffs have not yet had an opportunity to evaluate this issue. The Parties will meet and confer and present any unresolved dispute to the Court.

Plaintiffs served Rule 30(b)(6) notices on November 14, 2025, and intend to serve Rule 30(b)(1) notices and non-party subpoenas. Defendants DeviantArt, Stability AI, and Runway have served objections to Plaintiffs' Rule 30(b)(6) notices; Midjourney expects to serve objections as well.

On January 9, 2026, Plaintiffs requested dates on which three DeviantArt witnesses are available for deposition. Despite Plaintiffs' January 9 request, DeviantArt has not provided dates for any of the three requested witnesses. Plaintiffs acknowledge that two witnesses are located in Israel and are evaluating remote deposition logistics. As to the third witness, who resides in Canada, Plaintiffs learned only this evening, through DeviantArt's edits to this Joint Status Report, that this individual is no longer employed by DeviantArt. DeviantArt has already notified Plaintiffs that two of the requested witnesses (and DeviantArt in-house counsel) reside in Israel and are currently unable to sit for depositions due to the ongoing war requiring near-constant access to bomb shelters, and DeviantArt already committed to providing deposition dates as soon as doing so becomes possible given the circumstances. DeviantArt notified Plaintiffs today that the third requested witness is no longer employed by DeviantArt, which reflects the witness's new status as of this week. Given current geopolitical conditions in the region, the Parties are evaluating the logistics of remote depositions and the appropriate procedural safeguards to ensure the integrity of those proceedings. The Parties will address any resulting complications as they arise and will notify the Court if intervention is required.

Plaintiffs will be issuing Rule 30(b)(1) deposition notices on the remaining Defendants in the coming week and may also serve non-party deposition subpoenas.

VI. **Outstanding Discovery Issues and Potential Disputes**

*Plaintiffs' Position*

Plaintiffs have engaged in good-faith conferral on all outstanding discovery issues and continue to do so. The Parties are actively meeting and conferring on the following:

- Defendants' Document Productions: Plaintiffs have identified deficiencies in certain Defendants' productions and are meeting and conferring with the relevant Defendants to resolve them.

- Stability AI Training Data: On November 25, 2025, Plaintiffs sent Stability AI a letter identifying nine categories of deficiencies in its training data production, including the absence of a manifest, incomplete metadata, missing training-run mapping, and unidentified preprocessing steps. At the January 22, 2026 discovery conference, the Court directed the Parties to meet and confer to resolve the dispute. The Court previously extended the joint letter brief deadline to March 11, 2026. Pursuant to a stipulation filed March 9, 2026 (ECF No. 439) and so-ordered by Judge Cisneros the same day, the deadline to file a joint letter brief has been further extended to March 18, 2026, with a meet-and-confer required on March 14, 2026. If the dispute is not resolved by March 18, either Party may file a joint letter brief. Plaintiffs' position on the substance of the dispute remains unchanged. The nine identified deficiencies—including absence of a manifest, incomplete metadata, and missing training-run mapping—are not formatting preferences. They are prerequisites to expert analysis. On March 5, 2026, Stability AI produced approximately fifteen (15) documents it contends address Plaintiffs' nine identified deficiency categories. Plaintiffs are analyzing that production. A handful of documents cannot plausibly cure nine categories of deficiency in a training data production of this scale and complexity. Plaintiffs reserve all rights. Stability AI's account of the March 12 meet and confer is incorrect. Multiple members of Plaintiffs' litigation team had reviewed the documents Stability AI identified, as had Plaintiffs' retained expert. Those documents do not cure the nine identified deficiency categories.
- Stability AI Source Code: The Parties are meeting and conferring regarding the scope of Stability AI's source code production. Plaintiffs seek the source code that Stability AI actually used to train its models. The Parties have not yet resolved this dispute.
- Midjourney Custodians and Production Volume: Plaintiffs proposed six additional custodians for Midjourney on January 30, 2026. Midjourney agreed to four; Plaintiffs withdrew one; negotiations for the final custodian remain ongoing. The Court granted the Parties' joint stipulation extending the deadline to file a joint letter brief on that custodian to March 30, 2026. *See* ECF No. 444. Midjourney has produced approximately 5,689 documents across six

custodians, and the Parties are meeting and conferring regarding the sufficiency of that production.

- Plaintiffs' 30(b)(6) Notice to DeviantArt: The Parties met and conferred regarding DeviantArt's responses and objections to Plaintiffs' 30(b)(6) notice. Several topics remain in dispute and may require Court intervention. Plaintiffs are currently awaiting DeviantArt's response to Plaintiffs' memorialization of the meet and confer; thereafter, the Parties expect to file a joint letter brief addressing any issues that cannot be resolved through the Parties' correspondence.

