April 10, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

   Re: *Andersen, et al v. Stability AI Ltd.*, Case No: 3:23-cv-00201-WHO (LJC)

Dear Magistrate Judge Cisneros:

   Pursuant to ¶ F(5) of Your Honor's Standing Order, Defendant, Midjourney, Inc. and Plaintiffs respectfully submit this joint letter brief regarding Midjourney's request for two additional hours of deposition time (or a total of nine hours) for four of the eight Plaintiffs: Sarah Andersen, Karla Ortiz, Gerald Brom, and Julia Kaye.

   As required by the Court's Standing Order, below are the dates relevant to discovery:

- Joint Status Conference with Judge Cisneros: April 16, 2026
- Close of Fact Discovery: June 1, 2026
- Close of Expert Discovery: October 18, 2026

**Midjourney's Position**

Midjourney respectfully requests two additional hours, on top of the seven hours afforded under Fed. R. Civ. P. 30, to depose four Plaintiffs: Andersen, Brom, Kaye, and Ortiz. The extension is warranted because these "Lanham Act Plaintiffs" have asserted both copyright claims against all Defendants (who must split the seven hours between them) and Lanham Act claims against Midjourney alone for false endorsement and vicarious trade dress infringement, which turn on entirely different facts. Despite clear instructions from the Court to meet and confer and work out an accommodation for additional time, Plaintiffs have refused. With depositions scheduled to begin later this month, Midjourney is left with no choice but to formally seek an order of the Court.

**Plaintiffs' Failure To Meet And Confer:**  Under ¶ F(5) of the Court's standing order, parties must attempt in "good faith" to resolve discovery disputes and meet and confer in person or by videoconference before seeking Court intervention. Plaintiffs have not done so. Midjourney first requested more deposition time for the Lanham Act Plaintiffs on March 11, 2026, citing the number of Defendants and distinct claims pled against it. Dunning Decl. ¶ 3, Ex. 2 at 5. Plaintiffs rejected Midjourney's request on March 18 without meet and confer. *Id.* ¶ 4, Ex. 2 at 3.

When Midjourney alerted the Court to this issue at the March 19 Discovery Conference, Plaintiffs walked back their earlier rejection, asserting that the parties "haven't met and conferred about it in any depth at all," and that Plaintiffs' "consideration of the issue [was not] complete." *Id.*, Ex. 1 (3/19/2026 Tr.) at 4–5. The Court noted that Midjourney's request seemed reasonable and instructed the parties to work out an accommodation in meet and confer:

> Plaintiffs have sued several different … Defendants here. And so, ordinarily, … it's seven hours for the deposition, right…. It's not that the Defendants are asking for that multiple of hours. Instead, the proposal is nine hours, which that's two hours more than usual. It doesn't seem to me like a significant addition….

> [I]t allows two additional hours that Midjourney will need on these specific issues. To me, it doesn't seem like a lot. And I'm just voicing that now as you go into meeting and conferring on this, because … I mean, having to brief this issue, like, for two hours.… I don't know how you structure the hours [over one day or two]…. But I leave it to you all to hammer that out in the meet and confer. *Id.* at 6–7.

But Plaintiffs never did meet and confer. Instead, they ignored Midjourney's March 23 email requesting a meeting. Dunning Ex. 2 at 2. On April 2, in a meet and confer convened on a completely separate issue, Plaintiffs' counsel merely reported that his colleagues were unwilling to consider an extension; no substantive discussion was offered or had. Dunning Decl. ¶ 8. And contrary to Plaintiffs' suggestion, there was no meet and confer during the parties' April 6 call, which was again on an entirely separate matter. *Id.* ¶ 9. The first Lanham Act Plaintiff is set to be deposed in two weeks on April 24. *Id.* ¶ 11. Thus, prompt resolution of this issue is now critical.

**There Is "Good Cause" for an Extension:**  While depositions are presumptively limited to seven hours under Fed. R. Civ. P. 30(d)(1), "the court may alter the limits [on] … the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2). The party seeking to extend the deposition must show "good cause," and it is well established that "in multi-party cases, the need for each party to examine the witness may warrant additional time." *See* Advisory Committee Note to 2000 Amendment to Rule 30; *see also* C.R. *by & through Roe v. Elk Grove Unified Sch. Dist.*, 2024 WL 3890080, at *2 (E.D. Cal. Aug. 21, 2024) (finding "good cause" for additional deposition time in

a multi-defendant case where time for a key witness was shared across multiple defendants); *Tankersley v. MGM Resorts Int'l*, 2022 WL 1395457, at *3 (D. Nev. Apr. 18, 2022) (extending a deposition by four hours for key witness who asserted multiple claims spanning years). Nor must extension requests be deferred until after depositions have occurred. *See United Ass'n Nat'l Pension Fund v. Carvana Co.*, 2026 WL 445628, at *2 (D. Ariz. Feb. 17, 2026) (Courts have "broad discretion to manage the manner in which discovery proceeds, including the manner in which examination time is allocated among competing parties at a time-limited deposition."). Also, the stipulated Deposition Protocol entered by the Court authorizes any party to seek expanded deposition time "upon showing good cause"; it "sets floors, not ceilings." ECF No. 274 ¶ 15.

