CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Sam Blankenship (339905)
sblankenship@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Tel: +1 (650) 815-4100

Arminda B. Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Charity E. Lee (admitted *pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-cv-00201-WHO-LJC |
| Plaintiffs, | |
| v. | **DECLARATION OF ANGELA L. DUNNING IN SUPPORT OF MIDJOURNEY'S POSITION IN the JOINT LETTER BRIEF CONCERNING EXTENDED DEPOSITION TIME FOR PLAINTIFFS ANDERSEN, BROM, ORTIZ, AND KAYE** |
| STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation, | |
| Defendants. | |

I, Angela L. Dunning, declare:

1.      I am a partner with the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel for Defendant Midjourney, Inc. ("Midjourney") in this matter.  I provide this Declaration based on my personal knowledge and/or after reasonable investigation of the relevant facts.  If called to testify as a witness, I could and would testify competently thereto.

2.      I submit this declaration in support of the joint letter brief concerning Midjourney's request for two hours of extended deposition time for Plaintiffs Andersen, Brom, Ortiz, and Kaye (hereinafter, the "Lanham Act Plaintiffs").

3.      On a March 11, 2026 call, I first raised to Plaintiffs that Midjourney anticipated needing additional time to depose the Lanham Act Plaintiffs, and asked whether Plaintiffs would agree to up to nine hours considering the number of Defendants and the distinct claims pled against Midjourney.  My team followed up the call with an email.

4.      On March 18, 2026, Plaintiffs declined Midjourney's request over email without any meet and confer.

5.      On March 19, 2026, I raised this matter to the Court's attention during the Discovery Conference with Magistrate Judge Cisneros.  Attached hereto as **Exhibit 1** is a true and correct copy of the relevant portions of the transcript of the March 19, 2026 Discovery Conference.

6.      On March 23, 2026, based on the Court's instructions at the Discovery Conference, My team sent a further email to Plaintiffs' counsel requesting to meet and confer on this issue. Plaintiffs never responded to this email.

7.      Attached hereto as **Exhibit 2** is a true and correct copy of an email chain between my team and counsel for Plaintiffs in this action dated March 11, 2026 through March 23, 2026, which includes all of the aforementioned email communications.

8.      On April 2, 2026, I met and conferred with Plaintiffs on an unrelated discovery matter.  On that call, I inquired about Plaintiffs' willingness to meet and confer on Midjourney's request for extended deposition time for the Lanham Act Plaintiffs.  Plaintiffs' counsel informed me that his colleagues were unwilling to consider an extension and that Plaintiffs would be standing on their previous position that Midjourney should have asked for any additional time when

negotiating the Deposition Protocol. There was no substantive discussion. I objected that Plaintiffs had failed to meet and confer as instructed by the Court and also indicated that Midjourney would begin preparing its portion of a joint letter brief.

9.      On April 6, 2026, I again met and conferred with Plaintiffs' counsel on an unrelated discovery matter. Midjourney's request was briefly discussed by the parties during this call, but there was no substantive meet and confer. Instead, Plaintiffs merely restated their position that they would not consider Midjourney's request at this time, and I informed Plaintiffs that Midjourney was moving forward with drafting a joint letter brief.

10.     On April 6, 2026, Plaintiffs' counsel emailed a first draft of their portions of the joint status report for the parties' upcoming Discovery Conference with the Court on April 16, 2026. In that draft status report, Plaintiffs acknowledged that Midjourney had requested two additional hours of deposition time for the Lanham Act Plaintiffs, but "[did] not think the mere existence of multiple causes of action with significant overlapping substantive elements justifies 2 extra deposition hours." Nonetheless, the Plaintiffs wrote that "The Parties will meet and confer and present any unresolved dispute to the Court."

11.     Attached hereto as **Exhibit 3** is a true and correct copy of an email my team sent to counsel for Plaintiffs on April 6, 2026, in which Midjourney summarized the Plaintiffs' inconsistent statements and proposed a schedule for a joint letter brief, citing the need to resolve this dispute before the first Lanham Act Plaintiff's deposition on April 24, 2026.

Executed on this 10th day of April, 2026 at San Francisco, California.

/s/ Angela L. Dunning
Angela L. Dunning

Attorney for Defendant,
MIDJOURNEY, INC.