# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Lisa J. Cisneros, Magistrate Judge

ANDERSEN, et al.,                )
                                 )
          Plaintiffs,            )
                                 )
vs.                              )   No. C 23-00201-WHO
                                 )
STABILITY AI LTD., et al.,       )
                                 )
          Defendants.            )
_____ )

                                      San Francisco, California
                                      Thursday, March 19, 2026

  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 2:40 - 3:13 = 33 MINUTES

APPEARANCES:

For Plaintiffs:
                         Saveri Law Firm, LLP
                         550 California
                         Suite 910
                         San Francisco, California
                            94104
                    BY:  EVAN CREUTZ, ESQ.
                         HOLDEN J. BENON, ESQ.
For Stability AI:
                         Morrison & Foerster, LLP
                         425 Market Street
                         San Francisco, California
                            94105
                    BY:  JOSEPH C. GRATZ, ESQ.


          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

*Echo Reporting, Inc.*

2

*Echo Reporting, Inc.*

2

For Midjourney Inc.:

                Cleary Gottlieb Steen &
                  Hamilton, LLP
                1841 Page Mill Road
                Suite 250
                Palo Alto, California
                  94304
      BY:  ANGELA DUNNING, ESQ.

For Runway AI, Inc.:

                Keker, Van Nest & Peters, LLP
                633 Battery Street
                San Francisco, California
                  94111
      BY:  PAVEN MALHOTRA, ESQ.
           YEGINA WHANG, ESQ.

For Deviant Art:

                Latham & Watkins, LLP
                505 Montgomery Street
                Suite 2000
                San Francisco, California
                  94111
      BY:  SIMEON BOTWINICK, ESQ.
           BRITTANY N. LOVEJOY, ESQ.

Transcribed by:

                Echo Reporting, Inc.
                Contracted Court Reporter/
                Transcriber
                echoreporting@yahoo.com

20

judiciously and responding within a week to Plaintiffs' outreach.

THE COURT:  Okay.  You've heard my thoughts on the matter.  Is there anything else, or should we move to scheduling the next joint discovery status conference?

MS. DUNNING:  I had one matter, your Honor.

THE COURT:  Okay.

MS. DUNNING:  So Midjourney had recently raised with Plaintiffs the prospect that for certain of the Plaintiffs, it may make sense to extend the deposition time beyond the seven hours.  We have a situation that's fairly uncommon, right?  Plaintiffs chose to sue four different Defendants on a different -- certainly, there is some relationship between the claims, but each Defendants -- the claims and allegations against each Defendant are distinct.

But with respect to Midjourney, it's the only Defendant that is defending claims under the Lanham Act, both for false endorsement as well as vicarious trade dress infringement.  And so for five of the eight plaintiffs, that is basically an entire different case that has been asserted against Midjourney.  And for those Plaintiffs trying to compact all of the deposition into the standard seven hours, I think has -- it has become clear it may be difficult. We've had a difficult time getting -- and some of this has come to your Honor, and some of it is still in process, but

21

we need to explore the trade dress that Plaintiffs have asserted the basis for those claims, and that may take a little time.  It has not been clear from the discovery responses we've received.  So we had proposed that for those five Plaintiffs only, nine hours, instead of seven hours, would be an appropriate limit to allow a couple of hours to be directed to those very distinct set of Lanham Act claims. Plaintiffs have informed us they're unwilling to consider that.  And if the -- that's something that we may need to brief.  It's also something we'll take guidance from the Court on as to whether this is something that we should brief later, after the depositions have been scheduled and we see how the schedule lays out on the page.

THE COURT:  I just want to give the Plaintiffs' attorney an opportunity to respond.

MR. CREUTZ:  Thank you, your Honor.

Ms. Dunning's statement that Defendants have made that proposal or Midjourney has made that proposal I think overstates it a little bit.  This issue was raised, but we haven't met or conferred -- met and conferred about it in any depth at all, so the parties haven't really discussed it.  By virtue of the fact that the parties haven't discussed it, our consideration of the issue isn't complete. So we need to meet with Midjourney, and we need to hear what they have to say, and then we'll formulate our position from

*Echo Reporting, Inc.*

22

there.

MS. DUNNING:  I appreciate -- sorry, your Honor. I appreciate that Counsel has said that the issue is still open, because we received an e-mail from their firm saying that they would not consider the proposal.  So if they are willing to consider it and meet and confer with us, we welcome that opportunity.

THE COURT:  Okay.  All right.  Well, go ahead and meet and confer on it.  I mean, here, what I understand you to be saying, Ms. Dunning, is you've got, like, one particular -- a set of Plaintiffs within the entire group of Plaintiffs with these particular claims that are sort of unique to Midjourney, related to -- under the Lanham Act, related to trade dress and so forth, and they need to be explored.  But in this case, the Plaintiffs have sued several different -- yeah, seven different -- all the different Defendants here.  And so, ordinarily, what -- it's seven hours -- it's seven hours for the deposition, right, so -- times the number of Defendants.  It's not that the Defendants are asking for that multiple of hours.  Instead, the proposal is nine hours, which that's two hours more than usual.  It doesn't seem to me like a significant addition. It sounds like it's -- that's the total hours that all of the Defendants want together, right?

MS. DUNNING:  We were trying to be modest in our

23

proposal, yes.

THE COURT:  Yeah.  And then it allows two additional hours that Midjourney will need on these specific issues.  To me, it doesn't seem like a lot.  And I'm just voicing that now as you go into meeting and conferring on this, because it seems like it would be maybe -- I mean, having to brief this issue, like, for two hours.  I think sitting for nine hours for a person can be a long time, so maybe it's two different days.  I don't know how you structure the hours.  It kind of depends on the individual. They may be entirely comfortable sitting for nine hours of deposition in one day.  But I leave it to you all to hammer that out in the meet and confer.

MS. DUNNING:  Thank you, Your Honor.

THE COURT:  Okay.

MR. CREUTZ:  Thank you, your Honor.

THE COURT:  All right.  Anything else --

THE CLERK:  Did you want to set next date, your Honor?

THE COURT:  Yeah.  What I was thinking is April 13th or 30th, because I have a trial scheduled.

THE CLERK:  You are not available on the 13th of April, your Honor.

THE COURT:  I thought -- I meant April 16th or 30th, three-zero.  Yeah.