# EXHIBIT 2

| | |
|---|---|
| **From:** | Bepko, Arminda B. |
| **To:** | Alex Zeng; Alexandra Fernandez; STABLE; STABILITY-ANDERSEN; #C-M ANDERSEN V DEVIANTART - LW TEAM; Team-Midjourney-Andersen-CGSH |
| **Cc:** | JSLF Stability Ai Service List - Internal; Blankenship, Samuel; Evan Creutz; Kates, Nicole (Niki); Dunning, Angela L.; Kamdar, Adi; Alaina Gilchrist; Halkiotis, Amanda; Sarah.Mitchell@lw.com |
| **Subject:** | RE: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs" Response to A. Dunning Letter |
| **Date:** | Monday, March 23, 2026 9:45:56 AM |
| **Attachments:** | image001.png<br>image002.png |

Alex,

We write on behalf of all Defendants in response to your email of March 18.

**Deposition Scheduling**: Defendants responded separately on availability for the remaining Plaintiffs' depositions. Please provide your availability this week and next to meet and confer regarding making the Lanham Act Plaintiffs available for up to nine hours, which Evan told the Court last week Plaintiffs were willing to do.

**Privilege Logs**: We appreciate that you have provided a date by which you intend to cure the deficiencies we identified in Plaintiffs privilege log, but April 30 is too late.  Defendants require Plaintiffs' fully updated privilege logs before depositions commence, and with sufficient time to review the logs and raise any appropriate challenges. Accordingly, the privilege log for each Plaintiff must be produced by the earlier of (a) two weeks before that Plaintiff's deposition or (b) April 30, 2026.

**Completing Plaintiffs' Production**:  Plaintiffs' proposal to produce each witness's custodial file "at least two weeks before that witness's confirmed deposition date" is insufficient as to the issues that Defendants have been raising since January.  These deficiencies are to requests that were served a year ago, and Plaintiffs should have already produced responsive documents as part of their substantial completion obligation, and addressed the deficiencies that we have been raising for months.  Defendants should not be required to reciprocally agree to a schedule that merely reflects Plaintiffs' existing obligations.  To be clear, it remains Defendants' expectation that each Plaintiff will complete document production well in advance of their deposition, and Plaintiffs cannot continue to sit on responsive documents—including for longstanding requests—until the eve of deposition, prejudicing Defendants.

**Missing Chats**: Plaintiffs' representation that the Discord communications are "undergoing review" does not address the specific gaps identified in our January 21 letter and reiterated on each of our subsequent meet and confers and emails.  Defendants require production of the specific missing chats previously identified, or a clear explanation of why they are no longer available.

**AI Tools / Outputs**: Plaintiffs' assertion that they have "fulfilled their obligations" is inconsistent with their prior representations that review is "ongoing."  Defendants reiterate their request that Plaintiffs confirm whether or not they have bottomed out on this review and production.

**Revenue/Royalty Information**: Plaintiffs' position on financial information from 2025 is noted. Plaintiffs obviously cannot rely in this case on any materials they fail to produce. To be clear, there remain numerous gaps in Plaintiffs' productions—separate and apart from 2025 materials—that we will set forth in a forthcoming letter, and we appreciate Plaintiffs' agreement to remediate those gaps.

**Ortiz and Rutkowski Use of AI**: Your response seems to continue to miss the point.  Regardless of whether "MidjourneyTeam Adam" was or was not actually affiliated with Midjourney, the communications at issue are relevant and responsive to Defendants' discovery requests, and those documents should be produced.

Defendants reserve all rights, including the right to raise additional deficiencies and to seek Court intervention if necessary.

Regards,

——

**Arminda B. Bepko**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: khemmings@cgsh.com, trusso@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2517 | M: +1 917-929-4219
abepko@cgsh.com | clearygottlieb.com

---

**From:** Alex Zeng <azeng@saverilawfirm.com>
**Sent:** Wednesday, March 18, 2026 11:00 PM
**To:** Bepko, Arminda B. <abepko@cgsh.com>; Alexandra Fernandez <afernandez@saverilawfirm.com>; STABLE <stable@keker.com>; STABILITY-ANDERSEN <stability-andersen@mofo.com>; #C-M ANDERSEN V DEVIANTART - LW TEAM <andersenvdeviantart.lwteam@lw.com>; Team-Midjourney-Andersen-CGSH <team-midjourney-andersen-cgsh@cgsh.com>
**Cc:** JSLF Stability Ai Service List - Internal <JSLFService_StableDif@saverilawfirm.com>; Blankenship, Samuel <sblankenship@cgsh.com>; Evan Creutz <ecreutz@saverilawfirm.com>; Kates, Nicole (Niki) <nkates@cgsh.com>; Dunning, Angela L. <adunning@cgsh.com>; Kamdar, Adi <AKamdar@mofo.com>; Alaina Gilchrist <agilchrist@saverilawfirm.com>; Halkiotis, Amanda <ahalkiotis@cgsh.com>; Sarah.Mitchell@lw.com
**Subject:** Re: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter

> **This Message Is From an External Sender**
>
> Attention: This message originated from an external email domain.

