**SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butataricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Sarah Andersen, et al., <br><br> *Individual and Representative Plaintiffs,* <br><br> v. <br><br> Stability AI Ltd., et al., <br><br>          *Defendants.* | Case No. 3:23-cv-00201-WHO <br><br> **DECLARATION OF AARON CERA IN SUPPORT OF PLAINTIFFS' MOTION IN SUPPORT OF REQUEST FOR ISSUANCE OF LETTERS ROGATORY** <br><br> Judge: Hon. William H. Orrick |

Case No. 23-cv-00201-WHO (LJC)

I, Aaron Cera, declare as follows:

1.     I am an attorney duly licensed to practice in the State of California. I am an associate at the Saveri Law Firm, LLP ("SLF"), counsel of record for Plaintiffs in the above-captioned action. Unless otherwise stated, the contents of this Declaration are based on information and belief and upon my personal knowledge of the relevant facts and, if called to testify as a witness, I could and would testify competently thereto. I make this declaration pursuant to Civil Local Rule 7-5(a)-(b) in support of Plaintiffs' Motion in Support of Request for Issuance of Letters Rogatory for the above-entitled action.

2.     This Motion is Plaintiffs' first Motion in Support of Request for Issuance of Letters Rogatory in the above-entitled action.

3.     Plaintiffs could not have reasonably sought this relief earlier because they did not learn until March 10 and March 12, 2026, that the relevant witnesses were no longer employed by DeviantArt ("DA"), and out of United States subpoena jurisdiction.

4.     All references to an ECF No. are in connection with the *Andersen et al v. Stability AI Ltd. et al*, 3:23-cv-00201 (N.D. Cal.) ("*Stability*") docket unless otherwise noted.

**A.   Nikolay Surovenko**

5.     On January 9, 2026, Plaintiffs' counsel emailed DA's counsel requesting deposition dates for Surovenko.

6.     On March 12, 2026, Plaintiffs learned through the parties' Joint Status Report that Surovenko was no longer employed by DA.

7.     On March 13, 2026, Plaintiffs notified DA of their intent to serve Surovenko with a deposition subpoena and inquired whether DA's counsel represents Surovenko. Plaintiffs further requested that, if DA's counsel does represent Surovenko, they confirm whether they would accept service of a deposition subpoena on his behalf. In the alternative, Plaintiffs requested contact information for Surovenko's attorneys in DA's possession.

8.     On March 20, 2026, having received no response from DA, Plaintiffs followed up on their March 13, 2026 correspondence.

9.     On March 23, 2026, DA's counsel informed Plaintiffs that they do not presently represent Surovenko and do not know whether Surovenko is represented by other counsel.

10. On March 25, 2026, Plaintiffs' counsel attempted informal outreach to Surovenko to obtain his consent to sit for a deposition.

11. As of the time of this declaration, Plaintiffs have been unable to get consent from Surovenko to agree to United States procedures for his deposition.

12. On March 31, 2026, Plaintiffs requested Surovenko's last known contact information and address.

13. On April 9, 2026, DA's counsel emailed Plaintiffs' counsel with the last known address of Surovenko in British Columbia, Canada and provided no other contact information.

14. Surovenko resides outside of the United States and is no longer employed by DA, such that his deposition testimony is not otherwise obtainable absence issuance of Letters Rogatory.

15. Plaintiffs believe the sworn deposition testimony of Surovenko is relevant discovery that may be used to prove the claims alleged in the Plaintiffs' Third Amended Class Action Complaint (Publicly filed version at ECF No. 431) and rebut DA's anticipated fair use defense (DA Answer to Third Amended Class Action Complaint at ECF No. 449 at 48).

**B. Georgii Trofimov**

16. On January 30, 2026, Plaintiffs requested DA add Trofimov as an additional document custodian.

17. On February 9, 2026, DA agreed to add Trofimov as a document custodian.

18. On March 10, 2026, DA informed Plaintiffs that Trofimov had left the company.

19. On March 12, 2026, Plaintiffs notified DA of their intent to serve Trofimov with a deposition subpoena and inquired whether DA's counsel represents Trofimov. Plaintiffs further requested that, if counsel does represent Trofimov, counsel confirm whether they would accept service of a deposition subpoena on his behalf. In the alternative, Plaintiffs requested contact information for Trofimov's attorneys.

