**SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Sarah Andersen, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Stability AI Ltd., et al., <br> *Defendants* | Case No. 23-CV-00201-WHO (LJC) <br><br> **PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE PURSUANT TO LOCAL RULE 6-3** <br><br> Judge: Hon. William H. Orrick |

## I.    INTRODUCTION

Though the Parties are diligently seeking to complete depositions by the present fact discovery deadline of June 1, a modest extension is required to fully complete them. Several deponents reside overseas. While ordinarily, this may not be an impediment to obtaining their testimony, key witnesses reside in Israel, and the current armed conflict in the Middle East renders scheduling their depositions impossible at present. In addition, Plaintiffs have also recently learned that several witnesses are not only former employees, requiring Rule 45 processes, but also reside outside the United States, necessitating resort to foreign process such as the concurrently-filed motion requesting the Court issue letters rogatory. More time is needed to depose Stability and DeviantArt's witnesses.

In addition, while the issues surrounding deposition scheduling would be good cause on their own, belated document discovery has revealed significant deficiencies as to each Defendants' production. Stability, for example, has not even made source code available—Plaintiffs will only be able to begin inspection on April 15, 5 days after the instant motion. Declaration of Evan Creutz ("Creutz Decl."), ¶ 7. Thus, while Plaintiffs aim to complete depositions as to Runway and Midjourney by June 1, fact discovery should remain open as to all. Additionally, as this Court is aware, Plaintiffs have been diligently searching for a technical expert to prosecute their case. After an extensive search, Plaintiffs have recently secured one. *Id.*, ¶ 8. A modest extension would permit Plaintiffs' expert to become familiar with the voluminous training data produced in this case.

Plaintiffs continue to diligently pursue completion of fact discovery. Runway and Midjourney have proposed dates for their deponents, and, setting aside ongoing negotiations regarding document production, Plaintiffs can complete those depositions by the present discovery deadline. Plaintiffs themselves have made themselves available for deposition and are prepared to proceed. Plaintiffs, however, request an extension of 90 days to complete the depositions of Stability and DeviantArt witnesses, and to complete document and source code discovery. If subsequent productions provide good cause to recall witnesses for limited re-examination, the Parties will negotiate, as they have, in good faith.

## II.    ARGUMENT

### A.    Good Cause Exists to Modify the Case Schedule.

Once a scheduling order has been filed pursuant to Federal Rule of Civil Procedure 16, the

"schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Multiple independent grounds support modification here.

Here, Plaintiffs must complete approximately 50 30(b)(1) depositions across three continents and eight time zones. While this would have been demanding enough, at least ten key witnesses are no longer employed by Defendants, including several key witnesses that—Plaintiffs recently learned—reside in foreign jurisdictions, necessitating resort to foreign process. Creutz Decl., ¶ 9. Further, armed conflict has rendered certain witnesses unreachable. *Id.*, ¶ 14. This is before accounting for the depositions of Plaintiffs themselves. The current schedule cannot accommodate this reality. In addition, Plaintiffs' newly retained machine learning expert must analyze more than 310 terabytes of training data produced by four Defendants. *Id.*, ¶ 10. Plaintiffs' requested 90-day extension to complete discovery is essential: this class action against four separate artificial intelligence companies will set the precedent for whether purveyors of image-generating AI technologies, like Defendants, may, without permission, use copyrighted works to develop and commercialize their products. A complete evidentiary record is of particular importance given the claims at issue here. *See generally Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1037 (N.D. Cal. 2025) (emphasizing the need for copyright plaintiffs to establish a complete record to adjudicate issues in AI copyright context).

### 1.    The Remaining Deposition Schedule Is Physically Unworkable.

The Parties will need to complete approximately 50 depositions to adequately develop the record in this case. Plaintiffs alone must depose at least 30 individual witnesses scattered from London to Israel, to cities spanning the American coasts. *Id.*, ¶ 11. This includes nine former employees, now spread across Oregon, California, and New York, who require third-party subpoenas. *Id.*, ¶ 12. In addition, four separate Defendants each require their own Rule 30(b)(6) deposition—and given the breadth of topics at issue, Plaintiffs anticipate needing two 30(b)(6) deposition sessions per Defendant, totaling eight corporate deposition sessions alone. Defendants, for their part, intend to depose every Plaintiff, and have already sought to expand deposition time beyond seven hours for certain of them. None of this accounts for delays

in taking international depositions because of unanticipated employee departures, necessitating letters rogatory to Canada (which will take at least six weeks), service under the Hague convention (for key former employees now residing in Germany and the United Kingdom), navigation of the Japanese legal system requiring depositions in US embassies or consulates (for a recent employee departure), and outreach to the Norwegian Central Authority to authorize the deposition of a Runway employee located in Norway. *Id.*, ¶ 13. Further, at least three witnesses reside in Israel. *Id.*, ¶ 14. Given the present armed conflict, DeviantArt's counsel has averred that scheduling their depositions, even by remote means, is presently an impossibility. *Id.*, ¶ 14.

### 2. Plaintiffs' Newly Retained Machine Learning Expert Requires Time to Analyze Hundreds of Terabytes of Training Data.

After contacting more than twenty potential experts over many months who for various reasons were either disqualified or unable to serve, Plaintiffs have now retained a machine learning expert. Creutz Decl., ¶ 8. The expert is necessarily getting a late start, and the work ahead is immense. Defendants have produced more than 310 terabytes of training data.[1] Plaintiffs could not meaningfully analyze this data without a machine learning expert. Now that the expert has been retained, he must review these hundreds of terabytes of training data—consisting of billions of images—analyze the source code of all four Defendants, and write a comprehensive report. This work is central to Plaintiffs' case.

