KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorney for Defendant
RUNWAY AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KARLA ORTIZ, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 3:23-cv-00201-WHO (LJC)<br><br>**DEFENDANT RUNWAY AI, INC.'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO MODIFY CASE SCHEDULE**<br><br>Date:    April 22, 2026<br>Time:    2:00 p.m.<br>Dept.:    2; 17th Floor<br>Judge:    Hon. William H. Orrick<br><br>Date Filed: January 13, 2023<br><br>Trial Date: June 1, 2027 |

## I.    INTRODUCTION

As to Defendant Runway AI, Inc. ("Runway"), Plaintiffs' second motion to extend the case schedule ("Motion") (ECF No. 474) fails at the outset.  Not only do Plaintiffs offer no Runway-specific basis for another 90-day extension, but they also repeatedly concede that they can and will complete Runway depositions by the current June 1 fact-discovery deadline.  *See, e.g.*, Motion at 5:18-19 ("Plaintiffs commit to completing depositions for Runway . . . by the present discovery deadline.").  That admission ends the inquiry under Rule 16, which requires Plaintiffs to show that the current deadline "cannot reasonably be met" despite their diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiffs' asserted discovery difficulties concern other defendants, not Runway—and with good reason, since Runway has consistently fulfilled its obligations to ensure that fact discovery is completed by the June 1 cutoff.

To be clear, Runway takes no position on an extension for Plaintiffs to complete discovery from other defendants, except that Plaintiffs must demonstrate good cause to obtain one, and if the Court permits an extension, Runway does not oppose corresponding adjustments to expert and dispositive motion deadlines.  But any discovery extension should be limited to Plaintiffs' specific showing of need and diligence, not applied wholesale across all defendants.  Runway has faithfully complied with the current schedule, and it should not be saddled with another three months of discovery, which imposes substantial costs and burdens on small companies, and for which Plaintiffs have not shown—and cannot show—any good cause.

## II.    BACKGROUND

This is Plaintiffs' second request in 2026 to extend the case schedule.  In their prior motion, filed on January 23, they assured the Court that their requested extension would "ensure [that] the remaining discovery is completed on a timeline that is realistic and achievable."  ECF No. 391 at 5:3-4.  The Court granted that request, extending the close of fact discovery from March 13, 2026, to June 1, 2026.  ECF No. 409 at 2:4-5.

Runway—a small company with approximately 150 employees—must dedicate substantial technical, executive, administrative, and financial resources to meet its discovery

burden in this case. *See* Declaration of David Silbert ("Silbert Decl.") ¶ 3. It has done so assiduously, in part to ensure that discovery will end after a reasonable period and will not continually be prolonged.

As a few examples, by ***July 2025***, Runway completed production of more than 60 terabytes of data in response to Plaintiffs' requests for training data. At Plaintiffs' insistence— and at significant burden and expense—Runway employees spent weeks manually transferring this data onto physical hard drives, rather than simply making it available via the cloud (AWS), which would have been far simpler. *Id.* ¶ 5.

Runway made available its source code for two of the four models at issue in this case in ***August 2025***, and it made available the code for the remaining models in ***September 2025***. *Id.* ¶ 6. Plaintiffs did not begin reviewing Runway's code until ***February 2026***. *Id.* After they did so, Runway promptly responded to their requests, including producing two additional repositories, printing over 285 pages of code, and cooperatively answering their questions. *Id.* ¶ 7.

By ***October 3, 2025***—the Court-ordered deadline for substantial completion of document production—Runway substantially completed production of documents responsive to Plaintiffs' then-existing requests. At the time, Runway had produced more than 18,000 documents. ECF No. 346 at 6-7.

Runway served responses and objections to Plaintiffs' Rule 30(b)(6) notice by ***January 12, 2026,*** to ensure that any issues could be fully vetted and resolved before the depositions proceeded. Silbert Decl. ¶ 9. Plaintiffs waited ***two months*** to meet and confer. *Id*. And Runway has offered firm dates for its witnesses to ensure that depositions are completed by the June 1 cutoff. *Id.* ¶ 8.

Finally, as of this filing, Runway has produced nearly 26,000 documents. *Id.* ¶ 4. And more generally, Runway has complied fully and cooperatively with its discovery obligations in this case—indeed, the parties' recent joint status reports to Judge Cisneros raise only minor and easily resolved discovery issues as to Runway (*e.g.*, providing verifications for its interrogatory answers). *See, e.g.*, ECF Nos. 415, 445, 470.

### III.   LEGAL STANDARD

"Under Rule 16, scheduling orders 'may be modified only for good cause[.]'" *Williams v. Gyrus ACMI, LP*, No. 14-cv-00805-BLF, 2016 WL 6892291, at *1 (N.D. Cal. Nov. 22, 2016) (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause inquiry is an exacting one, and 'primarily considers the diligence of the party seeking the amendment.'" *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Johnson*, 975 F.2d at 609). "[I]f the moving party was not diligent, the inquiry should end." *Id.* (internal quotations omitted).

