CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
SAMUEL BLANKENSHIP (339905)
sblankenship@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

ARMINDA B. BEPKO (admitted *pro hac vice*)
abepko@cgsh.com
CHARITY E. LEE (admitted *pro hac vice)*
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000

Attorneys for Defendant
MIDJOURNEY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 3:23-CV-00201-WHO (LJC) |
| Plaintiffs, | **MIDJOURNEY INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE PURSUANT TO LOCAL RULE 6-3** |
| v. | |
| STABILITY AI LTD, a UK corporation, STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation, | Date: April 22, 2026<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs' Motion to Modify Case Schedule (the "Motion") fails at the threshold as to Midjourney.  By Plaintiffs' own repeated admissions, they can and will complete Midjourney depositions by the current June 1 fact-discovery deadline.  *See, e.g.*, Mot., ECF No. 474 (Apr. 10, 2026) at 1:21 ("Plaintiffs can complete those depositions by the present discovery deadline"); *id.* at 5:18-19 ("Plaintiffs commit to completing depositions for … Midjourney by the present discovery deadline").  That concession is dispositive.  Federal Rule of Civil Procedure 16 requires a showing that the current deadline "cannot reasonably be met" despite the movant's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiffs do not even attempt to make such a showing as to Midjourney—because they cannot.

Plaintiffs' characterization of their request as a "modest extension" to "fully complete" depositions (Mot. at 1:3) is belied by the relief they actually seek.  In reality, Plaintiffs seek another 90 days to conduct whatever additional, unlimited document, source-code, and written discovery they wish—untethered to any specific, identified need as to Midjourney.  That is not "narrow" relief; it is a wholesale reopening of the discovery period, and it should be rejected by the Court.

Indeed, nothing in the Motion identifies any impediment to completing discovery as to Midjourney by the June 1 fact discovery cut-off ordered by the Court.  The deposition scheduling difficulties, letters rogatory, and source-code deficiencies catalogued in the Motion are directed exclusively at other Defendants—not Midjourney.  Mot. at 1-5.  And to the extent the Creutz Declaration identifies specific discovery Plaintiffs have requested from Midjourney, the Court has already set deadlines to resolve any disputes within the current schedule. Minute Entry, ECF No. 491 (Apr. 16, 2026).

Thus, there is no good cause to grant Plaintiffs' requested extension of fact discovery as to Midjourney.  To the extent the Court is inclined to grant any extension, it should be limited to a reasonable, limited period where necessary to complete depositions.  The expert discovery and dispositive motion deadlines should also be adjusted by the same time period to maintain the overall case schedule and ensure the Court can efficiently adjudicate the overlapping claims asserted against all Defendants.

## II.    ARGUMENT

"Under Rule 16, scheduling orders 'may be modified only for good cause[.]'" *Williams v. Gyrus ACMI, LP*, 2016 WL 6892291, at *1 (N.D. Cal. Nov. 22, 2016) (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause inquiry is an exacting one, and 'primarily considers the diligence of the party seeking the amendment.'" *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Johnson*, 975 F.2d at 609). "[I]f the moving party was not diligent, the inquiry should end." *Id.* (internal quotations omitted).

### A.    Plaintiffs Have Not Demonstrated Good Cause as to Midjourney

Plaintiffs' Motion should be denied as to Midjourney because Plaintiffs have utterly failed to carry their burden under Rule 16. Far from demonstrating that the current deadline "cannot reasonably be met," Plaintiffs repeatedly concede the opposite: they can and will complete Midjourney's depositions by the current June 1 fact-discovery deadline. Mot. at 1:21; 5:18-19. Since the filing of the Motion, all of the Midjourney depositions have been scheduled and will occur prior to June 1. That should be the end of the "exacting" inquiry required under Rule 16; Plaintiffs cannot meet the requirements for a further extension. *Clear-View Techs*, 2015 WL 1307112, at *3.

