[Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al., | CASE NO. 3:23-cv-00201-WHO (LJC) |
| Plaintiffs, | **DEFENDANTS DEVIANTART, INC., STABILITY AI LTD., AND STABILITY AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE PURSUANT TO LOCAL RULE 6-3** |
| vs. | |
| STABILITY AI LTD., et al., | |
| Defendants. | Judge:  Hon. William H. Orrick |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

Defendants DeviantArt, Inc. ("DeviantArt") and Stability AI Ltd. and Stability AI, Inc. ("Stability AI") hereby submit this Opposition to Plaintiffs' Motion to Modify Case Schedule ("Motion"), Dkt. No. 474, pursuant to Local Rule 6-3 and the Court's Order, Dkt. No. 477.

## I.    INTRODUCTION

Plaintiffs' Motion is framed as a request for a "modest extension" to complete depositions, but the relief they in fact seek is a far broader expansion of the discovery period—beyond even the expansion that Plaintiffs unsuccessfully sought months ago. *See* Dkt. No. 391-2.

If Plaintiffs truly sought only the limited relief necessary to "fully complete" certain depositions (Mot. at 1), this dispute likely would be much narrower. At the parties' April 10 meet and confer, DeviantArt and Stability AI indicated that a deposition-only extension would be far more aligned with Plaintiffs' stated reasons for seeking relief than a sweeping schedule extension, and expressed willingness to discuss such relief, but explained that there was no justification to extend the June 1 document discovery deadline. *See* Botwinick Decl. ¶ 7; Kamdar Decl. ¶ 3. Without following up, Plaintiffs filed their motion that same day, seeking a wholesale extension.

DeviantArt and Stability AI oppose that sweeping request to extend all fact discovery. Plaintiffs have not shown the diligence Rule 16 requires, and the scheduling pressure they identify is largely self-created or results from particular external events and can be remedied through more targeted relief.  If the Court grants any relief, it should be limited to specific depositions that cannot reasonably be completed by June 1 due to concrete logistical constraints outside the parties' control, while leaving document discovery closed on June 1.

## II.    ARGUMENT

Modifying a case schedule requires good cause. *See* Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" and, "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs have not been diligent and cannot otherwise demonstrate good cause for the extension they seek, and the Motion should be denied.

### 1.    Plaintiffs Have Not Diligently Pursued Discovery.

Defendants detailed Plaintiffs' past delays in litigating this case in response to Plaintiffs'

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

January 2026 extension request, including in responding to search term and custodian proposals and in conferring on training data issues and document requests. *See* Dkt. No. 407 at 2-4. Since then, the same pattern has continued. Most notably, Plaintiffs have waited until the final stretch of fact discovery to pursue those depositions they now say make the schedule unworkable.

DeviantArt: As one example, Plaintiffs have not been diligent in scheduling DeviantArt's 30(b)(6) deposition. After DeviantArt served responses and objections to Plaintiffs' 30(b)(6) topics, Plaintiffs waited more than six weeks to respond. Botwinick Decl. ¶ 4. Plaintiffs have opted to instead direct their resources to inconsequential disputes, such as dragging out a search term dispute for weeks by refusing to provide hit reports as required by the Protective Order, or by pursuing a purely academic dispute on interpreting the ESI Order after DeviantArt already agreed to the specific relief that Plaintiffs sought. *See id.* ¶¶ 5, 6.

Stability AI: Plaintiffs likewise were not diligent in pursuing Stability AI's 30(b)(6) deposition. Stability AI served its responses and objections to Plaintiffs' noticed topics on January 15, 2026. Kamdar Decl. ¶ 4. Plaintiffs did not respond until March 12. *Id.* Plaintiffs now seek to postpone Stability AI's corporate depositions—***none*** of which they have confirmed, despite offered dates (*id.* ¶ 7)—largely because they prefer to complete former-employee depositions first. *Id.* ¶ 3. But that is Plaintiffs' sequencing preference, not good cause to reset the fact discovery schedule. Plaintiffs offer no meaningful explanation for why they did not begin subpoena efforts earlier for many former Stability AI personnel or, where foreign process is supposedly required, pursue those steps sooner. Just as importantly, they do not identify which *specific* former Stability AI personnel supposedly cannot reasonably be deposed by June 1, what *specific* efforts they have made as to each one, or why any such efforts could not have begun earlier. The lack of detail is especially telling where key former personnel publicly left Stability AI in March 2024 and their final employment dates were identified in interrogatory responses in December 2025. *Id.* ¶ 5.

