**SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butticklaw.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>STABILITY AI LTD., et al.,<br><br>                    Defendants. | Case No. 23-CV-00201-WHO (LJC)<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br><br> Judge:   Hon. Lisa J. Cisneros |

Pursuant to Civil Local Rules 7-11 and 79-5(f)(4) and the Court's Standing Order regarding Civil Cases, Plaintiffs respectfully submit this opposition to Defendant DeviantArt's Declaration in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. ECF No. 493.

On April 10, 2026, Plaintiffs filed a Motion in Support of Letters Rogatory ("Motion"). ECF No. 473. That Motion contained material that DeviantArt designated either as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to the Protective Order. In compliance with their Protective Order obligations, Plaintiffs filed concurrently an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed ("Administrative Motion"). ECF No. 472. DeviantArt filed a declaration in support of the Administrative Motion. ECF No. 493.

DeviantArt seeks to seal communications that contain no competitively sensitive information. Rather, they contain information that is embarrassing for DeviantArt. And, while DeviantArt may be uncomfortable with their public disclosure, it is settled law that the "mere fact that the production of records may lead to a litigant's embarrassment" is not sufficient to warrant sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Unsealing the material would be consistent with rulings involving similar discovery in generative AI litigation. *See Kadrey v. Meta*, Case No. 3:23-cv-03417-VC (N.D. Cal.), ECF No. 373 at 1 (Jan. 8, 2026) ("It is clear that Meta's sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity."). There, Meta sought to seal, *inter alia*, a statement by its employee: "If there is media coverage suggesting we have used a dataset we know to be pirated, such as LibGen, this may undermine our negotiating position with regulators on these issues." *Id.* The same reasoning applies here. DeviantArt does not face risk of competitive harm from disclosure. Rather, it faces the risk of embarrassment. And that, in itself, is not enough to overcome the presumption of the public's right of access.

Plaintiffs' targeted challenge is focused on the statement on page five, lines eighteen to twenty of Plaintiffs' Motion (ECF No. 473). Here, as in *Kadrey*, DeviantArt is concerned not by competitors gaining

Case No. 23-cv-00201-WHO (LJC)

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL

an advantage, but by the possibility of embarrassment. *See also Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (noting the pressure corporate lawyers face to file motions to seal information corporate clients would prefer kept secret, and that embarrassment to a corporation alone is not an exception to the public's right of access). The subject matter here is of significant public interest. *See, e.g., In Re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *1 (N.D. Cal. Mar. 11, 2026) (in generative AI copyright action involving similar conduct, noting public importance of the issues). Because the subject matter DeviantArt seeks to keep sealed is not competitively sensitive information—it is merely embarrassing—the public's right of access outweighs DeviantArt's fear of embarrassment. The public has a right to learn about DeviantArt's opinions regarding the use of creators' copyrighted works to train AI models without permission and for profit.

Plaintiffs request the Court: (1) partially deny the Administrative Motion to Consider Whether Another Party's Material Should be Sealed; and (2) direct Plaintiffs to file a partially redacted version of the Motion, with the redacted parenthetical on page five, lines eighteen to twenty, beginning at *See, e.g.,* DEVIANTART-000068 at -069 (Surovenko:…), unredacted.

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Date: April 21, 2026

By:      /s/ *Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*