April 30, 2026

<u>**VIA ECF**</u>

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

      In accordance with Section F(5) of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs and Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") submit this letter brief regarding a dispute over whether Stability AI will designate former employee William ("Bill") Cusick as a custodian. The parties met and conferred and exchanged numerous substantive correspondences but remain at impasse.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
• Next Joint Status Conference with Judge Cisneros: May 14, 2026
• Close of Fact Discovery: July 1, 2026
• Close of Expert Discovery: October 18, 2026

**[FILED UNDER SEAL]**

**Plaintiffs' Position.**

**Introduction**. Plaintiffs seek an order requiring Stability AI to designate William Cusick as an eleventh custodian—one less than the ESI Order's twelve-custodian threshold—because Mr. Cusick occupied a role no other designated custodian held, that is acutely relevant to the issues in this Action: Creative Director **responsible for artist relations**, market messaging, and qualitative testing of Stability's models.

Stability's other designated custodians are all either executive level managers or engineers that worked on creating the models (for example, the former CEO, CTO, CFO, Head of Applied Research, Head of Data Strategy Operations, and Head of Machine Learning Operations). Mr. Cusick was not an executive or engineer.

After independently researching Mr. Cusick, Plaintiffs learned he was Stability's Creative Director who, according to his website, "[led] the product marketing and artist relations for the launch of DreamStudio and Stable Diffusion. From creating pitch decks and prompt books to performing qualitative tests on pre-release models from SD 1.4 through SDXL, I worked closely with researchers, product designers and leadership to launch Stability AI in 2022 through 2023."[1]

Mr. Cusick's role required him to be familiar with how Stability's models work (performing qualitative tests, creating prompt books) and knowledgeable about communicating about the models to outside audiences (creating pitch decks). Plaintiffs learned Mr. Cusick's role involved him directly communicating with artists. These conversations, and the planning around "artist relations," are highly likely to be directly relevant to disputed issues, such as copyright ownership and fair use.

**Argument**. Stability contends Plaintiffs were not diligent in making this request and should have identified Cusick by January 30 (based on the Court's order January 26 order, Dkt. 392).[2] On the contrary, the fact that Plaintiffs identified Mr. Cusick as a necessary custodian at all demonstrates more than sufficient diligence. The fact that Stability has steadfastly refused to add Mr. Cusick, even after the extension of the fact discovery deadline and an offer to stipulate to a JLB extension to discuss potential search terms, confirms Plaintiffs are on to something important.

The documents in Stability's production alone did not trigger Plaintiffs' request to add Mr. Cusick as a custodian. Plaintiffs made the request only after independently researching Mr. Cusick (after reviewing those documents), analyzing potential overlap with other custodians, and considering alternative methods of getting the information Plaintiffs believe is in Mr. Cusick's custodial file. There is no suitable replacement for these documents and Stability's argument that the request should have come sooner does not overcome the plain relevance of the information, particularly where the request has been made months before the end of fact discovery.

. The few documents that revealed Cusick's potential significance were largely produced in January and February 2026 (aside from one document produced on Christmas Eve 2025, which was not loaded into a document review system until January). Defendants produced almost 9,000

---

[1] https://williamcusick.com/portfolio/design (last visited April 26, 2026) (emphasis added).

[2] The Court made the Order in light of the then-existing March 13, 2026, fact discovery deadline.

documents (over 112,000 pages) in January alone. Mr. Cusick's significance is not apparent on the face of the documents alone.

For instance, ██ ███████████, a project manager emailed CEO Emad Mostaque and his wife, Zehra (who had a PR role at Stability), stating, "Bill [referring to Mr. Cusick] manage[d] to collate the answers for the German journalist.



Mr. Mostaque responded, copying Mr. Cusick, ████ ██ ███ █████ *See* STABAND0015384. (If. Mr. Cusick later responded to this string, that document was not produced.) From the context of the document, Plaintiffs gleaned that Mr. Cusick was involved with preparing draft responses to a journalist's questions that go to the heart of this Action. His answers are relevant to Plaintiffs' case, particularly given his role at Stability. An ███████████ email ████████████████████████████████████████████████████ ████████████████████████████; it was forwarded to Mr. Cusick the next day, demonstrating his involvement with ███████████████████████. *See* STABAND0020576 (containing redactions for privilege). This document only landed in our production because it was later forwarded to Emad Mostaque.

