April 30, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with Section F(5) of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs and Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") submit this letter brief regarding a dispute over the proper start date for the relevant time period for discovery. Plaintiff asserts the relevant period should begin January 1, 2021. Stability AI asserts January 1, 2022 should remain the appropriate start date. The parties met and conferred, including most recently by videoconference on April 23, 2026, and exchanged numerous substantive correspondences but remain at impasse.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
• Next Joint Status Conference with Judge Cisneros: May 14, 2026
• Close of Fact Discovery: July 1, 2026
• Close of Expert Discovery: October 18, 2026

**[FILED UNDER SEAL]**

**Plaintiffs' Position.**

**Introduction**. Excluding 2021 from discovery rewards Stability for iterating its infringement across successive datasets and models, and insulates the foundational decisions that set the course for all subsequent infringement. LAION, the creator of the datasets at the heart of this Action, was formed in early 2021; it released dataset 400M in August 2021. According to a paper published by LAION's founders,[1] the data for LAION 5B was filtered from September 2021 to January 2022.[2] Both LAION and Emad Mostaque (Stability CEO) have publicly represented that Stability funded the creation of 5B.[3]

Discussions regarding copyright infringement risks began in 2021. This is evidenced by a social media conversation among "-Archivist" (associated with The Eye, a LAION dataset host, *see* fn1 at p. 30) and LAION founders Beaumont, Vencu and Coombes, stating "we're scraping copyrighted images on this from 1000s of sources […]" and "I'm not aware of a court that has f****d anyone or even argued that a model trained on copyrighted images can't be shared publicly[…]." *See* ORTIZ-STABILITY-029795. In response, Vencu stated, "If you like I can argue that my brain has seen a deluge of copyrighted content and my mind configuration is a derivative of all that so where [sic] the copyright stops? At my eyes? […] Then in court we can argue that the model is just such a brain[.]" *See* ORTIZ-STABILITY-029793.

Vencu was hired by Stability in early 2022 and became Head of Machine Learning Ops. Document production has exposed the depth of Stability's control over LAION. ██████ ███████████████████████████████████████████████████████████████████████ ██████████████████████ , Stability responded, ██████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ *See* STABAND0016188.

The fact that LAION personnel, including Rombach and Crowson, were employed by Stability is important to the relevance of 2021 information. These people helped build the underlying text-to-image technology before 2022—a fact Stability boasted about in 2022 when launching v2[4] ████████████.[5] Rombach submitted the foundational latent diffusion paper for

---

[1] LAION founding members include Christoph Schuhmann, Richard Vencu, Theo Coombes, and Romain Beaumont; early members include Robin Rombach and Katherine Crowson. *See* https://laion.ai/team/ (last visited April 27, 2026).

[2] C. Schuhmann, et al., *LAION-5B: An open large-scale dataset for training next generation image-text models*, at p. 26 of 50; Oct. 22, 2022, https://arxiv.org/pdf/2210.08402. This paper is missing from Stability's production, despite the production of myriad similar academic papers with overlapping authors and numerous references in internal documents.

[3] *Id*. at 22, 50 (creation of 5B "sponsored" by Stability); STABAND0020290 ██████████ ████████████████████████████████ .

[4] *See* STABAND0032364 ("The dynamic team of Robin Rombach and Patrick Esser from [Compvis]… led the original Stable Diffusion V1 release. They built on their prior work of the lab with [December 2021 paper] and got critical support from [LAION] and [Eleuther AI]. …. Robin is now leading the effort with Katherine Crowson at Stability AI to create the next generation of media models[.]") (misspellings corrected for clarity).

[5] *See* STABAND0012391 (another company is █████████████████████████████ ████████████████████████████████████████████████████████████

1

publication in December 2021. That paper is the technical basis of Stable Diffusion and it utilized 400M (which LAION refers to as a subset of 5B, *see* fn1, *supra*, at 7-8, n.63). Stability acknowledges that ████████████████████████████████ *See* STABAND0032338.

