UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 23-cv-00201-WHO   (LJC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR ISSUANCE OF LETTERS ROGATORY** |
| STABILITY AI LTD., et al., | Re: Dkt. No. 473 |
| Defendants. | |

Before the Court is Plaintiffs' motion for the issuance of letters rogatory for the purpose of obtaining deposition testimony of two former DeviantArt employees, Nikolay Surovenko and Georgii Trofimov, who both reside in Canada.  ECF No. 472-1 at 2.[1]  Defendant DeviantArt opposed the motion as to Mr. Surovenko but took no position as to Mr. Trofimov.  *See* ECF No. 509-3 at 2, 2 n.1.  A hearing was held on this matter on April 28, 2026, and the Court ordered further briefing.  *See* ECF Nos. 512, 519, 524-3.  Having considered the record in this case, the parties' arguments, and the relevant legal standard, the Court GRANTS Plaintiffs' motion.

## I.    BACKGROUND

Plaintiffs' claims against DeviantArt center on DeviantArt's AI image generation product, DreamUp, which, Plaintiffs allege, "relies on Stable Diffusion to produce images."  *See* ECF No. 375-4 (Third Am. Compl.) (TAC) ¶¶ 346, 351.  In broad terms, Plaintiffs allege that the version of Stable Diffusion that is incorporated in DreamUp was trained on the LAION-5B dataset, which contains Plaintiffs' copyrighted works.  *Id.* ¶¶ 351, 359-60.  Plaintiffs assert that the DreamUp

---

[1] A redacted copy of Plaintiffs' motion was filed on the public docket at ECF No. 473, and an unredacted copy was filed under seal at ECF No. 472-1.  Throughout this Order, the Court cites to the copy filed under seal.

United States District Court
Northern District of California

product directly infringes on their copyrights. *Id.* ¶¶ 374-379.  They also allege that DeviantArt used artwork uploaded to the DeviantArt website to train its CLIP model.  *See id.* ¶ 381.

Plaintiffs argue that Georgii Trofimov and Nikolay Surovenko were both involved in the development of DreamUp and thus their testimony is relevant to the issues in this case.  *See* ECF No. 472-1 at 5-9.  Plaintiffs contend that DeviantArt previously identified Mr. Trofimov as a machine learning engineer involved with researching and developing DreamUp and that they are entitled to depose him to elicit testimony as to Mr. Trofimov's "oversight and control over the research and development of DreamUp."  *Id.* at 7.  Plaintiffs contend that Mr. Surovenko's work on DeviantArt's CLIP model "materially shaped DreamUp's prompt steering and output behavior," and that Mr. Surovenko's testimony will reveal DeviantArt's "knowledge that its conduct was infringing or that it acted with reckless disregard for the copyright owner's rights." *Id.* at 5-6.  DeviantArt previously agreed to designate Mr. Trofimov as a document custodian, and the Court ordered that they designate Mr. Surovenko as well.  *See* ECF Nos. 367 at 3, 472-2 (Cera Decl.) ¶¶ 16-17.

DeviantArt takes no position as to Mr. Trofimov.  ECF No. 509-3 at 2 n.1.  They oppose Plaintiff's motion for issuance of a letter rogatory as to Mr. Surovenko, arguing that he "had no formal responsibility for the development of DreamUp" and thus "his testimony would have little importance to this litigation."[2] *Id.* at 5 (internal quotations omitted); *see* ECF No. 509-5 (First Gorniak Decl.) ¶ 9.  They further argue that Mr. Surovenko's commentary on generative AI and copyright law has no bearing on "DeviantArt's knowledge and willfulness of copyright infringement."  ECF No. 509-3 at 7 (internal quotations omitted).   They lastly argue that as Plaintiffs have sought to depose six DeviantArt employees, including Head of AI Peter Gorniak, Vice President of Engineering Sasha Lerner, and Chief Technology Officer Chris Nell, deposing

---

[2] At the hearing, the Court asked DeviantArt if they had standing to oppose the motion on proportionality or relevance grounds.  Courts do not appear to have adopted a uniform approach to this issue.  *Compare In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-md-2924, 2021 WL 5105028, at *1 (S.D. Fla. Oct. 27, 2021) *with Brown v. State Street Corp.*, No. CV 05-11178, 2006 WL 8458183, at *4 (D. Mass. Mar. 20, 2006).  For purposes of resolving this motion, the Court assumes, but does not decide, that DeviantArt has standing to object to the motion on proportionality and relevance grounds.

