May 26, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In response to Your Honor's Order dated May 19, 2026 (ECF No. 562), Midjourney writes to provide answers to the Court's further questions regarding the source code for Midjourney's style reference model and overfit filter. In addition to the discussion below and the supporting materials submitted with this letter, Midjourney would be happy to provide further information and documentation at Your Honor's request if it would aid the Court's determination of the parties' May 1, 2026 joint letter brief.

**I. Style Reference Model:** [redacted]

[redacted] Midjourney enables users to prompt its models with a text prompt, an image prompt, or a combination of both. The style reference model is pertinent specifically to prompting with an image. It enables Midjourney's platform to extract and apply the general stylistic elements (but not the subject matter) of a reference image, combine those elements with any other text or instructions in the prompt, and produce a new image output reflecting the same general stylistic elements (e.g., color, medium, texture, lighting) as the reference image.

Creating this functionality was a two-step process. First, Midjourney had to solve a longstanding challenge in the image generation and computation literature and "teach" the style reference model how to identify and distinguish between "style" elements and the "subject" of a

reference image (i.e., a boat, a girl, a mountain). Only then could it extract and apply just the general stylistic elements from an input reference image to a desired output.

[redacted]

[redacted]

[redacted]

[redacted]

An analogy from a related feature is also illustrative. [redacted]

[redacted]

[redacted]

In sum, the highly confidential source code for the Style Reference Model, [redacted] is not relevant to any issues in this case, and its production is not proportional to the needs of this case, much less necessary. Midjourney did not develop the style reference model to mimic any artists' works, and the source code for the style reference model does not contain "[redacted]" of individual artists. The documents produced by Midjourney (which include the Midjourney engineers' detailed discussions of the various methods that Midjourney tested and how Midjourney ultimately trained the Style Reference Model) confirm this, as will the testimony of Midjourney's engineers (including [redacted]). Plaintiffs' motion to compel Midjourney to produce the

1 [redacted]

training source code for this model—which is proprietary and highly competitively sensitive—should be denied.

**II. Overfit Filter:** [redacted]

Before turning to the technical reasons the overfit filter's source code will not show the information Plaintiffs seek, it is important to understand that Midjourney's models are not designed to "permit" *any* "substitution" to reach its users. [redacted]

[redacted] Thus, neither the overfit filter, nor its source code, reflects the information Plaintiffs claim to seek: data on "exactly how often … Midjourney permitted [substantially similar outputs] to reach paying users." [redacted]

---

2 [redacted] *See id.* MIDJOURNEY_00015349-50).

3 [redacted] *See* Ex. 5, MIDJOURNEY_00832403 at _00832408. [redacted]

Nor is the source code for the overfit filter the right place to look for information on the "thresholds of similarity" or other values that dictate whether the overfit filter triggered. [redacted] In contrast, all the source code will tell Plaintiffs and their experts is that Midjourney had an overfit filter [redacted]—information Plaintiffs already have.

In sum, the source code does not [redacted] Midjourney also [redacted] how often the filter triggered, let alone within its source code (a facially nonsensical place for such logs to reside). Instead, the answers to Plaintiffs' questions reside in Midjourney's existing productions, [redacted], in the testimony of Midjourney engineers Plaintiffs have deposed and will depose, and in experiments that Plaintiffs and their experts can run by entering prompts into Midjourney's publicly available model. The Court should deny Plaintiffs' request to force Midjourney to produce its highly sensitive and proprietary source code for the overfit filter.

Dated: May 26, 2026

By: */s/ Angela L. Dunning*

Angela L. Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
sblankenship@cgsh.com

Arminda B. Bepko
Charity E. Lee
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*