June 5, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with Section F(5), page five, of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs submit this letter brief regarding a dispute over the sufficiency of Plaintiffs' 30(b)(1) notices on Defendants Stability AI, Ltd. and Stability AI, Inc. (collectively, "Stability"), and Stability's cooperation with the identification of witnesses. The parties met and conferred, including most recently by videoconference on June 4, 2026, and exchanged numerous substantive correspondences on these matters. Stability disputes the matter is ripe for presentation to the Court. An explanation of why a joint letter was not possible is included herein.

**Relevant Dates**

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Next Joint Status Conference with Judge Cisneros: June 18, 2026
- Close of Fact Discovery: July 1, 2026
- Close of Expert Discovery: October 18, 2026

Plaintiffs file this brief to protect their right to take 30(b)(1) depositions of Stability in light of Stability's delay tactics designed to ensure Plaintiffs miss the deadline to serve deposition notices on June 10. Plaintiffs respectfully request the Court order Stability to identify witnesses in response to the served notices (discussed herein) or otherwise cooperate with Plaintiffs to identify witnesses with personal knowledge, by either (a) the June 10 deadline, or (b) a date to be determined by the Court.

Stability has undergone an astounding level of employee turnover since this lawsuit was filed in 2023. Only ***one*** of its ***eleven*** document custodians is still an employee (the CFO). Plaintiffs served five 30(b)(1) notices on Stability between March 13-16 and were subsequently informed that two of the witnesses were no longer employed,[1] and one, Cedric Wagrez (a resident of Japan), was leaving on March 31, and would not be available for a deposition during his remaining period of employment. Stability has not identified a single **current** employee with relevant knowledge.[2]

Prior to serving the March notices, Plaintiffs asked for confirmation that certain witnesses were still employed (including CTO Hanno Basse), and, for those known to have departed, who is currently filling those roles. Fernandez Decl. at ¶ 2. After receiving Stability's response to the 30(b)(1) notices, Plaintiffs reiterated their request for that information and added inquiries to address the newly discovered departures. *Id*. at ¶ 3. Stability refused to provide further information and took the position that Plaintiffs should serve interrogatories to learn the identities. *Id*. at ¶ 4.

Plaintiffs searched for current employees with potentially relevant information but were unable to identify any. *Id*. at ¶ 5. However, because Rule 30(b)(1) explicitly authorizes notices by description, on May 17, Plaintiffs informed Stability they would be issuing notices for Hanno Basse, CTO, and four witnesses identified by job title and, "if that title is not currently being used, the individual with the most similar role and responsibilities as [former employee] when he left Stability AI's employment." *Id*. at ¶ 6.

Stability responded on May 22 to say Mr. Basse "is no longer employed [and the company] does not currently have employees" with those job titles. *Id*. at ¶ 7.[3] Stability asserted the described notices would be improper, and that 30(b)(6) witness testimony would suffice. At the May 28 meet and confer, Plaintiffs sought, but did not receive, guidance from Stability on the detail that Stability would deem sufficient. *Id*. at ¶ 9. Plaintiffs suggested Stability identify long-standing employees in the departments of the now-departed witnesses as a starting point; Stability rejected the idea. *Id*. Instead, with the June 10 notice deadline looming, Stability suggested that Plaintiffs add more detail and Stability would "take it back" to determine its sufficiency. *Id*.

---

[1] One, Dennis Niedworok, a document custodian, apparently left the company on March 6, 2026. Plaintiffs were not forewarned. Mr. Niedworok is a German citizen residing in Germany; based on Plaintiffs' research and German-retained counsel, his deposition is not feasible. Plaintiffs subsequently served the other witness, Katherine Crowson, with a subpoena.

[2] Only one person identified in Stability's disclosures is still employed (the CFO), and *none* of the individuals identified by Stability in response to an interrogatory on persons responsible for the relevant models' development is still an employee.

[3] Only on May 27 did Plaintiffs learn that Mr. Basse's last day was April 16, after months of inquiries clearly identifying him as a likely 30(b)(1) witness (and his LinkedIn continuing to identify him as CTO). Fernandez Decl. ¶ 8.

Based on Plaintiffs' research,[4] the descriptions provided are sufficient under Rule 30(b)(1); the parties agreed they were at impasse and started the JLB process. Plaintiffs reject Stability's argument that 30(b)(6) depositions are adequate substitutes, particularly given Stability's unequivocal stance that its 30(b)(6) witnesses would not testify in detail. Plaintiffs are entitled to fact depositions of employees who can give detailed testimony on the technology at issue. *See Newell*, *infra* at n 3. (rejecting argument that a 30(b)(6) notice should have been issued instead of the 30(b)(1) notice to the unnamed individual).

Given the notice deadline, and in an abundance of caution, on June 3 Plaintiffs decided to serve the notices with the disputed description with added language: "or, if that person is not readily identifiable, the longest-tenured employee who worked in [department] on any of the following models: SD v2.0, 2.1, XL, XL Turbo, 3.0, 3.5, or user-facing software applications released by released by Stability using those models."[5] *See* Disputed Deposition Notices. The parties met and conferred on June 4. Stability stated the dispute was not ripe for a JLB and rejected the notion of a joint filing regarding the sufficiency of the notices. *Id*. at ¶ 10. Plaintiffs emphasized the importance of alerting the Court of the issue as soon as possible. *Id*.

Plaintiffs noted that Stability could delay the process beyond June 10 by waiting days to respond that the descriptions are insufficient, and therefore asked Stability to provide their position by June 5. *Id*. at ¶ 11. *Stability could easily look into its employment records to identify current employees by department and start date.* Nevertheless, Stability declined to provide its response by June 5, citing the date of service. *Id*. Plaintiffs notified Stability they would file the instant letter brief to bring this matter to the Court's attention, pursuant to the Court's Standing Order at page 5.

Stability's refusal to cooperate in these unusual (turnover) circumstances is not in keeping with the Ninth Circuit's position on "hardball tactics designed to avoid resolution of the merits of [the] case,"[6] the 2015 amendment to Rule 1,[7] or Judge Orrick's April 21, 2026 decision on Plaintiffs' Motion to Modify Case Schedule: "Defendants are ordered to cooperate to the extent practicable with plaintiffs' requests on sequencing depositions." ECF No. 499.

---

[4] Fed R. Civ. P. 30(b)(1) ("If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs."); *see, e.g.*, *Newell v. L. Offs. Of Travis R. Walker*, 2026 WL 507533, at *8, n.3 (S.D. Fla. Feb. 13, 2026) ("person in charge of collections"); *Shenker v. United States*, 25 F.R.D. 96, 98 (E.D.N.Y. 1960) ("the captain' or 'the master' of a vessel").
[5] For the Trowbridge/business development notice, "the longest-tenured employee in Business Development that worked on sales and/or customer strategy with respect to any user-facing software applications released by Stability […]."
[6] *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1263 (9th Cir. 2010) ("Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case.").
[7] *Roberts v. Clark Cnty. Sch. Dist*., 312 F.R.D. 594, 603 (D. Nev. 2016) (one reason the Rules "should be construed, administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding" is to "*encourage greater cooperation*.") (emphasis added).

Date: June 5, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*