June 8, 2026

VIA ECF

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Andersen, et al. v. Stability AI Ltd., et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

Pursuant to Section F(5) of the Court's Civil Standing Order, Defendants Stability AI Ltd. and
Stability AI, Inc. (collectively, "Stability AI") respectfully submit this responsive letter brief to
Plaintiffs' individual letter brief (ECF No. 588). Stability AI files this letter only because
Plaintiffs chose to proceed unilaterally. There is no ripe dispute, and the unilateral filing was
neither necessary nor consistent with the Standing Order's joint-letter procedure.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
1. Next Joint Status Conference with Judge Cisneros: June 18, 2026
2. Close of Fact Discovery: July 1, 2026
3. Deadline for Completion of Fact Depositions: August 15, 2026
4. Close of Expert Discovery: October 18, 2026

1

Plaintiffs ask the Court to order Stability AI to identify deposition witnesses based on notices they served just two days before filing, before Stability AI had a reasonable opportunity to respond, and—critically—before the parties had reached an impasse.  The unilateral filing was unwarranted, and the request should be denied.

**There Is No Ripe Dispute.**  The deposition notices Plaintiffs ask the Court to enforce were served the afternoon of Wednesday, June 3, 2026, using description language never before proposed to Stability AI.  Kamdar Decl. ¶ 10.  As Plaintiffs were told the next day, Stability AI is evaluating those notices, the parties have not reached an impasse on them, and Stability AI intends to respond promptly.  *Id.* ¶ 11.  Plaintiffs nonetheless ask the Court to order Stability AI to "identify witnesses" by June 10 or a date the Court sets, before Stability AI has had a reasonable opportunity to respond and before any impasse has formed for the Court to resolve.

**A Joint Letter Brief Was Possible.  Plaintiffs Chose Otherwise.**  The Court's Standing Order permits an individual letter only "in the rare instance that a joint letter is not possible."  § F(5).  This is not that instance.  The parties had agreed to a joint letter brief schedule, but that process broke down only because Plaintiffs repeatedly changed the dispute and then rushed to file:

- **Thursday, May 28.**  The parties agreed to a briefing schedule under which Plaintiffs were to serve their portion Friday night, May 29, but Stability AI agreed only subject to its express objection that no dispute was ripe until Plaintiffs served actual notices.
- **Friday, May 29.**  After the close of business, Plaintiffs requested—and unilaterally followed—a new briefing schedule, giving themselves the weekend to draft their brief.
- **Monday, June 1.**  Stability AI proposed a revision to the compressed schedule.  Plaintiffs accepted and sent their brief over an hour after their own 10 a.m. deadline.
- **Night of Monday, June 1.**  Plaintiffs served new interrogatories.
- **Tuesday, June 2**.  At the parties' meet and confer, Plaintiffs proposed going "pencils down" because they wanted to revise their brief in light of their own new interrogatories.
- **Morning of Wednesday, June 3.**  Plaintiffs served a revised brief that laid out a proposed compromise position that had never before been presented to Stability AI.
- **Afternoon of Wednesday, June 3.**  Plaintiffs, for the first time, served actual deposition notices using materially different language *from that morning's brief*—mooting the compromise position—and then circulated a third version of the brief to match.
- **Thursday, June 4.**  At a further meet and confer, the parties discussed how the earlier dispute was no longer ripe, given the notices served the prior day reflected a new position Stability AI had not had time to consider.  Plaintiffs proposed a joint submission seeking the Court's "guidance" on the notices they served the previous day.  Stability AI declined to seek "guidance" on an unripe dispute but offered a neutral joint status report instead.
- **Friday, June 5.**  Plaintiffs refused and filed their letter brief unilaterally.

*See* Kamdar Decl. ¶¶ 2–12 & Ex. A.  A joint letter was "not possible" only because Plaintiffs made it so.  The Standing Order's caution that unjustified delay or refusal to participate may warrant an order adverse to the responsible party (§ F(5)) does not favor Plaintiffs here.

**Plaintiffs Created Their Own Urgency.**  Fact discovery has long been underway.  In December 2025, Stability AI served interrogatory responses identifying the key individuals involved in the relevant image models, and Plaintiffs have since noticed depositions of several of them.  Kamdar Decl. ¶ 13.  When Plaintiffs sought the identities of *current* Stability AI employees by email in

March, Stability AI explained that email is not a proper discovery mechanism. *Id.* ¶ 3.  Yet Plaintiffs did not serve interrogatories seeking this information until June 1, the last day to do so. *Id.* ¶ 7.  Nor did they serve the deposition notices now before the Court until June 3—a week before the June 10 deadline they invoke—even though the turnover that prompted these notices has been apparent since at least March.  Stability AI's response is not "hardball tactics."  It is adherence to the Federal Rules.  Plaintiffs' decision to wait until the final days of fact discovery to determine which current employees they wish to depose is not a basis to bypass the rules now.

**Because the Dispute Is Not Ripe, Stability AI Does Not Reach the Merits.**  The order Plaintiffs seek would require the Court to resolve substantive questions about the June 3 notices on which the parties have not yet reached an impasse.  Plaintiffs' brief nonetheless argues the merits of those notices and the adequacy of alternative discovery, and speculates about how readily Stability AI could identify responsive witnesses—a factual premise the parties have not developed and that the Court need not resolve now.  Stability AI does not address those issues here and reserves them.

**Conclusion.**  Plaintiffs forced this filing after declining Stability AI's offer of a neutral status report.  Their shifting positions had, by then, twice required Stability AI's counsel to prepare responsive briefing and confer with the client about each, only to be mooted by Plaintiffs' own late-served notices that contained brand new language. *Id.* ¶¶ 6, 9.

The Court should deny Plaintiffs' request as premature and unnecessary.  Stability AI will respond to the June 3 deposition notices within a reasonable period after completing its evaluation and will promptly meet and confer on any remaining issue. *Id.* ¶ 14.  To the extent Plaintiffs' letter is construed as a motion to compel that the Court denies, Stability AI reserves its right to seek its reasonable expenses under Rule 37(a)(5)(B) and otherwise reserves all rights.

Date: June 8, 2026

Respectfully submitted,

By: */s/ Aditya V. Kamdar*
Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (pro hac vice)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
Jackson Lane (SBN 351633)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com

Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Evan Gourvitz (pro hac vice)
**MORRISON & FOERSTER LLP**
250 W. 55th Street
New York, New York 10019
Telephone: 212.468.8000
Email: egourvitz@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

Mark Alan Lemley (SBN 155830)
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 906-8657
Email: mlemley@lex-lumina.com

*Counsel for Defendants Stability AI Ltd. And Stability AI, Inc.*

4