UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDERSEN, et al., | Case No. 23-cv-00201-WHO   (LJC) |
| Plaintiffs, | |
| v. | **ORDER RESOLVING JOINT DISCOVERY LETTER CONCERNING PLAINTIFF'S FINANCIAL INFORMATION** |
| STABILITY AI LTD., et al., | |
| Defendants. | Re: Dkt. No. 581 |

Having considered the parties' briefing and the relevant authorities, Defendants' request that Plaintiffs supplement their discovery responses regarding their art-related income and tax records is GRANTED in PART and DENIED in PART.  ECF No. 581.

Defendants' request that Plaintiffs supplement their productions and interrogatory responses to provide financial information regarding non-asserted works is granted, subject to limitations.  The Court's reasoning is three-fold.  First, although the Court understands Plaintiffs' argument that forcing them to identify which works are "in-play" before all training data has been produced and analyzed puts the cart before the horse, given the volume of training data and the existing case schedule, requiring Plaintiffs to provide some information regarding not-yet-asserted works is warranted and proportional to the needs of the case.  ECF No. 581 at 4.  Second, given that Plaintiffs have indicated that they may argue "that Defendants' products have the potential to cause wide-scale market harm" in response to Defendants' anticipated fair use defenses, Defendants are entitled to test the extent that Plaintiffs' art-related revenue has been impacted by Defendants' products.  *Id.* at 5; *see Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 636 (9th Cir. 2005) ("District courts have broad discretion in determining relevancy for discovery purposes.").  Although such information may not ultimately be material to Judge Orrick's fair use

United States District Court
Northern District of California

ruling, because "fair use in the context of generative AI [copyright cases] is an unsettled area of law, the Court (within reason) is disinclined to prematurely limit" the parties' ability to obtain and present evidence that may bear on fair use. ECF No. 461. Given the importance of the issues and the sum of money at issue, this discovery is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). Third, Plaintiffs' arguments regarding burden are overblown. For the most part, Defendants do not seek "decades" of financial records but rather request responses and documents sufficient to show Plaintiffs' art-related revenue from shortly before Defendants released their products through the present. ECF No. 581 at 5. The requests that are not temporally limited (*see, e.g.,* ECF No. 581-1 at 3) can be appropriately curtailed. Plaintiffs' claim that they cannot be expected to keep precise financial records because they are artists is unsubstantiated and does not relieve them of their duties to comply with the Federal Rules.

Plaintiffs are accordingly ordered to supplement their responses and productions to Defendants' Joint Request for Production of Documents No. 13, requesting "DOCUMENTS sufficient to show all income YOU have earned as an artist, broken down by source," to include art-related income from non-asserted works. ECF No. 581-1 at 2. The timeframe for this request shall be January 1, 2020 to the present. Plaintiffs shall likewise supplement their responses to Runway's Interrogatory No. 9, asking Plaintiffs to "State YOUR total income and expenses from work as an artist in each month since January 2020," to include art-related income and expenses from non-asserted works. *Id.* at 55.

Plaintiffs shall search for and produce documents within their "possession, custody, or control," which includes documents held by Plaintiffs' agents that Plaintiffs have the "legal right to obtain" on demand. Fed. R. Civ. P. 34(a)(1); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107–08 (9th Cir. 1999).

Defendants' request that Plaintiffs produce their tax returns is denied without prejudice. Although Plaintiffs' tax returns will contain relevant information, given that the Court is ordering Plaintiffs to supplement their production and responses to identify sources of their art-related income beyond just the asserted works, Defendants now have "less intrusive means" to obtain "the needed information." *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.

United States District Court
Northern District of California

Cal. 2006); *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497 (N.D. Cal. 2003). Defendants may renew their request for Plaintiffs' tax returns if they contend that Plaintiffs' supplemental responses and productions are insufficient.

Plaintiffs shall supplement their productions and responses by no later than June 30, 2026 unless the parties stipulate to a different deadline. If the parties stipulate to a different deadline, Plaintiffs shall supplement their productions and responses for Plaintiffs Brom, Manchess, and Ortiz at least one week before these Plaintiffs' respective depositions. The parties shall meet and confer regarding whether to proceed with Plaintiff Andersen's deposition on June 26, 2026 as scheduled.

The parties shall also meet and confer regarding whether it will be necessary to re-open any particular Plaintiffs' deposition for a limited time to obtain testimony regarding the supplemental responses and productions.

**IT IS SO ORDERED.**

Dated: June 17, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California