# OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

# Northern District of California

## CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** June 18, 2026 | **Time:** 27 minutes | **Judge:** LISA J. CISNEROS |
| **Case No.**: 3:23-cv-00201-WHO | **Case Name:** Andersen v. Stability AI Ltd. | |

**For Plaintiffs:** Holden Benon and Alexandra Fernandez, Saveri Law Firm, LLP.

**For Defendant Stability AI Ltd. and Stability AI, Inc.:** Joseph Gratz, Morrison & Foerster LLP.

**For Defendant Midjourney Inc.:** Arminda Bepko and Sam Blankenship, Cleary Gottlieb Steen & Hamilton LLP.

**For Defendant Runway AI, Inc:** David Silbert and Yegina Whang, Keker Van Nest and Peters LLP.

**For Defendant DeviantArt:** Simeon Botwinick, Latham and Watkins LLP.

**Deputy Clerk:** Brittany Sims **Recorded via Zoom:** 3:13 p.m.- 4:00 p.m.

## PROCEEDINGS

Discovery Status Conference held. The Court addressed the following matters:

**Stability:** Plaintiffs and Stability reported that a further source code inspection occurred on June 12, 2026, and the parties intend to request an extension of their deadline to file a joint letter brief regarding any outstanding disputes regarding source code. Plaintiffs and Stability are meeting and conferring regarding Plaintiffs' deposition notices. If they are unable to reach a resolution on their own, the parties shall file their letter brief regarding Plaintiffs' 30(b)(6) deposition notices by June 26, 2026, and their letter brief regarding Plaintiffs' 30(b)(1) deposition notices by June 29, 2026.

**Midjourney:** Plaintiffs and Midjourney's source code dispute is pending before the Court. The parties shall file their letter brief regarding Midjourney's art dataset four business days after the Court resolves the pending source code dispute. Plaintiffs and Midjourney presented their

arguments regarding whether Plaintiffs Andersen and Zhang must supplement their interrogatory responses to identify first publication of the additional works in Exhibit B. They shall meet and confer regarding coordinating any supplemental responses with the deposition schedule.

Plaintiffs and Midjourney disagreed about the timeliness of Plaintiffs' document productions. The Court reminded Plaintiffs of their duty to complete production at least two weeks before each Plaintiffs' deposition and directed the parties to meet and confer. The Court noted that failure to timely produce documents may be grounds for re-opening or rescheduling Plaintiffs' depositions.

**Runway:** The Court advised that, generally speaking, producing parties should produce documents in their native format and Plaintiffs and Runway should be able to resolve the dispute regarding production of native overlays on their own. If there is unusual complexity to this dispute that Plaintiffs and Runway are unable to resolve on their own, they shall file a letter brief no later than June 29, 2026. Plaintiffs and Runway shall file their joint letter brief regarding the deposition of Runway's CTO by June 29, 2026.

**DeviantArt:** The Court declined to set June 25, 2026 as DeviantArt's deadline for producing documents that hit on the additional search term. DeviantArt shall complete this production by July 1, 2026. If the parties need a page limit expansion for briefing disputes regarding Plaintiffs' final interrogatories and document requests, they may so stipulate or file an administrative motion pursuant to the Civil Local Rules.

The parties shall meet and confer regarding Plaintiff's supplemental responses to contention interrogatories. If the parties are unable to agree on a deadline or other outstanding issues remain, they shall file a joint letter brief by July 10, 2026.

Source code inspections (including print requests) may be scheduled through August 15, 2026.

Further discovery status conference set for July 23, 2026 at 3:00pm via Judge Cisneros's Zoom webinar.