June 30, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States Magistrate Judge
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen et al. v. Stability AI Ltd., et al.,* 3:23-cv-00201-WHO (LJC)

Dear Magistrate Judge Cisneros:

Pursuant to Paragraph F(5) of Your Honor's Standing Order and section 16 of the Amended Protective Order, ECF No. 380, Plaintiffs and Defendant Midjourney, Inc. respectfully submit this joint letter brief regarding Midjourney's clawback of certain documents at the deposition of Nadia Ali because they purportedly contain Midjourney's privileged attorney-client communications.

**Relevant Dates**

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Next Joint Status Conference with Judge Cisneros: July 23, 2026
- Close of Fact Discovery: July 1, 2026
- Close of Expert Discovery: October 18, 2026

**<u>Plaintiffs' Position</u>:** Midjourney wrongfully clawed back two tranches of documents at the deposition of Nadia Ali, Midjourney's former CFO, due to their inclusion of supposed privileged attorney-client communications. Midjourney reproduced those documents with portions redacted after the deposition. None of these redactions or claims of privilege are appropriate or supported. The Court should reopen Ms. Ali's deposition for questions regarding these documents.

**Emails between an insurance broker and Ms. Ali are not privileged attorney-client communications**. The first tranche of supposedly privileged emails Midjourney clawed back is from an email chain in August 2022 between Ms. Ali and Eric Long of Newfront, an insurance broker, regarding Midjourney's initial attempts to procure insurance. No insurance contract existed yet between Midjourney and any insurer, no duty to indemnify or defend existed yet, and no claim was being processed when these communications were made to this broker. There were no attorneys on these communications, no expectation of privilege or intent of confidentiality, and the supposed privileged information was not obtained from any attorney. Mr. Long was acting as a middleman trying to sell Midjourney [redacted]. *See MDR Hotels, LLC v. Dow Chem. Co.*, No. CV208008FLAJPRX, 2022 WL 20401310, at *2 (C.D. Cal. Aug. 2, 2022)(non-attorney representative of plaintiff's communications with attorneys at insurance broker were not privileged, as "the privilege is not applicable when the attorney acts merely as a negotiator for the client or is providing business advice").

Midjourney redacted identical portions of emails reflecting questions posed to Midjourney by the broker on behalf of a prospective insurer, "CFC." Midjourney's overreach here is demonstrated by its claim of privilege over CFC's questions, not just Ms. Ali's answers. See Kessler Decl. Exs. A and B (MIDJOURNEY_00015744 at 745). Midjourney redacted three of CFC's questions due to alleged attorney-client privilege: [redacted] Kessler Decl. Ex. A at 745. How three questions proffered by a prospective insurer might somehow contain *Midjourney's* protectable attorney-client communication is head-scratching. Midjourney claims in its privilege log that this is an "Email gathering information for the purpose of obtaining legal advice (Max Sills*) [inhouse counsel] regarding copyright law, prepared in anticipation of litigation." Kessler Decl. Ex. C. Midjourney's claim of privilege over a prospective insurer's questions is disingenuous for many reasons, the least of which is Ms. Ali revealed she was "waiting on David [Holz, CEO] for responses," not Max Sills. Ex. A and B at 744.

Midjourney more understandably, but just as incorrectly, claims the responses Ms. Ali provided to the broker in response to CFC's questions are privileged. Kessler Decl. Exs. D and E (MIDJOUNREY_00015753). None of her answers reflect attorney communications or legal advice. To the first question posed, Ms. Ali responded: "[redacted]" Ex. D at 753. These are all factual claims, none of which come from Midjourney's counsel. Ms. Ali's (false) assurance to a

potential insurer that [redacted] Ms. Ali's answer to the second question posed by CFC also does not contain privileged communications or information from any attorney but rather reflects Ms. Ali's knowledge of [redacted] as its CFO. Ex. D at 753. Similarly, Ms. Ali's answer to the third question reflects no legal opinions but merely describes facts about [redacted]. Ex. D at 753. *Rodriguez v. Seabreeze Jetlev LLC,* 620 F. Supp. 3d 1009, 1021 (N.D. Cal. 2022) (attorney-client privilege "protects only communications, not facts" and does not "extend to facts that would not reveal legal strategy").

