July 2, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States Magistrate Judge
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen et al. v. Stability AI Ltd., et al.*, 3:23-cv-00201-WHO (LJC)

Dear Magistrate Judge Cisneros:

Pursuant to Paragraph F(5) of Your Honor's Standing Order, Plaintiffs and Defendant Runway AI, Inc. ("Runway") respectfully submit this joint letter brief regarding disputes over Runway's 30(b)(1) witnesses. The Parties met and conferred by videoconference on June 18, 2026, regarding Plaintiffs' 30(b)(1) deposition notices. On June 26, 2026, Plaintiffs withdrew one of the deposition notices at issue and requested depositions of two other Runway employees: Yining Shi and Naveen Venkat. Runway declined, and the parties remain at impasse.

### Issues Presented

Whether the Court should compel Runway to (1) produce Naveen Venkat for deposition before August 15, 2026; and (2) produce Yining Shi for deposition before August 15, 2026.

### Relevant Dates

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Close of Fact Discovery: July 1, 2026
- Next Joint Status Conference with Judge Cisneros: July 23, 2026
- Last Day for Fact Depositions: August 15, 2026
- Close of Expert Discovery: February 5, 2027

**Plaintiffs' Position**: Runway's own documents show that its engineer Naveen Venkat ran experiments to test whether Runway's models memorize and reproduce copyrighted training data. Those same documents show Mr. Venkat built safety filters to catch the models outputting copyrighted characters. Plaintiffs seek to depose Mr. Venkat and founding engineer Yining Shi, substituting them for two witnesses Runway refused to produce. No additional depositions. No schedule modification. No expansion of the thirty-deposition cap. The issue now before the Court is whether Plaintiffs may substitute two deponents—in place of two witnesses Plaintiffs previously noticed for deposition—to address Runway's objections to the originally noticed witnesses.

Even if the Court treats the substitution as a modification of the scheduling order or the Deposition Protocol, Plaintiffs satisfy the good cause standard under both Rule 16(b)(4) and the Protocol itself, which provides that "[t]he Parties expressly preserve their rights to seek modifications of any aspect of this Protocol upon showing good cause." ECF 274 ¶ 15; *see* Fed. R. Civ. P. 16(b)(4). Courts assess good cause by examining (1) the explanation for the failure to comply with the deadline; (2) the importance of the modification; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure any prejudice. Each factor favors Plaintiffs.

On June 9, 2026, Plaintiffs identified five witnesses and requested to meet and confer pursuant to Local Rule 30-1. Plaintiffs served deposition notices on June 10. Runway agreed to produce three witnesses but objected to Kamil Sindi (purported "apex" status) and Pi Esposito (located in Brazil). Plaintiffs were aware of documents referencing Ms. Shi and Mr. Venkat before June 10. Plaintiffs did not notice their depositions because Runway's own production indicated that Mr. Sindi and Mr. Esposito possessed more directly relevant knowledge. When Runway blocked both witnesses, Plaintiffs pivoted to the next most relevant deponents. That is not a failure of diligence. Plaintiffs offered to pay for Mr. Esposito's travel for the deposition. Runway declined. Plaintiffs then proposed two substitute witnesses Naveen Venkat and Yining Shi. Neither an apex witness, both in the United States. Runway refused, arguing the notice deadline had passed. *See Gopher Media, LLC v. Spain*, No. 3:19-cv-02280, 2020 WL 12688143, at *5 (S.D. Cal. Aug. 24, 2020) ("Parties are prohibited from using discovery as a form of gamesmanship to avoid disclosures").

