July 8, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

       Re:    *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with Section F(5), page five, of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs submit this letter brief regarding a dispute over the Defendants' Stability AI, Ltd. and Stability AI, Inc. (collectively, "Stability") deficient discovery responses on the datasets used to train relevant models. Plaintiffs have diligently sought information through discovery and expert analysis to determine the sufficiency of Stability's responses on these issues, but Plaintiffs did not receive confirmation of Stability's deficient dataset production until July 1.

Plaintiffs met-and-conferred with Stability on July 6, expressed willingness to move forward with additional meet-and-confers regarding the production of datasets, and suggested a joint stipulation extending the deadline to file motions on this dispute to give the parties additional time to resolve the issue. Stability did not agree to an extended deadline and has taken the position that it is too late for Plaintiffs to seek relief.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
• Next Joint Status Conference with Judge Cisneros: July 23, 2026
• Close of Fact Discovery: July 1, 2026
• Close of Fact Discovery Depositions: August 15, 2026
• Close of Expert Discovery: October 18, 2026

Plaintiffs' claims are rooted in the allegation that their copyrighted works were included in the datasets used to train Defendants' models. Plaintiffs named LAION-5B as one such dataset, and Plaintiffs have alleged their copyrighted works were found therein. But Plaintiffs' Complaint said more – Stability did not simply train its models using LAION-5B, it trained its models (including its 2.x models) on subsets of LAION-5B, and merged datasets. This is why, at the very outset, Plaintiffs promulgated, among other discovery, Interrogatory No. 9, asking Stability to identify the specific datasets used to train their AI image models.

The identity of the datasets at issue is a core and central piece of information. Plaintiffs need to review these datasets to confirm the inclusion of Plaintiffs' works. To date, their analysis indicates the training data produced was likely used to train SD 3.5, and *potentially* SDXL, though it is not clear. It has been Stability's position that SD 2.0, 2.1, XL, XL Turbo, 3.0 and 3.5 are the only relevant models in this litigation. That means the training datasets for at least three of those models appear to be missing. If any of these responsive training datasets are not within Stability's possession, custody, or control, Plaintiffs have a right to know that information as well, as it would raise questions about what happened to that data.

Stability has obfuscated at every opportunity. Stability's responses to ROG No. 9 demonstrate that fact. Plaintiffs' ROG No. 9 states: "Identify the specific LAION dataset(s) You used in each stage of training for each of Your AI Image Model(s), including for pretraining, post-training, and/or fine-tuning. For each dataset, Identify (1) which of Your AI Image Model(s) were trained on that dataset; (2) the stage(s) of training (e.g., pretraining, post-training, and/or fine-tuning); and (3) the total size of all data used in that/those stage(s)."[1]

Stability's original response (served in September 2025) referenced academic papers and Hugging Face and GitHub webpages on certain models, but those documents did not shed light on all the information specifically sought, including the names of the LAION datasets used in training, the training stages, and which of the image models were trained on each identified dataset. After meeting and conferring with Stability, Plaintiffs awaited a supplemental response that provided additional detail.[2]

Stability's supplemental response, served July 1, 2026, is equally uninformative: "Stability AI states that datasets derived from LAION-5B were used to pretrain Stable Diffusion 2.x, Stable Diffusion XL, and Stable Diffusion 3.x. Pursuant to Federal Rule of Civil Procedure 33(d), Stability AI identifies the datasets Stability AI made available for inspection via S3 on June 20, 2025 and April 3, 2026." Plaintiffs have made it clear that more information on the subsets, and at which stage of the training those subsets were used, is needed.[3] The reference to the 'datasets made available' is intentionally misleading – not all relevant datasets have been produced. Nevertheless, Stability confirmed on July 7 it would not supplement this response further.

Plaintiffs have tried to learn the information through numerous Requests for Production, including (but not limited to) No. 3: "Documents sufficient to identify the LAION Image Datasets You used or considered for use as Training Data for any of the Stability Image Models[,]" and No. 4: "The

---

[1] *See* Declaration of A. Fernandez In Support of Dataset Brief ("Dec.") at ¶ 2.

[2] *Id.*

[3] *Id.* at ¶ 2-3.

Training Data for the Stability Image Models." When Plaintiffs requested the few LAION subsets identified from the production (RFPs 163 – 165), they were met with the response that 'relevant training data has been made available for inspection, and no separate or additional data would be made available in response to those requests.'[4]

In an effort to gain clarity, Plaintiffs issued Requests for Admission (Nos. 144 and [145]): Admit that You have not produced any training datasets for Stable Diffusion 2.0 [2.1] to Plaintiffs. Stability lodged objections and responded: "Stability AI admits that the data on which Stable Diffusion 2.0 [2.1] was trained is a subset of LAION-5B, which was produced by Midjourney in this litigation. Except as specifically admitted, Stability AI denies this request." In the meet-and-confer, Stability confirmed that its response refers to Midjourney's production of LAION-5B.[5] The first two clauses obfuscate the response to the request. Plaintiffs requested Stability amend its response to directly respond to the actual inquiry: whether Stability produced any training datasets for SD 2.0 or SD 2.1. Stability declined.[6] Enough is enough.

Relief requested:
Plaintiffs respectfully request the Court order Stability to (1) provide a full response to Interrogatory No. 9, including by identifying, by name, each dataset used in the training of each relevant model, and (2) produce all training datasets identified in response to Interrogatory No. 9 that are in Stability's possession, custody, or control.

---

[4] *Id.* at ¶ 4.

[5] Stability AI has not produced LAION-5B dataset, despite a direct RFP request. *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

Date: July 8, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butticklaw.com