July 8, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with Section F(5), page five, of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs submit this letter brief regarding unresolved disputes with respect to Defendants' Stability AI, Ltd. and Stability AI, Inc. (collectively, "Stability") discovery responses. Plaintiffs have met and conferred with Stability, requested additional meetings, and written numerous correspondence in attempt to resolve these matters.

Plaintiffs suggested a joint stipulation extending the deadline to file motions on these pending disputes. Stability did not agree to an extended deadline and has taken the position that it is too late for Plaintiffs to seek relief on these matters.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
• Next Joint Status Conference with Judge Cisneros: July 23, 2026
• Close of Fact Discovery: July 1, 2026
• Close of Fact Discovery Depositions: August 15, 2026
• Close of Expert Discovery: October 18, 2026

Plaintiffs file this brief in an abundance of caution to preserve certain unresolved discovery disputes pending as of July 8, 2026, the deadline for parties to file motions on written discovery. While Plaintiffs and Stability have met and conferred on these issues, and exchanged correspondence, Stability has not provided Plaintiffs with definitive responses or yet served certain amended/supplemental discovery. Stability has not agreed to an extension of the deadline to allow the parties to finalize meeting-and-conferring on these matters, taking the position that Plaintiffs have not acted quickly enough. These matters fall into three categories:

1.  Pending issues arising out of Stability's July 1, 2026 discovery responses

In discussing several of Stability's responses to Plaintiffs' Requests for Production, Set 6, during a meet-and-confer on July 6, Stability stated it would look into certain matters raised and get back to Plaintiffs with its position. Stability sent follow-up correspondence after business hours on July 7, and, while it addressed some of the matters discussed, it did not address RFP Nos. 194, 198, 199, 200, 203.  Conversely, Plaintiffs provided Stability with their positions on Plaintiffs' July 1 responses to Stability's final set of RFPs, as promised.

Plaintiffs have not been derelict in following up and attempting to meet-and-confer on potential disputes over July 1 discovery responses. By refusing a short, stipulated extension of the deadline to allow the parties to finalize meeting-and-conferring on this discovery, and leaving some questions unanswered, Stability may have no intention of providing documents responsive to those requests, intending to rely on an argument that any post-July 8 filing on deficiencies would be too late.

2.  Matters raised in Plaintiffs June 30, 2026 letter

In a letter dated June 30, 2026, Plaintiffs (a) pointed out deficiencies in Stability's privilege log (including completely unlogged redactions and examples of apparent third-party waiver), (b) requested hyperlinks for documents (after a process of culling and narrowing the requests), (c) requested native files, including of a number of PowerPoint presentations, and (d) noted apparent gaps in Stability's production.

Stability has not responded to this letter, even in part, perhaps in an effort to run out what remained of the clock before the July 8 deadline and prevent Plaintiffs from filing a brief over any dispute. Stability has an affirmative duty to appropriately log documents withheld or redacted on the basis of privilege in accordance with paragraph 15 of the Stipulated ESI Order (Dkt. 275), and to serve legible documents in agreed upon formats. Plaintiffs should not be required to locate and notify Stability of every flaw in its document production weeks before the close of discovery, particularly where some of the requests (such as for hyperlinks and native files) should be made only after due consideration.

3.  Plaintiffs' Response to Stability June 17, 2026 letter

On May 22, 2026, Plaintiffs sent Stability a letter outlining numerous apparent deficiencies in Stability's production. Stability did not respond to the letter until June 17, 2026. Stability's response letter did not adequately address a number of the issues Plaintiffs previously raised. Some of the responses only prolonged the amount of time before impasse or resolution could be reached. For instance, the response to several matters was, 'Stability is investigating the request,' and

1

2

regarding others, Stability stated it was "continuing to review documents for production and will produce additional, responsive, non-privileged materials, if any[.]" But there is no more time. Documents must be produced now.

Within the last month, Plaintiffs have requested the status of completion of Stability's document production but have been met with silence. This clearly hinders Plaintiffs ability to evaluate the need for discovery briefing – if Stability intends to produce additional documents in response to a given RFP, and that production will satisfy the request, then there is no need to brief that matter. Plaintiffs explained the remaining issues (from their May 22 letter) in a letter to Stability dated July 6, 2026.

Both parties have contributed to the delay in finalizing meet-and-confers over pending discovery disputes. Plaintiffs have worked diligently to timely raise discovery issues with Stability, and diligently in responding to the issues Stability has raised with Plaintiffs.

Requested relief.
Plaintiffs respectfully request the Court order Plaintiffs and Stability to finalize all meet-and-confers over the pending discovery disputes identified above by a date certain and file any briefing on a date certain shortly thereafter.

2

Date: July 8, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

3