KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
DEEVA SHAH - # 319937
dshah@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
PAUL H. VON AUTENRIED - # 335917
pvonautenried@keker.com
YEGINA WHANG - # 350287
ywhang@keker.com
CATHERINA Y. XU - # 360205
cxu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
RUNWAY AI, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, an individual; KARLA ORTIZ, an individual; GRZEGORZ RUTKOWSKI, an individual; GREGORY MANCHESS, an individual; GERALD BROM, an individual; JINGNA ZHANG, an individual; JULIA KAYE, an individual; ADAM ELLIS, an individual, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, INC., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation <br><br> Defendants. | Case No. 3:23-cv-00201-WHO (LJC) <br><br> **OPPOSITION TO LETTER BRIEF REGARDING HYPERLINK REQUESTS** <br><br> Dept.:    2, 17th Floor <br> Judge:    Hon. William H. Orrick <br><br> Date Filed: January 13, 2023 <br><br> Trial Date: June 1, 2027 |

Defendants Runway AI, Inc., Midjourney, Inc., Stability AI, Inc., Stability AI Ltd., and DeviantArt, Inc. (collectively "Defendants") respectfully submit this opposition to Plaintiffs' Discovery Letter Brief Regarding Hyperlink Requests. ECF 644. Defendants understand that the Court issued an order with respect to Plaintiffs' submission earlier today. ECF 646. But because Plaintiffs unilaterally filed that submission without providing Defendants any opportunity to respond, Defendants respectfully provide this opposition to complete the record and in view of the possibility of further proceedings on this issue.

Plaintiffs' "letter brief" is procedurally improper and substantively unpersuasive. With respect to the former, Plaintiffs never formally met-and-conferred with Defendants on this issue. Contra Your Honor's Standing Order, Plaintiffs never even *asked* to meet and confer in person or by video conference. Plaintiffs admit as much. ECF 644 at 2. Nor did Plaintiffs provide their portion of the "letter brief" to Defendants in advance of submitting it. Plaintiffs do not dispute that, either. Plainly, they did not submit a *joint* letter brief—again, in flagrant disregard for the Court's standing order.

There is nothing excusable about Plaintiffs' neglect. Plaintiffs have known since no later than July 1, when Runway stated its position via email, that the parties did not agree on the hyperlinks limit. Plaintiffs could have initiated the meet-and-confer process thereafter, as they did on other issues. *See, e.g.*, ECF 641. They chose not to. Plaintiffs' refusal to play by the rules should not be rewarded.

As for the substance of this dispute, Plaintiffs are incorrect about the meaning of the ESI Order.[1] ECF 275. The plain language of that order is clear: it says "Each Party (with Named Plaintiffs constituting a single Party, and Stability AI entities constituting a single Party) may

---

[1] Plaintiffs falsely state that "After meeting and conferring with defendant DeviantArt, it has backed away from this argument and agrees that Plaintiffs may make 200 hyperlink requests to it alone." ECF 644. But DeviantArt never agreed that Plaintiffs may make 200 hyperlink requests to it, nor did DeviantArt "back away" from its position on the proper interpretation of Paragraph 11 of the ESI Order. DeviantArt's position remains that "Each Party (with Named Plaintiffs constituting a single Party, and Stability AI entities constituting a single Party) may make up to two hundred such requests" —meaning Plaintiffs may make 200 requests total, not 200 requests to each Defendant. ECF 275. DeviantArt has requested that Plaintiffs submit an errata correcting this clear misrepresentation. Plaintiffs have not responded to DeviantArt's request.

1

make up to two hundred such requests." *Id.* at 8. It does not say "two hundred such requests *per Party*." The Order could have used such language. Indeed, the search terms section of the ESI Order—that is, the very same document—provides that "[e]ach Requesting Party shall limit its ESI production requests to a total of fifteen search terms per custodian *per party*." *Id.* at 4 (emphasis added). The absence of the "per party" language in the provision governing hyperlinks is dispositive.

