[Counsel listed on signature pages]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANDERSEN, ET AL.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>    v.<br><br>STABILITY AI LTD., ET AL.,<br><br>                 *Defendants*. | Case No. 3:23-cv-00201-WHO<br><br>**JOINT STATUS REPORT**<br><br>Discovery Conference Date: July 23, 2026<br>Time: 3:00 PM<br>Place: via Zoom<br>Judge: Hon. Lisa J. Cisneros |

Case No. 3:23-cv-00201-WHO

## I.      Introduction

Pursuant to the Court's June 18, 2026 Order (ECF No. 608), the Parties submit this Joint Status Report addressing the status of fact discovery, including remaining document production, depositions, outstanding disputes, and scheduling.

## II.     Status of Document Production

Document production remains ongoing. The summaries below describe each Party's status.

**Plaintiffs:** As of June 8, 2026, the eight Plaintiffs have collectively produced more than 64,600 documents. Plaintiffs have completed their production of financial information pursuant to ECF No. 602.

**Midjourney:** As of July 13, 2026, Midjourney has produced 10,118 documents comprising 960,407 pages and more than 88 gigabytes of image data.  Midjourney has also produced more than 150 terabytes of training data. Plaintiffs continue to investigate the adequacy of that production. Midjourney has agreed to produce—and has produced—responsive documents from David Holz's Gmail account starting in August 2021 and documents regarding artist style from his personal server. The Court resolved the Parties' dispute regarding the production of certain source code. ECF No. 619. The Court ordered Midjourney to produce source code for inspection related to the overfit filter and database, but did not order the production of source code related to Midjourney's style model and efforts to isolate artists' styles. Plaintiffs have filed an objection pursuant to Fed. R. Civ. P. 72 regarding the style model and artist style isolation source code.  Midjourney will oppose this objection on July 22, 2026. Midjourney will file its opposition to that submission on July 22, 2026 in accordance with this Court's order (ECF No. 658).  Plaintiffs most recently inspected Midjourney's source code on June 5, 2026. Plaintiffs have scheduled a further inspection of Midjourney's source code, including the overfit source code, for July 17. Plaintiffs still await the production of end-use training datasets. Midjourney has promised to start producing V6 and V7 training datasets soon and the rest on a rolling basis. Plaintiffs continue to await the identification of documents produced pursuant to previous hyperlink requests and served Midjourney a further round of hyperlink requests on July 1, 2026. Midjourney has timely responded to appropriate requests for hyperlinks and will produce properly identified hyperlinks from Plaintiffs' initial request.  On the same day that Plaintiffs served their additional requests—July 1—

Midjourney identified issues with many of them:  some were not actually hyperlinks, while others linked to source code and training datasets that are not properly sought via hyperlink request.  Plaintiffs agreed to re-evaluate these requests and provide a narrower list, but have not yet done so.

**DeviantArt:** As of July 14, 2026, DeviantArt has produced 2,206 documents. DeviantArt has also produced a dataset with over 3 million images and 55,000 usernames and emails corresponding to a sample of those images, as requested by Plaintiffs. Plaintiffs await the production of additional documents, including without limitation documents concerning survey data and survey summaries (requested on June 30), certain hyperlinked documents (requested on June 18 and July 1), a document referenced by DeviantArt witness Robert Woolfson in his deposition (requested on July 6), and prompts and engagement data for images generated by DreamUp (agreed to on July 7). Plaintiffs' most recent inspection of DeviantArt's source code occurred on July 14, 2026.

**Runway:** As of July 14, 2026, Runway has produced 28,532 documents. Runway represents that it substantially completed document discovery as of October 3, 2025. Plaintiffs' most recent inspection of Runway's source code occurred on June 11, 2026.

**Stability AI:** As of July 14, 2026, Stability AI has produced 8,097 documents.  Stability AI has also made available source code and 13 datasets.  Plaintiffs filed two letter briefs on July 8, 2026 (Dkt. Nos. 642 and 643). Stability AI's deadline to respond to Dkt. No. 642 is July 22, 2026.

**Midjourney:** Midjourney served a document production subpoena on Ben Zhao and two document production subpoenas on Andrews McMeel Universal, Inc. ("AMU"). Professor Zhao was originally proffered as a testifying machine learning expert by Plaintiffs in 2025 before the Court granted Defendants' motion for disqualification based on the determination that Professor Zhao was a "functional competitor." AMU is the publisher for certain Asserted Works by Plaintiffs Sarah Andersen, Julia Kaye, and Adam Ellis.

