July 22, 2026


**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with the Court's July 16, 2026 Order (ECF No. 659), Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") respond to Plaintiffs' unilateral letter brief (ECF No. 642). For the reasons stated below, the Court should deny Plaintiffs' requested relief.


**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:

- Close of Fact Discovery: July 1, 2026
- Next Joint Status Conference with Judge Cisneros: July 23, 2026

Pursuant to the Court's July 16, 2026 Order (ECF No. 659), Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") respond to Plaintiffs' unilateral letter brief (ECF No. 642).

The Court should deny Plaintiffs' requested relief.  Plaintiffs' letter rests on two threshold factual errors—both apparent from the parties' correspondence, and both of which Plaintiffs would have understood and likely corrected had they complied with the Court's joint letter process.

*First*, a basic premise of Plaintiffs' request is their representation that Stability AI "confirmed on July 7 it would not supplement" Plaintiffs' Interrogatory No. 9.  ECF No. 642 at 2.  That is false: Stability AI's July 7 email said the exact opposite, confirming that it ***"will supplement"*** its response.  Adler Decl. Ex. A.  It subsequently did so on July 16, supplementing its response to identify additional documents bearing on the identification and use of datasets used to train the models at issue.  *Id.* ¶ 4.[1]  Plaintiffs' unilateral letter does not address the supplemental response, which warrants denial.

*Second*, Plaintiffs contend that they first received "confirmation" of a deficient production related to Stable Diffusion 2.x (i.e., Stable Diffusion 2.0 and 2.1) training data on July 1, 2026.  ECF No. 642 at 1.  Not so.  Stability AI has diligently investigated which datasets were used to train those models—the oldest models at issue, both released in 2022 before this action was filed—and, since April 2025, has repeatedly disclosed both what it learned and the limits of what it could determine.

Because the employees who trained Stable Diffusion 2.x had left the company, Stability AI's former Head of Data Strategy and Operations investigated whether Stability AI could identify the particular stored datasets used. ██████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ Adler Decl. Ex. D ¶¶ 5, 15.

What Stability AI could determine, it disclosed from the outset.  In plain terms, Stability AI told Plaintiffs that although it knew how Stable Diffusion 2.x models were trained, after a reasonable search, it could not identify the specific dataset used.  Its April 10, 2025 letter to Plaintiffs said exactly that:

1.  Stable Diffusion 2.0 "was trained on an aesthetic subset of LAION-5B filtered using LAION's NSFW detector, with a 'p_unsafe' score of 0.1 (conservative) and an aesthetic score >= 4.5";

2.  Stable Diffusion 2.1 "was fine-tuned from Stable Diffusion 2.0 with additional steps from the same dataset and then further fine-tuned with a less restrictive NSFW filter (p_unsafe = 0.98), reducing the number of false positive results"; and

---

[1] This is not the first time Plaintiffs' unilateral submissions have misdescribed the record.  *See* ECF No. 649 at 1 n.1.

3.  "After a reasonable search, Stability AI cannot identify with specificity the datasets in its possession that were used to train any Stable Diffusion 2.x model."

Adler Decl. Ex. B at 2–3.  Stability AI disclosed this information again in its original response to Interrogatory No. 9, served September 26, 2025, in which it identified the public model cards describing that training under Rule 33(d).  *See* ECF No. 642-2 at 4.  Stability AI has thus told Plaintiffs the same thing repeatedly, for more than a year:  it can describe how the Stable Diffusion 2.x models were trained but cannot pinpoint the specific stored dataset used.  Plaintiffs cannot transform that consistent disclosure into a July 1 revelation.[2]

Against that record, Plaintiffs have not identified any responsive information or dataset that Stability AI knows to exist and has withheld.[3]  Neither of Plaintiffs' two requests warrants relief.

Plaintiffs first ask the Court to require Stability AI to identify "by name" each LAION dataset used to train each relevant model.  ECF No. 642 at 3.  For Stable Diffusion 2.x, Stability AI has already provided what it can determine after a diligent search, as explained above.  Rule 33 requires a corporation to answer using "the information available to the party."  Fed. R. Civ. P. 33(b)(1)(B).  Stability AI cannot be ordered to manufacture a more specific answer than the facts permit.

Plaintiffs then ask the Court to compel production of the datasets.  As to Stable Diffusion 2.x, Rule 34 reaches only materials within a party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Stability AI is not withholding any dataset that it has identified as the data used to train Stable Diffusion 2.x.

As for SDXL and Stable Diffusion 3.x, Stability AI made available the datasets it was able to identify and locate for those models, including candidate datasets, and Plaintiffs' own analysis reflects that they received that data.  *See* ECF No. 642 at 2.  In its supplemental responses to Interrogatory No. 9, Stability AI identified that data and related documents under Rule 33(d), including submissions and a technical expert report in separate litigation and internal documents identifying candidate datasets.  Adler Decl. ¶ 4.  Plaintiffs' contention that datasets

---

[2] Stability AI's diligence extended to the datasets themselves.  Its April 2025 letter also explained what Stability AI knew about SDXL (and the distilled SDXL Turbo) and Stable Diffusion 3.x (i.e., Stable Diffusion 3.0 and 3.5, the latter of which Stability AI explained was further trained on the same datasets) and offered to make the identified Stable Diffusion 3.x pretraining data available.  Adler Decl. Ex. B at 3.  It made that data available in June 2025 and made twelve additional datasets associated with SDXL and Stable Diffusion 3.x available by April 3, 2026.  Adler Decl. ¶ 6.  Plaintiffs confirmed on April 4, 2026 that they had downloaded the credentials to access those datasets.  *Id.*  Yet more than two months later, on June 8, 2026, Plaintiffs incorrectly asserted that Stability AI had made available only "a single dataset."  Adler Decl. ¶ 7.

[3] Plaintiffs' reliance on Stability AI's responses to RFAs 144–145 is misplaced.  Those responses accurately admit that Stable Diffusion 2.0 and 2.1 were trained on a subset of LAION-5B and deny the remainder.  In any event, Plaintiffs' requested relief does not seek to compel an amended response to these RFAs, so the sufficiency of those responses is not before the Court.

for "at least three" models "appear to be missing" (*id.*) reduces at most to the dataset for Stable Diffusion 2.x, which Stability AI is not withholding.

The Court should deny Plaintiffs' requested relief. Stability AI has told Plaintiffs what it knows about how the models at issue were trained, made available the responsive datasets it could identify, and timely supplemented its response to Interrogatory No. 9.

Date: July 22, 2026

Respectfully submitted,

By: */s/ Aditya Vijay Kamdar*

Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
Jackson Lane
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Aditya Vijay Kamdar
Brittany Warren (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Christopher R. Adler
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Ste. 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Email: cadler@mofo.com

*Counsel for Defendants Stability AI Ltd.*
*and Stability AI, Inc.*

3