July 27, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with the Court's oral order at the July 23, 2026, status conference (*see* Minute Order, ECF No. 677), Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") respond to Plaintiffs' unilateral letter brief (ECF No. 643). For the reasons stated below, the Court should deny Plaintiffs' requested relief.

**Relevant Dates**

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Close of Fact Discovery: July 1, 2026
- Close of Expert Discovery: February 5, 2027

Pursuant to the Court's oral order at the July 23, 2026, status conference (*see* Minute Order, ECF No. 677), Defendants Stability AI Ltd. and Stability AI, Inc. ("Stability AI") respond to Plaintiffs' unilateral letter brief (ECF No. 643) filed on July 8, 2026.  The Court should deny Plaintiffs' request to extend the deadline for fact-discovery motions.

Plaintiffs' brief presents no discovery dispute for the Court to resolve.  By its own terms, Plaintiffs filed it "in an abundance of caution to preserve certain unresolved discovery disputes" and seek only an order directing the parties to "finalize all meet-and-confers . . . by a date certain and file any briefing on a date certain shortly thereafter."  ECF No. 643 at 2–3.  What Plaintiffs seek is not resolution of any issue, but additional time to develop and file discovery motions beyond the July 8 fact discovery motion cutoff.  That relief would excuse, rather than remedy, Plaintiffs' lack of diligence and should be denied.

***Background.***  Fact discovery closed July 1, 2026, and motions concerning written discovery were due July 8.  Both sides served final sets of written discovery on June 1 and responses on July 1.  The parties scheduled two hour-long meet-and-confers on July 6 and 7.  On July 5, Plaintiffs circulated a list of topics for discussion, all concerning Stability AI's July 1 responses.  Lane Decl., ¶ 3; Ex. A.  The agenda did not identify Plaintiffs' prior discovery letters.

On the morning of July 6, Plaintiffs sent another discovery letter, asking to meet and confer on its issues during the parties' scheduled conferences that day and the next.  Despite this request, it was only on the second day of conferring that Plaintiffs briefly raised the June 30 and July 6 letters but did not discuss their substance.  Lane Decl., ¶ 4–5.  Stability AI explained that Plaintiffs had raised the matters too late to permit adequate investigation, client consultation, and conferral within such a short time frame.  Lane Decl., ¶ 5.  Plaintiffs then ended the conference—for which a full hour had been reserved—roughly thirty minutes early, without engaging on any issue raised in either letter.  Lane Decl., ¶ 5.

Plaintiffs assert that "Plaintiffs and Stability [AI] have met and conferred on these issues."  ECF No. 643 at 2.  That overstates the parties' discussions.  The Court's Standing Order makes clear that a "mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement."  Civil Standing Order § F(5).  Plaintiffs raised the June 30 and July 6 letters only in passing and declined to discuss their substance.  They then filed their unilateral brief the next day without further conferral.  Lane Decl., ¶ 6.  The Court has since admonished Plaintiffs for the same procedural failure in another discovery brief, explaining that its Standing Order requires a joint letter or, "[i]n the rare instance that a joint letter is not possible," an explanation of why the filing could not be joint.  ECF No. 659 (citing Civil Standing Order § F(5)).  Plaintiffs offered no such explanation here.  Nor does the record supply one: Stability AI was available to confer, and Plaintiffs cut the process short.

***The July 1 RFP Responses.***  Plaintiffs identify five RFPs as matters purportedly requiring further discussion.  Although those requests were discussed during the parties' July 6 conference, Plaintiffs did not include them in correspondence that followed (despite identifying with specificity other discussed requests on which they sought further positions).  Stability AI responded to every issue Plaintiffs did identify in that correspondence.  Lane Decl., ¶ 7; Ex. A.

