CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Sam Blankenship (339905)
sblankenship@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Tel: +1 (650) 815-4100

Arminda B. Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Charity E. Lee (admitted *pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Midjourney, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STABILITY AI LTD., a UK corporation; STABILITY AI, INC., a Delaware corporation; DEVIANTART, Inc., a Delaware corporation; MIDJOURNEY, INC., a Delaware corporation; RUNWAY AI, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-00201-WHO-LJC<br><br>**MIDJOURNEY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (ECF 638) OF MAGISTRATE JUDGE**<br><br>Judge: Hon. William H. Orrick |

## I. INTRODUCTION

Magistrate Judge Cisneros correctly denied Plaintiffs' request that Midjourney produce "art" and "artist" datasets. ECF 638. Citing her earlier ruling from June 2025, the Court soundly reasoned that "[d]iscovery regarding Plaintiffs' copyright infringement claims and Midjourney's anticipated fair use defense is [] limited to the datasets at issue in Plaintiffs' Third Amended Complaint," namely LAION 400M, LAION 5B, [redacted], and DataCompXL, and that "Plaintiffs have not explained how discovery regarding datasets not at issue here would be relevant or proportional to the needs of the case." *Id.* (citing ECF 314). As Plaintiffs fail to identify any aspect of the Order that is clearly erroneous, their Motion (ECF 672) should be denied.

Plaintiffs' charge of "error" once again rests on a distortion of the record in this case. ECF672 (the "Motion"). Many of Plaintiffs' arguments, made without evidence for the first time in the Motion, are both waived and factually wrong. Plaintiffs provide no support for their assertion that LAION-5B images, let alone Plaintiffs' at-issue works, were in the "art" and "artist" datasets they seek (Mot. at 1); that Midjourney "needed art images … so that its product could mimic those select artists' styles" (*id.* at 2); or that Midjourney "had 'learned' and could meaningfully mimic" the styles of Plaintiffs or anyone else (*id.*). The documents Plaintiffs rely on in the Motion simply do not support these or any of the other conclusions they ask the Court to draw.

Nor is there any basis to disturb Magistrate Judge Cisneros's legal determination that production of non-LAION datasets[1] would be irrelevant and disproportionate to the needs of the case. As Plaintiffs acknowledge, "different uses of copyrighted data during AI development and deployment require separate considerations of fair use." Mot. at 5. Plaintiffs' arguments all go to whether Midjourney's purported use of "art" and "artist" datasets was fair, but *those are not the datasets Plaintiffs sued over*. As such, Plaintiffs cannot "concretely articulate" how those datasets would be relevant to rebutting Midjourney's fair use defense" to the uses alleged in this case. ECF 314 at 4. Production was properly denied on that basis, and the Order should be affirmed.

[1] When the earlier Order issued, only LAION 400M and LAION 5B were at issue. The Third Amended Complaint added claims for use of [redacted] and DataComp, and the parties have since treated those additional datasets as within the proper scope of discovery. For simplicity, further references herein to "non-LAION datasets" means datasets other than these four at-issue datasets.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs have sued Midjourney for using images in four specific datasets—LAION 400M, LAION 5B, [redacted], and DataCompXL—to train its models. ECF 431 ¶¶ 250–295. Midjourney timely produced to Plaintiffs approximately 158 terabytes of data sourced from these datasets via hard drive. Blankenship Decl. ¶ 2. It also timely produced to Plaintiffs records identifying all of the final, processed training images from these datasets that it used to train the at-issue models. *Id.* ¶ 4. The deadline to complete written discovery and production of documents expired on July 1, 2026.

Plaintiffs have now twice asked Magistrate Judge Cisneros to order Midjourney to produce datasets other than those at issue in this lawsuit, first in June 2025 and most recently on July 7, when they moved to compel production of non-LAION "art" and "artist" datasets alluded to in Midjourney's produced documents. ECF 307 & 636. Both times she rejected their requests, holding that "Plaintiffs have not established that non-LAION training data is relevant to their claims against Midjourney." ECF 314 at 5; *see also* ECF 638 (incorporating by reference the "reasons explained in" ECF 314 and explaining that the requested datasets are not at-issue in the Third Amended Complaint and, thus, neither "relevant or proportional to the needs of the case").

