**SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[*Additional counsel listed on signature pages*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANDERSEN, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>STABILITY AI LTD., et al.<br><br>*Defendants*. | Case No. 23-cv-00201-WHO (LJC)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (ECF 638) OF MAGISTRATE JUDGE**<br><br>Judge: Hon. William H. Orrick |

**FILED UNDER SEAL**

Midjourney used its list of artists' names to query and scrape those specific artists' images from [redacted] to construct a dataset to better mimic art styles and specific artists because the LAION datasets were insufficient—Midjourney does not dispute that. As Plaintiffs argued, it did this because the same images in the LAION datasets too often did not include artists' names in the captions that could then be associated with their copyrighted images for "[redacted]." ECF No. 672 at 2 ("Midjourney needed art images more reliably associated with the artists' names [redacted], so that its product could mimic those select artists' styles."). These are Plaintiffs' and class members' same copyrighted images form the Internet, [redacted], which were specifically targeted by Midjourney using artist' names as search terms. In fact, [redacted]. Kessler Decl. Ex. A., MIDJOURNEY_ 000852855 at -898-901 [redacted] Plaintiffs simply seek the information Midjourney obtained to mimic and replicate their work because LAION was not enough.

Midjourney argues that "Plaintiffs do not explain why Midjourney would go to the trouble and expense of gathering images [redacted] if it had already obtained them from LAION, particularly insofar as this would have done nothing to address any perceived gap in the 'laion dataset.'" ECF No. 694 at 2. This is false. Though the LAION datasets contained Plaintiffs' and class members' copyrighted images, their names were not reliably in the captions of those images, Midjourney needed more information [redacted]. ECF No. 672, at 1 ([redacted]").

Similarly, Midjourney's contention that "Plaintiffs provide no support for their assertion that LAION-5B images, let alone Plaintiffs' at-issue works, were in the 'art' and 'artist' datasets they seek," is clearly wrong. Response at 2. As argued, Plaintiffs' names are in the artists list that Midjourney [redacted]. ECF No. 672 at 2 ("Plaintiffs were included in the list of artists that was used to create the 'art' and 'artist' datasets.").

The Magistrate Judge's order on producing training data unambiguously allowed Plaintiffs to ask for non-LAION datasets if they could "concretely articulate how the content (rather than the overall size or sources) of non-LAION datasets would be relevant to rebutting Midjourney's fair use defense." ECF No. 314. Plaintiffs have done so. The specific targeting of Plaintiffs' and class members' art for scraping and use as training data so Midjourney models could successfully output images with similar expressive, artistic content is the least "transformative" use of copyrighted data for training AI models. Copyright and Artificial Intelligence Part 3: Generative AI Training[1] at 46. The "art" and "artists" datasets are therefore highly relevant to rebutting fair use.

Midjourney argues that even if it did specifically target Plaintiffs' copyrighted works for inclusion in an art-specific dataset, that somehow it is beyond the scope of relevant discovery. Response at 4. Despite acknowledging the Court specifically contemplated production of datasets other than LAION (or Coyo or Datacomp) for rebutting fair use, Midjourney nonetheless argues that Plaintiff cannot "concretely articulate" how those datasets would be relevant to such a rebuttal because "those are not the datasets Plaintiffs sued over." Response at 2, 4. This is circular. Midjourney expects Plaintiffs to identify with specificity datasets it kept hidden. That is not how notice pleading and Rule 8, let alone Rule 26 work. Further, it is the same *images* and uses of those images Plaintiffs are suing over, not any dataset, even if those images were scraped multiple times from the Internet for inclusion in different datasets.

Discovery under Rule 26 is liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.,* 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). To rebut Midjourney's "fair use" defense, Plaintiffs should be able to show their art was targeted specifically. Whether Plaintiffs' same copyrighted images in LAION were scraped again by Midjourney and included in art-specific datasets created is clearly relevant discovery. Midjourney should be ordered to produce its "art and "artist" datasets.

[1] https://www.copyright.gov/ai/Copyright-and-Artificial-Intelligence-Part-3-Generative-AI-Training-Report-Pre-Publication-Version.pdf.

Date: August 7, 2026

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Evan Creutz (SBN 349728)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Alexander Zeng (SBN 360220)
Alaina Gilchrist (SBN 335807)
Lora Faraj (SBN 364719)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: ecreutz@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: azeng@saverilawfirm.com
Email: agichrist@saverilawfirm.com
Email: lfaraj@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*