August 10, 2026

**<u>VIA ECF</u>**

Honorable Lisa J. Cisneros, United States Magistrate Judge
450 Golden Gate Avenue, Courtroom G – 15th Floor
San Francisco, CA 94102

Re:    *Andersen et al. v. Stability et al.*, No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

Pursuant to Section F(5) of Your Honor's Civil Standing Order, Plaintiffs and Defendant
Runway AI, Inc. ("Runway") respectfully submit this joint letter brief regarding a dispute over
the sufficiency of Plaintiffs' amended responses to Runway's Interrogatory No. 9 pursuant to the
Court's Order (Dkt. 602).  The parties met and conferred on July 29, 2026 and were unable to
resolve the dispute.

## Issue Presented

Whether the Court should compel Plaintiffs to identify their "total income and expenses from
work as an artist in each month since January 2020," not limited to asserted works, and to the
extent monthly data is not available, identify (1) the totals that are attributable to specific time
periods and (2) any time periods for which Plaintiffs are unaware of any data; or, in the
alternative, to produce their tax returns and supporting documentation covering the period
January 1, 2020 to present.

## Relevant Dates

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Close of Fact Discovery: July 1, 2026
- Last Day for Fact Depositions: August 15, 2026
- Deadline for Filing Fact Discovery Motions Related to Fact Depositions, Contention
  Interrogatories, and Financial Documents: August 24, 2026
- Close of Expert Discovery: February 5, 2027

6263217

**Runway's Position**

**Introduction.**  Runway Interrogatory No. 9 requested that Plaintiffs identify their "total income and expenses from work as an artist in each month since January 2020."  When Plaintiffs failed to adequately respond to this Interrogatory, the Court ordered Plaintiffs on June 17, 2026 to respond fully, including by specifying "art-related income and expenses from non-asserted works."  *See* Dkt. 602 ("Order") at 2.  The Court further provided that Defendants could "renew their request for Plaintiffs' tax returns if they contend that Plaintiffs' supplemental responses" were insufficient.  Order at 3.

Plaintiffs have failed to comply with this Court's June 17, 2026 Order and continue to evade Defendants' reasonable discovery requests regarding their finances.  The Court has already rejected Plaintiffs' argument that they "cannot be expected to keep precise financial records because they are artists[.]"  *See* Order at 2-3.  In doing so, the Court reaffirmed that Plaintiffs' discovery obligations are the same as any other party.  That includes "answer[ing] separately and fully in writing" each interrogatory.  *See* Fed. R. Civ. P. 33(b)(3).

Plaintiffs flouted that obligation.  Rather than state their income and expenses, Plaintiffs continue to improperly rely on Rule 33(d) to cite documents—royalty and earnings statements[1]—that do not provide the monthly data the Court ordered.  Indeed, Plaintiffs concede that some of that data does not exist; they simply refuse to specify where the gaps are.  *See* Declaration of Paul von Autenried ("von Autenried Decl.") ¶ 3(iii).  Because Plaintiffs' documents do not and cannot answer Rog 9, Rule 33(d) is unavailable.

**Argument.**  The Court should order Plaintiffs to provide a full response to Rog 9 without deferring to Rule 33(d).  In the alternative, the Court should order Plaintiffs to produce their complete tax returns from January 1, 2020 to the present with supporting documentation so that Runway may determine the portions of their income and expenses that are attributable to their "work as an artist," as to comply with the Order.

***First***, Plaintiffs' reliance on Rule 33(d) is improper.  Rule 33(d) allows a party to respond to an interrogatory by citing documents only where (1) the "answer . . . may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records" and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party[.]"  *See* Fed. R. Civ. P. 33(d).  To invoke the rule, "the information . . . must ***actually be obtainable*** from the documents."  *See Jannx Med. Sys. Inc. v. Methodist Hosp., Inc.*, 2010 WL 4789275, at *3 (N.D. Ind. Nov. 17, 2010) (emphasis added).  Neither prong is met here.

