September 3, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States Magistrate Judge
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen et al. v. Stability AI Ltd., et al.,* 3:23-cv-00201-WHO (LJC)

Dear Magistrate Judge Cisneros:

Pursuant to Paragraph F(5) of Your Honor's Standing Order and section 16 of the Amended Protective Order, ECF No. 380, Plaintiffs and Defendant Midjourney, Inc. respectfully submit this joint letter brief regarding Midjourney's clawback of a certain document at the deposition of Midjourney's Founder and CEO, David Holz based on Midjourney's assertion that it contains Midjourney's privileged attorney-client communications or work product.

**Relevant Dates**
As required by the Court's Standing Order, below are the dates relevant to discovery:
• Next Joint Status Conference with Judge Cisneros: N/A
• Close of Fact Discovery: July 1, 2026
• Close of Expert Discovery: February 5, 2027

**FILED UNDER SEAL**

**<u>Plaintiffs' Position</u>:** Midjourney wrongfully clawed back as privileged a highly relevant document at the deposition of David Holz, Midjourney's founder, sole owner and CEO, on August 13, 2026. It did so even though Mr. Holz [redacted][1] It did so even though there are no attorneys involved or mentioned in the conversation to which the [redacted] was attached and no indications of privilege or work product on the [redacted] itself. Midjourney provides no documentary evidence that Midjourney counsel had anything to do with the creation of this [redacted] other than a vague, self-serving, unsupported declaration that this document was created at Midjourney counsel's behest. This claim of privilege is therefore neither appropriate nor supported—what privilege there may have been was waived when Midjourney intended to and did [redacted]. Midjourney did not previously include the document in its privilege log and still has not provided the requisite information on which a claim of privilege can be based to meet its burden here. Kessler Decl. Ex. D (Midjourney's supplemental privilege log). The Court should reject Midjourney's claim of privilege and reopen Holz's deposition for additional questions regarding this document.

The clawed back document at issue, Kessler Decl. Ex. A MIDJOURNEY 00081351, is [redacted] Kessler Decl. Ex. BMIDJOURNEY_ _00081346. Holz did not create [redacted] in anticipation of, or response to, any litigation against Midjourney. Midjourney produced [redacted] *Id.* at -00081347. [redacted] *Id.* [redacted] " [redacted]." *Id.* at -00081349 – 81350. [redacted]

The [redacted] was created by Holz and reflects information that was clearly *not* provided by counsel. Holz testified [redacted]. Kessler Decl. Ex. C Holz Dep. Tr. 259:9-260:17. But no attorneys appear in the communication to which this [redacted] was attached, and Midjourney has provided no supporting contemporaneous evidence to support that claim, though there should be plenty.

---

[1] See [redacted] (last accessed August 31, 2026).

[redacted] **was intentionally communicated to a third party and intentionally disclosed to the public, while no efforts were made to protect its confidentiality.** [redacted]. Kessler Decl. Ex B at MIDJOURNEY 00081347. [redacted]. Further, granting [redacted] a ***worldwide license*** to publish, publicly display, modify and create derivative works from any such content that is [redacted] or use it to "promote the service." *See* [redacted]. Businesses certainly use [redacted] routinely, but they do so with adequate privacy settings that do not provide [redacted] with a license to share the content in its promotional efforts. Midjourney's post hoc attempt to recharacterize [redacted] is hollow. Neither Holz's testimony nor his counsel's explanation at his deposition makes any reference to mistake or confusion about these details. Plaintiffs' counsel asked a number of questions about this [redacted] before Holz's counsel decided to claw it back. Kessler Decl. Ex. C Holz Depo. Tr. 257:21-262:8.

**Intentional disclosure to third parties or the public waives any privilege.** While there may be many ways by which parties may waive privilege, voluntary disclosure is the clearest case. *See United States v. Sanmina Corp*., 968 F.3d 1107, 1116–17 (9th Cir. 2020) ("voluntarily disclosing privileged documents to third parties will generally destroy the privilege.") Such an "express waiver," occurs when "a party discloses privileged information to a third party who is not bound by the privilege, **or otherwise shows disregard for the privilege by making the information public**." *Id*. (emphasis added) (citations omitted). The burden of establishing that a particular matter is privileged is on the party asserting the privilege. *Sony Computer Ent. Am., Inc. v. Great Am. Ins. Co.,* 229 F.R.D. 632, 633 (N.D. Cal. 2005). "Where a third party is present, no presumption of confidentiality obtains, and the usual allocation of burden of proof, resting with the proponent of the privilege, applies in determining whether confidentiality was preserved[.]" *Id*. at 634. Midjourney has failed to meet its burden here. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.,* No. 23-MD-03084-CRB (LJC), 2024 WL 4907142, at *3 (N.D. Cal. Nov. 27, 2024) (inadequate declaration and lack of contemporaneous documents supporting claim of privilege).

