September 11, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen, et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

In accordance with Section F(5), page five, of the Court's Civil Standing Order for Magistrate Judge Lisa Cisneros, Plaintiffs submit this letter brief regarding an unresolved dispute with respect to Defendant Midjourney, Inc.'s ("Midjourney") clawback of a document at the deposition of David Holz. Plaintiffs submit that the brief was timely under the Amended Protective Order's process for challenging clawbacks. Plaintiffs have met and conferred with Midjourney with respect to this submission. While Midjourney does not dispute the facts herein, it does not join this submission.

**Relevant Dates**

As required by the Court's Standing Order, below are the dates relevant to discovery:

- Next Joint Status Conference with Judge Cisneros: July 23, 2026
- Close of Fact Discovery: July 1, 2026
- Close of Fact Discovery Depositions: August 15, 2026
- Close of Expert Discovery: October 18, 2026

Plaintiffs write regarding your Order, ECF No. 734, which ruled that Plaintiffs' and Defendant Midjourney's (the "Parties") joint letter brief on the propriety of Midjourney's clawback of a document at the deposition of David Holz (ECF No. 733) was untimely because it was not filed by the August 24 deadline to file fact discovery disputes arising from depositions.

The Parties filed the brief based on their mutual agreement resolving an ambiguity between the scheduling order and Section 16 of the Amended Protective Order which, among other things, provides the process for clawing back inadvertently produced privileged materials "at any time," and, if necessary, challenging such clawbacks. ECF No. 380, Sections 16.B and 16.D. After considerable discussion, the Parties agreed that the brief could be filed after August 24, and the timeline of events (below) shows there was no unjustified delay in filing the joint letter brief.

The dispute involves a document clawed back at the deposition of David Holz, the founder and CEO of Midjourney, scheduled by Midjourney to take place on August 13 and 14, the last days of discovery. Midjourney produced the document some time ago, and Plaintiffs had no indication that it arguably contained privileged material until Midjourney clawed it back during the deposition. Consistent with the procedure in the Amended Protective Order, Plaintiffs timely challenged the clawback by letter the following Monday, August 17. The Parties exchanged letters and emails that week outlining their arguments and met and conferred on this issue (among others) later that week on August 21, the Friday before the August 24 deadline.

Having reviewed the Amended Protective Order, the Parties agreed that, because either Party could claw back a document at any time during the litigation due to privilege pursuant to Section 16, the deadline to file a joint letter brief over the clawback was governed by the Amended Protective Order rather than the August 24 deadline. Plaintiffs subsequently confirmed the agreement in writing, stating "we determined the procedure for challenging clawbacks is independent of the deadline on Monday and that we can brief this next week after you speak with your client." Midjourney responded on August 24 that, "as we have already noted, we agree that briefing on this is independent of today's deadline."

After Midjourney's counsel spoke with Midjourney and reiterated that they stood by their claim of privilege despite the document's public availability, the Plaintiffs initiated the joint letter brief process on Wednesday August 26, where Plaintiffs would provide Midjourney their opening portion that Friday, August 28. The following day, Midjourney asked to delay the beginning of the exchange until the following Monday due to pressing deadlines and counsel's personal conflicts. Plaintiffs agreed. That schedule culminated in the filing of the joint letter brief on September 3. ECF No. 733.

In the interests of justice and in consideration of the specific procedure laid out in the Amended Protective Order, Plaintiffs respectfully request the Court rule on the merits of the Parties' joint letter brief. Plaintiffs provided the above timeline and related facts to Midjourney and invited them to join this submission. Midjourney does not dispute the facts but did decline to join.

Date: September 11, 2026

Respectfully submitted,

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Alexandra Fernandez (SBN 330518)
Louis Andrew Kessler (SBN 243703)
Elissa A. Buchanan (SBN 249996)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: czirpoli@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: afernandez@saverilawfirm.com
Email: lkessler@saverilawfirm.com
Email: eabuchanan@saverilawfirm.com
Email: hbenon@saverilawfirm.com
Email: acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com