CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

151 University Avenue
Palo Alto, CA 94301-1632
T: +1 650 815 4100

650 California Street, Suite 2400
San Francisco, CA 94108-2702
T: +1 415 796 4400

D: +1 650 815 4131
adunning@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

September 14, 2026

**VIA ECF**

The Honorable Lisa J. Cisneros
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Andersen et al. v. Stability, et al.*, Case No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

Midjourney writes in response to Plaintiffs' improper unilateral letter brief (ECF 738, the "Brief") filed late Friday, September 11, 2026, asking the Court to reconsider its Order striking as untimely the Parties' joint letter brief concerning a clawback of a certain document at the deposition of Midjourney's Founder and CEO, David Holz. ECF 734. Although the impropriety of Plaintiffs' request is evident on its face and would not ordinarily have warranted a response from Midjourney, the Brief contains several misstatements that necessitate correction.

**First**, Plaintiffs' statement that they "have met and conferred with Midjourney with respect to this submission," Brief at 1, is false. Your Honor's Civil Standing Order clearly requires parties to "meet and confer (in person, by video conference, or by phone) before filing any motion or non-stipulated request." Section F(5) further clarifies that "[a] mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement." And it directs the parties to include "an attestation that the parties met and conferred in person or by video regarding all issues prior to filing the letter." Plaintiffs' unilateral Brief includes that attestation, but the required meet and confer never took place.

Plaintiffs emailed counsel for Midjourney at 6:49 pm PST on Wednesday, September 9, announcing their desire to "refile our JLB on the Holz clawback document with an explanatory paragraph on the first page as to why the JLB is timely," quoting the parties' prior communications on this question, and asking if Midjourney would "agree to refile the JLB with this timeline on the first page." Midjourney responded less than an hour later, stating that it could not agree with Plaintiffs' proposal. Although the timeline and content of the parties' prior

communications were not in dispute, Midjourney explained that it "d[id] not think it appropriate for [Plaintiffs] to re-file a motion that the Court struck as untimely," and said that it would "not join (and would oppose) any submission to the Court that does not comply with the FRCP, the Civil Local Rules, or Judge Cisneros's standing order." Plaintiffs never responded to this email, did not inform Midjourney of their intent to carry on with the improper Brief, and did not provide Midjourney the opportunity to review the Brief before they filed it.

Instead, they did exactly what Midjourney objected to—filed the Brief in violation of the governing rules. In filing their Brief, Plaintiffs purport to rely on "Section F(5), page five, of the Court's Civil Standing Order." But that section, of course, describes the Court's *joint* letter brief process. It explicitly states that "e-mails…do[] not satisfy the meet and confer requirement," that "[l]ead trial counsel for both parties must sign the letter," and that the parties must cooperate to ensure "that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter." None of those things happened here.

**Second**, Plaintiffs' statement that "Midjourney does not dispute the facts herein," Brief at 1, is also false. Because Plaintiffs did not give Midjourney an opportunity to review the Brief before Plaintiffs filed it, Midjourney did not have an opportunity to agree to—let alone dispute—the facts within it. In addition to Plaintiffs' false assertion that the parties met and conferred before Plaintiffs' filed the Brief, at least one other of these asserted "facts" is inaccurate, and Midjourney does dispute it. The Brief asserts that Midjourney "reiterated that they stood by their claim of privilege despite the document's public availability," but Midjourney disputes that the document was ever "publicly available." *See* ECF 733 at 4.

This is not the first time Plaintiffs have failed to comply with Your Honor's Civil Standing Order. On July 16, 2026, Your Honor "admonished" Plaintiffs for "failing to comply with Judge Cisneros's Civil Standing Order, which requires parties to file joint discovery letter briefs, or, '[i]n the rare instance that a joint letter is not possible,' requires the party filing a unilateral letter to 'include an explanation of why a joint letter was not possible.'" ECF 659. Plaintiffs once again failed to follow this procedure here, and their Brief should be "stricken or denied as procedurally improper." *Id.*

Dated: September 14, 2026

By: *<u>/s/ Angela L. Dunning</u>*

Angela L. Dunning (adunning@cgsh.com)
Sam Blankenship (sblankenship@cgsh.com)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
151 University Avenue
Palo Alto, CA 94301-1632

Charity E. Lee (charitylee@cgsh.com)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2517

*Counsel for Defendant Midjourney, Inc.*