KEKER VAN NEST & PETERS

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**David Silbert**
(415) 676-2261
dsilbert@keker.com

September 17, 2026

**VIA ECF**
Honorable Lisa J. Cisneros, United States Magistrate Judge
450 Golden Gate Avenue, Courtroom G – 15th Floor
San Francisco, CA 94102

Re: *Andersen et al. v. Stability et al.*, No. 3:23-cv-00201-WHO (LJC)

Dear Judge Cisneros:

Runway AI, Inc. ("Runway") respectfully writes in response to Plaintiffs' Statement of Recent Decision (ECF No. 749). The Court should strike Plaintiffs' Statement of Recent Decision as it is both procedurally and substantively deficient.

Procedurally, Local Rule 7-3(d)(2) does not apply to the parties' joint letter brief filed on August 24, 2026 (ECF No. 711). That rule governs supplemental authority submitted in connection to motions filed under Local Rule 7 and provides that "***[b]efore the noticed hearing date***, counsel may bring to the Court's attention a relevant judicial opinion published ***after the date the opposition or reply*** was filed by filing and serving a Statement of Recent Decision." N.D. Cal. Civ. L.R. 7-3(d)(2). But joint discovery letter briefs are not one of the motions identified in Local Rule 7-1(a), and they involve neither a noticed hearing date nor opposition and reply briefs.[1]

Plaintiffs' supplemental authority is also not "relevant" as required under Local Rule 7-3(d)(2). There, the court granted a Rule 37(e) sanctions motion—which Plaintiffs have not filed here—after finding that certain ***custodians*** failed to preserve documents in violation of federal record preservation laws, internal DHS policy, and a court order, months after the litigation had begun and after the custodians were made aware of their preservation obligations. *See Am. Fed'n of Gov't Emps. AFL-CIO (AFGE), et al. v. Trump, et al.*, No. 25-cv-03698-SI, 2026 WL 2679500, at *1, 10–16 (N.D. Cal. Sept. 11, 2026). Here, in contrast, Mr. Sansavera was never a document

[1] *See* N.D. Cal. Civ. L.R. 7-1(a); *see also* J. Cisneros Civil Standing Order Section F(5) ("The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary. . . . The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary.").

custodian in this case and the only specific deletion incident that Plaintiffs point to occurred ***before*** Runway was named as a Defendant. The facts here are not remotely similar to those in *AFGE*.

In short, there is no basis for further supplementation of the record on this issue. Runway respectfully requests the Court strike Plaintiffs' Statement of Recent Decision.

Respectfully,

KEKER, VAN NEST & PETERS LLP

David Silbert

DJS:sr