UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAH ANDERSEN, et al.,

Plaintiffs,

v.

STABILITY AI LTD., et al.,

Defendants.

Case No. 23-cv-00201-WHO (LJC)

**ORDER RESOLVING DISCOVERY DISPUTE AT DKT. NOS. 698, 709**

Re: Dkt. Nos. 698, 709

All parties filed a Joint Discovery Letter in which Defendants Stability AI (Stability), Midjourney (Midjourney), Runway AI (Runway), and DeviantArt (DeviantArt) (collectively, Defendants) seek from Plaintiffs Sarah Andersen, Karla Ortiz, Grzegorz Rutkowski, Gregory Manchess, Gerald Brom, Jingna Zhang, Julia Kaye, and Adam Ellis (collectively, Plaintiffs) production of certain financial documents and Plaintiffs' state and federal tax returns from 2020 to 2025. Dkt. No. 709. Defendants further reserve their right to seek additional deposition time, if necessary, upon production of those records, and sanctions. Runway and Plaintiffs also filed a Joint Discovery Letter that concerns their dispute over the sufficiency of Plaintiffs' amended response to Runway's Interrogatory No. 9. Dkt. No. 698. Runway seeks an order compelling Plaintiffs to supplement their interrogatory response without relying on Federal Rule of Civil Procedure 33(d) or, in the alternative, to compel the production of Plaintiffs' tax returns. The Court previously addressed discovery disputes concerning the production of tax returns and Plaintiff's response to Runway's Interrogatory No. 9 in an order that issued on June 17, 2026. Dkt. No. 602 (June 17 Order). Having reviewed the parties' briefing, the record, and the applicable authorities, the Court **DENIES** without prejudice Defendants' respective requests for Plaintiffs' tax returns, **GRANTS IN PART** Defendants' request for certain non-privileged,

United States District Court
Northern District of California

United States District Court
Northern District of California

financial documents referenced in the August 18, 2026 correspondence, **GRANTS IN PART** Runway's request for a supplemental response to Interrogatory No. 9, and **DENIES** without prejudice Defendants' request to re-open depositions.

## I. ALL DEFENDANTS AND PLAINTIFFS' DISPUTE CONCERNING THE PRODUCTION OF SPECIFIC FINANCIAL DOCUMENTS AND COMPLETE FEDERAL AND STATE TAX RETURNS

As noted above, the dispute between all Defendants and Plaintiffs relates to Defendants' request for certain financial documents and tax returns. ECF No. 709. Defendants collectively seek to compel Plaintiffs to produce: (1) the specific financial documents referenced in Defendants' August 18, 2026 correspondence (included in Exhibit A to Angela L. Dunning's Declaration), including all art-related agreements, invoices, and revenue records for January 1, 2020 to the present; and (2) complete federal and state tax returns and 1099 forms for the years 2020 to 2025. *Id.* at 4. In addition, Defendants assert a reservation of all rights, including the right to seek further deposition time with Plaintiffs as may be necessary to understand the financial records produced, and to seek sanctions for Plaintiff's purported violation of the June 17 Order. Plaintiffs contend that they have complied with the June 17 Order.

In the June 17 Order, the Court resolved the parties' dispute as to Plaintiffs' refusal to provide discovery into earnings from non-asserted works and art-related services. Dkt. No. 602. Plaintiffs' refusal impacted their productions and responses to numerous discovery requests. *See* Dkt. No. 581 at 2. Plaintiffs were also refusing to produce information from sources acting as their agents, and the Court ordered Plaintiffs to search for and produce documents held by their agents where Plaintiffs have a "legal right to obtain" such information on demand. *Id.* at 3, 602 at 2.

Though Defendants had requested an order "either (a) directing Plaintiffs to promptly supplement their productions and interrogatory responses concerning both asserted and non-asserted works or (b) barring Plaintiffs from introducing evidence of damages or market harm as to non-asserted works," Dkt No. 581 at 4, when the Court authorized discovery concerning non-asserted works and art-related income, it directed Plaintiffs to supplement their responses and productions to Defendants' Joint Request for Product of Documents No. 13, and directed a time

frame for this request as January 1, 2020 to the present, without also expressly authorizing discovery in connection with any other requests for production that were impacted by the same dispute over discovery related to non-asserted work and art-related income. Dkt. No. 602 at 2.