- Plaintiffs' RFPs to DeviantArt Regarding New Claims: The Parties are conferring on a subset of previously served RFPs that are now ripe in light of the claims asserted in the Third Amended Complaint. The Parties are close to reaching agreement on these requests, but open disputes remain on topics including, without limitation, (1) pre-certification class member discovery (which Plaintiffs emphasized constitutes a high priority), (2) whether DeviantArt will make available for inspection *all* source code concerning the architecture of the DreamUp Clip token generation pipeline, as opposed to source code "sufficient to show" the architecture, and (3) whether DeviantArt will make its source code available for inspection in San Francisco. DeviantArt refuses to confirm this location.

- Improper Source Code Designations and Clawbacks: On January 29, Plaintiffs identified to DeviantArt certain documents improperly withheld under the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation. On February 12, Plaintiffs provided supplemental support for their position. The Parties are discussing the sufficiency of its response and updated designations. Unless the Parties can resolve their disagreement over a final meet-and-confer call, the Parties will need to brief the dispute.

- DeviantArt's RFPs to Plaintiffs: After a productive meet and confer on DeviantArt's RFPs to Plaintiffs, DeviantArt demanded that Plaintiffs run over 150 search terms across seventeen search strings. In response, Plaintiffs mapped the already-agreed-upon search terms against DeviantArt's RFPs demonstrating the RFPs are largely covered by the existing search terms. Plaintiffs also agreed to run certain search terms where DeviantArt identified a "specific, tangible concern," consistent with the requirements of the ESI Order. ESI Order, ¶ 5.b.

DeviantArt's remaining proposed search terms are overbroad, unduly burdensome, and untimely. Plaintiffs have not refused to engage—they mapped existing agreed-upon terms against DeviantArt's RFPs and agreed to run additional terms wherever DeviantArt identified a specific, tangible concern, as the ESI Order requires. DeviantArt's counsel seeks hit counts notwithstanding the fact that it has not satisfied the ESI Order's requirement to identify specific, tangible concerns with search terms the parties negotiated at the outset of the case. DeviantArt seeks to reopen negotiations that are complete.

***Defendants' Positions***

**All Defendants:** Defendants have identified deficiencies in Plaintiffs' productions and discovery responses, will continue to meet and confer with Plaintiffs regarding the same, and will raise any remaining disputes with the Court as necessary.

- **Midjourney:** Plaintiffs proposed six additional custodians for Midjourney on January 30, 2026. Midjourney has agreed to four of the six proposed custodians. Plaintiffs have withdrawn one of the remaining proposed custodians, and Midjourney is continuing to evaluate the sixth. On March 12, 2026, the Court granted a joint stipulation extending the deadline to file a joint letter brief on this issue to March 30, 2026. ECF No. 444. Midjourney is also preparing responses to Plaintiffs' Fifth and Sixth Sets of Requests for Production. Midjourney has met and conferred with Plaintiffs regarding the substance of those requests and is concurrently preparing to produce responsive documents. Midjourney maintains that its productions to date have been sufficient and reflect reasonable searches in response to Plaintiffs' requests, but remains willing to meet and confer on any specific concerns Plaintiffs wish to raise.

- **Runway:** Runway is continuing to meet and confer with Plaintiffs' counsel regarding deficiencies in their productions in response to Runway's First and Second Sets of Requests for Production. Plaintiffs have still not completed production of *In re Google* materials the Court ordered, *see* ECF No. 403, despite multiple extensions. For example, Plaintiffs have not produced all exhibits to Plaintiff Andersen's deposition transcript, nor Plaintiff Zhang's deposition transcript or exhibits. Because Runway received some redacted materials as recently as March 6, Runway stipulated with Plaintiffs to extend the deadline for *In re Google* third

parties to seek protective orders, such that Runway can meet and confer with those parties and attempt to avoid court intervention, to March 24, 2026. *See* ECF No. 440.