Good cause exists here. By Plaintiffs' own description, this is a "highly complex matter"—"a class action against *four* separate artificial intelligence companies." ECF No. 391 at 1 (emphasis in original). Rather than sue each Defendant separately, Plaintiffs chose to sue four competing companies together, forcing them to divide that time between them. While Defendants will work cooperatively to divide deposition time on the copyright claims, Midjourney must be afforded an adequate opportunity to depose each Lanham Act Plaintiff on those additional claims that it, alone, must defend. Two additional hours is both reasonable and proportionate, and Plaintiffs have not cited a single case in which a court denied such a modest request. *See Stevens v. City of Red Bluff*, 2007 WL 184816, at *1–2 (E.D. Cal. Jan. 19, 2007) (requesting 21 hours of total deposition time); *Malec v. Trs. of Bos. Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002) (14 hours); *Brooks v. Motsenbocker Advanced Devs., Inc.*, 2008 WL 2033712, at *3 (S.D. Cal. May 9, 2008) (17.5 hours).

Plaintiffs assert that there is "significant overlap[]" between the Lanham Act and copyright claims. Dunning Decl. ¶ 10. That is inaccurate. *See Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 721 (9th Cir. 2004) (copyright and trademark are "distinct property rights"). The copyright claims concern Defendants' alleged copying and use of Plaintiffs' copyrighted images to train their respective AI models. In contrast, the false endorsement claim is based on Midjourney's alleged use of certain artist names in the Midjourney Name List, *see* TAC (ECF No. 431) ¶ 297, and requires proof that Midjourney's use of those names was "likely to cause confusion, or to cause mistake, or to deceive as to ... the origin, sponsorship, or approval of [plaintiff's] goods, services, or commercial activities." 15 U.S.C. § 1125(a). The trade dress claim is premised on allegations that Midjourney users are creating outputs in Plaintiffs' "styles" that infringe their alleged trade dress, and that Midjourney should be vicariously liable for this conduct. TAC ¶ 317. To prove that claim, the Lanham Act Plaintiffs must establish, among other things, that (1) they own valid trade dress rights; and (2) Midjourney's users have directly infringed that trade dress, i.e., that "a substantial likelihood of confusion" arises from their use in commerce of that trade dress. *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). In other words, the trade dress claim turns on what outputs users have actually created and displayed, and whether the consuming public is likely to be confused as to source, sponsorship or affiliation—not on what data Midjourney used to train its models. *See* ECF No. 314 at 5.

Although Plaintiffs' *copyright* registrations confer a presumption of ownership and validity, the Lanham Act Plaintiffs do not have any registrations for their purported trade dress. They therefore bear the burden to provide a "complete recitation of the concrete elements of their alleged trade dress," *YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 767–68 (N.D. Cal. 2021), and must prove that their alleged trade dress is valid and enforceable, including that it is non-functional and has acquired secondary meaning in each geography in which they claim rights. *See Art Attacks Ink, LLC*, 581 F.3d at 1145; *Stone Creek Inc. v. Omnia Italian Design Inc.*, 2014 WL

11514487, at *7 (D. Ariz. Aug. 28, 2014). Although product *packaging* can be inherently distinctive, the Supreme Court has held that product *design* (at issue here) can *never* be inherently distinctive, and proof of secondary meaning is therefore required. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 214 (2000). Secondary meaning generally requires evidence of continuous, exclusive use, as well as advertising expenditures and sales and customer data. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). To date, the Lanham Act Plaintiffs have failed to provide a complete list of their trade dress elements, identify which of their works purportedly feature that "trade dress," produce basic evidence to support a finding of secondary meaning, or even identify the outputs they are accusing. It is thus critical that Midjourney have adequate additional time to ask them about these matters, without compressing time for questioning on the core copyright issues that all Defendants must share.[1]

Lastly, Midjourney's request is narrow and targeted. Midjourney seeks only two additional hours for the four Lanham Act Plaintiffs. Because the Lanham Act claims are asserted solely against Midjourney, no other Defendant will be examining on these issues and there will be no duplication or inefficiency. Thus, the Court should order the Lanham Act Plaintiffs to sit for 9 hours of deposition on the record. Midjourney is willing to conduct the depositions across one day or two, and will work in good faith with Plaintiffs to minimize burden—precisely the kind of good-faith negotiation the Court anticipated when it directed the parties to meet and confer.