Arminda,

We respond to your email from March 11 below. In responding to your email, Plaintiffs are not waiving any rights and expressly reserve any right to seek court intervention if necessary.

**Deposition Scheduling**

Plaintiffs do not agree to extend the deposition limit to nine hours for the Lanham Act Plaintiffs. Defendants were fully aware of the Lanham Act claims during negotiation of the deposition protocol and made no request for additional time at that juncture. Plaintiffs see no basis for departing from the agreed-upon seven-hour limit now.

Sarah Andersen can be available for deposition on May 6 at the Saveri Law Firm San Francisco office —please confirm this date as soon as possible.

Plaintiffs provided deposition availability for all eight Plaintiffs on March 6. To date, Defendants have

only responded regarding Ms. Andersen's date. Please advise **immediately** whether the proposed dates for the remaining seven Plaintiffs are acceptable, as further delay in confirming these dates is prejudicial to scheduling.

### Plaintiffs' Privilege Log

As we stated on our call on March 11, Plaintiffs will amend the privilege log to correct the metadata dates for entries 60–70 by March 31.

Regarding your request for a supplemental log covering pre-litigation communications with counsel: Plaintiffs will provide a comprehensive supplemental log by April 30 that encompasses both those communications and all documents withheld on privilege grounds through that date.

### Plaintiffs' Production

Plaintiffs are diligently reviewing and producing documents responsive to Defendants' numerous RFP sets, and will do so well in advance of each Plaintiff's deposition. Plaintiffs propose, and will agree to, producing each witness's custodial file at least two weeks before that witness's confirmed deposition date, provided Defendants reciprocally agree to the same.

### Revenue / Royalty Information (Defendants' RFPs 11-16, 19, 42, 43; Midjourney RFPs 19; Runway RFP 38)

Plaintiffs agree to investigate and remediate any gaps in financial documents that Defendants specifically identify. As Plaintiffs proposed in their February 13 letter, supplemental productions through 2025 will proceed on a reciprocal timeline—Plaintiffs will supplement on the same schedule that Defendants supplement their own productions through 2025.

### Missing Chats

The documents at issue are Discord communications currently undergoing review. Given their volume, production could not be completed today, but these materials will be included in Plaintiffs' forthcoming production.

### AI Tools / Outputs (Defendants' RFPs 23-25 & 30-31)

Plaintiffs have produced documents responsive to these RFPs, including in today's production. Plaintiffs have fulfilled their obligations in this regard.

### Ortiz and Rutkowski Use of AI

As Plaintiffs explained on the call, the documents Defendants cite originate from an individual using the name "MidjourneyTeam Adam" and a personal Gmail address—not from Midjourney itself. Plaintiffs believe this individual was impersonating Midjourney personnel and contacted Plaintiffs for the purpose of harassment, without any factual foundation for the assertion that Plaintiffs uploaded content to Midjourney. There is accordingly nothing to produce.

If Defendants contend otherwise, Plaintiffs request that Defendants identify who MidjourneyTeam Adam is, confirm whether they are or were a Midjourney employee, and describe their role. Moreover, to the extent any documents or communications exist between MidjourneyTeam Adam and Defendants or Plaintiffs, Plaintiffs request production of those materials pursuant to Plaintiffs' RFP No. 29.

**Other Litigation (Defendants' RFPs 67-69)**

As Defendants are aware, discussions about the *Google* litigation documents are occurring under separate cover.

**Alex Zeng**
Associate

_____



550 California St. Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x920
**F** 415.395.9940

---

**From:** Bepko, Arminda B. <abepko@cgsh.com>
**Sent:** Wednesday, March 11, 2026 8:28 PM
**To:** Alex Zeng <azeng@saverilawfirm.com>; Alexandra Fernandez <afernandez@saverilawfirm.com>; STABLE <stable@keker.com>; STABILITY-ANDERSEN <stability-andersen@mofo.com>; #C-M ANDERSEN V DEVIANTART - LW TEAM <andersenvdeviantart.lwteam@lw.com>; Team-Midjourney-Andersen-CGSH <team-midjourney-andersen-cgsh@cgsh.com>
**Cc:** JSLF Stability Ai Service List - Internal <JSLFService_StableDif@saverilawfirm.com>; Blankenship, Samuel <sblankenship@cgsh.com>; Evan Creutz <ecreutz@saverilawfirm.com>; Kates, Nicole (Niki) <nkates@cgsh.com>; Dunning, Angela L. <adunning@cgsh.com>; Kamdar, Adi <AKamdar@mofo.com>; Alaina Gilchrist <agilchrist@saverilawfirm.com>; Halkiotis, Amanda <ahalkiotis@cgsh.com>; Sarah.Mitchell@lw.com <Sarah.Mitchell@lw.com>
**Subject:** RE: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter

Counsel,

Thank you for the call today.  Below is a summary of what we discussed, including some follow ups.  Please let us know if you disagree with any of the below.

**Deposition Scheduling**

As noted on our call, for at least some of the depositions we anticipate needing more than seven hours given the number of Defendants in this case and the distinct facts and claims pled against each of them.  ***Please let us know whether Plaintiffs will agree to up to nine hours for the Lanham Act plaintiffs: Andersen, Brom, Kaye, Ortiz, and Rutkowski***.

Also, Defendants are coordinating on availability on the dates proposed.  ***For Sarah***

***Andersen, please provide available dates in late April or May***. Given the current lack of clarity on the status of Plaintiffs' production—including with respect to the issues outlined below—it is not practical to schedule her deposition within the next month. We need a reasonable window to review whatever remains outstanding before proceeding with that deposition.

## Plaintiffs' Privilege Log

• Plaintiffs agreed to amend and supplement the privilege log to fix the incorrect dates (e.g., the "9999" entries, and the 2014 dates that don't match the subject matter) and to add any missing communications with counsel.

• Plaintiffs would not commit to a timeframe on the call to correct all of these deficiencies. Will Plaintiffs agree to provide the supplemental log ***by March 27?***

## Plaintiffs' Productions

As a general matter, Plaintiffs continue to represent that "review is ongoing" but would not provide details as to what remains to be collected or produced or whether they have bottomed out on any category of documents. We need clarity here—we can't schedule depositions or move the case forward without it.  As discussed, Defendants will follow up again with further specific issues we have identified in the hope that we can finally bottom out on what remains in dispute so we can seek Court intervention if necessary.

## Revenue / Royalty Information (Defendants' RFPs 11-16, 19, 42, 43; Midjourney RFPs 19; Runway RFP 38)

• Plaintiffs represented that they have produced all revenue and royalty information they have collected that is responsive to these requests.

• We're cross-checking against the gaps flagged in our January 21 letter and will follow up in writing on anything that still looks missing, but we reiterate that to the extent there is additional information sought concerning revenues and royalties that Plaintiffs (or their agents or publishers) have in their possession, custody or control, it should be produced immediately, and ***by no later than March 27***.

• Plaintiffs still refuse to produce anything from 2025. This makes no sense if Plaintiffs intend to rely on any data from this time period to show market harm or lost revenues.  ***Please confirm by March 18 whether Plaintiffs intend to rely on any 2025 financial data in support of their claims, and if so promptly produce it***.

## Missing Chats

The issues raised in our January 21 letter concerning missing/incomplete chats remain unresolved.   Specifically, Rutkowski invited people to a Discord chat on November 5, 2022 (RUTKOWSKI-STABILITY-012623), Ortiz invited Andersen to a Discord and Facebook chat on October 26, 2022 (ANDERSEN-STABILITY-023053), and Ortiz invited Abhi Gupta to a discord chat on December 1, 2022 (ORTIZ-STABILITY-021755).  Yet, the chats you identified in your letter are either different chats or are incomplete because they inexplicably cut off on October 23, 2022 and March 16, 2018.  ***By March 18, please produce the missing chats or explain why they are no longer available.***

### AI Tools / Outputs (Defendants' RFPs 23-25 & 30-31)

• Plaintiffs said review of outputs is "ongoing" and would not commit to what, if anything, they plan to produce (setting aside materials that they claim should come from Midjourney).

• In interrogatory responses served on March 3, 2025, the Lanham Act Plaintiffs pointed to Midjourney's Showcase as a source of potentially infringing outputs and as of their supplemental responses on November 11, 2025, claimed to be "actively identifying specific [Midjourney] Showcase images."  But still have refused to commit to when that review and production will be complete.  Please confirm: (a) is that review done? (b) have those documents been produced? (c) if not produced, when will they be?  We cannot depose Plaintiffs until this review is complete and production is made. ***Please produce any such documents by March 18 (the date reflected in my February 20 email and Sam's March 9 email to your colleague, Holden, which he has not addressed in his email of today)***.