20. On March 23, 2026, DA's counsel informed Plaintiffs that it does not presently represent Trofimov and that it does not know whether Trofimov is represented by other counsel.

21. On March 25, 2026, Plaintiffs' counsel attempted informal outreach to Trofimov to obtain his consent to sit for a deposition.

DECLARATION OF AARON CERA IN SUPPORT OF PLAINTIFFS' MOTION
IN SUPPORT OF REQUEST FOR ISSUANCE OF LETTERS ROGATORY

22.    On March 31, 2026, Plaintiffs' counsel requested the last known contact information and addresses of Trofimov.

23.    On April 9, 2026, DA's counsel informed Plaintiffs it did not have a last known address on file for Trofimov and provided no other contact information.

24.    As of the time of this declaration, Plaintiffs have been unable to get consent from Trofimov to agree to United States procedures for his deposition.

25.    Trofimov resides outside of the United States and are no longer employed by DA, such that their deposition testimony is not otherwise obtainable absence issuance of Letters Rogatory.

26.    Plaintiffs believe the sworn deposition testimony of Trofimov is relevant discovery that may be used to prove the claims alleged in the Plaintiffs' Third Amended Class Action Complaint (Publicly filed version at ECF No. 431), and rebut DA's anticipated fair use defense (DA Answer to Third Amended Class Action Complaint at ECF No. 449 at 48).

* * *

27.    On March 30, 2026, Plaintiffs' notified DA's counsel of their intent to move the Court for issuance of letters rogatory to the Supreme Court of British Columbia, Canada to obtain the deposition testimony of Surovenko and Trofimov and requested whether DA intends to oppose the Motion.

28.    On March 31, 2026, DA's counsel requested Plaintiffs' bases for the Motion.

29.    On March 31, 2026, Plaintiffs counsel provided DA's counsel substantive bases supporting the issuance of letters rogatory and requested the last known contact and address information for Surovenko and Trofimov.

30.    On April 1, 2026, DA's counsel notified Plaintiffs of their intent to oppose the Motion with respect to Surovenko and takes no position at this time with respect to Trofimov.

31.    On April 9, 2026, DA's counsel emailed Plaintiffs' counsel with the last known address of Surovenko, and the informed Plaintiffs' counsel it did not have a last known address on file for Trofimov.

32.    Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Letter Rogatory regarding Surovenko addressed to Supreme Court of British Columbia, Canada.

33.    Attached hereto as **Exhibit B** is a true and correct copy Plaintiffs' Letter Rogatory regarding Trofimov addressed to Supreme Court of British Columbia, Canada.

I declare under penalty of perjury that the foregoing is true and correct. Executed this April 10, 2026, at Pinole, California.

_/s/ Aaron Cera_
Aaron Cera

DECLARATION OF AARON CERA IN SUPPORT OF PLAINTIFFS' MOTION
IN SUPPORT OF REQUEST FOR ISSUANCE OF LETTERS ROGATORY

# EXHIBIT A

**SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[*Additional Counsel Listed on Signature Page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Sarah Andersen, et al., | Case No. 3:23-cv-00201-WHO |
| *Individual and Representative Plaintiffs*, | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY RE: DEPOSITION SUBPOENA)** |
| v. | |
| Stability AI Ltd., et al., | |
| *Defendants.* | Judge: Hon. William H. Orrick |

**TO:    Supreme Court of British Columbia, Canada**

The United States District of the Northern District of California presents its compliments to the Supreme Court of British Columbia, Canada and requests international judicial assistance to obtain seven hours of deposition testimony from, Nikolay Surovenko, located in Burnaby, British Columbia, Canada. Mr. Surovenko was an employee of Defendant DeviantArt, Inc. ("DeviantArt"). Mr. Surovenko has recently left employment of Defendant DeviantArt and is therefore not subject to party discovery under the Federal Rules of Civil Procedure of the United States. The requested testimony is to be used in a civil action proceeding before the Requesting Court. The evidence may be used at the trial on this matter, currently scheduled for June 1, 2027. Discovery is moving apace, with a fact discovery deadline of June 1, 2026. The Requesting Court requests the assistance described herein as necessary in the interests of justice and international comity.