The four Defendants each have their own distinct technical infrastructures, four proprietary training pipelines, and voluminous technical documentation. *Id.*, ¶ 15. Plaintiffs' expert must review and analyze each of them. The expert must review data cards, model cards, internal reports, and pipeline specifications to trace how copyrighted works flowed through each stage of model development. Without that guidance, counsel cannot know what additional discovery to pursue or what questions to pose in depositions. If fact discovery closes before the expert completes preliminary analysis, evidentiary gaps will be incurable.

### 3. Document Productions Arrive Too Late to Support Deposition Preparation.

Defendants have repeatedly resisted and delayed the production of relevant documents. Delayed

---

[1] Midjourney produced more than 150 terabytes of data; Runway produced more than 60 terabytes; Stability AI produced approximately 100 terabytes containing over 260,000 objects (with more expected); and DeviantArt produced another 110 gigabytes. Creutz Decl., ¶ 16.

production necessitates follow-up discovery requests. For example, DeviantArt recently produced for inspection documents revealing it fine-tuned CLIP models that it did not disclose in response to an interrogatory that specifically sought that information. *Id.*, ¶ 17. Stability produced only 6,584 documents, 3,142 of which are emails which relate to notifications on HuggingFace, a code-hosting platform, that are of little consequence. *Id.*, ¶ 18. New productions are expected in the coming weeks; insufficient time remains to review them before depositions.

Defendants' source code productions reveal other significant discovery issues. With respect to Runway, there are major evidentiary gaps in the scripts Runway used to download copied images and curate them in the first instance. Creutz Decl., ¶ 21. Stability, on the other hand, has not yet made source code available. *Id.*, ¶ 7. Instead, Plaintiffs must wait until April 15 to first inspect Stability's code (*id.*), which bears on, among other things, the uses Stability made as well as challenging transformativeness.

### 4.    Multi-Defendant Complexity Requires Coordinated Discovery.

Discovery has revealed operational interconnections among Stability, Runway, and Midjourney. Stability and Runway shared compute resources during model training and relied on overlapping subsets of the LAION training dataset. Testimony about one Defendant's infrastructure, training runs, and data ingestion necessarily bears on the others. This coordination takes time the current schedule does not provide. Nonetheless, Plaintiffs are doing what they can, but more time is warranted.

### B.    Plaintiffs Have Diligently Prosecuted This Action.

"[R]easonable diligence does not demand perfection." *M.H.C. v. Cnty. of Los Angeles*, 2019 WL 13242561, at *4 (C.D. Cal. Nov. 5, 2019); *see also C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1195 (C.D. Cal. 2009) (9th Cir. 2011) (finding that a party acted diligently despite not taking "the most prudent course of action" because the party's action could not "be characterized as negligent or careless"). Plaintiffs have met that standard.

*Expert Retention.* Following the Court's August 29, 2025 Order resulting in the loss of Plaintiffs' prior expert—Plaintiffs conducted a extensive search for a replacement, contacting more than twenty potential alternative candidates. *See* Creutz Decl. ¶ 8. Plaintiffs have now successfully retained a testifying machine-learning expert. *Id*.

*Training Data Productions.* Plaintiffs are reviewing more than 310 terabytes of training data. *Id.*, ¶

10. Though Plaintiffs have been reviewing the training data independently, their expert requires time to become familiar with the data themselves.

*Source Code Inspections.* Plaintiffs have made meaningful progress in inspecting Defendant Runway's, Midjourney's, and DeviantArt's source code. *Id.*, ¶ 22. The inspections reveal additional follow-up items and deficiencies in the evidence provided by at least three of the four Defendants. *Id.*

*Deposition Scheduling.* In addition to 30(b)(1) depositions, Plaintiffs have been meeting and conferring with each Defendant regarding 30(b)(6) notices. *Id.*, ¶ 23. Plaintiffs provided deposition availability on March 6, 2026. *Id.*, ¶ 24. The Parties are also conferring on logistics related to the deposition of international witnesses. *Id.*, ¶ 25.

*Document Production.* As of April 6, 2026, Plaintiffs have collectively produced more than 28,000 documents. *Id.*, ¶ 26. Defendants' productions vary widely: Runway has produced nearly 23,000 documents, Midjourney roughly 6,300, Stability AI approximately 6,500, and DeviantArt just 1,850. *Id.*

**C.      The Requested Extension Is Narrowly Tailored.**

Ninety (90) days is the minimum necessary to complete discovery including depositions. It allows Plaintiffs' expert to conduct meaningful analysis of the 310+ terabytes of training data now in Plaintiffs' possession, review source code for all four Defendants, and provide guidance for final discovery. It accommodates outstanding productions and international logistics. It provides time for witness availability in conflict-affected regions to stabilize. Further, Plaintiffs commit to completing depositions for Runway and Midjourney by the present discovery deadline. Should good cause based on outstanding document productions require more time, the Parties will negotiate in good faith, as they have.

The extension requires corresponding adjustments to expert and dispositive motion deadlines. Plaintiffs' proposed order sets forth an amended schedule culminating in a trial date of August 30, 2027. Defendants themselves proposed fact discovery through March 2026 and expert discovery through July 2026, recognizing the scale of this litigation. *See* ECF 235 § 8(b). The extension Plaintiffs seek is consistent with the complexity Defendants acknowledged from the outset.

**III.      CONCLUSION**

Plaintiffs respectfully request the Court amend the pretrial schedule as set forth in the accompanying proposed order.

Dated: April 10, 2026

By:      /s/ Joseph R. Saveri
          Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: ebuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butiericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*