### IV.   ARGUMENT

Plaintiffs' motion should be denied as to Runway because Plaintiffs have not carried their burden to show good cause under Rule 16 as to Runway—to the contrary, they repeatedly concede that they can and will complete Runway's depositions by the current June 1 fact-discovery deadline. That concession is dispositive under Rule 16's "exacting" inquiry, which requires Plaintiffs to prove that, despite their diligence, the current deadline "cannot reasonably be met[.]" *Johnson*, 975 F.2d at 609 (citation omitted).

The discovery issues that Plaintiffs complain of—including source-code timing, overseas employees requiring process under the Hague convention, and witnesses in conflict zones— concern other defendants and, as Plaintiffs admit, do not prevent completion of Runway discovery by June 1. Indeed, Plaintiffs identify only two arguable discovery issues relating to Runway, both of which fall far short of carrying Plaintiffs' burden under Rule 16. They assert that one Runway witness in Norway (who will sit for deposition by Zoom) requires "outreach to the Norwegian Central Authority to authorize" the deposition. Motion at 3:5-6. But Plaintiffs noticed that deposition over a month ago and appear to have contacted the Norwegian Central Authority only two weeks ago. *See* Silbert Decl. ¶ 8. Regardless, Runway knows of no reason that the deposition cannot be completed by the June 1 cutoff.[1] And Plaintiffs' complaint of "major evidentiary gaps" in the code Runway produced also falls flat. Motion at 4:7-9. Even if it

---

[1] Moreover, if due to unavoidable circumstances this *one* deposition had to occur after June 1, that still would not justify a blanket extension of the cutoff.

RUNWAY'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO MODIFY CASE SCHEDULE
Case No. 3:23-cv-00201-WHO (LJC)

6177609

were true (which it is not), Runway completed its source code production in *September 2025*— eight months before the discovery cutoff—and Plaintiffs did not begin reviewing the code until *February 2026*. Silbert Decl. ¶ 6. Runway is working cooperatively with Plaintiffs and expects all their code-related questions to be resolved well before June 1. *Id.* ¶ 7. But if for any reason they are not, the delay falls squarely on Plaintiffs' shoulders and cannot constitute good cause under Rule 16. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.")

Plaintiffs' broad appeal to multi-defendant "complexity" is likewise no basis to prolong discovery for Runway. Motion at 4:12-17. Plaintiffs knew the case was complex when they asked for the last extension in January, assuring the Court that the new—*i.e.*, current—schedule was "realistic and achievable." ECF No. 391 at 5:3-4. Moreover, as noted, Plaintiffs concede that they can finish Runway depositions by June 1. Rule 16 does not authorize prophylactic extensions untethered to a concrete showing of diligence and need as to the party against whom relief is sought, and Plaintiffs make no such showing against Runway.

To the contrary, the record shows that Runway has worked diligently and energetically to finish discovery on time. It produced enormous quantities of data (training data and its relevant source code) long before the cutoff, allowing ample time to resolve any issues. It teed up the potentially thorny issue of Rule 30(b)(6) objections early so that any disputes could be fully vetted and resolved before the depositions proceeded (although Plaintiffs still took two months to follow up). It bent over backwards to accommodate Plaintiffs' demands and avoid unnecessary disputes, even when it thought (with good reason) that those demands were unreasonable. And it made robust and fulsome document productions to keep the case moving forward.

Discovery is a necessary part of civil litigation, but it imposes an extraordinary toll on litigants. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-9 (2007) (describing the "potentially enormous expense of discovery"). Even beyond the monetary costs, companies like Runway must continually divert executives, engineers, and administrative staff from core operations to respond to litigation demands, even as they fight to excel in a fiercely competitive business environment. Rule 16's "exacting" standard exists for a reason: litigants must operate

under the schedule that the Court sets, not treat it as a rough guideline.  Here, the Court already granted Plaintiffs an 80-day extension a little over two months ago.  Plaintiffs have not come close to demonstrating good cause under Rule 16 for another 90-day extension as to Runway, and the Court should not subject Runway to 90 more days of discovery.  *See In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (a court may also "take into account any prejudice to the party opposing modification of the scheduling order").

**V.      CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' second motion to extend the case schedule as to Runway insofar as it concerns the fact-discovery cutoff.  The June 1, 2026 fact-discovery cutoff should remain in place as to Runway.  If the Court wishes to consider extending subsequent deadlines, *e.g.*, for expert reports or dispositive motions, Runway takes no position.

Dated:  April 20, 2026                                              KEKER, VAN NEST & PETERS LLP


                                                  By:    */s/ David Silbert*
                                                            DAVID SILBERT

                                                            Attorney for Defendant
                                                            RUNWAY AI, INC.

5

6177609