The Motion cites nothing specific to Midjourney as grounds for a further extension. The asserted deposition scheduling difficulties concern witnesses located in Israel (DeviantArt), former employees requiring letters rogatory (Stability AI), and witnesses in Germany, the UK, Japan, and Norway—none of whom are Midjourney witnesses. Mot. at 1-3. Nor does the Motion identify any specific way in which Midjourney has purportedly "resisted and delayed" discovery. *Id*. at 3–4. Rather, the Motion catalogs source code complaints directed at Stability AI, which "has not yet made source code available," and at Runway, where Plaintiffs allege "major evidentiary gaps in the scripts Runway used to download copied images." *Id*. at 4:7-11. Midjourney is not mentioned.

Specific discussion of Midjourney is limited to two discrete paragraphs in the Creutz Declaration. *See* Creutz Decl. ¶¶ 19–20. But notably absent from either paragraph is any explanation of why the discovery Plaintiffs describe cannot be accomplished before the June 1 deadline. For example, Plaintiffs' complaint that Midjourney refused to agree to additional search

terms and five new custodians—on top of an initial six—is mooted by the fact that Midjourney ultimately agreed to them. *Id.* at ¶ 19. Indeed, Midjourney did so on an expedited basis—producing the bulk of responsive non-privileged communications on April 17, 2026. Dunning Decl. ¶ 10. Midjourney is on track to produce any remaining documents responsive to these searches well in advance of any depositions and in accordance with the schedule set by the Court. *See id.*; Minute Entry (ECF No. 491).

Likewise, Plaintiffs' assertion that Midjourney failed to produce training data (Creutz Decl. ¶ 20) is flatly contradicted by the record. Midjourney made more than 150 terabytes of LAION training data available on August 11, 2025 via Google Cloud—and, at Plaintiffs' request, produced that same data again via hard drives. Dunning Decl. ¶ 4. Plaintiffs' claim of needing more time for expert analysis of this data is unavailing. *See* Mot. at 3:9–23. Plaintiffs have known since at least July 2025 that they could not rely on their original expert, Dr. Zhao, and the need to retain a replacement was the central justification for the extension this Court already granted. *See* Order Granting Defs.' Request Regarding Disclosure to Dr. Zhao, ECF No. 316 (July 14, 2025); Order Denying Relief from Pretrial Order of Magistrate Judge, ECF No. 337 (Aug. 29, 2025); Pls.' Mot. to Modify Case Schedule, ECF No. 391 (Jan. 23, 2026), at 2–3. Having already obtained additional time on that very basis, Plaintiffs cannot recycle the same excuse to obtain yet another extension. Midjourney's training data has been available to Plaintiffs for over eight months. It is their failure to timely retain an expert—not anything Midjourney did—that created the purported time pressure.

Similarly, Midjourney made its source code available for inspection in December 2025— but Plaintiffs did not begin any inspection until February 19, 2026, nearly two months later—and did so using the very same expert they disclosed to Midjourney in April 2025. Dunning Decl. ¶¶ 5–6. Plaintiffs then waited an additional six weeks—until April 1, 2026—to return for further inspection. *Id.* at ¶ 6. To the extent Plaintiffs now have follow-up requests concerning Midjourney's source code, that predicament is entirely of their own making. In any case, to the extent there are any remaining issues concerning Midjourney's source code that the parties cannot resolve on their own, Judge Cisneros has already set a schedule for doing so well within the current deadlines: "Plaintiffs and Midjourney shall meet and confer regarding any outstanding issues

MIDJOURNEY INC.'S OPP. TO PLS.' MTN. TO
MODIFY SCHEDULE
CASE NO.: 3:23-CV-00201 WHO

regarding Midjourney's source code by April 24, 2026, and file a joint letter brief by May 1, 2026"—a full month before the June 1 fact-discovery cutoff. Minute Entry, ECF No. 491, at 2.