**2.  Good Cause Does Not Exist to Broadly Expand the Schedule Again.**

*a.        The deposition schedule is generally workable in the time allotted.*

Plaintiffs protest that this case requires many depositions due to the need to investigate four different defendants (Mot. at 2), but this isn't news; Plaintiffs opted to sue four different defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

at once and should have anticipated deposing them all. Plaintiffs cannot complain about needing to take "approximately 50" depositions (Mot. at 2) less than two months before the close of fact discovery when Plaintiffs themselves, in their Initial Disclosures served on October 22, 2024, listed 49 specific individuals with potentially discoverable information (Kamdar Decl. ¶ 6), and when Plaintiffs pushed for the Deposition Protocol, entered over a year ago, to permit them to depose up to 30 of Defendants' fact witnesses and an unlimited number of third parties (including former employees) (Dkt. No. 274 at 5). It was entirely foreseeable that there would be many depositions, and that several would be in foreign jurisdictions.[1] Nevertheless, Plaintiffs did not even begin noticing Rule 30(b)(1) depositions until March 13, 2026 and have yet to provide notice of a single deposition subpoena. Botwinick Decl. ¶ 8; Kamdar Decl. ¶ 7.

Despite Plaintiffs' delay in pursuing depositions, the concerns they identify do not justify a wholesale extension of fact discovery. DeviantArt offered to arrange depositions after the close of fact discovery on an as-needed basis due to the current war situation in the Middle East. Botwinick Decl. ¶ 7. And Stability AI does not agree that any of the three depositions of its own current personnel must be postponed. If Plaintiffs' stated reasons support any relief at all, it should be limited to the depositions of targeted individuals facing external and unavoidable constraints, such that their depositions cannot reasonably be completed by June 1. But Plaintiffs did not pursue this narrower path. On these facts, it is impossible for Plaintiffs to demonstrate good cause.

### b.   *Plaintiffs' expert does not justify extending fact discovery.*

Plaintiffs say their newly retained expert needs more time to analyze training data. Mot. at 3. But DeviantArt and Stability AI's training data was first produced months ago, *see* Botwinick Decl. ¶ 3 (May 2025); Kamdar Decl. ¶ 8 (June 2025), and Plaintiffs were already granted an extension to find a machine learning expert, *see* Dkt. No. 391 at 2; Dkt. No. 409.  Plaintiffs again ask for more time for their expert to analyze data—nearly two months *more* than they asked for in January—yet offer nothing showing diligence in locating an expert during the prior extension they

---

[1] Plaintiffs complain that they "recently learned" former employees they seek to depose reside in foreign jurisdictions. Dkt. 474-1 ¶ 9. Although Plaintiffs have not been diligent in pursuing foreign processes for depositions, DeviantArt and Stability AI offered to consider targeted relief where warranted. *See* Botwinick Decl. ¶ 7; Kamdar Decl. ¶ 3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

were granted. *Compare* Mot. at 3 ("After contacting more than twenty potential experts") *with* Dkt. No. 391 at 2 (Plaintiffs "have contacted more than twenty potential candidates"). Consequently, whatever "late start" Plaintiffs' expert is experiencing is of Plaintiffs' doing and should not be rewarded with yet another extension. *Id.* Any concern is better addressed through expert report deadlines, on which the undersigned take no position.

### c.    *Document productions have been appropriate and on schedule.*

Plaintiffs' blanket statement that Defendants have "resisted" and "delayed" document productions is inaccurate and entirely unsupported. Each of the two barebones examples is untrue.

DeviantArt: Plaintiffs complain that certain information that Plaintiffs gleaned from DeviantArt's document productions about fine-tuning of CLIP models was not disclosed by DeviantArt in response to an interrogatory. Mot. at 4. This is a red herring. The CLIP work referred to in these documents is not related to DreamUp (the subject of Plaintiffs' claims against DeviantArt), nor to AI image generation at all; instead, the documents refer to other uses of CLIP tools—outside of DreamUp or AI image generation—related to the functioning of the general DeviantArt website.  Accordingly, this information is outside the reasonable scope of relevant, proportional discovery. It is also not responsive to Plaintiffs' interrogatory, which asks about machine-learning models connected to "the AI Image Model(s)," Dkt. No. 474-1 at 2, limiting the request to models associated with DreamUp.