STABAND0020970 demonstrates that Mr. Cusick was consulted for his "expertise" in suggesting prompts to get desired results. He also clearly did a lot of testing of the models to give feedback to engineers, as indicated by his statements in STABAND0031796 (produced in February). This is born out in Mr. Cusick's website representations.

Before making the request for this additional custodian, Plaintiffs evaluated Stability's production, and reviewed publicly available information, looking for overlap with Stability's agreed custodians; there was none. Mr. Cusick's name appears in 55 out of over 9,000 documents, and his appearances are almost completely non-substantive. For instance, his name will appear on slack channels but he has not said anything in the chat. *E.g.*, STABAND0007218. The fact Mr. Cusick barely appears in Stability's production indicates the non-duplicative nature of this request.

No communications with artists have been produced, or documents concerning artist relations strategy. Plaintiffs have not located prompt engineering documents, such as prompt books, in the production. Few marketing materials have been produced do not appear to be the pitch decks Mr. Cusick would have been working. Mr. Cusick is uniquely positioned insofar as he provides feedback to engineers building the models and interfaces directly with the public, artists in particular, regarding Stability's commercial products.

This case concerns a proposed class of artists whose works were stolen to build a commercial product and the amount in controversy is countable in billions. Mr. Cusick played a central role in communicating Stability's message to artists, and Plaintiffs cannot access this information without designating Mr. Cusick as a custodian. His files bear directly on at least two contested issues: Stability's fair use defense, because they reveal what Stability knew about artists' objections to unauthorized training; and damages, because they document the market-facing messaging Stability crafted to minimize the perception of harm to artists.

This is custodian eleven of twelve. No other custodian holds Cusick's files. The request satisfies Rule 26(b)(1). Stability's sole objection—that Plaintiffs should have moved faster—does not overcome the plain relevance of these documents. *See M.H.C. v. Cnty. of Los Angeles, 2019 WL 13242561*, at *4 (C.D. Cal. Nov. 5, 2019) ("[R]easonable diligence does not demand perfection" (citation omitted)). The burden of adding one former employee as an eleventh custodian in a case with billions in controversy is negligible. The Court should order Stability to designate Cusick as a custodian.

## Defendants' Position

Plaintiffs ask to add a custodian months after the Court-ordered deadline for them to do so. The Court should deny that request. The dispute here is not whether Plaintiffs may choose an eleventh custodian under the ESI Order. It is whether they may compel Stability AI to designate another custodian months after the Court's January 30, 2026 deadline without showing good cause. They cannot.

Plaintiffs treat Mr. Cusick as a routine "eleventh of twelve" addition. This Court rejected that premise in its December 2025 order: "Plaintiffs' selections of up to twelve custodians are not immune from challenge." ECF No. 367 at 3. That holding controls.

Plaintiffs' greater problem is that their request is untimely. On January 26, 2026, the Court ordered that "Plaintiffs shall send all requests for additional custodians to the respective Defendants no later than January 30, 2026." ECF No. 392. Once the Court sets such a deadline, parties may deviate from it only on a showing of "good cause." Fed. R. Civ. P. 16(b)(4). That standard "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiffs were not diligent. They proposed three additional custodians for Stability AI on January 15, 2026. Kamdar Decl. ¶ 3. They sent no further custodian requests by the Court's January 30 deadline. *Id.* ¶ 3. Stability AI then met and conferred on March 9 and, on that same day and despite reservations, agreed to add those three requested custodians based on Plaintiffs' representation that they did not anticipate seeking any further custodians. *Id.* ¶ 4. Only afterward did Plaintiffs pivot: on March 31, they made their first request to add Mr. Cusick as a custodian. *Id.* ¶ 5.