There is compelling reason to believe there were 2021 communications with LAION and, at a bare minimum, internal documents discussing LAION and their work. Stability did not suddenly support the creation of 5B (weeks before its public release in 2022) and hire LAION personnel in early 2022 (if not earlier) without being familiar with LAION since 2021.[6]

**Argument**. In the context of discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Plaintiffs allege that models trained in 2022 using LAION-5B subsets directly infringed on, and induced infringement of, Plaintiffs' copyrights. Information from 2021 is relevant and discoverable based on Plaintiffs' allegations for at least two reasons.

First, copyright infringement concerns and mitigation strategies crystallize during the early stages of dataset assembly. By the time later datasets roll out, those discussions need not be repeated. The record confirms that LAION / future Stability personnel were communicating about copyright strategy in 2021. Common sense indicates Stability would have begun considering copyright issues in 2021. These documents go to knowledge, intent, and willfulness—and whether LAION's structure as a German charity served as a deliberate shield against copyright liability.

Second, information on the development of the relevant models identified in the Complaint may assist in developing evidence on a number of relevant issues, such as knowledge of inclusion of copyrighted works and the feasibility of alternative training or design of the models. The latent diffusion models developed in 2021 are the direct predecessors of the models at issue. The technology did not reset in January 2022; it continued along the same trajectory, built by the same people, using the same copyrighted works. *See, e.g., Littlefield v. NutriBullet, L.L.C.*, No. CV 16-6894 MWF, 2017 WL 10439692, at *3 (C.D. Cal. Dec. 20, 2017) (citing commonsense approach in products liability disputes and allowing discovery on substantially similar prior models).

Stability's objection—that 2021 information relates to 400M rather than 5B—fails. Judge Wang squarely addressed this argument in *In re: OpenAI, Inc., Copyright Infring. Litig.*, 25-md-3143 (SHS) (OTW), 23-CV-10211, 2025 WL 3019921 (S.D.N.Y. Oct. 28, 2025), ruling that datasets obtained by a defendant are relevant even if they were not used to train the exact product at issue. *See id.* (citing 800 F.Supp.3d 602, 608-609).

Plaintiffs dispute Stability's characterizations regarding the background of this issue. The

---

████████████████████████████████████████████████
██████████████████████████████ (emphasis in original).

[6] There may also be a direct 2021 financial link between co-Defendants regarding the accused technology. Stability's production states that in March 2021, Stability donated funds to Midjourney for compute power. *See* STABAND0016551. Stability asserts this is an error, but the associated Washington Post article remains published without a correction. *See* https://www.washingtonpost.com/technology/2023/03/30/midjourney-ai-image-generation-rules/ (last visited April 29, 2026).

thrust of the 2025 discussions was that Stability's discovery responses may resolve the dispute by demonstrating 2021 is irrelevant. Plaintiffs re-urged this point in a January 15 letter, stating the date Stability acquired LAION data would help guide the discussion, and reminding Stability they indicated they would locate that information. After several follow-ups, Stability responded on April 6 posturing that they have always been clear March 2022 is the earliest download date.

If Stability's representations about 2021 are forthright, then their document production should reflect that reality.[7] It does not. For instance, there is nothing indicating initial or even early contact with LAION in 2022. Stability has produced two short email threads with an @laion.ai domain, ███████████████████████, both of which evidence a long-standing relationship. *See* STABAND0020448; STABAND0020747. Searching by name does not yield different results. Stability cannot use its refusal to provide 2021-related information as both a sword and a shield.

Plaintiffs are willing to compromise on a start date of April 1, 2021 (the approximate formation of LAION), which is proportional to the needs of this case. The appropriate custodians and search terms are already in place. The incremental burden of capturing 2021 communications is minimal. The same cannot be said of the evidentiary cost of excluding months of foundational development. including the point at which Stability first knew its training practices infringed copyrights.