Mr. Surovenko as well would be duplicative and unnecessary.  *Id.* at 8-9.

During the hearing on this motion, Plaintiffs represented that DeviantArt had produced numerous documents showing that, contrary to DeviantArt's assertions, Mr. Surovenko was involved in the development of DreamUp.  The Court directed Plaintiffs to substantiate its representations by supplementing the record with up to twenty such documents, and provided DeviantArt an opportunity to respond to that filing.  *See* ECF No. 512.  While several of the documents Plaintiffs filed show no direct connection between Mr. Surovenko and the DreamUp product, others reflect that he was involved in early discussions regarding DeviantArt's plan to create an AI-image generating product and provided input and proposals for improving DreamUp.  *See* ECF Nos. 518-3, 518-6, 518-16.  DeviantArt contends that documents showing that Mr. Surovenko provided "general explanations of how DreamUp worked" and discussed "potential ideas for DreamUp" does not show that his deposition testimony is necessary or important to this litigation.  ECF No.  24-3 at 5-7.

## II.    LEGAL STANDARD

A "letter rogatory" is a "request by a domestic court to a foreign court to take evidence from a certain witness" who is located in the foreign country.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (internal quotations omitted); *see* 22 C.F.R. § 92.54 ("[T]he term *letters rogatory* denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act," such as the taking of evidence or service of a subpoena).  The Federal Rules of Civil Procedure provide that a deposition may be taken in foreign country pursuant to "a letter of request, whether or not captioned a 'letter rogatory.'"  Fed. R. Civ. P. 28(b).  "The proper method for compelling the production of documents and obtaining deposition testimony in Canada for use in a United States action is to proceed by means of a letter rogatory," and the Canada Evidence Act provides that a court outside of Canada may serve letters rogatory upon a Canadian court.  *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536, 2020 WL 12740646, at *1 (C.D. Cal. Apr. 14, 2020);  R.S.C. 1985, c. C-5, s. 46.

Federal courts have the inherent power to issue letters rogatory and have discretion in deciding when to do so.  *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).  "When

3

determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Asis Internet Servs. v. Optin Glob., Inc.*, No. C-05-05124, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). "[A] court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* Under the Federal Rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts must "limit the frequency or extent of discovery" if the discovery sought is "unreasonably cumulative or duplicative," or can be obtained through a "more convenient, less burdensome, or less expensive" source. Fed. R. Civ. P. 36(b)(2)(C); *see* Fed. R. Civ. P. 36(c); *Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006) (applying the rule that "letters of rogatory shall issue unless good cause is shown otherwise," but explaining that "Rule 28(b) must be read together with Rule 26(c)," which permits courts to enter protective orders). In evaluating whether to issue letters rogatory, courts may also consider principles of international comity.[3]

## III.   ANALYSIS

### A.   Issuance of Letter Rogatory to Depose Georgii Trofimov

DeviantArt has identified Georgii Trofimov as an individual with oversight or control over the research and development of DreamUp, the product central to Plaintiffs' copyright infringement claims against DeviantArt. *See* ECF No. 518-17 (DeviantArt's Responses and Objections to Plaintiffs' Fourth Set of Interrogatories) at 10. As DeviantArt does not argue that Mr. Trofimov's deposition would be unnecessary or otherwise disproportionate to the needs of the

---

[3] Courts may consider the following comity factors: "(1) The importance to the . . . litigation of the documents or other information requested; (2) The degree of specificity of the request; (3) Whether the information originated in the United States; (4) The availability of alternative means of securing the information; (5) The extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *J.R. Simplot Co. v. McCain Foods USA, Inc.,* No. 16-cv-00449, 2021 WL 7451378, at *10 (D. Idaho Apr. 2, 2021) (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987)).