Midjourney's reliance on *JumpSport, Inc. v. Jumpking, Inc.*, 213 F.R.D. 329, 348 (N.D. Cal. 2003), is inapposite. The court in *JumpSport* ***denied*** a claim of privilege over a patent valuation report created "to position the company to try to secure patent enforcement insurance coverage." *Id*. at 351. *JumpSport* held the report there contained "no legal analysis, no discussion of legal strategies, no observations at all about the substantive or procedural matters that litigation might entail." *Id*. at 353. ("The vast majority of the verbiage in the document addresses business and financial matters—virtually all discoverable"). Noting that "the authors make assumptions (clearly ascribed to JumpSport's management) that have law-based predicates," the court nonetheless denied any privilege because "the assumptions are neither explained nor defended. They are simply made." The court concluded "because the document reveals no legal reasoning and no thoughts about what might occur in litigation or how litigation might be handled" the document was not protectible even if created for acquiring insurance. *Id.* at 353.

**Attorney-client privilege is waived by the presence of a third party.** The burden of establishing that a particular matter is privileged is on the party asserting the privilege. *Sony Computer Ent. Am., Inc. v. Great Am. Ins. Co.,* 229 F.R.D. 632, 633 (N.D. Cal. 2005). "Where a third party is present, no presumption of confidentiality obtains, and the usual allocation of burden of proof, resting with the proponent of the privilege, applies in determining whether confidentiality was preserved …." *Id*. at 634. Midjourney has not met that burden here. Ms. Ali is not an attorney, no attorneys were present in these communications, and Midjourney has not shown the information in Ms. Ali's responses were obtained from counsel outside a self-serving declaration accompanying this JLB. The insurance broker Ms. Ali was communicating with was not acting as an agent in the exclusive interest of Midjourney, but rather as a middleman trying to facilitate a contract between parties with conflicting commercial interests, and trying to satisfy CFC's concerns. Unlike the situation in *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.,* 409 F. Supp. 2d 1180, 1181–82 (N.D. Cal. 2005), where the communications to a broker were made "after the policies were purchased" whereby the broker served as a "necessary advisor for both general coverage questions and regarding specific claims tendered to carries," here no insurance relationship yet existed, no duty to defend or indemnify, and the presence of the broker was not necessary for the transmission of information for which any lawyer was supposedly consulted. *See also Sony* 229 F.R.D. at 634 (denying claim of privilege over communications with insurance broker; "once it is established that third parties were either present at an attorney-client meeting or permitted to examine confidential attorney-client communications, the proponent must prove that those third parties were acting as agents of either the attorney or client in order to avoid a finding that confidentiality was missing."). Midjourney's reliance on *Waymo LLC v. Uber Techs., Inc.*, No. 3:17-cv-00939, 2017 WL 2485382, at *12 (N.D. Cal. 2017) is misplaced. The court denied privilege and held that the parties were adversarial because, "Before the signing of the Put Call Agreement, Otto was Uber's adversary because they were on opposite sides of a potential

transaction.," even though they would ultimately sign the agreement, including a joint defense agreement. Here there was similarly no contract yet and no joint duty to defend.

**Business negotiations between attorneys are not protected**. The second tranche of documents Midjourney clawed back involve negotiations between Midjourney and a company named [redacted], [redacted]. Kessler Decl. Ex. F and G. (MIDJOURNEY_00054733). Midjourney claims that these emails are "discussing common interest protected attorney advice." Ex C. However, [redacted] and Midjourney were [redacted] under a *new* contract. Their interests were not aligned in this negotiation. The communications were not made pursuant to a joint strategy under an existing joint defense agreement, they were negotiations by parties with conflicting commercial interests. *See Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1019 (N.D. Cal. 2022)(the parties must make the communication in pursuit of a joint strategy in accordance with some form of joint defense agreement). While [redacted] and Midjourney may have had a common commercial interest in [redacted] to their contract, that is not enough to support a common interest exception to waiver. The parties must have "a common legal, as opposed to commercial, interest." *Id.*; *See also Opus Bank v. Liberty Ins. Underwriters, Inc.,* No. SACV1300469CJCJPRX, 2013 WL 12123999, at *2 (C.D. Cal. July 26, 2013) (insurer was not providing a defense for insured, so no attorney-client privilege could have attached to communications between them). Midjourney's communications to [redacted] between them are therefore not privileged.