**Plaintiffs properly noticed depositions within the thirty-deposition cap, and Runway manufactured a need to substitute witnesses after the deadline to serve notices had passed.** Plaintiffs have done everything the Federal Rules require. Plaintiffs identified their witnesses, initiated the meet and confer on June 9 (pursuant to Local Rule 30-1), and served notices on June 10, all within the thirty-deposition cap. Runway said nothing about Mr. Sindi's purported apex status or Mr. Esposito's location in Brazil until June 16. Runway sat on its objections until June 16, seven days after learning Plaintiffs intended to depose these witnesses, then leveraged that silence to manufacture a deadline problem. Runway's implicit position—that Plaintiffs should have served protective notices on backup witnesses against the possibility of objections Runway had not yet raised—would require Plaintiffs to speculate about future objections and burden Runway with unnecessary notices, requiring needless coordination with witnesses to determine their availability as a potential backup witness. That is the opposite of what the Federal Rules contemplate. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1). Runway does not dispute it received that communication and had the opportunity to raise its objections (which it claims are facially apparent). The fact that Runway chose not to respond substantively before Plaintiffs served the June 10 notices does not convert Plaintiffs' compliance into violation. Runway's reliance on *Hall*

1

*v. Google LLC*, No. 23-cv-06574-JST, 2025 WL 1888142, at *2 (N.D. Cal. June 9, 2025) is inapposite. There, the plaintiff moved for a two-month extension of the fact discovery deadline to depose witnesses noticed in the final week of discovery. *Id.* In contrast, here, Plaintiffs *seek no modification of the fact discovery or depositions completion deadlines.* The August 15, 2026 deadline remains intact. Runway's reliance on *Chien Van Bui v. City & County of San Francisco* is equally inapposite and supports substitution here. No. 11-cv-04189-LB, 2018 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2018) (granting leave to substitute expert after disclosure deadline where party showed good cause and substitution did not expand the scope of discovery).

**Plaintiffs' proposed substitution satisfies every element of the good cause analysis.** Plaintiffs acted diligently: they served timely notices on June 10 and proposed substitutes when Runway raised objections Plaintiffs could not have anticipated. The substitution matters: Venkat and Shi possess firsthand knowledge bearing on willfulness and damages that no other witness can provide. Runway suffers no prejudice: Plaintiffs remain within the thirty-deposition cap, and the substitutes are less burdensome than the witnesses Runway resisted. No continuance is needed: the deadline is unchanged. The proposed substitutes eliminate every objection Runway raised: both are in the United States, neither is an apex executive, and both are current employees of Runway.

**Mr. Venkat and Ms. Shi possess unique, first-hand knowledge germane to Plaintiffs' claims and Runway's fair use defense.** Mr. Venkat has unique first-hand knowledge of at least two relevant categories of information. Each alone would justify his deposition. *First*, Runway's documents indicate Mr. Venkat was personally involved in prompting the at-issue models using ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in a thread entitled ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ RUNWAY-ANDERSEN-000015729. "Overfitting" is a machine learning term describing a model that has memorized its training data so closely that it reproduces that data rather than generalizing from it. Only Mr. Venkat can testify to his thoughts, intent, and understanding when conducting and analyzing these overfitting experiments. This testimony bears on the measure of damages. Willful infringement permits enhanced statutory damages under 17 U.S.C. § 504(c)(2). Blocking this deposition deprives Plaintiffs of evidence that goes to the heart of the damages inquiry. Mr. Venkat's testimony would bear on Runway's knowledge of the risk of copying protected expression and the fact of that copying. *Second*, Mr. Venkat was involved in developing and fixing safety checkers designed to identify and prevent problematic output, including copyrighted content like ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ RUNWAY-ANDERSEN-000049009. Runway built copyright filters because its models reproduce copyrighted works. A company does not build a filter for a problem it does not have. Mr. Venkat can testify about what the filters detected, what they revealed about training data memorization, and what Runway knew about its models' capacity to copy protected expression. That the filter also flagged other content categories does not diminish its relevance.

Ms. Shi is one of the founding engineers of Runway and has unique first-hand knowledge about model prompting and outputs. Indeed, Runway's documents indicate Ms. Shi was directly involved in developing AI Magic Tools, one of the products at issue. Specifically, she was working to improve that product's output style. RUNWAY-ANDERSEN-000115093 at -094 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Shi's work bears directly on whether Runway's models reproduced protected expression from Plaintiffs' works.