Plaintiffs counter that it would be unnecessary for the ESI Order to clarify that the Stability entities constitute a single party if Defendants' interpretation of the document were correct. Wrong again. The reason to so state was to make plain that the two Stability entities could not each make 200 requests of Plaintiffs. It is for the same reason that the Order explains that "Plaintiffs constitut[e] a single Party": that language was necessary to avoid an absurd result. If each of the ten named Plaintiffs were separately entitled to make 200 requests, Plaintiffs could collectively demand *two thousand* links.

This is not a mere academic dispute. Plaintiffs' requests for hyperlinks are burdensome; allowing 200 per party (so, 800 total) at this late stage of discovery imposes a significant burden on Defendants. Indeed, Plaintiffs flooded Defendants with hyperlink requests at the very end of the discovery period—serving hundreds of requests in the final days (including in the final hours). Compounding that burden is that many of the requests for hyperlinks are poorly disguised requests for additional source code—requests that come far too late. Given that the ESI Order allows no such thing, Plaintiffs should not be permitted this additional discovery.

Defendants understand that the Court entered its order upon review of Plaintiffs' submission and will of course comply with the Order unless and until there is further action from the Court. Defendants nevertheless respectfully submit this response to complete the record and to provide further context for the Court's consideration.

//

//

OPPOSITION TO LETTER BRIEF REGARDING HYPERLINK REQUESTS
Case No. 3:23-cv-00201-WHO (LJC)

6259918

Dated:  July 9, 2026

**KEKER, VAN NEST & PETERS LLP**

By:   /s/ Bailey W. Heaps
DAVID SILBERT
PAVEN MALHOTRA
MATAN SHACHAM
BAILEY W. HEAPS
DEEVA SHAH
JULIA L. GREENBERG
PAUL H. VON AUTENRIED
YEGINA WHANG
CATHERINA Y. XU

Attorneys for Defendant
RUNWAY AI, INC

Dated:  July 9, 2026

**LATHAM & WATKINS LLP**

By:   /s/ Sarah F. Mitchell
ANDREW M. GASS
MICHAEL H. RUBIN
BRITTANY N. LOVEJOY
SARAH F. MITCHELL
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: andrew.gass@lw.com
        michael.rubin@lw.com
        brittany.lovejoy@lw.com
        sarah.mitchell@lw.com

*Attorneys for Defendant DeviantArt, Inc.*

//

//

3

OPPOSITION TO LETTER BRIEF REGARDING HYPERLINK REQUESTS
Case No. 3:23-cv-00201-WHO (LJC)

6259918

Dated:  July 9, 2026

**MORRISON & FOERSTER LLP**

By:   */s/ Aditya Vijay Kamdar*
JOSEPH CHARLES GRATZ
TIFFANY CHEUNG
TIMOTHY CHEN SAULSBURY
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
 Email: jgratz@mofo.com
          tcheung@mofo.com
          tsaulsbury@mofo.com

CHRISTOPHER R. ADLER
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
 Email: cadler@mofo.com

ADITYA VIJAY KAMDAR
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
 Email: akamdar@mofo.com

*Attorneys for Defendants Stability, Inc. and Stability AI Ltd.*

Dated:  July 9, 2026

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:   */s/ Angela Dunning*
ANGELA DUNNING
SAM BLANKENSHIP
151 University Avenue
Palo Alto, CA  94301
Telephone: (650) 815-4131
 Email: adunning@cgsh.com
          sblankenship@cgsh.com

ARMINDA B. BEPKO
CHARITY E. LEE
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
 Email: abepko@cgsh.com
          charitylee@cgsh.com

*Attorneys for Defendant Midjourney, Inc.*

4

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

*/s/ Bailey W. Heaps*
BAILEY W. HEAPS

OPPOSITION TO LETTER BRIEF REGARDING HYPERLINK REQUESTS
Case No. 3:23-cv-00201-WHO (LJC)

6259918