The Parties served their final written discovery requests on June 1, 2026.

III.    **Privilege Logs**

The Parties have exchanged privilege logs for documents withheld to date, consistent with the Court's schedule.

IV.    **Depositions**

**Plaintiffs' Depositions**: As of July 16, the depositions of Plaintiffs Adam Ellis (May 8), Jingna Zhang (May 29), Julia Kaye (June 1), Greg Rutkwoski (June 18), Gerald Brom (July 9), and Greg Manchess (July 16) have taken place. The Parties have agreed on dates for the remaining depositions of Karla Ortiz (July 17) and Sarah Andersen (August 4).

**Midjourney Depositions**: As of July 14, Plaintiffs have taken three 30(b)(1) depositions: Sam Schickler (May 13), Nadia Ali (May 21), and David McClure (June 11). Plaintiffs have taken three 30(b)(6) depositions: Nadia Ali (May 21), David McClure (June 11), and Daniel Russell (July 10). The Parties have agreed on dates for the depositions of Caleb Kruse (July 16) and David Holz (August 13). Plaintiffs have thus far used 1 hour and 17 minutes out of their allotted 13 hours for Midjourney 30(b)(6) testimony pursuant to the parties' Stipulated Deposition Protocol (ECF No. 274), exclusive of Caleb Kruse, who is testifying as a 30(b)(6) witness on the same day this joint status report is filed.

**DeviantArt Depositions**: As of July 14, Plaintiffs have taken five 30(b)(1) depositions: Sasha Lerner (April 30), Chris Nell (May 13), Robert Woolfson (July 6), Liat Karpel Gurwicz (July 8), and Niran Lamay (July 9). Plaintiffs have also taken one 30(b)(6) deposition of Liat Karpel Gurwicz (July 8). Plaintiffs have used 1 hour and 58 minutes out of their allotted 13 hours for DeviantArt's 30(b)(6) testimony pursuant to the parties' Stipulated Deposition Protocol (ECF No. 274). The Parties have agreed to dates for the following depositions: Moti Levy (August 5), and Peter Gorniak (August 12). DeviantArt designated witnesses Karpel, Levy and Gorniak as 30(b)(6) witnesses.

**Runway Depositions**: As of July 14, Plaintiffs have taken two 30(b)(6) depositions: Mary Liu (June 8) and Michelle Kwon (June 17). The Parties have agreed to dates for additional depositions: Emily Golden (July 21), Cris Valenzuela (July 21), Anastasis Germanidis (July 22 [and July 23 if needed]), Matt Basta (August 5), and Ian Sansavera (August 11). Plaintiffs have used 2 hours and 36 minutes out of their allotted 13 hours for Runway's 30(b)(6) testimony pursuant to the parties' Stipulated Deposition Protocol (ECF No. 274).

**Stability AI Depositions**: As of July 14, the Parties have agreed to dates for the following 30(b)(1) depositions: Kate Hodeson (July 24), Katie May (August 11), Peter O'Donoghue (July 21), and Jasper Themelis (August 12).  The Parties have agreed to dates for Stability AI's 30(b)(6) depositions which will take place in London (Peter O'Donoghue on July 21 and, if needed, July 22) and Washington DC (Chad Fawcett on July 28).

**Nonparty Depositions**:

*Former DeviantArt Employees*: On May 29, 2026, Plaintiffs filed a petition ("Petition") with the Supreme Court of British Columbia, Canada ("BC Court") to order the depositions of Canadian witnesses Georgii Trofimov and Nikolay Surovenko pursuant to the Court's Order resolving Plaintiffs' Letters Rogatory Motion. Copies of the Petition were served on witnesses Surovenko and Trofimov on June 2 and June 7, respectively. The witnesses did not file responses to the Petition. The BC Court set a hearing date of July 14, 2026. Immediately following the hearing, the BC Court entered an order that Surovenko and Trofimov each attend a deposition on a mutually agreeable date and time, for the purpose of being examined under oath or affirmation in relation to the matters specified in the Letters Rogatory. Plaintiffs will make every effort to schedule these depositions by the August 15 deadline; however, they may seek a modest extension for the limited purpose of deposing these two witnesses if the Parties cannot find a mutually agreeable time within the schedule.