1

Plaintiffs do not explain the parties' discussions on the five RFPs, identify any commitment Stability AI failed to honor, set out the parties' respective positions, or state any proposed compromise. Instead, Plaintiffs speculate that Stability AI "may have no intention" of providing responsive documents. That speculation does not establish an impasse, much less good cause to extend the motion deadline.

**The June 30 and July 6 Letters.** Plaintiffs' June 30 letter was sent one day before fact discovery closed. Plaintiffs waited until July 7 to raise the letter at meet and confer yet declined to pursue any substantive discussions.

Plaintiffs' July 6 letter was later still. Plaintiffs describe it as identifying matters remaining after Stability AI's June 17 response to Plaintiffs' May 22 letter. Plaintiffs therefore waited nearly three weeks after receiving Stability AI's response—and until after fact discovery closed—to identify what they believed remained unresolved. They then expected Stability AI to investigate the matters, consult its client, formulate positions, and confer to impasse by the following day.

Plaintiffs' own framing confirms the point. They contend they should not have to preview deficiencies "weeks before the close of discovery" (ECF No. 643 at 2), but one day before the close and five days after are not timely alternatives. The letters thus supply no basis to extend the motion deadline.

**Plaintiffs lack good cause to extend the motion cutoff.** Because Plaintiffs seek to keep conferring and to file motions after the July 8 cutoff, their request is in substance a motion to modify the scheduling order, which requires good cause measured by the movant's diligence. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If that party was not diligent, the inquiry should end.").[1]

Plaintiffs cannot show diligence. They served the discovery underlying the July 1 responses on the last possible day, June 1. They raised the June 30 letter's issues on the eve of the close of fact discovery and the July 6 letter's issues after it, after waiting weeks to respond to Stability AI's June 17 letter. And they left reserved meet-and-confer time unused before filing a brief that seeks *only* to continue conferring. Although Plaintiffs assert that "[b]oth parties have contributed to the delay" (ECF No. 643 at 3), the relevant delays were Plaintiffs' own.

Reopening the motion cutoff would also prejudice Stability AI. Judge Orrick extended discovery through August 15 only for depositions, while leaving the July 1 fact discovery cutoff in place. ECF No. 499; *see also* ECF No. 597. Stability AI is now focused on completing those depositions and preparing for expert discovery. Requiring Stability AI at the same time to investigate, confer over, and potentially brief an unspecified and open-ended set of written

---

[1] Judge Orrick has already extended the fact discovery cutoff twice this year. *See* ECF Nos. 409, 499. In ECF No. 499, Judge Orrick declined Plaintiffs' request to extend all fact discovery through August 15, set the fact cutoff at July 1, and stated that he did "not expect to grant any further extensions to this schedule." ECF No. 499. The parties' June 5, 2026, stipulated schedule retained the July 1 close of fact discovery and July 8 deadline for filing fact discovery motions. ECF No. 597.

discovery issues that Plaintiffs did not timely raise or narrow would divert resources, disrupt the remaining schedule, and eliminate the finality supplied by the existing cutoff.  Lane Decl., ¶ 8. That prejudice is particularly unwarranted because the asserted need for additional time results from Plaintiffs' own delay.

Stability AI will continue to comply with its ongoing discovery obligations, but those obligations do not justify reopening the motion cutoff.  Stability AI respectfully requests that the Court hold the July 8 fact-discovery motion deadline firm and deny Plaintiffs' requested relief.

Date: July 27, 2026

Respectfully submitted,

By: /s/ Aditya Vijay Kamdar

Joseph Charles Gratz
Tiffany Cheung
Timothy Chen Saulsbury
Jackson Lane
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com
Email: tcheung@mofo.com
Email: tsaulsbury@mofo.com
Email: jlane@mofo.com

Aditya Vijay Kamdar
Brittany Warren (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: akamdar@mofo.com
Email: bwarren@mofo.com

Christopher R. Adler
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Ste. 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Email: cadler@mofo.com

*Counsel for Defendants Stability AI Ltd. and Stability AI, Inc.*

3