The "art" and "artist" datasets Plaintiffs seek were not sourced from LAION, [redacted] or DataComp; they consist of [redacted]. *See* ECF 635-4 at -305. Nor is there any evidence to support Plaintiffs' assertion, made for the first time in the Motion, that these "art" and "artist" datasets "contain copies of the same copyrighted art images … that were included in LAION-5B." (Mot. at 1). To the contrary, as Plaintiffs note, Midjourney gathered these images because it was "[redacted]." (Mot. at 4.) Plaintiffs do not explain why Midjourney would go to the trouble and expense of gathering images from Google and Bing if it had already obtained them from LAION, particularly insofar as this would have done nothing to address any perceived gap in the "laion dataset." In any event, Plaintiffs have no evidence that there is any overlap whatsoever between the "art" and "artist" datasets they are seeking and the LAION, [redacted] or DataComp datasets at issue in this case.

There is also no evidence to support Plaintiffs' unsubstantiated speculation that Midjourney created or used the "art" and "artist" datasets for purposes of "learning' artists' styles," "training a model to mimic artists by name," or "to train CLIP embeddings." Mot. at 3; *see* ECF 636 at 5. Indeed, Plaintiffs cite no documents evidencing that Midjourney used *any* images or datasets for this purpose, because it did not. *See, e.g.*, ECF 573 at 2–3.

## III. ARGUMENT

"A non-dispositive order entered by a magistrate must be deferred to unless it is clearly erroneous or contrary to law." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotations omitted). An order is "contrary to law" if it applies an "incorrect legal standard or fails to consider an element of the applicable standard." *Rearden LLC v. Walt Disney Corp.*, 2023 WL 5667888, at *1 (N.D. Cal. May 16, 2023). Findings of fact are reviewed under a "clearly erroneous" standard, while legal conclusions are reviewed de novo "to determine whether they are contrary to law." *Id.*

By Order dated June 27, 2025, Magistrate Judge Cisneros held that Plaintiffs were not entitled to seek non-LAION datasets absent a showing that they "would be relevant to rebutting Midjourney's fair use defense." ECF 314 at 4. Plaintiffs did not seek review of that Order when it issued more than a year ago, and they cannot do so now, as the 14-day deadline to do so has long past. Fed. R. Civ. P. 72(a). Nevertheless, they seek to circumvent it by challenging Magistrate Judge Cisneros's more recent ruling, which cited to the earlier Order and applied its same rationale, to deny as irrelevant and disproportionate yet another inappropriate request by Plaintiffs for non-LAION "art" and "artist" datasets that are not at issue in the Third Amended Complaint. Plaintiffs come nowhere close to showing that this Order was clearly erroneous or contrary to law, and it was neither. The Court should deny Plaintiffs' Motion.

### A. The Order Properly Found That the Requested Discovery Is Not Relevant to Midjourney's Fair Use Defense or Proportionate to the Needs of the Case

Plaintiffs devote precious little space in their Motion to attempting to demonstrate that the "art" and "artist" datasets are relevant to the claims they have asserted or that the Court erred in concluding otherwise. Plaintiffs' position reduces to the assertion that "[t]he [O]rder denied

production without applying the Court's own standard," and that Magistrate Judge Cisneros's refusal to order production of the "art" and "artist" datasets was, thus, "clearly erroneous and contrary to law." Mot. at 4. But, the Court *did* apply its own standard. Citing "the reasons explained in its [314] prior Order denying production of non-LAION datasets," the Court found (again, and correctly) that Plaintiffs failed to satisfy their burden to show "how discovery regarding datasets not at issue here would be relevant or proportional to the needs of the case." ECF 638.