---

[1] Prior to the Order, Plaintiffs' Rog 9 responses referred only to their responses to Interrogatory Nos. 4-8, which are themselves a string of cross-references: for No. 4, Plaintiffs relied on Rule 33(d) and listed Bates numbers of royalty and earnings statements, and for Nos. 5, 6, 7, and 8, Plaintiffs referred back to No. 4.  *See, e.g.*, von Autenried Decl. Ex. A (Plaintiff Manchess's July 7, 2026 Amended Response) at 3.  Following the Order, Plaintiffs served Amended Responses that continue to invoke Rule 33(d) and continue merely to cite royalty and earnings statements, with a few more such statements added.  *See id.*

6263217

- **Plaintiffs' "total income and expenses" by month cannot be determined from the royalty and earnings statements.**  As to income, Plaintiffs have produced only piecemeal royalty and earning statements and have failed to cite all of the relevant records in their Rog 9 responses.  Indeed, even if Plaintiffs cited all of the produced records, the royalty and earnings statements provide an incomplete picture: they state only what a given Plaintiff earned from a single source, not Plaintiffs' "*total* income;" they do not cover the full time period ordered by the Court (nor specify the per-month figures it required); and it is unclear whether they address Plaintiffs' total "work as an artist," rather than simply what they earned from a subset of their works.  In addition, Plaintiffs have ignored that Rog 9 also seeks expenses.  Plaintiffs' *expenses* are simply *not evident* from their responses, which cite only documents showing (portions of) income and limited expense information for only certain Plaintiffs.  Because the "answer to the rog cannot be determined by examining the cited records," the Court should order Plaintiffs to "provide a full and complete answer."  *See, e.g., Morris v. Wells Fargo & Co.*, 2026 WL 263206, at *2 (N.D. Cal. Feb. 2, 2026) (compelling narrative response to interrogatory seeking financial information); *see also Rowell v. NCO Fin. Sys., Inc.*, 2014 WL 2154422, at *9 (D. Kan. May 22, 2014) (compelling "full and complete answer" where documents "do not fully answer the questions defendant has posed").

- **The burden of "deriving" the answer is asymmetrical.**  Only Plaintiffs and their agents are aware of what Plaintiffs earned and spent each month.  And only Plaintiffs and their agents are aware of all channels through which they transacted in their "work as an artist."  Synthesizing this information is exactly the exercise Plaintiffs must do to file their taxes each year, so any burden of doing the same in response to Rog 9 would be lower for Plaintiffs than it is for Runway.  Plaintiffs cannot "shift to [Runway] the obligation to find out *whether* sought after information is ascertainable" from the documents they cite.  *See In re Master Key*, 53 F.R.D. 87, 90 (D. Conn. 1971); *see also RSI Corp. v. Int'l Bus. Machs. Corp.*, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012) ("A responding party cannot foist a mass of records on his interrogator when their deciphering is feasible only for one familiar with the records.") (quotations omitted).

Indeed, Plaintiffs concede that their document productions cannot fully answer Rog 9.  Plaintiffs stated during meet-and-confer, and signaled in the Stipulation (Dkt. 623), that they *do not have* records that disaggregate monthly figures for some sources of income and expense.  *See* von Autenried Decl. ¶ 3(iii); *see also* Dkt. 623 at 2.  Because Plaintiffs do not have records that fully answer Rog 9, they "may not rely on Rule 33(d)."  *See Bailey v. City of Daytona Beach Shores*, 2012 WL 12899140, at *6 (M.D. Fla. July 25, 2012).

*Second*, if Plaintiffs now contend that everything they know about their income and expenses is in the documents they cite, they must state—for each unanswerable month—that they do "not know that information and cannot figure it out or provide a reasonable estimate through reasonably diligent effort."  *See Morris*, 2026 WL 263206, at *2.  That is what Runway requested during meet-and-confer.  *See* von Autenried Decl. Ex. B at 9 ("state . . . any time periods for which no data is available").  Plaintiffs refuse to specify the gaps because they know it will be fatal to their Rule 33(d) argument:  it will prove that the monthly figures Runway seeks *cannot* "be determined by examining documents."  *See Morris*, 2026 WL 263206 at *2.

3

6263217

***Third***, there can be no dispute that Rog 9 seeks relevant information.  The Court has already recognized "the extent that Plaintiffs' art-related revenue has been impacted by Defendants' products" may "bear on fair use" and is therefore relevant and "proportional to the needs of the case." *See* Order at 1-2.  Runway seeks monthly figures regarding Plaintiffs' art-related income and expenses so that it can evaluate whether and to what extent Plaintiffs' financial standing was affected during the relevant time period.  Without this data, Runway will be prejudiced in presenting its fair use defense.