Even if considered inadvertent, Midjourney's failure to take even reasonable precautions since [redacted] constitutes waiver. In cases involving inadvertent disclosure of privileged attorney-client communications or work-product, the court considers: "(1) the precautions taken to prevent the disclosure; (2) the time elapsed between the disclosure and the request for protection; (3) the scope of production; (4) the extent of the disclosure; and (5) the fairness to each of the parties" *S.E.C. v. Reyes,* No. C 06-04435 CRB, 2007 WL 528718, at *2 (N.D. Cal. Feb. 13, 2007). Such conduct may be excused only when the disclosure is reasonable in light of all the surrounding facts and the party asserting the privilege ***promptly*** asserts a remedy to the disclosure. *Meoli v. Am. Med. Serv. of San Diego,* 287 B.R. 808, 818–19 (S.D. Cal. 2003). Midjourney failed to take any precautions, much less reasonable ones, to preserve any privilege. [redacted] There is no evidence that this [redacted] contained any privileged material in context or on its face.

[redacted] **was created for business purposes.** "The privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege, which means that no privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice." *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21CV02450WHODMR, 2023 WL 2699971, at *4 (N.D. Cal. Mar. 29, 2023) (cleaned up). The clawed back document reflects [redacted] The document reflects a [redacted]

For the foregoing reasons, the Court should reject Midjourney's claim of attorney client privilege or work product as to the [redacted] at issue and order Mr. Holz to sit for additional deposition questioning based on this document as soon as possible.

**<u>Midjourney's Position</u>:** Midjourney properly and timely clawed back a privileged document previously produced as MIDJOURNEY_ 00081351 (the "Document") at the August 13, 2026 deposition of Midjourney's Founder and CEO David Holz as soon as it became aware that the Document was privileged and had been inadvertently produced. The Document was [redacted] Midjourney's clawback was proper, and Plaintiffs' demand that the Court reject it and reopen Mr. Holz's deposition should be denied.

**The Document was prepared in anticipation of litigation at the request of counsel.** Documents are protected from disclosure as work product where they are (1) "prepared in anticipation of litigation or for trial" and (2) are "prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004). The doctrine protects "both material prepared by agents for the attorney as well as those prepared by the attorney himself." *Haptic, Inc. v. Apple, Inc.*, 2025 WL 1569306, at *6 (N.D. Cal. June 3, 2025). Separately, documents prepared at the request of counsel to further legal advice may fall within the attorney-client privilege. *See San Bernadino Cty. V. Ins. Co. of State of Pennsylvania*, 2022 WL 20582049, at *3 (C.D. Cal. Nov. 3, 2022) (finding that reports prepared at the request of counsel in connection with a request for legal advice were covered by the attorney-client privilege). Counsel's "recommendations on <u>both</u> liability for past events <u>and</u> avoidance of future liability-creating events constitute legal advice." *Greer v. County of San Diego*, 127 F.4th 1216, 1225 (9th Cir. 2025) (emphasis in original).

Although Plaintiffs characterize the Document as having been created for business purposes (based on a misreading of one Discord chat), [redacted] *See* Sills Decl.

¶¶ 3, 5–6.[2] [redacted] *Id.* ¶¶ 5–6. The "logged document[] would not have been created but for the prospect of [] litigation," and therefore constitutes protected work product. *Haptic, Inc.*, 2025 WL 1569306, at *7. Plaintiffs argue that Midjourney has offered no evidence that the Document was prepared at the direction of counsel, [redacted] *See* Sills Decl. at ¶ 5-7; Kessler Decl. Ex. C 260:10-12.

**Midjourney did not waive work product protection.** Plaintiffs' primary waiver argument relies on a fundamental misrepresentation of the relationship [redacted]. At the time the Document was created, [redacted] Sills Decl. ¶¶ 3, 5–6. [redacted] *See* Dunning Decl. Ex. A at 184:23-24 (Caleb Kruse Dep. Tr. Excerpt). Indeed, [redacted] Sills Decl. ¶ 4. It is well settled that independent contractors are considered the functional equivalent of corporate employees and fall under the protections of a company's attorney-client privilege and work product protection. *See U.S. v. Graf*, 610 F.3d 1158-59 (9th Cir. 2010); *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994). Plaintiffs' claim that the Document was shared as part of [redacted] is belied by Plaintiffs' own evidence; [redacted] *See* Kessler Ex. B at 81349 [redacted]). There are no [redacted] discussed at all.