Plaintiffs now contend that they have complied with the June 17 Order by producing many documents (over 1,000) relating to Plaintiff's income and expenses from their work as artists, including "royalty statements, earnings statements, invoices, receipts, spreadsheets, credit card statements, and contemporaneous notes detailing earnings based on their artistic work." Dkt. No. 709 at 4. In their correspondence with Plaintiffs, Defendants asked for supplementation of eleven discrete discovery requests. Dkt. No. 709-2 at 3. Defendants' correspondence references "agreements, revenue records, and financial documents" that it has demanded. *Id.* Defendants acknowledge that a subset of these discovery requests are not limited to asserted works, specifically Midjourney's Request for Production Nos. 18, 34, and 39, and Joint Request for Production No. 13, and that the June 17 Order was focused on "all art-related income," as opposed to all art-related agreements. *Id.* It does not appear that Plaintiffs have violated the plain language of the June 17 Order by failing to produce agreements that may relate to but do not directly reveal income earned.

Insofar as Defendants are now asking the Court to expand its prior order to permit discovery of agreements, including license agreements, pertaining to non-asserted artwork and art-related work, Plaintiffs oppose that request. Plaintiffs contend that Defendants may not raise that request given the stage of the litigation when the dispute was raised through meet and confers and the discovery letter filed. Plaintiffs also contend the Court should not read agreements for non-asserted works into Defendants' requests for production, and that such discovery would be highly prejudicial. Dkt. No. 709 at 5–6.

Defendants' discovery requests seek agreements pertaining to non-asserted works and art related goods and services, and such information is relevant to this litigation given that Plaintiffs have indicated that they may argue "that Defendants' products have the potential to cause wide-scale market harm" in response to Defendants' anticipated fair use defenses. *See* Dkt. No. 602 at 1. However, some of Defendants' discovery requests seek "all documents" pertaining to certain

items such as "the sale or provision of goods or services in U.S. commerce" and "any license granted relating to Plaintiffs' alleged trade dress." *See, e.g.*, Dkt. No. 709-2 at 3 (RFP Nos. 18 and 39). The scope of the requests seeking "all documents" substantiates Plaintiffs' concerns regarding the burdens of production. This concern can be addressed by limiting the scope of Plaintiffs' supplemental responses to Request for Production Nos. 18, 34, and 39, and requiring production of this information only where it is linked to earned income. The supplemental production shall be limited to the records sufficient to show the (a) sale or provision of art-related goods or services in U.S. commerce, (b) agreements for the sale of art-related goods or works that Plaintiffs contend exhibit their alleged trade dress, and (c) any art-related license agreement granted relating to Plaintiffs' alleged trade dress from January 1, 2020 to the present. To be discoverable pursuant to this Order, an agreement must have arguably yielded earned income. In other words, if an agreement did not appear to lead to any revenue, then its production is not proportional to the needs of this case.

Defendants also argue that the Court should compel Plaintiffs to produce their complete federal and state income tax returns from 2020 to 2025 because they have not disclosed all art-related income. Defendants contend that Plaintiffs failed to comply with the June 17 Order by failing to disclose art-related income—including ongoing client engagements, platform revenue, and convention sales—for which no, or incomplete, financial records were produced. Defendants argue that without complete tax returns for all Plaintiffs, they cannot identify all sources of Plaintiffs' income or the full scope of their income. Plaintiffs insist that they produced the information that was allegedly missing and provide a declaration detailing what information had been produced. Dkt No. 709-7 (Zeng Decl). Defendants do not appear to challenge Zeng's factual assertions or argue that he has failed to exhaustively consider the purportedly missing information. Defendants also make an alternate argument that several Plaintiffs testified that tax returns are the most reliable means to verify their art-related income. Plaintiffs do not dispute Defendants' characterization of this testimony but assert that Defendants cannot establish a compelling need for Plaintiffs' tax returns when Plaintiffs have produced precisely the documents sufficient to show their income. Dkt. No. 709 at 4, 6 (citing *Aliotti v. The Vessel SENORA*, 217

United States District Court
Northern District of California

F.R.D. 496, 497 (N.D. Ca. 2003).

In *Aliotti*, the court noted that "tax returns are not absolutely privileged." *Id.* At the same time, the court also recognized the Ninth Circuit's determination that "a public policy against unnecessary public disclosure of tax returns arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Id.* at 497 (cleaned up). "Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Id.* at 497–98. In *Aliotti* the court denied the request to order the production of tax returns "because there are less intrusive means by which Defendant can obtain the needed information which have not been exhausted." *Id.* at 498. The court reasoned that the defendant could obtain the necessary information through focused interrogatories." *Id.* In light of the reasoning in *Aliotti*, the Court turns to the discovery dispute raised by Runway, in which Runway requested that the Court order Plaintiffs to provide a full response to Interrogatory No. 9, or in the alternative order Plaintiffs to produce tax returns.