- **Stability AI:**
  - **Training Data**: Stability AI made training data available via AWS S3 in the format in which it is maintained in the ordinary course and continues to believe that this production satisfied its discovery obligations. Per the Court's order, the Parties have met and conferred several times regarding Plaintiffs' requests for additional information about the training data. On January 27, 2026, Stability AI laid out its position, including that several of Plaintiffs' requests are resolved by Stability AI's productions; others fall outside the scope of existing discovery requests and that Stability AI is open to conferring on more targeted interrogatories on an expedited timeline; and the remaining were either already answered or seek irrelevant information.  Plaintiffs' statement above that Stability AI produced fifteen related documents on March 5 is inaccurate.  In fact, Stability AI didn't produce any documents on March 5.  Rather, a month earlier, on February 4, 2026, Stability AI identified a set of specific documents it had previously produced, but that Plaintiffs had apparently not yet reviewed, that addressed several of Plaintiffs' purported deficiencies.  The Parties met and conferred again on February 24, 2026, where Plaintiffs' counsel leading the discussion admitted he had not reviewed any of those documents.  That same day, Stability AI identified additional documents it had produced related to Plaintiffs' requests and requested that Plaintiffs identify any remaining deficiencies.  The Parties blocked off an hour for another meet and confer on March 12, 2026.  Although Stability AI was ready to discuss any remaining issues Plaintiffs may have had, Plaintiffs' counsel *again* admitted he had not yet reviewed any of the documents that Stability AI had identified.  Due to Plaintiffs' lack of preparedness and inability to identify any remaining deficiency, the meeting ended after 15 minutes.  Stability AI has offered to continue to meet and confer with plaintiffs regarding any residual issues and hopes to resolve Plaintiffs' concerns without Court intervention.
  - **Source Code**: Stability AI intends to make source code available for inspection shortly.

- **DeviantArt:**
  - **Plaintiffs' RFPs to DeviantArt Regarding New Claims**: DeviantArt has requested clarification and additional information from Plaintiffs regarding their first topic identified above ("pre-certification class member discovery"). Plaintiffs provided a brief, partial response the evening of March 12, and DeviantArt is open to continuing to discuss this issue to reach resolution. DeviantArt disagrees that any open dispute remains as to the second topic identified by Plaintiffs above (request for source code), as DeviantArt has already agreed to make the relevant source code available, but DeviantArt is open to continuing to discuss this matter with Plaintiffs to reach resolution. The parties are productively discussing the logistics of source code inspections, including determining a mutually agreed-upon inspection location.
  - **Source Code Designations**: On March 10, DeviantArt responded to Plaintiffs' February 12 email explaining why DeviantArt's source code designations are in compliance with the Protective Order. DeviantArt disagrees with Plaintiffs that any issues remain, but is willing to continue discussing to resolve or crystallize any remaining disagreement.
  - **DeviantArt's RFPs to Plaintiffs**: This is an ongoing dispute stemming from DeviantArt's First Set of RFPs served on November 19, 2025. After the parties came to agreement on the scope of the RFPs, DeviantArt promptly requested that Plaintiffs run certain search strings to identify responsive documents, but Plaintiffs refused. Plaintiffs continue to evade meaningful discussion on search strings for DeviantArt's RFPs and instead claim that another co-defendant's negotiation of its own search strings bars DeviantArt's right to request any search strings for itself, despite the other defendant's clear statement that it was negotiating on behalf of itself and not the other defendants. Plaintiffs have consistently claimed that DeviantArt's new search strings are burdensome, yet have refused DeviantArt's repeated requests for hit counts, which are necessary to

assess burden. DeviantArt anticipates filing a joint letter brief on these issues.

## VII. Upcoming Fact Discovery and Scheduling

Upcoming deadlines under the modified discovery schedule (ECF No. 409) are summarized below:

| Event | Deadline |
|---|---|
| Deadline to notice any deposition(s) and subpoena(s) | May 11, 2026 |
| Close of Fact Discovery | June 1, 2026 |

## VIII. Expert Search and Schedule

*Plaintiffs' Position*

Plaintiffs have retained a qualified testifying machine-learning expert. The Parties do not currently anticipate any changes to the schedule as set forth in ECF No. 409.

*Defendants' Position*

Pursuant to Paragraph 7.6 of the Amended Stipulated Protective Order (ECF No. 380), Defendants disclosed to Plaintiffs two expert witnesses on January 26 and February 9, 2026, respectively.

## IX. Conclusion

Fact discovery closes June 1, 2026. *See* ECF No. 409 at 2. The Parties have exchanged substantial written discovery and produced significant volumes of documents and data. Plaintiffs provided deposition availability on March 6, 2026, and depositions are expected to commence shortly. Both Parties continue to meet and confer in good faith on outstanding discovery issues and will present unresolved disputes to the Court through the joint letter process.