### Plaintiffs' Position

Midjourney has not met its burden to justify additional time to examine Plaintiffs as the dispute is unripe before any testimony has been taken. There is nothing extraordinary about examining a party regarding two claims within the time allotted by the federal rules. Midjourney has offered no justification for additional time, which, including breaks, will necessitate two days of examination, greatly increasing the burden on these plaintiffs. This is unheard of even in cases where plaintiffs are bringing forward multiple disparate causes of action with causes of action with little or no overlap in the elements or issues. *See, e.g., Stevens v. City of Red Bluff,* No. CIV.S-06-0720LKK EFB, 2007 WL 184816, at *1 (E.D. Cal. Jan. 19, 2007) (denying motion for more than 7 hours to depose plaintiff for lack of good cause where plaintiff was alleging five causes of action). There is no reason Midjourney cannot complete its examination in seven hours.

Further, if Midjourney anticipated needing more time to examine Plaintiffs, it should have done so when the Parties negotiated the deposition protocol. The claims against Midjourney have largely remained unchanged. Midjourney, after negotiation over the existing Deposition Protocol, agreed to limit depositions to seven hours. ECF No. 274. Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Plaintiffs oppose granting Midjourney two extra hours for the depositions of the four plaintiffs who allege both copyright and trade dress infringement because its unnecessary; it is unduly burdensome on those plaintiffs as it would require either a single day of nine hours of examination time or adding and additional day (and night) to the deposition; and Midjourney has offered no good cause here — nothing has changed about the posture of the case as it relates to the Plaintiffs since Midjourney agreed to seven hours.

---

[1] Midjourney could not have anticipated this failure of evidence when negotiating the Deposition Protocol. Plaintiffs cannot have it both ways, arguing simultaneously that Midjourney should have sought more time years ago before the record was developed, and that its request is now premature. Neither position holds.

4

The proper course here is to allow the depositions to occur first. There is no reason to believe that these plaintiffs' depositions will not be completed within the presumptive seven hour limit. "[T]he better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention should be sought." *Malec v. Trustees of Boston Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002); *accord Del Sol v. Whiting*, 2015 12090268, at *4 (D. Ariz. Mar. 10, 2015); *Brooks v. Motsenbocker Adv. Devs., Inc.*, 2008 WL 2033712, at *3 (S.D. Cal. 2008) (denying without prejudice request for additional deposition time where examination expected to cover eight years of evidence).

### Plaintiff Did not Fail to Meet and Confer

The parties met and conferred on this issue on April 2 and 6 and reached an impasse. Characterizing Plaintiffs' initial March 18 rejection of Midjourney's proposal as failing to meet and confer miscasts the record. It was incumbent on Midjourney to ask for a meeting to discuss this issue which it did in an email on March 23. Midjourney then asked to meet and confer on this issue again on April 1 ("tomorrow please also be prepared to discuss Midjourney's request to make the Lanham Act Plaintiffs…available for up to nine hours of deposition testimony.") The parties then met and conferred on April 2 and revisited the issue on April 6 and reached impasse. Plaintiffs acknowledged the Court's preliminary observations at the last status hearing, but still opposed any extension before the need arose, noting Plaintiffs would consider such a request in good faith once Midjourney has demonstrated its need.

### There is No Need for Extra Time

Midjourney has proffered no facts to meet their burden in justifying additional time. Midjourney will have ample time to depose the four plaintiffs asserting Lanham Act claims along with their copyright infringement claims within the already allocated seven hours. As to Plaintiffs' copyright claims, evidence and testimony adduced from Plaintiffs will be universally applicable to the claims against each Defendant. The fact that there are multiple Defendants is moot as to the copyright claim. Only the Lanham Act claims require any different evidence or testimony, and there is much overlap. However, it is routine to question a party on two or more causes of action within seven hours. As Plaintiffs represented to Midjourney, should the need actually arise for additional time after seven hours of examination, Plaintiffs would consider that request in good faith. *See Brooks*, 2008 WL 2033712, at *3. Before that, however, Midjourney's request to extend the default limit and subject Plaintiffs to longer default time is burdensome for an unripe issue.