### Ortiz and Rutkowski Use of AI

On our call you suggested that the communications we identified concerning Karla Ortiz and Grzegorz Rutkowski apparently uploading their images to Midjourney were not what they appeared.  The communications we cited suggest that is exactly what was happening.  *See* ORTIZ-STABILITY-026989, ORTIZ-STABILITY-025027, & RUTKOWSKI-STABILITY-013029.  ***By March 18, please produce any additional documents that elaborate on the works submitted, as well as any other documents relevant to their use of Midjourney or other GENERATIVE AI TOOLS, including any documents responsive to Defendants' RFPs 30 and 31.***  If Plaintiffs are withholding any further documents, please explain on what basis.

### Other Litigation (Defendants' RFPs 67-69)

Plaintiffs represented they've conducted a reasonable investigation and produced documents sufficient to show any other copyright infringement, trademark infringement, false

endorsement, or trade dress infringement claims with which they have been involved, noting that there are some documents concerning the *Google* litigation that remain subject to discussion.

We reserve all rights, including the right to raise additional deficiencies and to seek Court intervention if needed.

Best,

Arminda

———

**Arminda B. Bepko**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: khemmings@cgsh.com, trusso@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2517 | M: +1 917-929-4219
abepko@cgsh.com | clearygottlieb.com

---

**From:** Alex Zeng <azeng@saverilawfirm.com>
**Sent:** Thursday, March 5, 2026 3:00 PM
**To:** Bepko, Arminda B. <abepko@cgsh.com>; Alexandra Fernandez <afernandez@saverilawfirm.com>; STABLE <stable@keker.com>; STABILITY-ANDERSEN <stability-andersen@mofo.com>; #C-M ANDERSEN V DEVIANTART - LW TEAM <andersenvdeviantart.lwteam@lw.com>; Team-Midjourney-Andersen-CGSH <team-midjourney-andersen-cgsh@cgsh.com>
**Cc:** JSLF Stability Ai Service List - Internal <JSLFService_StableDif@saverilawfirm.com>; Blankenship, Samuel <sblankenship@cgsh.com>; Evan Creutz <ecreutz@saverilawfirm.com>; Kates, Nicole (Niki) <nkates@cgsh.com>; Dunning, Angela L. <adunning@cgsh.com>; Kamdar, Adi <AKamdar@mofo.com>; Alaina Gilchrist <agilchrist@saverilawfirm.com>; Halkiotis, Amanda <ahalkiotis@cgsh.com>; Sarah.Mitchell@lw.com
**Subject:** Re: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter

Arminda,

Members of our team will be out on Friday and Monday. We can make ourselves available on Tuesday from 11:30 AM PDT to 1 PM PDT, and Wednesday from 11 AM PDT to 1 PM PDT. If any of these times work for Defendants, please circulate an invite.

**Alex Zeng**
Associate

_____



550 California St. Suite 910

San Francisco, CA 94104

**T** 415.500.6800 x920

**F** 415.395.9940

___

**From:** Bepko, Arminda B. <abepko@cgsh.com>
**Sent:** Wednesday, March 4, 2026 6:30 PM
**To:** Alex Zeng <azeng@saverilawfirm.com>; Alexandra Fernandez <afernandez@saverilawfirm.com>; STABLE <stable@keker.com>; STABILITY-ANDERSEN <stability-andersen@mofo.com>; #C-M ANDERSEN V DEVIANTART - LW TEAM <andersenvdeviantart.lwteam@lw.com>; Team-Midjourney-Andersen-CGSH <team-midjourney-andersen-cgsh@cgsh.com>
**Cc:** JSLF Stability Ai Service List - Internal <JSLFService_StableDif@saverilawfirm.com>; Blankenship, Samuel <sblankenship@cgsh.com>; Evan Creutz <ecreutz@saverilawfirm.com>; Kates, Nicole (Niki) <nkates@cgsh.com>; Dunning, Angela L. <adunning@cgsh.com>; Kamdar, Adi <AKamdar@mofo.com>; Alaina Gilchrist <agilchrist@saverilawfirm.com>; Halkiotis, Amanda <ahalkiotis@cgsh.com>; Sarah.Mitchell@lw.com <Sarah.Mitchell@lw.com>
**Subject:** RE: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter


Alex,


Please let us know if Plaintiffs are available on Friday between 11am and 2pm PT (2-4pm ET).