**I.    STATEMENT OF REQUEST**

Assistance is necessary in the interests of justice and international comity. The Court requests that the Supreme Court of British Columbia, Canada compel not more than seven hours of live deposition testimony, consistent with the Federal Rule of Civil Procedure 30(d)(1), of former DeviantArt employee Mr. Surovenko.[1]

**II.    FACTS**

In the case at bar, Artists and Plaintiffs Sarah Andersen, Kelly McKernan, Karla Ortiz, Hawke Southworth, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring a class action against defendants Runway AI, Inc. ("Runway"); Stability AI Ltd. and Stability AI, Inc. (collectively "Stability"); Midjourney, Inc. ("Midjourney"); and DeviantArt (all collectively "Defendants"). Plaintiffs allege various violations of United States law, including the Copyright Act (17 U.S.C. § 501); and the Lanham Act (15 U.S.C. § 1125(a)(1)) as to Defendant Midjourney.

Plaintiffs allege that, in training and deploying the AI image generation products at-issue, Defendants—without authorization—copied, compressed, and stored vast quantities of training images

---

[1] Mr. Surovenko's address is ███████████████████████████████████████.

containing Plaintiffs' protected expression, in violation of United States intellectual property laws. *See* Public Redacted Version of Plaintiffs' Third Amended Class Action Complaint, *Andersen et al. v. Stability AI Ltd., et al.*, No. 23-CV-00201 (N.D. Cal. Feb. 27, 2026), ECF No. 431.

Plaintiffs have identified former employee Nikolay Surovenko, based on (1) Plaintiffs' review and analysis of DeviantArt's document production, and (2) DeviantArt's discovery interrogatory responses identifying him as a relevant non-party witness who possesses unique and germane knowledge concerning the technical operation of the AI image generating products at-issue, including aspects of their training and output behavior that are directly relevant to Plaintiffs' market substitution theory. This Court finds, based on the evidence presented, that Mr. Surovenko is a knowledgeable witness, likely possessing evidence relevant to the matter and otherwise subject to the Federal Rules of Civil Procedure which permit discovery in this civil case.

One of the DeviantArt products at-issue in this litigation is DreamUp, an artificial intelligence image generation tool. Plaintiffs allege that DreamUp was built through infringing copying of Plaintiffs' works in violation of United States intellectual property law. Mr. Surovenko's work on DeviantArt's DreamUp materially shaped how the tool interprets user text inputs and generates images, including decisions about how DreamUp processes a user's text description, what guardrails or filters are applied, and what images the tool outputs. Mr. Surovenko, and perhaps he alone, can provide testimony about the engineering and design choices he made during that work, including whether to mask the model's ability to output copies of the original work. This Court further finds that Mr. Surovenko made key statements during the scope of his employment with DeviantArt that may show DeviantArt's knowledge that its conduct was infringing in violation of American copyright laws, or that it acted with reckless disregard for the copyright owners' rights, facts at-issue in this matter. Thus, this Court has determined Mr. Surovenko's deposition testimony is material, relevant, and necessary. The testimony sought is not duplicative of other discovery and cannot be obtained from alternative sources. I find that the burden of having a non-party witness sit for a seven hour deposition is proportional to the needs of the case, given the relevance and necessity of the witness's testimony, and because Plaintiffs' counsel is willing to travel to Burnaby, British Columbia to take the deposition at a convenient location for the witness.

This Court has determined that the deposition testimony of Mr. Surovenko is material and necessary to the claims and defenses at-issue. Were Mr. Surovenko subject to this Court's jurisdiction, this Court would order his appearance for a deposition not to exceed seven hours as would ordinarily be permitted by the Federal Rules of Civil Procedure. As Mr. Surovenko resides in British Columbia, and is therefore, beyond this Court's jurisdictional reach, the Court respectfully requests the assistance of the Supreme Court of British Columbia, Canada in securing his deposition testimony. This Court finds that the evidence sought will be used to prove the claims alleged in the underlying action and rebut DeviantArt's anticipated fair use defense. More specifically, the testimony may be used at trial to prove Plaintiffs' allegation that DeviantArt's conduct was willful infringement and that its unauthorized use of Plaintiffs' protected expression does not qualify as a fair one. Based on my review of the documentary evidence and motion in support of issuance of letters rogatory, the deposition testimony of Mr. Surovenko will assist this Court in adjudicating the claims and defenses at-issue here.