Plaintiffs' remaining complaints fare no better. As to the 76 hyperlinks Plaintiffs requested on March 25, 2026 (Creutz Decl. ¶ 19), Midjourney is in the process of collecting and producing responsive materials, and there is no reason this discrete task should delay the close of fact discovery. Dunning Decl. ¶ 7. And as to Plaintiffs' assertion that Midjourney's Slack productions are deficient (Creutz Decl. ¶ 20), Midjourney has repeatedly told Plaintiffs that it has produced all relevant, non-privileged data it was able to locate through a reasonable search. Dunning Decl. ¶ 8. When these matters came up at the April 16 discovery status conference, Plaintiffs' counsel acknowledged that there were no ripe disputes between Plaintiffs and Midjourney requiring judicial intervention. *Id.* at ¶ 11. In sum, none of these purported issues—individually or collectively—constitutes good cause for Plaintiffs' requested 90-day extension as to Midjourney.

Nor does Plaintiffs' invocation of "multi-defendant complexity" salvage their Motion as to Midjourney. *See* Mot. at 4:17-22. Plaintiffs assert that "operational interconnections" among Stability, Runway, and Midjourney require additional coordinated discovery, but they neither identify any specific discovery from Midjourney that must be coordinated with any other Defendant, much less explain why this purported additional complexity warrants a further extension. *See id.* Plaintiffs' choice to sue multiple Defendants in the same action should not excuse them from demonstrating good cause as to each.

**B.    Plaintiffs Already Received an Extension and Represented It Would Suffice**

Plaintiffs' request for yet more time to complete fact discovery is irreconcilable with their own prior representations to this Court. A mere three months ago, Plaintiffs assured the Court that their requested extension was "narrowly tailored to ensure the remaining discovery is completed on a timeline that is realistic and achievable." ECF No. 391, at 5:3-4. The Court credited those representations and granted an 80-day extension. Nothing material has changed since then. Yet Plaintiffs now seek an even longer extension—90 days—without explaining what went wrong with the schedule they told the Court would work. This is not good cause; it is a pattern of failure to

**MIDJOURNEY INC.'S OPP. TO PLS.' MTN. TO MODIFY SCHEDULE CASE NO.: 3:23-CV-00201 WHO**

advance discovery.[1] *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

### C.    An Extension Would Impose Undue Burden and Expense on Midjourney

Discovery is a part of civil litigation, but it exacts an extraordinary toll on litigants—particularly small companies like Midjourney. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (describing the "potentially enormous expense of discovery"). Midjourney must divert its technical, executive, administrative, and financial resources from core operations to respond to litigation demands, even as it competes in a fiercely competitive business environment. Dunning Decl. ¶ 12. Rule 16's "exacting" standard exists to prevent the kind of open-ended, rolling discovery that Plaintiffs seek here. Midjourney has produced more than 150 terabytes of training data, made source code available months ago, produced thousands of documents, and timely scheduled all of its depositions—all to ensure compliance with the current cutoff. *See id.* at ¶¶ 3–10; Joint Status Report, ECF No. 470 (Apr. 9, 2026), at 1:22-27. Plaintiffs offer no justification for subjecting Midjourney to the burden and expense of 90 additional days of discovery.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion insofar as it seeks to extend the fact-discovery cutoff as to Defendant Midjourney. Plaintiffs have identified no good cause—indeed, no cause at all—for another 90-day extension, and the Court should not subject Midjourney to three more months of unlimited fact discovery based on difficulties that either concern other Defendants or are entirely of Plaintiffs' own making. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (a court may "take into account any prejudice to the party opposing modification of the scheduling order"). However, to the extent the Court grants any extension, it should be limited to depositions and the expert discovery and dispositive motion deadlines should be adjusted accordingly.

---

[1] Plaintiffs' citation to *Kadrey v. Meta Platforms, Inc.*, in support of their need for "a complete evidentiary record" (Mot. at 2) is perplexing, considering that Judge Chhabria sharply criticized Plaintiffs' same counsel here for having "not done [their] job to advance" discovery. Tr. at 14:22-24, 15:19-22 (N.D. Cal. Sept. 20, 2024).

Dated: April 20, 2026                          CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                               */s/ Angela L. Dunning*
                                               Angela L. Dunning
                                               adunning@cgsh.com
                                               CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                               1841 Page Mill Road, Suite 250
                                               Palo Alto, CA 94304
                                               Tel: +1 (650) 815-4100

                                               Attorneys for Defendant
                                               MIDJOURNEY, INC.