Stability AI: Plaintiffs' complaints about Stability AI's production are mostly qualitative and do not establish good cause for a sweeping extension. Their complaints are about the character and pace of production, not evidence of any breakdown warranting three more months of document discovery. For instance, the parties only recently (on March 9) agreed to three new custodians. Contrary to Plaintiffs' assertion, Stability AI has already begun producing documents from those custodians, and associated production is expected to be completed promptly. Kamdar Decl. ¶ 9. Those three custodians are all former employees, none of whom Plaintiffs have subpoenaed. *Id.* Nor is it surprising that Stability AI's first custodial productions came later in the process where *Plaintiffs* delayed finalizing search terms and custodians that Stability AI had proposed in July 2025. *Id.* ¶ 10. Finally, the April 15 source code inspection date does not justify an extension.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

Indeed, it was Plaintiffs who requested the April 15 date (now April 20) in March. *Id.* ¶ 11.

### d.    There is no novel "multi-defendant complexity."

Plaintiffs' claimed surprise at the "operational interconnection" between several defendants falls flat, and in any event is no reason to extend discovery. Mot. at 4. Plaintiffs have long alleged interconnectivity among the Defendants. *See*, *e.g.*, Dkt. No. 238 ¶¶ 2, 71, and 83 (alleging collaboration between various defendants on training, deployment, distribution, promotion, and use of data sets and AI technology). Any additional information gleaned in discovery does not warrant a second broad extension. In any event, "Plaintiff[s' ] complaint – that [they are] having difficulty with discovery given the number of defendants [] involved in this case – is merely a consequence of [their] decision to file suit against so many Defendants. Plaintiff[s] chose to structure [their] case in that manner, and [] may not now complain that [they have] sued too many defendants." *Stover v. Corr. Corp. of Am.*, No. 1:12-CV-00393-EJL, 2014 WL 2890326, at *2 (D. Idaho June 24, 2014) (denying motion to extend discovery).

### 3.    Another Extension Prejudices Defendants.

Because Plaintiffs have not shown their diligence, the inquiry must end there. *Johnson*, 975 F.2d at 609. But even if the Court were to consider whether the proposed extension would prejudice Defendants, that would provide an "additional reason[] to deny [the] motion." *Id.* Defendants are relatively small companies that already have devoted significant resources to meeting the current schedule. Adding three months of unrestricted fact discovery to an already repeatedly extended schedule promises to impose substantial additional burden and expense.

## III.    CONCLUSION

DeviantArt and Stability AI respectfully request that the Court deny Plaintiffs' request a broad total expansion of the discovery schedule. If the Court concludes that any relief is warranted, it should maintain June 1 as the document discovery deadline and grant a final, 45-day extension solely for the taking of additional, targeted depositions of witnesses subject to logistical constraints outside the parties' control that the Court finds cannot reasonably be completed by June 1. DeviantArt and Stability AI take no position on any adjustment to post-fact discovery deadlines.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

Dated: April 20, 2026                    Respectfully submitted,


/s/ *Brittany N. Lovejoy*
LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Michael H. Rubin (SBN 214636)
 michael.rubin@lw.com
Brittany N. Lovejoy (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.391.0600

Sarah F. Mitchell (SBN 308467)
 sarah.mitchell@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: 213.485.1234

Simeon Botwinick (pro hac vice)
 simeon.botwinick@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

*Counsel for Defendant DeviantArt, Inc.*



/s/ *Aditya V. Kamdar*
MORRISON & FOERSTER LLP
Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
tcheung@mofo.com
tsaulsbury@mofo.com

Christopher R. Adler (SBN 324567)
707 Wilshire Boulevard, Suite 6000

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

Los Angeles, CA 90017
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: April 20, 2026                                    /s/ *Brittany N. Lovejoy*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEVIANTART & STABILITY AI'S OPP. TO
MOTION TO MODIFY CASE SCHEDULE
CASE NO. 3:23-cv-00201-WHO (LJC)