3

The documents Plaintiffs cite confirm—rather than excuse—their lack of diligence. Three documents Plaintiffs point to were produced in December or January, before January 30, and one was produced February 5.[3] Kamdar Decl. ¶ 6. Plaintiffs' repeated invocation of "independent research" does not establish diligence either. The relevant inquiry is when Plaintiffs had a basis to make the request, not when they chose to pursue further investigation. And Plaintiffs' reliance on publicly available information confirms their request stems from their own investigative timing—not the pace or volume of Stability AI's productions. Against that backdrop, Plaintiffs offer no explanation for two facts: *first*, why having held the most recent of the cited documents for over a month, they represented to Stability AI on March 9 that they did not anticipate adding any further custodians; and *second*, why they waited *another three weeks* until March 31 to first request Mr. Cusick. That is not diligence.

Even if Plaintiffs' request were timely, it fails on the merits. The documents Plaintiffs cite do not establish that Mr. Cusick possesses unique, non-duplicative material—and Plaintiffs' descriptions of those documents do not match what the documents actually say.

- STABAND0015384 demonstrates, if anything, that Mr. Cusick did not interface directly with journalists, that his purported positions were subject to multiple levels of review, and that those positions were rejected by Stability AI's management ▮▮▮▮▮▮▮▮▮▮▮▮ and thus have no probative value as "Stability's external position."

- STABAND0020576 involves an inquiry from a potential customer that was forwarded to Mr. Cusick and Stability AI's internal legal team member and later sent to Stability AI's outside counsel. Not only is this document largely redacted for privilege, but also Plaintiffs concede that the document was received through an existing custodian, Mr. Mostaque.

- STABAND0020970 has nothing to do with copyright or artist relations. It is about coming up with prompts to make pictures of plants and animals for a business partnership.

- STABAND0031796 is a Slack thread that features multiple existing custodians. Mr. Cusick's limited contributions are reactions and a question posed to engineers doing the actual work—hardly the substance Plaintiffs claim.

Plaintiffs' contention that the production lacks generic "communications with artists" or "artist relations strategy" documents is misplaced. Plaintiffs have not propounded any requests for production calling for such broad categories of documents, and a perceived gap in responses to requests that were not served is not a basis to designate a new custodian. Kamdar Decl. ¶ 7. Moreover, Stability AI *has* produced communications with artists tied to Plaintiffs' existing requests—for example, related to claims of infringement. Kamdar Decl. ¶ 8.

---

[3] That **all Defendants** produced 9,000 documents **combined** in January is both irrelevant and misleading. Stability AI alone produced fewer than 850 documents in January.

4

Finally, Plaintiffs declined the Court's suggestion that the parties seek a compromise where, should Mr. Cusick be added at all, he be added "within certain limited parameters." Apr. 16 Tr. at 28:3-9. Despite the Court's suggestion, Plaintiffs offered no such limitation at meet and confer—for example, no narrowing of search parameters tied to Mr. Cusick's asserted artist-relations role. Kamdar Decl. ¶ 9. Indeed, Plaintiffs proposed conferring on narrowing Mr. Cusick's scope *for the first time* on the evening of April 29—after receiving Stability AI's draft of this brief and on the eve of the filing deadline. Stability AI declined to indulge an eve-of-filing attempt to do what the Court suggested weeks ago. Stability AI's position remains that Plaintiffs' request is untimely and unsupported by good cause. The Court should not reward Plaintiffs' refusal to propose a compromise position until this dispute was already briefed.

Plaintiffs missed a clear Court-ordered deadline by months and do not offer anything—not diligence, not unique relevance, not a narrowed compromise—that would warrant relief. The Court should deny their request.

Date: April 30, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Date: April 30, 2026

Respectfully submitted,

By:  */s/ Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
Jackson Lane (SBN 351633)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Evan Gourvitz (*pro hac vice*)
**MORRISON & FOERSTER LLP**
250 W. 55th Street
New York, New York 10019
Telephone: 212.468.8000
Email: egourvitz@mofo.com

7

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657

Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And Stability AI, Inc*.

8

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted,

are registered CM/ECF filers and concur in the filing's content and have authorized the filing.


Dated: April 30, 2026                                  */s/ Joseph R. Saveri*
                                                       Joseph R. Saveri