<u>**Defendants' Position**</u>

The Court should reject Plaintiffs' belated attempt to expand discovery by a full year. Stability AI proposed January 1, 2022 as the discovery cutoff date in July 2025, when it first offered parameters for custodial discovery. Stability AI has repeatedly indicated to Plaintiffs over the last nine months that this is the proper discovery timeframe—and indeed has conducted its entire document collection, search, and review consistent with these parameters. Plaintiffs offer no new facts, no new documents, and no new theory to justify reopening the issue now. Their request fails Rule 26(b)(1) on both relevance and proportionality.

**The Models, Datasets, and Conduct at Issue Did Not Exist Until 2022.** Plaintiffs' Third Amended Complaint alleges infringement based on Stable Diffusion models trained in 2022 on filtered subsets of LAION-5B. None of those models or datasets existed in 2021:

- LAION-5B—the only LAION dataset alleged against Stability AI in the operative complaint—was publicly released in late **March 2022**.[8] Stability AI has informed Plaintiffs that it has no reason to believe it had access to LAION-5B before March 2022.

- Early models bearing the "Stable Diffusion" name (i.e., versions 1.1 through 1.5) were released by other entities (CompVis and RunwayML) in **mid-2022**.[9] According to their public documentation, these models were trained on filtered subsets of LAION-5B.

---

[7] Plaintiffs' first set of RFPs to Stability requested "All Documents and Communications concerning LAION" and "LAION Image Datasets" (RFPs 20, 21, served in November of 2024). Stability represented those communications would be produced via the search term "LAION."

[8] LAION, *LAION-5B: A New Era of Open Large-Scale Multi-Modal Datasets* (Mar. 31, 2022), https://laion.ai/blog/laion-5b/.

[9] CompVis, *stable-diffusion*, https://github.com/compvis/stable-diffusion.

- The first Stable Diffusion model released by Stability AI (Stable Diffusion 2.0) was launched in **November 2022**.[10] This model was also trained on a filtered subset of LAION-5B. Plaintiffs' Third Amended Complaint alleges this model was trained **between April and November 2022**. TAC ¶ 220.

- Subsequent models released by Stability AI at issue in this case were alleged to be trained between **November 2022 and July 2023**. TAC ¶ 221.

The existing January 1, 2022 cutoff already reaches months before LAION-5B and any Stable Diffusion model was released. A further year-long extension is untethered to the claims against Stability AI.

**There Is No Record to Support Expanding Discovery Into 2021.[11]** Plaintiffs contend that "the record confirms that LAION / future Stability personnel were communicating about copyright strategy in 2021." The "future Stability" qualifier gives away the argument. By Plaintiffs' own description, the 2021 communications they invoke—which appear to be from LAION's public social media channel that Plaintiffs *already have access to*—were among LAION-affiliated individuals. Indeed, Plaintiffs concede that Richard Vencu—who is already a document custodian—did not begin his tenure at Stability AI until early 2022. O'Donoghue Decl. ¶ 3.

Plaintiffs offer no evidence that anyone at Stability AI authored, directed, adopted, or even saw those messages, and they try to fill that gap with rhetoric. They tell the Court that "discussions need not be repeated" once a dataset strategy is set and that "[c]ommon sense" indicates Stability AI's earlier consideration of copyright issues. None of these assertions is supported by evidence, and Rule 26 does not authorize discovery based on counsel's say-so. *In re OpenAI ChatGPT Litig.,* No. 23-cv-03223-AMO (RMI), 2024 WL 2044625, at *2 (N.D. Cal. May 7, 2024) (denying discovery based on "suspicion and assumption rather than … concrete facts and assertions").