United States District Court
Northern District of California

United States District Court
Northern District of California

case, the Court GRANTS Plaintiffs' request to issue a letter rogatory to obtain the sworn deposition testimony of Mr. Trofimov. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that although Plaintiffs intend to depose other DeviantArt employees who DeviantArt identified as having oversight or control over the development of DreamUp, Mr. Trofimov appears uniquely positioned as he did not have an executive role and rather worked as a machine learning engineer on DreamUp's development. *See* ECF No. 518-18 at 10.

### B.    Issuance of Letter Rogatory to Depose Nikolay Surovenko

Plaintiffs have shown that, although Mr. Surovenko may not have had any "formal responsibility for the development of DreamUp," he was sufficiently involved with DreamUp such that his testimony will likely be relevant to the claims and defenses in this case. ECF No. 509-5 ¶ 9. For example, DeviantArt's Head of Artificial Intelligence, Peter Gorniak, wrote that Mr. Surovenko's experiments guiding image generation could improve DreamUp's user experience, and asked Mr. Surovenko for other ideas for improvement. *See* ECF Nos. 518-16, 524-4 (Second Gorniak Decl.) ¶ 15 (identifying Gorniak as the author of Exhibit 15). Mr. Gorniak asked Mr. Surovenko (and Mr. Trofimov) for input on a proposal to improve DreamUp's personalization for users. ECF No. 518-7. Mr. Surovenko made numerous proposals to improve DreamUp, tested potential improvements, and strategized about how to improve DreamUp's outputs. *See* ECF Nos. 518-3, 518-5, 518-6. Mr. Surovenko appears to have been an active participant in the product's design and development.

DeviantArt argues that Mr. Surovenko's various proposals for DreamUp were not "implemented into the DreamUp product," and discovery regarding "[i]deas that were never implemented are not necessary or important because they do not show development of what became the DreamUp product." ECF No. 524-3 at 6. This argument takes an overly narrow view. For discovery purposes, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue" in the case. *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 385 F. Supp. 3d 863, 874 (D. Ariz. 2019) (internal quotations omitted). Given that Plaintiffs' claims against DeviantArt center on the development of DreamUp, information regarding how the product was developed—including information

5

regarding developments that were proposed but not implemented—is relevant and likely centrally important to Plaintiffs' claims. While discovery regarding proposals that were not implemented into the DreamUp product may not ultimately be admissible, that does not mean that they are irrelevant. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Nor is the Court swayed by DeviantArt's argument that Mr. Surovenko's testimony is irrelevant to show willfulness. *See* ECF No. 509-3 at 7. While Mr. Surovenko will not be testifying on behalf of DeviantArt, and DeviantArt presumably will not be bound by Mr. Surovenko's testimony, he will be able to testify about his own knowledge and experience while working at DeviantArt, which could corroborate or conflict with other employees' or 30(b)(6) testimony.

The Court next addresses DeviantArt's argument that Mr. Surovenko's testimony will be cumulative with other deponents' and thus is unnecessary. ECF No. 509-3 at 8. The Court is mindful that under both principles of international comity and Rule 26, it must limit discovery that is unreasonably cumulative, unimportant to the litigation, or available through alternative or less burdensome means. *See Societe Nationale*, 482 U.S. at 544 n.28. But Mr. Surovenko is somewhat differently positioned from the other deponents: he was a machine learning engineer, not an executive; he worked at DeviantArt after Mr. Trofimov left; and he is no longer employed by DeviantArt. *See* ECF No. 518-14 at 6. While there will likely be some overlap between Mr. Surovenko's testimony and that of other deponents, the Court anticipates that given Mr. Surovenko's position vis-à-vis DeviantArt, he likely will be able to testify as to unique areas or at least be able to corroborate or contradict other deponents' testimony. Given the importance of the issues in the case and the parties' relative access to information, the Court concludes that the risk of cumulative testimony does not merit denying Plaintiffs' request for issuance of a letter rogatory. The Court accordingly GRANTS Plaintiffs' request as to Mr. Surovenko.

United States District Court
Northern District of California

**IV.    CONCLUSION**

Plaintiffs' motion is accordingly GRANTED.  The Court will sign and issue certified copies of Plaintiffs' proposed letters rogatory filed with its motion forthwith.

**IT IS SO ORDERED.**

Dated: May 6, 2026

LISA J. CISNEROS
United States Magistrate Judge