**<u>Midjourney's Position</u>:** Midjourney properly clawed back two sets of emails at its COO Nadia Ali's deposition and reproduced them with narrowly tailored redactions. First, emails between Ms. Ali and Midjourney's insurance broker are protected by the work product doctrine and attorney-client privilege. *See* Dunning Decl. Ex. 1. Second, emails among Midjourney and [redacted] personnel and counsel are protected by attorney-client privilege and the common interest doctrine. *See id.* The Court should uphold the redactions and deny Plaintiffs' request to reopen Ms. Ali's deposition.

**The redacted emails with Midjourney's insurance broker are protected work product**. Plaintiffs' submission ignores Midjourney's work product argument entirely. In summer 2022, the risk of potential copyright infringement litigation against AI model developers was growing.[1] Ms. Ali began working with Newfront broker Eric Long to obtain an [redacted] Sills Decl. at ¶ 3. Underwriter CFC posed questions targeting [redacted] as well as business-focused questions, and Ms. Ali relayed those questions to Midjourney's General Counsel Max Sills and CEO David Holz. *Id.* at ¶ 4. Mr. Sills provided advice on the [redacted] and other legal questions. *Id*. Midjourney redacted only the questions and responses implicating Mr. Sills's mental impressions; the remaining business-focused questions and answers were produced in full.

Courts in this district apply a two-prong test assessing whether: (1) the prospect of litigation was a substantial factor leading to the document's preparation, and (2) denying protection would harm the work product doctrine's policy objectives. *JumpSport, Inc. v. Jumpking, Inc.*, 213 F.R.D. 329, 348 (N.D. Cal. 2003). Both factors are satisfied here. Materials prepared to satisfy a prospective

[1] *See, e.g.*, Kyle Wiggers, *Commercial Image-Generating AI Raises All Sorts of Thorny Legal Issues,* TechCrunch (July 22, 2022), https://techcrunch.com/2022/07/22/commercial-image-generating-ai-raises-all-sorts-of-thorny-legal-issues/.

insurer's underwriting requirements meet the first prong when [redacted]. *Id.* at 352 ("trying to meet the informational requirements of the prospective insurer" satisfies first prong even when insurance is not ultimately purchased). The second factor is satisfied because the redacted portions contain Mr. Sills's legal analysis—exactly the kind of communication the doctrine is designed to protect. *Id.* at 353. Plaintiffs try to distinguish *JumpSport* but there, the court denied protection because the document contained "no legal analysis, no discussion of legal strategies, no observations at all about the substantive or procedural matters that litigation might entail." *Id.* Here, however, the redacted content reflects counsel's early assessment of [redacted]; they are properly withheld as work product.

**Disclosure to the broker and underwriter did not waive work product protection**. Not only are Midjourney's broker Newfront and underwriter CFC not adverse to Midjourney, they are all aligned in their interest in Midjourney's [redacted]. Thus, no waiver of work product protection occurred. Work product "is not automatically waived by any disclosure to third persons"; instead, waiver requires that the disclosure "substantially increases the opportunity for potential adversaries to obtain the information." *Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994). Transmitting counsel's analysis through a retained broker to obtain litigation insurance is in no way inconsistent with maintaining protection over the communications. *See Rodriguez v. Seabreeze Jetlev LLC*, 620 F.Supp.3d 1009, 1023 (N.D. Cal. 2022) (protection "not waived when the material was communicated to any of the non-party witnesses because they are not adversaries of the plaintiff"). In fact, it is the system working as intended. *See JumpSport*, 213 F.R.D. at 357 (acknowledging that acquiring insurance may be "an essential prerequisite to proceeding with the litigation").

**The redacted insurance broker emails are also protected by attorney-client privilege**. As explained above, Mr. Sills provided input on the [redacted] responses that Ms. Ali sent to the broker. Sills Decl. at ¶ 4. That Ms. Ali wrote she was "waiting on David" for responses is consistent with Midjourney's position: Mr. Holz needed to review the business questions, while Mr. Sills reviewed the legal questions. *See id*. That Mr. Sills's analysis reached the broker through Ms. Ali does not defeat the privilege either. Attorney-client privilege shields confidential communications made to obtain or provide legal advice, including those "passing through persons acting as the attorney or client's agent." *Segerstrom v. United States*, 2001 WL 283805, at *2 (N.D. Cal. 2001). That is what occurred here: Mr. Sills provided analysis on the [redacted] questions, Ms. Ali compiled the responses, and the broker sent them to the underwriter. Plaintiffs' characterization of the responses as "facts" is also inapt. The redacted content is not a description of what Midjourney does, but counsel's assessment of legal compliance and litigation risk—precisely what the privilege protects. *See Rodriguez*, 620 F.Supp.3d at 1018, 1021 (distinguishing unprotected "facts" from privileged material that "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided"). Midjourney redacted the underwriter's questions because they are inextricably linked with the answers, but it is willing, as a middle ground, to reproduce these documents with the questions unredacted. *See United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2016) (document may be protected in full "when it contains privileged portions that are so inextricably intertwined with the rest of the text that they cannot be separated").