2

Runway will contend that its co-CEO Anastasis Germanidis can cover these topics at his two-day deposition. But that conflates corporate testimony with firsthand knowledge. Mr. Germanidis will deliver the narrative Runway's counsel prepares. He did not run the overfitting experiments. He did not build the safety checkers. He did not develop Magic Tools. The engineers who performed this work possess knowledge that no amount of preparation can transfer to a corporate designee.

**Runway's timing objection cannot overcome these facts.** Runway created the need for substitution by objecting to the original deponents. Runway cannot now invoke a deadline it forced Plaintiffs to miss as a shield against the less burdensome alternative. ECF No. 260 at 2 ("The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter . . . ."). Runway's attempt to reframe Plaintiffs' surgical and proportionate approach to discovery as a lack of diligence inverts the record. Plaintiffs' decision to notice only the depositions necessary to prosecute their claims, rather than exhaust the thirty deposition cap as a matter of course, indicates the kind of targeted and efficient discovery the Federal Rules require. Runway should not be rewarded for using Plaintiffs' compliance with the spirit of the Rules as a cudgel against them.

Plaintiffs request the Court issue an order (1) granting leave to substitute the depositions of Naveen Venkat and Yining Shi for those of Kamil Sindi and Pi Esposito; and (2) compelling Runway to produce Mr. Venkat and Ms. Shi for deposition before August 15, 2026.

<u>**Runway's Position**</u>

The Court should deny Plaintiffs' request. Plaintiffs failed to timely notice the depositions of Yining Shi or  Naveen Venkat by the June 10 deadline, despite knowing of both witnesses for the better part of a year. Plaintiffs now seek to excuse this failure by relabeling brand-new notices as "substitutes"—a fiction, because Plaintiffs remained under the 30-deposition limit and were never required to trade these witnesses for others. Plaintiffs cannot establish the diligence Rule 16 requires to modify the Scheduling Order (ECF No. 597), and their untimely notices are cumulative of testimony Runway is already providing and prejudicial at this late stage.

<u>Background</u>: Plaintiffs concede they had knowledge of Ms. Shi's and Mr. Venkat's identities prior to June 10. Indeed, Runway produced documents identifying Mr. Venkat by August 14, 2025 and Ms. Shi on October 3, 2025. Plaintiffs relied on documents concerning both witnesses in May 2026. *See* Declaration of Paven Malhotra ("Malhotra Decl.") ¶ 17. Yet Plaintiffs noticed neither deposition by the Court's deadline—a deliberate choice they now ask this Court to excuse. Instead, less than one business day before the Court-ordered deadline, Plaintiffs told Runway they would notice five *other* witnesses and served those notices on June 10. *Id.* ¶¶ 4, 7. Even then, Plaintiffs remained *under* the 30-deposition limit. *See* ECF No. 274 ¶ 23. Nothing prevented them from noticing Mr. Venkat's or Ms. Shi's deposition; instead, Plaintiffs belatedly noticed the depositions today—weeks after the deadline and hours before filing this motion. Malhotra Decl. ¶ 19.

Despite Plaintiffs' failure to timely meet and confer regarding the additional notices served on June 10, Runway agreed to produce three of the five witnesses but explained that two were inappropriate. As Plaintiffs could easily have determined from publicly available information, Mr.

3

Sindi is an apex executive who joined Runway after the at-issue models were released and has no unique firsthand knowledge, and Mr. Esposito resides in Brazil, triggering separate requirements for foreign depositions. Runway's meritorious objections did not "create" a need for substitution; any predicament Plaintiffs face results from their own failure to timely notice the right witnesses, not Runway's legitimate exercise of its right to object.