*Former Stability AI Employees*: Plaintiffs have successfully served deposition subpoenas on, and have confirmed dates for, the depositions of the following former employees of Stability AI: Dustin Podell (July 14), Stephen Auerhahn (July 20), Joe Penna (July 31), Zion English (August 6), and Katherine Crowson (August 12). Plaintiffs are awaiting confirmation from William Cusick on a mutually agreeable date for his deposition. Plaintiffs have also issued a deposition subpoena to Harry Saini, made numerous attempts to serve him, but have thus far not been successful. With respect to former CEO Emad Mostaque, on July 16, 2026, the Central District of California denied Plaintiffs' Motion for Order to Show Cause and For Alternative Service, finding that Plaintiffs' subpoena was invalid for two independent reasons: defective service and improper place of compliance. *See Andersen v. Mostaque*, No. 2:26-MC-00050 MWF (DSRx) (C.D. Cal. July 16, 2026), ECF No. 11..

*Other Nonparties*: Plaintiffs successfully served a deposition and document subpoena on LAION

member Aarush Katta. After agreeing on a deposition date of July 10, and serving a small initial production, Mr. Katta promised to search further for responsive documents. On the day he was to produce additional documents, Mr. Katta informed Plaintiffs he would need to review the legality of producing the documents he had collected. He also asked to postpone the deposition to allow him further time for the production, which Plaintiffs agreed to. Plaintiffs have asked for updates regarding his production but have not heard from him since. If he does not respond soon, Plaintiffs will move to compel in the Northern District of Illinois, from which his subpoena was issued.

Defendants also served a cross-notice note of deposition of Mr. Katta on June 30, 2026. Plaintiffs have yet to produce any documents from Mr. Katta—despite receiving multiple requests from Defendants, representing herein that they have received "a small initial production from Mr. Katta," and agreeing on July 8 to produce any documents received from Mr. Katta in response to, *inter alia*, Defendants' Joint Requests for Productions Nos. 6-10, 22, 32, and 33 and Runway's Requests for Productions 1-3, 6, 19, 21-22, and 66.

Plaintiffs will be cross producing Mr. Katta's productions on a rolling basis, and expect to begin that production on July 16, 2026.

Defendants served a deposition and document subpoena on third party Circana LLC with a June 22 date of compliance for both the deposition and document production. Plaintiffs served a cross-notice deposition and document subpoena for the same date. That deposition has been postponed. Defendants have also served deposition and document subpoenas on Edna Chan (Zhang's accountant).  In light of Plaintiffs' supplemental discovery pursuant to the Court's Order, *see* ECF No. 602, the parties agreed to extend Plaintiffs' deadline to file objections and/or move to quash Ms. Chan's subpoena to July 28, 2026.

**V.**    **<u>Outstanding Discovery Issues and Potential Disputes</u>**

*Plaintiffs' Position*

Plaintiffs have engaged in good-faith conferral on all outstanding discovery issues and continue to do so. The Parties are actively meeting and conferring on the following:

- <u>Stability AI Source Code</u>: Plaintiffs inspected Stability AI's source code on June 12, 2026. That inspection confirmed significant gaps in the production. On June 25, 2026, the Parties filed a

Case No. 3:23-cv-00201-WHO                5

joint letter brief (Dkt. No. 613) presenting four disputes: (1) Stability AI's unilateral curation of branches within repositories it identified as containing responsive code; (2) the adequacy of Stability AI's search for scoring function code, including whether it made reasonable efforts to consult the former employees who developed the relevant models; (3) Stability AI's refusal to produce code in its possession, custody, or control that it used to merge training datasets and generate synthetic training data; and (4) a repository withheld on relevance grounds, for which Plaintiffs requested production or a description sufficient for in camera review. The Parties await the Court's ruling. There have been no developments since the joint letter brief was filed.

- Plaintiffs' Requests for Production, Set Five: With regard to RFP Nos. 152-153, Stability AI was previously unable to provide a full update pending the return of certain personnel. Stability AI has not provided an update, though a month had passed. These RFPs request documents and communications sufficient to identify the Stability AI personnel who worked on compiling or downloading training data and the dates those datasets were downloaded. Plaintiffs reserve their right to challenge the sufficiency and reasonableness of Stability AI's search for responsive documents.