Plaintiffs do not argue that the "art" and "artist" datasets are, in fact, at issue in their Third Amended Complaint, because they plainly are not. *See* ECF 431 ¶¶ 250–325. Nor do they provide any argument or authority as to how Midjourney's use of *other* data (the "art" and "artist" datasets) would bear on Midjourney's fair use defense to its alleged use of LAION, [redacted] and DataComp to develop and train its models, which is the only use at issue. Plaintiffs' breathless insistence that production of the "art" and "artist" datasets is "essential to rebutting Midjourney's fair use defense" (Mot. at 4) cannot be squared with the simple fact that Midjourney is not asserting a fair use defense to use of those datasets because *use of those datasets is not alleged or at issue in this lawsuit.*[2] As Plaintiffs concede, they cannot even show that their works are in those datasets. *Id.* (acknowledging as unknown "whether Midjourney targeted Plaintiffs and their artwork for inclusion"). *Id.*

Plaintiffs reliance on non-binding guidance from the Copyright Office only undermines their position. That guidance makes clear that "different uses of copyrighted data … require separate considerations of 'fair use.'" Mot. at 5. Precedent in this district is in accord. *See Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1046 (N.D. Cal. 2025) (noting the "whole point of fair use analysis is to determine whether a given act of copying was unlawful") (emphasis added); *Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1033 (N.D. Cal. 2025) (granting summary judgment to defendant on fair use of data used to train LLMs while denying summary judgment as to data used for other purposes). Whether or not Midjourney "specifically targeted Plaintiffs' names and artwork" in compiling "art" or "artist" datasets—it did not—is simply not probative of whether

[2] Notably, when Plaintiffs sought leave to file their Third Amended Complaint in January 2026, they did not seek to add any claims based on use of "art" or "artist" datasets, even though Midjourney had produced documents referring to "art datasets" months prior. ECF 636 at 3–4.

Midjourney's alleged use of the LAION, [redacted] and DataComp datasets was fair. Magistrate Judge Cisneros properly rejected Plaintiffs' requests as irrelevant and disproportionate on this basis.

**B. "Art" and "Artist" Datasets Are Irrelevant To Plaintiffs' Trade Dress Claims**

Plaintiffs also argue that the Order erred in rejecting their request for the "art" or "artist" datasets because they are "highly relevant evidence Plaintiffs intend to use to … establish their trade dress infringement claims. Mot. at 5. However, Plaintiffs made no such argument in their briefing to Magistrate Judge Cisneros (*see* ECF636 at 1–3), and it was, therefore, "waived." *See Rearden*, 2023 WL 5667888 at *3 (refusing on Rule 72 motion to consider arguments not made to magistrate judge) (citing *Symantec Corp. v. Zscaler, Inc.*, 2019 WL 8331428, at *2 n.1 (N.D. Cal. Sept. 19, 2019) (Rule 72 is not "intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court")). Plaintiffs' attempt—for the second time in as many Rule 72 motions—to assign error to Magistrate Judge Cisneros for failing to consider an argument they never made is fundamentally improper.

While Plaintiffs include no substantive argument on trade dress in their present Motion, and presented no argument on it at all to Magistrate Judge Cisneros, they *did* make these arguments in June 2025 when seeking all non-LAION datasets. *See* ECF 307 at 2–3. Magistrate Judge Cisneros rejected that argument, explaining that Midjourney's private, internal-facing training data does not bear on the likelihood of consumer confusion. ECF 314 at 5. As noted, Plaintiffs did not seek timely review of that Order, and it was plainly correct. To establish the elements of Plaintiffs' trade dress claim, Plaintiffs must show that (1) their alleged trade dress is nonfunctional (2) their alleged trade dress has acquired secondary meaning as a designation of source; and (3) defendant's product or service creates a likelihood of consumer confusion—all of which turns on evidence of consumer perception. ECF 619 at 7–8 (citing *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 214–215 (2000)). Midjourney's non-public training data can have no possible bearing on any of these elements. Accordingly, Plaintiffs' Motion should be denied for this additional reason.

*/s/ Angela L. Dunning*
Angela L. Dunning

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Sam Blankenship (339905)
sblankenship@cgsh.com
151 University Avenue
Palo Alto, CA 94301
Tel: +1 (650) 815-4100

Arminda B. Bepko (admitted *pro hac vice*)
abepko@cgsh.com
Charity E. Lee (admitted *pro hac vice*)
charitylee@cgsh.com
One Liberty Plaza
New York, NY 10006
Tel: +1 (212) 225-2000

*Attorneys for Defendant*
*Midjourney, Inc.*