***Fourth***, because "Plaintiffs' supplemental responses and productions are insufficient" to answer Rog 9, the Court should alternatively order Plaintiffs to produce their tax returns from 2020 through 2025 and the underlying supporting documents.[2] *See id.* at 3.  The Court already acknowledged that the tax returns "will contain relevant information[.]" *See id.* at 2.  And these documents are readily within Plaintiffs' possession, custody or control, including where they are held by Plaintiffs' agents.  *See id.* (ordering production from agents).  Given Plaintiffs' position that "documentary records are the ground source of truth," Runway must be able to review Plaintiffs' tax returns to fill in the gaps Plaintiffs' productions leave.  Plaintiffs should not be permitted to simultaneously obfuscate their financial information using Rule 33(d) citations to documents that are not responsive but withhold the documents that are.

For the foregoing reasons, the Court should compel Plaintiffs to comply with the Order by providing either a full (non-Rule 33(d)) response to Rog 9 or producing their tax returns.

**<u>Plaintiffs' Position</u>**

When it comes to financial matters like sales and royalties, documentary records are the ground source of truth. Plaintiffs properly invoke Rule 33(d) in response to Rog 9 by citing to financial records produced to Defendants. The Parties' stipulation regarding the scope of the financial documents responsive to the Court's order at ECF No. 602 requires Plaintiffs to "provide income and expense information on a monthly basis where monthly records exist, on a quarterly basis where only quarterly records exist, and on an annual basis only where no more granular records exist." ECF No. 623 at 2 ("Stipulation"). Plaintiffs produced this information to Defendants in documentary form, responded to Rog 9 by referring to these documents, and thus complied with the Stipulation, the Court's Order at ECF No. 602 ("Order"), and their obligations under the Federal Rules. The Court should therefore deny Runway's request to compel a narrative answer to Rog 9 and deny—with prejudice—the request for Plaintiffs' tax returns.

During the July 29 meet and confer, Runway stated it seeks a response to Rog 9 because it is concerned that Plaintiffs maintain a trove of withheld, responsive financial documents that Plaintiffs might spring on Runway in their expert reports. Zeng Decl., ¶ 9. But Plaintiffs produced financial documents as ordered by the Court, and as for documents that were not produced, Plaintiffs' experts cannot rely on data that does not exist. Further, at the July 23 Status Conference, Runway stated it seeks a response to Rog 9 as a backstop for documents that are "not available." *See* Hrg. Tr. at 23:24–24:6 (Counsel: "So, this is why we've asked Plaintiffs for a response to Interrogatory Number 9. . . that is another avenue to resolve this issue if the

---

[2] Plaintiffs must produce the supporting documents so that Runway can parse the tax returns to break down Plaintiffs' art-related and non-art-related income and expenses on a monthly basis.

4

6263217

documents are not available."). But where financial records are not available, the only conceivable alternative is for Plaintiffs to try to recall from personal memory. This memory test is not a viable means for reporting accurate financials, as Runway's designated corporate representative and CFO would agree. *See* Ex. 2 ("[W]e would prepare board meetings according to the financial records that we have at the time."), ("Q: How many subscribers did Runway have in 2022? A: Well, I did not look at the number of subscribers in 2022 off the -- just off the top of my head. If we look at some of the board materials you presented, we can assume potentially there is some number of subscribers in 2022.").

**Plaintiffs Properly Invoke Rule 33(d).** A party may elect to answer an interrogatory by citing documents if "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). "A requesting party claiming an inappropriate use of Rule 33(d) must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract." *In re Lithium Ion Batteries Antitrust Litig*., No. 13-md-002420-YGR (DMR), 2015 WL 4999762, at *2 (N.D. Cal. Aug. 21, 2015). "The burden then shifts to the responding party to show that (1) a review of the documents will actually reveal answers to the interrogatories; and (2) the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served." *Id.* (internal quotations omitted).

Courts have recognized that Rule 33(d) is best suited for interrogatories of an objective nature that require compilation of information. *See, e.g.*, *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005) ("Rule 33 is well-suited to reply to inquiries of an intensely objective nature"); *accord RE/MAX v. Quicken Loans Inc.*, No. 16-cv-02357, 2017 WL 7355299, at *4 (D. Colo. 2017) ("A Rule 33(d) response is an appropriate answer to a request 'requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents.'"). Rog 9 seeks precisely that: a compilation of Plaintiffs' artist income and expense information.