Even if [redacted] were properly considered a third party for purposes of this analysis (he was not), Mr. Holz's disclosure of the Document to him did not effect a waiver. The Ninth Circuit has made clear that "disclosure of work product to a third party does not waive the protection unless such disclosure is made to an adversary in litigation or has substantially increased the opportunities for potential adversaries to obtain the information." *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020). There is no question that [redacted] was not an "adversary" to Midjourney. [redacted]. Sills Decl. at ¶ 3. Nor did Mr. Holz's [redacted] "substantially increase[] the opportunities for potential adversaries to obtain the information." [redacted]. *See* Kessler Decl. Ex. B. While Plaintiffs make much of Mr. Holz [redacted] as Plaintiffs assert, and it was not. *Supra* at 2. [redacted]. Mr. Holz's exchange methodology did not "substantially increase" the opportunity for potential adversaries to access the Document, and thus effectuated no waiver.

---

[2] [redacted] *See* ECF-1. *See also* Kyle Wiggers, *Commercial Image-Generating AI Raises All Sorts of Thorny Legal Issues*, TechCrunch (July 22, 2022), https://techcrunch.com/2022/07/22/commercial-image-generating-ai-raises-all-sorts-of-thorny-legal-issues/.

For this same reason, Plaintiffs' invocation of [redacted]'s Terms of Service is unavailing. There is no evidence that the portion of [redacted] Plaintiffs reference applied to the Document, and even if they did, there is no evidence that [redacted] ever exercised their purported "rights." [redacted] is not an adversary of Midjourney, and Midjourney's use of the [redacted] did not "substantially increase[] the opportunities for potential adversaries to obtain the" Document. Plaintiffs also quibble that Midjourney has not [redacted]. *Supra* at 2. Out of an abundance of caution, [redacted] When the Court issues its decision, [redacted]

**Midjourney did not waive the attorney-client privilege.** For the same reasons, Mr. Holz's development of the Document [redacted] did not waive the attorney-client privilege. [redacted] This is a quintessential application of the common-interest doctrine. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (noting common-interest privilege "applies where (1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived"). Nor did Mr. Holz's use of [redacted] effect a privilege waiver. [redacted] are routinely used by countless companies and legal departments; if [redacted]'s Terms of Service were enough to defeat the privilege, *supra* at 2, an extraordinary array of privileged communications would be subject to disclosure. Plaintiffs cite no support for the proposition that use of [redacted] effectuates a waiver; as far as Midjourney can tell, there is none.

**Midjourney's clawback was timely.** Last, Plaintiffs claim Midjourney's clawback was untimely. That position is without merit. Midjourney's counsel "asserted privilege with respect to the [Document] on the record at the [Holz] deposition as soon as counsel found out that the [Document] contained privileged material, satisfying Rule 502(b)." *Datel Holdings, Ltd. V. Microsoft Corp.*, 2011 WL 866993, at *5 (N.D. Cal. March 11, 2011). Midjourney was able to quickly assert privilege over the Document because [redacted] *See* Sills Decl. ¶ 7. That Plaintiffs managed to ask a few questions about the Document between its introduction and counsel's determination that the Document contained privileged material is of no moment. Midjourney promptly acted as soon as it became aware of both the document's disclosure and its privileged nature; nothing more was required. For these reasons, Plaintiffs' challenge to Midjourney's clawback should be denied.

**Further deposition testimony from Mr. Holz is highly burdensome and disproportionate.** If the Court finds that attorney-client privilege and work product protections have been waived, the Court should not require Mr. Holz, Midjourney's Founder and CEO, to sit for further deposition testimony. Mr. Holz has already sat for two full days of deposition—in his personal capacity on August 13, 2026, and for a further day of 30(b)(6) testimony on August 14, 2026. It would be extraordinarily burdensome to bring an apex witness in for further testimony on a single document, particularly after the close of fact discovery. And it is disproportionate to the needs of the case to do so; Plaintiffs assert the document is "plainly relevant" but do not articulate why—let alone why it would be necessary to bring Midjourney's CEO back for further questioning on it. Plaintiffs' request to reopen Mr. Holz's deposition should likewise be denied.

Dated: September 3, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Louis Andrew Kessler (SBN 243703
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Elissa A. Buchanan (SBN 249996)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: September 3, 2026

Respectfully submitted,

By: /s/ Angela Dunning

Angela Dunning
Sam Blankenship
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
151 University Avenue
Palo Alto, CA 94301
650-815-4131
Email: adunning@cgsh.com
Email: sblankenship@cgsh.com

Arminda B. Bepko
Charity E. Lee
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
212-225-2558
Email: abepko@cgsh.com
Email: charitylee@cgsh.com

team-midjourney-andersen-cgsh@cgsh.com

*Counsel for Defendant Midjourney, Inc.*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: September 3, 2026

*/s/ Joseph R. Saveri*
Joseph Saveri