For the reasons explained further below, the Court declines to order Plaintiffs to produce their complete federal and state tax returns, and instead orders Plaintiffs to provide the equivalent information through less intrusive means, namely an interrogatory response. Plaintiffs shall provide full narrative responses to Runway's Interrogatory No. 9. To address the specific information that Defendants collectively seek through the tax returns, Plaintiffs' Interrogatory responses shall specify income earned source by source for all art-related income from January 1, 2020 through 2025, and each Plaintiffs shall also describe the full scope of their art-related income for that time period.[1]

## II. RUNWAY AND PLAINTIFFS' DISPUTE CONCERNING PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 9

Runway's Interrogatory No. 9 requested that Plaintiffs identify their "total income and expenses from work as an artist in each month since January 2020." Dkt. No. 698 at 2. Runway

[1] If Zeng's declaration overlooked certain gaps in production that Defendants have identified, the interrogatory responses shall account for that missing information.

seeks a court order compelling Plaintiffs to provide a full response to Interrogatory No. Rog 9 without citing financial records pursuant Rule 33(d) of the Federal Rules of Civil Procedure. In the alternative, Runway argues that the Court should order Plaintiffs to produce their complete tax returns from January 1, 2020 to the present with supporting documentation so that Runway may determine the portions of their income and expenses that are attributable to their "work as an artist," as to comply with the Order. *Id.*

Federal Rule of Civil Procedure 33(d) allows a party to respond to an interrogatory by citing documents only where (1) the "answer . . . may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records" and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party[.]" *See* Fed. R. Civ. P. 33(d). To invoke the rule, "the information . . . must actually be obtainable from the documents." *See Jannx Med. Sys. Inc. v. Methodist Hosp., Inc.*, 2010 WL 4789275, at *3 (N.D. Ind. Nov. 17, 2010) (emphasis added).

Plaintiffs have not persuaded the Court that Rule 33(d) is a permissible method for responding to Runway's Interrogatory No. 9. The briefing and the record do not support the position that the burden on Runway of ascertaining the answer from a multitude of records, which range from royalty statements, earnings statements, and invoices to receipts, spreadsheets, credit card statements, and contemporaneous notes, is substantially similar to the burden on Plaintiffs. Unlike Runway, Plaintiffs themselves have a baseline understanding of their own earnings and financial records to evaluate and synthesize such a range of information. Plaintiffs' citation to deposition testimony concerning charts that Defendants prepared for deposition is incomplete and unpersuasive. Runway asks for the complete state and federal tax returns for the Plaintiffs for the relevant time period, but this request is overbroad to the extent that it may capture Plaintiffs' income that has nothing to do with this case. As directed by Judge Chen in *Aliotti*, there is a less intrusive approach for Plaintiffs to provide this information. Plaintiffs shall respond to Interrogatory No. 9, and they may formulate their response based on the tax returns, as well as other financial records. Insofar as Plaintiffs are able to provide responses on a month-by-month basis for each source of art-related, they shall do so; where that is not feasible, the response shall

United States District Court
Northern District of California

specify quarterly or annual income from an art-related source. Runway's request for tax returns is **DENIED** without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' request for the non-privileged, financial documents referenced in the August 18, 2026 correspondence is **GRANTED IN PART.** Plaintiffs shall produce the records from January 1, 2020 to the present sufficient to show the (a) sale or provision of art-related goods or services in U.S. commerce, (b) agreements for the sale of art-related goods or works that Plaintiffs contend exhibit their alleged trade dress, and (c) any art-related license agreement granted relating to Plaintiffs' alleged trade dress from January 1, 2020 to the present. To be discoverable pursuant to this Order, an agreement must have arguably yielded earned income. To the extent any of these documents do not exist or are otherwise unavailable, Plaintiffs shall confirm the extent of that unavailability to Defendants in a verified response. Plaintiffs shall also produce documents that are available to Plaintiffs' agents, or within the legal right of those agents to obtain.

Defendants' request for Plaintiffs state and federal tax returns and 1099 forms for the years 2020 to 2025 is **DENIED** without prejudice. Runway's request for a further supplemented response to Interrogatory No. 9 is **GRANTED IN PART** insofar as Plaintiffs must provide a supplemental narrative response, rather than citing records pursuant to Rule 33(d). Plaintiffs' Interrogatory responses shall specify income earned source by source for all art-related income from January 1, 2020 through 2025, and indicate the income earned from each particular source on a month by month, quarterly, or annual basis (whichever is the shortest increment of time feasible for calculation), and each Plaintiffs shall also describe the full scope of their art-related income for that time period.

To the extent Defendants seek to re-open Plaintiffs' depositions at this time, the request is **DENIED** without prejudice. Defendants may renew their request to re-open depositions if, after the documents and responses above are produced, substantial questions remain and Defendants would be prejudiced without the opportunity to seek further questioning. Before seeking court intervention on the question of further deposition time, the parties shall meet and confer to attempt

United States District Court
Northern District of California

to resolve the issue.

**IT IS SO ORDERED.**

Dated: November 16, 2026

LISA J. CISNEROS
United States Magistrate Judge