| | | |
|---|---|---|
| 1 | Dated: March 12, 2026 | Respectfully submitted, |
| 2 | | By: /s/ Joseph R. Saveri |
| 3 | | |
| 4 | | Joseph R. Saveri (SBN 130064)<br>Cadio Zirpoli (SBN 179108) |
| 5 | | Christopher K.L. Young (SBN 318371)<br>Alexandra Fernandez (SBN 330518) |
| 6 | | Evan Creutz (SBN 349728)<br>Elissa A. Buchanan (SBN 249996) |
| 7 | | Holden Benon (SBN 325847)<br>Aaron Cera (SBN 351163) |
| 8 | | Alexander Zeng (SBN 360220)<br>**SAVERI LAW FIRM, LLP** |
| 9 | | 550 California Street, Suite 910 |
| 10 | | San Francisco, California 94104<br>Telephone: (415) 500-6800 |
| 11 | | Email: jsaveri@saverilawfirm.com<br>Email: czirpoli@saverilawfirm.com |
| 12 | | Email: cyoung@saverilawfirm.com |
| 13 | | Email: afernandez@saverilawfirm.com<br>Email: ecreutz@saverilawfirm.com |
| 14 | | Email: eabuchanan@saverilawfirm.com<br>Email: hbenon@saverilawfirm.com |
| 15 | | Email: acera@saverilawfirm.com<br>Email: azeng@saverilawfirm.com |
| 16 | | |
| 17 | | Matthew Butterick (SBN 250953)<br>1920 Hillhurst Avenue, #406 |
| 18 | | Los Angeles, CA 90027<br>Telephone: (323) 968-2632 |
| 19 | | Email: mb@butterricklaw.com |
| 20 | | *Counsel for Individual and Representative Plaintiffs and the Proposed Class* |
| 21 | | |
| 22 | Dated: March 12, 2026 | Respectfully submitted, |
| 23 | | By: /s/ Simeon Botwinick |
| 24 | | |
| 25 | | Simeon Botwinick (*pro hac vice*)<br>**LATHAM & WATKINS LLP** |
| 26 | | 555 Eleventh Street, NW, Suite 1505<br>Washington, D.C., 20004 |
| 27 | | Telephone: (202) 637-2200<br>Email: simeon.botwinick@lw.com |
| 28 | | |

|     |     |
| --- | --- |
|     | Brittany N. Lovejoy (SBN 286813)<br>Andrew M. Gass (SBN 259694)<br>Michael H. Rubin (SBN 214636)<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: (415) 391-0600<br><br>Email: brittany.lovejoy@lw.com<br>Email: andrew.gass@lw.com<br>Email: michael.rubin@lw.com<br><br>Sarah F. Mitchell (SBN 308467)<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: (415) 391-0600<br>Email: sarah.mitchell@lw.com<br><br>*Counsel for Defendant DeviantArt, Inc.* |
| Dated: March 12, 2026 | Respectfully submitted,<br><br>By:  /s/ Aditya Vijay Kamdar<br><br>Aditya Vijay Kamdar (SBN 324567)<br>Brittany Warren (*pro hac vice*)<br>**MORRISON & FOERSTER LLP**<br>2100 L Street NW, Suite 900<br>Washington, DC 20037<br>Telephone: (202) 887-1500<br>Email: akamdar@mofo.com<br>Email: bwarren@mofo.com<br><br>Joseph Charles Gratz (SBN 240676)<br>Tiffany Cheung (SBN 211497)<br>Timothy Chen Saulsbury (SBN 281434)<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, California 94105<br>Telephone: (415) 268-7000<br>Email: jgratz@mofo.com<br>Email: tcheung@mofo.com<br>Email: tsaulsbury@mofo.com |

|   |   |
|---|---|
|   | Christopher R. Adler (SBN 324567)<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Email: cadler@mofo.com |
|   | Mark Alan Lemley (SBN 155830)<br>**LEX LUMINA PLLC**<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Telephone: (646) 906-8657<br>Email: mlemley@lex-lumina.com |
|   | *Counsel for Defendants Stability AI Ltd. And Stability AI, Inc*. |
| Dated: March 12, 2026 | Respectfully submitted,<br><br>By: */s/ Angela Dunning*<br><br>Angela Dunning (SBN 212047)<br>Sam Blankenship (SBN 339905)<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>1841 Page Mill Road, Suite 250<br>Palo Alto, CA 94304-1248<br>Telephone: (650) 815-4131<br>Email: adunning@cgsh.com<br>Email: sblankenship@cgsh.com |
|   | Arminda B. Bepko (*pro hac vice*)<br>Charity E. Lee (*pro hac vice*)<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2517<br>Email: abepko@cgsh.com<br>Email: charitylee@cgsh.com |
|   | *Counsel for Defendant Midjourney, Inc*. |

Dated: March 12, 2026

Respectfully submitted,

By: */s/ Paven Malhotra*

Paven Malhotra (SBN 258429)
David J. Silbert (SBN 173128)
Bailey W. Heaps (SBN 295870)
Julia L. Greenberg (SBN 333864)
Luke P. Apfeld (SBN 327029)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: pmalhotra@keker.com
Email: dsilbert@keker.com
Email: bheaps@keker.com
Email: jgreenberg@keker.com
Email: lapfeld@keker.com

*Counsel for Defendant Runway AI, Inc*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: March 12, 2026                    */s/ Joseph R. Saveri*
                                         Joseph R. Saveri