The cases Midjourney cites are inapposite and support the denial of this motion. *C.R. by & through Roe v. Elk Grove Unified Sch. Dist.,* 2024 WL 3890080, at *2 (E.D. Cal. Aug. 21, 2024) involved a motion for more time from one group of defendants among four to depose the plaintiffs' *expert* (not plaintiffs' themselves), and critically, was made only after the initial deposition time was exhausted and those defendants asked for and demonstrated a need more time. The case involved claims for violations of the ADA, the Rehabilitation Act, Title IX, and numerous related state law causes of action, and plaintiff's theory of harm differed as to each defendant. *Tankersley v. MGM Resorts Int'l*, 2022 WL 1395457, at *1 (D. Nev. Apr. 18, 2022) is equally unavailing: it was a request by the plaintiff to extend his own deposition so that his attorney had time to cross-examine him. Again, the request was made after the need arose upon completion of the initial deposition by the defendants. *United Ass'n Nat'l Pension Fund v. Carvana Co.*, No. CV-22-02126-PHX-MTL, 2026 WL 445628, at *4 (D. Ariz. Feb. 17, 2026) does not support defendant's argument either: the court was addressing the allocation of time between the parties for questioning

third party witnesses and denied defendant's request to limit the time to depose its employees to less than the presumptive seven hours. In any event, Midjourney's cases support what Plaintiffs suggest here—the depositions should go forward with the default limits, and if Midjourney needs more time, then the Parties can negotiate, and barring agreement, seek court intervention. *Malec*, 208 F.R.D. at 24.

### No Good Cause Exists

The advisory committee notes to Rule 30 state: "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, advisory committee notes (2000); *see also Manchester v. Sivantos GmbH*, 2019 WL 988676, at *8 (C.D. Cal. Feb. 8, 2019). Midjourney has not met its burden here.

No cause has arisen since Midjourney first agreed to the default deposition times. The "good cause" Midjourney cites for the need for additional time is a red herring. "Secondary Meaning" is only required to establish a trade dress violation for individual product design features, not inherently distinctive art. "[C]ourts have held that a mark can be distinctive in one of two ways. First, a mark is inherently distinctive if '[its] intrinsic nature serves to identify a particular source.'" *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 210 (2000) (citation omitted). "Second, a mark has acquired distinctiveness, even if it is not inherently distinctive, if it has developed secondary meaning, which occurs when, 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself.'" *Id.* at 211 (citation omitted). Artwork is inherently distinctive and the trade dress Plaintiffs seek to protect is not "product design." *Wal-Mart*, 529 U.S. at 215 ("*Two Pesos* unquestionably establishes the legal principle that trade dress can be inherently distinctive, see, e.g., [505 U.S.] at 773…, but it does not establish that *product-design* trade dress can be.") The argument that the trade dress of Plaintiffs' artwork is not "inherently distinctive" but mere product design is illogical. *Id.* at 209. Secondary meaning is not required where the use of artwork does assist in describing the product or the product's use. *Moroccanoil, Inc. v. Marc Anthony Cosms., Inc.,* 57 F. Supp. 3d 1203, 1222–23 (C.D. Cal. 2014).

This case is technically and legally complex, but does *not* call for longer examinations of the Plaintiffs. Much of the critical evidence here resides with Midjourney, i.e., it does not justify additional time to depose *Plaintiffs*. The allegations reverse the typical trade dress inquiry. As alleged, Midjourney trained its generative AI models to mimic the style of a list of whose art Midjourney used to train its generative AI models. Midjourney promoted the use of artists' names, i.e. the "particular source," to use as prompts for generating AI images in the style of that artist. *See* ECF No. 431 ¶¶311-319. Establishing "a substantial likelihood of confusion" and a unique protectable trade dress will depend more on the evidence of Midjourney's creation of these artist style vectors as it will any traditional evidence. The scope, geographic extent and frequency of use of Plaintiffs' marks will be proven by examining Midjourney's own data regarding the use of artists' names in its user's prompts. Similarly, elements of the protectable trade dress will be established with Midjourney's evidence. *See, e.g., Haynes N. Am., Inc. v. eManualOnline.com*, No. 2:24-CV-09359-CBM-MAA, 2025 WL 1489547, at *3 (C.D. Cal. May 23, 2025).

Plaintiffs' final offer remains that Plaintiffs will evaluate Midjourney's need for extra examination time to address Lanham Act issues in good faith after the seven hours has been expended by the Defendants, and agree to meet and confer about such extra time after it is established that such extra time is legitimately needed. If the Court is inclined to grant extra time *ex ante*, Plaintiffs respectfully request such extra time be limited to one hour so that the deposition can still occur in a single day to minimize the burden on the plaintiff/deponent.

6

Dated: April 10, 2026

By: */s/ Angela L. Dunning*
Angela L. Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
      sblankenship@cgsh.com

Arminda B. Bepko
Charity E. Lee
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
      charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Alexandra Fernandez (SBN 330518)
Holden Benon (SBN 325847)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
      czirpoli@saverilawfirm.com
      cyoung@saverilawfirm.com
      ecreutz@saverilawfirm.com
      afernandez@saverilawfirm.com
      hbenon@saverilawfirm.com
      eabuchanan@saverilawfirm.com
      acera@saverilawfirm.com
      azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:  mb@butericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle Wagner (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
      lmmatson@locklaw.com
      aswagner@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

8

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: April 10, 2026                                                    /s/ Angela L. Dunning
                                                                         Angela L. Dunning