Best regards,
Arminda

___

**Arminda B. Bepko**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: khemmings@cgsh.com, ikorol@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2517 | M: +1 917-929-4219
abepko@cgsh.com | clearygottlieb.com

___

**From:** Alex Zeng <azeng@saverilawfirm.com>
**Sent:** Friday, February 27, 2026 1:03 PM
**To:** Bepko, Arminda B. <abepko@cgsh.com>; Alexandra Fernandez <afernandez@saverilawfirm.com>; STABLE <stable@keker.com>; STABILITY-ANDERSEN <stability-andersen@mofo.com>; #C-M ANDERSEN V DEVIANTART - LW TEAM <andersenvdeviantart.lwteam@lw.com>; Team-Midjourney-Andersen-CGSH <team-midjourney-andersen-cgsh@cgsh.com>
**Cc:** JSLF Stability Ai Service List - Internal <JSLFService_StableDif@saverilawfirm.com>; Blankenship, Samuel <sblankenship@cgsh.com>; Evan Creutz <ecreutz@saverilawfirm.com>; Kates, Nicole (Niki) <nkates@cgsh.com>; Dunning, Angela L. <adunning@cgsh.com>; Kamdar, Adi

<[AKamdar@mofo.com](mailto:AKamdar@mofo.com)>; Alaina Gilchrist <[agilchrist@saverilawfirm.com](mailto:agilchrist@saverilawfirm.com)>; Halkiotis, Amanda <[ahalkiotis@cgsh.com](mailto:ahalkiotis@cgsh.com)>; [Sarah.Mitchell@lw.com](mailto:Sarah.Mitchell@lw.com)
**Subject:** Re: Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter

Arminda,

Plaintiffs are available Tuesday from 12 PM to 1 PM. Please circulate an invite if that time works for Defendants.

**Alex Zeng**
Associate

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x920
**F** 415.395.9940

---

**From:** Bepko, Arminda B. <[abepko@cgsh.com](mailto:abepko@cgsh.com)>
**Sent:** Wednesday, February 25, 2026 12:22 PM
**To:** Alex Zeng <[azeng@saverilawfirm.com](mailto:azeng@saverilawfirm.com)>; Alexandra Fernandez <[afernandez@saverilawfirm.com](mailto:afernandez@saverilawfirm.com)>; STABLE <[stable@keker.com](mailto:stable@keker.com)>; STABILITY-ANDERSEN <[stability-andersen@mofo.com](mailto:stability-andersen@mofo.com)>; #C-M ANDERSEN V DEVIANTART - LW TEAM <[andersenvdeviantart.lwteam@lw.com](mailto:andersenvdeviantart.lwteam@lw.com)>; Team-Midjourney-Andersen-CGSH <[team-midjourney-andersen-cgsh@cgsh.com](mailto:team-midjourney-andersen-cgsh@cgsh.com)>
**Cc:** JSLF Stability Ai Service List - Internal <[JSLFService_StableDif@saverilawfirm.com](mailto:JSLFService_StableDif@saverilawfirm.com)>; Blankenship, Samuel <[sblankenship@cgsh.com](mailto:sblankenship@cgsh.com)>; Evan Creutz <[ecreutz@saverilawfirm.com](mailto:ecreutz@saverilawfirm.com)>; Kates, Nicole (Niki) <[nkates@cgsh.com](mailto:nkates@cgsh.com)>; Dunning, Angela L. <[adunning@cgsh.com](mailto:adunning@cgsh.com)>; Kamdar, Adi <[AKamdar@mofo.com](mailto:AKamdar@mofo.com)>; Alaina Gilchrist <[agilchrist@saverilawfirm.com](mailto:agilchrist@saverilawfirm.com)>; Halkiotis, Amanda <[ahalkiotis@cgsh.com](mailto:ahalkiotis@cgsh.com)>; [Sarah.Mitchell@lw.com](mailto:Sarah.Mitchell@lw.com) <[Sarah.Mitchell@lw.com](mailto:Sarah.Mitchell@lw.com)>
**Subject:** Andersen, et al. v. Stability AI Ltd., et al., Case No. 3:23-cv-00201-WHO (LJC) | Plaintiffs' Response to A. Dunning Letter

Thanks for the call today.  As you know, we were not able to address all of the outstanding matters and will need to schedule an additional time.  Defendants are available this Friday, February 27, 2026, any time after 12:30 p.m. PT / 3:30 p.m. ET.  Please let us know if there is a time that works on your end.

Regards,

———

**Arminda B. Bepko**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: khemmings@cgsh.com, ikorol@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2517 | M: +1 917-929-4219
abepko@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.

For information about how the Firm collects and uses your personal data, please see our Privacy Statement.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.

For information about how the Firm collects and uses your personal data, please see our Privacy Statement.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.

For information about how the Firm collects and uses your personal data, please see our Privacy Statement.