Mr. Surovenko resides in Burnaby, British Columbia, Canada and is beyond the subpoena power of this Court. The discovery sought is narrowly tailored, not contrary to public policy, and otherwise unobtainable through discovery conducted in the United States. Because of the foregoing, Plaintiffs request that this Court issue this letter rogatory. *See Canada Evidence Act,* RSC 1985, c C-5, § 46-47; *Evidence Act*, RSBC 1996, c 124 § 53. This Court finds that if it had jurisdiction over the witness, it would compel him to appear for deposition pursuant to U.S. Federal Rules of Civil Procedure 26(b) and 45.

## III.    RECIPROCITY

In furtherance of justice and by the proper and usual process of this Court, the United States District Court of the Northern District of California assures the judicial authorities of British Columbia, Canada that it is willing to provide similar cooperation and assistance to the judicial authorities of British Columbia if it were to request similar assistance.

## IV.    EVIDENCE SOUGHT WILL ONLY BE USED IN SUPPORT OF THE ABOVE CAPTIONED MATTER

This Court has entered a protective order requesting the confidential treatment of discovery secured in this litigation. ECF No. 380. The protective order precludes parties from using such discovery in legal proceedings apart from this action without consent of the person or entity producing the materials. *Id.*

## V.  REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of British Columbia for the costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting any such payment is as follows:

Joseph R. Saveri
Counsel for Individual and Representative Plaintiffs and the Proposed Class
Saveri Law Firm, LLP
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

**IT IS SO ORDERED:**

DATED: _____

_____
Honorable Judge William H. Orrick
United States District Judge

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY RE: DEPOSITION SUBPOENA)

# EXHIBIT B

**SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butdericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Sarah Andersen, et al., | Case No. 3:23-cv-00201-WHO |
| *Individual and Representative Plaintiffs*, | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY RE: DEPOSITION SUBPOENA)** |
| v. | |
| Stability AI Ltd., et al., | |
| *Defendants.* | Judge: Hon. William H. Orrick |

Case No. 23-cv-00201-WHO (LJC)

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY RE: DEPOSITION SUBPOENA)

**TO:    Supreme Court of British Columbia, Canada**

The United States District of the Northern District of California presents its compliments to the Supreme Court of British Columbia and requests international judicial assistance to obtain seven hours of deposition testimony from Georgii Trofimov, located in Vancouver, British Columbia, Canada. Mr. Trofimov was an employee of Defendant DeviantArt, Inc. ("DeviantArt"). Mr. Trofimov has recently left employment of Defendant DeviantArt and is therefore not subject to party discovery under the Federal Rules of Civil Procedure of the United States. The requested testimony is to be used in a civil action proceeding before the Requesting Court. The evidence may be used at the trial on this matter, currently scheduled for June 1, 2027. Discovery is moving apace, with a fact discovery deadline of June 1, 2026. The Requesting Court requests the assistance described herein as necessary in the interests of justice and international comity.

**I.    STATEMENT OF REQUEST**

Assistance is necessary in the interests of justice and international comity. The Court requests that the Supreme Court of British Columbia, Canada compel not more than seven hours of live deposition testimony, consistent with the Federal Rule of Civil Procedure 30(d)(1), of former DeviantArt employee Mr. Trofimov.[1]

**II.    FACTS**

In the case at bar, Artists and Plaintiffs Sarah Andersen, Kelly McKernan, Karla Ortiz, Hawke Southworth, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring a class action against defendants Runway AI, Inc. ("Runway"); Stability AI Ltd. and Stability AI, Inc. (collectively "Stability"); Midjourney, Inc. ("Midjourney"); and DeviantArt (all collectively "Defendants"). Plaintiffs allege various violations of the Copyright Act (17 U.S.C. § 501); and violations of the Lanham Act (15 U.S.C. § 1125(a)(1)) as to Defendant Midjourney.

Plaintiffs allege that, in training and deploying the AI image generation products at-issue, Defendants—without authorization—copied, compressed, and stored vast quantities of training images

---

[1] Mr. Trofimov's address is ███████████████████████████████████████████

Case No. 23-cv-00201-WHO (LJC)                1

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY RE: DEPOSITION SUBPOENA)

containing Plaintiffs' protected expression, in violation of United States intellectual property laws. *See* Public Redacted Version of Plaintiffs' Third Amended Class Action Complaint, *Andersen et al. v. Stability AI Ltd., et al.*, No. 23-CV-00201 (N.D. Cal. Feb. 27, 2026), ECF No. 431.