Plaintiffs' newest theory is that Stability AI "funded the creation" of LAION-5B, that LAION "filtered" LAION-5B between September 2021 and January 2022, and that this somehow makes LAION's 2021 work attributable to Stability AI. But Plaintiffs have not carried their burden. The documents plaintiffs cite to support this theory say nothing about 2021. The "filtering" assertion does not state what role, if any, Stability AI played in that work. And LAION's co-founder has publicly described Stability AI's support as beginning "*after* the LAION-5B dataset was almost finished."[12]

---

[10] Stability AI, "Stable Diffusion 2.0 Release" (Nov. 23, 2022), https://stability.ai/news-updates/stable-diffusion-v2-release.

[11] Stability AI did not fund Midjourney in March 2021. The reference to that date in Stability AI's production and the associated Washington Post article appears to have been a mistake. O'Donoghue Decl. ¶ 2.

[12] *See also AI as a Superpower: LAION and the Role of Open Source in Artificial Intelligence: An Interview with LAION co-founder Christoph Schuhmann*, MLCon by devmio (June 21, 2023), https://mlconference.ai/blog/ai-as-a-superpower-laion-and-the-role-of-open-source-in-artificial-

*The latent diffusion research paper, Rombach, and Crowson.* Plaintiffs' invocation of Robin Rombach and Katherine Crowson—both of whom are also already document custodians— does not help. Plaintiffs have not established that either individual's 2021 activities are attributable to Stability AI.[13] Indeed, both joined Stability AI in mid- to late-2022. O'Donoghue Decl. ¶ 3. Further, Mr. Rombach's December 2021 academic publication was co-authored by researchers at LMU Munich and Runway—not Stability AI.[14] That Stability AI's later models may have built on that publicly available research is unremarkable, and it does not transform pre-employment academic work into Stability AI's own conduct. Plaintiffs' citation to a Stability AI document stating ███████████████████████████████████████ does not bridge that gap. The document compares ███████████████████████ 2022 models. It says nothing about the December 2021 latent diffusion paper, which is associated with a different reference model trained on different data and released by different entities.[15]

**Plaintiffs' Belated Request Is Disproportionate.** Plaintiffs' delay alone makes their request disproportionate to the needs of the case and merits denial of that request. Stability AI proposed the January 1, 2022 start date in July 2025 and has conducted its entire collection, search, and review on that basis. Plaintiffs did not timely challenge that scope. Instead, they waited months—through multiple meet-and-confers and after substantial production—before seeking to expand discovery by a full year.[16] Plaintiffs' contention that they were waiting on Stability AI to confirm a LAION-5B acquisition date does not justify this long delay. The acquisition date does not change the analysis, because the accused conduct, datasets, and models are all post-2021. Expanding the time period now would require additional collection and review based on arguments Plaintiffs could have raised long ago. Rule 26(b)(1) does not permit such a result.

---

intelligence/ (emphasis added); *see also id.* ("Contrary to what some AI-art critics claim, we are not a satellite organisation of Stability AI.").

[13] Plaintiffs' reliance on STABAND0012391 is misplaced. ███████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████

[14] Rombach et al., "High-Resolution Image Synthesis with Latent Diffusion Models" (Dec. 20, 2021), https://arxiv.org/pdf/2112.10752v1. Despite Plaintiffs' speculation to the contrary, that early latent diffusion model was trained on a different dataset than later Stable Diffusion models (LAION-400M, *not* an aesthetically filtered subset of LAION-5B).

[15] CompVis, *latent-diffusion*, https://github.com/CompVis/latent-diffusion.

[16] Plaintiffs' newly proposed April 1, 2021 "compromise" fails for the same reason as their original position: LAION's formation date is no more relevant than its other 2021 activity.

Date: April 30, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Date: April 30, 2026

Respectfully submitted,

By: */s/ Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
Jackson Lane (SBN 351633)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Evan Gourvitz (pro hac vice)
**MORRISON & FOERSTER LLP**
250 W. 55th Street
New York, New York 10019
Telephone: 212.468.8000
Email: egourvitz@mofo.com

7

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657

Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And
Stability AI, Inc.*

8

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: April 30, 2026                                    /s/ Joseph R. Saveri
                                                          Joseph R. Saveri