Many of Plaintiffs' cases are inapposite because they apply California privilege law, not federal common law, which governs in federal question cases like this. *Compare* Fed. R. Evid. 501, *with*

*Sony Computer Ent. Am., Inc. v. Great Am. Ins. Co.*, 229 F.R.D. 632 (N.D. Cal. 2005); *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 409 F. Supp. 2d 1180 (N.D. Cal. 2005); *MDR Hotels, LLC v. Dow Chem. Co.*, 2022 WL 20401310 (C.D. Cal. 2022). To the extent state law is instructive, it supports Midjourney. *See Atmel*, 409 F. Supp. at 1181-82 (communications with Atmel and its lawyers and brokers on policy negotiations and claim issues were reasonably necessary, including aiding the lawyers' transmission of information to the insurers, and thus did not waive attorney-client privilege and work-product protection); *County of San Bernardino v. Pacific Indem. Co.*, 2014 WL 12588292 at *5-6 (C.D. Cal. July 30, 2014) (attorney-client privilege); *Cottage Health Sys. v. Admiral Ins. Co*., 2015 WL 12806480 at *2 (C.D. Cal. Dec. 22, 2015) (work product protection). Plaintiffs' other cases are distinguishable. *Sony* denied privilege because, unlike Midjourney, the party provided "no evidentiary support—not even a declaration"—for its broker-as-agent claim. 229 F.R.D. at 634. And in *MDR Hotels*, the broker claimed to provide legal advice, whereas here the legal advice originated with Mr. Sills. 2022 WL 20401310, at *3. And Plaintiffs cite no case for their assertion that insurance must have already been purchased for communications with an insurer and broker to be covered by privilege.

**Disclosure did not waive attorney-client privilege because the broker served as Midjourney's agent**. Newfront was retained to act on Midjourney's behalf in procuring coverage critical to funding its litigation defense. Mr. Long's function was to transmit the information necessary to place the policy, and without him [redacted]. *See United States v. Christensen*, 828 F.3d 763, 802 (9th Cir. 2016) (communications with agent retained to assist in representation are privileged); *see also Anoush Burmayan v. Garfield Beach CVS LLC*, 2024 WL 88437, at *2 (C.D. Cal. 2024) (claims administrator's access to privileged communications did not waive ACP where it acted as client's agent).

**The redacted [redacted] emails are protected by attorney-client privilege and common interest.** The second set of redacted documents involves an email chain with Mr. Sills, [redacted] regarding an [redacted]. For that engagement, Midjourney and [redacted] Sills Decl. at ¶ 5. Plaintiffs mischaracterize the redacted material as business negotiations, but Midjourney only redacted content [redacted] The common interest doctrine protects this [redacted] and was "designed to further that effort." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). Unlike in *Nidec* where privileged material was shared to facilitate a potential buyer's commercial decision, the redacted content here [redacted]. Plaintiffs' all-or-nothing approach to privilege ignores that "[r]edaction is available for documents which contain legal advice that is incidental to the nonlegal advice that is the predominant purpose of the communication." *Est. of Serna v. Cnty. of San Diego*, 689 F. Supp. 3d 848, 863 (S.D. Cal. 2023).

**The Court should reject Plaintiffs' request for further deposition time with Ms. Ali.** Even if the Court overrules Midjourney's privilege claims in whole or part, it should not reopen Ms. Ali's deposition. The redacted content concerns topics that have been the subject of extensive discovery from witnesses with personal knowledge. Ms. Ali is no such witness, as she was merely relaying information from others when responding to the underwriter's questions.

Dated: June 30, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: June 30, 2026

Respectfully submitted,

By: _/s/ Angela Dunning_

Angela L. Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
sblankenship@cgsh.com

Arminda B. Bepko
Charity E. Lee
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
charitylee@cgsh.com

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: June 30, 2026

*/s/ Joseph R. Saveri*
Joseph Saveri