Argument: Because Plaintiffs seek to modify the Scheduling Order to serve *late* deposition notices, Rule 16 governs. *See Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co.*, 308 F.R.D. 649, 652 (S.D. Cal. 2015). A scheduling order "may be modified only for good cause[,]" Fed. R. Civ. P. 16(b), an "exacting" inquiry that "primarily considers the diligence of the party seeking the amendment." *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (citation omitted). Diligence is the touchstone: "[I]f the moving party was not diligent, the inquiry should end." *Id.*; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1] Plaintiffs' contrary framing misstates the law in treating diligence as merely one of four co-equal factors; diligence is dispositive regardless of the other considerations. Here, Plaintiffs' request should be denied because Plaintiffs were not diligent, the anticipated testimony is cumulative, and the additional depositions are prejudicial to Runway.

***First***, Plaintiffs were anything but diligent, and under Rule 16, that failure alone ends the inquiry. Plaintiffs concede that they could have noticed these depositions for almost a year. Yet, despite being under the 30-deposition limit, Plaintiffs chose not to do so. Malhotra Decl. ¶ 17. "Neither rule nor order nor practice inhibited Plaintiff[s] from requesting depositions; failure to do so in the time provided is not good cause for an extension." *See Russell v. T-Mobile USA, Inc.*, No. 2:24-cv-00255-MJP, 2024 WL 4950150, at *2 (W.D. Wash. Dec. 3, 2024). Instead, Plaintiffs sought to depose Mr. Sindi and Mr. Esposito after determining that they "possessed more directly relevant knowledge." *Supra* at 2. This concession is telling. Plaintiffs' decision not to seek the Venkat and Shi depositions until now was a strategic choice, not the product of any obstacle Runway created.

The assertion that these witnesses are "substitutes" for others is a fig leaf for Plaintiffs' delay. These are not "substitutes" in any sense: because Plaintiffs were ***under*** the cap, they could have noticed either witness in addition to those they noticed on June 10. Indeed, Plaintiffs withdrew Mr. Sindi's notice ***prior to*** and ***apart from*** the parties' impasse regarding Ms. Shi and Mr. Venkat. *See* Malhotra Decl. ¶ 15. Plaintiffs should not be rewarded for failing to timely meet and confer and then abandoning Mr. Sindi only after learning of his apex status and lack of relevant knowledge. Rule 16 does not permit a party to swap in more favorable witnesses after the deadline. *See Bui v. City & Cnty. of San Francisco*, No. 11-cv-04189-LB, 2018 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2018) (substitution maintains the status quo, not selection of a better witness). Plaintiffs' own admission that they are "***pivoting*** to the next most relevant deponents" confirms that they merely seek better witnesses; however, Plaintiffs' explanation of this delay as a strategic gamble is anathema to the purpose of Rule 16's good cause requirement.

Moreover, Runway cannot be blamed for Plaintiffs' decision to serve two plainly improper notices to Mr. Sindi and Mr. Esposito at the last minute. Plaintiffs first signaled their intent to depose these

---

[1] The provision preserving the right to modify the Protocol "upon showing good cause" imports the same Rule 16 good-cause standard Plaintiffs cannot meet. ECF No. 274 ¶ 15.

additional witnesses at 8:43 p.m. the day before the deadline, unilaterally demanding dates and locations for *five* additional witnesses and a conferral the very next day. Malhotra Decl. ¶ 4. Then, without ever conferring, Plaintiffs served the notices on June 10. *Id.* ¶¶ 5–7.

Plaintiffs' failure to confer supplies an independently sufficient ground for denial. Their conduct violates the Local Rules and the Deposition Protocol, which require conferral before noticing a deposition of a party witness. *See* N.D. Cal. Civ. L.R. 30-1; ECF No. 274 ¶ 18. Plaintiffs cannot claim substantial compliance by waiting until the eleventh hour. *See* N.D. Cal. Civ. L.R. 37-3 Commentary (advising counsel to "notice depositions sufficiently in advance of the cut-off date to comply with this local rule"). Plaintiffs had "ample time" before June 10 to confer and "cannot now claim unfairness due to a crisis of [their] own making." *Hall v. Google LLC*, No. 23-cv-06574-JST, 2025 WL 1888142, at *2 (N.D. Cal. June 9, 2025) (denying schedule modification where plaintiff waited until final week to notice six depositions without meeting and conferring).