- Stability AI's Deficient Document Production: Plaintiffs have identified specific deficiencies in Stability AI's document production. These deficiencies include the failure to produce all relevant datasets Stability AI used in training the models in issue. This production is at the heart of this dispute and critical to Plaintiffs' case. Stability AI's failure to produce these datasets (and its evasive answers to written discovery requests on this issue) demonstrates noncompliance with its discovery obligations, and Stability AI is now hoping to avoid liability by arguing that it is too late for Plaintiffs to obtain relief. Plaintiffs filed a letter brief on this issue and is awaiting the Court's ruling (Dkt. No. 642). Stability AI's insufficient production is not limited to datasets. Plaintiffs have worked diligently to identify these deficiencies and meet-and-confer with Stability AI to resolve them, though a number of material disputes remain unresolved. Stability AI's tactical responses to Plaintiffs' inquiries drew out the process, and Stability AI is again telling Plaintiffs that they are too late.

- Stability AI – 30(b)(1) Depositions: The Parties have reached agreement regarding 30(b)(1) Depositions.

- Stability AI – 30(b)(6) Depositions: The Parties have reached agreement regarding Stability AI's Objections and Responses to Plaintiffs' 30(b)(6) Notice.

- Runway's Interrogatory Responses: The Parties have discussed the timing of supplemental discovery responses. Pursuant to the Court's order at ECF No. 648, Runway provided supplemental responses to Interrogatory Nos. 2, 5, 6, and 9 on July 15, 2026, and will provide supplemental responses to Interrogatory Nos. 7 and 14 by July 23, 2026. If deficiencies remain after Plaintiffs review Runway's supplemental responses to Interrogatory Nos. 2, 5, 6, and 9, the Parties may file a joint status report on July 21, 2026. Plaintiffs provided supplemental responses and productions responsive to Interrogatory Nos. 15, 16, and 17, Request for Production No. 70, and Requests for Admission Nos. 56, 57, 67, and 69 at 12:04 A.M. on July 16, 2026.

- Runway's Slack Threads: On July 7, in response to Plaintiffs' July 6 discovery letter, Runway agreed to produce and subsequently produced the requested slide decks in native format. The Slack thread dispute, however, remains outstanding. Runway has taken the position that its production complies with the Court's ESI Order. Plaintiffs have provided Bates-numbered examples of Slack message threads demonstrating Runway's production contains incomplete threads that omit necessary context. Plaintiffs were surprised to encounter over a full page of substantive briefing in Runway's section regarding this issue. Plaintiffs will seek to confer with Runway on this issue and will raise any remaining dispute with the Court if the parties cannot reach resolution by agreement.

- DeviantArt Source Code Review: DeviantArt produced additional code for inspection on or around July 8, which Plaintiffs reviewed on July 14. On the same day, Plaintiffs wrote to DeviantArt's counsel with a print request and a follow-up item regarding some of the python notebooks made available for inspection. DeviantArt is refusing to comply with a print request for certain git history (i.e., a log showing changes, pull requests, and commits to a specific source code repository) on the basis that the requested file is 135 pages long. This is despite the fact that DeviantArt has previously made full productions of git history (without requiring

inspection). DeviantArt has agreed that July 24 is the deadline to brief any disputes arising out of the code DeviantArt made available on or around July 8.

- Plaintiffs' Hyperlinks to DeviantArt: DeviantArt agreed to provide, by July 21, its positions on whether it will produce documents responsive to sixty hyperlink requests made by Plaintiffs. DeviantArt also agreed to produce documents responsive to the sixty hyperlink requests, subject to any objections it may raise by July 28. The Parties agreed that July 28 is the last day for the Parties to submit a joint letter brief on any dispute arising out of Plaintiffs' hyperlink requests. DeviantArt also agreed that it will not withhold documents based on a blanket objection on the basis of timeliness or the 200-hyperlink limit.

- Plaintiffs' Supplemental Productions of Financial Documents: Upon receiving the Court's order at ECF No. 602, Plaintiffs engaged in a rigorous, good-faith effort to locate additional financial documents for the non-asserted works. Plaintiffs have produced to Defendants what they were able to locate based on a reasonable search. Plaintiffs remain available to confer with Defendants regarding their perceived deficiencies.

- Plaintiffs' Documents from Mr. Katta: As Plaintiffs have explained to Defendants, Plaintiffs will cross produce Mr. Katta's documents as they receive them. (A. Gilchrist email to C. Xu (Jul. 8, 2026).) Plaintiffs expect to be in a position cross produce some of Mr. Katta's documents today (July 16, 2026) and expect to produce the balance by next week.

- Midjourney's First Publication Interrogatories: Plaintiffs supplemented their privilege logs *to add two additional entries* as part of their efforts to comply with the deadline to supplement privilege logs at least two weeks before a witness's deposition. To the extent Midjourney believes these log entries would have impacted the arguments it asserted in the pending letter brief, Midjourney is free to make a filing to supplement the record.