**The Information Requested by Rog 9 is Revealed by Plaintiffs' Documents.** Plaintiffs produced documents encompassing their income and expenses relating to their work as artists since January 2020, including royalty statements, earnings statements, invoices, receipts, spreadsheets, credit card statements, and contemporaneous notes. Zeng Decl., ¶¶ 6–8. Over 1,000 documents have been produced across all Plaintiffs to ensure compliance with the Order. *Id.*, ¶ 5. For example, Plaintiff Ellis produced a 1099-K form issued from Patreon, in addition to royalty statements from book publishers and Meta (showing ad revenue from Instagram). *Id.*, ¶ 2; Ex. 1. To the extent Plaintiffs records do not show income on a *monthly* level, but rather on a quarterly, semi-annual, or annual basis, Plaintiffs' Rog 9 responses so indicate. Moreover, Runway agreed to this exact scope in the context of document production. *See* Stipulation at 2. Additionally, Plaintiffs' expenses are reflected in the documents cited in the form of, for example, credit card statements and contemporaneous notes.

In response to Rog 9, Plaintiffs cite documents from the above-described productions in which Plaintiffs' income and expenses are revealed. Indeed, as reflected in Exhibit 1, and consistent with the other cited documents, Plaintiffs' income and expenses are readily identifiable. There is

5

no other "percipient knowledge" or familiarity with the documents that is required to ascertain Plaintiffs' income and expenses as artists on a monthly basis. That certain royalty statements (issued by third parties outside of Plaintiffs' control) report earnings only on a quarterly or semi-annual basis does not warrant compelling Plaintiffs to reconstruct monthly breakdowns through speculation. Indeed, the Parties stipulated as much to avoid such speculation.

Runway's cited authorities are distinguishable. In *Jannx*, the plaintiff "failed to identify specific documents or state whether any responsive documents were produced." 2010 WL 4789275, at *3. Here, Plaintiffs produced and cited to financial documents by Bates number and ranges. Additionally, in *RSI Corp.*, the court agreed with the moving party that certain records were too "esoteric" and thus needed to be "decipher[ed]" by "one familiar with the records." 2012 WL 3095396, at *1–2. Here, Runway does not contend that it cannot interpret or understand Plaintiffs' financial records. To the contrary, Runway is demonstrably capable of examining, compiling, and summarizing Plaintiffs' financials, just as it did during the deposition of Plaintiff Ellis, where counsel introduced charts his office compiled showing Plaintiff Ellis's royalties accrued and units sold. *See* Ex. 3.

The other cases that Runway cites involve situations where the non-moving party did not actually cite documents that would have revealed answers to the interrogatories. In *Rowell*, a TCPA action, the defendant served an interrogatory requesting eighteen categories of information regarding communications plaintiff had with the defendant. Plaintiff responded by citing to a production consisting of "a series of photographic screen shots of a phone display that do not contain any further substantive information about calls other than dates and a phone number." In *Morris*, the court compelled the response because defendant conceded it "does not have a particular account or place where it puts RLEFs." 2026 WL 263206, at *2. And in *Master Key*, the interrogatory response *did not cite to any documents at all*, and instead offered to make files "available for inspection by counsel for the plaintiff" at the defendants' place of business[.]" 53 F.R.D. at 89. The court found it premature to decide whether defendant may properly invoke the relevant rule. *Id.* at 91.

Runway can ascertain the answer to Rog 9 from the cited documents with substantially the same burden as Plaintiffs. Plaintiffs' invocation of Rule 33(d) is therefore proper, and Runway's request for a narrative response to Rog 9 should therefore be denied.

**<u>Runway Has Not Demonstrated a Compelling Need for Plaintiffs' Tax Returns.</u>** As before, and as the Court reasoned, Runway has not demonstrated a compelling need for Plaintiffs' tax returns because "Defendants now have 'less intrusive means' to obtain 'the needed information.'" Order, at 2 (citing *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006); *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497 (N.D. Cal. 2003)). Plaintiffs have produced documents and responded to discovery "identify[ing] sources of their art related income beyond just the asserted works," including by providing documents that informed Plaintiffs' tax returns. *Id.*, *see, e.g.*, Ex. 1. Runway's request for Plaintiffs' tax returns would not even be responsive to Rog 9 because they would only show Plaintiffs' annual—not monthly—income and expenses. Plaintiffs have complied with the Order, and, as such, the Court should deny the request for Plaintiffs' tax returns with prejudice.

6

6263217

Sincerely,

KEKER, VAN NEST & PETERS
Attorneys for Runway AI, Inc.

*/s/ Matan Shacham*
Matan Shacham

633 Battery Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
mshacham@keker.com

SAVERI LAW FIRM, LLP
Attorneys for Plaintiffs

*/s/ Joseph R. Saveri*
Joseph R. Saveri

601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

7

6263217

## SIGNATURE ATTESTATION

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: August 10, 2026

*/s/ Matan Shacham*
Matan Shacham

6263217