Plaintiffs have identified former employee Georgii Trofimov, based on (1) Plaintiffs' review and analysis of DeviantArt's document production, and (2) DeviantArt's interrogatory responses identifying him as a machine learning engineer who was responsible for, or exercised oversight or control over, the research and development of the AI image generating products at-issue. This Court finds, based on the evidence presented, that Mr. Trofimov is a knowledgeable witness, likely possessing evidence relevant to the matter and otherwise subject to the Federal Rules of Civil Procedure which permit discovery in this civil case.

One of the DeviantArt products at-issue in this litigation is DreamUp, an artificial intelligence image generation tool. Plaintiffs allege that DreamUp was built through infringing copying of Plaintiffs' works in violation of United States intellectual property law. According to DeviantArt's interrogatory responses, Mr. Trofimov had primary responsibility for, or exercised oversight or control over, the research and development of DreamUp. I find that only Mr. Trofimov can testify to his oversight and control over the research and development of DreamUp. This Court further finds that Mr. Trofimov made key statements during the scope of his employment with DeviantArt that may show DeviantArt's knowledge that its conduct was infringing in violation of American copyright laws, or that it acted with reckless disregard for the copyright owners' rights, facts at-issue in this matter. Thus, this Court has determined Mr. Trofimov's deposition testimony is material, relevant, and necessary. The testimony sought is not duplicative of other discovery and cannot be obtained from alternative sources. I find that the burden of having a non-party witness sit for a seven hour deposition is proportional to the needs of the case, given the relevance and necessity of the witness's testimony, and because Plaintiffs' counsel is willing to travel to Vancouver, British Columbia to take the deposition at a convenient location for the witness.

This Court has determined that the deposition testimony of Mr. Trofimov is material and necessary to the claims and defenses at-issue. Were Mr. Trofimov subject to this Court's jurisdiction, this Court would order his appearance for a deposition not to exceed seven hours as would ordinarily be permitted by the Federal Rules of Civil Procedure. As Mr. Trofimov resides in British Columbia, and is therefore, beyond

this Court's jurisdictional reach, the Court respectfully requests the assistance of the Supreme Court of British Columbia, Canada in securing his deposition testimony. This Court finds that the evidence sought will be used to prove the claims alleged in the underlying action and rebut DeviantArt's anticipated fair use defense. More specifically, the testimony may be used at trial to prove Plaintiffs' allegation that DeviantArt's conduct was willful infringement and that its unauthorized use of Plaintiffs' protected expression does not qualify as a fair one. Based on my review of the documentary evidence and motion in support of issuance of letters rogatory, the deposition testimony of Mr. Trofimov will assist this Court in adjudicating the claims and defenses at-issue here.

Mr. Trofimov resides in Vancouver, British Columbia and is beyond the subpoena power of this Court. The discovery sought is narrowly tailored, not contrary to public policy, and otherwise unobtainable through discovery conducted in the United States. Because of the foregoing, Plaintiffs request that this Court issue this letter rogatory. *See Canada Evidence Act,* RSC 1985, c C-5, § 46-47; *Evidence Act*, RSBC 1996, c 124 § 53. This Court finds that if it had jurisdiction over the witness, it would compel him to appear for deposition pursuant to U.S. Federal Rules of Civil Procedure 26(b) and 45.

## III.    RECIPROCITY

In furtherance of justice and by the proper and usual process of this Court, the United States District Court of the Northern District of California assures the judicial authorities of British Columbia, Canada that it is willing to provide similar cooperation and assistance to the judicial authorities of British Columbia if it were to request similar assistance.

## IV.    EVIDENCE SOUGHT WILL ONLY BE USED IN SUPPORT OF THE ABOVE CAPTIONED MATTER

This Court has entered an amended protective order requesting the confidential treatment of discovery secured in this litigation. ECF No. 380. The protective order precludes parties from using such discovery in legal proceedings apart from this action without consent of the person or entity producing the materials. *Id.*

## V. REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of British Columbia for the costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting any such payment is as follows:

Joseph R. Saveri

Counsel for Individual and Representative Plaintiffs and the Proposed Class
Saveri Law Firm, LLP
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

**IT IS SO ORDERED:**

DATED: _____

_____
Honorable Judge William H. Orrick
United States District Judge