Plaintiffs' gripe that Runway could not investigate five new witnesses and provide objections in less than 24 hours would turn the diligence inquiry on its head. A party that makes untimely requests with unreasonable timelines for conferral should not be rewarded for a lack of diligence. More fundamentally, Rule 16 is measured against the Court's deadline, not the date Runway had **any** opportunity to voice its objections. Regardless, Mr. Sindi's apex status and Mr. Esposito's residency in Brazil were evident from publicly available information.[2] In any event, the hollow nature of Plaintiffs' complaint is laid bare by the record: Plaintiffs persisted in demanding Mr. Sindi's deposition *even after* learning of his apex status—wasting party and judicial resources through conferral, forced briefing, and discussion at the last discovery conference. Malhotra Decl. ¶¶ 8–14. Had Plaintiffs conferred earlier, this dispute would have been avoided.

***Second***, the significance Plaintiffs attach to Ms. Shi's and Mr. Venkat's testimony is untethered to any demonstrated need or the relevant standard. Other deponents participated in the conversations Plaintiffs cite, including Runway's co-CEO and former CTO Anastasis Germanidis, who will sit for a *two-day* deposition and can testify to the training of the models at issue and the very same documents. Mr. Germanidis is also designated on technical 30(b)(6) topics, including whether the models are "capable of storing . . . images" and related "moderation practices." Plaintiffs identify no issue on which only Ms. Shi or Mr. Venkat can testify. Nor do the cited documents show what Plaintiffs claim: (1) RUNWAY-ANDERSEN-000115093 reveals nothing about Plaintiffs' Asserted Works or Ms. Shi's involvement with the models at issue; (2) RUNWAY-ANDERSEN-000049010 concerns a not-safe-for-work safety checker, unrelated to copyright; and (3) Mr. Germanidis received RUNWAY-ANDERSEN-000015729 and can discuss its contents.

***Third***, Plaintiffs' request is highly prejudicial to Runway. Fact discovery has closed, and fact depositions end in a few weeks. Runway is preparing multiple additional witnesses, including both co-CEOs, while responding to Plaintiffs' daily demands for more discovery and conferrals. Malhotra Decl. ¶ 18. Forcing more depositions Plaintiffs noticed three weeks after the deadline would create the very disruption Rule 16 prevents, all to remedy a problem Plaintiffs created. For the foregoing reasons, Runway respectfully requests that the Court deny Plaintiffs' request.

---

[2] *See* Kamil Sindi, LinkedIn, https://www.linkedin.com/in/kamilsindi/; Pi Esposito, LinkedIn, https://www.linkedin.com/in/piesposito/.

Date: July 2, 2026

By:     */s/ Joseph R. Saveri*
                    Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

6

Respectfully submitted,

Date: July 2, 2026                    By:  */s/ Paven Malhotra*

David J. Silbert (SBN 173128)
Paven Malhotra (SBN 258429)
Matan Shacham (SBN 262348)
Bailey W. Heaps (SBN 295870)
Deeva Shah (SBN 319937)
Julia L. Greenberg (SBN 333864)
Paul von Autenried (SBN 335917)
Yegina Whang (SBN 350287)
Catherina Y. Xu (SBN 360205)
**KEKER, VAN NEST AND PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Email: dsilbert@keker.com
Email: pmalhotra@keker.com
Email: mshacham@keker.com
Email: bheaps@keker.com
Email: dshah@keker.com
Email: jgreenberg@keker.com
Email: pvonautenried@keker.com
Email: ywhang@keker.com
Email: cxu@keker.com

STABLE@keker.com

*Counsel for Defendant Runway AI, Inc.*

7

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: July 2, 2026                                    */s/ Joseph R. Saveri*
                                                                 Joseph R. Saveri