- Runway's Interrogatory No. 13 (Plaintiffs' Customers): Plaintiffs look forward to conferring with Runway on July 17.

- Runway's Interrogatory No. 9 (Plaintiffs' Income and Expenses): Plaintiffs have complied with the Court's order at ECF No. 602 by producing documents showing Plaintiffs' income and expenses as it relates to their work as artists, including on a monthly basis (to the extent those

documents exist), and citing to those documents in their Interrogatory responses, consistent with Rule 33(d). Plaintiffs' "full" position regarding their financials is borne out by the financial documents they have produced. As Plaintiffs have explained to Runway, royalty statements often provide income on a quarterly basis, and monthly reporting does not exist for many of Plaintiffs' income streams. Runway remains unsatisfied, demanding "totals that are attributable to specific time periods and (2) any time periods for which no data is available;" however, "the burden of deriving or ascertaining th[ose] answer[s] will be substantially the same for either party," and thus Plaintiffs' invocation of Rule 33(d) is proper.

***Defendants' Positions***

**All Defendants**

- Plaintiffs' Supplemental Productions of Financial Documents: On June 17, the Court granted in part Defendants' motion to compel Plaintiffs to supplement their discovery responses regarding their art-related income and tax records. *See* ECF No. 602. After receiving the Court's Order, Plaintiffs produced additional financial documents on a rolling basis between June 30 and July 7, 2026. Defendants are still reviewing Plaintiffs' additional productions and are raising ongoing deficiencies. For example, Andersen's July 7, 2026 production contains no revenue information for certain of her non-asserted works. Similarly, Plaintiff Rutkowski's deposition revealed numerous holes in production of his agreements and revenue relating to both asserted and non-asserted works. Defendants have sent further deficiency letters that remain unaddressed by Plaintiffs. If gaps remain following meet and confer, Defendants reserve their right to seek further relief from the Court, renew requests for Plaintiffs' tax returns, or seek to enforce subpoenas served upon Edna Chan or Andrews McMeel Universal. Defendants further reserve their rights to re-open any particular Plaintiffs' deposition for a limited time to obtain testimony regarding the supplemental productions. Defendants currently anticipate seeking to reopen depositions for at least Rutkowski.

- Plaintiffs' Documents from Mr. Katta: Plaintiffs represent that they have received "a small initial production [of documents] from Mr. Katta," which are responsive to, *inter alia*, Defendants' Joint Requests for Productions Nos. 6-10, 22, 32, and 33 and Runway's Requests for Productions

1-3, 6, 19, 21-22, and 66.  Plaintiffs have not yet produced this "initial production from Mr. Katta" to Defendants, despite receiving numerous requests from Defendants since June 23 and representing on July 8—the deadline for filing joint letter briefs on fact discovery issues—that they would "share the documents from Mr. Katta's production once [they] receive[d] them."  If Plaintiffs continue to disregard that prior commitment and withhold Mr. Katta's documents, Defendants reserve their right to seek relief from the Court.

**Stability**

- Stability AI Source Code:  For the reasons stated in the Parties' joint letter brief (ECF No. 613), we disagree that Plaintiffs are entitled to any relief.

- Plaintiffs' Requests for Production, Set Five:  Stability AI disagrees there is any dispute here.  In response to RFPs 152 and 153, Stability AI told Plaintiffs on June 16, 2026 that it "agreed to conduct a reasonable search, [is] conducting the reasonable search, and will provide responsive non-privileged information, if any, that can be located after that search."   Stability AI has produced documents responsive to these requests, similar requests, and related interrogatories, that could be found after a reasonable search.

- Stability AI's Deficient Document Production:  Stability AI disagrees with Plaintiffs' characterization of its production.  Per the Court's July 16, 2026 Order (ECF No. 659), Stability AI will respond to Plaintiffs' unilateral letter brief on datasets by July 22, 2026.

**Midjourney**

- Plaintiffs' Motion for Relief From Magistrate Judge Cisneros's ruling on Midjourney's Source Code:  On July 14, 2026, Plaintiffs filed a Motion for Relief from Nondispositive Pretrial Order (ECF No. 656), challenging Magistrate Judge Cisneros' denial of Plaintiffs' requests for Midjourney to produce its Style Reference Source Code (ECF No. 619).  Midjourney will oppose the motion by July 22, 2026, consistent with the Court's Order (ECF No. 658).

- Midjourney's First Publication Interrogatory: Despite agreeing to supplement Plaintiff Andersen's response to Interrogatory No. 5 and Zhang's response to Interrogatory No. 1 (the "First Publication" Interrogatories), Plaintiffs have yet to advise as to when they will do so.  Midjourney has made several requests that have all gone unanswered.  Midjourney requests that

the Court order these Plaintiffs serve the supplemental responses they have agreed to provide no later than July 30, 2026, which is only five days before Ms. Andersen's deposition.

- Plaintiffs' Responses to Midjourney's Interrogatory Nos. 15-17 (Gerald Brom, Sarah Andersen, Julia Kaye, Grzegorz Rutkowski, and Karla Ortiz) and Nos. 11-12 (Manchess and Zhang): On July 1, 2026, Plaintiffs served responses and objections to interrogatories primarily seeking the outputs Plaintiffs accuse as infringing, the factual bases for Plaintiffs' denials of requests for admission, and the documents supporting those denials. Among other things, Plaintiffs objected on the basis that the requests constitute premature contention interrogatories. The next day Midjourney sent a letter to Plaintiffs advising that these responses are deficient, but Midjourney has not received any response. To the extent Plaintiffs attempt to supplement any of these prior interrogatory responses with new facts, documents, or outputs not previously produced and identified, Midjourney reserves all rights including but not limited to moving to exclude any evidence that should have been produced during document discovery and that is identified for the first time after those deadlines have passed.

- Privilege Joint Letter Brief: A joint letter brief, filed on July 1, 2026 (ECF No. 625), concerns Plaintiffs' withholding and claw-back of documents on the basis of attorney-client privilege, common interest, and work-product protection. Midjourney notes that since this joint letter brief was filed, Plaintiffs have produced additional log entries that should have been identified long before now that suffer from the same issues. Plaintiffs' decision to wait until July 2 to produce these entries—after the close of fact discovery and the brief was filed—appears calculated to avoid their inclusion in the joint letter brief. The Parties are awaiting a ruling from the Court on this issue.

**Runway**

- Runway's Interrogatory No. 13 (Plaintiffs' Customers): On July 14, 2026, the Court agreed that "Plaintiffs must do more to identify their customers and update their" responses to Runway's Interrogatory No. 13. ECF No. 653. The Court therefore ordered the parties to meet and confer by July 17 "to identify a narrow subset or subsets of customers (for example, based on type of customer, timeframe, or revenue) that each Plaintiff must identify" and ordered Plaintiffs to

supplement their responses "within fourteen days of the conclusion of their conferral efforts." ECF No. 653. The parties will meet and confer on July 17 regarding the scope of the customers required. Runway reserves the right to seek relief from the Court if Plaintiffs do not agree to a reasonable scope.

- Runway's Interrogatory No. 9 (Plaintiffs' Income and Expenses): Runway's Interrogatory No. 9 asks Plaintiffs to state their "total income and expenses from work as an artist in each month since January 2020." The Court granted Defendants' motion to compel Plaintiffs' response to Runway's Interrogatory No. 9 in part, ordering Plaintiffs to supplement their responses and include "art-related income and expenses from non-asserted works." ECF No. 602 at 2. On July 7, 9, and 14, Plaintiffs served amended responses to Runway's Interrogatory No. 9 that all invoke Rule 33(d) and merely cite to documents they produced. Those responses are deficient and violate the Court's Order because the cited documents—largely royalty statements without monthly breakdowns—do not provide the requested information, such that invocation of Rule 33(d) is improper. On July 14, Runway explained this to Plaintiffs and asked them to provide supplemental responses "that identify their 'total income and expenses from work as an artist in each month since January 2020,' not limited to asserted works" and "to the extent monthly data is not available . . . (1) the totals that are attributable to specific time periods and (2) any time periods for which no data is available." Plaintiffs refused, stating that their reliance on Rule 33(d) is sufficient. The purpose of this interrogatory is to understand Plaintiffs' full position on their income and expenses, which Runway is entitled to know and which the Court has ordered Plaintiffs to provide. Plaintiffs' position currently changes with every document production (including documents Plaintiffs initially refused to produce), which underscores why an interrogatory response is better suited for this type of information rather than disparate financial records and individual invoices and receipts. If Plaintiffs still do not agree to provide full written responses (rather than exclusively document citations) to comply with the Court's Order, Runway will seek relief from the Court, including but not limited to moving to compel Plaintiffs' tax returns, as the Court allowed in its Order. *See* ECF No. 602 at 3.

- Runway's Slack Threads: On July 6 (five days **after** the close of fact discovery), Plaintiffs sent Runway a list of 50 Slack threads that they contend are "incomplete," and initially attempted to transform this joint status report into a belated and procedurally improper discovery motion concerning those 50 threads. Plaintiffs' complaints are substantively meritless and procedurally untimely. **First**, as Runway has represented to Plaintiffs multiple times, Runway's Slack production is not "incomplete." Consistent with the ESI Order and the Federal Rules, Runway produced non-privileged responsive Slack communications as they are held in the ordinary course of business and in daily increments. Nothing in the ESI protocol requires a different approach to producing Slack communications.[1] Plaintiffs' demand for "complete threads"[2] is facially overbroad: they seek potentially enormous volumes of irrelevant communications. *See Eagle View Techs., Inc. v. Nearmap, Inc.*, 2024 WL 694724, at *1-2 (D. Utah Feb. 20, 2024) (denying motion to compel entire Slack channels because party "failed to show" the entirety of the channel "is relevant or . . . proportional"). Runway has produced the non-privileged responsive Slack communications located using Plaintiffs' search terms. Runway employees communicate on Slack daily as part of the ordinary course of their roles—the vast majority of the communications at the company are nonresponsive to discovery requests served by Plaintiffs in this litigation. Plaintiffs provide no justification for the production of irrelevant communications, and Runway's production of them would be disproportionate to the needs of this case. **Second**, Plaintiffs' request is untimely and procedurally improper. Plaintiffs requested these documents after the close of fact discovery (July 1). They elected not to file a motion to compel by the deadline for fact discovery motions (July 7). They did not seek to meet and confer with Runway about this issue, even though the majority of the 50 Slack threads at issue were produced in October 2025. The Court should not reward Plaintiffs' lack of diligence by

---

[1] To the extent Plaintiffs believe entire Slack threads should be produced, they could have negotiated such a requirement in negotiating (and litigating) the ESI Order. *See* ECF No. 275. They did not do so—and should not be able to do so now after the discovery cut-off.

[2] Some of Plaintiffs' identified Slack communications are from Slack channels. Plaintiffs appear to believe that Runway should produce "complete threads"—meaning the beginning of a channel conversation until the end. This could effectively sweep up years of conversations at the company. Such a sweeping and overbroad request is simply not what Rule 26 or the ESI protocol require.

Case No. 3:23-cv-00201-WHO                    13

requiring the production of at least hundreds (and potentially thousands) of pages of additional documents—and certainly not at this late date.

**DeviantArt**

- DeviantArt Source Code Review: DeviantArt confirms that it has agreed to a July 24 briefing deadline for any disputes that arise from "the unlikely event that Plaintiffs inspect the forthcoming source code productions and find deficiencies." *See* H. Benon Email June 25, 2026. Plaintiffs additionally take issue with DeviantArt's objection pursuant to Section 9(d) of the Stipulated Protective Order to Plaintiffs' printout request for a 135-page printout of source code. *See* Dkt. 380. Plaintiffs' bald statement of DeviantArt's "refus[al]" to comply is, at best, premature. DeviantArt conveyed its objection at 1:22 PM on July 16 and Plaintiffs responded just ten minutes later, immediately stating that they would "proceed with a letter brief seeking a full production . . . or in the alternative a print out" of the source code. *See* July 16, 2026 H. Benon Email. Plaintiffs did not state why their printout request was "reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial" rather than "for the purposes of reviewing the source code" per Section 9(d) of the Protective Order, nor did Plaintiffs seek to meet and confer with DeviantArt on the issue. *See* Dkt. 380. This Joint Status Report is the only apparent enunciation of Plaintiffs' position. DeviantArt remains willing to meet-and-confer with Plaintiffs to avoid burdening the court with this unripe dispute.

- Plaintiffs' Hyperlinks to DeviantArt: On June 18, 2026, Plaintiffs requested production of nine hyperlinked documents in DeviantArt's existing productions. In response, DeviantArt agreed to conduct a reasonable investigation to locate those hyperlinked documents. At 9:23 PM on July 1 (the close of discovery), Plaintiffs requested an additional sixty hyperlinked documents from DeviantArt's productions, all of which came from documents produced at least five months prior, and most of which came from documents produced nine months prior. After discussion, the parties agreed that DeviantArt would provide its position on the sixty requested documents by July 21, and that DeviantArt would produce any responsive hyperlinked documents and the parties would brief any remaining disputes by July 28. For clarity, DeviantArt reiterates that

Plaintiffs have previously misrepresented DeviantArt's position regarding objections to Plaintiffs' hyperlink requests. "DeviantArt never agreed that Plaintiffs may make 200 hyperlink requests to it, nor did DeviantArt 'back away' from its position on the proper interpretation of Paragraph 11 of the ESI Order." *See* Dkt. 649 (p. 1, n. 1). Plaintiffs have still not responded to DeviantArt's July 9 demand to file an errata correcting Plaintiffs' misrepresentation of DeviantArt's position. DeviantArt reserves the right to object to any individual hyperlink request on any grounds.

**VI.   Upcoming Fact Discovery and Scheduling**

Upcoming deadlines under the modified discovery schedule (ECF No. 409) and the parties' joint stipulation (ECF No. 587) are summarized below:

| **Event** | **Deadline** |
|---|---|
| Deadline for Completion of Fact Depositions | August 15, 2026 |
| Deadline for Parties to Supplement and/or Respond to Contention Interrogatories | August 17, 2026 |
| Deadline for Filing Fact Discovery Motions Related to Fact Depositions | August 24, 2026 |
| Deadline to File any Joint Letter Brief Directed at the Sufficiency of a Party's Responses to Contention Interrogatories | August 24, 2026 |

**VII.   Conclusion**

The deadline to take fact depositions is August 15, 2026. The Parties have exchanged substantial written discovery and produced significant volumes of documents and data. The Parties are working to complete fact depositions of Parties and nonparties in a reasonable manner in July and early August.

Dated: July 16, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Email: mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: July 16, 2026

Respectfully submitted,

By: */s/ Sarah F. Mitchell*

Simeon Botwinick (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1505
Washington, D.C., 20004
Telephone: (202) 637-2200
Email: simeon.botwinick@lw.com

Brittany N. Lovejoy (SBN 286813)
Andrew M. Gass (SBN 259694)
Michael H. Rubin (SBN 214636)
**LATHAM & WATKINS LLP**
550 California Street, Suite 2000
San Francisco, California 94104-6538
Telephone: (415) 391-0600
Email: brittany.lovejoy@lw.com
Email: andrew.gass@lw.com
Email: michael.rubin@lw.com

Sarah F. Mitchell (SBN 308467)
**LATHAM & WATKINS LLP**
550 California Street, Suite 2000
San Francisco, California 94104-6538
Telephone: (415) 391-0600
Email: sarah.mitchell@lw.com

*Counsel for Defendant DeviantArt, Inc.*

Dated: July 16, 2026

Respectfully submitted,

By: */s/   Aditya Vijay Kamdar*

Aditya Vijay Kamdar (SBN 324567)
Brittany Warren (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Joseph Charles Gratz (SBN 240676)
Tiffany Cheung (SBN 211497)
Timothy Chen Saulsbury (SBN 281434)
Jackson Lane (SBN 351633)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Evan C. Gourvitz (*pro hac vice*)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Email: egourvitz@mofo.com

Christopher R. Adler (SBN 324567)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Email: cadler@mofo.com

*Counsel for Defendants Stability AI Ltd. And
Stability AI, Inc.*

Dated: July 16, 2026

Respectfully submitted,

By: */s/ Angela Dunning*

Angela Dunning (SBN 212047)
Sam Blankenship (SBN 339905)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com
Email: sblankenship@cgsh.com

Arminda B. Bepko (*pro hac vice*)
Charity E. Lee (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517
Email: abepko@cgsh.com
Email: charitylee@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

Dated: July 16, 2026

Respectfully submitted,

By: */s/ Paven Malhotra*

David J. Silbert (SBN 173128)
Paven Malhotra (SBN 258429)
Matan Shacham (SBN 262348)
Bailey W. Heaps (SBN 295870)
Deeva Shah (SBN 319937)
Julia L. Greenberg (SBN 333864)
Paul von Autenried (SBN 335917)
Yegina Whang (SBN 350287)
Catherina Y. Xu (SBN 360205)
**KEKER VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: dsilbert@keker.com
Email: pmalhotra@keker.com
Email: mshacham@keker.com
Email: bheaps@keker.com
Email: dshah@keker.com
Email: jgreenberg@keker.com
Email: pvonautenried@keker.com
Email: ywhang@keker.com
Email: cxu@keker.com

*Counsel for Defendant Runway AI, Inc.*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: July 16, 2026

/s/ Joseph R. Saveri
Joseph R. Saveri